# KOHN, SWIFT & GRAF, P.C.

1600 MARKET STREET, SUITE 2500
PHILADELPHIA, PENNSYLVANIA 19103-7225

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com

JOSEPH C. KOHN
ROBERT A. SWIFT
ROBERT J. LAROCCA
DOUGLAS A. ABRAHAMS *
WILLIAM E. HOESE
STEVEN M. STEINGARD *
STEPHEN H. SCHWARTZ †
CRAIG W. HILLWIG
BARBARA L. GIBSON †
NEIL L. GLAZER †
ZAHRA R. DEAN ⁂
AARTHI MANOHAR

HAROLD E. KOHN
1914-1999
BAYARD M. GRAF
1926-2015

OF COUNSEL
GEORGE W. CRONER
LISA PALFY KOHN

† ALSO ADMITTED IN NEW YORK
* ALSO ADMITTED IN NEW JERSEY
⁂ ONLY ADMITTED IN NEW YORK

Email: nglazer@kohnswift.com

October 12, 2021

**Via Electronic Filing**

Honorable Eric R. Komitee
United States District Court
  Eastern District of New York
225 Cadman Plaza East
Courtroom: 6G North
Brooklyn, New York 11201

      Re:    **Edmondson, et al. v Raniere, et al.**

Dear Judge Komitee:

      We write on behalf of Plaintiffs to briefly respond to the letter brief filed yesterday by counsel for Defendant Clare Bronfman, opposing Plaintiffs' February 5, 2020, motion for leave to proceed using pseudonyms. In her letter, Defendant complains that "[t]o date, Plaintiffs have not sought to amend their *ex parte* motion based on th[e] new roster of Does and Partial Does. Nor have Plaintiffs explained why certain now-identified Plaintiffs no longer need the protection of anonymity, while others still meet the high bar required to remain masked." (Def. Ltr. Br. at 1). The reason Plaintiffs have not sought to amend their prior motion and to explain changes in the identification of Plaintiffs in the First Amended Complaint is simple: this action is still subject to the Court's March 3, 2020, order staying all proceedings ("This action is stayed in its entirety, and all . . . further proceedings shall be adjourned . . .").[1] While Plaintiffs did file their First Amended Complaint recently, it was an amendment of a pleading as a matter of course under Fed. R. Civ. P. 15(a), and did not require any proceeding during the pendency of the stay. Plaintiffs' understanding of the March 3 Order, however, was that motions (and further briefing on motions) of any kind were prohibited. Thus, Plaintiffs refrained from filing or requesting leave to file an amended motion for a protective order concerning the use of pseudonyms.

---

[1] In accordance with Paragraph 2 of the March 3, 2020 Order, Plaintiffs filed a notice on October 7, 2021, requesting that the Clerk of Court docket a notice to parties that the stay has been lifted and all deadlines reset. ECF No. 87. As of this writing, notice from the Clerk has not been entered on the docket.

{00222610 }

      Defendant's letter brief, filed during the pendency of the stay, is a bit premature. Further, Defendant states that she is "willing to negotiate a protective order with Plaintiffs . . . ." (Ltr. Br. at 9). Rather than burdening the Court with any motion at this time, it may be productive for the parties to first discuss this issue in the context of a larger, stipulated protective order governing discovery and pretrial proceedings in this action. Should the parties fail to reach agreement, perhaps the dispute can be narrowed. If the parties are unable to negotiate a mutually acceptable protective order, Plaintiffs intend to file an amended motion requesting leave for some Plaintiffs to proceed under pseudonyms that will both set forth the basis for the requested relief and explain the rationale for the changes in Plaintiff identification from the original Complaint to the First Amended Complaint.[2]

      Given that the status conference is less than seventy-two hours away, Plaintiffs respectfully request that the Court hold any decision on the pending (and now out-of-date) motion in abeyance until the matter can be more fully discussed at the conference, along with other motions and matters any of the parties may raise with the Court.

      Respectfully Submitted,

      Neil L. Glazer

NLG/csm

cc:    All counsel via ECF

---

[2] In short, the First Amended Complaint identifies some Plaintiffs by first or full names either because, pursuant to an order Judge Garaufis entered in the criminal proceeding, their identities were partially or fully disclosed in the trial record, or because (again, consistent with the order in the criminal proceeding) a Plaintiff personally chose to publicly identify herself or himself in a victim statement in that proceeding, or because the Plaintiff has chosen to publicly identify herself or himself through media interviews or publication of books. Had counsel for Defendant contacted Plaintiffs' counsel before filing Defendant's letter brief, counsel for Plaintiffs would have explained this. At minimum, that would likely have obviated the need for Exhibits A and B to Defendant's letter brief.