# KOHN, SWIFT & GRAF, P.C.

1600 MARKET STREET, SUITE 2500

PHILADELPHIA, PENNSYLVANIA 19103-7225

JOSEPH C. KOHN
ROBERT A. SWIFT
ROBERT J. LAROCCA
DOUGLAS A. ABRAHAMS *
WILLIAM E. HOESE
STEVEN M. STEINGARD *
STEPHEN H. SCHWARTZ †
CRAIG W. HILLWIG
BARBARA L. GIBSON †
NEIL L. GLAZER †
ZAHRA R. DEAN ⁂
AARTHI MANOHAR

HAROLD E. KOHN
1914-1999
BAYARD M. GRAF
1926-2015

OF COUNSEL
GEORGE W. CRONER
LISA PALFY KOHN

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com

Email: nglazer@kohnswift.com

† ALSO ADMITTED IN NEW YORK
* ALSO ADMITTED IN NEW JERSEY
⁂ ONLY ADMITTED IN NEW YORK

October 29, 2021

**Via Electronic Filing**

Honorable Eric R. Komitee
United States District Court
  Eastern District of New York
225 Cadman Plaza East
Courtroom: 6G North
Brooklyn, New York 11201

Re:    **Edmondson, et al. v Raniere, et al.**

Dear Judge Komitee:

We write on behalf of Plaintiffs in this action to request the Court's authorization to issue a non-party subpoena prior to the parties' Rule 26(f) conference and the Court's adoption of a discovery plan, directed to an individual whom we believe to have potentially significant and sensitive evidence relevant to claims asserted by Plaintiffs.[1] As we explained at the status conference, our concern with this individual is the high risk that if this evidence is not preserved, it may be transferred to others or destroyed. As directed by the Court, we set forth below additional information that supports this narrow request.

The individual is Suneel Chakravorty, a former NXIVM member and associate of Defendant Keith Raniere. Mr. Chakravorty has publicly claimed to be working on Raniere's behalf in the criminal case, *United States v. Raniere*. Among other things, it has been reported that Mr. Chakravorty, who is not an attorney, has been directing efforts to prepare and file on behalf of Raniere a motion for a new trial under Fed. R. Crim. P. 33, based on what he alleges is proof that the FBI tampered with evidence introduced at trial to support three of the racketeering predicates: two violations of 18 U.S.C. § 2251, exploitation of a child, and one violation of 18

---

[1] Federal Rule of Civil Procedure 26(d)(1) permits a party to take discovery prior to the Rule 26(f) conference "when authorized . . . by court order." In deciding whether to authorize the requested discovery, the Court should consider the "reasonableness of the request in light of all the surrounding circumstances." *Ayash v. Bank Al-Medina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (internal quotation marks and citation omitted).

{00223068 }

U.S.C. § 2252, possession of child pornography.[1]  Those predicates concerned lewd photos taken by Raniere in 2005 of a then-fifteen-year-old Jane Doe victim who is a Plaintiff in this action, Camila.[2]  He purports to have hired experts who will opine that the metadata associated with these files was altered to reflect a 2005 creation date when they were allegedly created much later.  The hard drive on which these files were stored is the subject of an inquiry by Judge Garaufis into whether the protective order he issued in the criminal proceeding has been violated.

Plaintiffs' request with respect to Mr. Chakravorty concerns materials that are not within the scope of Judge Garaufis's inquiry but are of equally serious concern: nude images of Camila taken when she was an adult and a DOS "slave".[3]  Such images were kept as "collateral," meant to enforce slaves' compliance with all demands of their "masters," and to ensure their continued silence about DOS and what was taking place within the group.  It is blackmail material, which the jury concluded was used to extort slaves (the use of collateral formed the basis for racketeering predicate ten, state law extortion).  DOS collateral was compiled and stored on hard drives, including drives possessed by a defendant in this action, Nicole Clyne, another vocal advocate for Raniere who Plaintiffs have learned currently resides with Mr. Chakravorty.

We were recently informed that Mr. Chakravorty shared these images of Camila with one or more third parties.  He apparently shared these images because they relate to other evidence of the child exploitation and child pornography predicates underlying Raniere's racketeering conviction.  The prosecution also presented to the jury later-dated photographs of Camila that showed a surgical scar on her abdomen from an appendectomy performed when she was sixteen years old.  This evidence supported the prosecution's contention that the lewd images of Camila were taken when she was younger than sixteen because those images did not show an abdominal scar.  Mr. Chakravorty claims that the images he has shared do not show the scar, which he asserts somehow proves that the government may have altered the photos introduced at trial.

We do not know how Mr. Chakravorty obtained these images.  Nor do we know if he has, or has knowledge of the whereabouts of, other DOS collateral.  The fact that he is co-habiting with Defendant Clyne (who was a DOS "master") both explains how he obtained the images he shared with others and raises the concern that he may have or have access to other collateral.  If this public supporter of Raniere possesses and is sharing images of DOS collateral with others, it is of grave concern.  Not only is this collateral significant evidence in this action, but the mere possibility of its dissemination is a continual source of anxiety and trauma for all DOS victims, including Plaintiffs.  We respectfully submit that these circumstances warrant prompt action, because (among other things) the proposed discovery may provide a basis for injunctive relief regarding the storage, safeguarding and ultimate disposition of this highly sensitive material.  This request for authorization to take narrowly tailored non-party discovery is not only reasonable in light of all the circumstances, but compelling.

---

[1] The jury found that Raniere committed all fourteen charged racketeering predicates.

[2] Until the Court decides whether some Plaintiffs will be able to proceed using first names or pseudonyms, which Plaintiffs hope to resolve in a meet and confer with Defendants, Plaintiffs are endeavoring to follow the protocol for identifying victims established by Judge Garaufis in the criminal proceeding.  Because she has been identified by her first name in the public record, Camila is identified in the same manner in this action.

[3] According to the government, these images were not discovery materials covered by the protective order in the criminal case.  For this reason, these images are beyond the scope of Judge Garaufis' current inquiry.

Specifically, Plaintiffs request leave of the Court to issue to and serve upon Mr. Chakravorty a non-party subpoena demanding the following: (1) copies of all images of Camila and any other woman who was ever a member of DOS that are in his possession, custody or control; (2) a bit-for-bit copy of any computer or storage device in his possession, custody or control that contains or ever contained such images; (3) identification of every cloud storage service he has ever utilized or had access to in which such images are or have ever been stored; (4) every communication concerning such images; and (5) a sworn affidavit identifying (i) each and every person who he has shown, transferred or transmitted any copy of any such image, specifying the means by which he showed, transferred or transmitted such image to such person, (ii) each and every person who has shown, transferred or transmitted to him any copy of any such image, specifying the means by which such person showed, transferred or transmitted such image to him, and (iii) each and every person who he knows or has reason to believe has any such images in their possession, custody or control, specifying the location of such images and the media on which such images are stored. We further request that access to this discovery be restricted to Plaintiffs and Mr. Chakravorty until such time as the Court issues an appropriate protective order governing the handling of confidential and highly confidential information.

Respectfully Submitted,

Neil L. Glazer

NLG/csm

cc: All counsel via ECF