**Fried, Frank, Harris, Shriver & Jacobson LLP**

One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com



Direct Line: 202.639.7040
Email: james.wareham@friedfrank.com

October 29, 2021

**Via ECF**

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Edmondson, et al. v. Raniere, et al.*, 20-cv-00485-EK-CLP

Dear Judge Komitee:

      We represent Ms. Sara Bronfman in the above-captioned action. We write in response to the Court's October 15, 2021 order directing the defendants to submit letters to the Court by today's date regarding proposed next steps in this action. (ECF 92). In accordance with the Court's instructions, as discussed on the record at the October 15, 2021 status conference, we also address our proposed motion to dismiss the first amended complaint (the "FAC") (ECF 64).

## INTRODUCTION

      Put simply, Ms. Sara Bronfman does not belong in this lawsuit. Upon a fair reading of the FAC it is difficult to discern what possible claim any of the 84 plaintiffs might have against Ms. Sara Bronfman. No plaintiff alleges that he or she was subjected to any abuse or harm by Ms. Sara Bronfman. Indeed, the FAC — which represents plaintiffs' second bite at the apple — does not allege any facts suggesting that Ms. Sara Bronfman participated in, or even knew about, the unfortunate (and, in some cases, heart-wrenching) abusive conduct perpetrated by certain individuals associated with NXIVM.

      Plaintiffs' inability to allege any actionable conduct on the part of Ms. Sara Bronfman is hardly surprising. After all — despite conducting an exhaustive investigation regarding NXIVM and obtaining six convictions — the United States Attorney's Office for the Eastern District of New York (the "Office") did not prosecute or seek to indict Ms. Sara Bronfman. Indeed, to our knowledge, Ms. Sara Bronfman was not even a subject of the Office's investigation. That the Office did not seek to prosecute Ms. Sara Bronfman is not mere happenstance. It reflects the fact that the Office recognized what the individual plaintiffs and their attorneys surely know already: that Ms. Sara Bronfman was not aware of, was not involved in, and bears no responsibility for, the wrongdoing perpetrated by others associated with NXIVM.

Equally striking, in connection with the filing of their *two* complaints in this action, counsel for plaintiffs have enjoyed unfettered access to each of their 84 clients and had the opportunity to speak with, interview, and gather information from those 84 plaintiffs. Further, we understand that plaintiffs' counsel was in the unique position to attend the interviews the Office conducted with a significant number of the plaintiffs. And yet — in the 21 months since plaintiffs filed their initial complaint — plaintiffs remain incapable of lodging any factual allegations in support of their claims against Ms. Sara Bronfman. Notably, after all of this access and the material passage of time, the FAC still does not contain any allegations that Ms. Sara Bronfman even knew about the existence of DOS (the enterprise through which much of the alleged sexual and physical abuse occurred), much less that she participated in those illicit activities. To the contrary, the FAC acknowledges, as it must, that only "First Line Masters" knew about DOS, and makes clear that Ms. Sara Bronfman was not a member of that group. *See* FAC ¶ 19. Likewise, the FAC makes clear that Ms. Sara Bronfman was not a member of the so-called "Inner Circle." FAC ¶ 277 n. 9.

For all these reasons, and as briefly detailed below, we respectfully request an opportunity to file a motion to dismiss the FAC (or any further amended complaint if the Court permits plaintiffs to file a *third* complaint in this action) pursuant to Rules 8, 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

### THE FAC FAILS TO COMPLY WITH THE REQUIREMENTS OF RULE 8

Federal Rule of Civil Procedure 8(a)(2) mandates that every civil complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Here, 84 individual plaintiffs collectively filed the FAC, asserting that 12 individual defendants (plus four corporate defendants) are liable for the harms allegedly inflicted upon plaintiffs by Keith Raniere and others at NXIVM. What remains missing, however, is any attempt to comply with Rule 8's requirement that plaintiffs provide Ms. Sara Bronfman with a "short and plain statement" claiming that any of the plaintiffs (much less 84 of them) are entitled to relief from Ms. Sara Bronfman: *What* wrongs, if any, did Ms. Sara Bronfman visit upon any of these plaintiffs? *When*, if at all, did that conduct occur? *How*, if at all, did Ms. Sara Bronfman harm any of these plaintiffs? *Why*, if at all, should Ms. Sara Bronfman bear responsibility for the harm other individuals may have inflicted upon any of these plaintiffs?

