# WILLKIE FARR & GALLAGHER LLP

Craig C. Martin
300 North LaSalle
Chicago, IL 60654-3406
Tel: 312 728 9000
Fax: 312 728 9199
cmartin@willkie.com

October 29, 2021

**By ECF**
Hon. Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 6G North

Re:   *Edmondson, et al. v. Raniere et al.*, 1:20-CV-00485-EK-CLP

Dear Judge Komitee:

      We represent Defendant Clare Bronfman ("Ms. C. Bronfman") in the above-referenced matter and submit this letter pursuant to your direction at the October 15, 2021 hearing. (Dkt. 92.)

      Eighty-five Plaintiffs, each with different experiences with NXIVM, bring 16 different claims for relief against 15 Defendants, who also have different levels of involvement with NXIVM, over varying timeframes.[1] The First Amended Complaint ("FAC") attempts to package what could be 1,275[2] distinct claims into one action. The 217-page FAC is confusing, and at times, nonsensical. It is not a "short and plain statement" as required by Federal Rule of Civil Procedure ("Rule") 8. If anything, the FAC is a document filled with superfluous and inflammatory statements seemingly intended to further Plaintiffs' media narrative about a group they helped to build and profited from for many years.

      What's more, the FAC wrongly lumps Ms. C. Bronfman in with conduct wholly unrelated to her participation in NXIVM. Indeed, *over half* of the Counts Plaintiffs bring *do not even mention* Ms. C. Bronfman. *See* FAC Counts VI–VIII, XI–XVI. The bulk of Plaintiffs' factual claims against Ms. C. Bronfman are that NXIVM used her finances to fund various NXIVM entities or attorneys. Even if true, these allegations do not plausibly support Plaintiffs' inclusion of Ms. C. Bronfman in their multitude of claims.

      At the October 15th hearing, Your Honor observed that the FAC could be read to "set forth two perhaps disparate sets of allegations. One dealing with . . . allegations concerning sexual assault. . . . And then, secondarily perhaps the allegations relating to multi-level marketing and questions of consumer fraud." *See* October 15, 2021 Status Conference Transcript at 4. Although we believe the rambling FAC fails to provide Rule 8 notice to Ms. C. Bronfman, we certainly understand Your Honor's observation regarding the disparate allegations of sexual assault and consumer fraud. Notably, Counts VI, VII, VIII, XI, XII, XIII, XIV, XV, and XVI *do not include any* claims against Ms. C. Bronfman.

      As a threshold issue, both buckets of claims asserted against Ms. C. Bronfman (the so-called "sex-based claims" and "consumer-based claims") should be dismissed under Rule 8. It is

---

[1] Further muddying the waters is the fact that the identities of 68 Plaintiffs remain hidden, and they are referred only as "Jane" or "John" Doe with a number. *See* Dkt. 88, Letter Opposing Ex Parte Motion to Proceed Anonymously.

[2] 85 Plaintiffs x 15 Defendants = 1,275

impossible to tell which Plaintiffs are alleging what, and against whom. Further, Plaintiffs fail to adequately allege their sex-based claims with regard to Ms. C. Bronfman as required by Rule 12(b)(6). This is, in part, because Ms. C. Bronfman was not involved in DOS—a secret society— nor any Plaintiffs' sex lives. Last, Plaintiffs fail to plead sufficient facts to make their consumer-based claims plausible as to Ms. C. Bronfman under Rule 12(b)(6), and where applicable for fraud claims, Rule 9(b). These arguments are summarized below and would form the basis of Ms. C. Bronfman's forthcoming motion to dismiss.

***Plaintiffs Fail to Plead a Short and Plain Statement.*** Plaintiffs' FAC did not clarify the issues—instead the allegations became less clear, and grew from 189 to 217 pages sprawled across more than 1,000 paragraphs. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint which "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be, and which imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors, violates the rule and is subject to dismissal." *DeFina v. Latimer*, 79 F.R.D. 5, 7 (E.D.N.Y. 1977) (citations omitted). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted).

