

ORIGINAL

October 29, 2021

Brandon B. Porter
PO BOX 1102
Waukee, IA 50263



Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom: 6G
North Brooklyn, New York 11201

      Re: Edmondson, et al. vs. Raniere, et al.
      Case: No. 20-CV-485

Dear Judge Komitee:

I am one of the defendants in the above case. I wasn't at the status conference on October 15, 2021 because I was waiting to see if the plaintiffs were going to dismiss me from the lawsuit. I have had some informal discussions with Mr. Glazer and agreed to waive service. Mr. Glazer is aware that I must represent myself and I have provided him with my financial status. I have no money to hire a lawyer. It wasn't until after the status conference that I saw that the plaintiffs' attorneys entered my waiver of service.

I saw that your honor asked for defendants to submit letters regarding proposed next steps by October 29, 2021. I was just able to read the transcript from the October 15 conference and glean the purpose of the letters. Clare Bronfman's council stated in the conference that her motions to dismiss would be related to Rule 8, Rule 9 (b), and Rule 12(b)(6). I would agree with these motions and I would file motions including motions to dismiss if necessary. It will be impossible to answer the Doe claims because I do not even know who the supposed victim is, when the claim happened and if they claim I was involved in the act. For instance, I am accused of mail fraud, wire fraud, bilking others out of large sums of money, forced labor, and forced sexual slavery, and trafficking in "sexual slaves."

Regarding the question of splitting the suit into two parts, I really have no thoughts on this.

I will challenge the claim that this suit fits a RICO conspiracy. If there was a conspiracy, as the plaintiffs claim, I was not aware of it or participated in it. The Federal Government didn't even include me in their list of people in the government's proposed "inner circle" of NXIVM. To my knowledge, I was not a target in their investigation. Since there was no conspiracy, the RICO claims have no standing and this suit should be dismissed. I did not have criminal intent; at all times my intent was to help people. Therefore, I will DENY all of the allegations in the Complaint and file motions to dispose of the claims at the appropriate time.

On another note, I was discharged from a no-asset Chapter 7 bankruptcy on July 15, 2019. This lawsuit was filed on January 28, 2020. All of the plaintiffs' claims were from actions that took place before my bankruptcy was discharged. As such, these claims against me are barred by the Bankruptcy laws and the plaintiffs were obligated to not make these claims or dismiss them once they or their attorney received the Order of Discharge. The mere allegations in the claims have irreparably damaged me and my family and have deprived me of my livelihood. I provided Mr. Glazer with a copy of the Order of Discharge along with a position paper that the Order precludes this action. We briefly discussed that issue. I can provide a summary of that position paper when appropriate, in your view. I do not want to step out of bounds in this letter. For the above reason, I will claim that the plaintiffs do not have standing and will move to be dismissed from the suit. I also believe that the claims may well be barred by the applicable statutes of limitations. Other defenses may arise once facts are made known, if necessary.

Sincerely,

Brandon B. Porter