# WILLKIE FARR & GALLAGHER LLP

Craig C. Martin
300 North LaSalle
Chicago, IL 60654-3406
Tel: 312 728 9000
Fax: 312 728 9199
cmartin@willkie.com

November 4, 2021

**By ECF**
Hon. Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 6G North

Re:   *Edmondson, et al. v. Raniere et al.*, 1:20-CV-00485-EK-CLP

Dear Judge Komitee:

    We represent Defendant Clare Bronfman ("Ms. C. Bronfman") in the above-referenced matter and submit this letter in response to Plaintiffs' request to issue a non-party subpoena to Suneel Chakravorty prior to a Rule 26(f) conference. Dkt. 100. Plaintiffs' request should be denied.

    Plaintiffs' request has nothing to do with Ms. C. Bronfman, nor any claims against Ms. C. Bronfman. It seeks materials allegedly related to DOS—and Ms. C. Bronfman was not part of DOS. *See* October 29, 2021 C. Martin Letter, Dkt. 102. Nonetheless, Ms. C. Bronfman feels compelled to respond because at least for now, the FAC inappropriately lumps all Defendants' conduct together and Ms. C. Bronfman is in this case as pled.

    Plaintiffs' request comes at an extraordinary time in the litigation—before any responsive pleadings and before a Rule 26(f) conference has even been scheduled. Plaintiffs claim that they need this expedited non-party discovery to somehow prevent a supposed possibility for dissemination of certain images, and the discovery may provide a basis for injunctive relief regarding the storage, safeguarding, and disposition of this material. Plaintiffs also claim that the material may be transferred or destroyed. Aside from the fact that this material has nothing to do with Ms. C. Bronfman, Plaintiffs fail to state how the material they seek is relevant to the civil litigation pending before this Court, or show good cause exists to set aside the presumption that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Moreover, Plaintiffs' letter indicates that the materials it seeks have been in existence and known to Plaintiffs for years—without broad dissemination or destruction. It is unclear what has changed such that Plaintiffs require the Court's intervention now.

    Plaintiffs' request is also devoid of legal or factual support and is largely based on rumor and speculation, consistent with the narrative Plaintiffs have perpetrated in the media. Plaintiffs claim they "have been informed" that Mr. Chakravorty possessed and shared certain images, but fail to specify in any way, shape or form, a factual basis to support their extraordinary assertion. The only authority Plaintiffs provide, in a footnote, is inapposite. *See* Dkt. 100, n.1 (citing *Ayyash v. Bank Al-Medina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005)). In *Ayyash*, the plaintiff sought to issue

a third-party subpoena to several New York banks regarding the defendants' assets. 233 F.R.D. at 327. The court held that the plaintiff presented "good cause" for seeking expedited discovery because "defendants are foreign individuals and corporations who have both incentive and capacity to hide their assets" and "there is considerable urgency to plaintiff's need to seek information about the location of defendants' possible assets." *Id.* Unlike in *Ayyash*, Plaintiffs' request here has nothing to do with the preservation of assets held by Defendants. Rather, Plaintiffs' request goes to material not in the possession, custody or control of Ms. C. Bronfman— nor any other party in this litigation. Defendants here, several who are incarcerated, do not have similar capacity and incentive to hide the discovery sought. Nor have Plaintiffs provided a basis for their sense of urgency.

Under the law, uncited by Plaintiffs, to succeed on a request for expedited discovery, "the party seeking discovery must 'prove that the requests are reasonable under the circumstances.'" *Pietsch v. Marcantonio*, 2016 WL 1069656, *4 (quoting *N. Atl. Operating Co. v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013)). A request can be unreasonable because of its breadth, its basis on mere speculation, or its unrelatedness to the case. *See Raza v. City of New York*, 998 F. Supp. 2d 70, 75 (E.D.N.Y. 2013) ("Plaintiffs have [not] shown sufficient cause to justify expedited discovery or that Plaintiffs' proposed discovery schedule is reasonable, given the breadth of Plaintiffs' document requests and the likelihood of disputes over assertions of privilege by Defendants."). *See also Levy v. Young Adult Inst., Inc.*, 2015 WL 170442, *11 (S.D.N.Y. Jan. 13, 2015); *Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011).

Plaintiffs' request does not meet this reasonableness standard. Most importantly, Plaintiffs have not demonstrated the relevance or urgency of their request. Plaintiffs make no assertion that Mr. Chakravorty just received the materials in question or that there is any imminent risk of spoliation. The fact that Plaintiffs ask that the discovery be one-sided and restricted to Plaintiffs further adds to the unreasonableness of their request.

Because Plaintiffs' request is neither urgent nor relevant to the civil litigation, there is no good cause to bypass the requirements of the Federal Rules of Civil Procedure and grant this extraordinary discovery measure. We request that the Court deny this request.

Respectfully,

WILLKIE FARR & GALLAGHER LLP

*/s/ Craig C. Martin*
Craig C. Martin

Cc: All Counsel by ECF