# WILLKIE FARR & GALLAGHER LLP

Craig C. Martin
300 North LaSalle
Chicago, IL 60654-3406
Tel: 312 728 9000
Fax: 312 728 9199
cmartin@willkie.com

November 19, 2021

**By ECF**

Hon. Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 6G North

Re: *Edmondson, et al. v. Raniere, et al.*, 1:20-CV-00485-EK-CLP

Dear Judge Komitee:

Defendant Clare Bronfman ("Ms. C. Bronfman") submits this letter in reply to Plaintiffs' response letter ("Plaintiffs' Response Letter") (Dkt. 116) in the above-referenced matter.

## PLAINTIFFS FAIL TO ADDRESS DEFICIENCIES
## IN THE FIRST AMENDED COMPLAINT

Plaintiffs' Response Letter expresses opinions rather than legal standards applied to well-pled facts. Plaintiffs' views of NXIVM today are an extreme departure from their long-time devotion to an organization they once participated in and profited from for many years. Indeed, what makes them plaintiffs is simply their change of heart—otherwise perhaps many of the Plaintiffs might have found themselves Defendants in this action. Most importantly, Plaintiffs' criticisms, as expressed in the First Amended Complaint ("FAC"), do not state legal claims under Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure against Ms. C. Bronfman.

The FAC's lack of factual allegations and legal citations is glaring and inexcusable. Plaintiffs fail to address the deficiencies in the FAC raised by Ms. C. Bronfman in her October 29, 2021 letter ("Oct. 29, 2021 C. Bronfman Letter") (Dkt. 102), to which Plaintiffs are purportedly responding.[1] In that letter, Ms. C. Bronfman noted that, among other issues, the FAC (1) is incomprehensible—it is unwieldly in length and scope while simultaneously failing to allege facts sufficient to support Plaintiffs' claims; (2) makes allegations against "Defendants" without specifying which Defendants are included within the term; (3) alleges conduct related to

---

[1] The sole time Plaintiffs respond to a legal issue raised in the Oct. 29, 2021 C. Bronfman Letter relates to Ms. C. Bronfman's argument on Plaintiffs' unlicensed practice of psychology claim (Count IV). (*See* Plaintiffs' Response Letter, Dkt. 116, at 2 & n.2.) While the New York Education Law was amended in 2002/2003, that amendment is immaterial because § 6512 is a criminal statute with no private right of action. Courts have rejected attempts to bring a private suit under § 6512. *See Arboleda v. Microdot, L.L.C.*, No. 154165/14, 2016 WL 881185, at *6 (N.Y. Sup. Ct. Mar. 8, 2016) (dismissing plaintiffs' causes of action for unauthorized practice of medicine under § 6512 because the statute contains no private right of action). Plaintiffs attempt to circumvent this law with a negligence per se theory. *See* FAC Count IV. However, a negligence per se claim cannot be based on a violation of a statute that has no private right of action. *See id.* at *7. *See also Silverboys, LLC v. Skordas*, No. 653874/2014, 2015 WL 5222871, at *4 (N.Y. Sup. Ct. Sept. 4, 2015) ("[A] violation of New York Education Law § 6512 does not constitute negligence per se.").

"Plaintiffs" without specifying which Plaintiffs are included within that term; (4) includes Ms. C. Bronfman in claims unrelated to the limited factual allegations Plaintiffs make about her (and, in particular, Plaintiffs include Ms. C. Bronfman in their sex-trafficking claims without alleging facts suggesting that Ms. C. Bronfman was even aware of any of Plaintiffs' sexual activities, much less involved in them); (5) does not identify the "enterprise" that forms the basis of their RICO claims; (6) ignores what constitutes an abuse of legal process; and (7) brings claims that are time-barred. (*See generally* Oct. 29, 2021 C. Bronfman Letter, Dkt. 102.)

Rather than respond to these issues, Plaintiffs provide what they deem "a summary statement of the case." (Plaintiffs' Response Letter, Dkt. 116, at 1.) Setting aside that Plaintiffs have already filed a 189-page complaint, and then the 217-page FAC, their purported "summary statement" misses the point. The critical inquiry for the Court is not whether Plaintiffs make any allegations against Ms. C. Bronfman, but is, rather, whether Plaintiffs have stated a legal claim for relief against Ms. C. Bronfman under Rules 8, 9(b), and 12(b)(6). As the Oct. 29, 2021 C. Bronfman Letter shows, and as Plaintiffs' Response Letter fails to plausibly refute, Plaintiffs have not done so.

