# KOHN, SWIFT & GRAF, P.C.

1600 MARKET STREET, SUITE 2500
PHILADELPHIA, PENNSYLVANIA 19103-7225

JOSEPH C. KOHN
ROBERT A. SWIFT
ROBERT J. LAROCCA
DOUGLAS A. ABRAHAMS *
WILLIAM E. HOESE
STEVEN M. STEINGARD *
STEPHEN H. SCHWARTZ †
CRAIG W. HILLWIG
BARBARA L. GIBSON †
NEIL L. GLAZER †
ZAHRA R. DEAN ⁕
AARTHI MANOHAR
ELIAS A. KOHN

† ALSO ADMITTED IN NEW YORK
* ALSO ADMITTED IN NEW JERSEY
⁕ ONLY ADMITTED IN NEW YORK

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com

Email: nglazer@kohnswift.com

HAROLD E. KOHN
1914-1999
BAYARD M. GRAF
1926-2015

OF COUNSEL
GEORGE W. CRONER
LISA PALFY KOHN

February 4, 2022

**Via Electronic Filing**

Honorable Eric R. Komitee
United States District Court
　Eastern District of New York
225 Cadman Plaza East
Courtroom: 6G North
Brooklyn, New York 11201

　　　　　Re:　*Edmondson, et al. v Raniere, et al.*
　　　　　　　No. 1:20-cv-00485

Dear Judge Komitee:

　　　　We write on behalf of Plaintiffs in this action to alert the Court that one or more Defendants are threatening to publicly identify the twelve remaining "Jane Doe" Plaintiffs while their motion to proceed by pseudonym or first name is still pending.[1] (No. 101). This conduct is inimical to the orderly administration of this action and the well-being of the Plaintiffs being targeted. Therefore, Plaintiffs respectfully request the Court to promptly issue Plaintiffs' requested Protective Order, prohibiting direct or indirect disclosure by any Defendant of the identities of the small number of Plaintiffs who continue to request that protection, and to further address this matter with the particular Defendants involved in this highly improper conduct.

　　　　Specifically, on February 2, 2022, a group calling itself The DOSsier Project, which is led by Defendants Nicki Clyne and Danielle Roberts, published a statement on its website attributed to co-member Michelle Hachette threatening to publicly disclose the full identities of all Plaintiffs seeking pseudonymity. The statement links to a video on the group's Instagram feed in which Ms. Hachette reiterates and reframes their threat as a demand that she will reveal these Plaintiffs' identities if they do not publicly identify themselves first. Defendant Nicole

---

[1] As the Court is aware from Plaintiffs December 17, 2021 *ex parte* submission (No. 133), there are only twelve Plaintiffs remaining who continue to seek the relief requested in Plaintiffs' motion for the Protective Order. Of the other Plaintiffs who sought that relief, ten have terminated their claims and withdrawn from the litigation, and fifty-nine Plaintiffs informed the Court of their willingness to proceed using their full identities.

Clyne then posted links to both statements on her Twitter feed to her thousands of followers, along with comments that make abundantly clear her active participation in this scheme. Defendant Roberts has also posted links to the threats to support the effort. This extortionate demand is blatant retaliation, an attempt to harass, intimidate and further traumatize the Plaintiffs seeking the protective order, as well as a brazen demonstration by a party to these proceedings of her utter contempt for the rule of law and the judicial process.

Defendants Nicole Clyne, Danielle Roberts and their fellow members of The DOSsier Project are all members of DOS engaged in a public relations campaign to portray Defendant Keith Raniere and his co-conspirators as victims of government persecution and a corrupt judicial system, themselves as victims of persecution by individuals who they claim were never harmed, justify what was done to women in DOS (including Plaintiffs in this action), and to criticize and attack the reputations and credibility of the former DOS members who are Plaintiffs in this action. Attached hereto as exhibits A to I are screenshots of pages from The DOSsier Project website and social media accounts of the organization and certain of its members, including Defendants Clyne and Roberts, along with Ms. Hachette.

In her video statement, The DOSsier Project's Ms. Hachette warns the Plaintiffs: "For those of you who are Jane and John Does watching this, this is your last opportunity to come forward and put your name to your claims. If you don't, it is my moral obligation to name every single one of you. The clock starts now." [2] In their written statement, The DOSsier Project elaborates: "The same anonymous women that Judge Garaufis, at Raniere's sentencing hearing, called 'brave victims' are in this anonymous lawsuit. When in history have you ever had a government officially labeling people as brave when they are making anonymous accusations? Calling them brave while sheltering them with anonymity is Orwellian. I know who these 'Does' are and I'm not going to play their game. I'm going to name them, starting with [Plaintiff] Nicole . . ."[3] The message from The DOSsier Project is clear: the Plaintiffs better quickly accede to their demands because even if they do not want to be publicly identified, Ms. Hachette will identify them.

