```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

SARAH EDMONDSON, TONI NATALIE,
JESSICA JOAN SALAZAR, SOUKI, NICOLE,
DANIELA, CAMILA, et al.,                        PRELIMINARY ORDER OF
                                                     PROTECTION
                    Plaintiffs,                 20-CV-485 (EK)(CLP)


            -against-

KEITH RANIERE, NANCY SALZMAN, CLARE
BRONFMAN, SARA BRONFMAN, ALLISON
MACK, KATHY RUSSELL, et al.,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        This action was brought by seventy-nine Plaintiffs alleging various claims including Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, sexual assault, sex trafficking, peonage, and forced labor. First Amended Complaint ("FAC") ¶ 52, ECF No. 64. Twelve plaintiffs have moved for a protective order permitting them to proceed anonymously – either under a pseudonym or by first name only. ECF No. 133. For the following reasons, I grant Plaintiffs' motion on a preliminary basis. At a conference to be held shortly, the Court will consider whether Defendants should now be provided Plaintiffs' supplemental materials on this issue (in full or in partially redacted form), given the protections contemplated in this order.

## I. Background

Plaintiffs filed this action on January 28, 2020. The next month, they moved for an interim protective order, asking the Court to allow sixty-seven plaintiffs to proceed pseudonymously and to order the parties not to publicly identify those plaintiffs in court documents or elsewhere. ECF No. 22-1. Shortly thereafter, in response to a separate request from Plaintiffs, I stayed the case pending final adjudication of the related criminal case, *United States v. Raniere*, No. 18-CR-204, and held the motion for a protective order in abeyance. Defendant Clare Bronfman opposed Plaintiffs' motion in October 2021. ECF No. 88. After the stay was lifted, at a conference on November 30, 2021, I directed Plaintiffs to submit a supplemental, *ex parte* letter in support of the protective order. That letter, filed on December 17, identifies three categories of plaintiffs: (1) those who will identify themselves and use their full names going forward,[1] (2) those who seek to terminate their claims rather than risk public identification,[2] and (3) those who continue to seek the Court's protection. Mot.

---

[1] This category contains individuals who either have been publicly identified, or have not been publicly identified but decided to proceed using their full names. Mot. for Protective Order 3-4, ECF No. 133.

[2] Some of these plaintiffs filed notices of voluntary dismissal on November 5, 2021, ECF No. 114, and December 15, 2021. ECF Nos. 125-132.

for Protective Order 2, ECF No. 133.[3]  This order addresses the third category, which comprises twelve plaintiffs.

## II. Legal Standard

The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "This rule confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Commodity Futures Trading Comm'n v. Parnon Energy, Inc.*, 593 F. App'x 32, 36 (2d Cir. 2014).[4] To determine "whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has identified ten factors for district courts to consider in evaluating a request to litigate under a pseudonym. *Id.* at 189-90. The Second Circuit has emphasized

---

[3] Attached to Plaintiffs' *ex parte* motion were declarations and exhibits detailing the individual circumstances of each plaintiff who wishes to proceed pseudonymously. The Court has reviewed these materials. As discussed at the November 2021 conference, the Court will keep these materials under seal. However, Plaintiffs are directed to submit a proposed redacted version of the motion itself (ECF No. 133) so that a redacted version may be made accessible to the public.

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

that "this list is non-exhaustive," that "district courts should take into account other factors relevant to the particular case under consideration," and that the "factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests." *Id.* Moreover, a "district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 190 n.4.

The most relevant factors in this case are: whether the litigation involves personal matters that are highly sensitive; whether identification poses a risk of retaliatory physical or mental harm to plaintiffs or to innocent non-parties; whether identification presents other harms and the likely severity of those harms; whether plaintiffs are particularly vulnerable to the possible harms of disclosure, especially in light of their age; whether defendants will be prejudiced by allowing plaintiffs to press their claims anonymously; whether a plaintiff's identity has thus far been kept confidential; whether the public's interest in the litigation is furthered by requiring plaintiffs to disclose their identities; and whether there are any alternative mechanisms for protecting confidentiality. *See id.* at 190.

