# Kohn, Swift & Graf, P.C.

1600 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103-7225

(215) 238-1700
Telecopier (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
Web Site: www.kohnswift.com

Email: nglazer@kohnswift.com

December 17, 2021

JOSEPH C. KOHN
ROBERT A. SWIFT
ROBERT J. LaROCCA
DOUGLAS A. ABRAHAMS *
WILLIAM E. HOESE
STEVEN M. STEINGARD *
STEPHEN H. SCHWARTZ †
CRAIG W. HILLWIG
BARBARA L. GIBSON †
NEIL L. GLAZER †
ZAHRA R. DEAN ⌘
AARTHI MANOHAR
ELIAS A. KOHN

HAROLD E. KOHN
1914-1999
BAYARD M. GRAF
1926-2015

OF COUNSEL
GEORGE W. CRONER
LISA PALFY KOHN

† ALSO ADMITTED IN NEW YORK
* ALSO ADMITTED IN NEW JERSEY
⌘ ONLY ADMITTED IN NEW YORK

**Via Electronic Filing**

Honorable Eric R. Komitee
United States District Court
   Eastern District of New York
225 Cadman Plaza East
Courtroom: 6G North
Brooklyn, New York 11201

    Re:    **Edmondson, et al. v Raniere, et al., No. 1:20-cv-00485**

Dear Judge Komitee:

**1.    Introduction**

Plaintiffs submit this letter under seal and *ex parte*, pursuant to the Court's direction in the November 30, 2021 status conference and its subsequent orders. In particular, the Court ordered Plaintiffs to provide a letter in further support of their motion for a protective order (No. 22), including if needed an attorney declaration, providing an individualized explanation of the circumstances of each Plaintiff who requests leave to proceed in this litigation for the time being using a pseudonym. While we endeavor in this letter to include only facts that are already in the public record, the supporting Declaration of Neil L. Glazer and exhibits included with it contain highly sensitive, non-public information, including letters from therapists and victim declarations submitted under seal in support of requests for restitution in the criminal proceedings. ("Glazer Declaration," attached hereto as Exhibit A). Plaintiffs thus respectfully request that the Glazer Declaration and exhibits remain under seal even if the Court decides that some or all of the identities of Plaintiffs who continue to seek leave to proceed using pseudonyms must be publicly disclosed if those Plaintiffs wish to continue to pursue their claims. *See, e.g., Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (allowing sealing of entire exhibit filled with confidential information where redaction was impracticable); *see also Advanced Media Networks LLC v. Row 44 Inc*, No.

Kohn, Swift & Graf, P.C.  Honorable Eric R. Komitee
Continuation Sheet No. 2  December 17, 2021

CV1211018GAFJCGX, 2014 WL 10965229, at *1 (C.D. Cal. Oct. 28, 2014) ("…[A] party should not request that an entire document be filed under seal unless the document's entire contents are confidential."); *see also Adacel, Inc. v. Adsync Techs., Inc.*, No. 618CV1176ORL78EJK, 2020 WL 6382619, at *1 (M.D. Fla. July 1, 2020) (documents containing confidential financial data could be filed under seal where redaction was impracticable.); *see also Catar Clinic of Hot Springs, LLC v. Robinson*, No. 4:17-CV-520-DPM, 2018 WL 1369915, at *4 (E.D. Ark. Mar. 16, 2018) (With respect to confidential health data, "If redaction is impracticable, a party may move to file under seal, giving reasons (document by document) why a sealed filing is necessary."). Plaintiffs' counsel further request that, should any Plaintiff's request to use their first name only or a pseudonym at this stage be denied, counsel be given a reasonable amount of time to consult with their clients, to file Notices of Voluntary Dismissal without Prejudice for any who prefer to withdraw their claims rather than be publicly identified, and to propose to the Court appropriate redactions to this letter (if any) before it is unsealed.

