UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
EDMONDSON *et al.*,

                              Plaintiffs,        **MEMORANDUM AND ORDER**

          -against-                                      20 CV 485 (EK) (CLP)

RANIERE *et al.*,

                              Defendants.
-------------------------------------------------------------- X
**POLLAK**, United States Magistrate Judge:

On January 28, 2020, plaintiffs[1] filed this action against Keith Raniere and others ("defendants"),[2] alleging a variety of claims that are based on events that occurred while plaintiffs were members in defendants' "criminal Enterprise," NXIVM. (See ECF No. 1).[3] On February 25, 2022, plaintiffs filed a Second Amended Complaint against the defendants,

---

[1] References to "plaintiffs" include Sarah Edmondson, Toni Natalie, Jane Does Nos. 8 and 9, Mark Vicente, Jessica Joan Salazar, Nicole, Daniela, Camila, India Oxenberg, Bonnie Piesse, Tabitha Chapman, Ashley McLean, Anthony Ames, Maja Miljkovic, Charlotte, Allison Rood, Lindsay MacInnis, Owen Giroux, Elham Menhaji, Ariella Menashy, Warne Livesey, Katie Shaw, Tanya Hubbard, Soukiana Mehdaoui, Nils MacQuarrie, Philip Akka, Yan Huang, Veronica Jaspeado, Susan Pratt, Sarah Wall, Chad Williams, Rod Christiansen, Anthony Madani, Ken Kozak, Shayna Holmes, Isabella Constantino, Margot Leviton, Susan Wysocki, Jennifer Kobelt, Caryssa Cottrell, Andrea Hammond, Jeffrey Goldman, Adrian, Valerie, Rosalyn Cua, Madeline Carrier, Deanne Brunelle, Kristin, Sara Lim, Stephanie Fair-Layman, Scott Star, Brieanna Fiander, Alejandro Balassa, Kayla Grosse, Michelle Neal, Gabrielle Gendron, Ashley Harvey, Palema Cooley, Susan Patricia Vieta, Polly Green, Karla Diaz Cano, Rachel, Paloma Pena, Christopher Black, Robert Gray, Rees Alan Haynes, Adrienne Stiles, Hannah Vanderheyden, and Juliana Vicente. (ECF No. 1). Several other plaintiffs, while included in the initial Complaint, have been terminated at various points in the litigation. (See, e.g., ECF Nos. 148-150, 154-55).

[2] References to "defendants" include Keith Raniere, Nancy Salzman, Clare Bronfman, Sara Bronfman, Lauren Salzman, Allison Mack, Kathy Russell, Karen Unterreiner, Dr. Brandon Porter, Dr. Danielle Roberts, Nicki Clyne, NXIVM Corporation, Executive Success Programs, Inc, Ethical Science Foundation, and First Principles. (ECF No. 1).

[3] Plaintiffs filed an Amended Complaint on August 13, 2021. (See ECF No. 46). Since plaintiffs subsequently filed a Second Amended Complaint on February 25, 2022, as Ordered by Judge Komitee on February 17, 2022 (see ECF No. 152), the Court will refer to the allegations contained in the Second Amended Complaint.

asserting sixteen separate counts, including sex and human trafficking, forced labor, peonage, malicious abuse of legal process, conspiracy, "unauthorized human research," battery, intentional infliction of emotional distress, negligence, negligence *per se*, gross negligence, and failure to report rape or other sexual assaults, as well as claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(d) and 1964(c). (See Sec. Am. Compl.[4]).

On October 29, 2021, plaintiffs filed a letter motion seeking leave to take discovery prior to a Rule 26(f) conference. (See Mot.[5] at 1). Specifically, plaintiffs seek permission to serve a Rule 45 subpoena on non-party Suneel Chakravorty, who is alleged to have nude photos of plaintiffs and other individuals that joined defendant NXIVM. (Id.) During a status conference on November 30, 2021, the Honorable Eric R. Komitee referred plaintiffs' motion to this Court, staying all other discovery pending resolution of defendants' anticipated motions to dismiss. (See ECF No. 120).

For the reasons set forth below, the motion to take discovery prior to the Rule 26(f) conference is granted with modifications as set forth below.

