```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK


------------------------------X
                              :
SARAH EDMONSON, et al.,       :
                              :     20-CV-485 (EK)(CLP)
            Plaintiff,        :
                              :     May 5, 2022
         V.                   :     Brooklyn, New York
                              :
KEITH RANIERE, et al.,        :
                              :
            Defendant.        :
------------------------------X

         TRANSCRIPT OF CIVIL CAUSE FOR MOTION HEARING
            BEFORE THE HONORABLE CHERYL L. POLLAK
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:         NEIL GLAZER, ESQ.
                           Kohn Swift & Graf P.C.
                           1600 Market Street, Ste 2500
                           Philadelphia, PA 19103

For the Nonparty:          DEBORAH BLUM, ESQ.




Court Transcriber:         ARIA SERVICES, INC.
                           c/o Elizabeth Barron
                           274 Hovey Road
                           Milo, ME 04463
                           Aria@leinen.net

Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

```
 1              THE CLERK:  Edmonson, et al. v. Raniere, et
 2   al., case number 20-CV-485.  For the record, it is May
 3   5th, 2022 at 12:20 p.m., and this is a civil cause for
 4   motion hearing.
 5              Counsel, please state your appearances for
 6   the record.
 7              MS. BLUM:  Deborah Blum, Deborah J. Blum,
 8   Esq., 225 Broadway, Suite 715, New York, New York,
 9   appearing on behalf of nonparty Suneel Chakravorty.
10              MR. GLAZER:  Neil Glazer from the law firm
11   of Kohn Swift & Graf, counsel for the plaintiffs.
12              THE COURT:  Is that everyone?
13              MS. HORTON:  Sarah Horton, Wilke Farr &
14   Gallagher, for Clare Bronfman, but not involved in the
15   issue.
16              MS. AUFHAUSER:  Anne Aufhauser from Fried,
17   Frank, Harris, Shriver & Jacobson for Sara Bronfman,
18   similarly not involved in the issue.
19              THE COURT:  Is that everyone?
20              MS. BLUM:  Yes, and my client is also on the
21   line.
22              THE COURT:  Okay, I'm sorry.  Would you just
23   state your name before you speak since I can't see you
24   and we're recording this.
25              MS. BLUM:  Yes, my apologies.  This is
```

```
 1  Deborah Blum.  My client is also on the line.
 2              THE COURT:  Okay.  I asked for this
 3  conference because we have this issue relating to the
 4  subpoena for certain photographs allegedly held by Mr.
 5  Chakravorty.  Counsel submitted an affidavit to the
 6  Court along with photographs for in-camera review.
 7  I've looked at the affidavit and the photographs and I
 8  guess my question is whether or not there's any
 9  objection to providing the affidavit and the redacted
10  photographs to the parties.
11              MS. BLUM:  That's something that I need to
12  speak with my client about.  Would you permit me a
13  little time to discuss that with him or is that
14  something you would like the answer to now?
15              THE COURT:  Well, I mean, I kind of expected
16  that you would have talked about this before today
17  because you submitted the affidavit to the Court.  I
18  mean, how much time do you need?
19              MS. BLUM:  I apologize.  I think I
20  misunderstood the Court's order.  I thought that it was
21  going to be my client and I.  I didn't realize it was
22  going to be other parties.  I'm not saying I object to
23  that.  I actually thought that maybe your Honor was
24  going to have some questions for us.  Let me ask him
25  right now and then I will let you know.
```

```
 1                THE COURT:  Okay.  If you want to hang up
 2   and call him separately and then dial back in, that's
 3   fine.
 4                MS. BLUM:  Okay.  I have spoken -- I've
 5   communicated with my client and we are fine with the
 6   affidavit and redacted photos being submitted but there
 7   are certain things that we would like to redact from
 8   the affidavit, specifically the names of the
 9   individuals that were listed that the photographs were
10   provided to, the limited redacted and annotated
11   photographs.
12                THE COURT:  And the reason for this?
13                MS. BLUM:  We thought that we were
14   submitting this in camera to respond to your Honor's
15   order and we believe that we fully compiled with it.
16   My client was in agreement to give it to your Honor,
17   which he told you himself through his own affidavit,
18   and then we provided it.  We feel that for their
19   protection and privacy, we do not want this information
20   to be disseminated.  I don't have any -- this is my
21   first time appearing in this action.  I'm not fully
22   familiar with the prior history but my client is
23   concerned that there could be actions taken that would
24   be disfavorable as a result of providing the names.
25                THE COURT:  Okay.
```

```
 1                MS. BLUM:  I understand that --
 2                THE COURT:  One of the things that I
 3   suggested -- one of the things that I would suggest is
 4   that the parties enter into a confidentiality order
 5   that would prohibit -- you could mark the affidavit or
 6   portions of the affidavit as confidential, and then it
 7   would be disclosed only to counsel and whoever else you
 8   negociate in terms of the confidentiality order, if
 9   that's a concern.
10                I guess let me ask plaintiffs' counsel
11   because I believe you were the ones who subpoenaed the
12   -- who asked for the photographs, you know, if you
13   have (ui) at this point.
14                MR. GLAZER:  Yes, your Honor.  We're
15   amenable to discussing the issue with Mr. Chakravorty's
16   counsel.  The affidavit will be of limited utility if
17   we can't see what's in it so we're happy to discuss
18   with Ms. Blum an appropriate, narrow protective order
19   that would protect the information that her client
20   wishes to keep confidential.
21                THE COURT:  Okay.  I'm going to ask you to
22   do that.  I'm going to ask you to meet and confer and
23   let me know in two weeks where you stand on this, okay?
24                MS. BLUM:  Yes.
25                THE COURT:  A joint letter would be great.
```

```
 1  I'm hoping that you can work this out amongst
 2  yourselves, all right?
 3              MR. GLAZER:  Yes, your Honor.
 4              MS. BLUM:  Thank you.
 5              THE COURT:  Since I do have counsel on the
 6  phone right now, where are we in terms of the rest of
 7  the case?
 8              MR. GLAZER:  Currently, there are five
 9  motions to dismiss that have been fully briefed and
10  filed per Judge Komitee's bundling rule, so that's
11  pending decision.  The remainder of the discovery other
12  than this is currently stayed.
13              THE COURT:  Okay, and he stayed it.
14              MR. GLAZER:  Yes, he stayed it.  He did
15  leave us -- he did allow us an opportunity if we want
16  to -- if we feel there's a need to come back to the
17  Court to ask for additional narrowly-tailored discovery
18  around this particular issue.  But until we discuss the
19  protective order with Mr. Chakravorty's counsel and
20  sort that out, this is the only thing that's out there.
21              THE COURT:  Okay, perfect.  So I'll give you
22  two weeks to confer and submit a report or if you agree
23  on a confidentiality order, you can just submit that
24  with the report as well, okay?
25              MR. GLAZER:  Thank you, your Honor.
```

THE COURT: All right, thank you, everyone.

MS. BLUM: Thank you.

* * * * * * *

18    I certify that the foregoing is a correct
19 transcript from the electronic sound recording of the
20 proceedings in the above-entitled matter.

*[signature]*

25 ELIZABETH BARRON                           May 27, 2022