UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x :
EDMONDSON, *et al.*; : CIVIL ACTION
 :
          Plaintiffs, : NO. 1:20-CV-00485 (ERK) (CLP)
v. :
 :
RANIERE, *et al.*; :
 :
          Defendants. :
---------------------------------------------------------------x :

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate to the following Order to protect the confidentiality of information in the above-captioned Action produced by Suneel Chakravorty, a non-party to this litigation (the "Producing Non-Party"):

1. "Discovery Materials" means documents and other tangible things (including affidavits and photographs), and testimony produced or provided to the Court or the Parties by Counsel for the Producing Non-Party. The protections conferred by this Order apply to Discovery Materials submitted to the Court by the Producing Non-Party in response to the March 24, 2022 Order (ECF No. 164).

2. "Party" or "Parties" shall mean the Plaintiffs and Defendants in this Action.

3. "Confidential Information" means (a) all photographs in any form or format containing images of members of DOS, and (b) information in other Discovery Materials that is specifically designated by the Producing Non-Party as Confidential Information. The designation of Confidential Information must be narrowly tailored to address the confidentiality interests at issue, in accordance with paragraph II.B.1 of Judge Komitee's Individual Rules and Practices. Nothing in this Order shall be construed to permit the Producing Non-Party to redact any

Confidential Information from Discovery Materials furnished to the Parties' Counsel, if the Party is represented, or to the Party, if that individual is not represented by counsel.

4. "Authorized Person" means a person described in Paragraph 7 below.

5. Discovery Materials subject to this Order shall be used solely for the purposes of litigating this Action. Every person with custody of Discovery Materials containing Confidential Information shall maintain such materials in a manner that ensures that access is strictly limited to persons entitled to receive or possess Confidential Information in accordance with Paragraph 7 of this Order.

6. Designations should be made at the time of furnishing the discovery. Documents containing information designated as Confidential Information shall be stamped by the Producing Non-Party with the words "Confidential Information" at the top each page containing information so designated. When producing any document containing designated Confidential Information, the Producing Non-Party shall furnish to the authorized persons set forth in Paragraph 7 the unredacted document bearing the "Confidential Information" stamp on each page containing Confidential Information, and a copy of such document with proposed redactions of the designated Confidential Information along with a written explanation of the reasons for each proposed redaction sufficient to enable the Parties to comply with all requirements for filing documents under seal.

7. Confidential Information shall be disclosed only to the Court, the Court's staff, court reporters in this Action, and to the following Authorized Persons:

(A) Counsel to the Parties and employees of counsel to the Parties with direct functional responsibility for the preparation and trial of this Action;

(B) The Parties in this Action subject to the terms of Paragraph 8;

    (C) Experts and consultants retained by the Parties for purposes of litigating this Action subject to the terms of Paragraph 8; and

    (D) Deposition witnesses subject to the terms of Paragraph 8.

  8. Except for Counsel to the Parties and such Counsel's employees, all Authorized Persons must read this Stipulation and Order and sign Attachment A hereto prior to receiving Confidential Information.

  9. A Party shall not be obligated to challenge the propriety or scope of the designation of Confidential Information at the time designation is made, and failure to do so shall not preclude a later challenge thereof.

  10. Documents containing Confidential Information, including memorandums of law or exhibits thereto, shall be filed in accordance with the procedures for filing documents under seal or in redacted form set forth in paragraph II.B of Judge Komitee's Individual Rules and Procedures and the Court's instructions for e-filing documents under seal.  In offering a basis for proposed redactions of Confidential Information, the filing Party may rely solely on the written explanation provided to the Parties by the Producing Non-Party.  If a memorandum or other document refers to an exhibit that contains Confidential Information, but does not disclose that Confidential Information, the exhibit shall be filed in accordance with the Court's procedures for filing and redacting sealed documents.  No Party is required to provide the Producing Non-Party with advance notice before filing a motion or document containing or referring to Confidential Information.

  11. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

12. If, prior to the lifting of the discovery stay in this action, a Party wishes to take additional discovery from the Producing Non-Party related to the photographs and affidavit submitted by the Producing Non-Party to the Court, that Party must first obtain permission from the Court pursuant to Federal Rule of Civil Procedure 26(d)(1).

13. Nothing in this Order shall be construed to prohibit Plaintiffs, the Producing Non-Party, or Defendants from seeking additional modifications of the Order if there is a good faith, valid basis for doing so.

14. Upon the termination of this Action, every Party or Authorized Person who has received documents disclosing Confidential Information shall return all copies of such documents to the Producing Non-Party. In lieu of returning such materials, an Authorized Person may provide a certification that all such copies have been destroyed.

IT IS SO ORDERED. _____June 13_____, 2022

*Cheryl L. Pollak*
HONORABLE CHERYL L. POLLAK,
CHIEF MAGISTRATE JUDGE


Dated: June 9, 2022

| | |
|---|---|
| */s/ Neil L. Glazer* | */s/ Deborah J. Blum* |
| Neil L. Glazer | Deborah J. Blum |
| Kohn, Swift & Graf, P.C. | Deborah J. Blum, Esq. |
| 1600 Market Street, Suite 2500 | 225 Broadway, Suite 715 |
| Philadelphia, PA 19107 | New York, NY 10007 |
| Telephone: (215) 238-1700 | Telephone: (646) 535-2586 |
| Facsimile: (215) 238-1968 | Facsimile: (212) 409-8279 |
| | |
| *Counsel for Plaintiffs* | *Counsel for Suneel Chakravorty* |

| | |
|---|---|
| */s/ Nicole Clyne* <br> Nicole Clyne <br> 1072 Bedford Ave. #87 <br> Brooklyn, NY 11216 | */s/ Dr. Danielle Roberts* <br> Danielle Roberts <br> 4120 S. Lake Dr. <br> St. Francis WI 53235 |
| */s/ Brandon B. Porter* <br> Brandon B. Porter <br> P.O. Box 1102 <br> 500 W. Hickman Road <br> Waukee, IA 50263 | |

# EXHIBIT A

## PROTECTIVE ORDER CERTIFICATION

I hereby certify that I have read the foregoing Protective Order.  I further certify that I understand the terms of this Protective Order and agree to be bound thereby.  I understand that access to information designated "Confidential Information" may be provided to me and that such access is pursuant to the terms of the Stipulated Protective Order.  I agree not to further disclose Confidential Information to any other person, except to my employees and staff working on this matter, whom I will instruct to keep such information confidential.  I further acknowledge that any violations of this Protective Order by me or by my staff may subject me to sanctions by the Court entering this Protective Order, including but not limited to attorneys fees and damages for actual harm caused.  I submit to the personal jurisdiction of the Court solely with respect to enforcement of the terms of this Protective Order.  I agree to return or destroy all Confidential Information, and summaries, abstracts and exerpts thereof, when instructed to do so by the Party who furnished such information to me.

Dated: _____        _____
                                    Name
                                    _____
                                    Title And Company
                                    _____
                                    Address

{00229484 }