UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SARAH EDMONDSON, et al.,

        Plaintiffs,

  v.

KEITH RANIERE, et al.,

        Defendants.

20-CV-485-ERK-CLP

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................1
FACTUAL BACKGROUND ..............................................................................................2
ARGUMENT .......................................................................................................................3
I.     PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT
      SHOULD BE DENIED AS FUTILE ........................................................................3
          A.     THE PROPOSED THIRD AMENDED COMPLAINT VIOLATES RULE
               8.................................................................................................................4
          B.     THE NEW ALLEGATIONS IN THE PROPOSED THIRD AMENDED
               COMPLAINT FAIL TO STATE A CLAIM AGAINST SARA
               BRONFMAN .................................................................................................7
CONCLUSION..................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anora v. Oasis Pro. Mgmt. Grp.*,
 2021 U.S. Dist. LEXIS 54147 (S.D.N.Y. Mar. 19, 2021) ....................................................... 12

*Atuahene v. City of Hartford*,
 10 F. App'x 33 (2d Cir. 2001) .................................................................................................. 5

*Broidy Cap. Mgmt. LLC v. Benomar*,
 944 F.3d 436 (2d Cir. 2019) ................................................................................................ 3, 7

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
 511 U.S. 164 (1994) ................................................................................................................. 9

*Demirovic v. Ortega*,
 2016 WL 11472745 (E.D.N.Y. Sept. 15, 2016),
 *aff'd*, 771 F. App'x 111 (2d Cir. 2019) ................................................................................... 10

*Earl v. Good Samaritan Hosp. of Suffern NY*, 2022 WL 4087597 (S.D.N.Y. Sept.
 6, 2022) ..................................................................................................................................... 4

*Franzone v. City of N.Y.*,
 2015 WL 2139121 (E.D.N.Y. May 4, 2015) ........................................................................... 9

*Gallagher v. N.Y.C. Health & Hosps. Corp.*,
 733 F. App'x 3 (2d Cir. 2018) ................................................................................................. 3

*Jones v. New York State Div. of Mil. & Naval Affs.*,
 166 F.3d 45 (2d Cir. 1998) ....................................................................................................... 3

*Kim v. Kimm*,
 884 F.3d 98 (2d Cir. 2018) ....................................................................................................... 3

*Kirch v. Liberty Media Corp.*,
 449 F.3d 388 (2d Cir. 2006) .................................................................................................. 13

*Liang v. Home Reno Concepts LLC*,
 2018 WL 4954162 (E.D.N.Y. Oct. 12, 2018) ........................................................................ 10

*Lucente v. Int'l Bus. Machs. Corp.*,
 310 F.3d 243 (2d Cir. 2002) ..................................................................................................... 4

*MLSMK Invs. Co. v. JP Morgan Chase & Co.*,
 737 F. Supp. 2d 137 (S.D.N.Y. 2010) .............................................................................. 11, 13

*Mori v. Saito*,
    2012 WL 13042573 (S.D.N.Y. Feb. 16, 2012) ...........................................................................6

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*,
    898 F.3d 243 (2d Cir. 2018) ......................................................................................................4

*Oyarzun v. President/Ceo of Exch. Place Pres. Partners, LLC*,
    2021 WL 6197081 (D. Con. Dec. 31, 2021) ..............................................................................5

*Schwamborn v. Cty. of Nassau*,
    348 F. App'x 634 (2d Cir. 2009) ................................................................................................8

*Targum v. Citrin Cooperman & Co., LLP*,
    2013 WL 6087400 (S.D.N.Y. Nov. 19, 2013) ............................................................................5

*The Homeless Patrol v. Joseph Volpe Family*,
    2010 WL 2899099 (S.D.N.Y. June 29, 2010) ............................................................................9

*Winters v. Jones*,
    2018 WL 326518 (D.N.J. Jan. 8, 2018) .....................................................................................9

**Statutes**

Fed. R. Civ. P. 8 ............................................................................................................... *passim*

Fed. R. Civ. P. 9(b) ................................................................................................................10, 11

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... *passim*

Fed. R. Civ. P. 15(a) ......................................................................................................................3

Sara Bronfman respectfully submits this memorandum of law in opposition to Plaintiffs' motion for leave to file an amended complaint.[1]

## PRELIMINARY STATEMENT

Plaintiffs have been on notice of the deficiencies of their complaint since October 2021, when Sara Bronfman first filed a letter previewing her motion to dismiss. In the 17 months since, Plaintiffs have repeatedly declined the Court's invitations to meaningfully amend their complaint. Their proposed Third Amended Complaint confirms that amendment would be futile.

