May 5, 2023

Brandon B. Porter
PO BOX 1102
500 W. Hickman RD
Waukee, IA 50263

**FILED
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
May 5, 2023, 2:43 AM
Pro Se Office via
Box.com**

Hon. Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 6G North

**Re:** *Edmondson, et al. v. Raniere, et al.*, 1:20-CV-00485-EK-CLP

Hon. Eric R. Komitte:

I was made aware of errors in my submission, Doc. 206, DEFENDANT BRANDON PORTER'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT." The errors and corrections are listed below:

Page i – changed TAD to TAC, twice

Page 4 – 1st paragraph – changed Defedants' to Defendants'

Page 4 – Added reference to Dct. 169-3 in paragraph 2

Page 5 – changed "CAD continue to state a claim…" to "TAC continue to fail to state a claim…"

Page 5 – changed "leave to amend their complaint" to "leave to file an amended complaint"

Page 5 – changed TAD to TAC

Page 6 – changed TAD to TAC

Page 6 – changed evalution to evaluation

Page 7 – changed TAD to TAC, twice

Page 8 – changed "As defendants and defendants' counsel" to "As Plaintiffs and Plaintiffs' counsel" in first full paragraph

Page 10 – changed "all prior motion that is" to "all prior complaints that are"

1

I made the above corrections and present them in Exhibit A, "DEFENDANT BRANDON PORTER'S REVISED OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT."

Sincerely,

*/s/ Brandon B. Porter*

Brandon B. Porter

Cc: All Counsel by ECF

FILED
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
May 5, 2023, 2:44 AM
Pro Se Office via
Box.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SARAH EDMONDSON, et al.,

        Plaintiffs,

    v.

KEITH RANIERE, et al.,

        Defendants.

1:20-cv-00485-EK-CLP

**DEFENDANT BRANDON PORTER'S**
**REVISED OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN**
**AMENDED COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

RELEVANT PROCEDURAL BACKGROUND AND SUMMARY OF ARGUMENT ........... 1

ARGUMENT ........................................................................................................ 5

I. The Third Amended Complaint should be rejected because it is futile ..................... 5

I(A). TAC Count VII against Porter (FAC Count X) is likely barred by the statute of limitations but the claim continues to provide no dates and, therefore, violates Rule 12(B)(6) ..................... 5

I(B). TAC Count II against Porter is inadequate and violates Rule 12(B)(6) ............................. 6

I(C). TAC Count III (C) and Count III (D) against Porter is inadequate and violates Rule 12(B)(6) ................................................................................................................. 7

II. The Third Amended Complaint should be rejected because of the Plaintiffs and Plaintiffs' counsel's bad faith ............................................................................................. 8

II(A). Plaintiffs and Plaintiffs' counsel accused Porter of RICO acts in FAC without specificity and with bad faith .................................................................................................. 8

II(B). Plaintiffs and/or Plaintiffs' counsel accused Porter of RICO labor trafficking against Plaintiff Camila in the TAC, perhaps without consulting Camila ............................................. 10

CONCLUSION ................................................................................................... 11

# PRELIMINARY STATEMENT

Plaintiffs and Plaintiffs' counsel moved for leave to amend their complaint. The Rule 15 standard for amendment is liberal and permissive. However, the court may deny leave to amend when there is undue delay; the plaintiffs have dilatory motive or bad faith; or the complaint continues to be futile. In this case, Plaintiffs and Plaintiffs' counsel's motion for leave to amend their complaint should be rejected because the Third Amended Complaint (TAC) claims against Defendant Porter continue to be futile and the Plaintiffs and/or Plaintiffs' counsel display continued bad faith.

# RELEVANT PROCEDURAL BACKGROUND AND SUMMARY OF ARGUMENT

Plaintiffs' original complaint was entered on January 28, 2020 (Dct. 1). A stay was issued on June 25, 2020 to accommodate sentencing for some of the Defendants. The First Amended Complaint (FAC) was entered on August 13, 2021 and included complaints related to Camila (Dct. 64). The Second Amended Complaint (SAC) was entered on February 25, 2022 to update the complaint to better represent the many changes in Plaintiffs (Dct. 159). The differences between the FAC and SAC were largely clerical and not of substance. Most discussions related to this case revolve around the FAC and I will continue this tendency.

