DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RECEIVED IN PRO SE
MAY 11 2023 @ 1:05 AM
VIA BOX.COM

SARAH EDMONDSON, *et al.*

    Plantiffs,

v.

Keith Raniere, *et al.*

    Defendants.

<u>Sir Reply Requested</u>

1:20 - cv - 00485-EK-CLP

# DEFENDANT DANIELLE ROBERTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS:

PRELIMINARY STATEMENT

ARGUMENT AND STANDARD OF REVIEW

1. PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED AS A RESULT OF FUTILITY AND BAD FAITH (VIOLATES FRCP 15)
    A. Undue Delay and Multiple Prior Opportunities to Amend
    B. Frivolity
    C. Repeated Failure to Cure Deficiencies
        1. TAC Violates Rule 8: Fails to Make a Short and Plain Statement of the Complaint Against Me, Defendant, Danielle Roberts
        2. TAC Violates Rule FRCP 8(a)(2), FRCP 8(d) (1): Adds Prejudicial and Irrelevant Extraneous Information to Try to Cure Deficiencies
            a) Additions that are speculative at best
            b) Additions that are irrelevant and/or prejudicial to me:
            c) Additions that are outright lies or falsehoods (or irrelevant) and insinuate bad faith:
        3. TAC Doesn't Meet Requirements for Rule 12(b)(6) - It Fails To State a Claim Against Me Upon Which Relief Can Be Granted.
            1. Civil RICO claim, Count 1 Dismissed
                a. No Predicate Acts
                b. No Connection to Criminal RICO Trial, U.S. v. Raniere
            2. Civil RICO Conspiracy
                a. Failure to Factually Allege Knowledge and/or Support of Criminal Enterprise
    D. Amendments Are Futile
    E. Amended Charges Against Me Are Made in Bad Faith
2. CONCLUSION

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Grubbs v. Sheakley Group, Inc.*
806 6th Cir. (2016) ............................................................................................5, 16

*Fed.R.Civ.P. 15(a)(2)*........................................................................................6, 17, 27

*Aponte–Torres*,
445 F.3d at 58;..................................................................................................6, 17

*Palmer*,
465 F.3d at 30....................................................................................................6, 17

*Vess v. Cib-Geigy Corp. USA*,
317 F.3d 1097, 1107-08 (9th Cir. 2003). ........................................................7, 17

*Clorox Co. P. R. v. Proctor & Gamble Commercial Co.*,
228 F 3d 24, 30-31 (1st Cir. 2000). ..................................................................6, 17

*Smith v. Voyd, 945 F. 2d 1041*,
1043 (8th Cir. 1991) .........................................................................................7, 17

*Ohio Police & Fire Pension Fund V. Standard & Poor's* FinServ's.,
700 F. 3d 829, 844 (6th Cir. 2012); ..................................................................7, 17

*Kuehl V. FDIC*,
8 F.3d 905, 908 (1st Cir. 1993) ........................................................................7, 17

*Villanueva*,
662 F.3d at 127 .......................................................................................9, 19, 35, 35

*Kay v. N.H. Dem. Party*,
821 F.2d 31, 34 (1st Cir.1987) ..........................................................9, 10, 19, 21, 34

*Tiernan v. Blyth, Eastman, Dillon & Co.*,
719 F.2d 1, 4 (1st Cir.1983) ..............................................................................9, 20, 34

*Hayes v. New Eng. Millwork Distribs., Inc*,
602 F .2d at 20 (1st Cir. 1979) ..........................................................9, 12, 20, 22, 34

*Loreley Financing*
(Jersey) No. 3 Ltd., 797 F 3d at 169, 189-90 ....................................................9, 20

*Nikitine v. Wilmington Trust Co.*,
715 F. #d 388, 390-91 (1st Cir. 203) ................................................9, 12, 20, 22, 30

**Other Authorities**

O'Connor' federal rules, Civil trials 2022

**Statutes**

Fed. R. Civ. P 8

Fed. R. Civ. P 8(a)(2)

Fed. R. Civ. P 8(d)(1)

Fed. R. Civ. P 9(b)

Fed. R. Civ. P 12(b)(6)

Fed. R. Civ. P 15

Pursuant to Rule 15 and the conditions held there within, Defendant respectfully submits this memorandum in opposition of the Plaintiffs leave to amend this Complaint for a third time with respect to the Defendant, Danielle Roberts' allegations due to futility and bad faith.

