UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SARAH EDMONDSON, et al.,

               Plaintiffs,

  v.

KEITH RANIERE, et al.,

               Defendants.

20-CV-485-ERK-CLP

---

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
SARA BRONFMAN'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii
ARGUMENT ........................................................................................................................ 1
I.    THE TAC'S STATE LAW CLAIMS (COUNTS IV AND VII) FAIL ........................ 1
II.   THE TVPRA CLAIMS (COUNTS III(C) AND III(D)) FAIL ..................................... 5
III.  THE RICO CLAIMS (COUNTS I AND II) FAIL ......................................................... 7
CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anora v. Oasia Prof'l Mgmt. Grp. Ltd..*,
   2021 WL 11114539 (S.D.N.Y. Aug. 31, 2021)..................................................................5

*Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*,
   2000 WL 1694322 (S.D.N.Y. Nov. 13, 2000)..................................................................10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................................1

*Cargill Soluciones Empresariales, S.A. de C.V., SOFOM, E.N.R. v.
   Desarrolladora Farallon S. de R.L. de C.V.*,
2017 N.Y. Slip Op. 31650(U) (N.Y. App. Div. 2017) .........................................................2

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
   511 U.S. 164 (1994)..........................................................................................................9

*Jingyu Chen v. Yong Zhao*,
   2022 WL 917575 (S.D.N.Y. Mar. 28, 2022) .....................................................................6

*Coggins v. Cnty. of Nassau*,
   2008 WL 2522501 (E.D.N.Y. June 20, 2008) ...................................................................2

*Crawford v. Franklin Credit Mgmt. Corp.*,
   758 F.3d 473 (2d Cir. 2014)............................................................................................10

*D'Amico v. Waste Mgmt. of N.Y., LLC*,
   2019 WL 1332575 (W.D.N.Y. Mar. 25, 2019)..................................................................4

*David v. Weinstein Co.*,
   2019 WL 1864073 (S.D.N.Y. Apr. 24, 2019)....................................................................3

*Dayton Monetary Associactes v. Donaldson, Lufkin Jenrette Securities Corp.*,
   1995 WL 43669 (S.D.N.Y. Feb. 2. 1995) .........................................................................9

*Demirovic v. Ortega*,
   2016 WL 11472745 (E.D.N.Y. Sept. 15, 2016) ................................................................8

*Fazi v. United States*,
   935 F.2d 535 (2d Cir. 1991)..............................................................................................3

*Franzone v. City of N.Y.*,
   2015 WL 2139121 (E.D.N.Y. May 4, 2015) .....................................................................7

*Estate of Gottdiener v. Sater*,
   35 F. Supp. 3d 386 (S.D.N.Y. 2014)..................................................................................10

*Hanly v. Powell Goldstein, L.L.P.*,
   290 F. App'x 435 (2d Cir. 2008).........................................................................................1

*Hecht v. Commerce Clearing House, Inc.*,
   897 F.2d 21 (2d Cir. 1990)................................................................................................10

*Kennedy-Bifulco v. Town of Huntington*,
   2010 WL 6052343 (E.D.N.Y. Oct. 29, 2010)......................................................................2

*Liang v. Home Reno Concepts LLC*,
   2018 WL 4954162 (E.D.N.Y. Oct. 12, 2018)......................................................................8

*Manhattan Enter. Grp. LLC v. Higgins*,
   816 F. App'x 512 (2d Cir. 2020).........................................................................................1

*Mayer v. Cornell Univ.*,
   1997 WL 32916 (2d Cir. Jan. 8, 1997) ...............................................................................4

*MLSMK Invs. Co. v. JP Morgan Chase & Co.*,
   737 F. Supp. 2d 137 (S.D.N.Y. 2010).................................................................................9

*Moss v. Morgan Stanley, Inc.*,
   719 F.2d 5 (2d Cir. 1983)....................................................................................................7

*Myers Indus., Inc. v. Schoeller Arca Sys., Inc.*,
   171 F. Supp. 3d 107 (S.D.N.Y. 2016).................................................................................3

*Rabin v. Dow Jones & Co.*,
   2014 WL 5017841 (S.D.N.Y. Sept. 23, 2014)....................................................................3

