UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

SARAH EDMONDSOM, et al.,                        1:20-cv-00485-EK-CLP

                          Plaintiffs,

            - against -

KEITH RANIERE, et al.,

                          Defendants.

------------------------------------------------------------------ x


**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CLARE
BRONFMAN'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

**AIDALA, BERTUNA, & KAMINS, P.C.**
Arthur Aidala, Esq.
Imran H. Ansari, Esq.
Diana Fabi Samson, Esq.
*Attorneys for Defendant, Clare Bronfman*
546 5th Avenue, 6th Floor
New York, NY 10036
(212) 486-0011

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES...................................................................... ii

PRELIMINARY STATEMENT.............................................................. 1

ARGUMENT......................................................................................... 1

POINT 1: Plaintiffs' RICO claim (Count I) fails for multiple independent
reasons under Rule 8, 9(b), and 12(b)(6)................................................ 1

    A. Plaintiffs' RICO claim fails because it does not plausibly plead a RICO
    enterprise.................................................................................. 2

    B. Independently, the RICO claim fails because four of the alleged
    predicate acts do not plausibly plead that RICO injury was proximately
    caused by the acts; and the fifth predicate act (forced labor) itself is not
    plausibly pled.............................................................................. 4

        1. As a matter of law, Clare Bronfman's alleged immigration fraud
        cannot have proximately caused any injuries to Plaintiffs......... 5

        2. The TAC does not plausibly plead RICO injury from alleged
        witness tampering violations........................................... 5

        3. The TAC does not plausibly plead RICO injury from Clare
        Bronfman's alleged aiding and abetting of Raniere's alleged state
        law extortion............................................................ 6

        4. The TAC does not plausibly plead wire or mail fraud, nor RICO
        injury from either......................................................... 6

        5. Forced labor is not properly pled.................................... 6

POINT II: Plaintiffs' RICO conspiracy claim (Count II) fails for two
independent reasons........................................................................... 7

POINT III: The TVPRA Claims (Count IIIA-E)...................................... 7

    A. Sex trafficking on behalf of the Exo/Eso Plaintiffs and the DOS
    Plaintiffs.................................................................................... 8

    B. Conspiracy to commit sex crimes on behalf of the Exo/Eso plaintiffs
    and the DOS Plaintiffs, Camile and Daniela. 18 U.S.C. § 1594(c)....... 10

    C. Count III, Forced labor (IIIC-D) by the Exo/Eso Plaintiffs, the DOS
    Plaintiffs, Adrian, Camila, and Daniela........................................... 11

    D. Unlawful conduct with respect to Documents in furtherance of
    trafficking or forced labor on behalf of Daniela.............................. 13

POINT IV: The state law claims, malicious prosecution/use of process (Count
IV) and gross negligence and recklessness (Count V) fail.......................... 13

    A. Malicious prosecution/use of process (Count IV)......................... 13

    B. Gross negligence and recklessness (Count VII)........................... 14

CONCLUSION……………………………………………………………….. 15

# TABLE OF AUTHORITIES

**Cases**                                                                                    Page

*Abbott Labs. v. Adelphia Supply USA*, No. 15-CV-5826 (CBA)(LB), 2017 WL 57802
(E.D.N.Y. Jan. 4, 2017)................................................................................ 4

*Baisch v. Gallina*, 346 F.3d 366 (2d Cir. 2003)................................................ 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)............................................. 1

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342 (S.D.N.Y. 2014). 2

*Coggins v. Cty. of Nassau*, 2008 U.S. Dist. LEXIS 48239, at *44 n.11 (E.D.N.Y. June 20,
2008)........................................................................................................ 14

*Cont'l Petroleum Corp., Inc. v. Corp. Funding Partners, LLC*, No. 11-CV-7801-PAE, 2012
WL 1231775 (S.D.N.Y. Apr. 12, 2012).......................................................... 3

*D'Amico v. Waste Mgmt. of N.Y., LLC*, 2019 WL 1332575 (W.D.N.Y. Mar. 25, 2019)....... 15

*David v. Weinstein Co.*, 2019 WL 1864073 (S.D.N.Y. Apr. 24, 2019)........................ 15

*DeFalco v. Bernas*, 244 F.3d 286 (2d Cir. 2001)............................................. 2

*D. Penguin Bros. v. City Nat'l Bank*, 587 F. App'x 663 (2d Cir. 2014)...................... 3

*Elsevier Inc., W.H.P.R., Inc.*, 692 F. Supp. 2d 291 (S.D.N.Y 2010)........................... 4

*Fazi v. United States*, 935 F.2d 535 (2d Cir. 1991)........................................... 15

