UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

FILED
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
Jul 12, 2023, 11:52 PM
Pro Se Office via
Box.com

SARAH EDMONDSON, et al.,

Plaintiffs,

1:20-cv-00485-EK-CLP

v.

KEITH RANIERE, et al.,

Defendants.

**DEFENDANT BRANDON PORTER'S**

**MEMORANDUM OF LAW IN SUPPORT OF HIS**

**MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

RELEVANT PROCEDURAL BACKGROUND ........................................................................ 1

ARGUMENT .................................................................................................................... 2

I. Count II, RICO Conspiracy, fails Rule 8 and should be dismissed........................... 2

II. The Third Amended Complaint inadequately pleads Defendant Porter's knowing conspiracy to facilitate a RICO enterprise. ........................................................................ 3

III. The Third Amended Complaint inadequately pleads Count III(C), Forced Labor and Human Trafficking against Defendant Porter, and should be dismissed with prejudice..................... 5

IV. The Third Amended Complaint inadequately pleads Count III(D), Conspiracy to Commit Forced Labor and Conspiracy to Commit Human Trafficking, against Porter and should be dismissed with prejudice............................................................................. 6

V. TAC Count VII, Gross Negligence and Recklessness, against Porter is likely barred by the statute of limitations and should be dismissed with prejudice................................. 7

CONCLUSION .................................................................................................................. 8

# PRELIMINARY STATEMENT

The Third Amended Complaint (TAC) is an extension of the Plaintiffs' and Plaintiffs' attorneys' morally unfettered attempt to pillage Clare and Sara Bronfman's fortunes. They attempt to resolve the First and Second Amended Complaints' group pleading and paucity of facts with even more group pleading, conclusory allegations masquerading as facts, and outright lies.

The outright lies might never be addressed in this venue because the TAC fails to uphold the standards of Rules 8 and 12(B)(6) and should be dismissed before this proceeding imposes more harms on the Defendants. We previously saw the use of lies as an offensive tactic in the Plaintiffs' and Plaintiffs' attorneys' response to Defendants' Motions to Dismiss the First Amended Complaint (FAC). Here, Plaintiffs' and Plaintiffs' attorneys misrepresented their theory of the NXIVM enterprise (Doc 168, page 12; Doc 176, pages 4-5) and lied about the contents of the FAC (Doc 169-5, page 14; Doc 176, pages 9-11). The TAC is a continuation of previous illicit tactics and is not an honest attempt to seek justice in this court. The TAC complaints against Defendant Porter should be dismissed with prejudice based upon its continued failures to uphold the standards of Rules 8 and 12(B)(6).

# RELEVANT PROCEDURAL BACKGROUND

Please see my "RELEVANT PROCEDURAL BACKGROUND AND SUMMARY OF ARGUMENT" from Dct. 208, 6-10.

In brief, "Plaintiffs and/or Plaintiffs' counsel added a named labor trafficking complaint, Count III (C), against Porter on behalf of Plaintiff Camila in the TAC and Count III (D), conspiracy to commit forced labor and conspiracy to commit human trafficking. Porter's relationship to the Forced Labor complaints was not mentioned in any of the Plaintiffs' documents until the TAC, despite Plaintiff Camila being in the complaint since August 13, 2021. Plaintiffs' Combined Response to the Defendants' Motions to Dismiss claimed that Camila babysat Mr. Raniere's child, but didn't mention her caring for Defendant Porter's children (Dct. 169-3, 47). These newly minted complaints against Porter do not provide any specifics about when the forced labor occurred, how he should have known about Camila's forced labor, nor how he should have known about the alleged threats to deport her." Dct. 208, 9.

## **ARGUMENT**

**I. Count II, RICO Conspiracy, fails Rule 8 and should be dismissed.**

Plaintiffs and Plaintiffs' counsel continue to use group pleading in the TAC, violating Rule 8.

> "Each agreed to form and associate themselves with the Enterprise; each knew about, and agreed to further or facilitate, the criminal endeavor, which involved, or by agreement was intended to involve, two or more predicate acts; and each agreed with one or more co-conspirators to participate in the conspiracy to pursue the Enterprise's unlawful objectives or pursue its objectives by unlawful means. That agreement can be inferred from the circumstances, including the Count II Defendants' positions in NXIVM, their actions, and the interdependence of activities and persons involved." TAC¶¶ 237.

RICO conspiracy claims fail where "no facts to show specifically that Defendants had any 'meeting of the minds' with respect to the alleged violation." Wood v. GMC, 2015 WL 1396437, at *10 (E.D.N.Y. Mar. 25, 2015). Sara Bronfman argued for how the TAC violates Rule 8 because of continued group pleading and paucity of facts in her "OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT." Dct 205, 8-9. Her arguments apply to Count II's allegations against me and I incorporate Sara Bronfman's arguments here. The TAC violates Rule 8 by continuing to use group pleading in the RICO Conspiracy Claims and should be dismissed with prejudice.