Notwithstanding its epic length — clocking in at 1,020-paragraphs spread across 217-pages — the FAC conspicuously fails to answer any of the questions required by Rule 8. To the contrary, the FAC uses its many pages to mask the absence of substantive allegations of wrongdoing on the part of Ms. Sara Bronfman. Thus, the FAC often indiscriminately sweeps all of the defendants together under the defective (and undefined) moniker "Defendants" and repeatedly makes allegations that obviously do not pertain to Ms. Sara Bronfman. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (Summary order) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy [Rule 8's] minimum standard . . ."); *Gillespie v. St. Regis Residence Club, N.Y. Inc.*, 343 F. Supp. 3d 332, 352-53 (S.D.N.Y. 2018) ("[B]lanket assertions as to all Defendants are not sufficient to state a claim."). For example, the FAC claims that "Defendants" committed negligence per se by "branding women's pubic regions with Raniere's

initials." FAC ¶ 930. Yet, as plaintiffs are well aware, this allegation cannot possibly pertain to Ms. Sara Bronfman inasmuch as a full read of the FAC makes clear that she was not involved in (and was not aware of) this conduct, conduct alleged to have occurred only within DOS. *See, e.g.*, FAC ¶¶ 34, 816-824.

Likewise, the FAC makes allegations regarding supposed conduct by the "Bronfmans," as if two sisters are automatically deemed to have acted as one unit simply because they are related, notwithstanding the fact that they are, of course, two distinct individuals. *See, e.g.*, FAC ¶¶ 707, 708 (referring to alleged conduct by the "Bronfmans"); *id*. ¶¶ 705, 715 (referring to purported non-profit funding provided by "the sisters" or "the Bronfman sisters").

In addition to its impermissible group pleading of defendants, the FAC employs the same stratagem with the plaintiffs. To take just one egregious example: In Count III, the FAC asserts a putative cause of action for human trafficking under 18 U.S.C. § 1595. Incredibly, the FAC purports to bring this cause of action "on behalf of all plaintiffs." *See generally* FAC Count III (B)-(D), ¶¶ 889-906. That makes no sense. As Your Honor observed at the status conference, the amended complaint asserts claims on behalf of at least two distinct types of plaintiffs, including (a) individuals who were allegedly subjected to sexual, physical or psychological abuse by individuals associated with NXIVM, and (b) individuals who appear to claim that they suffered damages in connection with their purchases of various NXIVM programs or materials. Based on the FAC's own descriptions of the 84 plaintiffs, it is unreasonable — or, more accurately, frivolous — for plaintiffs to assert that *each* of the 84 plaintiffs was subjected to trafficking, much less that *each* of the 84 plaintiffs somehow has a colorable trafficking claim against Ms. Sara Bronfman.

Further illustrating the FAC's multiple, fatal defects, we review the example of John Doe 21. The FAC's *only* factual allegations regarding John Doe 21 are that he is allegedly a resident of Canada who at some unspecified point in time "enrolled in and paid for NXIVM curriculum." FAC ¶ 542. This is the *only* information we are provided regarding John Doe 21. Yet, on these limited facts, the FAC declares that, as a result of "Defendants'" conduct, "John Doe 21 was emotionally and financially harmed." *Id*. ¶ 545. It is obvious that, if John Doe 21 was the only plaintiff in this action, his claims would be swiftly dismissed inasmuch as "enroll[ing] and pa[ying] for NXIVM curriculum" does not provide a "short and plain statement" showing that he is entitled to relief as against Ms. Sara Bronfman. *Id.* ¶ 542. Nothing in the law gives John Doe 21 a free pass simply because he is merely one of a larger group of 84 plaintiffs. Critically, John Doe 21 is not an isolated example of a plaintiff who must be dismissed because we are given no meaningful facts regarding the individual's claims. There are ***over 50 plaintiffs*** in this action for whom the FAC likewise provides the same limited information (or non-information). All of these plaintiffs must be dismissed. *See Franzone v. City of N.Y.*, 2015 WL 2139121, at *7 (E.D.N.Y. May 4, 2015) (dismissing complaint that failed to "explain[ ] the role, if any," one of the plaintiffs "played in relevant events.").