Eighty-five[3] Plaintiffs bring this action, 68 of whom remain identified only as Jane or John Doe, and even Plaintiffs cannot seem to keep them straight. *Compare* FAC ¶ 69 (describing Jane Doe 8 as a DOS slave under Defendant N. Clyne) *with* FAC ¶ 850 (describing Jane Doe 8 as a DOS slave under Defendant A. Mack). The Second Circuit has dismissed shorter complaints for being overly prolix. *See, e.g.*, *Salahuddin*, 861 F.2d at 41–43 (dismissing 15-page complaint naming 22 defendants and setting forth 23 causes of action for failure to comply with Rule 8); *Roberto's Fruit Market, Inc. v. Schaffer*, 13 F. Supp. 2d 390, 395–96 (E.D.N.Y. 1998) (dismissing 71-page RICO complaint under Rule 8 for being excessively long-winded and redundant and including irrelevant, inflammatory matters). The FAC should be dismissed for being too long, hard to follow, and filled with inflammatory statements irrelevant to the allegations against Defendants. *See, e.g.*, FAC ¶ 724 (discussing "B," who does not appear to be a party to the case).

Further, Plaintiffs' problematic use of terms such as "Defendants," "the Individual Defendants," the "Inner Circle" or "NXIVM," envelopes Ms. C. Bronfman in allegations related to activities in which she played no part and of which she had no knowledge. For example, Plaintiffs use the terms "Defendants" and "NXIVM" when making their abuse of legal process claim. *See, e.g.*, *id.* ¶¶ 732–43, 933–39. However, while paragraph 935 details "Defendants" insertion into Plaintiff T. Natalie's bankruptcy proceeding, paragraph 270 of the FAC limits that involvement to Defendants K. Raniere and N. Salzman. As another example, Plaintiff Daniela brings Count III(E) against Ms. C. Bronfman, and attributes all actions to "Defendants." *See id.* ¶¶ 908–11. But in paragraph 81, Plaintiffs allege Defendants N. Salzman, L. Salzman, K. Unterreiner, and K. Raniere confined Daniela to a room. In the following sentence, Plaintiffs allege that "Defendants eventually sent [Daniela] back to Mexico with . . . no identity papers." Common sense dictates that the "Defendants" in this instance refers to the Defendants named in the prior sentence.

---

[3] Plaintiffs occasionally, and inconsistently, replace a party identified as Jane/John Doe in the caption of the FAC with their real name in the text of the FAC, making it nearly impossible to ascertain the exact number of Plaintiffs. *See, e.g.*, FAC ¶¶ 552–56 (discussing "Kayla").

Paragraph 62 again mentions these same Defendants when stating that Daniela's "passport and other papers were confiscated." Again, Ms. C. Bronfman is not mentioned. *Id.* ¶¶ 81, 662. Plaintiffs' use of vague descriptors like "Defendants" attempts to mask the fact that many claims they bring against Ms. C. Bronfman do not involve her at all.

In short, the FAC does not allow Ms. C. Bronfman to adequately respond and should be dismissed for violating Rule 8. In the alternative, the Court should require Plaintiffs to provide a short and clear statement of each Plaintiff's allegations and their factual basis against each individual Defendant.

***Plaintiffs Sex-Based Claims Fail Against Ms. C. Bronfman***. The FAC includes allegations related to sex trafficking, sexual abuse, sexual manipulation, and sexual assault ("sex-based claims"). The FAC limits discussion of sex-based claims to discussions about the "highly secret organization known as DOS" (FAC ¶ 788) and its participants, the JNESS curriculum, and the particular experiences of Plaintiffs Camila and Daniela.[4] Plaintiffs individually name several Defendants over and over again in allegations related to these counts. *See, e.g.*, FAC ¶¶ 115 (naming A. Mack), 663 (naming K. Raniere). However, Plaintiffs have not pleaded any facts that Ms. C. Bronfman, as opposed to the specifically named Defendants, "Defendants", or other undefined monikers, engaged in sex trafficking, or any other sex-based claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In fact, no facts plausibly allege that Ms. C. Bronfman was even *aware* of any sex trafficking or other sex-based claims. Nowhere in the FAC do Plaintiffs allege that Ms. C. Bronfman was involved in or aware of DOS, the "highly secret organization" through which the sex trafficking allegedly occurred. The FAC does not provide any facts suggesting that Ms. C. Bronfman knew that the Plaintiffs she allegedly subjected to legal abuse or allegedly required to use an attorney paid for by her were involved in commercial sex acts, or that she knowingly sought to obstruct enforcement of the sex trafficking statute. *See* FAC ¶¶ 823–24. To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiffs must plead facts showing that Ms. C. Bronfman acted *knowingly* or with reckless disregard as to sex trafficking. Plaintiffs did not and cannot. Therefore, Ms. C. Bronfman would ask the Court to dismiss Count III(A) against her. *See* 18 U.S.C. § 1591; *U.S. v. Farah*, 766 F.3d 599, 613 (6th Cir. 2014); *see also Doe v. Kik Interactive, Inc.,* 482 F. Supp. 3d 1242, 1251 (S.D. Fla. 2020).