## THE FAC IS BOTH UNWIELDLY AND DEFICIENT

Plaintiffs confuse length with clarity when they argue that "Defendants' arguments are inconsistent." (Plaintiffs' Response Letter, Dkt. 116, at 4.) As articulated in the Oct. 29, 2021 C. Bronfman Letter, the FAC is unwieldy in length, wandering, and includes superfluous allegations. (*See* Oct. 29, 2021 C. Bronfman Letter, Dkt. 102, at 2.) Despite its length, the FAC fails to distinguish which Defendant allegedly did what, when, and to whom, or include sufficient facts to put Ms. C. Bronfman on notice of what Plaintiffs are specifically alleging against her. (*See id.*) Noting that the FAC is both unwieldly and deficient is not inconsistent; it is descriptive of an incomprehensible FAC. Courts have dismissed cases for such reasons. *See Edo v. New York City*, No. 16CV4155KAMVMS, 2016 WL 5874996, at *3 (E.D.N.Y. Oct. 7, 2016) ("Although plaintiff's complaint is nearly 700 pages []long, he fails to allege sufficient facts to put the City of New York, the sole defendant, on notice of the nature of his allegations."); *Tropeano v. City of New York*, No. 06CV2218(SLT)(LB), 2007 WL 1540524, at *1 (E.D.N.Y. May 24, 2007) (referencing dismissal of a case because "despite the complaint's considerable length, it fails to allege facts suggesting a violation of any of these statutes").

As part of their attempt to recast Ms. C. Bronfman as a central character in the FAC narrative, Plaintiffs erroneously cite to *Salinas v. United States*, 522 U.S. 52 (1997), to support their assertion that Defendants do not need to "have known each participant's specific role in the venture." (Plaintiffs' Response Letter, Dkt. 116, at 4 & n.3 (citing *Salinas*, 522 U.S. at 64).) *Salinas* does not stand for that assertion. *Salinas*, in the context of a criminal matter, explained that each conspirator who agrees to be part of the conspiracy may be liable for the actions of his co-conspirators. *See* 522 U.S. at 64. However, the Court clarified that the conspirators must "share a common purpose." *Id.* Accordingly, even though a co-conspirator in *Salinas* did not commit every part of the offense himself, the Court still held him liable because "there was *ample evidence* that he conspired to violate RICO" and that he "*knew about and agreed* to facilitate the scheme." *Id.* at 66 (emphasis added). In contrast, Plaintiffs here have failed to establish that Ms. C. Bronfman knew about or agreed to any illegal scheme. Further, *Salinas* mentioned specific actions that each co-conspirator allegedly took in furtherance of the scheme—something the FAC lacks. *See id.* at 52 (stating that a sheriff accepted money and petitioner Salinas accepted two watches and a truck). Ms. C. Bronfman illustrates in her letter that the FAC does not include any such facts as to what

actions Plaintiffs allege she took. (*See generally* Oct. 29, 2021 C. Bronfman Letter, Dkt. 102.) Thus, as previewed in the Oct. 29, 2021 C. Bronfman Letter, Plaintiffs here fail to allege any specific actions by Ms. C. Bronfman showing that she knew about, agreed to facilitate, or took action with the purpose of pursuing the same criminal objectives as her alleged co-conspirators.

### PLAINTIFFS' NEW AND IMPROPERLY PLED PROCLAMATIONS REGARDING DECEPTION AND INTIMIDATION DO NOT RESULT IN COGNIZABLE CLAIMS