Ms. Clyne did not merely re-post these threats to her personal Twitter feed. She endorsed and amplified them with her own comments that leave no doubt about her involvement in this campaign. Exs. E-F. Among other things, she states on Twitter that, "Women accusers who hide behind anonymity further the paternalistic idea that women need to be babied and are too weak to put their name to things." Ex. F. She also states, in the same thread, that "Women in the NXIVM case have hidden behind their anonymity long enough. With equal privilege comes equal responsibility. Time's up!" *Id*. Ms. Roberts shared their threatening statement on her Twitter feed, joining in the effort. Ex. G. Ms. Hachette may be the organization's face for this disgraceful conduct, but Ms. Clyne's responsibility is indisputable.

---

[2] Ex. B is a screenshot of the Instagram post of the video, which can be found in full at https://www.instagram.com/p/CZf4E_xBdzm/. The full video can also be accessed on a secure server hosted by Plaintiffs' counsel at https://kohnswiftgraf.sharepoint.com/:v:/g/EbiGAAz6Wy9Nvbh4dOiVGX8BgtjKnnkcW37akS_J-qYV3g. In addition, a courtesy copy of the video file pre-screened for viruses will be submitted on USB drive to the Court pursuant to this Court's individual rules.

[3] Ex. A is a screenshot of the written statement, which can be found at https://www.theDOSsierproject.com/articles/statement-from-michele-hatchette

No one has a legitimate interest in having the identities of sex crime victims revealed, especially in this manner threatened here. Harassment, intimidation and threats of this nature are traumatic, particularly for people who are already struggling to recover from related trauma. It is abundantly clear that Defendant Clyne is working in concert with others in a brazen effort to undermine the Court's exclusive authority to decide this matter, and to inflict additional harm on those Plaintiffs in the process.

The protective order in the criminal proceeding only applied to the Defendants in that proceeding, but the judgment of Judge Garaufis that certain victims of the defendants in that case – including Plaintiffs in this action who had escaped from DOS, and Daniela, Camila and their brother– deserved some protection from full public disclosure of their identities has been respected beyond the criminal case. A Protective Order by this Court will bar the Defendants in this action from directly or indirectly publicly disclosing the protected Plaintiffs' identities. But this most recent development may warrant more, irrespective of the Court's decision on the pending motion. Ms. Hachette asserts on Twitter that she is a "civilian" not subject to this Court's jurisdiction,[4] but the fact that The DOSsier Project includes Ms. Clyne, who is a party, and her own flagrant and public disregard for the clearly established legal process justifies sanctions. However, because Ms. Clyne is a *pro se* litigant and lacks access to advice from competent counsel, Plaintiffs respectfully suggest that a stern admonishment from the Court may be appropriate, so that she can fully understand that her efforts to make end-runs around this Court's authority, and to harass and threaten Plaintiffs outside of these proceedings, can have serious consequences.[5]

Plaintiffs respectfully request that the Court expeditiously consider all the circumstances in this matter and take appropriate action, before even more damage is done.

Respectfully Submitted,

Neil L. Glazer

NLG/yr

cc: All counsel and pro se defendants via ECF

---

[4] Ms. Hachette seems to believe this is protected First Amendment speech, but it may constitute coercion in the third degree, a felony offense under NYS Penal Law § 135.60.

[5] Plaintiffs' concerns extend well beyond this particular issue. Looming over their heads every day is the continued existence and possible threat of release of some or all of their collateral, which is the subject of Plaintiffs' separate motion pending before Magistrate Judge Pollack for leave to issue a non-party subpoena directed at collateral. (No. 100). That motion raises the concern that the subject non-party likely obtained copies of collateral from Ms. Clyne and has shared those materials with others. Ms. Roberts has publicly stated that she is in possession of a video of the branding of at least one Plaintiff, which is also collateral. Ex. H at para 6. If these Defendants believe that they can disclaim responsibility and avoid consequences simply by encouraging non-party associates to engage in the wrongful conduct, as is happening here, there is a very high risk that they will continue to do just that, with potentially disastrous results.