### III. Application

I address the moving plaintiffs in the categories they use: (1) Daniela, Camila, and Adrian; and (2) "DOS Plaintiffs."

**A.  Daniela, Camila, and Adrian**

Daniela, Camila, and Adrian are siblings who wish to proceed by first name only. Applying the relevant factors, I conclude that they may do so, at least at this stage of the litigation. Daniela and Camila have demonstrated that the first and fourth *Sealed Plaintiff* factors weigh in favor of anonymity because their claims involve matters concerning sexual assault and rape as minors. "Allegations of sexual assault are paradigmatic examples of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021); *e.g.*, *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (collecting cases). "Likewise, allegations of sexual abuse of minors typically weigh significantly in favor of a plaintiff's interest." *Rapp*, 537 F. Supp. 3d at 528. This is in part because, under factor four, the "plaintiff's age is a critical factor . . . as courts have been readier to protect the privacy interest of minors in legal proceedings than of adults." *Id.* at 530. "Importantly, however, allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed

5

under a pseudonym." *Id.* at 528 (quoting *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019)).

Daniela and Camila have also established, at least preliminarily, that public identification poses a risk of severe mental harm and retaliatory harm in the form of harassment or the release of damaging information (factors two and three). Allegations of potential psychological injury "must be more than mere embarrassment or social stigmatization," and more than "mere speculation." *Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020). But a plaintiff may be allowed proceed anonymously, for example, where she provides "specific evidence from medical professionals predicting that revelation of her identity would likely cause [severe] psychological and emotional pain." *Id.* (quoting *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999)); *see also Skyline*, 375 F. Supp. 3d at 406 (some courts have suggested that a plaintiff should submit medical documentation supporting the alleged harm they will suffer if not permitted to proceed anonymously). Though Daniela and Camila have not submitted medical evidence specifically linking revelation to risks of future harm, they have submitted letters from medical or mental health professionals detailing their trauma diagnoses and explaining that their trauma-related symptoms are likely to be exacerbated by future stressors. Disclosing the identity of a young woman who was featured in

6

graphic, pornographic photos as a minor – as Camila alleges she was, *see* FAC ¶ 86 – surely may cause future damage beyond psychological harm.[5]  Indeed, the allegation that Defendants demanded sexually explicit photos or videos of Plaintiffs to use as "collateral" in exchange for obedience, sex, and secrecy, *see* FAC ¶¶ 22-25, 30-31, makes the risk of future harm particularly salient here.

A similar analysis applies to Adrian for the second, third, and fourth factors.  Though his own personal circumstances are less sensitive in nature, his anonymity obviously directly affects the anonymity of his sisters.  Adrian, too, was a minor during the alleged conduct, and he has demonstrated a risk of harm not only to himself but also to his family if his last name is revealed.

The seventh factor, too, weighs in Plaintiffs' favor.  The siblings were all named – and Daniela testified – in the related criminal proceeding, where they were publicly identified as siblings.  Still, their shared family name went unmentioned, at the order of the presiding judge.  *United States v. Raniere*, No. 18-CR-204 (E.D.N.Y. May, 16, 2018), ECF No. 39 (protective order).  During those proceedings and since, they and their

---

[5] The Amended Complaint contains graphic and detailed allegations that Camila attempted suicide after she was raped and abused.  FAC ¶ 665.  It also states that Daniela became suicidal.  *Id.* ¶ 662.

7

attorneys have employed substantial efforts to keep the family name confidential. While it is possible that highly motivated followers of this case could identify their last name from external sources, such identifying information has not been circulated widely or recently.