**2.    Background**

Plaintiffs originally moved for a protective order granting them leave to proceed using pseudonyms on February 5, 2020.  (No. 22). That motion was intended only to request permission to use pseudonyms during the interim period when the mandatory stay of 18 U.S.C. § 1595(c) was in effect.  The Stipulated Order imposing the stay thus expressly contemplated further proceedings on this issue once the stay was lifted.  (No. 34 at ¶ 1). (Defense counsel agrees to temporary use of pseudonyms subject to challenge once stay is lifted).  For the reasons stated in Plaintiffs' motion, including the ongoing criminal proceedings, that court's expressed reasons for protecting victim and witness identities, and the fact that all persons who wished to apply for restitution from the court were permitted to do so in sealed submissions, most Plaintiffs were identified with pseudonyms in the original Complaint filed on January 28, 2020.  When Plaintiffs filed the First Amended Complaint, one of the primary adjustments made from the original complaint was to change many Jane and John Doe designations to first names or full names, in keeping with the process established by the court in the criminal proceeding.

This letter first explains those changes, and then identifies Plaintiffs who are prepared to fully identify themselves and those anonymous Plaintiffs who have now terminated their claims. The letter then discusses the remaining Plaintiffs who continue to seek leave to proceed with pseudonyms at this very early stage of the litigation in light of the relevant factors set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008). For the Court's convenience, this information is also provided in list form as Exhibit 1 to the Glazer Declaration.

{00224511 }

Kohn, Swift & Graf, P.C.  Honorable Eric R. Komitee
Continuation Sheet No. 3  December 17, 2021

### 3.     Plaintiffs No Longer Requiring Anonymity[1]

    I.     Plaintiffs Identified by Their Full Names in the First Amended Complaint

Plaintiff Jessica Joan Salazar, who testified under the pseudonym "Jay" in the trial (Jane Doe 2 in the original Complaint), recently chose to publicly share her story using her full name in an audio book, podcast, and media interviews, and thus she is now fully identified in the FAC. Plaintiff India Oxenberg (Jane Doe 12 in the original Complaint) was identified by full name in numerous media stories featuring her mother's efforts to extricate her from DOS and NXIVM, she was referred to by full name in witness testimony during the trial, and she has written a book, appeared in a documentary, and spoken publicly about her experiences using her full name. She is thus identified by full name in the FAC.

Also now identified by full name in the FAC are Plaintiffs Bonnie Piesse, Anthony Ames, Tabitha Chapman, and Ashley McLean, each of whom chose to publicly self-identify in the media and/or social media.[2] Plaintiff Adrienne Stiles was formerly identified as Jane Doe in the original Complaint but chose to use her full name even though she had never identified herself in public.

    II.     Pseudonymous Plaintiffs in FAC Who Have Made Media Appearances

Plaintiffs' counsel have continued to discuss with their clients the need to be consistent in advocating for use of pseudonyms, first names only or full names and several additional Plaintiffs agree that the seventh *Sealed Plaintiff* factor, "whether the plaintiff's identity has thus far been kept confidential" weighs heavily in favor of requiring them to proceed using their full names because they chose to identify themselves and speak publicly. *Id.*, 537 F.3d 185, 190. Soukaina Mehdaoui, who was Jane Doe 3 in the original complaint and "Souki" in the FAC, was identified in an October 2017 New York Times article, and she recently participated in a public panel discussion, "Abuse of Power in Alternative and Emerging Spiritual and Cultural Organizations," sponsored by Harvard University, where she was identified by full name as a "NXIVM survivor." While Ms. Mehdaoui has never publicly disclosed the specific circumstances of her time in NXIVM and DOS, and she has at times fought with media outlets to keep her name out of their stories and productions, she agrees that her decision to participate in

---

[1] Jane Doe 56, Jane Doe 25, and John Doe 14 are no longer seeking leave to proceed anonymously. However, before making a final decision whether to proceed using their full names or to terminate their claims, they would like some additional time to consider the impact of disclosing their identities on themselves and others. Counsel will either notify the Court if they decide to use their full names or file Notices of Voluntary Dismissal Without Prejudice as soon as we can obtain final decisions from them. Because they are not seeking leave to proceed under pseudonyms, the delay in making these final decisions should not impact or cause delay to the Court's evaluation of the requests of the twelve Plaintiffs who continue to seek to partially or fully shield their identities.