## FACTUAL BACKGROUND

As the Second Amended Complaint spans more than 200 pages and contains 936 paragraphs, this Court will only refer to the Counts and allegations that are pertinent to this motion. (See Sec. Am. Compl.).

Plaintiffs' claims "arise out of their involvement with NXIVM Corporation," which allegedly sold "personal improvement and professional development training programs." (Id. ¶¶

---

[4] Citations to "Sec. Am. Compl." refer to the Amended Complaint, filed Feb. 25, 2022, ECF No. 159.
[5] Citations to "Mot." refer to plaintiffs' letter motion for a third-party subpoena prior to a Rule 26(f) conference, dated Oct. 29, 2021, ECF No. 100.

2

1-2).[6] Plaintiffs allege that one such program was called "DOS," which was marketed as an "all-female group" offering "one-on-one mentorship." (Id. ¶¶ 20-21). Plaintiffs allege that, in order to join and learn more about DOS, they were required at various times to provide evidence of their trustworthiness. This evidence, referred to as "collateral," included, among other things, nude photos or videos. (Id. ¶¶ 22-24, 102, 113, 124-25, 135, 144, 152, 160, 168, 176, 184-85, 191, 435, 581, 665, 713-14, 739, 744-45, 796-97). They were also required to provide such collateral every month that they were part of the group. (Id. ¶ 24). The collateral was used to ensure that DOS participants complied with the group leaders' demands; participants feared that if they did not comply, their collateral would be released to the public. (Id. ¶¶ 23, 30-31, 125-26, 135, 137, 718, 745, 799).

The allegations most relevant to the issues raised in this motion are plaintiff Camila's claim that defendant Keith Raniere took "lewd, pornographic photographs" of her beginning when she was 15 years old and that he later demanded that she begin providing collateral. (Id. ¶¶ 86, 581). The Complaint alleges that the nude photographs taken as collateral, including those at issue on this motion, were used to coerce plaintiffs as part of their membership in defendants' organization, NXIVM. (See id. ¶ 799 (alleging "collateral" used as part of sex trafficking)). Plaintiffs Edmondson, Jaspeado, and Pena, among others, also allege that, at various points, they requested that their collateral be returned, but those requests were denied. (Id. ¶¶ 105, 145, 154, 162, 178, 185, 436). Plaintiffs allege that defendants Clare Bronfman and Keith Raniere

---

[6] NXIVM is no longer operational, as its founder and creator, defendant Raniere, was found guilty of sex trafficking, racketeering, and possession of child pornography, among other charges, and subsequently sentenced to 120 years in prison. See United States v. Raniere, No. 18 CR 204, ECF No. 733 (E.D.N.Y. June 19, 2019); Nicole Hong & Sean Piccoli, Keith Raniere, Leader of Nxivm Sex Cult, Is Sentenced to 120 Years in Prison, N.Y. TIMES (Oct. 27, 2021), https://www.nytimes.com/2020/10/27/nyregion/nxivm-cult-keith-raniere-sentenced.html.

received these "desperate pleas for the return" of the collateral. (Id. ¶ 665). Plaintiffs further cite to defendants Lauren Salzman's and Allison Mack's guilty pleas, in which they state that they received collateral. (Id. ¶¶ 764, 766).

In the pending motion filed by plaintiffs requesting the issuance of a non-party subpoena, plaintiffs seek to compel Mr. Chakravorty, who is alleged to be "a former NXIVM member and associate of Defendant Raniere," to produce certain photographs that he has obtained of plaintiff Camila. (Mot. at 1). Plaintiffs assert that Chakravorty has gained access to, and has shared, some of the aforementioned collateral, specifically that of plaintiff Camila.[7] (Id. at 2). As the basis for their motion, plaintiffs state that they were "recently informed that Mr. Chakravorty shared these images" with others. (Id.) They note that they do not know how he obtained these images, nor are they aware of whether he has access to other collateral but speculate that he might have access because he resides with defendant Nicole Clyne, another former member of NXIVM. (Id.) Plaintiffs represent that the photographs at issue in this motion are not the photographs of Camila that were taken when she was a child, although those photographs are the subject of claims against defendant Raniere. (Sec. Am. Compl. ¶¶ 891, 900 (alleging, *inter alia*, violations of the New York Child Victims Act, N.Y. C.P.L.R. § 214-g against defendant Raniere for "possessing visual depictions of a minor engaging in sexually explicit conduct")). Instead, plaintiffs state that the photographs of concern are those taken of Camila "when she was an adult" for use as collateral. (Mot. at 2).