*First*, the Court faces the same problem in parsing the proposed complaint as it did with the prior complaints: it engages in impermissible group pleading, lumping individual Defendants together into a convenient "Inner Circle," and continuing to assert claims on behalf of 70 plaintiffs without identifying how each individual Defendant is responsible for the alleged harm to each individual plaintiff. At 112 pages and attaching a 17 page chart identifying Plaintiffs, the proposed Third Amended Complaint can hardly be called a "short and plain statement" consistent with Rule 8.[2]

*Second*, the proposed Third Amended Complaint still fails as against Sara Bronfman on a Rule 12(b)(6) motion to dismiss. Plaintiffs' brief identifies only one instance in which they added information about Sara Bronfman (pertaining to a RICO predicate act), and their remaining "new" allegations merely invite speculation that Sara Bronfman *had* to have known about or *must* have

---

[1] Citations to "SB Mem." are to the Memorandum of Law in Support of Sara Bronfman's Motion to Dismiss the First Amended Complaint (ECF No. 161-1). Citations to "SB Reply" are to the Memorandum of Law in Support of Sara Bronfman's Motion to Dismiss the First Amended Complaint (ECF No. 169-5). Citations and references to the "FAC" are to Plaintiffs' First Amended Complaint (ECF No. 64); to the "SAC" are to Plaintiffs' Second Amended Complaint (ECF No. 152); and to the "PTAC" are to Plaintiffs' proposed Third Amended Complaint (ECF No. 202-2). Unless stated otherwise, all alterations and emphases are added and all internal citations and quotation marks are omitted.

[2] The PTAC's length is especially noteworthy in light of the Court's suggestions at the February 1, 2023 oral argument that it was less likely to find prejudice if Plaintiffs simplified and streamlined their complaint. Transcript of Hearing dated February 1, 2023 ("Feb. 1 Tr.") at 82:18-83:1.

1

participated in alleged wrongdoing simply because she held titles in and participated in an organization — an organization in which many Plaintiffs also held titles and leadership roles.

## FACTUAL BACKGROUND

Plaintiffs filed this action in January 2020. It was stayed on March 3, 2020, pending final adjudication for the last criminal defendant in *United States v. Raniere*, 18-cr-00204. ECF No. 51. Plaintiffs filed their 217 page First Amended Complaint, asserting 16 claims against various defendants on behalf of over 80 plaintiffs, on August 13, 2021, a day after the last criminal defendant was sentenced. ECF No. 64.

On October 15, 2021, the Court held a conference with the parties. During the conference, the Court explained that its pre-motion conferences are often used to explore, among other things, whether a plaintiff should amend a complaint before motions to dismiss are filed. Transcript of Status Conference dated October 15, 2021 ("Oct. 15. Tr.") at 11:18-12:8. The Court requested letters from the parties regarding their proposed next steps and directed Plaintiffs to consider whether they might want to amend after receiving Defendants' submissions. *Id.* at 14:9-15.

On October 28, 2021, Sara Bronfman and other Defendants submitted letters regarding proposed motions to dismiss. ECF Nos. 101, 102, 108. Plaintiffs responded on November 12, 2021, affirming their intention to "move forward with the current Complaint." ECF No. 116 at 1.