The complaints against Porter included Count I, Count II, Count III (A), Count III (B), Count III (C), Count XIII, Count IX, and Count X in the original complaint, the FAC, and the SAC. I will discuss these counts and their relationships to counts in the proposed TAC.

Defendants Porter, Clare Bronfman, and Sara Bronfman moved to dismiss FAC Counts XIII and IX (Dct. 175, Dct. 167, Dct. 169). Plaintiffs conceded to dismissal of these counts by not challenging Defendants' arguments for dismissal (Dct. 169-3).

The first amended complaint also claimed Gross Negligence and Recklessness by Porter for his work with Margo Leviton, Isabella Constantino, and Caryssa Cottrell, Count X (FAC pg. 206 – 207). Porter argued that the complaint did not include dates for these actions and it is likely that the claim is barred by the statute of limitations, however dates were not provided making it impossible to evaluate whether this claim is valid. (Dct. 175, 4).

Plaintiffs and Plaintiffs' counsel presented a proposed TAC on April 3, 2023 with their motion for leave to amend their complaint (Dct. 202-2). The new complaint includes the Gross Negligence and Recklessness claim against Porter as Count VII (TAC, 107-108). Despite being alerted that the statute of limitations was likely past, Plaintiffs and Plaintiff's counsel did not provide dates of the alleged violation(s). Therefore, it is most likely that this complaint continues to be in violation of Federal Rule of Civil Procedure Rule 12(B)(6) and the third revision is futile.

Plaintiffs' original complaint (Dct. 1, January 28, 2020), first amended complaint (Dct. 64, August 13, 2021), and second amended complaint (Dct. 159, February 25, 2022) included shotgun pleading and group pleading in the RICO charges. These complaints provided no information for how Porter was involved in these charges other than including him by naming "all defendants." Porter was implicated in the following RICO charges in the original complaint, FAC and SAC:

- Count I, RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO).
- Count II, RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) CONSPIRACY.

- Count III, (A) SEX TRAFFICKING—18 U.S.C. § 1591, CONSPIRACY TO VIOLATE 18 U.S.C. § 1591, and 18 U.S.C. § 1593A, BENEFITTING FROM SEX TRAFFICKING.

- Count III, (B) FORCED LABOR—18 U.S.C. § 1589, CONSPIRACY TO VIOLATE 18 U.S.C. § 1589, and 18 U.S.C. § 1593A, BENEFITTING FROM FORCED LABOR.

- Count III, (C) - HUMAN TRAFFICKING—18 U.S.C. § 1590, CONSPIRACY TO VIOLATE 18 U.S.C. § 1590, and 18 U.S.C. § 1593A, BENEFITTING FROM FORCED LABOR.

- Count III, (D) PEONAGE —18 U.S.C. § 1581, CONSPIRACY TO VIOLATE 18 U.S.C. § 1581, and 18 U.S.C. § 1593A, BENEFITTING FROM PEONAGE.

These malicious, yet vague, allegations against Defendant Porter contributed to his inability to obtain a license to practice medicine in his resident state after the State of New York revoked his medical license. There is a requirement to share current and past legal litigations when applying for licensure to practice medicine in a state. It is unlikely that any state will allow Defendant Porter a license to practice medicine while these RICO complaints stand.

Oral arguments for Defendants' motions to dismiss were held on February 1, 2023. Plaintiffs dismissed Porter from the first RICO charge in the SAC, Count I, because the complaint did not charge Porter with any predicate acts, nor did any of the RICO Counts mention any specifics about Porter. Frivolous complaints like this are damaging to defendants. Courts in this Circuit have sanctioned attorneys for actions like this in order to deter people from making frivolous RICO charges that obviously do not meet bare minimum pleading requirements.

Plaintiffs and Plaintiffs' counsel placed themselves in a difficult position by making the overzealous RICO claims in the first complaint, FAC, and SAC. It appears that they decided to

3

deal with this by trying to tie Porter into the RICO conspiracy in the TAC, as opposed to dropping indefensible claims.