## PRELIMINARY STATEMENT

If leave is granted to the Plaintiffs to amend the complaint in reference to my charges this will be the fourth time (the original complaint, plus 3 more tries) the plaintiffs will be trying to substantiate not just frivolous but malicious charges against me. If the charges were clear and valid they should have been stated as such in the very first complaint they sent to my doorstep. They have had 17 months since November of 2021 when I submitted correspondence to the Plaintiffs and The Court that pointed out numerous deficiencies and the motions I intended to bring if they were not cured (undue delay). In addition, they have had numerous opportunities during this time to cure these deficiencies.

Despite The Court's hand holding (Feb. 1 Tr.) and multiple opportunities over the past 17 months they have been wholly unable to cure the deficiencies in my case. This deficiency is so glaring that Charge 1 was dropped by the Plaintiffs themselves on the spot when meagerly challenged by Dr. Porter and myself in oral arguments on February 1st, 2023 (Feb.1 Tr. at 117-118). This not only substantiates grounds for denial of leave, but basis for malicious prosecution, abuse of process, and violation of FRCP 11, or verges on it.

Without predicate acts there was not only no basis for Charge 1, but a lack of basis for any charges in the complaint pertaining to me (Count 1, Count 2, Count 3a, 3b, 3c, 3d, Count 5). All charges are now hinge on being a member or supporter of the alleged enterprise with the knowledge of said enterprise's criminal intent and purpose to commit the predicate acts for which the organization was supposedly created (Grubbs v Sheakley Group, Inc. 807 F.3d 785 p 806 6th Cir.2016). They have not made this connection, nor cured this issue with particularity (FRCP 9(b),

FRCP 12(b)(6)), even in the proposed TAC (PTAC), supporting The Courts continued concern of futility despite multiple opportunities to cure (Feb. 1 Tr. at 124:6-10). They have also added irrelevant and prejudicial information in an effort to cure, that further point not just to futility, but bad faith (FRCP 8(a)(2), FRCP 8(d)(1)).

Considering these ongoing "errors", bringing of egregious yet unsubstantiated claims against multiple defendants[1] along with the new irrelevant and prejudicial information added in attempt to cure, and the unethical behavior of the FBI agents The Plaintiffs have worked with to achieve the convictions they are basing this complaint on (See pages 8, 9 of this memorandum), I believe the Court will want to seriously consider the frivolity, bad faith and dilatory motives on behalf of the movant. In addition, the plaintiffs themselves should take a hard look at rule 11, malicious prosecution and abuse of process basis.

## ARGUMENT AND STANDARD OF REVIEW

### 1. PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED AS A RESULT OF FUTILITY AND BAD FAITH (VIOLATES FRCP 15)

As the Plaintiffs have stated, "the Rule 15 standard for amendment is liberal and permissive."(Doc. 202-1 at 2). I recognize and support the notion that leave to amend should be "freely give[n]" in instances in which "justice so requires." Fed.R.Civ.P. 15(a)(2). But this "does not mean ... that a trial court must mindlessly grant every request for leave to amend." (*Aponte-Torres*, 445 F.3d at 58; Rather, a district court may deny leave to amend when the request is characterized by "undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part." *Palmer*, 465 F.3d at 30.

---

[1] When challenged by Dr. Porter and myself the Plaintiffs had no actual predicate acts to link us to this egregious RICO Count they alleged. When challenged by the court to "articulate that [Fraud charges] with particularity" the Plaintiffs dropped the Fraud charges, "...the PTAC eliminates Plaintiffs' peonage claim under 18 U.S.C. § 1581." (202-1 PTAC at 2). "When challenged by The Court and Defense, Plaintiffs who were not recruited into DOS or exo/exo plaintiffs...dismissed sex trafficking claims and forced labor claims against all Defendants. Additionally, the sex trafficking count against Defendant Sara Bronfman has been dropped." (202-1 PTAC at 2 footnote).