*Schwartzco Enters. LLC v. TMH Mgmt., LLC*,
   60 F. Supp. 3d 331 (E.D.N.Y. 2014) ..................................................................................3

*Stein v. World-Wide Plumbing Supply Inc.*,
   71 F. Supp. 3d 320 (E.D.N.Y. 2014) ..............................................................................6, 7

*Tacopina v. O'Keeffe*,
   2015 WL 5178405 (S.D.N.Y. Sept. 4, 2015)......................................................................2

*Tevdorachvili v. Chase Manhattan Bank*,
   103 F. Supp. 2d 632 (E.D.N.Y. 2000) ................................................................................4

*United States v. Rastelli*,
   870 F.2d 822 (2d Cir. 1989)................................................................................................9

*Winters v. Jones*,
  2018 WL 326518 (D.N.J. Jan. 8, 2018) ...................................................................................8

**Statutes**

18 U.S.C. § 2 ..............................................................................................................................10

18 U.S.C. § 1589(b) ..................................................................................................................4, 5

**Other Authorities**

Rule 8 ............................................................................................................................................1

Rule 9(b) ....................................................................................................................................8, 9

Rule 12(b)(6) .................................................................................................................................2

Plaintiffs have had three opportunities to state a claim against Sara Bronfman.[1] Their Third Amended Complaint, while better organized, does no more than paper over the core deficiencies in the three prior versions of Plaintiffs' complaint. The TAC fails to allege <u>facts</u> relating to Sara Bronfman to support any of the boilerplate elements alleged. This is unsurprising, as the TAC repeatedly relies on allegations from criminal proceedings — which had been fully adjudicated prior to Plaintiffs' filing of prior complaints and in which Sara Bronfman was never indicted or prosecuted — as the source of many of its factual allegations. *See, e.g.*, TAC ¶¶ 7 & n.2, 8, 113-114, 116, 289. As the TAC lacks the requisite factual allegations about Sara Bronfman, it must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").[2]

## ARGUMENT

### I. THE TAC'S STATE LAW CLAIMS (COUNTS IV AND VII) FAIL

The TAC asserts a malicious prosecution/use of process (Count IV) and gross negligence claim (Count VII) against Sara Bronfman. Both should be dismissed.

***Malicious Prosecution/Use of Process (Count IV).*** Count IV suffers from substantially the same flaws as its predecessor iterations. In order to survive a motion to dismiss, Toni Natalie — the only plaintiff asserting these claims — must allege action <u>by</u> Sara Bronfman, *i.e.*, factual allegations regarding "how Defendants used court process after its issuance to cause grievous harm

---

[1] Citations to "SB Mem." are to the Memorandum of Law in Support of Sara Bronfman's Motion to Dismiss the First Amended Complaint (ECF No. 161-1); to "SB Reply" are to the Memorandum of Law in Support of Sara Bronfman's Motion to Dismiss the First Amended Complaint (ECF No. 169-5); to "SB Opp." are to Sara Bronfman's Opposition to Plaintiffs' Motion for Leave to File a Third Amended Complaint (ECF No. 205); and to "Pls. Reply" are to Plaintiffs' Omnibus Reply in Further Support of Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 214). Citations and references to the "SAC" are to Plaintiffs' Second Amended Complaint (ECF No. 152) and to the "TAC" are to Plaintiffs' Third Amended Complaint (ECF No. 215). Unless stated otherwise, all alterations and emphases are added and all internal citations and quotation marks are omitted.