*First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004)............... 7

*Hecht v. Corn. Clearing House, Inc.*, 897 F.2d 21 (2d Cir. 1990)............................ 7

*Hoatson v. N.Y. Archdiocese*, No. 05-cv-10467, 2007 U.S. Dist. LEXIS 9406
(S.D.N.Y. Feb. 8, 2007)................................................................................ 3

*Manson v. Stacescu*, 11 F.3d 1127, 1130 (2d Cir. 1993)..................................... 4, 5

*Mayer v. Cornell University.*, No. 96-cv-7600, 1997 WL 32916 (2d Cir. Jan. 8, 1997)...... 15

*Moss v. Morgan Stanley, Inc.*, 719 F.2d 5. (2d Cir. 1983)................................... 1, 4

iii

*Nat'l Grp. for Commnc'ns Ltd. and Computs. v. Lucent Techs. Inc.*, 420 F. Supp. 2d 253 (S.D.N.Y. 2006)................................................................................................ 3

*New York Dist. Council of Carpenters Pension Fund v. Forde*, 939 F. Supp. 2d 268 (S.D.N.Y. 2013).................................................................................................. 7

*Petroff Amshen LLP v. Alfa Rehab PT PC*, No. 19-CV-1861-MKB-RML, 2020 WL 9209278, (E.D.N.Y. Dec. 14, 2020)................................................................................... 3

*Rabin v. Dow Jones & Co.*, 2014 WL 5017841 (S.D.N.Y. Sept. 23, 2014)................... 15

*Salinas v. United States*, 522 U.S. 52, 65, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997)....... 7

*Stein v. World-Wide Plumbing Supply, Inc.*, 71 F. Supp. 3d 320 (E.D.N.Y. 2014)......... 2

*S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629 (2d Cir. 1996)............. 4, 5

*Tacopina v. O'Keeffe*, 2015 U.S. Dist. LEXIS 118546, at *10 (S.D.N.Y. Sep. 4, 2015).... 15

*United States v. Yannotti*, 541 F.3d 112 (2d Cir. 2008)......................................... 7

*Velez v. Sanchez*, 693 F.3d 308 (2d Cir. 2012)................................................... 8

*Williams v. Affinion Grp., LLC*, 889 F.3d 116 (2d Cir. 2018) ................................ 1

*Woo Hee Cho v. Oquendo*, 2018 WL 9945701 (E.D.N.Y. Aug. 25, 2018).................... 15

*World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 521 (S.D.N.Y. 2007). 6

**Statutes**                                                                          Page

18 USC § 1962.................................................................................... 2

18 USC § 1964(c).................................................................................. 2

<u>**PRELIMINARY STATEMENT**</u>

Clare Bronfman respectfully submits this supplemental memorandum of law in support of her motion to dismiss the Plaintiffs' Third Amended Complaint.

This Court's June 5, 2023 Order permitted the submission of supplemental arguments for pending motions to dismiss. Clare Bronfman's prior arguments (CB Mem. and CB Reply)[1] are incorporated herein by reference.

Plaintiffs have substantially shortened and revised their Complaint, but the TAC still fails to allege plausible *facts* relating to Clare Bronfman to support any of the boilerplate elements alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level."). Thus, the TAC at least as against Clare Bronfman should be dismissed with prejudice.

**Argument**

**I.** **Plaintiffs' RICO claim (Count I) fails for multiple independent reasons under Rules 8, 9(b), and 12(b)(6).**

To survive a motion to dismiss, a civil RICO plaintiff first must allege that a defendant violated 18 USC § 1962 by plausibly alleging the following elements:

> (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains and interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce.

*Williams v. Affinion Grp., LLC*, 889 F.3d 116, 123-124 (2d Cir. 2018) (quoting *Moss v. Morgan*

---

[1] Citations to "CB Mem." are to the Memorandum of Law in Support of Clare Bronfman's Motion to Dismiss the First Amended Complaint (ECF No.167). Citations to "CB Reply" are to her Memorandum of Law in Support of Clare Bronfman's Motion to Dismiss the First Amended Complaint (ECF No. 168). Citations and numerical references preceded by "¶" to the "FAC" are to Plaintiffs' First Amended Complaint (ECF No. 64); to the "SAC" are to Plaintiffs' Second Amended Complaint (ECF No. 159); and to the "TAC" are to Plaintiffs' Third Amended Complaint (ECF No. 215).

*Stanley, Inc.*, 719 F.2d 5, 17 [2d Cir. 1983]). In multi-party cases (as here), each plaintiff must establish each of these elements "as to each individual defendant." *DeFalco v. Bernas,* 244 F.3d 286, 305–06 (2d Cir. 2001).

At least as to Clare Bronfman, the TAC fails to plausibly allege a RICO claim for each of the following independent reasons.