**II. The Third Amended Complaint inadequately pleads Defendant Porter's knowing conspiracy to facilitate a RICO enterprise.**

Plaintiffs and Plaintiffs' counsel attempt to plead my knowledge and agreement to facilitate the proposed RICO conspiracy because I conducted "unauthorized human experimentation" and was "acting as a paid agent or employee of ESF in connection with the human experimentation by NXIVM." TAC¶¶ 246. However, they fail to show any connection between performing experiments and my knowledge and support of others' performance of predicate acts. There can be no participation in RICO conspiracy without knowledge and support of predicate acts. They claim the experimentation was "to bolster NXIVM's scientific credibility and thereby increase its ability to amass recruits." However, it is not illegal or conspiratorial to try to bolster a company's scientific credibility or increase the company's number of customers; nor is it illegal or conspiratorial to be a paid agent or employee of ESF.[1] The TAC fails to show a

---

[1] If Plaintiffs and Plaintiffs' counsel are arguing that I was part of a conspiracy because NXIVM was, itself, a RICO organization… all Plaintiffs were part of this RICO organization, too. Arguments against NXIVM, itself, as a RICO organization are found in Clare Bronfman's and Brandon Porter's replies in support of their motions to dismiss briefs and I incorporate these arguments here. Dct 168, 12-14; Dct 176, 4-6, respectively.

3

direct relationship between being a paid agent or employee of ESF and performing human experimentation to their hypothetical sex trafficking, forced labor, and human trafficking conspiracies.

Plaintiffs and Plaintiffs' counsel hang their theory of the RICO enterprise upon the results of Raniere's criminal trial.[2] However, the FBI, U.S. Attorneys, New York State Police, and New York Office of Professional Medical Conduct (NYOPMC) did not see a relationship between Porter's research activities and the Government's proposed RICO enterprise. This is evidenced by the fact that Porter was never indicted or prosecuted for RICO allegations. In addition, the NYOPMC moved forward with their hearings against Porter on June 27, 2018, almost one-year before the Raniere criminal trial. Administrative hearings do not move forward when there is an active criminal investigation into the defendant. The TAC inadequately describes how Porter's work as a scientist and being an alleged paid agent or employee of ESF connects to an agreement to support predicate acts. Furthermore, there is still question whether the government's theory of a RICO enterprise (the crux the TAC theory) existed because the criminal proceedings were poisoned with highly inflammatory falsified "evidence" of child pornography. Dct. 176, 6-8; US vs Raniere, Dct 1176 and Dct. 1178.

As noted in Sara Bronfman's motion to dismiss the first amended complaint, "Plaintiffs are required to demonstrate that "each defendant knew about and agreed to facilitate a pattern of racketeering activity," by alleging (i) an agreement to join the conspiracy; (ii) the acts of each co-conspirator in furtherance of the conspiracy; and (iii) that each co-conspirator knowingly participated in the conspiracy. Abbott Labs. v. Adelphia Supply USA, 2017 WL 57802, at *9

---

[2] In the TAC's description of the RICO enterprise: "That the organization described herein qualifies as a RICO enterprise **has been established by the related criminal proceedings**, in which the United States government secured numerous indictments, convictions by jury, and convictions by plea establishing the existence of a RICO enterprise." Dct 215, 77, emphasis mine.

4

(E.D.N.Y. Jan. 4, 2017); Allen v. New World Coffee, Inc., 2001 WL 293683, at *9 (S.D.N.Y. Mar. 26, 2001) (dismissing RICO conspiracy claims where plaintiffs' allegations were "devoid of factual assertions concerning the nature of the agreement")". Dct. 169-1, 26. Sara Bronfman's motion to dismiss the first amended complaint and her reply memorandum describe the case law related to the RICO conspiracy complaint. Dct 169-1 page 15-17 and Dct 169-5 page 18-21, respectively. Her arguments to dismiss the FAC RICO conspiracy complaint also apply to Porter for the TAC and I incorporate her arguments. The TAC inadequately describes how Porter's work as a scientist and being paid agent or ESF employee propelled a RICO organization, thus violating Rule 12(B)(6) and should be dismissed with prejudice.