In sum, for these reasons — which merely scratch the surface of the FAC's failure to comply with Rule 8 — the FAC must be dismissed as against Ms. Sara Bronfman.

### THE FAC MUST BE DISMISSED UNDER RULE 12(B)(6)

The FAC names Ms. Sara Bronfman as a defendant in seven of its 16 counts. We seek the Court's leave to move to dismiss these seven counts against Ms. Sara Bronfman. We do so as follows.

***The Statute of Limitations Bars Many of Plaintiffs' Claims***. As an initial matter, the statutes of limitations on many of plaintiffs' claims have long expired. For the majority of plaintiffs, as noted above, the FAC disingenuously fails to provide any dates or time-periods whatsoever — or even years or decades — as to when the conduct at issue occurred. Given that the complained-of conduct at NXIVM occurred over a decades-long period, it is highly likely that the applicable limitations periods for claims asserted by many of the 84 plaintiffs ran out long ago. For this reason, too, in any amended pleading, plaintiffs should be required to state ***when*** the relevant conduct occurred for each individual plaintiff. *Dallas v. Vosburgh*, 2019 WL 4573743, at *3 (W.D.N.Y. Sept. 20, 2019) (When the "[p]laintiff neither explains when the claims accrued. . .nor provides a date as to when they accrued. . .[the] [p]laintiff has not carried his burden. . . .").

***RICO Claims***. In Counts I and II, the FAC purports to assert claims for RICO and RICO conspiracy against all individual defendants on behalf of all 84 plaintiffs. FAC ¶¶ 859-878. Plaintiffs fall far short of satisfying the high burden necessary to allege a RICO claim. *See, e.g.*, *Targum v. Citrin Cooperman & Co.*, 2013 WL 6087400, at *5 (S.D.N.Y. Nov. 19, 2013) ("A plaintiff's burden is high when pleading RICO allegations."). The FAC fails to allege that Ms. Sara Bronfman, through the commission of two or more predicate acts constituting a pattern of racketeering activity, participated in a RICO enterprise. The FAC's only allegation of conduct by Ms. Sara Bronfman that could conceivably constitute a predicate act is the false allegation that "[i]n the days leading up to the trial [of Keith Raniere], Defendant Sara Bronfman and her husband, Basit Igtet, attempted to obstruct or interfere with the trial by employing false pretenses and promises of money to entice a critical witness, [a witness by the name of] Adrian, to leave the United States and remain outside of it during Raniere's criminal trial. The witness refused to comply with Sara Bronfman's scheme." FAC ¶¶ 855. Even putting aside the reality that this allegation is false, and further putting aside that there is no private cause of action under US law for attempted obstruction of justice, and further putting aside that the Government has — most tellingly — not charged Ms. Sara Bronfman with this fanciful charge, it would still leave plaintiffs with (at most) a single alleged predicate act. Two predicate acts are, of course, required to state a claim for RICO. The FAC likewise fails to adequately allege the other elements of a RICO violation. Plaintiffs' claim for RICO conspiracy must similarly be dismissed because the FAC fails to factually allege that Ms. Sara Bronfman "agreed with at least one other entity to commit a substantive RICO offense." *Crawford v. Franklin Credit Mgmt. Co.*, 758 F.3d 473, 487 (2d Cir. 2014).