***Plaintiffs' Consumer-Based Claims Fail Against Ms. C. Bronfman.*** Plaintiffs' consumer-based allegations also fail under Rule 12(b)(6) and their claims alleging fraud do not meet the Rule 9(b) requirement for pleading with particularity.

RICO Claims (Counts I & II). Plaintiffs do not plausibly plead the existence of an "enterprise," as is required under RICO, and Plaintiffs' RICO claims also fail to meet the heightened pleading standard required for fraud-based claims. Plaintiffs plead only that Ms. C. Bronfman's finances were used to fund various NXIVM entities. This does not meet the pleading standard for fraud allegations required by Rule 9(b). *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). Rule 9(b) "requires more than labels and conclusions." *Mackin v. Auberger*,

---

[4] Plaintiffs allege that One Asian, TEN C, and exo/eso were intended to be used to "recruit and groom suitable female candidates for sexual servitude to Raniere." *See, e.g.*, FAC ¶ 751. However, not only is this conclusory allegation unsubstantiated by any facts, Plaintiffs also do not allege that any sexual relationships, acts, abuse, or servitude occurred in the context of these entities or its recruits. *See generally* FAC.

59 F. Supp. 3d 528, 540 (W.D.N.Y. 2014) (citations omitted). Plaintiffs allegations must rise above a "speculative level." *Id.* Here, they do not.

Even setting aside the heightened pleading requirement, Plaintiffs' RICO claims do not pass muster under Rule 12(b)(6) because Plaintiffs do not plead facts sufficient to identify the enterprise on which their they base their RICO claims. "A RICO enterprise 'includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *Abbott Labs. v. Adelphia Supply USA*, No. 15CV5826CBALB, 2017 WL 57802, *3 (E.D.N.Y. Jan. 4, 2017) (quoting 18 U.S.C. § 1961(4)). Plaintiffs state that there is a "criminal Enterprise under the 'NXIVM' umbrella" (FAC p. 1), but do not identify what the "Enterprise" actually is or who is involved. Indeed, while Plaintiffs name several groups as under the NXIVM umbrella,[5] it is unclear how these groups, all with disparate purposes, relate to the required "Enterprise." Also unclear is what constitutes membership in the "Enterprise," as certain Plaintiffs engaged in the same conduct of which they now accuse Defendants.

The separate sex-based allegations and consumer-based allegations suggest Plaintiffs allege *at least* two distinct potential enterprises. Yet, Plaintiffs lump these together under the vague notion that the Enterprise's purpose was "to enrich the Individual Defendants (both monetarily and psychologically) at the expense of Plaintiffs and other victims." FAC ¶ 866. The result is a failed and strained attempt to define any enterprise at all.

Forced Labor (Count III(B)) and Human Trafficking (Count III(C)). Plaintiffs fail to state a claim against Ms. C. Bronfman under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1589, for engaging in forced labor. Again, Plaintiffs group Defendants together, *see* FAC ¶ 891, and do not make any specific allegations against Ms. C. Bronfman regarding the use of force, threats of force, physical restraint, or threats of physical restraint to coerce any Plaintiff to provide labor or services. Plaintiffs thereby also fail to state a claim under 18 U.S.C. § 1590 for human trafficking because the Second Circuit has held that the elements required to plead human trafficking claims are the same as those required to plead forced labor claims. *See Adia v. Grandeur Mgmt., Inc.*, 933 F.3d 89, 94 (2d Cir. 2019). While Plaintiffs allege that Ms. C. Bronfman abused or threatened the abuse of the legal process to discourage Plaintiffs from leaving NXIVM or in retaliation for them leaving, they do not allege that Ms. C. Bronfman abused the legal process *in order to* obtain forced labor, nor do they allege that they performed uncompensated labor at the direction of Ms. C. Bronfman. Most of the forced labor accusations are in the context of DOS, which Ms. C. Bronfman was not a part of. *See, e.g.*, FAC ¶ 139. In addition, several Plaintiffs allege that they performed under or uncompensated labor at the direction of "Defendants," but do not mention Ms. Bronfman. *See, e.g.*, FAC ¶¶ 79, 83 (alleging that Daniela provided uncompensated labor at the direction of Defendants K. Raniere, K. Unterreiner, N. Salzman, and L. Salzman). Thus, Plaintiffs have not sufficiently alleged that Ms. C. Bronfman "knowingly provide[d] or obtain[ed] the labor or services of a person" by any of the means enumerated in § 1589, or violated § 1590.