Plaintiffs improperly attempt to plead new facts regarding Ms. C. Bronfman's alleged "deception and intimidation" tactics in their response letter. (*See* Plaintiffs' Response Letter, Dkt. 116, at 6–7.) Indeed, it appears that with each iteration of Plaintiffs' narrative, Ms. C. Bronfman and Ms. S. Bronfman are assigned greater decision-making positions. Nowhere in the FAC do Plaintiffs allege that Ms. C. Bronfman, or any Defendant, engaged in "conniving and outright lies to the Dalai Lama … to promote the falsehood to persuade people to ignore negative media reports." (*Id*. at 6.) Nor does the FAC allege that Ms. C. Bronfman, as opposed to a different Defendant, specifically targeted certain Plaintiffs through litigation. *See, e.g.*, FAC ¶ 741 (alleging *NXIVM* targeted Plaintiff Toni Natalie); *id.* ¶¶ 745–48 (detailing lawsuit filed by *Keith Raniere* against Microsoft). Plaintiffs cannot cure their deficient FAC by bringing in new facts through a back door.[2] *See Bibeau v. Soden*, No. 808-CV-0671 (LEK/RFT), 2009 WL 701918, at *7 (N.D.N.Y. Mar. 13, 2009) (finding plaintiff's new facts pled in opposition to motion to dismiss "improper").

Even ignoring Plaintiffs' improper attempt to expand their allegations through a purported "summary statement of the case," these new allegations do not cure the FAC's legal deficiencies as to Ms. C. Bronfman. For example, it remains unclear how Plaintiffs' claims regarding Ms. C. Bronfman's alleged legal intimidation tactics (Count V) can overcome the one-year statute of limitations for malicious abuse of legal process claims, or how Count IX can withstand the relevant 30-month statute of limitations. (*See* Oct. 29, 2021 C. Bronfman Letter, Dkt. 102, at 6.) Nor do Plaintiffs allege any facts showing Ms. C. Bronfman took action *subsequent* to initiation of litigation, as required for the legal process claim Plaintiffs bring in Count V. (*See id*.) Plaintiffs' new allegations of intimidation and deception thus only further add to the morass of baseless accusations.

### PLAINTIFFS DO NOT ADDRESS THE ISSUE OF BIFURCATING THE SEX-BASED AND CONSUMER-BASED SCHEMES

Plaintiffs also fail to adequately address the Court's inquiry from the October 15, 2021 hearing regarding dividing this matter into two parts—one addressing Plaintiffs' sex-based claims and one addressing their consumer-based claims. (*See* Oct. 15, 2021 Status Conference Transcript, Dkt. 97, at 4:8–22.) Instead, Plaintiffs state merely that "[n]one of these harmful acts were distinct," and, therefore, the case should not be divided. (*See* Plaintiffs' Response Letter, Dkt. 116, at 2.) However, Plaintiffs have not explained how their sex trafficking claims are inextricably connected to their consumer-based claims—because they are not. In fact, the majority—at least

---

[2] For example, despite never mentioning 18 U.S.C. § 1351(a) in the FAC, Plaintiffs now apparently allege that some Defendants engaged in conduct that was "fraud in foreign labor contracting in violation of 18 U.S.C. § 1351(a)." (Plaintiffs' Response Letter, Dkt. 116, at 6.)

46—of the Plaintiffs make no allegations beyond enrollment in NXIVM.[3] These Plaintiffs cannot plausibly state a claim for sex trafficking. Likewise, Plaintiffs have not alleged facts indicating involvement in or knowledge of sex-based claims for several Defendants, including Ms. C. Bronfman, and thus have no plausible claim against these Defendants. Bifurcation of the case therefore makes sense to avoid confusion of the issues and the evidence.

## CONCLUSION

Because Plaintiffs' Response Letter does nothing more than feed Plaintiffs' media narrative regarding NXIVM with conclusory and inflammatory statements and fails to address Ms. C. Bronfman's legal arguments on their merits, Ms. C. Bronfman contends that the FAC should be dismissed under Rules 8, 9(b), and 12(b)(6). At the very least, Plaintiffs' claims should be bifurcated into consumer-based and sex-based cases, the latter of which should not include Ms. C. Bronfman at all.

Respectfully,

WILLKIE FARR & GALLAGHER LLP

*/s/ Craig C. Martin*

Cc: All Counsel by ECF

Craig C. Martin

---

[3] These Plaintiffs are: Anthony Ames; Tabitha Chapman; Kayla; Jane Does 24–26, 29–30, 32–38, 40, 42, 44–45, 47–48, 52–57, 60, 62–63; and John Does 4–7, 9–15, 17, and 19–22. Ashley McLean; Jane Does 28, 31, 39, and 43; and John Does 3 and 16 also allege minimal facts.