Moreover, it is not clear how, at this point, the public's interest in the litigation would be furthered substantially by disclosure of these Plaintiffs' full names (factor eight). "The public's interest in accessing judicial proceedings is not meaningfully advanced by revealing plaintiffs' identities" when they "do not seek to seal the proceedings entirely, but merely to conceal their names." *Lawson v. Rubin*, No. 17-CV-6404 (E.D.N.Y. Nov. 8, 2017), ECF No. 7 at 3. Moreover, "the public . . . has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.'" *Doe v. Baram*, No. 20-CV-9522, 2021 WL 3423595, at *3 (S.D.N.Y. Aug. 5, 2021) (quoting *Kolko*, 242 F.R.D. at 195.

Finally, courts have held that prejudice considerations (factor six) are less relevant at earlier stages of litigation. *See, e.g.*, *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) (although a protective order was appropriate at the outset of litigation, a "different balance of interests ... comes into

play at the trial phase"); *Lawson v. Rubin*, No. 17-CV-6404, 2019 WL 5291205 (E.D.N.Y. Oct. 18, 2019) ("The Court has an obligation to reassess any prejudice to defendants, which may not have been implicated during the discovery stage of litigation, now that the case is proceeding to trial."); *Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014) (Courts generally find little to no risk of unfairness to an accused defendant in sexual assault cases where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously."). Here, that the parties are still at a very early stage in the litigation cuts against finding prejudice. Moreover, the fact that "defendants already know Plaintiffs' identities . . . obviates the prejudice defendants might otherwise suffer by having to defend against allegations by unknown persons." *Lawson*, No. 17-CV-6404, ECF No. 7 at 3-4.

**B. DOS Plaintiffs**

DOS is alleged to have been a sex-trafficking organization within defendant NXIVM Corporation. The "DOS Plaintiffs" allege that they were victims of sex trafficking and related offenses. *E.g.*, FAC ¶¶ 19-33; Mot. for Protective Order 8 ("Each DOS Plaintiff is a victim of sex trafficking and related offenses.") They allege, among other things, that they were compelled to pose in nude photographs, FAC ¶ 20, branded in the pubic region, *id.* ¶¶ 816-820, and that some of them were

9

forced to perform sex acts.  *E.g.*, *id.* ¶¶ 30, 86, 137, 663.
Though these plaintiffs were adults during the events in
question, I conclude — again, for this stage of the litigation —
that the *Sealed Plaintiff* factors weigh in favor of protecting
their identities, largely for the same reasons as siblings
Camila, Daniela, and Adrian.  I will therefore permit them to
proceed anonymously for the time being, but only to the extent
that they were previously anonymized.

Of the DOS Plaintiffs, three wish to proceed by first
name only.[6]  Nicole, Audrey, and Amanda were identified by their
first names in the criminal proceeding, and they may continue
proceed that way here.  Jane Does 8 and 9 were never identified
by first or last name in the criminal proceedings and wish to
continue anonymously in this case.  I grant their request at
this stage in the litigation.  Jane Does 10, 11, 15, and 50 wish
to proceed anonymously despite having been identified by first
name during the criminal proceedings.  Although I conclude that
they need not disclose their full identities at this point, they
must proceed on a first-name basis at this stage.

---

[6] Plaintiff's motion includes a "Camila" in both the previous category and this "DOS Plaintiffs" category.  Mot. for Protective Order 6-8.  The Glazer Declaration addresses only one Camila, so I will assume this is the same Camila discussed above and need not repeat the analysis here.

### IV. Conclusion

For these reasons, Plaintiffs' motion for a protective order is granted on a preliminary basis. This order will be subject to further review (a) based on additional argument from Defendants, in the event I order Plaintiffs' *ex-parte* submissions be made available to them in whole or in part in the coming weeks, and (b) at subsequent stages of the litigation, if circumstances warrant.

Going forward, Plaintiffs may use pseudonyms in the caption and body of all public Court filings, consistent with this order. Defendants may not reveal Plaintiffs' true identities to anyone, within or outside the scope of this litigation. At a conference to be held February 17, 2022, at 1:30 p.m., Plaintiffs must show cause why Plaintiffs' *ex parte* motion (ECF 133) and / or the attachments thereto should not be produced to Defendants at this point.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   February 11, 2022
         Brooklyn, New York