[2] Plaintiff Ana Cecilia, identified by first name in the FAC, withdrew from the litigation through Notice of Voluntary Dismissal Without Prejudice filed on November 5, 2021 (Nos. 113).

{00224511 }

Kohn, Swift & Graf, P.C.  Honorable Eric R. Komitee
Continuation Sheet No. 4  December 17, 2021

the panel weighs against her desire to use a pseudonym in this action. Two other Plaintiffs spoke on the record to a journalist who recently published a book about NXIVM, and prior to

publication they gave permission to identify them by name: Maja Miljkovic (Jane Doe 43) and Jennifer Kobelt (Jane Doe 19). Two other Plaintiffs, whose injuries derive in large part from their participation in Defendants' unlawful experiment in curing Tourette's syndrome, are fully identified in a documentary film about that project and, while the renewed promotion of that misleading documentary is itself a source of continuing trauma for them, their identities in connection to NXIVM and the Tourette's "study" are a matter of public record, and they will proceed in this litigation using their full names: Carysa Long (Jane Doe 22) and Isabella Constantino (Jane Doe 21). And two additional DOS victims recently gave permission to a media outlet to publicly broadcast interviews they gave and to identify them by names, and thus agree their use of pseudonyms are no longer justified: Veronica Jaspeado (formerly Jane Doe 6) and Paloma Pena (formerly Jane Doe 7).

### III. Plaintiffs Who Have Not Been Publicly Identified but Who Consent to Disclosing Their Names

There are some Plaintiffs whose individual circumstances may be closer calls with respect to whether they can satisfy the criteria for proceeding with pseudonyms. These Plaintiffs, listed below by name and Jane or John Doe designation, choose to proceed in this litigation with their full names rather than attempt to make particularized showings of need to protect their identities. They are making this decision for the several reasons.

First, identification will not cause them to suffer additional trauma or otherwise exacerbate injuries suffered as a result of the events at issue in this litigation. *See Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999) (Plaintiff's attestation, as well as a psychiatric opinion, demonstrated the risk of physical or mental injury that identification would cause.").While some of the Plaintiffs listed herein are seeking money damages for emotional injuries caused by Defendants, none of these particular Plaintiffs believe they have a degree of heightened sensitivity to being identified that might result in additional trauma as a result of being publicly identified. This should not be interpreted as a statement concerning the severity of the trauma suffered by any Plaintiff because of their experiences in NXIVM; each Plaintiff reserves all rights to prove and seek recovery for the full extent of their injuries.

As discussed in Plaintiffs' motion, many Plaintiffs had concerns of being targeted for retaliation by Defendants (and their supporters) if publicly identified, which concerns were shared by Judge Garaufis (as set forth in Plaintiffs' motion for protective order, No. 22-1 at p. 9). However, Plaintiffs who intend to remain in this litigation will not attempt to make particularized showings of the basis for this fear, other than to point out that several Defendants in this action are part of a group who have been waging a relentless public relations campaign that includes challenging the integrity of anyone who has spoken or taken a public position adverse to Mr.

Kohn, Swift & Graf, P.C.                                                                 Honorable Eric R. Komitee
Continuation Sheet No. 5                                                                              December 17, 2021

Raniere and the other Defendants, and making veiled threats to expose some critics to ridicule and humiliation.[3] The Plaintiffs listed in this section – who have never spoken or shared their

criticism of Defendants with the media or in any other public venue outside of this proceeding – will voluntarily agree to publicly identify themselves, and will rely on this Court to enforce appropriate constraints on the conduct of parties to this litigation in forums outside of the courthouse.