---

[7] Although plaintiffs acknowledge that there was a motion before the Honorable District Judge Nicholas G. Garaufis regarding the underage photos of plaintiff Camila that were evidence in Raniere's criminal trial, plaintiffs state that they instead seek the "nude images of Camila taken when she was an adult" which were used as collateral. (Mot. at 2; see United States v. Raniere, No. 18 CR 204, Electronic Order, dated Oct. 14, 2021). Plaintiffs assert that these images are not the subject of the motion that was before Judge Garaufis. (Mot. at 2).

4

Plaintiffs argue that these photographs and other collateral are "significant evidence in this action" and "the mere possibility of its dissemination is a continual source of anxiety and trauma for all DOS" participants. (Id.) Plaintiffs contend that, without the subpoena, there is a "high risk that [the photographs] . . . may be transferred to others or destroyed." (Id. at 2). Further, they argue that "the proposed discovery may provide a basis for injunctive relief regarding the storage, safeguarding and ultimate disposition of this highly sensitive material." (Id.)

Plaintiffs seek an Order authorizing plaintiffs to issue a subpoena demanding:

a. Copies of all images of Camila and "any other woman" who was ever a member of DOS that are within Mr. Chakravorty's possession, custody or control;

b. A bit-for-bit copy of any computer or storage device within Mr. Chakravorty's possession, custody, or control that contains or ever contained these images;

c. Identification of cloud storage services for the same;

d. Every communication concerning the images;

They also seek an Order requiring Chakravorty to provide a sworn affidavit identifying:

e. The individuals he showed, transmitted, or transferred the images to, as well as the means of transmission;

f. The individuals who showed, transmitted, or transferred the images to him, as well as the means of transmission;

g. Every individual who he knows or has reason to believe has the images in their possession, custody, or control, and identifying the location and media storage device.

(Id. at 3). Plaintiffs also request that access to the aforementioned discovery be restricted to plaintiffs and Mr. Chakravorty until a protective Order is issued.[8] (Id.)

---

[8] The Court notes that a Protective Order was issued in the criminal case. (See United States v. Raniere, No. 18 CR 204, ECF Nos. 39, 85, 990, 1001, 1060). The Protective Order prevents "Victim Discovery Material," which includes "photographs and videos of victims, letters and videos that alleged

5

On October 30, 2021, Mr. Chakravorty sent a notarized letter to Judge Komitee in response to plaintiffs' motion. (See Chakravorty Ltr.[9]).[10] He asserts that he does "possess redacted nude photos [where the breasts and genitals are blurred] of a 27-year-old Camila, taken in 2017," but states that the unredacted versions, or versions in which Camila's breasts and genitals are visible, which he does not have, "were not collateral." (Id. at 1). He states that the photo is to be used as evidence in defendant Raniere's criminal trial but, according to Mr. Chakravorty, are "not to be otherwise disseminated." (Id.) Additionally, he argues that he does not possess, nor has he ever had, "any hard drive, or copy thereof, from the criminal case." (Id.) Lastly, he notes that he would be happy to provide the redacted photos to the Court, *ex parte* or under seal. (Id.)

While there are numerous defendants in this case, only defendant Clare Bronfman filed a response to plaintiffs' request for a subpoena.[11] (See C. Bronfman Resp.[12]). Defendant Bronfman asserts that the material sought is not relevant, plaintiffs have not shown "good cause" as required before a party can seek discovery prior to a Rule 26(f) conference, and that plaintiffs' request is "largely based on rumor and speculation." (Id.) Bronfman also notes that plaintiffs

---

victims provided as 'collateral,'" from being used for any purpose other than "preparing and defending" the criminal case. (See ECF No. 1060, ¶¶ 1, 4). The Court has not entered a protective Order at this time here, because the parties stated on February 25, 2022 that they plan to file a "stipulated comprehensive protective order governing the designation, handling and disclosure of confidential materials" after the decision on the motions to dismiss is rendered. (See ECF No. 160).