On November 30, 2021, the Court held a status conference. At the conference, the Court again asked Plaintiffs if they intended to seek leave to amend, noting that the Court often raises this question before setting a schedule to avoid briefing and arguing a motion to dismiss "only to have the Plaintiff come back and say, look, any dismissal should be without prejudice for us to replead with new facts." Transcript of Status Conference dated November 30, 2021 ("Nov. 30 Tr."), at 6:25-7:9. Specifically, the Court cautioned that group pleading could be a potential defect

that "will be one factor that weighs on the scale when we determine whether any dismissal, if one occurs, should be with prejudice or without prejudice." *Id.* at 8:9-15. Plaintiffs assured the Court that they did not believe that "it would be productive . . . to amend the complaint in ***any way***," and the Court, therefore, set briefing schedules. *Id*. at 7:20-24. Briefing for motions to dismiss was completed on April 11, 2022. In the interim, Plaintiffs filed a Second Amended Complaint (ECF No. 152), naming and removing several Plaintiffs but not otherwise altering their complaint.

The Court held oral argument on the motions to dismiss on February 2, 2023. It subsequently issued an order setting a briefing schedule for Plaintiffs to file the instant motion and the proposed Third Amended Complaint. ECF No. 201.

## ARGUMENT

**I.    PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED AS FUTILE**

Although Rule 15(a) provides that leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend. *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). A district court can properly deny leave to amend for "good reason[s], including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019).

The PTAC re-pleads six counts against Sara Bronfman without remedying any of their fatal infirmities. Permitting leave to amend would, therefore, be futile. Under Rule 15(a), leave to amend a complaint need not be granted when amendment would be futile. *See, e.g.*, *Kim*, 884 F.3d at 105-106; *Jones v. New York State Div. of Mil. & Naval Affs.*, 166 F.3d 45, 49-50 (2d Cir. 1998). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim." *Gallagher v. N.Y.C. Health & Hosps. Corp.*, 733 F. App'x 3, 6 (2d Cir. 2018). An amendment to a pleading "is futile if the proposed claim could not withstand

a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Here, granting Plaintiffs leave to file the PTAC is futile because it again violates Rule 8 by engaging in impermissible group pleading. Further, to the extent it contains **any** additional non-conclusory allegations pertaining to Sara Bronfman, it still fails to state a claim against her under Rule 12(b)(6).

A. The Proposed Third Amended Complaint Violates Rule 8

Leave to amend should be denied as futile because the PTAC engages in impermissible group pleading of both Defendants and Plaintiffs, a deficiency raised by Sara Bronfman over 17 months ago. *See, e.g.*, ECF No. 101, at 2-3; SB Mem. at 4-7. "[F]ailure to fix deficiencies in [a] previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend" on the basis of futility. *Earl v. Good Samaritan Hosp. of Suffern NY*, 2022 WL 4087597, at *12 (S.D.N.Y. Sept. 6, 2022) (citing *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018)).[3]

***Group Pleading of Defendants.*** With respect to group pleading of the Defendants, the PTAC, for the first time and without providing any basis for doing so, lumps Sara Bronfman into Raniere's purported "Inner Circle," alleging that, as a member of the so-called Inner Circle, she "operated and furthered" DOS without making any specific allegations specifying how, when, or

---

[3] At oral argument for motions to dismiss the earlier complaints, the Court asked if Plaintiffs would simplify the complaint, explaining that it might militate against a finding of prejudice if Plaintiffs made it "easier for everybody to understand what they're accused of," including by addressing "multiple Plaintiffs or multiple Defendants on [a] claim." Feb. 1 Tr. at 82:18083:1. It also cautioned that a failure to address Rule 8 pleading deficiencies could be a basis for denying leave to amend. *Id.* at 124:3-10.

to what extent she did so.[4] PTAC ¶¶ 3, 107.[5] Instead, Plaintiffs make sweeping allegations about the Inner Circle's purported misconduct without stating whether all supposed members engaged in all alleged conduct. For example, the PTAC alleges that "Defendant Mack and other Inner Circle members had edited the video [of the DOS branding] to make it appear as though Edmondson had consented to the branding." PTAC ¶ 124. It does not clarify who these "other Inner Circle members" are, and whether they purportedly include Sara Bronfman. The Second Circuit squarely rejects this type of group pleading. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy [Rule 8's] minimum standard…."); *see also Oyarzun v. President/Ceo of Exch. Place Pres. Partners, LLC*, 2021 WL 6197081, at *3 (D. Con. Dec. 31, 2021) (dismissing complaint, in part, because it "lump[ed] together a large number of defendants but [did] not specify what acts each particular defendant did to violate [plaintiff's] rights").[6]