Plaintiffs and/or Plaintiffs' counsel added a named labor trafficking complaint, Count III (C), against Porter on behalf of Plaintiff Camila in the TAC and Count III (D), conspiracy to commit forced labor and conspiracy to commit human trafficking. Porter's relationship to the Forced Labor complaints was not mentioned in any of the Plaintiffs' documents until the TAC, despite Plaintiff Camila being in the complaint since August 13, 2021. Plaintiffs' Combined Response to the Defendants' Motions to Dismiss claimed that Camila babysat Mr. Raniere's child, but didn't mention her caring for Defendant Porter's children (Dct. 169-3, 47). These newly minted complaints against Porter do not provide any specifics about when the forced labor occurred, how he should have known about Camila's forced labor, nor how he should have known about the alleged threats to deport her. The complaints lack the specificity needed for labor trafficking and labor trafficking/ human trafficking conspiracy. Thus, the amended complaint violates Rule 12(B)(6) and is futile.

Of note, I (Porter) suspect that Plaintiffs' counsel added these RICO counts **without** consulting Camila. Camila knows that I wouldn't knowingly participate in the described abuse, nor should I have known about it. She was like a second mother to my children. As such, she was a family member. One of my children is named for her. She attended the birth of another of my children. While the Count III complaints against me do not satisfy rules 12(B)(6) and 8, and thus are futile changes. Worse than this, though, these claims appear to be bad faith efforts by Plaintiffs' counsel to rescue them from possible sanctions.

Plaintiffs and Plaintiffs' counsel have demonstrated bad faith throughout this process. The most glaring evidence of bad faith in this court were the shotgun RICO charges. It appears that

the Plaintiffs' counsel (and perhaps Plaintiffs, too) are trying to fix this sanctionable blunder with wholly inadequate and inflammatory labor trafficking, forced labor conspiracy, and human trafficking conspiracy complaints against Porter.

The changes in the proposed TAC continue to fail to state a claim upon which relief can be granted (12(B)(6), as such, amending this complaint is futile. In addition, Plaintiffs and Plaintiffs' counsel demonstrate bad faith in their RICO complaints against Porter and other Defendants. The TAC will simply expose Porter, his family, and other Defendants to more inexcusable harms. As such, Plaintiffs should be barred from leave to file an amended complaint.

## ARGUMENT

**I. The Third Amended Complaint should be rejected because it is futile.**

A district court can properly deny leave to amend for "good reason[s], including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019)

**I(A). TAC Count VII against Porter (FAC Count X) is likely barred by the statute of limitations but the claim continues to provide no dates and, therefore, violates Rule 12(B)(6).**

The FAC and TAC don't establish the dates that Plaintiff's claims occurred in FAC Count X and TAC Count VII. FAC ¶¶ 965-971, TAC ¶¶ 308-313. Dates can be posited from a citation from the New York Office of Professional Misconduct ("NY OPMC") Board findings for Defendant Porter's hearings. The board concluded that Porter performed Human Research projects between 2010 – August 2017. FAC ¶ 711. This information is no longer in the TAC.

New York law establishes a 30-month statute of limitations period for these claims. N.Y.C.P.L.R § 214-a. The Plaintiffs' initial complaint was filed on 1/28/2020, barring all claims from prior to July 28, 2017. Both the FAC's and TAC's lack of dates violates Fed. R. Civ. P. 12(B)(6) showing that Plaintiffs' and Plaintiffs' counsel's motion for leave to amend is futile.

**I(B). TAC Count II against Porter is inadequate and violates Rule 12(B)(6)**

Plaintiffs claim that Porter was part of the RICO conspiracy. They claim: "The organization's central purpose was to enrich its leadership, including the individual defendants, with money, uncompensated labor, sex, and social status and power in the NXIVM organization. To accomplish those ends, each Individual Defendant committed tortious, and, in many cases, criminal acts that injured Plaintiffs physically, financially, and psychologically." TAC pg.1. Plaintiffs claim "Defendant Porter's Acts Evincing his Knowing Agreement to Facilitate the Enterprise: Defendant Porter's actions evincing his knowledge of the conspiracy and agreement with co-conspirators to facilitate it include: conducting unauthorized human experimentation, including the Human Fright Experiment, the Tourette's study, and the OCD study, which were intended to bolster NXIVM's scientific credibility and thereby increase its ability to amass recruits; acting as a paid agent or employee of ESF in connection with the human experimentation by NXIVM." (TAC ¶¶ 246).