"If grounds for motion to dismiss [based on Rule 8 (Defendants Motion to Dismiss 1.28.22)] were well founded... Leave to amend should be granted IF it appears the P can correct the defect." (O'Connor's Federal Rules, Civil Cases 2022, pg. 263, *See* Vess v. Cib-Geigy Corp. USA, 317 F.3d 1097, 1107-08 (9th Cir. 2003). "Notice and opportunity to respond (grant leave to amend) may not be required if the claim is frivolous, the defect cannot be cured by amendment, or the plaintiff cannot prevail based on the facts alleged in the complaint.[2] In this case, that is precisely the persistent issue.

## A. UNDUE DELAY AND MULTIPLE OPPORTUNITIES TO AMEND PROVIDE

"A Court is more likely to dismiss without leave to amend if the plaintiff has had opportunities to state a claim upon which relief can be granted but has not succeeded (O'Conner 242)[3]

It was pointed out by Mr. Wareham (18 months ago) in our Status Conference Oct. 15th, 2021 that "they've already taken their as of rights amendment opportunity and this is the second version of this complaint, so it seems a little odd to me that they're going to put in writing a third version of the complaint, but..." to which The Courts response was "it's early enough that it may be the better course to let them amend one more time now instead of fighting about that question later." (Oct 15 Tr. at 14).

On August 13, 2021, Plaintiffs filed the First Amended Complaint. ("FAC") ECF No. 64. **On October 15, 2021,** the Court instructed the parties to file letters discussing, among other things, issues bearing on amendment or dismissal of the Complaint. October 15, 2021 Hr'g Tr. at 19; ECF No. 92. That exchange of letters **concluded on November 19, 2021.** At this point, Plaintiff's were

---

[2] Footnote: See Clorox Co. P. R. v. Proctor & Gamble Commercial Co., 228 F 3d 24, 30-31 (1st Cir. 2000); Smith v Voyd, 945 F. 2d 1041, 1043 (8th Cir. 1991) (O'conner 241).

[3] *See* Ohio Police & Fire Pension Fund V. Standard & Poor's Fin,. Servs., 700 F. 3d 829, 844 (6th Cir. 2012); Kuehl V. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) - Complaint was dismissed because Ps never properly amended complaint despite order to conform to concise pleading requirements of FRCP8(a).

fully aware of the deficiencies of their complaint and what would be needed for me to properly evaluate and consider or defend myself against these claims.

Then again, in our second **Status Conference, November, 30 2021** they were spoon fed the objective by The Court "...But just to make sure that we're not going through the entire process... only to have the Plaintiff come back and say, look, any dismissal should be without prejudice for us to replead with new facts...I think there's been enough of a preview of what the defense arguments will be that the Plaintiffs should have a decent sense of whether that's something they are interested in or not at this point." (Nov 30, 2021 Tr. at 7). To which Mr. Glazer responded "we do not believe it would be productive at this time to amend the complaint in any way. We think that the allegations, the fact allegations, in the complaint are sufficient to support the causes of action." (Nov 30, 2021 Tr. at 7). Your Honor continued to extend a generous opportunity "What about the group pleading allegation?... But just to be clear, you do not wish the 30 days that I would give you at this point to amend for that reason or any other?" (Nov 30, 2021 Tr. at 8-9). [That was 17 months ago].

**February 17, 2022, the Court instructed Plaintiffs to file an amended** complaint. Three months passed. The plaintiffs wrote a SAC amended complaint 02/25/22.

**April 2022,** the parties completed briefing Defendants' motions to dismiss the First Amended Complaint.

**February 1, 2023,** the Court heard oral arguments on Defendants' motions to dismiss. [This is 17.5 months since the 1st letters were written outlining the many deficiencies and issues with this complaint.] Two predicate acts were still missing. I was dismissed from Count 1 by the Plaintiff's on the spot. The Court, with the concern of unfairly dismissing the Complaint based on technicality (Feb. 1 Tr. at 124-125), has given the Plaintiff's yet another opportunity to try to cure the deficiencies. Yet, "Without any explanation as to why these new theories were not seasonably advanced, the delay in formulating them looms large." In a similar case, it was concluded that "the

district court acted within the realm of its discretion in denying leave to amend."[4] "We have said before, and today reaffirm, that when "a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Hayes v. New Eng. Millwork Distribs., Inc.*, 602 F.2d 15, 19–20 (1st Cir.1979)" *Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390-91 (1st Cir. 2013)