[2] As discussed *infra*, the TAC also engages in impermissible group pleading, which is fully briefed in the SB Opp. at 4-7 (discussion of Rule 8 dismissal).

to" the plaintiff or "what words were spoken or what actions were taken. . . to assist or encourage" prosecution. *Manhattan Enter. Grp. LLC v. Higgins*, 816 F. App'x 512, 514 (2d Cir. 2020); *Hanly v. Powell Goldstein, L.L.P.*, 290 F. App'x 435, 440 (2d Cir. 2008). The TAC contains no such allegations as to Sara Bronfman. Instead the TAC tries to circumvent the lack of factual support with respect to Sara Bronfman by once again engaging in group pleading: "[t]he Count V [*sic*] Defendants inserted themselves" into Toni Natalie's bankruptcy proceedings. TAC ¶ 297. Not only is there no factual support for the claims against Sara Bronfman, the facts that are pled identify others as the primary decision makers who "directed this abuse of the legal system." TAC ¶ 299; *see also* TAC ¶¶ 182, 185. Indeed, Sara Bronfman's name is mentioned only once in the section of the TAC detailing alleged misuse of the legal system, in a parenthetical identifying Edgar Bronfman as "Clare and Sara's father" (TAC ¶ 189). *See* TAC ¶¶ 182-89.[3]

Natalie's claims also fail for lack of special damages. *See* SB Mem. at 35; SB Reply at 25 n.18; *Coggins v. Cnty. of Nassau*, 2008 WL 2522501, at *14 n.11 (E.D.N.Y. June 20, 2008) ("[S]pecial damages are a necessary element of claims for malicious prosecution and abuse of process."). The TAC lists garden variety financial damages and then labels them "special injury," (TAC ¶ 300), in a flawed attempt to meet the governing standard. *Compare* TAC ¶ 300 (alleging damages "including financial expenses associated with defending herself in the litigation and psychological harm flowing from the pattern of abusive litigation") *with Tacopina v. O'Keeffe*, 2015 WL 5178405, at *4 (S.D.N.Y. Sept. 4, 2015) (collecting cases holding, respectively, that claims (i) for attorneys' fees, (ii) for damages stemming from "the physical, psychological, or

---

[3] Briefing on earlier iterations of Plaintiffs' complaint explained that financing legal efforts does not support an abuse of process claim. *See* SB Mem. at 34 (citing *Cargill Soluciones Empresariales, S.A. de C.V., SOFOM, E.N.R. v. Desarrolladora Farallon S. de R.L. de C.V.*, 2017 N.Y. Slip Op. 31650(U), ¶ 20 (N.Y. App. Div. 2017)).

2

financial demands of defending a lawsuit," and (iii) for "expenses incurred in the defense of the legal process" did not constitute special damages).[4]

***Gross Negligence and Recklessness (Count VII).*** Plaintiffs' gross negligence and recklessness claim, premised on alleged medical treatment and experimentation performed on three plaintiffs (the "Count VII Plaintiffs") via the Ethical Science Foundation ("ESF"), must also be dismissed against Sara Bronfman. To state a claim for gross negligence, Plaintiffs must plead the elements of negligence (including a duty of care owed to the plaintiffs), as well as conduct that "evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 355-56 (E.D.N.Y. 2014). The TAC lacks factual support to allege that Sara Bronfman owed the Count VII Plaintiffs a duty of care or acted with a reckless disregard of that alleged duty.

A duty of care to control the conduct of third persons to prevent them from harming others arises only in the context of a special relationship. *David v. Weinstein Co.*, 2019 WL 1864073, at *6-7 (S.D.N.Y. Apr. 24, 2019). Special relationships have been relegated to "quite narrow settings": master-servant, parent-child, common carrier-passenger, landlord-tenant, innkeeper-guest, and employer-employee. *See Fazi v. United States*, 935 F.2d 535, 539-540 (2d Cir. 1991); *Rabin v. Dow Jones & Co.*, 2014 WL 5017841, at *2 (S.D.N.Y. Sept. 23, 2014).

The TAC attempts to create a special relationship between Sara Bronfman and those performing the procedures at issue by alleging not only that she co-founded and funded ESF — an

---

[4] While the TAC is almost completely silent on the timing of Natalie's bankruptcy proceedings, it cites one docket entry from 1999 and states that Natalie was "targeted" for over eight years. TAC ¶ 185 & n.77. The statute of limitations for both abuse of process and malicious prosecution claims is one year. *See* SB Mem. at 8; *Kennedy-Bifulco v. Town of Huntington*, 2010 WL 6052343, at *12 (E.D.N.Y. Oct. 29, 2010). Count IV can therefore also be dismissed on plausibility grounds. *See* SB Mem. at 7-8; *Myers Indus., Inc. v. Schoeller Arca Sys., Inc.*, 171 F. Supp. 3d 107, 115 (S.D.N.Y. 2016) ("Rule 12(b)(6)'s plausibility standard applies equally to motions to dismiss based on a statute of limitations defense.").