### A. Plaintiffs' RICO claim fails because it does not plausibly plead a RICO enterprise.

First, Plaintiffs have failed to plead a RICO enterprise. Its necessary elements include (i) a common purpose shared by *all* enterprise members, and (ii) *all* members functioning as a unit. *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 361 (S.D.N.Y. 2014); *Stein v. World-Wide Plumbing Supply, Inc.*, 71 F. Supp. 3d 320, 325 (E.D.N.Y. 2014); *BWP Media,* 69 F. Supp. 3d at 361. Plaintiffs have not pled either of these enterprise elements.

**No plausible shared common purpose**. The RICO defendants in the TAC are 10 in number—namely, all defendants except for Porter and Roberts—and are defined as the "Count I Defendants." (TAC ¶ 197.) The TAC alleges that the common purpose of these Defendants and their Enterprise was to enrich Raniere and themselves with money and social power by expanding and strengthening the NXIVM community to, among other things, sell curriculum, cultivate a pool of foreign laborers to support the Enterprise, and groom women for sexual conduct with and for Raniere; and (ii) maintained interpersonal relationships with one another. (*Id.* ¶ 199.)

Such allegation is insufficient because it is "little more than a naked assertion devoid of further factual enhancement." *D. Penguin Bros. v. City Nat'l Bank*, 587 F. App'x 663, 668 (2d Cir. 2014) (internal quotation marks omitted) (pleading that goal of enterprise "was 'to purchase the favor and influence of political leaders and government officials'" insufficient to avoid

dismissal). Nowhere does the TAC provide any basis for its conclusion that *all* Count I Defendants shared this same purpose. And as to Clare Bronfman, the allegation that the common purpose included enriching herself through NXIVM is absurd on its face—the TAC alleges that she *gave* NXIVM over $100 million. (*See, e.g.,* TAC ¶ 10.)

**No plausible acting-as-a-unit allegations.** To avoid dismissal for failure to plead an enterprise, a RICO complaint also must make "concrete factual assertions as to the mechanics of the interactions among defendants, including facts indicating that the disparate defendants functioned as a unit." *Cont'l Petroleum Corp., Inc. v. Corp. Funding Partners, LLC*, No. 11-CV-7801-PAE, 2012 WL 1231775, at \*6 (S.D.N.Y. Apr. 12, 2012). *See also Nat'l Grp. for Commnc'ns Ltd. and Computs. v. Lucent Techs. Inc.,* 420 F. Supp. 2d 253, 271 (S.D.N.Y. 2006) (plaintiff must allege non-conclusory facts that defendants were "associated together in a single ongoing organization or continuing unit where members worked together to accomplish a common purpose").

Plaintiffs' vague allegation that the Count I Defendants "maintained interpersonal relationships with one another," TAC ¶ 199, obviously falls far short of this pleading burden. *See Cont'l Petroleum Corp, supra; Lucent Techs, supra. See also Hoatson v. N.Y. Archdiocese,* No. 05-cv-10467, 2007 U.S. Dist. LEXIS 9406, at \*10 (S.D.N.Y. Feb. 8, 2007), *aff'd* 208 F. App'x 88 (2d Cir. 2008) (RICO claim dismissed for failure to allege non-conclusory facts that defendants functioned as continuing unit or were an entity separate and apart from alleged illegal activities); *Petroff Amshen LLP v. Alfa Rehab PT PC,* No. 19-CV-1861-MKB-RML, 2020 WL 9209278, at \*5 (E.D.N.Y. Dec. 14, 2020) (each defendant's role in enterprise must be plausibly pled).

The TAC does allege some Defendants' individual connections to Raniere, but that is insufficient to plead enterprise; plausible allegations of interconnectedness are required. *See Abbott Labs. v. Adelphia Supply USA*, No. 15-CV-5826 (CBA)(LB), 2017 WL 57802, at *5 (E.D.N.Y. Jan. 4, 2017). *See also Boyle,* 556 U.S. at 946; *Elsevier Inc., W.H.P.R., Inc.,* 692 F. Supp. 2d 291, 306-07 (S.D.N.Y 2010). The TAC does not.

### B. Independently, the RICO claim fails because four of the alleged predicate acts do not plausibly plead that RICO injury was proximately caused by the acts; and the fifth predicate act (forced labor) itself is not plausibly pled.

To have standing to assert a RICO claim, each plaintiff must plausibly allege not only the predicate act and other Section 1962 elements listed above; Section 1964's two elements also must be pled—namely, "that [each plaintiff] was [i] 'injured in his business or property [ii] by reason of a violation of section 1962.'" *Moss, supra,* 719 F.2d at 17 (quoting 18 U.S.C. § 1964(c)).