**III. The Third Amended Complaint inadequately pleads Count III(C), Forced Labor and Human Trafficking against Defendant Porter, and should be dismissed with prejudice.**

The TAC claims:

"Defendant Porter is liable for labor trafficking Camila because he knowingly benefited financially or by receiving things of value, including payment, enhanced status, power, and prestige, and free babysitting services from participation in the Venture, which he knew or should have known labor trafficked Camila. He knew or should have known that members of the Inner Circle and Defendant Raniere were forcing Plaintiff Camila to perform menial tasks, commercial sex acts, administrative work, and babysitting because Camila provided babysitting services to his family. He was in regular contact with Camila, Raniere, and members of the Inner Circle and performed unauthorized experiments on Camila." Pg. 107 PP 290 TAC.

5

It is absurd to claim that I was the knowing beneficiary of Camila's forced labor because she babysat my children and I was in regular contact with Camila and Raniere. Plaintiff, Scott Starr, was in regular contact with Camila and Raniere and Camila babysat at least one of his children. Using this logic, Plaintiff Scott Starr was also a knowing beneficiary to Camila's hypothesized forced labor and culpable for Camila's forced labor claim. The labor trafficking claim against Porter fails Rule 12(B)(6) because it doesn't rationally describe how I knew or should have known that Camila was not being paid for her labor and that she was being forced to babysit my children. The Labor Trafficking Claim against Porter should be dismissed with prejudice.

**IV. The Third Amended Complaint inadequately pleads Count III(D), Conspiracy to Commit Forced Labor and Conspiracy to Commit Human Trafficking, against Porter and should be dismissed with prejudice.**

The TAC Claims:

The Venture operated as a collective to extract uncompensated labor from Plaintiffs. The Venture Defendants agreed and conspired to commit and succeeded in committing forced labor offenses as set forth above. Each Venture Defendant obtained the forced labor of one or more of these Plaintiffs (as set forth above), and their agreement to perpetuate the forced labor crimes of the Venture is evidenced by the facts alleged herein, including that the forced labor and human trafficking were committed as part of a single, cohesive scheme against similarly situated Plaintiffs (NXIVM recruits); that each of the DOS masters used the same methods to commit their violations; that there was a united attempt

6

to cover up the Venture's forced labor crimes; and that all of the violations were committed at Raniere and his Inner Circle's direction." TAC¶¶ 292.

The TAC fails to allege any plausible facts suggesting that Porter had any knowledge of any schemes to engage in sex trafficking, forced labor, or human trafficking. Sara Bronfman made a similar argument in her motion to dismiss the FAC. Dct. 169-1, 33. I incorporate her arguments here. Count III(D), Conspiracy to Commit Forced Labor and Conspiracy to Commit Human Trafficking, fails Rule 12(B)(6) against Porter and should be dismissed with prejudice.

**V. TAC Count VII, Gross Negligence and Recklessness, against Porter is likely barred by the statute of limitations and should be dismissed with prejudice.[3]**

> As described in my Revised Opposition to Plaintiffs' Motion for Leave:
> "The FAC and TAC don't establish the dates that Plaintiff's [sic] claims occurred in FAC Count X and TAC Count VII. FAC ¶¶ 965-971, TAC ¶¶ 308-313. Dates can be posited from a citation from the New York Office of Professional Misconduct ("NY OPMC") Board findings for Defendant Porter's hearings. The board concluded that Porter performed Human Research projects between 2010 – August 2017. FAC ¶ 711. This information is no longer in the TAC. New York law establishes a 30-month statute of limitations period for these claims. N.Y.C.P.L.R § 214-a. The Plaintiffs' initial complaint was filed on 1/28/2020, barring all claims from prior to July 28, 2017. Both the FAC's and TAC's lack of dates violates Fed. R. Civ. P. 12(B)(6)…." Dct. 208, 5-6.

---

[3] Count VII appears to have a typographical error in TAC¶¶ 312. Here it says "Count X Defendants'" when it likely should say "Count VII Defendants'." Count VII in the TAC was Count X in the FAC and SAC.

Sara Bronfman argued for dismissal of the FAC's claims because they barred by the applicable statutes of limitations and I incorporate her arguments. Dct. 169-1, 17-18, 20; 169-5, 11-12. Count VII should be dismissed with prejudice because it is likely barred by the statute of limitations and fails Rule 12(B)(6).

## **CONCLUSION**

For the foregoing reasons, Defendant Brandon Porter requests that the Court dismiss all counts against him in the Third Amended Complaint. Plaintiffs and Plaintiffs' counsel have had sufficient warning of their complaints' weaknesses and they are unable to resolve them. In consequence, I ask for these counts to be dismissed with prejudice.

_____

Defendant Porter joins in and incorporates the arguments to reject the Third Amended Complaint made by the other defendants.

Dated:

July 12, 2023

Respectfully submitted,

*/s/ Brandon B. Porter*

Brandon B. Porter
PO BOX 1102
500 W. HICKMAN RD
WAUKEE, IA 50263
Tel: (515) 978-1242

8