***Sex Trafficking***. In Count III, the FAC purports to assert certain trafficking claims on behalf of all plaintiffs under the Trafficking Victims Protection Reauthorization Act (the "TVPRA") against all defendants in respect of forced labor, human trafficking and peonage. FAC ¶¶ 879-906. These highly defamatory claims fail as against Ms. Sara Bronfman for several reasons. First, the TVPRA provides a private cause of action only to "a victim of a violation of"

the TVPRA. *See* 18 U.S.C. § 1595(a). As noted above, the FAC does not plausibly allege that all 84 plaintiffs were trafficking victims. Second, the FAC does not adequately plead — either with or without the heightened particularity mandated by Fed. R. Civ. P. 9(b) — each of the elements necessary to state a claim under the TVPRA. In other words, the FAC does not plead that Ms. Sara Bronfman knowingly (i) participated in a trafficking venture, (ii) benefited from any (non-existent) participation in such a venture, or (iii) knew or should have known the venture was engaged in a violation of the TVPRA. *See* 18 U.S.C. § 1595(a). To the contrary, the FAC is devoid of any allegations suggesting that Ms. Sara Bronfman had any knowledge of or benefited in any way from violations of the TVPRA.

*Negligence Per Se*. In Count IV, the FAC purports to assert a claim for negligence per se on behalf of all plaintiffs. FAC ¶¶ 912-932. In this count, plaintiffs seek to hold all defendants liable for negligence per se predicated on the alleged violation of N.Y. Education Law § 6512 ("Section 6512"), which makes it a felony to engage in the unauthorized practice of psychology, psychoanalysis or mental health counseling, or to aid and abet another person in the foregoing. This count — which never mentions Ms. Sara Bronfman by name — fails for several reasons. First, to state a claim for negligence per se, a plaintiff must allege a "violation of a State statute that imposes a specific duty." *Cretcher v. U.S. Bank N.A.*, 2021 WL 1062057, at *3 (E.D.N.Y. Mar. 19, 2021). In turn, for a state statute to impose a duty of care, a private cause of action must exist under that statute. *Cretcher*, 2021 WL 1062057, at *3-4. Here, because Section 6512 does not contain any express or implied private cause of action, the FAC fails to adequately allege a claim for negligence per se against Ms. Sara Bronfman. Moreover, this count also fails for the additional, independently-sufficient reason that the FAC does not factually allege that Ms. Sara Bronfman (or any alleged violation on her part of Section 6512) proximately caused injury to any of the 84 plaintiffs, let alone every one of the plaintiffs.

*Gross Negligence*. In Count X, the FAC purports to assert a claim for gross negligence (and possibly recklessness) against five of the defendants (including Ms. Sara Bronfman) on behalf of Jane Does 20-22. FAC ¶¶ 965-971. In particular, plaintiffs claim that Ms. Sara Bronfman acted with gross negligence and recklessness by failing "to supervise [d]efendants [Brandon] Porter and Nancy Salzman's treatment of Jane Doe 20, Jane Doe 21 and Jane Doe 22." FAC ¶ 969. This claim fails for multiple reasons. As an initial matter, absent a special relationship, an individual has no duty to control or supervise the conduct of another person so as to prevent such other person from harming others. *Doe v. Uber Techs., Inc.*, 2021 WL 3193166, at *10 (S.D.N.Y. July 28, 2021). Here, the FAC asserts that such a duty existed because Ms. Sara Bronfman supposedly founded or funded Ethical Science Foundation, wherein defendants Porter and Nancy Salzman allegedly performed the treatments at issue. FAC ¶ 966. Such funding or sponsorship, even if it occurred, does not suffice to create the requisite duty. Moreover, even if a special duty did exist (it did not), there are no factual allegations suggesting that Ms. Sara Bronfman breached such a duty. *See D'Amico v. Waste Mgmt. of N.Y., LLC*, 2019 WL 1332575, at *8-9 (W.D.N.Y. March 25, 2019) (recklessness in the context of a gross negligence claim requires "an extreme departure from the standards of ordinary care, such that the danger was either known to the defendant or so obvious that the defendant must have been aware of it.") (citation and internal quotation marks omitted).