Plaintiffs likewise fail to adequately allege that Ms. Bronfman benefitted financially from peonage, slavery, or human trafficking. *See* 18 U.S.C. § 1593A. While the FAC contains general allegations that various plaintiffs "performed uncompensated labors, working for many hours

---

[5] *See, e.g.*, FAC ¶¶ 4, 654–76, 715, 750–51, 788 describing Rainbow Cultural Gardens, Society of Protectors, The Source, TEN C, JNESS, and DOS.

without compensation for the benefit of the Defendants," *see, e.g.*, FAC ¶ 264, the only allegations directly against Ms. Bronfman are that Jane Doe 17 and Adrienne Stiles provided *paid* services to her as personal assistants, *see* FAC ¶¶ 768, 776.

Peonage (Count III(D)). Plaintiffs' peonage claim fails because Plaintiffs fail to state that any "plaintiff's servitude was based on her indebtedness … to the master," which is "[a]n indispensable element of peonage" under 18 U.S.C. § 1581. *Turner v. Unification Church*, 473 F. Supp. 367, 375 (D.R.I. 1978). *See also Clyatt v. U.S.*, 197 U.S. 207, 215 (1905). The only time Plaintiffs mention working off a debt/loan relating to Ms. C. Bronfman is in the context of Jane Doe 17, but the facts Plaintiffs allege do not rise to the level of peonage. *See, e.g.*, *Stein v. World-Wide Plumbing Supply Inc.*, 71 F. Supp. 3d 320, 328 (E.D.N.Y. 2014).

Further, peonage is "specific intent" crime, meaning the defendant must have been acting with the specific purpose of bringing about the crime. *U.S. v. Sabhnani*, 539 F. Supp. 2d 617, 629 (E.D.N.Y. 2008). Jane Doe 17's allegations fail to adequately allege that Ms. C. Bronfman intended to hold Jane Doe 17 in a condition of peonage. Rather, the allegations show that Ms. Bronfman helped Jane Doe 17 get a visa, provided her with work, paid her for that work, and ultimately agreed to provide Jane Doe 17 with additional funds to help Jane Doe 17 keep her immigration status. *See* FAC ¶¶ 766–69. The fact that Ms. C. Bronfman allegedly said these additional funds were a "loan" does not establish peonage. Instead, Ms. Bronfman's actions could be read as helping Jane Doe 17. *See, e.g.*, *Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427, 445 (E.D.N.Y. 2013) ("[A] jury could reasonably conclude, based on the evidence, that Defendants did not abuse the immigration laws or the green card process, but rather, that Defendants attempted to assist Plaintiff in obtaining a green card by falsely claiming that she was employed as their accounting consultant when in fact she was employed as a secretary.").

Unlawful Conduct with Respect to Documents In Furtherance of Trafficking, Peonage, or Forced Labor (Count III(E)). To successfully plead her claim for violation of 18 U.S.C. § 1592 (Count III(E)), Plaintiff Daniela must plead sufficient facts to show that Ms. C. Bronfman knowingly destroyed, concealed, removed or possessed a passport, immigration document, or government identification document belonging to Daniela in the course of violation of or intent or attempt to violate §§ 1581, 1589, 1590, or 1591. But Count III(E) is devoid of any alleged actions that Ms. C. Bronfman took in relation to Daniela. In fact, the only time Ms. Bronfman is named in relation to Daniella at all is an allegation that Ms. Bronfman's *attorneys,* not Ms. Bronfman herself, ignored Daniela's request for help. FAC ¶ 728. Because Plaintiffs have not alleged any action by Ms. C. Bronfman in relation to Daniela's documents, the Court should dismiss Count III(E).