      Likewise, the Plaintiffs in this group concede that the particular facts giving rise to their claims do not necessarily require the public disclosure of highly sensitive and intimate information, at least at this stage of the proceedings where the publicly available allegations that must be included in the complaint need only satisfy Rule 8's notice pleading requirement. While the humiliation and reputational harm of being publicly identified as a former member of the NXIVM "sex cult" is very real, the Plaintiffs in this group concede that their individual circumstances do not cause them to rise above certain others in this litigation with respect to the kinds of acute risks and harms that may befall them once their names are revealed.

      The formerly pseudonymous Plaintiffs who have never been publicly identified in connection with the subject matter of this litigation, but who will now proceed in this litigation using their full names – are: Soukiana Mehdaoui (Souki in Amended Complaint but was originally Jane Doe 3), Veronica Jaspeado (Jane Doe 6), Paloma Pena (Jane Doe 7), Lindsay MacInnis (Jane Doe 17), Jennifer Kobelt (Jane Doe 19), Margot Leviton (Jane Doe 20), Isabella Constantino (Jane Doe 21), Carysa Cottrell (Jane Doe 22), Deanne Brunelle (Jane Doe 24), ▓▓▓▓ ▓▓▓▓▓▓ (Jane Doe 28), ▓▓▓▓▓▓▓▓▓▓ (Jane Doe 29), Pamela Cooley (Jane Doe 30), Rosalyn Cua (Jane Doe 31), Brieanna Ingram (Jane Doe 32), Shayna Holmes (Jane Doe 34), Polly Green (Jane Doe 35), Andrea Hammond (Jane Doe 36), Yan Huang (Jane Doe 37), Tanya Hubbard (Jane Doe 38), Sara Lim (Jane Doe 39), Ariella Menashy (Jane Doe 40), Elham Menhaji (Jane Doe 42), Maja Miljkovic (Jane Doe 43), Michelle Saville (Jane Doe 44), Susan Pratt (Jane Doe 45), Alison Rood (Jane Doe 47), Katie Shaw (Jane Doe 48), Hannah Vanderheyden (Jane Doe 52), Juliana Vicente (Jane Doe 53), Susan Patricia Vieta (Jane Doe 54), Susan Wysocki (Jane Doe 57), Kayla Grosse (Kayla in Amended Complaint but was originally Jane Doe 58), Stephanie Fair-Layman (Jane Doe 60), Gabrielle Gendron (Jane Doe 62), Sarah Wall (Jane Doe 63), Scott Starr (John Doe 3), Philip Akka (John Doe 4), Alejandro Balassa (John Doe 5), Madeleine Carrier (John Doe 6), Rod Christiansen (John Doe 7), Owen Giroux (John Doe 9), Jeff Golfman (John Doe 10), Ashley Harvey (John Doe 11), Rees Haynes (John Doe 12), Warne Livesey (John Doe 13), Anthony Madani (John Doe 15), Chad Williams (John Doe 19), Christopher Black (John Doe 20), Robert Gray (John Doe 21) and Ken Kozak (John Doe 22).

      Several Plaintiffs who have not been publicly identified in connection with the subject matter of this litigation decided to terminate their claims rather than risk the kinds of harms they

---

[3] All DOS Plaintiffs remain deeply concerned about the possibility of a retaliatory release of their collateral, and those who suffer acute trauma related to this are discussed in the Glazer Declaration.

{00224511 }

Kohn, Swift & Graf, P.C.  Honorable Eric R. Komitee
Continuation Sheet No. 6  December 17, 2021

believe they may suffer as a result of public identification. On November 5, 2021, a Notice of Voluntary Dismissal Without Prejudice was filed for: Jane Doe 51 (No. 114), and on December 15, 2021, Notices of Voluntary Dismissal Without Prejudice were filed for: Jane Doe 13, Jane Doe 23, Jane Doe 26, Jane Doe 33, Jane Doe 55, John Doe 2, John Doe 16, John Doe 17 (Nos. 125-132).