[9] Citations to "Chakravorty Ltr." refer to Mr. Chakravorty's letter, dated Oct. 30, 2021, filed Dec. 1, 2021, ECF No. 123.

[10] Mr. Chakravorty's letter raises several other issues regarding defendant Raniere's criminal trial which do not have any bearing on the present motion, including allegations that the FBI falsified data. (See Chakravorty Ltr. at 2-3).

[11] Although the Court notes that Bronfman's standing to contest the third-party subpoena is in question, see United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016), it finds some of Bronfman's reasoning relevant and therefore has addressed her arguments against issuance of the subpoena.

[12] Citations to "C. Bronfman Resp." refer to defendant Bronfman's letter in response to plaintiff's October 29, 2021 letter, dated Nov. 4, 2021, ECF No. 110.

appear to suggest that "the materials [they] seek have been in existence and known to [p]laintiffs for years—without broad dissemination or destruction." (Id.) Lastly, defendant argues that plaintiffs' request is not "reasonable under the circumstances," citing, in particular, plaintiffs' request that the discovery be provided only to plaintiffs. (Id. at 2).

DISCUSSION

A. Pre-Conference Discovery Standard

Under Federal Rule of Civil Procedure 26(d)(1), a party is precluded from seeking discovery from any source prior to a Rule 26(f) conference. However, the Federal Rules provide that a party may engage in discovery before the Rule 26(f) conference if authorized by a court order. Fed. R. Civ. P. 26(d)(1). When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts generally apply a "flexible standard of reasonableness and good cause." Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting Ayyash v. Bank AL-Madina, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)).

B. Analysis

Information sought pursuant to expedited discovery must lead to other defendants or be relevant to the claims at issue.[13] North Atl. Operating Co. v. Evergreen Distributors, LLC, 293

---

[13] The Court notes that it has considered the breadth of plaintiff's request, as other courts have when assessing the reasonableness of expedited discovery requests. See New York by Schneiderman v. Griepp, No. 17 CV 3706, 2017 WL 3129764, at *2 (E.D.N.Y. July 20, 2017) (granting expedited discovery where request "limited to documents that [p]laintiff intends to use at the preliminary injunction hearing"); Raza v. City of New York, 998 F. Supp. 2d 70, 74 (E.D.N.Y. 2013) (noting the "breadth" of the request when denying plaintiffs' motion for records relating to "all Muslim individuals and organizations, and relating to all non-Muslim individuals and organizations," if the surveillance of the non-Muslim individual or group was based on its "religious speech, beliefs, practices, and activities"). Although, plaintiffs' request is broad in that they seek copies of the collateral of "any other woman" who was a member of DOS, (Mot. at 3), Mr. Chakravorty represents that he possesses only one photograph that would potentially be responsive to plaintiff's request. (Chakravorty Ltr. at 1). Regardless of how much responsive information Mr. Chakravorty possesses, since the Court is Ordering that any responsive

7

F.R.D. 363, 366 (E.D.N.Y. 2013) (denying leave for expedited discovery from third party where only "vague reference" to information sought in complaint and "no evidence" that information would lead to discovery of other defendants). Plaintiffs essentially request two sets of information from Mr. Chakravorty: any photographs that could be considered collateral and information related to the distribution of the photographs. (Mot. at 3). Here, the claims dealing with the collateral are that the collateral was used as part of defendants' sex trafficking scheme. (See Sec. Am. Compl. ¶¶ 799, 891, 900, 928). Thus, any photographs that would be considered collateral would certainly be relevant to plaintiffs' claims insofar as they would provide support for plaintiffs' argument that the collateral "prevent[ed] victims and witnesses from reporting or cooperating in investigations into [d]efendants' sex trafficking." (See id. ¶ 799). Further, the information surrounding the transmission or receipt of any collateral possessed by Mr. Chakravorty would potentially lead to other defendants; if an individual is found to possess collateral, they may be implicated in defendants' alleged sex trafficking scheme and may be appropriate defendants in this action. It also does not appear that plaintiffs have any "alternate means of investigating the named individuals or entities" because they are seeking the identity of any individuals who were "shown, transferred or transmitted" any photographs Mr. Chakravorty possesses. (Mot. at 3). These reasons all weigh in favor of requiring Mr. Chakravorty to produce that information. See North Atl. Operating Co. v. Evergreen Distributors, LLC, 293 F.R.D. at 266.