---

[4] The PTAC's group pleading problem as to Sara Bronfman is even worse than it was in prior complaints, as the SAC contained no allegations that Sara Bronfman was a member of the Inner Circle or that she was involved in or aware of DOS. It is, therefore, not surprising that Plaintiffs have now dropped the sex trafficking causes of action under the Trafficking Victims Protection Reauthorization Act (the "TVPRA") against Sara Bronfman.

[5] The only individual defendants *not* named as members of the Inner Circle are Brandon Porter and Danielle Roberts. *See* PTAC ¶ 3.

[6] Plaintiffs also make impermissible group allegations regarding supposed conduct by Sara and Clare Bronfman as a unit, repeatedly alleging that the actions or knowledge of one apply equally to the other. *See, e.g.*, PTAC ¶ 32 ("Clare and Sara Bronfman provided Raniere and his entities with over $100 million."); ¶ 46 ("Sara and Clare Bronfman knew that Raniere neither practiced celibacy nor [had he] forsaken accumulating personal wealth, as evidenced by their roles in covering up Raniere's crimes and as Raniere's financiers. This was also evidenced by Clare Bronfman's payment of credit card bills incurred by Raniere on then-deceased Pamela Cafritz's credit card (a crime for which Clare Bronfman was later convicted)."); ¶ 49 ("[U]pon information and belief, including Clare Bronfman's close relationship with Raniere and her financial, administrative, and accounting oversight of NXIVM's operations - [the ownership structure of First Principles] was known to Sara and Clare Bronfman."); ¶ 52 ("It is reasonable to infer based on Sara Bronfman's roles within the organization and her proximity to and collaboration with Raniere and Clare Bronfman" that Sara Bronfman knew statements were misleading.). Group pleading of two defendants is still group pleading. *Targum v. Citrin Cooperman &*

5

*Group Pleading of Plaintiffs.* The PTAC also continues to group Plaintiffs together, "making it difficult to discern which Defendants are alleged to be responsible to which Plaintiffs." *Mori v. Saito*, 2012 WL 13042573, at *9, *14 (S.D.N.Y. Feb. 16, 2012). For example, it states that the purported "Inner Circle pressured enrollees to become indebted to NXIVM and its leadership….[E]nrollees, including many Plaintiffs, performed uncompensated labor for NXIVM's leaders, including Clare Bronfman….For example, [29 named Plaintiffs] became trapped in a cycle of indebtedness because of…false representations by the Inner Circle…[and] the threat that if they did not purchase and take more courses they would be shunned from the community." PTAC ¶ 57. While the PTAC lists 29 Plaintiffs by name in this allegation, this does not resolve the group pleading problem, as there is no basis to distinguish who in that group of 29 is asserting what conduct against which Defendants. Put differently, the PTAC is unclear as to whether *every* Plaintiff identified in ¶ 57 received the alleged unspecified, non-specific "false representations" and "threat[s]" from *every* purported member of the Inner Circle. This approach violates Rule 8 and is inconsistent with the Court's statement that it is incumbent on Plaintiffs "to say what the nature of the harm is and how [a particular defendant] induced it." Feb. 1 Tr. at 19:6-10.