Plaintiffs and Plaintiffs' counsel fail to describe how performing measurements to determine if there are reproducible results from people participating in NXIVM programs contributes to an illegal enterprise. The most parsimonious evaluation is that Porter was performing experiments to measure the results of the NXIVM programs. Indeed, Marc Elliot experienced improvements in his Tourette Syndrome symptoms after participating in Executive

6

Success Program courses (United States v. Raniere (E.D.N.Y., May 3, 2019, 18-CR-204-1 (NGG) (VMS)) Dkt. 1178-5, 21792. EXHIBIT A in this document). It makes more sense that ESF would want to see if we could help others with Tourette syndrome, too. There is a wide chasm of logic between trying to help someone with Tourette Syndrome and trying "to enrich [the enterprise's] leadership, including the individual defendants, with money, uncompensated labor, sex, and social status and power in the NXIVM organization."

The TAC inadequately describes how Porter's work as a scientist propelled a RICO organization, thus violates Rule 12(B)(6) and the TAC is futile.

**I(C). TAC Count III (C) and Count III (D) against Porter is inadequate and violates Rule 12(B)(6)**

Plaintiffs and Plaintiffs counsel claim: "Defendant Porter is liable for labor trafficking Camila because he knowingly benefited financially or by receiving things of value, including payment, enhanced status, power, and prestige, and free babysitting services from participation in the Venture, which he knew or should have known labor trafficked Camila. He knew or should have known that members of the Inner Circle and Defendant Raniere were forcing Plaintiff Camila to perform menial tasks, commercial sex acts, administrative work, and babysitting because Camila provided babysitting services to his family. He was in regular contact with Camila, Raniere, and members of the Inner Circle and performed unauthorized experiments on Camila." TAC ¶¶ 290.

The TAC doesn't address how I should have known that Camila was being human trafficked and forced to labor. It provides no dates for when this activity supposedly happened. The claim that I knew the insides and outsides of Camila's life because she babysat my children

is irrational. In the TAC, Plaintiffs plead conclusory allegations masquerading as facts. They plead no new facts to connect me with labor trafficking or conspiracy to labor trafficking.

As Plaintiffs and Plaintiffs' counsel know or should know, I had no influence upon the workings of NXIVM, ESP, ESF, or RCG. I was a non-paid coach who designed experiments so that we could figure out how to measure the subjective results that people were experiencing. There was no way for me to know if Camila was or was not being paid for her services. There was no way for me to know that she was allegedly threatened with deportation. Plaintiffs and Plaintiffs' counsel should know this because Camila should know this.

Counts III (C) and III (D) in the TAC fail Rule 12(B)(6) and, therefore, amending the SAC is futile.

## II. The Third Amended Complaint should be rejected because of the Plaintiffs and Plaintiffs' counsel's bad faith.

A district court can properly deny leave to amend for "good reason[s], including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019)

## II(A). Plaintiffs and Plaintiffs' counsel accused Porter of RICO acts in FAC without specificity and with bad faith.

The RICO charges against me were made in bad faith. Plaintiffs and Plaintiffs' counsel know or should know that I was never a decision maker in NXIVM, Executive Success Programs (ESP), Rainbow Cultural Gardens (RCG), or Ethical Science Foundation (ESF). The highest I ever got in the organization was a coach, despite being in the organization for 18 years. There is

absolutely no evidence available to show that I entered into a nefarious agreement to harm my friends in order to be enriched "with money, uncompensated labor, sex, and social status and power in the NXIVM organization." If anything, it seems that a small core of Plaintiffs colluded together to harm their friends so that they could achieve fame and fortune by making HBO and STARZ specials and then use this venue to try to take their wealthy former friends' money. The group and shotgun pleadings of the RICO charges in the primary complaint, FAC, and SAC were wanting for substance because there was no substance to create valid RICO complaints.