The distinct information that has been added to the PTAC is irrelevant, false and/or prejudicial[5] which adds to my concern that this undue delay, lack of proactive research, shotgun approach and inability to cure are futile and in bad faith, rather than born of innocent incompetence and neglect, which though inconsiderate and wasteful of all of our time and resources, would be important to allow in order to try this case based on its merits. However, Plaintiffs seem to be "scrambling to devise new theories of liability" by any means, even at the price of continuing to fabricate information to protect their previously asserted fabrications. [6]

Though the Plaintiffs argue "A District Court may not deny amendment for the reason that the plaintiff declined at a premotion conference to "cure deficiencies not yet fully briefed and decided"—even if the District Court determines that the plaintiff was put on "fair warning" of the defendants' arguments by premotion letters and the premotion conference." Loreley Financing (Jersey) No. 3 Ltd., 797 F.3d at 169, 189–90. "Even if all factors are met…the court must consider the totality of the circumstances." (Nikitine v. Wilmington Trust Co.) I am not a lawyer – but even I can glean from the motions to dismiss 10 months earlier what would have been needed in the SAC.

---

[4] *See, e.g., Villanueva,* 662 F.3d at 127 (in that case only four months had elapsed to substantiate the delay); *Kay v. N.H. Dem. Party,* 821 F.2d 31, 34 (1st Cir.1987) (per curiam) (affirming finding of undue delay when three months had elapsed)."

[5] I review all new and distinct additions made by the PTAC from the FAC and SAC here - PTAC Violates Rule FRCP 8(a)(2), FRCP 8(d) (1): Adds Prejudicial and Irrelevant Extraneous Information to Try to Cure Deficiencies

[6] *Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1, 4 (1st Cir.1983); *see Hayes,* 602 F.2d at 20 -"A court reasonably could have concluded-as the district court did —that [The Plaintiffs' are] scrambling to devise "new theories of liability [ ] based on the same facts pled in his original complaint," – theories that could and should have been put forward in a more timeous fashion." (O'conner citation)

The Court has continued to make the plaintiff attorneys aware of the need for amendment, but that doesn't mean that they were not or should not have been aware for all of these months. If the issue was easily remedied it would have been done in a reasonable period of time. However, even after 17 months of time, at Oral Arguments, the plaintiffs could not state 2 valid predicate acts to tie me to this fabrication of an enterprise. This reeks of bad faith and dilatory motive by the movant. Foman, 371 U.S. at 182; EMC corp., 393 F.3d at 595. The question remains - why wait this long? Why use such a shot gun approach and add so many unsubstantiated claims that hurt innocent people's reputation and livelihood that have now been dropped?

## B. FRIVOLITY

The Plaintiffs have a record in this case of bringing unsubstantiated charges through shotgun pleading - "just throwing a whole bunch of spaghetti at the wall, over hundreds of paragraphs..." (Feb. 1 Tr. at 123; 10-18). When challenged by Dr. Porter and myself the Plaintiffs had no actual predicate acts to link us to this egregious RICO Count they alleged[7]. Again, I am not a lawyer - but this approach indicates to me reckless frivolity, verging on rule 11 violation. That individuals can bring such egregious charges, unsubstantiated, that can destroy another persons' hard earned reputation and livelihood is sickening to me.