3

allegation included in earlier iterations of the complaints — but also by alleging for the first time that she purportedly "operated" it. *Compare* SAC ¶¶ 72, 624, 878, 882 *with* TAC ¶¶ 30, 32, 82, 241. Not surprisingly, the TAC offers no factual support for this purported operational role: it does not allege much less detail whether she made hires, designed experiments, reviewed treatments, sought accreditation, spoke with or recruited patients, or performed any other tasks. It does, however, allege that <u>other</u> individuals "direct[ed]" the alleged "treatment" at issue (TAC ¶ 15), "sponsored" individuals' travel to Albany for treatment (TAC ¶ 82), and "recruit[ed] subjects for the experiments" (TAC ¶ 86). Beyond the insertion of the word "operated," no facts have been added to the TAC and there is thus no basis for the claim against Sara Bronfman.[5] *See* SB Mem. at 27-30; SB Reply at 21-23.

Nor does the TAC allege any new facts suggesting recklessness on the part of Sara Bronfman. Recklessness in the context of a gross negligence claim means "an extreme departure from the standards of ordinary care, such that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *D'Amico v. Waste Mgmt. of N.Y., LLC*, 2019 WL 1332575, at *8 (W.D.N.Y. Mar. 25, 2019). It requires "specific and particular allegations of extreme wrongdoing." *Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 644 (E.D.N.Y. 2000). The TAC does not contain any factual allegations suggesting that Sara Bronfman knew about the treatments at issue or how she should have known of the purported danger they posed.[6]

---

[5] Merely providing funding is insufficient to allege a special relationship. *See* SB Mem. at 29 (citing *Mayer v. Cornell Univ.*, 1997 WL 32916, at *3 (2d Cir. Jan. 8, 1997) (summary order)).

[6] In contrast, the TAC alleges that four other individuals decided to proceed with the experiments after being warned that they were not compliant with relevant protocols. TAC ¶ 83.

## II. THE TVPRA CLAIMS (COUNTS III(C) AND III(D)) FAIL

The TAC presses two claims against Sara Bronfman under the Trafficking Victims Protection Reauthorization Act ("TVPRA"): a forced labor claim on behalf of Camila (Count III(C)) and conspiracy to violate the TVPRA (Count III(D)).

***Forced Labor.*** To state a forced labor claim under 18 U.S.C. § 1589(b), Plaintiffs must allege, among other things, that Sara Bronfman "knowingly benefit[ed]" from participation in a venture while "knowing or in reckless disregard of" its use or provision of forced labor. 18 U.S.C. § 1589(b). The TAC fails to allege that Sara Bronfman received a benefit from Camila's alleged forced labor or that she had the requisite knowledge of Camila's alleged forced labor.

The TAC alleges that Camila performed uncompensated "babysitting and teaching in RCG, which Defendant Sara Bronfman created and funded." TAC ¶ 278. This single sentence is the only factual allegation against Sara Bronfman. It manifestly fails to sufficiently allege if, when, and how Sara Bronfman received a benefit from Camila's alleged forced labor. To determine whether a plaintiff has adequately pled the requisite "benefit," courts consider whether the alleged benefit was dependent on or related to the alleged underpayment of the plaintiff. *Anora v. Oasia Prof'l Mgmt. Grp. Ltd..*, 2021 WL 11114539, at *2 (S.D.N.Y. Aug. 31, 2021). The TAC alleges merely that Sara Bronfman "operated and financed" Rainbow Cultural Garden ("RCG"), but it does not — because it cannot — connect that purported role to either a benefit received from Camila's alleged forced labor or to suggest that it was dependent on Sara Bronfman's alleged role at RCG (and the TAC lacks a factual basis to suggest any temporal overlap between these two purported roles).