Section 1964(c) "limit[s] standing to plaintiffs whose injuries were caused proximately by the RICO predicate acts." *Manson v. Stacescu*, 11 F.3d 1127, 1130 (2d Cir. 1993) (citing *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268-69 (1992). Thus, since "[a] central element of proximate cause is a showing of some 'direct relation between the injury asserted and the injurious conduct alleged,'" *id.* (quoting *Holmes*), each plaintiff's alleged injury must spring directly from a predicate act directed at that plaintiff. *See id. See also Holmes,* 503 U.S. at 268-69 (generally, no proximate cause where plaintiff "complain[s] of harm flowing merely from the misfortunes visited upon a third party by the defendant's acts").

As against Clare Bronfman, the RICO claim alleges five predicate acts: all Plaintiffs allege mail and wire fraud (TAC ¶ 231); five allege immigration fraud (*id.* ¶ 232); seven allege state law extortion (*id.* ¶ 233); four allege witness tampering (*id.* ¶ 234); and 17 allege forced labor (*id.* ¶ 235). Excluding forced labor, the TAC fails to plausibly plead that any of these

4

predicate acts proximately caused Plaintiffs' alleged injuries. Concerning forced labor, the predicate act itself is not plausibly pled.

### 1. As a matter of law, Clare Bronfman's alleged immigration fraud cannot have proximately caused any injury to Plaintiffs.

Plaintiffs MacInnis, Camila, Adrian, Daniel, and Miljkovic allege that they "suffered injury to their property, namely uncompensated labor and legal expenses" from Clare Bronfman's criminal immigration fraud plea under 8 U.S.C. § 1324. Plaintiffs' prior brief for leave to file the TAC leaned on her guilty plea under the statute concerning an individual who is not a plaintiff herein. But injury to a third party cannot be leveraged for Plaintiffs' purposes here. *See Manson*, 11 F.3d at 1130.

Plaintiffs argue irrelevantly that a plaintiff can use immigration fraud as a *predicate act* for Section 1962 purposes where the victim of the fraud is a non-party. (*See* Doc. No. 202-1 at p. 13.) The dispositive issue that Plaintiffs—and their cited authority—ignore is whether a plaintiff can use immigration fraud involving a non-party to establish proximate causation of a RICO *injury* under Section 1964(c). A RICO plaintiff obviously cannot. *See, e.g., Manson.* And Plaintiffs cite no case to the contrary.

Independently, Plaintiffs fail to plead a RICO injury simply because pleading immigration fraud is subject to Rule 9(b), and the TAC alleges no non-conclusory facts to support an inference of proximate causation from Clare Bronfman's violations of 8 U.S.C. § 1324.

### 2. The TAC does not plausibly plead RICO injury from alleged witness tampering violations.

Plaintiffs Camila, Edmonson, Salazar, and Medhaoui allege that they "suffered injury to their property, namely expenses associated from responding [to] threatening letters and false allegations that was caused by Clare Bronfman's witness/victim tampering violations." (TAC ¶

234). The pleading fails for two reasons. First, it fails under Rule 8 because there are no non-conclusory factual allegations to establish the causal link between the alleged violation and the alleged injury. Second, the alleged injury—"expenses associated from responding [to] threatening letters and false allegations"— is too vague as a matter of law to constitute injury to "business or property" under Section 1964(c). *See, e.g., World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 521 (S.D.N.Y. 2007), *aff'd*, 328 F. App'x 695 (2d Cir. 2009) (indefinite injuries insufficient to support RICO.).

### 3. The TAC does not plausibly plead RICO injury from Clare Bronfman's alleged aiding and abetting of Raniere's alleged state law extortion.

Plaintiffs' conclusory "guilt by association" allegations that Clare Bronfman aided and abetted Raniere's alleged extortion (*see* TAC ¶ 213) and caused a handful of Plaintiffs "uncompensated labor" injury (*see* TAC ¶ 233) need only be read to demonstrate that Plaintiffs have failed their Rule 8 burden of plausibly pleading that such aiding and abetting proximately caused RICO injury.

### 4. The TAC does not plausibly plead wire or mail fraud, nor RICO injury from either.

For the reasons previously discussed in Clare Bronfman's brief against the FAC (*see* Doc. No. 167 (incorporated herein by reference) at pp. 19 – 21), the TAC still fails under the heightened pleading requirements of Rule 9(b) to sufficiently plead mail and wire fraud.

The TAC also fails to plead with the particularity required by Rule 9(b) that mail or wire fraud proximately caused Plaintiffs RICO injury. It simply alleges that "[e]ach Plaintiff was fraudulently induced to purchase curriculum or perform uncompensated labor and was thereby deprived money or property because of" mail and wire fraud. (TAC ¶ 231.) This also fails as group pleading in violation of Rule 8.