*Aiding and Abetting*.  In Count IX, the FAC purports to assert a claim for aiding and abetting with respect to unauthorized human research against various individual defendants (including Ms. Sara Bronfman) on behalf of five individual plaintiffs.  FAC ¶¶ 956-964.  In this count, plaintiffs seek to hold Ms. Sara Bronfman responsible for "aiding and abetting" defendant Porter in his alleged conduct of unauthorized human research.  FAC ¶¶ 962, 964.  This claim must be dismissed because the FAC does not allege any facts suggesting that Ms. Sara Bronfman had any knowledge whatsoever of defendant Porter's alleged misdeeds.  *See Glob. Enter. Grp. Holding, S.A. v. Ottimo*, 2010 WL 11629556, at *7 (E.D.N.Y. June 8, 2010) (dismissing aiding and abetting claim for alleging only "in conclusory terms" that the defendant "had actual knowledge").  This claim also fails for the independent reason that the FAC fails to plausibly allege facts suggesting that Ms. Sara Bronfman provided substantial assistance to defendant Porter in the commission of his alleged misdeeds.  *See Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 425-26 (E.D.N.Y. 2009) (dismissing aiding and abetting claim for failure to adequately plead facts showing substantial assistance).

*Abuse of Process*.  In Count V, the FAC purports to assert a claim for malicious abuse of legal process against certain individual defendants (including Ms. Sara Bronfman) on behalf of eight individual plaintiffs.  FAC ¶¶ 933-939.  The plaintiffs' claims center on the commencement of largely unidentified "meritless and frivolous civil actions" that lacked "probable cause" (FAC ¶ 934), as well as the alleged instigation of various criminal investigations (FAC ¶ 936).  These claims fail for several reasons.  First, a claim for malicious abuse of process requires that a defendant have employed legal process, but the only action plaintiffs attribute to Ms. Sara Bronfman in connection with their claims is that she purportedly provided financial support to the alleged legal actions.  *See Cargill Soluciones Empresariales, S.A. de C.V., SOFOM, E.N.R. v. Desarrolladora Farallon S. de R.L. de C.V.*, 2017 N.Y. Misc. LEXIS 2967, at *25-26 (Sup. Ct. N.Y. Cty. July 21, 2017) (denying leave to amend to add abuse of process claim because plaintiff "cite[d] no authority for the proposition that one who provides litigation funding for a baseless lawsuit may personally face liability, whether under a tortious interference, abuse of process, or malicious prosecution cause of action.").  Even if plaintiffs had alleged that Ms. Sara Bronfman had taken a more active role and filed lawsuits, the filing of lawsuits — even frivolous lawsuits — cannot serve as the basis for an abuse of process claim.  *Manhattan Enter. Grp. v. Higgins*, 816 F. App'x 512, 514 (2d Cir. 2020) (complaint was correctly dismissed "insofar as it was predicated upon the filing of lawsuits" alleged to be "duplicative, frivolous, and malicious").

*          *          *

In conclusion, Ms. Sara Bronfman should not have been named as a defendant in this lawsuit.  We thus respectfully request an opportunity to file a motion to dismiss the FAC.  In the event plaintiffs file a further amended complaint naming Ms. Sara Bronfman, we respectfully request an opportunity to file a motion to dismiss that complaint as well.

Respectfully submitted,

/s/ James D. Wareham

James D. Wareham (pro hac vice)

CERTIFICATE OF SERVICE

        I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on October 29, 2021 I served upon parties of record, by ECF filing, and caused to be served upon Dr. Brandon Porter and Dr. Danielle Roberts, by email at brandonporter00485@gmail.com and Drdanielledo@gmail.com, respectively, a true copy of the attached letter.

Dated:    Washington, DC                                     /s/ James D. Wareham
            October 29, 2021                                  James D. Wareham