Negligence Per Se (Count IV). Plaintiffs fail to adequately plead that Ms. C. Bronfman engaged in the unauthorized practice of counseling therapies[6] or that Ms. C. Bronfman "aided or abetted" others to engage in this practice. The statute Ms. C. Bronfman allegedly violated, NY Education Law § 6512, does not cover the unauthorized practice of psychology. *See People v. Abrams*, 576 N.Y.S.2d 338 (2d Dep't 1991) (practicing psychology without a license is not included in law prohibiting unauthorized practice of profession). Because the unauthorized practice of counseling therapies is not a violation of NY Education Law § 6512 and Plaintiffs have not alleged that Ms. C. Bronfman engaged in the unauthorized practice of any other profession,

---

[6] Plaintiffs define "counseling therapies" as the unauthorized practice of psychology, psychoanalysis or mental health counseling. FAC ¶ 912.

Plaintiffs' negligence per se claim fails. Lastly, this claim fails against Ms. C. Bronfman for the same reason it fails against Ms. S. Bronfman. *See* October 29, 2021 S. Bronfman Letter at 5.

Malicious Abuse of Legal Process (Count V). Plaintiffs' Count V abuse of legal process claim fails for two reasons: it is time-barred and it is not adequately pled. First, the statute of limitations for abuse of legal process is one year. *DeMartino v. New York*, No. 12-CV-3319 SJF AKT, 2013 WL 3226789, *14 (E.D.N.Y. June 24, 2013), *aff'd*, 586 F. App'x 68 (2d Cir. 2014). Plaintiffs filed their original complaint in January 2020, meaning that only claims for actions taken after January 2019 are timely. Plaintiffs have not alleged any acts by Ms. C. Bronfman after January 2019. Second, Plaintiffs do not allege any actions that Ms. C. Bronfman took subsequent to the initiation of the legal process. This omission is fatal because "an abuse of process claim may only be based on events *subsequent to* initiation." *Miles v. City of Hartford*, 445 F. App'x 379, 383–84 (2d Cir. 2011). Plaintiffs claim that Ms. C. Bronfman directed the lodging of false criminal complaints and the sending of letters threatening legal actions (FAC ¶¶ 117, 118, 127, 128, 145, 265, 293, 749, 831, 837)—actions allegedly taken *prior* to civil litigation or to *initiate* a criminal proceeding—not "improper use of process after [process] is regularly issued." *Oka v. Cty. of Suffolk*, No. 11-CV-2578 SJF, 2015 WL 918762, *9 (E.D.N.Y. Mar. 2, 2015).

Aiding and Abetting, Acting in Concert, and Conspiring With Respect to Unauthorized Human Research (Count IX). Plaintiffs' Count IX is time-barred and does not meet the pleading requirements of Rule 12(b)(6). New York law establishes a 30-month statute of limitations period for this claim. N.Y.C.P.L.R. § 214-a. *See also Hudson v. Delta Kew Holding Corp.*, 992 N.Y.S.2d 158 (Sup. Ct. 2014). Plaintiffs filed their initial complaint in January 2020. Thus, claims of misconduct prior to August 2017 are barred. Plaintiffs have not adequately alleged what, if any, human research occurred after this date. Further, Plaintiffs have not plausibly alleged that Ms. C. Bronfman had any knowledge of or role in that research beyond providing funds to rent a space and buy equipment. FAC ¶ 962. This is not enough.

Gross Negligence and Recklessness (Count X). Plaintiffs fail to allege facts sufficient to show that Ms. C. Bronfman owed a duty of care to Plaintiffs, as is required to plead gross negligence. *Alley Sports Bar, LLC v. SimplexGrinnell, LP*, 58 F. Supp. 3d 280 (W.D.N.Y. 2014). The only fact Plaintiffs plead in support of their claim is that Ms. C. Bronfman "sponsored" the treatment that allegedly did not meet the appropriate standard of care. FAC ¶ 969. But sponsorship does not give rise to a duty of care. *See Megna v. Newsday, Inc.*, 666 N.Y.S.2d 718, X (2d Dep't 1997); *Zayas v. Half Hollow Hills Cent. Sch. Dist.*, 641 N.Y.S.2d 701 (2d Dep't 1996) (sponsor of baseball team did not owe duty of care to plaintiff injured while playing on baseball team). Thus, Count X fails.

* * *

Plaintiffs bring claims that are unintelligible and implausible. Ms. C. Bronfman would file a motion to dismiss showing why the Court should dismiss Plaintiffs' First Amended Complaint under Rules 8, 9, and 12, which would include the non-exhaustive arguments previewed above.

    Respectfully,

    WILLKIE FARR & GALLAGHER LLP

    */s/ Craig C. Martin*

Cc: All Counsel by ECF     Craig C. Martin