**4.**     **Plaintiffs Who Request to Continue Using Pseudonyms or First Names**

Plaintiffs and Defendant Clare Bronfman (who is the only Defendant to date to file an opposition to Plaintiffs' use of pseudonyms) agree that the appropriate criteria for deciding whether a plaintiff may proceed anonymously are set forth in *Sealed Plaintiff*, 537 F.3d at 189, which instructs district courts to consider ten potentially relevant factors, along with "other factors relevant to the particular case under consideration . . . ." These factors are:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties," (3) whether identification presents other harms and the likely severity of those harms…, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;" (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure … particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities;" and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* The discussion of relevant factors below groups Plaintiffs; the Glazer Declaration provides individualized facts and circumstances for each one.

  I.      Daniela, Camila, and Adrian

The FAC identifies Daniela (formerly Jane Doe 1 in the original Complaint), Camila (added as plaintiff in the FAC) and Adrian (formerly John Doe 8 in the original Complaint) by first name only, as they were identified by first name only in witness testimony and/or exhibits introduced during the criminal trial. They have never self-identified with respect to NXIVM in

{00224511 }

Kohn, Swift & Graf, P.C.  Honorable Eric R. Komitee
Continuation Sheet No. 7  December 17, 2021

the media, social media or any other public outlet. Their individual circumstances are discussed in the Glazer Declaration at paragraphs 12-26.

Daniela, Camila and Adrian are siblings, a fact that is in the public record. However, considerable efforts have been made for years to protect their full identities from disclosure. Their family name was kept out of the record in the criminal proceedings. Counsel have worked with media outlets to prevent public exposure of their family name and the places where they reside, and those efforts have been largely successful. Their full identities were disclosed in two books about NXIVM published exclusively in Mexico and one news article written by the author of one of those books. One publicly accessible blog published their full names until mid-2018 and has reported on NXIVM using only their first names since then, although several anonymous commenters disclosed full names in the comments section in that blog. No other media outlet has fully identified them.

Not only does each of these siblings have strong individual circumstances warranting protection, but there is no way to protect any one of them without protecting all three. In other words, there are no alternative mechanisms for protecting their confidentiality under *Sealed Plaintiff* factor 10. And they deserve that protection. The *Sealed Plaintiff* factors weigh heavily in favor of allowing them to proceed using their first names only. First, as discussed in the Glazer Declaration, their claims involve matters that are highly sensitive and of a personal nature under *Sealed Plaintiff* factor 1. Second, identification of Daniela, Camila, and Adrian beyond their first names poses an ongoing risk of mental harm to them under *Sealed Plaintiff* factor 2. Defendants systematically subjected them to extreme abuses starting when they were teenagers, destroying their entire family in the process. Consequently, they suffered extreme trauma, for which they will likely require therapy for the remainder of their lives. (*See, e.g.,* Glazer Declaration at ¶19). Two members of their family may still be supporting Raniere – their older sister has his child, and their father submitted a bitter, angry letter to the court in support of Raniere at his sentencing, which heaped public scorn on his children in a way no child should have to experience, no matter what his or her age. This is a family very much divided, and Camila, Daniela and Adrian should not have to choose between some vague hope of someday healing divisions within their family or pursuing their claims.

II.   DOS Plaintiffs

Plaintiffs Nicole, Audrey, Amanda and Camila are DOS victims whose identities were shielded from full public disclosure by the court in the criminal proceedings, and they were identified by first name in the FAC. Nicole (formerly Jane Doe 4 in the original Complaint) testified on a first-name only basis at trial. Audrey, Amanda and Camila were identified by first name only in the trial. Several of the Plaintiffs referred to as Jane John Doe herein were only identified by first name in brief passing references.[4] Nicole, Audrey and Camila were identified

---

[4] Although Jane Does 10, 11, 15, and 50 were identified by their first names in the trial, they would like the court to consider permitting them to shield their identities in light of their individual circumstances as set forth in the Glazer

{00224511 }

Kohn, Swift & Graf, P.C.  
Continuation Sheet No. 8

Honorable Eric R. Komitee  
December 17, 2021

victims of charged offenses for which Defendant Raniere was convicted, including sex trafficking, sex trafficking conspiracy and exploitation of a minor. Raniere's co-defendants Lauren Salzman and Allison Mack pleaded guilty to the existence and their roles in the charged racketeering conspiracy and enterprise, and Lauren Salzman allocuted specifically to facts concerning crimes perpetrated against Daniela. While their specific circumstances are set forth in the accompanying Glazer Declaration, these Plaintiffs respectfully submit that the balance of applicable factors and totality of their circumstances weighs heavily in favor of permitting them to proceed without fully identifying themselves.