Additionally, a plaintiff requesting expedited discovery must provide a "basis for the Court to reasonably conclude that [] the individual[s] . . . [plaintiffs] seek[] to subpoena have the

---

materials be produced to the Court for *in camera* review, the Court will be able to safeguard any individuals' rights, regardless of whether they are a party to this action.

information" sought. Pietsch v. Police Officer Vito Marcantonio, No. 13 CV 4696, 2016 WL 1069656, at *4 (E.D.N.Y. Mar. 16, 2016) (rejecting request for expedited discovery where, although plaintiff sought information that would help him to ascertain "the true identity of defendant," there was no evidence that the subpoenaed individuals would have that information); see Mirza v. Doe #1, No. 20 CV 9877, 2021 WL 2581421, at *2 (S.D.N.Y. June 23, 2021) (rejecting request for expedited discovery as unreasonable and stating that the plaintiffs did not provide "any evidence explaining who or what the third-parties are or the basis for believing that third parties may have any information concerning" the litigation at hand).

Here, plaintiffs have proffered little evidence that Mr. Chakravorty is in possession of additional collateral other than the photo he admits to possessing. They state only that they were "recently informed" that Mr. Chakravorty had shared what is alleged to be collateral with another individual, but they provide no affidavits or other evidence that would allow this Court to determine whether Mr. Chakravorty (1) is in possession of the collateral as alleged or (2) actually disseminated the photographs. (Mot. at 2). However, Mr. Chakravorty acknowledges that he possesses a photograph of Camila, although in "redacted" form, which he claims is not collateral. (Chakravorty Ltr. at 1). Whether or not the photograph is "collateral" is a fact issue to be decided by the jury, but the Court concludes that Mr. Chakravorty has at least some of the information sought by plaintiffs.

Thus, although plaintiffs have not provided a particularly strong basis for believing that Mr. Chakravorty has additional collateral, Mr. Chakravorty has admitted to possessing at least one potentially responsive photograph. Even though he insists that the photograph is not "collateral," the Court grants plaintiffs' motion to the extent that Mr. Chakravorty is Ordered to produce any photographs and communications concerning the images in his possession to the

9

Court for *in camera* inspection.  Further, Mr. Chakravorty is Ordered to submit a sworn affidavit setting forth that he does not possess any additional photographs beyond the photograph he admits to possessing, if that is the case, and providing the names of individuals who provided or were in turn sent copies of the photographs, including the photograph that he currently admits to possessing.  The Court's Order is not limited to the photograph that Mr. Chakravorty admits possessing of plaintiff Camila.  If there are additional photographs of DOS members, regardless of whether they are plaintiffs to this action, Mr. Chakravorty is Ordered to produce the images and the associated information for *in camera* inspection.

Although plaintiffs request that the information be provided directly to them because they may move for "injunctive relief regarding the storage, safeguarding and ultimate disposition of this highly sensitive material," (Mot. at 2), the Court denies that request at this time.  Following *in camera* inspection, the Court will evaluate whether either plaintiffs, defendants, or both, should receive the information prior to the decision on defendants' motion to dismiss.

## CONCLUSION

Accordingly, after reviewing the parties' and Mr. Chakravorty's submissions, the Court concludes that good cause exists to permit plaintiffs' requested subpoena prior to the Rule 26(f) conference, and therefore grants plaintiffs' motion with modification.  Mr. Chakravorty is Ordered to produce any photographs in his possession and submit a sworn Affidavit setting forth any information regarding their transmission to the Court for *in camera* review by <u>April 25, 2022</u>.  Plaintiffs are Ordered to serve a copy of this Order on Mr. Chakravorty and file proof of service on the docket by <u>March 28, 2022</u>.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: March 24, 2022
       Brooklyn, New York

*Cheryl L. Pollak*
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York