In addition, the PTAC fails to remedy the problem of some Plaintiffs piggybacking on the claims of other Plaintiffs, a pleading deficiency also expressly raised over 14 months ago. SB Mem. at 6-7. For example, the PTAC's only factual allegation regarding Plaintiff Philip Akka is that he experienced "[f]inancial harm including, by paying tuition and membership fees for NXIVM courses, programs and groups, and travel and boarding expenses for courses and

---

*Co., LLP*, 2013 WL 6087400, at *6 (S.D.N.Y. Nov. 19, 2013) (granting motion to dismiss where the complaint treated two defendants "as a unit").

programs." PTAC at Schedule A, page 1.[7] Except for this general allegation of "financial harm" (which is substantively the same allegation repeated for over 10 other Plaintiffs), Mr. Akka's name does not appear anywhere else in the PTAC.[8] The PTAC has no detail, for example, identifying which courses Mr. Akka took through which NXIVM entities at what point in time. Yet, the PTAC asserts claims "on behalf of all Plaintiffs," including Mr. Akka, under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against several Defendants, including Sara Bronfman. Without any specific facts pertaining to Mr. Akka, it is impossible for Sara Bronfman to ascertain when Mr. Akka was involved in NXIVM and whether his alleged injuries are causally related to the RICO allegations. *See Broidy*, 944 F.3d at 447 ("[Where the] proposed amended complaint simply adds conclusory allegations and legal arguments" already presented and the new allegations do not "advance plaintiffs towards meeting their burden of proof [motion for leave to amend should be denied.]").

    B.    <u>The New Allegations in the Proposed Third Amended Complaint Fail to State a Claim Against Sara Bronfman</u>

In addition to violating Rule 8, the PTAC also contains no additional factual allegations that, when considered alongside the allegations recycled from earlier complaints, state a claim

---

[7] Plaintiffs list only Defendants in the "Parties" section of the PTAC (*see* PTAC ¶¶ 9-18), claiming that they have created Schedule A, which contains the information typically seen in the "Parties" section, "for clarity and concision" (PTAC ¶ 18).

[8] Descriptions of 29 additional Plaintiffs add a boilerplate phrase about uncompensated labor to this vague description of harm. *See, e.g.*, PTAC at Schedule A, page 2 "Christopher Black" (listing "injury type" as "[f]inancial harm including, by paying tuition and membership fees for NXIVM courses, programs and groups and EMs, and uncompensated labor including coaching intensives, coaching students and attending meetings"); *id.* at pages 2-3 "Karla Diaz Cano" (same with the addition of "travel and boarding expenses"); *id.* at page 3 "Rod Christiansen" (same); *id.* at page 5 "Stephanie Fair-Layman" (same); *id.* at page 4 "Pamela Cooley" (same with the addition of "event planning"); *id.* at page 4 "Rosalyn Cua" (same with the addition of "travel[,] boarding expenses … and administrative work"). Those Plaintiffs' names also do not appear in the text of the PTAC.

against Sara Bronfman under Rule 12(b)(6).[9] Where there is "no merit in the proposed amendments, leave to amend should be denied." *Schwamborn v. Cty. of Nassau*, 348 F. App'x 634, 635 (2d Cir. 2009).[10]

While the PTAC at first glance appears to be a complete overhaul of prior complaints,[11] its allegations about Sara Bronfman are substantively similar to those in the SAC. *Compare, e.g.*, PTAC ¶ 32 *with* SAC ¶¶ 72-73; PTAC ¶ 33 *with* SAC ¶ 618; PTAC ¶ 59 *with* SAC ¶¶ 631-37. To the extent the PTAC contains any new allegations about Sara Bronfman, they fall into two categories: (i) information regarding Sara Bronfman's alleged predicate acts under RICO and (ii) conclusory attempts to allege Sara Bronfman's knowledge of or agreement to alleged acts only by virtue of her titles and/or proximity to other Defendants. Even considering these additions to the PTAC alongside Plaintiffs' recycled allegations, the PTC still fails to state a claim against Sara Bronfman.

***RICO Predicate Acts.***[12] The only express mention Plaintiffs make in their memorandum regarding Sara Bronfman is to state that they have alleged further details related to her supposed

---

[9] This brief does not address the deficiencies of each count alleged against Sara Bronfman, instead focusing on the new allegations in the PTAC. Sara Bronfman incorporates by reference all arguments previously raised in her motion to dismiss briefing.