There is precedence in the Second District for imposing sanctions in these situations because of the stigmatizing effect on the named defendants. See Katzman v. Victoria's Secret Catalogue (S.D.N.Y. 1996) 167 F.R.D. 649, 660:

> Rule 11 exists in part to protect defendants and the court from wasteful, frivolous and harassing lawsuits, and provides for sanctions in the event of violation in order to deter the bringing of such frivolous suits. Fed.R.Civ.P. 11. Rule 11's deterrence value is particularly important in the RICO context, as the commencement of a civil RICO action has " an almost inevitable stigmatizing effect" on those named as defendants. Figueroa Ruiz, 896 F.2d at 650. Accordingly, Courts in this Circuit have on numerous occasions imposed Rule 11 sanctions based upon the filing of a frivolous RICO action. See, e.g.,O'Malley, 896 F.2d 704 (imposing sanctions for filing frivolous RICO action); Levy v. Aaron Faber, Inc.,148 F.R.D. 114, 123 (S.D.N.Y.1993) (imposing sanctions where " even a cursory investigation into the pleading requirements for RICO would have revealed the inadequacy of [plaintiff's] RICO pleading" ); McLoughlin v. Altman, 1995 WL 640770, *2 (S.D.N.Y. October 31, 1995) (Wood, J.) (" [a]nother example of [plaintiff's] violation of the ' frivolous' clause

... is his failure to properly plead a single element of a sustainable RICO claim, see 18 U. S. C. § 1962, manifesting a total lack of legal research and preparation on the part of the plaintiff's attorney" ).

Plaintiffs and Plaintiffs' counsel's motion for leave to file an amended complaint should be rejected because of the bad faith in all prior complaints that are not resolved in the proposed TAC.

**II(B). Plaintiffs and/or Plaintiffs' counsel accused Porter of RICO labor trafficking against Plaintiff Camila in the TAC, perhaps without consulting Camila.**

It is important to mention that I highly doubt that Camila supports the assertion that I participated in her being sex trafficked and forced to labor. It appears to me that Plaintiffs' attorneys added another frivolous RICO charge in order to appear to have had reason for their first frivolous RICO charges against me.

Camila did take care of our children. Indeed, she was a second mother to two of our three children. As previously stated, she was present for the birth of one of my children and one of my children is named after Camila. She was a wonderful role model to my children. They continue to hold her dear to their hearts. In addition to Camila being a central figure in my family's life, Camila is the daughter to wealthy parents. It was never my impression that she was in any danger. I was never aware of her attempt to take her life. She was private about her life. For these reasons, it was a great surprise to see the claims against me related to Camila.

It is possible that Camila made these egregiously false claims, but I find that possibility to be highly unlikely because it would require tremendous lies on her part and she would be disavowing her cherished position in our family. Instead, I suspect that Plaintiffs' counsel made

these claims without Camila's approval. Of course, I might be wrong. I twice emailed Plaintiff's counsel, Neil Glazer and Zahra Dean, and asked if Camila approved of the claims and I received no replies. Camila's dedication to my children's joyful experience of life made is so that it was important to me that she have a joyful life, too.

The level of this claim's absurdity is only matched by its level of malice. Honestly, it would be easier for me to accept the betrayal these claims represent if they are directly from Camila. It would provide closure to our relationship. However, if these atrocious claims against me were made hoping that these claims will justify the previous group and shotgun pleadings of the RICO charges, I'm in awe of the destruction they are willing to do to me and my family in their attempts to pillage the Bronfman fortune. From this perspective, it seems that in their zealous quest for fortune, even debasement of loving relationships looks like gold.

The Third Amended Complaint should be rejected because plaintiffs and/or Plaintiffs' counsel exhibit bad faith.

## CONCLUSION

For the foregoing reasons, Defendant Brandon Porter requests that the Court reject Plaintiffs motion for leave to file an amended complaint. The proposed Third Amended Complaint is futile and Plaintiffs and Plaintiffs' counsel have demonstrated bad intent throughout this process.

_____

Defendant Porter joins in and incorporates the arguments to reject Plaintiffs motion for leave to file an amended complaint made by the other defendants.

Dated:

May 5, 2023

Respectfully submitted,

*/s/ Brandon B. Porter*

Brandon B. Porter
PO BOX 1102
500 W. HICKMAN RD
WAUKEE, IA 50263
Tel: (515) 978-1242