## C. REPEATED FAILURE TO CURE DEFICIENCIES

The Plaintiffs argue against the futility of their PTAC stating "The Proposed Complaint (i) alleges additional facts not included in the prior complaints that support Plaintiffs' claims and (ii) clarifies Plaintiffs' legal theories. Many of Plaintiffs' claims are, moreover, strongly supported by the

---

[7] When challenged by Dr. Porter and myself the Plaintiffs had no actual predicate acts to link us to this egregious RICO Count they alleged. When challenged by the court to "articulate that [Fraud charges] with particularity" the Plaintiffs dropped the Fraud charges, "...the PTAC eliminates Plaintiffs' peonage claim under 18 U.S.C. § 1581." (202-1 PTAC at 2). "When challenged by The Court and Defense, Plaintiffs who were not recruited into DOS or exo/exo plaintiffs...dismissed sex trafficking claims and forced labor claims against all Defendants. Additionally, the sex trafficking count against Defendant Sara Bronfman has been dropped." (202-1 PTAC at 2 footnote).

criminal proceedings. See Ex. A, ¶ 202 (alleging Raniere liable under RICO for same conduct underlying his RICO conviction)." (202-1 pg 7 - Memorandum in support of Plaintiff's motion for leave to file an amended complaint.)

**1. TAC Violates Rule 8:** Still Fails to Make a Short and Plain Statement of the Complaint Against Me. I was lumped into this pleading, based on... I'm not sure what. Any additional information that has been added is irrelevant, or clearly nonfactual failing to cure the requirements of FRCP 8(a) and 12(b)6). In addition, their process is dishonest, prejudicial to me and points to bad faith.

First, As previously stated in my motion to dismiss, I was not convicted nor even indicted throughout our Federal Government's exhaustive investigation in the U.S. v Raniere case, upon which, as cited above, The Plaintiffs substantiate a large part of their complaint. It seems they now trying to establish a connection that FBI agents (the "best" in our country were not concerned existed between me and this alleged criminal enterprise). I was informed in proffer sessions with Ms. Moria Penza herself that I was a mere witness in their investigation, not even a subject, much less a target. The criminal trial itself is not only an unreliable, dishonest measure upon which for them to hang their hat, but an indictment on their character and willingness to hurt innocent people in their pursuit. However even if it were a fair and respectable trial and source of basis – I was not included.

Second, The Plaintiffs were forced to to drop Count 1(Feb. 1 Tr.), acknowledging I was never a part of the RICO claim that they had originally asserted.

Their last recourse is to try to show I had knowledge of and supported the alleged egregious criminal behavior. I was a second line member restricted to and limited to the information the 1st line gave me and of the same circumstance as the plaintiffs. For them to allege that I had additional knowledge of a criminal enterprise I was supporting at the time of the brandings in 2016 and 2017 does not raise this PTAC to a level above speculation.

Though the Plaintiffs do add additional information in the PTAC as compared to the SAC there is very little substantive change. What they add to try to make this connection of knowledge and support is speculative at best, irrelevant or nonfactual, and some even prejudicial in nature (see below). As such they fail to cure the deficiencies of Rule 8 and 12(b)(6) raised in my previous correspondences and motion to dismiss. (O'Connor's Federal Rules, Civil Cases 2022, pg. 262).[8] This TAC would not survive a motion to dismiss based on this.

## 2. PTAC Violates Rule FRCP 8(a)(2), FRCP 8(d) (1): Adds Prejudicial and Irrelevant Extraneous Information to Try to Cure Deficiencies:

**Additions that are speculative at best**: "A complaint may be dismissed when (1) it does not show a right to relief beyond mere speculation or (2) it states acclaim for relief from which not more than a mere possibility of misconduct can be inferred. (O'Conner 245 – See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

1. TAC at 85; 245, "Defendant Roberts' Acts Evincing Her Knowing Agreement to Facilitate the Enterprise: Defendant Roberts' actions evincing her knowledge of the conspiracy and agreement with co-conspirators to facilitate it, include branding DOS victims' pubic regions without their informed consent [addressed below under subsection: *Additions that are irrelevant and/or prejudicial to me:*]; continuing to promote DOS well-after the details of DOS-related crimes came to light." To address the later "act" of promoting DOS well-after the details of DOS-related crimes came to light. There is no particularity at all around this statement. Who, what, when, where and how are all missing. This fails to raise the connection beyond mere speculation, and doesn't cure deficiencies.

---

[8] See David v. Ruby Foods, Inc., 269F. 3d 818, 820-21 (7th Cir. 2001) (dicta), Hearns v. San Bernardino Police Dept., 530 F. 3d 1124, 1131 (9th Cir 2008)).