In the alternative, the TAC alleges that Sara "knew or should have known" or recklessly disregarded that the alleged venture "labor trafficked Camila" "because she was the creator and funder of RCG, where Camila worked, and a member of the Inner Circle." TAC ¶ 279. The TAC

5

mentions a connection between Camila and RCG only once in its factual allegation section, stating that former defendant Nancy Salzman informed Camila at an unspecified time that "she could not be paid for her work including her hours worked at RCG." TAC ¶ 72. In the counts section, the TAC makes generalized allegations stating that Camila taught and babysat in RCG. *See, e.g.* TAC ¶ 278. It does not state which RCG center Camila worked in or when, who Camila interacted with besides Nancy Salzman, who supervised her, who purportedly refused to pay her, and, most crucially, how Sara Bronfman was or should have been aware of any of that activity. *See Jingyu Chen v. Yong Zhao Cai*, 2022 WL 917575, at *5 (S.D.N.Y. Mar. 28, 2022) (dismissing forced labor claims where plaintiff failed to plausibly allege how she had "bolstered" defendants' business or explain how defendants knew or should have known that she was enslaved).

***Conspiracy to Violate the TVPRA.*** To state a claim for TVPRA conspiracy, a complaint must allege "an agreement to violate" the TVPRA. *Stein v. World-Wide Plumbing Supply Inc.*, 71 F. Supp. 3d 320, 330 (E.D.N.Y. 2014). While such an agreement need not be "explicit," "[w]ithout knowledge, it cannot be said that [a] plaintiff has adequately stated a conspiracy claim." *Id.*

In an attempt to shoehorn Sara Bronfman into portions of the TAC otherwise devoid of any factual allegations about her, the TAC includes her, for the first time, in the "Inner Circle." *Compare* SAC ¶ 259 & n.9 *with* TAC ¶ 3; *see also* SB Mem. at 5. The TAC provides no factual explanation for this regrouping. In briefing, Plaintiffs explain that the Inner Circle "operated as a single group that committed RICO violations" and cite an indictment from criminal proceedings — in which Sara Bronfman had no involvement — to argue that the term "'Inner Circle' was used to denote NXIVM's leadership." *See* Pls. Reply at 3. While the indictment Plaintiffs cite identifies four individuals as members of an inner circle, Sara Bronfman is not one of them. *United States v. Raniere et al.*, 1:18-cr-00204-NGG-VMS (E.D.N.Y. March 13, 2019) ("Raniere Criminal

6

Trial").[7]  Plaintiffs use the term to suggest awareness of alleged trafficking and forced labor activity. *See, e.g.*, TAC ¶ 72 ("members of the Inner Circle" were aware of Camila's immigration status); TAC ¶ 94 (exo/eso's purpose, which was "known to . . . the Inner Circle . . . was to recruit, select, and groom desirable female candidates to engage in sexual conduct for Raniere's gratification."); TAC ¶ 107 ("Although touted as a women's empowerment group . . . DOS was a sex trafficking pipeline operated and furthered by Raniere, members of the Inner Circle (including Sara and Clare Bronfman)"). This is impermissible group pleading, and should be dismissed as such. SB Opp. at 4-5. Plaintiffs provide no factual basis for alleging that Sara Bronfman was aware of the activities of DOS, even expressly acknowledging at times that they are asking the Court to speculate about Sara Bronfman's awareness of alleged trafficking activity. *See, e.g.*, TAC ¶ 181 (based on Sara Bronfman's presence in Albany in 2018, "***it is reasonable to infer*** that she knew about the sex trafficking and extortion"). This falls far short of alleging sufficient knowledge to state a conspiracy claim. *Stein*, 71 F. Supp. 3d at 330.

## III. THE RICO CLAIMS (COUNTS I AND II) FAIL

While (unlike its predecessors) the TAC purports to list the elements of Racketeer Influenced and Corrupt Organizations Act ("RICO") predicate acts allegedly attributable to Sara Bronfman, it lacks the requisite facts to plead both those predicate acts and her knowing agreement in a conspiracy to violate RICO.