### 5. Forced labor is not properly pled.

The predicate of forced labor is not properly pled for the reasons stated in Section III.A, below.

## II.  Plaintiffs' RICO conspiracy claim (Count II) fails for two independent reasons.

Plaintiffs' RICO conspiracy claim under 18 U.S.C. § 1962(d) must be dismissed simply because no claim under Section 1962(d) can stand without an underlying substantive claim and, as demonstrated above, the TAC fails to plausibly plead a substantive RICO claim. *See First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.,* 385 F.3d 159, 181 (2d Cir. 2004) (RICO conspiracy claim must be dismissed absent substantive RICO violation).

Independently, the conspiracy claim also fails because the TAC does not allege facts, as it must, that the alleged co-conspirators (here, Clare Bronfman and the 9 other Count I Defendants) "knew about and agreed to facilitate" a pattern of racketeering activity. *Baisch v. Gallina,* 346 F.3d 366, 377 (2d Cir. 2003) (quoting *Salinas v. United States,* 522 U.S. 52, 65, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997)). *See also United States v. Yannotti,* 541 F.3d 112, 121 (2d Cir. 2008); *New York Dist. Council of Carpenters Pension Fund v. Forde,* 939 F. Supp. 2d 268, 282 (S.D.N.Y. 2013). As the Second Circuit has stated, "[b]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." *Hecht v. Corn. Clearing House, Inc.,* 897 F.2d 21, 25 (2d Cir. 1990). And where a RICO conspiracy claim does not adequately plead an agreement to conduct which, if completed, would satisfy the elements of the substantive RICO statute, "the conspiracy claim under § 1962(d) also fails." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC,* 69 F. Supp. 3d 342, 363 (S.D.N.Y. 2014) (citation omitted).

## III.  THE TVPRA CLAIMS (COUNT IIIA-E)

The TAC alleges six claims against Clare Bronfman under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Specifically, eighteen Plaintiffs bring claims for sex

trafficking (reduced from 43 in the SAC); nineteen plaintiffs bring claims for forced labor

(reduced from all plaintiffs in the SAC); and Daniela brings her claim for Unlawful Conduct

with respect to documents in furtherance of trafficking or forced labor. These claims fail as to

Claire Bronfman under perpetrator, beneficiary, and conspiracy theories of liability. The Count

III Plaintiffs do not allege that they were injured by Clare Bronfman, and their argument that

Clare Bronfman was part of a venture is not supported by any facts from which a plausible

inference could be drawn that Clare Bronfman knew or should have known of any coercive

sexual activity or forced labor. In addition, The Count III Plaintiffs' claims arising under 18 USC

1595(a) fail because plaintiffs have not alleged any wrongdoing occurred at a time when it was

actionable under the TVPRA.[2]

### Counts IIIA-B Sex Trafficking 18 U.S.C. § 1591 and ATTEMPTED SEX TRAFFICKING – 18 U.S.C. § 1594(a)

A. *Sex Trafficking on behalf of the Exo/Eso Plaintiffs and the DOS Plaintiffs.*

To state a sex trafficking claim under 18 U.S.C. § 1591, the Count IIIA Plaintiffs must

allege, *inter alia*, that Clare Bronfman participated in, benefited from, or even knew of any

alleged coercive sexual activity. To the extent that the Count IIIA Plaintiffs rely on a beneficiary

theory of liability, they must allege that Clare Bronfman knowingly benefited from a venture

which she knew or should have known was engaged in sex trafficking. As with the prior

iterations of the Complaint, Count III Plaintiffs do not because they cannot allege any facts

supporting a plausible inference that Clare Bronfman participated in, benefited from, or even

---

[2] The TAC continues to be unclear as to when many events occurred. Beneficiary claims for conduct that occurred prior to 2008 are not actionable. *See Velez v. Sanchez*, 693 F.3d 308, 325 (2d Cir. 2012) ("Nothing in the language of the TVPRA or its legislative history indicates that Congress intended retroactive application."). See CB Mem, fn at p. 25

knew of any alleged coercive sexual activity in violation of 18 U.S.C. Section 1591(a). Accordingly, these claims should be dismissed under Rule 12(b)(6).

The Exo/Eso plaintiffs, identified as Lindsay MacInnis, Adrienne Stiles, and Bonnie Piese, make no allegations that they were sex-trafficked at all. At some unspecified time, the Exo/Eso Plaintiffs participated in a program variously described as NXIVM's bodywork program marketed to athletes, fitness enthusiasts, and yoga practitioners (TAC ¶ 94) and a sex trafficking operation designed to procure women for sex with Raniere (TAC ¶ 93). None allege any sexual relations or attempted sexual relations with Raneire or anyone else. Because the Exo/Eso Plaintiffs alleged no sex trafficking, their beneficiary claim, too, must fail.