Each DOS Plaintiff is a victim of sex trafficking and related offenses. "Courts in cases that involve victims of sex traffickers routinely allow plaintiffs, at least at the early stages of the litigation, to proceed under a pseudonym due to the sensitive and intimate nature of their allegations. *See, e.g., Wyndham Hotels*, 2020 WL 4368214, at *10 (explaining in detail why it is appropriate to plaintiff alleging that she was the victim of sex trafficking to use a pseudonym); *H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697, 713 (E.D. Mich. 2020) (same). Additionally, the *Sealed Plaintiff* factors weighs in favor of allowing these plaintiffs to proceed either using their first names or pseudonyms. First, the allegations for the DOS plaintiffs are of a highly sensitive and personal nature. Each was coerced into giving "collateral" that was intended to have cumulative coercive effects over them. They were required to create and provide materials that would be extremely damaging to themselves and others if released. Some were branded, and those "ceremonies" were captured on video and held as additional collateral. Some were required to pose for nude group photographs for Defendant Raniere, which were also added collateral. Some were sexually assaulted or coerced into sexual relationships. "Courts have generally allowed plaintiffs to litigate under pseudonym in cases involving allegations of sexual abuse and assault because they concern highly sensitive and personal subjects." *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 2669, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016). Cumulatively, what the DOS plaintiffs went through tips the scale of anonymity in their favor.

Furthermore, each of them has suffered extreme emotional trauma and harm, which will be exacerbated by revealing their identities, considered under *Sealed Plaintiff* factor 2. These plaintiffs are prepared to demonstrate a causal link between revealing their identities and emotional and mental harm and request that they be given additional time to secure documentation from their medical providers to that effect. *See Doe v. Smith*, 105 F. Supp. 2d 40, 44–45 (E.D.N.Y. 1999) ("Whether or not the plaintiff has the emotional and psychological capacity to pursue this action, even operating under a pseudonym, is a decision for the plaintiff to make, in consultation with her doctors, lawyers, and family."). Third, under *Sealed Plaintiff* factor 3, revealing their identities will generate the same harm that the litigation is seeking to rectify. The DOS plaintiffs all provided highly personal, humiliating collateral and materials that could harm themselves and others and were threatened with the release of that collateral, which has not been recovered. (*See* Glazer Declaration for a description of each person's collateral).

---

Declaration. Jane Does 8 and 9 have never been identified by first name and would also like to continue to shield their identities in light of their individual circumstances as set forth in the attached Glazer Declaration.

{00224511 }

Should their identities be revealed, they will experience the same harm that the release of their collateral would cause, and which this case seeks to redress.