[10] It is unsurprising that the PTAC contains very few new facts about Sara Bronfman, as Plaintiffs have repeatedly pointed to the criminal case, which had been fully adjudicated as of Plaintiffs' August 2021 amendment, as the source for many of their factual allegations. *See, e.g.*, Pls. Motion for Leave to File an Am. Compl. ("Pls. Mem.") (ECF No. 202-1), at 2 ("[T]he [proposed] TAC is supported by the numerous, criminal proceedings based on the same facts."). Sara Bronfman was never indicted, prosecuted, or to our knowledge, a subject of the exhaustive investigations led by the criminal authorities that ultimately led to six convictions.

[11] Plaintiffs did not submit a blackline of the PTAC to enable a paragraph-by-paragraph comparison, instead explaining that the PTAC is "fundamentally reworked and substantially shortened." Pls. Mem. at 1. While it is shorter than the SAC, the PTAC is still far from a "short and plain" pleading as contemplated by Rule 8, containing 111 pages (128 if including the 17 page chart of plaintiffs appended to the PTAC) and 332 paragraphs, and alleging claims on behalf of the same 70 plaintiffs against 12 defendants. *See generally* PTAC.

[12] The PTAC is unclear as to whether sex trafficking is being asserted as a predicate act against Sara Bronfman. Plaintiffs list the TVPRA predicate acts attributed to Sara Bronfman as "Forced Labor, Sex Trafficking, and Human Trafficking." PTAC ¶ 218. Within that section, however, Plaintiffs only discuss

8

witness tampering. Pls. Mem. at 14. But a comparison of the allegations in the PTAC versus its immediate predecessor reveals that details are still scant, and that the only facts Plaintiffs have added are that Sara Bronfman offered Adrian "a substantial sum of money" (as opposed to making "promises of money" (SAC ¶ 771)) to "work on multiple video production projects in France" for a month (as opposed to leaving "the United States and remain[ing] outside of it during Raniere's trial" (SAC ¶ 771)). PTAC ¶ 180. These minor additional allegations are still insufficient to plead a RICO predicate act. *See, e.g.*, *Winters v. Jones,* 2018 WL 326518, at *10 (D.N.J. Jan. 8, 2018) (including one conclusory sentence about witness tampering in a complaint did not plead a RICO predicate act).[13]

Moreover, Plaintiffs still fail to allege a requisite second predicate act by Sara Bronfman. *Franzone v. City of N.Y.*, 2015 WL 2139121, at *8 (E.D.N.Y. May 4, 2015) (a complaint alleging RICO must "specify, for each RICO defendant, the commission of two predicate acts."). Although Plaintiffs now list the alleged predicate acts by Sara Bronfman, the PTAC still lacks facts connecting Sara Bronfman to these predicate acts. *See* PTAC ¶¶ 214-218 (listing aiding and abetting and conspiring to commit immigration fraud, committing and aiding and abetting and conspiring to commit mail and wire fraud, and trafficking violations as Sara Bronfman's predicate acts).[14]

---

forced labor and human trafficking violations and cite to paragraphs in the PTAC for the articulation of those allegations, which in turn do not mention sex trafficking. *See id.* at ¶ 218 (citing ¶¶ 278-79).

[13] While Plaintiffs discount *The Homeless Patrol v. Joseph Volpe Family*, 2010 WL 2899099 (S.D.N.Y. June 29, 2010), which held that "wholly conclusory" allegations of witness tampering were insufficient to allege a RICO predicate act, that complaint, like Plaintiffs' PTAC, included barebones details about the alleged witness tampering, alleging that certain defendants threatened doctors who were to testify on the plaintiff's behalf during the plaintiff's workers' compensation case. 2010 WL 2899099, at *16.

[14] Plaintiffs ignore that aiding and abetting a RICO predicate act cannot constitute a predicate act. *See* SB Reply Mem. at 8-9 (explaining that several courts have interpreted the Supreme Court's holding in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994) to preclude civil RICO liability premised on aiding and abetting underlying predicate acts).