2. Plaintiffs state in the PTAC 107, "DOS was a sex trafficking pipeline operated and furthered by Raniere, members of the Inner Circle…and Defendant Roberts to provide Raniere with sexual prey and "slaves" who would perform uncompensated labor," Certainly this statement alone is not indicative of any action or knowledge of these horrific allegations above speculation. Similarly, as compared to SAC 68, the PTAC adds only "she was specially commissioned by Raniere…". Again providing no basis of "knowledge and support" beyond their mere assertion of such.

**Additions that are irrelevant and/or prejudicial to me:**

1. PTAC 122 - "…branded women without obtaining their informed consent. This was a severe deviation from the standard of care…" "Roberts admitted that she never obtained such (informed medical) consent." These facts are irrelevant. Medical informed consent is not needed between two adult parties to have consent to the activity, and shows no foundation for knowledge of anything bad occurring between consenting parties at that time, much less sex trafficking or human trafficking. It is also highly controversial that branding is a medical procedure at all. Certainly at the time of the branding this connection was not established, and medical informed consent was not necessary to infer or obtain verbal consent between parties.[9]

2. TAC pg 46 - 122 shares "The OPMC also held that 'informed consent must be voluntary and not in connection with coercion under the threat of disclosure of personal and potentially damaging or destructive collateral' and characterized Roberts conduct as 'medically reckless.'" This is irrelevant and prejudicial to me. The OPMC opinion of my medical skill has nothing to do with my knowledge of criminal intent. The choice of women (including myself) to give collateral also does not insinuate criminal intent or my knowledge of any.

---

1. [9] 05-22-2019 LSalzman Part 4 - USA v RANIERE 1620; 22-25. 1621; 1-7 - brand was part of enrollment - they knew about it and consented, knew it was not a tattoo 1718; 21-25. I went through this exact process and assumed they did too.

3. PTAC 122 "Furthermore, Roberts *intentionally concealed* a known fact and never informed the women she branded that the brand was KAR to represent Raniere's initials or that it would measure two inches by two inches."53 This is categorically false. "Intentionally concealing" is an embellishment of the quoted text from my testimony in my medical hearing and is prejudicial to me. Not informing (because it wasn't my role to but their masters) and intentionally concealing are two very different things. Each woman also had a stencil applied with the exact size before the branding took place at all.[10] Again this is irrelevant (shows no tie to me knowing about any criminal intent) and is prejudicial to me.

**Additions that are outright lies or falsehoods (or irrelevant) and insinuate bad faith:**

1. Separately, Plaintiffs claim "As a member of DOS, Roberts knew that DOS members were not told that they would be branded when they were recruited into DOS..." (PTAC 46/47). This fact is verifiably false (05-22-2019 LSalzman Part 4 - USA v RANIERE 1620; 22-25. 1621; 1-7). As testified to here, the brand was an explicit part of the enrollment process into DOS. Members knew about it and consented. They knew it was not a tattoo 1718; 21-25. I went through this exact process and assumed they did too. Not only does this assertion not verify my knowledge of any commercial sex act, but it is categorically false. The Plaintiffs continue this statement: "...that they [members] were not told that the brand was Raniere's initials..." This assumes the only option to receive a brand with someone's initials is for the purpose of ownership in a commercial sex act. Certainly, people choose to have the initials of their loved ones branded on them for many other reasons besides this, and there are no law indicating being branded with someone's initials means you are their property. This makes no meaningful connection that I knew and supported furthering an act to sell my friends into sexual slavery at the time of the brandings. They finish the statement, "...and that all DOS members had provided collateral and therefore could not consent to the branding." At the time of the

---

[10] (U.S v. Raniere 2198; 13-15 stenciling showed size explicitly before branding ever commenced. No one thought they were going to get a small tattoo Id. 2198; 19-24).

branding I had consented to giving collateral and to receiving a brand. I assumed all other women who choose to join dis as well, and that women had the agency to make their own decisions. At that time there was no media narrative or legal processes spun to tell me any differently. Again, no meaningful connection to knowledge or furthering of a sex trafficking ring or forced labor camp.