---

[7]  The TAC purports to incorporate by reference this indictment, as well as all public filings, transcripts, and exhibits from the relevant criminal proceedings, through a footnote. TAC ¶ 7 n.2. Other trial testimony similarly excludes Sara Bronfman from the purported "Inner Circle," and identifies several Plaintiffs and former defendants in this action as members of the "Inner Circle." *See, e.g.*, Raniere Criminal Trial, May 17, 2019 Testimony of Lauren Salzman at 1564:16-1570:18 (identifying several defendants and Mark Vicente, among other Plaintiffs, as members of the Inner Circle); Raniere Criminal Trial, May 23, 2019 Testimony of Daniela at 2450:12-2451:16 (listing members of the "Inner Circle," including former defendant Lauren Salzman); Raniere Criminal Trial, June 17, 2019 Government Closing Statement at 5289:25-5290:2 (identifying former defendant Lauren Salzman and Plaintiff Mark Vicente as members of the "Inner Circle").

***Predicate Acts.*** To adequately allege a RICO violation, Plaintiffs must plead, among other things, a pattern of racketeering activity. *See* SB Mem. at 10-12; *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983). A complaint alleging RICO must "specify, for each RICO defendant, the commission of two predicate acts." *Franzone v. City of N.Y.,* 2015 WL 2139121, at *8 (E.D.N.Y. May 4, 2015). While the TAC, pursuant to the Court's instructions, now lists Sara Bronfman's alleged predicate acts in "Count I," they are unsupported by factual allegations. TAC ¶¶ 214-18.[8]

For the predicate act of witness tampering, the only facts Plaintiffs added to the TAC are that Sara Bronfman offered Adrian "a substantial sum of money" (as opposed to making "promises of money" (SAC ¶ 771)) to "work on multiple video production projects in France" for a month (as opposed to leaving "the United States and remain[ing] outside of it during Raniere's trial" (SAC ¶ 771)). TAC ¶ 180. These linguistic changes are insufficient to plead a RICO predicate act. *See, e.g.*, *Winters v. Jones,* 2018 WL 326518, at *10 (D.N.J. Jan. 8, 2018) (including one conclusory sentence about witness tampering did not plead a RICO predicate act).

Additionally, predicate acts that sound in fraud — such as the predicate acts of immigration fraud and wire fraud alleged here — must be pled with particularity pursuant to Rule 9(b). *Demirovic v. Ortega*, 2016 WL 11472745, at *9 (E.D.N.Y. Sept. 15, 2016), *aff'd*, 771 F. App'x 111 (2d Cir. 2019). This heightened pleading standard applying to claims sounding in fraud "requires that a plaintiff allege that a defendant acted with scienter - that the defendant possessed a fraudulent intent." *Liang v. Home Reno Concepts LLC*, 2018 WL 4954162, at *6 (E.D.N.Y. Oct. 12, 2018). "[A] plaintiff must provide some minimal factual basis for conclusory allegations of scienter that give rise to a strong inference of fraudulent intent." *Id.* at 7.

---

[8] As explained *supra*, the TAC fails to allege a violation of the TVPRA by Sara Bronfman, and therefore fails to allege a trafficking violation as a predicate act.

8

Plaintiffs' allegations regarding mail and wire fraud and immigration fraud fall far short of providing this basis for a strong inference that Sara Bronfman acted with fraudulent intent. For example, in alleging wire fraud, the TAC assumes that Sara Bronfman may have been responsible for content on a foundation's website because she was allegedly a trustee of that foundation and allege that "[o]n information and belief, Raniere, Sara Bronfman, and Clare Bronfman operated and controlled" the website. TAC ¶ 47 & n. 22; TAC ¶ 50 (similar). Plaintiffs also rely on her alleged positions to suggest motive and opportunity sufficient to support fraudulent intent. *See, e.g.*, TAC ¶ 38 ("[B]oth Clare and Sara Bronfman, as leaders and chief financiers of NXIVM, had knowledge of and influence and control" over NXIVM content); TAC ¶¶ 47-48 (relying on Sara's position as trustee of a foundation to allege knowledge of falsity of statements on the foundation's website); TAC ¶ 50 (similar). None of Plaintiffs' efforts to gloss over the pleading requirements of Rule 9(b) are sufficient to survive a motion to dismiss. *See MLSMK Invs. Co. v. JP Morgan Chase & Co.*, 737 F. Supp. 2d 137, 144 (S.D.N.Y. 2010) ("While it may be true that [the defendants] could have connected the dots" to recognize fraud, the complaint "offers no facts to support the claim that they actually reached such a conclusion.").