The beneficiary claims of the DOS plaintiffs (identified as Plaintiffs Edmonson, Salazar, Oxenberg, Mehdaoui, Rachel, Nicole, Valerie, Jane Doe 8, Paloma Pena, Jane Doe 9, Kristin, Jaspeado, Charlotte), against Clare Bronfman allege no facts that would support the conclusory statement that Clare Bronfman knew or should have known of the existence of DOS until after allegations were made public in 2017 (see TAC ¶ 259[3]), much less that she benefited from DOS, a secret sorority with which she had no affiliation and the existence of which she was unaware. No specific factual allegations made by any of the DOS Plaintiffs or any Plaintiffs implicate Clare Bronfman in DOS. (*See, e.g.,* ¶ 263.)

### *Conspiracy to Commit Sex Trafficking on behalf of the Exo/Eso Plaintiffs and the DOS Plaintiffs, Camila and Daniela. 18 U.S.C. § 1594(c)*

Count IIIB Plaintiffs predicate their sex trafficking conspiracy claim (Count IIIB) against Clare Bronfman on the single conclusory allegation that "Clare Bronfman created Exo/Eso with

---

[3] Neither requests directed to Clare Bronfman for the return of collateral nor an alleged statement by Clare Bronfman to a reporter that there was video evidence of Edmonson's branding - all of which took place after DOS was made public – raises the inference that Clare Bronfman knew or should have known of DOS's existence or activities beforehand.

Raniere to obtain women for Defendant Raniere in furtherance of the Venture" (TAC ¶ 267), but set forth no factual allegations to support even so much as an inference that Clare Bronfman knew about any sex trafficking or agreed with anyone to enter into such a venture.

None of the Exo/Eso Plaintiffs, the DOS Plaintiffs, Daniela[4] or Camila[5] allege any facts that support a plausible inference that Clare Bronfman had any reason to think coercive sexual activity was occurring. No plaintiff specifically names Clare Bronfman in any factual allegations related to sex trafficking. There are no factual allegations that Clare Bronfman was involved in or even knew about DOS, the secret organization through which the sex trafficking allegedly occurred until after allegations were made public; that Clare Bronfman created Exo/Eso for the purpose of sex trafficking Exo/Eso Plaintiffs who were not, in fact, sex trafficked; or that Clare Bronfman knew that Camila and Daniel were sex trafficked.

### Count III, Forced Labor (IIIC-D) by the Exo/Eso Plaintiffs, the DOS Plaintiffs, Adrian, Camila, and Daniela.

Count IIIC-D Plaintiffs bring claims for forced labor (18 USC §1589), conspiracy and benefiting from forced labor (18 USC §1593[a]) on behalf of the Exo/Eso Plaintiffs; and beneficiary and conspiracy forced labor claims only on behalf of the DOS Plaintiffs, Adrian, Camila, and Daniela. These claims should be dismissed with prejudice under Rule 12(b)(6). To state the relevant claim under §1589, Plaintiffs must allege that Clare Bronfman knowingly provided or obtained the labor or services of a person by means of (1) force, threats of force,

---

[4] Daniela only alleges that she asked Raniere for help from Clare Bronfman's attorneys regarding her immigration status and was ignored. TAC 75. This allegation does no more than reference Clare Bronfman's name.

[5] The TAC alleges that Kathy Russell paid Camila's rent in cash "with funds provided by Clare Bronfman," citing as authority the testimony of the landlord, a Ms. Jelonek, from the Raniere trial. see TAC ¶ 73 and FN 34. The problem is that Sheila Jelonek did not testify that the funds were provided by Clare Bronfman, as is alleged in the TAC.

physical restraint, or threats of physical restraint; (2) serious harm or threats of serious harm; (3) abuse or threatened abuse of law or legal process; or (4) any scheme plan or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint. § 1589a. To state a forced labor claim under 18 U.S.C. §1589(b), Plaintiffs must allege, among other things, that Clare Bronfman "knowingly benefit[ed]" from participation in a venture while "knowing or in reckless disregard of" its use or provision of forced labor. 18 U.S.C. § 1589(b).

The Plaintiffs allege that Clare Bronfman obtained their uncompensated or under compensated labor and services by means of serious harm (sleep deprivation, psychological, and verbal abuse) and, in the case of MacInnnis, by means of the abuse or threatened abuse of law or legal process (the threat of deportation). (TAC ¶ 281.) But the factual allegations as to Clare Bronfman do not support these claims.