**5.** *Sealed Plaintiff* **Factors 6 and 8 Favor Anonymity**

    I.    Defendants will suffer no prejudice (Factor 6 of *Sealed Plaintiff*)

Defendants of course have a right to know the identities of their accusers, and Plaintiffs have already proposed disclosure of their identities subject to an appropriate protective order. Defendants cannot articulate any possible prejudice if the above-listed Plaintiffs are permitted to proceed in this litigation with their identities partially or full shielded from public disclosure. Indeed, counsel for Defendant Clare Bronfman stated on the record at the November 30 status conference that he did not even need to know the Plaintiffs identities to prepare her motion to dismiss the complaint. (Transcript at pp. 25-26). The parties are at a very early stage in the proceedings. If Defendants can brief and argue their respective motions to dismiss without a need to publicly identify Plaintiffs, then presumably the Court can likewise decide those motions without needing to reference those Plaintiffs by name in an opinion and order. Once the Court decides those motions, the parties will need to hold their Rule 26(f) conference, at which time if there are any discovery-related issues with continuing to protect certain Plaintiffs from public identification, the parties can discuss them and attempt to work out an understanding or mutually agreeable proposal for the Court to consider. Courts have found that no prejudice will result by proceeding under pseudonym at the early stages of a case. *See Lawson v. Rubin*, No. 17- CV-6404 (BMC) (SMG), 2019 WL 5291205 (E.D.N.Y. Oct. 18, 2019) (entering ex parte protective order allowing plaintiffs to proceed pseudonymously until after discovery was completed); *Doe v. Purdue Univ.*, No. 4:18-CV-89-JEM, 2019 WL 1757899, at *3 (N.D. Ind. Apr. 18, 2019) ("Defendants point out the inequity of Plaintiffs proceeding pseudonymously while Defendants suffer harm to their reputations with no option to remain anonymous. That kind of prejudice is present in any case where a plaintiff is anonymous and a defendant is not. Defendants have not argued that there will be more harm to their reputations if Plaintiffs remain unidentified, nor that they would be prejudiced in their defense of the case."); *see also In re Ashley Madison*, 2016 WL 1366616, at *4 ("The Court has balanced Plaintiffs' interest in anonymity against any potential prejudice to [defendant] …. The Court finds the possible injury to Plaintiffs resulting from public disclosure of their identities rises above the level of mere embarrassment or harm to reputation. With respect to any prejudice to [defendant], the Court notes that Plaintiffs have already agreed to provide [defendant] with their names subject to a protective order, thereby alleviating a barrier to defending the case.").

Additionally, no prejudice will result by shielding the Plaintiffs' identities because the Plaintiffs in this litigation, unlike the plaintiffs in *Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) and *Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2021 WL 1738349 (S.D.N.Y. May 3, 2021), are not asserting potentially scandalous claims against celebrities who could suffer costly

damage to their reputations because of this case. Most of the defendants named in this action have already been indicted and/or have pled guilty or were convicted of serious crimes involving

the same subject matter, and they have for years been subjects of intense media scrutiny for their wrongdoings. Their notoriety is not impacted by this litigation, and thus unlike *Fowler*, the public interest in the identities of the plaintiffs is not "magnified" by their celebrity. *See Fowler*,

2021 WL 1738349, at *8 ("Here, [the public] interest is magnified because C.D. has made his allegations against a public figure."). Furthermore, unlike *Shakur*, these twelve plaintiffs' identities and lives have not been known throughout the mainstream press for any period of time. In fact, none of the plaintiffs has freely given a press interview in which they identified themselves and aired their accusations.

Plaintiffs do not contend that the balance the Court strikes at this stage is static or irrevocable. The various competing interests at issue may change over the course of the litigation, and Plaintiffs are well aware that their burden to overcome the presumption in favor of transparency grows heavier as the case approaches trial, which will be in an open court where most, if not all, evidence will need to be presented publicly along with live testimony of witnesses. Even at that stage, there are exceptions that counsel in favor of some protections in some circumstances, but we are not nearly at a juncture where those concerns need be addressed.