9

The predicate acts of immigration fraud and wire fraud sound in fraud and are, therefore, subject to Rule 9(b)'s stricture that a complaint plead all allegations with sufficient particularity. *Demirovic v. Ortega*, 2016 WL 11472745, at *9 (E.D.N.Y. Sept. 15, 2016), *aff'd*, 771 F. App'x 111 (2d Cir. 2019). "Among other things, Rule 9(b) requires that a plaintiff allege that a defendant acted with scienter - that the defendant possessed a fraudulent intent." *Liang v. Home Reno Concepts LLC*, 2018 WL 4954162, at *6 (E.D.N.Y. Oct. 12, 2018). To plead a predicate act of wire fraud, this means that a plaintiff must either (i) identify "circumstances indicating conscious or reckless behavior" or (ii) "by showing a motive and opportunity to commit fraud." *Id.* The PTAC's attempts to allege fraudulent intent for purposes of wire fraud, however, rely on speculation and conclusory allegations that Sara Bronfman *may* have been responsible for some content on the websites on which allegedly false statements appeared. *See, e.g.,* PTAC ¶ 47 & n.22 (explaining that Sara Bronfman was a trustee of a foundation that published allegedly false statements on its website, and noting in a footnote that **"[o]n information and belief**, Raniere, Sara Bronfman, and Clare Bronfman operated and controlled" the foundation's website, which was linked on Sara Bronfman's blog); ¶ 50 (similar). Using passive language, Plaintiffs attempt to elide over the fact that they cannot allege that Sara Bronfman made the allegedly false statements with the requisite fraudulent intent. *See, e.g.,* PTAC ¶ 46 (false assertions "were being published to NXIVM recruits"); ¶ 48 (statements made on a website "were calculated to mislead people into believing that Raniere was a highly successful entrepreneur"); ¶ 49 (Raniere's ownership in First Principles "was concealed from NXIVM's enrollees").

Plaintiffs also attempt to rely solely on Sara Bronfman's positions to allege scienter. *See, e.g.*, PTAC ¶ 38 ("[B]oth Clare and Sara Bronfman, as leaders and chief financiers of NXIVM, had knowledge of and influence and control" over content taught by NXIVM); ¶¶ 47-48 (relying

10

on Sara and Clare Bronfman's positions as trustees of a foundation to allege knowledge of falsity of statements on the foundation's website); ¶ 50 (similar). None of Plaintiffs' tricks are sufficient to circumvent Rule 9(b)'s standard or to allege fraudulent intent sufficient to survive a motion to dismiss. *See MLSMK Invs. Co. v. JP Morgan Chase & Co.*, 737 F. Supp. 2d 137, 144 (S.D.N.Y. 2010) (complaint did not allege fraudulent intent because "[w]hile it may be true that [the defendants] *could have* connected the dots" to recognize fraud, the complaint "offers no facts to support the claim that they actually reached such a conclusion.").

Similarly, in their attempt to allege immigration fraud by Sara Bronfman, Plaintiffs do not allege fraudulent intent, citing to a section of the PTAC that relies on inferences based on Sara's role as a founder and financer of—but admittedly not the head of—the Rainbow Cultural Garden ("RCG"). PTAC ¶¶ 58-62. Plaintiffs' only substantive update to immigration allegations about Sara Bronfman is to change an allegation that RCG employees "were directed" to maintain multiple sets of books (SAC ¶ 636) to allege that Raniere and Sara Bronfman "directed" the head of RCG to maintain multiple sets of books (PTAC ¶ 61). Plaintiffs make no attempt to point to new facts supporting this change, to identify a time period during which Sara Bronfman purportedly directed this fraud, or to identify which Plaintiffs were harmed by this action (and how). The remaining allegations regarding RCG and purported immigration fraud are substantively similar to those in earlier complaints and fail for the same reasons. *See* SB Reply Mem. at 6-8.

*Allegations of Knowledge and Agreement.* The remaining updates to the PTAC consist of additional conclusory allegations that by virtue of her positions and titles within NXIVM, Sara Bronfman must have had the requisite scienter for the alleged wrongdoing. These conclusory additions would not change the Rule 12(b)(6) analysis against Sara Bronfman. Many of Plaintiffs'

11

claims against Sara Bronfman, including RICO (Count I), RICO conspiracy (Count II), and forced labor and human trafficking under the TVPRA and TVPRA conspiracy (Count III (C) and (D)), only survive a motion to dismiss if they plead that the defendant had knowledge of, agreed to, or recklessly disregarded others' actions. *See* SB Mem. at 15-25.