2. "Roberts admitted to the OPMC that she purchased the electrocautery device, that she knew that the brand was KAR to represent Raniere's initials, and that Raniere was the grandmaster to the First Line Masters who were his slaves" (PTAC). This, also shows no knowledge of any sex trafficking or forced labor scheme. I can guarantee Sarah Edmondson also knew Keith was involved before she chose to give any collateral at all as a green in the organization (with much more insight than I would have had as a 0 Stripe Coach).

3. Based upon these additions The Plaintiffs assert, "She [me] knew or should have known that DOS First Line Masters and Defendant Raniere were engaged in sex trafficking because she was a member of DOS specially deputized by Keith Raniere to brand DOS members with his initials—a mark of their sexual servitude and Defendant Raniere's predation" (PTAC). They claim "specially deputized" but show no conversation, texts, or anything substantial that show I had any knowledge at the time of anything sinister or even sexual in nature. On the contrary, I had been told at the time the brand served as "a reminder for women of their commitment to themselves and their sisters when things get hard and they want to bail on themselves, of it's symbology of the elements and chakras and tribute to the founding members KR and AM that will honor them a century from now when the organization has helped grow thousands of women." Certainly, "sexual servitude to a predator" can't be the only meaning a symbol containing anothers' initials can hold? Seems I was misinformed as well[11]

---

1. [11] (U.S v. Raniere Tr. 2171; 6-16) testimony reveals symbol was not intended to include AM's initials for Allison Mack).

4. Based on FRCP 8(d)(1), "motion to dismiss was granted when the fourth amended complaint continued to contain lengthy, irrelevant, and scattershot assertions of fact that were not clearly or properly aligned with the legal claims that appeared randomly throughout the 78-page pleading". (O'Connor's Federal Rules, Civil Cases 2022, pg. 262, *See* Jiggetts v. District of Columbia, 319 F.R.D. 408, 413-14 (D.D.C. 2017). Based on this The Plaintiffs' PTAC would never survive dismissal and leave to amend should be denied on that basis.

### 3. TAC Doesn't Meet Requirements for Rule 12(b)(6) - It Fails To State a Claim Against Me Upon Which Relief Can Be Granted.

Despite the undue time, multiple opportunities, embellishments and lies Plaintiff's still fail to state a claim that substantiates all of the elements of a rico case that will meet the requirements of Twombly and Iqbal upon which relief can be granted (violates rule 12(b)(6)).

1. Civil RICO claim, Count 1 Dismissed
   a. No Predicate Acts
   b. No Connection to Criminal RICO Trial, U.S. v. Raniere
2. Civil RICO Conspiracy
   a. Failure to Factually Allege Knowledge and/or Support of Criminal Enterprise
   b. All additons form PTAC discussed and debunked in previous section: **PTAC Violates Rule FRCP 8(a)(2), FRCP 8(d) (1): Adds Prejudicial and Irrelevant Extraneous Information to Try to Cure Deficiencies**

The issue remains the complaint doesn't contain enough factual material to raise a right to relief above the speculative level (O'Conner 241, *See* AShcroft v. Iqbal, 556 U. S. 662, 678(2009); Bell Atl.Corp. v. Twombly, 550 U. S. 544, 555-56 (2007)) resulting in futility. (O'Connor' federal rules, Civil trials 2022 pg. 425 note). "A motion to dismiss under FRCP 9(b) is in essence a motion to

dismiss under FRCP 12(b)(6). The who, what, when, where, and how of my knowledge and support of the alleged criminal enterprise are still missing, and would survive dismissal on these grounds as well. (see Cincinnati Life Ins., 722 F3d at 948; U.S. v. Medco Health Solutions, Ic., 671 F.3d 1217 (11th Cir. 2012).]

In ruling on an FRCP 12(b)(6) motion, the court, must (1) Identify allegations that, because they are merely conclusions, are not entitled to an assumption of truth [out lined for the Court above in section "PTAC Violates Rule FRCP 8(a)(2), FRCP 8(d) (1): Adds Prejudicial and Irrelevant Extraneous Information to Try to Cure Deficiencies"] and (2) consider the factual allegations to determine if they plausibly suggest a claim for relief.[12] "Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in the complaint will not defeat an FRCP 12(b)(6) motion.[13] [14] [15] [16]

---

[12] Iqbal, 556 U.S. at 679; Moss v. U. S. Secret Serv., 572 F3d 962, 970 (9th Cir. 2009); See Body by Cook, Inc., v. State Farm Mut. Auto. Ins., 869 F3d 381, 385 (5th Cir. 2017).