Similarly, in their attempt to allege immigration fraud by Sara Bronfman, Plaintiffs do not allege fraudulent intent, citing a section of the TAC that relies on inferences based on Sara's alleged role as a founder and financer of — but admittedly not the head of — RCG. TAC ¶¶ 58-62. Plaintiffs' only substantive update to immigration allegations about Sara Bronfman is to change an allegation that RCG employees "were directed" to maintain multiple sets of books (SAC ¶ 636) to allege instead that Raniere and Sara Bronfman "directed" the head of RCG to maintain multiple sets of books (TAC ¶ 61). Plaintiffs make no attempt to identify new supporting facts, a time period during which Sara Bronfman purportedly directed this fraud, or which Plaintiffs were

harmed by this action (and how). The remaining allegations regarding RCG are substantively similar to those in earlier complaints and fail for the same reasons. *See* SB Reply Mem. at 6-8. The TAC does not allege a pattern of racketeering activity by Sara Bronfman.[9]

***Conspiracy to Violate RICO.*** The TAC does not state a RICO conspiracy claim against Sara Bronfman because it does not factually allege that she "agreed with at least one other entity to commit a substantive RICO offense." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 487 (2d Cir. 2014); *see also Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir.1990) (because "the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement."). While the TAC contains a list of alleged acts "Evincing [Sara Bronfman's] Knowing Agreement to Facilitate the Enterprise," the allegations therein do not suggest a meeting of the minds sufficient to allege a RICO conspiracy or are conclusory. Further, while newly organized in one paragraph, none are new to the TAC, and Plaintiffs' RICO conspiracy claim against Sara Bronfman fails for the same reasons its predecessors did. *See* TAC ¶ 241; SB Mem. at 15-17; SB Reply at 11-14.

## CONCLUSION

For all the reasons detailed above, the Court should dismiss the Third Amended Complaint with prejudice.

---

[9] As explained in prior briefing, Plaintiffs' aiding and abetting claims fare no better, as aiding and abetting a RICO predicate act does not itself constitute a predicate act. *See* SB Reply Mem. at 8-9 (explaining that several courts have interpreted the Supreme Court's holding in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994) to preclude civil RICO liability premised on aiding and abetting underlying predicate acts). The conflicting authority Plaintiffs cite to argue that aiding and abetting can be considered a predicate act is inapplicable. *See* Pls. Reply at 11-12. *United States v. Rastelli*, 870 F.2d 822, 832 (2d Cir. 1989) (Pls. Reply at 12) was decided several years before *Central Bank*. Examining the holding in *Dayton Monetary Associates v. Donaldson, Lufkin Jenrette Securities Corp.*, 1995 WL 43669, at *4 (S.D.N.Y. Feb. 2. 1995) (Pls. Reply at 11-12) in 2014, Judge Schofield explained that it was premised on an inaccurate interpretation of 18 U.S.C. § 2. *Estate of Gottdiener v. Sater*, 35 F. Supp. 3d 386, 397 (S.D.N.Y. 2014). *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 2000 WL 1694322, at *5 (S.D.N.Y. Nov. 13, 2000) (Pls. Reply at 12) relies on *Dayton* and applies the same interpretation of 18 U.S.C. § 2.

New York, New York
Dated: July 12, 2023

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP

By: _____*/s/ Robin A. Henry*_____
          Robin A. Henry

Robin A. Henry
Anne S. Aufhauser
Alexis R. Casamassima
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
robin.henry@friedfrank.com
anne.aufhauser@friedfrank.com
alexis.casamassima@friedfrank.com

FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP

James D. Wareham *(admitted pro hac)*
801 17th Street, NW
Washington, DC 20006
Telephone: (202) 639-7000
james.wareham@friedfrank.com

*Attorneys for Defendant Sara Bronfman*