MakInnis, a Canadian national, was not threatened with deportation. She alleges only that at some unspecified time, Clare Bronfman "compromised" her "immigration status" because NXIVM and Clare Bronfman did not pay her what was required by her visa and that she eventually quit working for NXIVM and voluntarily returned to Canada. TAC ¶7 6-77. Nor did Clare Bronfman coerce labor from the Exo/Eso Plaintiffs by causing serious harm. MacInnis alleges only that Clare Bronfman "subjected her to emotional and verbal abuse" (TAC ¶ 96); Piese, a US citizen, that she was "on call every hour of the day" and "punished by Clare Bronfman when she was unavailable" (TAC ¶ 97); and Stiles, another New York citizen, that her work was "so demanding that she quit her fulltime job" (TAC ¶ 98). These claims do not sufficiently allege that Clare Bronfman caused serious harm or threatened deportation.

The DOS Plaintiffs allege that Clare Bronfman is liable for labor trafficking but do not plausibly connect their claims to Clare Bronfman because they do not allege that Clare Bronfman participated in or even knew about DOS or the forced labor alleged by its members until after such matters became public. The only allegations linking Clare Bronfman to DOS refer to a time period after DOS is matter of public knowledge.[6] No DOS Plaintiffs allege that Clare Bronfman's actions which postdated their involvement in DOS coerced their labor.

Adrian's forced labor claim against Clare Bronfman fails because his factual allegations fail to support his claim that Clare Bronfman provided or obtained his labor or services by means of force, serious harm, or threats. The TAC also makes clear that Adrian voluntarily worked in the t-shirt business for which work, he was not compensated the way he understood he would be. *See* TAC 68-71. Adrian also fails to allege that Clare Bronfman personally benefited from the labor he alleges she coerced, which is required. *See* 1589(a) and (b). *Anora v. Oasia Prof'l Mgmt. Grp. Ltd.*, 2021 U.S. Dist. LEXIS 164972, at *4-5 (S.D.N.Y. Aug. 31, 2021).

The beneficiary liability claims against Clare Bronfman by Camila and Daniela are similarly deficient. The TAC pleads no facts to support claims that Clare Bronfman participated in a venture that she knew or should have known labor trafficked Camila and Daniela as no conduct is ascribed to Clare Bronfman with respect to either their immigration status or forced labor. (*See* TAC ¶¶ 72-75.)

### D. Unlawful Conduct With Respect to Documents in Furtherance of Trafficking or Forced Labor on behalf of Daniela

18 U.S.C. § 1592 and conspiracy

---

[6] Plaintiffs Nicole, Charlotte, and Kristin allege that they wrote letters to "Clare Bronfman, Mack, and other NXIVM leaders" requesting the return their collateral (TAC ¶168); Salazar and Medhaoui received threatening letters and from attorneys retained by Claire Bronfman (TAC ¶171-173) and Edmonson claims that "false criminal charges" were made against her (TAC ¶175).

To successfully plead a claim of unlawful conduct with respect to documents ("document servitude"), Daniela must plead sufficient facts to show that Clare Bronfman knowingly destroyed, concealed, removed, or possessed a passport, immigration document or government identification document belonging to Daniela in the course of or intent or attempting to violate forced labor, human trafficking, or sex trafficking. The TAC does not plausibly plead any actions taken by Clare Bronfman; rather, the allegations with respect to such documents relate to Raneire. TAC ¶75.

For the reasons argued in CB Mem at pp. 34-36, Daniela's substantive and conspiracy §1592 claims should be dismissed with prejudice under Rule 12(b)(6).

## IV.   THE STATE LAW CLAIMS, MALICIOUS PROSECUTION/USE OF PROCESS (COUNT IV) AND GROSS NEGLIGENCE AND RECKLESSNESS (COUNT VII) FAIL

### A.  *Malicious Prosecution/Use of Process (Count IV).*

Plaintiffs have paired this claim down to just one Plaintiff, Toni Natalie, from six. As with the SAC, Natalie's TAC claim for abuse of legal process must fail because it is time-barred and not adequately pled. (*See* CB Mem and CB Reply 22-24.)