II.   The Public's Interest in the Litigation is not Furthered by Disclosure

Under factor 8 of *Sealed Plaintiff*, the public's interest in this case will not be furthered by the disclosure of Plaintiffs' identities. In fact, despite extensive reporting on this case, almost all media outlets have cooperated in protecting the identities of the pseudonymous Plaintiffs thus far, demonstrating a lack of disruption to the public interest in this litigation. Courts routinely find at the early stages of a case, the Plaintiffs' interest in anonymity tends to outweigh the public's interest in transparency. *See Alma v. Noah's Ark Processors, LLC*, No. 4:20CV3141, 2020 WL 7246602, at *2 (D. Neb. Dec. 9, 2020) ("…[T]his case is at an extremely early stage. Given the court's responsibility to weigh the harm to plaintiffs against the need for transparency in litigation, the court finds little harm in allowing the movants to proceed pseudonymously for the present purposes. The court will grant the Moving Plaintiffs' motion to proceed by pseudonym; however, the court reserves the right to readdress this issue should this case proceed to further stages of litigation."); *see also Bird v. Barr*, No. 19-CV-1581, 2019 WL 2870234, at *6 (D.D.C. July 3, 2019) ("In sum, the new facts and arguments presented in the moving plaintiffs' third motion to proceed under pseudonyms have demonstrated that, with the exception of L.M., these plaintiffs' significant interests in maintaining their anonymity at this early stage in the litigation are sufficient to overcome the general presumption in favor of open proceedings."); *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 595 (E.D. Cal. 2008) ("The Court finds that Applicants have established that at this early stage of litigation, the Eight Anonymous Plaintiffs' need for anonymity outweighs the public's interest in knowing their identities."); *Chang v. Republic of S. Sudan*, No. CV 21-1821, 2021 WL 2946160, at *2 (D.D.C. July 9, 2021) ("At this

{00224511 }

Kohn, Swift & Graf, P.C.                                                                                  Honorable Eric R. Komitee
Continuation Sheet No. 11                                                                                       December 17, 2021

early stage of the litigation, this Court is persuaded that plaintiffs have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.").

Finally, this Court has considerable discretion in evaluating the Plaintiffs' circumstances, including in deciding which Sealed Plaintiff factors are relevant and how much weight to give them, and what other circumstances unique to this case may be relevant. *See United States v. Pilcher*, 950 F.3d 39, 42 (2d Cir. 2020) ("Sealed Plaintiff set forth a balancing test under which courts should weigh 'the plaintiff's interest in anonymity' against 'both the public interest in disclosure and any prejudice to the defendant' and noted with approval the following ten 'non-exhaustive' factors that courts could consider when assessing a party's request to proceed with a pseudonym[.]…"); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404–05 (S.D.N.Y. 2019) ("In considering a motion to proceed anonymously, "[t]he interests of both the public and the opposing party" should be taken into account by way of a series of non-exhaustive factors promulgated in Sealed Plaintiff [.]…").

The *Sealed Plaintiff* factors are a non-exhaustive list meant to guide courts in balancing various interests, but they are not a scorecard. "Many federal courts of appeal and numerous district courts have addressed the issue [of when a pseudonym may be used] … These courts have held that a totality-of-the-circumstances balancing test must be used when deciding whether a party can sue under a pseudonym; in other words, the court must ascertain whether the plaintiff, 'has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings.'" *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (citing *Sealed Plaintiff* among others); *see also Doe v. Colgate Univ.*, No. 515CV1069LEKDEP, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016) ("When evaluating a request to file an action anonymously, courts in the Second Circuit are instructed to balance the following non-exhaustive list of factors[.]…"); *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019) ("A court that fails to consider … one of the ten enumerated factors from the Second Circuit's list [in *Sealed Plaintiff*] therefore does not automatically abuse its discretion, as long as it has considered the factors relevant to the case before it.").

In this case, there are only twelve Plaintiffs who continue to seek leave to partially or fully shield their identities at this stage in the litigation. They have already been severely traumatized and still struggle with that trauma. Their circumstances involve highly sensitive information, including specifics about collateral that could traumatize them and damage third-parties. They have avoided publicly identifying themselves and have undertaken considerable efforts to keep their full identities out of the public domain. And for the most part, they have been successful. While some have been identified on an internet site, one would have to first know their names and association with NXIVM to find those references through an internet search engine. They fear more than generalized or hypothetical consequences should they be required to now identify themselves. They have particularized concerns that are supported by their individual circumstances, as set forth in the Glazer Declaration. Plaintiffs respectfully

Kohn, Swift & Graf, P.C.  Honorable Eric R. Komitee
Continuation Sheet No. 12  December 17, 2021

submit that at this juncture, these Plaintiffs should be permitted to continue protecting their privacy and that of those closest to them.

                                      Respectfully Submitted,

                                      Neil L. Glazer

NLG/csm

{00224511 }