Rather than plead new facts alleging Sara Bronfman's knowledge of wrongdoing, Plaintiffs sprinkle in references to her titles and alleged proximity to others to suggest that she *must have* known about (or recklessly disregarded) the actions of other Defendants. For example and as discussed *supra*, the PTAC alleges for the first time that Sara Bronfman was a member of Raniere's "Inner Circle," with no explanation of what new facts support this new allegation. *See, e.g.*, PTAC ¶¶ 3, 11, 36, 38, 107. In many instances, Plaintiffs expressly acknowledge that they are asking the Court to rely on assumptions and speculation to reach conclusions about Sara Bronfman's awareness of alleged wrongdoing. *See, e.g.*, PTAC ¶ 40 (Raniere added unspecified new modules to courses "with Clare and Sara Bronfman's *tacit or express approval*"); ¶ 46 ("Sara and Clare Bronfman" knew that Raniere's representations were false "*as evidenced by their roles* in covering up Raniere's crimes and as Raniere's financiers."); ¶ 49 (ownership of First Principles was "upon information and belief, including *Clare Bronfman's*" relationship with Raniere, "known to Sara and Clare Bronfman"); ¶ 52 ("*It is reasonable to infer* based on Sara Bronfman's roles within the organization and her proximity to and collaboration with Raniere and Clare Bronfman" that she was aware statements were false); ¶ 181 (based on Sara Bronfman's presence in Albany in 2018, "*it is reasonable to infer* that she knew about the sex trafficking and extortion when it occurred."). Because the Court "need not credit speculative inferences" or "bald assertions and conclusions of law" in deciding a 12(b)(6) motion, these new allegations add nothing to the assessment of the claims against Sara Bronfman. *Anora v. Oasis Pro. Mgmt. Grp.*, 2021 U.S. Dist. LEXIS 54147,

at *11 (S.D.N.Y. Mar. 19, 2021); *see also Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.").

## CONCLUSION

For all the reasons detailed above, the Court should deny Plaintiffs' motion for leave to amend their complaint.

Dated: New York, New York  
May 3, 2023

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER  
 & JACOBSON LLP

By:      */s/ Robin A. Henry*

Robin A. Henry  
Anne S. Aufhauser  
Alexis R. Casamassima  
One New York Plaza  
New York, New York 10004  
Telephone: (212) 859-8000  
robin.henry@friedfrank.com  
anne.aufhauser@friedfrank.com  
alexis.casamassima@friedfrank.com

FRIED, FRANK, HARRIS, SHRIVER  
 & JACOBSON LLP

James D. Wareham *(admitted pro hac)*  
801 17th Street, NW  
Washington, DC 20006  
Telephone: (202) 639-7000  
james.wareham@friedfrank.com

*Attorneys for Defendant Sara Bronfman*

# CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that on May 3, 2023, I electronically filed the foregoing with the Clerk of the Court for the Eastern District of New York by using the ECF system. I further certify that, with the exception of the below three *pro se* parties, all participants that have appeared in the case have appeared by counsel who are registered ECF users, and that service upon such participants will be accomplished by the ECF system.

I further certify that true and correct copies of the foregoing document were served upon the following three parties on May 3, 2023, by U.S.P.S. First Class Mail:

**Dr. Brandon Porter**
P.O. Box 1102
Waukee, IA 40263
Defendant Pro Se

**Dr. Danielle Roberts**
4120 S. Lake Drive
Unit #463
St. Francis, WI 53235
Defendant Pro Se

**Nicki Clyne**
1072 Bedford Ave, #87
Brooklyn, NY 11216
Defendant Pro Se

*/s/ Robin A. Henry*
Robin A. Henry

*Attorney for Defendant Sara Bronfman*