[13] (O'Conner 245 - footnote - See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555; Brooks v.Ross, 578 F.3d 574, 581 (7th Cir 2009); Crowning v. Clinton, 292 F. 3d 235, 242 (D.C.Cir.2002); Fernandez-Cir.2014); Nemet Chevrolet, Ltd.v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

[14] Conye v. City of Sommerville, 972 F. 2d 440, 444-45 (1st Cir. 1992) - P did not allege specific instance of unlawful discrimination supporting his equal-protection claim *P here do not allege specific instances of knowing or supporting sex trafficking or forced labor

[15] Royal Bus. Frlp. V. Realist, Inc. 933 F.2d 1056, 1065-66 (1st Cir. 1991); Passiglia v. Northwell Health, Inc., 252 F. Sup. 3d 129, 137-38 (E.D.N.Y 2017) 1. The P did not allege facts sufficient to support a claim of fraud.

[16] "The Court should dismiss under the FRCP 12(b)(6) if the plaintiff has not provided both fair notice of the nature of the claim and plausible factual allegations to support the claim." (O'Conner 245) - **see foot note** - Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson v. Pardus, 551 U.S. 89, 93 (2007)' Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-556 & n.3 (2007); Doe v. Columbia-Brazoria ISD, 855 F. 3d 681, 685-86 (5th Cir. 2017); Foley v. Wells Frago Bank, 772 F. 3d 63, 71-72 (1st Cir. 2014).

### D. AMENDMENTS ARE FUTILE

They have had multiple attempts in an untimely period and still fail to cure. Based on my assertions and the case law above, If granted (the PTAC) would not withstand a motion to dismiss (O'Connor's FEderal Rules, 424). This PTAC is futile in regards to my involvement and leave to amend should be denied.

### E. AMENDED CHARGES AGAINST ME ARE MADE IN BAD FAITH

Explaining that bad faith requires "something more than mere delay or inadvertence" and that "a court may not infer bad faith solely from the fact that a party may have had evidence to support a proposed amendment earlier in the litigation" *See Qanouni*, 2021 WL 9036182, at *7

I think it's very clear based on the facts I have included above that the Plaintiffs are acting in bad faith. If they are willing to participate in the unethical behavior I have outlined above they are quite capable of bringing charges against me in bad faith to protect their previous lies. Furthermore, it may be legal (though I believe unethical) for criminal prosecutors to intimidate, threaten, and lie to civilians and their families to try to induce a plea, it is wholly illegal for civil prosecutors to do this. Their dishonest and violent behavior towards me, my reputation and livelihood are herein noted.

I recognize that leave to amend should be "freely give[n]" in instances in which "justice so requires." Fed.R.Civ.P. 15(a)(2). The purpose of these rules (8 and 15) is to "focus the litigation on the merits of the claim…" (O'connor's federal rules, civil trials 2022 pg.261) (also read Swierkiewicz, 534 U.S. at 514), and I agree. As much as I would love to have this dismissed from my life even on technicalities, it is more important to be sure I haven't hurt someone inadvertently or done something negligent that hurt another. It is equally important to be sure that others aren't doing that to me (or others). Their failure to cure despite multiple attempts, adding of embellished and non-

factual information to try to cure, and their outright dishonest, unethical behavior, leads me to believe their attempts are not only futile but made in bad faith.

In this case, despite undue delay, multiple opportunities to cure, frivolous and dishonest claims, the deficiencies in the PTAC remain wholly uncured. The PTAC is futile and smacks with bad faith.

## CONCLUSION

Respectfully Judge, for the above reasons, I request The Court deny Motion for Leave to Amend the SAC relating to my involvement. I also humbly request, as a layperson, the option of a sir reply in response to The Plaintiffs reply. Thank you, your Honor.

Respectfully submitted,

/s/ Danielle Roberts
Danielle Roberts
620 38th Street
Union City, NJ 07087
516.480.1700