Without specifying any dates, Natalie alleges that Clare Bronfman "as head of NXIVM's legal operations" "targeted" her "for over eight years in an unsuccessful attempt to deny her a bankruptcy discharge," "commencing a series of adverse proceedings, each of which was ultimately dismissed on the merits" and also interfered in Plaintiff Natalie's mother's bankruptcy proceeding in a "similar manner." (TAC ¶¶ 185, 297.) She alleges that Raniere and Clare Bronfman directed this "abuse of the legal system," by "directing and interacting with attorney and private investigators," and that Clare Bronfman financed these efforts. (TAC ¶ 299.) Obviously, Clare Bronfman could not have been acting on behalf of NXIVM in any capacity in

1999, much less as "head of NXIVM's legal operations" (TAC ¶ 185), when she was only introduced to the program for the first time in 2004 (TAC ¶ 29). This incoherent chronology raises more serious failings than mere implausibility.[7]

Natalie's claim also fails for lack of special damages. *See* TAC ¶ 300; *Coggins v. Cty. of Nassau*, 2008 U.S. Dist. LEXIS 48239, at *44 n.11 (E.D.N.Y. June 20, 2008) ("special damages are a necessary element of claims for malicious prosecution and abuse of process."); *See Tacopina v. O'Keeffe*, 2015 U.S. Dist. LEXIS 118546, at *10 (S.D.N.Y. Sep. 4, 2015) (collecting cases holding, respectively, that claims (i) for attorneys' fees, (ii) for damages stemming from "the physical, psychological, or financial demands of defending a lawsuit," and (iii) for "expenses incurred in the defense of a legal process" did not constitute special damages

### B. *Gross Negligence and Recklessness (Count VII)*

Plaintiffs' gross negligence and recklessness claim, premised on alleged medical treatment and experimentation performed on three plaintiffs, Plaintiffs Margot Leviton, Isabella Constantino and Caryssa Cottrell (the "Count VII Plaintiffs") by third parties must also be dismissed with prejudice against Clare Bronfman under Rule 12(b)(6).

A duty of care to control the conduct of third persons to prevent them from harming others arises only in the context of a special relationship. *David v. Weinstein Co.*, 2019 WL 1864073, at *6-7 (S.D.N.Y. Apr. 24, 2019). Special relationships have been relegated to "quite narrow settings": master-servant, parent-child, common carrier-passenger, landlord-tenant,

---

[7] The statute of limitations for both abuse of process and malicious prosecution claims is one year. *Kennedy-Bifulco v. Town of Huntington*, 2010 U.S. Dist. LEXIS 141928, at *36 (E.D.N.Y. Oct. 29, 2010). Even if the TAC had alleged conduct on the part of Clare Bronfman that met the elements of malicious abuse of process, the limitation period of one year for this claim would have run long ago.

innkeeper-guest, and employer-employee. *See Fazi v. United States*, 935 F.2d 535, 539-540 (2d Cir. 1991); *Rabin v. Dow Jones & Co.*, 2014 WL 5017841, at *2 (S.D.N.Y. Sept. 23, 2014).

The TAC alleges that Clare Bronfman funded the treatment of the plaintiffs through ESF (TAC ¶ 82); sponsored their travel to Albany on condition that they agree to participate in a film (TAC ¶ 82); and that someone on some unspecified date advised her that performing medical research on human subjects required strict compliance with scientific protocols (TAC ¶ 83). These allegations fail to establish the requisite special relationship between Clare Bronfman, a non-medical person, and Dr. Porter such that a duty would extend to Clare Bronfman to supervise. *See Mayer v. Cornell University.*, No. 96-cv-7600, 1997 WL 32916, at *3 (2d Cir. Jan. 8, 1997) (a "sponsor" is not liable for an injury if the sponsor has no particular expertise in the injurious activity); *Woo Hee Cho v. Oquendo*, 2018 WL 9945701, at *10-11 (E.D.N.Y. Aug. 25, 2018) (no special relationship absent control over the direct tortfeasor's conduct).

Nor does the TAC allege any facts suggesting recklessness on the part of Clare Bronfman. Recklessness means "an extreme departure from the standards of ordinary care, such that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *D'Amico v. Waste Mgmt. of N.Y., LLC*, 2019 WL 1332575, at *8 (W.D.N.Y. Mar. 25, 2019). The TAC does not contain any factual allegations suggesting that Clare Bronfman knew the specific nature of the treatment at issue, much less how she - a layperson - could or should have known of the dangers Plaintiffs allege it posed.

## CONCLUSION

For all the reasons detailed above and in Clare Bronfman's prior submissions (CB Mem and CB Reply), the Court should dismiss the Third Amended Complaint with prejudice.

Dated: July 13, 2023
New York, NY

Respectfully submitted,

By: _____
ARTHUR AIDALA, ESQ.
IMRAN H. ANSARI, ESQ.
DIANA FABI SAMSON, ESQ.
**AIDALA, BERTUNA, & KAMINS, P.C.**
546 5th Avenue, 6th Floor
New York, NY, 10036
(212) 486-0011

RONALD S. SULLIVAN, JR., ESQ.
712 H. Street NE, Suite 1354
Washington, DC 20002
(212) 873-9120

*Attorneys for Defendant*
*Clare Bronfman*