**FILED**
**Nov 1, 2024, 6:18 PM**
**in the Clerk's Office**
**U.S. District Court,**
**EDNY, Brooklyn**
**Pro Se Office via**
**Box.com**

—————————————————————————

SARAH EDMONDSON, *et al.*

    Plaintiffs,

  v.

KEITH RANIERE, *et al.*

    Defendants.

—————————————————————————

\* \* \* \* \* \* \* \* \* \* \*

1:20 - cv - 00485-EK-CLP

**ANSWER**

## ANSWER TO THE SUMMARY OF ACTION

Defendant, Danielle Roberts, *Pro Se*, by answer to the third party complaint states and says:

  In answer to paragraphs 1 through 332 Defendant points out that Count I RICO, Count II RICO Conspiracy, Counts III A - Sex trafficking and attempted sex trafficking, B – Conspiracy to sex trafficking, C – Human trafficking and forced labor or attempted human trafficking and forced labor, D – Conspiracy to human trafficking and forced labor have already been dismissed in relationship to her. The last remaining count (Count V: Battery) is the only remaining allegation. For all allegations related to the dismissed counts the Defendant neither admits nor denies the allegations and leaves the Plaintiffs to their proof regarding the same, and requests The Court strike these portions. The only remaining allegations relevant to the single Battery charge remaining are: 16, 301, 302, 303, 304, and possibly 120, 122, 123, 126. Defendant draws The Courts attention to these answers, and requests severance from the extraneous charges.

Similarly, in answer to paragraphs 1 through 332 Defendant states allegations made from the conclusions of the criminal case, U.S. vs. Raniere, et al. do not apply to the Defendant. She was not a party in the criminal complaint upon which most of the allegations in this civil complaint rests and Defendant is entitled to due process. More relevantly, all of the counts originally alleged against the Defendant related to the criminal case (Count I RICO, Count II RICO Conspiracy, Counts III A - Sex trafficking and attempted sex trafficking, B – Conspiracy to sex trafficking, C – Human trafficking and forced labor or attempted human trafficking and forced labor, D – Conspiracy to human trafficking and forced labor) were already dismissed as the Plaintiffs were unable to produce any specific facts relating Defendant to their claims, nor facts showing the Defendant was in a position to hold any nidus of knowledge of a criminal conspiracy. Therefore, any allegations related to force, coercion, deception, or blackmail by means of any Defendants in so called "enterprise" are irrelevant and mute in relation to the one last remaining allegation of Battery. Defendant denies any and all allegations tied to the criminal trial, U.S. v. Raniere, et. al and the previously dismissed counts, to the extent that they are raised for the purpose of proving Battery as applicable to Defendant.

Separately and additionally, the corruption of the criminal proceedings is being adjudicated in the U. S. Court of Appeals for the Second Circuit. U.S. v. Raniere, et. al 24-778, Dct. 48.1. Convictions for criminal conspiracy in U. S. v Raniere, et al. were compromised by the manipulation and planting of digital images to make it appear that Raniere created and possessed child pornography. Seven (7) digital forensic experts (four (4) of them, former FBI Specialists) agree that the dates of digital images were manipulated and photographic files were planted to make it appear that Raniere created and possessed "child" pornography. This corruption of the criminal proceedings is being adjudicated in the U. S. Court of Appeals for the

Second Circuit. U.S. v. Raniere, et. al 24-778, Dct. 48.1. The criminal defendants who plead guilty to criminal charges made these pleadings under the duress of being co-defendants in a criminal trial where their co-defendant was supersedingly charged with child pornography and child exploitation (creating child pornography), nine months after Raniere's original indictment, after at least two motions to delay trial by the prosecution. Dct. 176, pg 3-5; Dct. 176 Exhibit B, pg 1-2. Again, Defendant denies any and all allegations tied to the criminal trial, U.S. v. Raniere, et. al and the previously dismissed counts, to the extent that they are raised for the purpose of proving Battery as applicable to Defendant.

1. Defendant neither admits nor denies the allegations in paragraph 1 of the complaint and leaves the plaintiffs to their proof regarding the same. However, to the extent of the Defendants knowledge Executive Success Programs (ESP) was formed in 1998 not NXIVM. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

2. The Defendant neither denies nor admits the allegations in paragraph 2 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. However, Defendant states that to the extent of her knowledge exo|eso was a legal entity. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any

battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

3. Defendant recognizes that these were leaders of different companies and organizations under the NXIVM umbrella. Defendant, however, denies to the extent of her knowledge that each of these people were intimately involved in all aspects of the NXIVM enterprise. In addition, there were other leaders involved in leading other companies under the NXIVM umbrella that are absent here. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

4. Defendant neither denies nor admits that NXIVM operated as a multilevel marketing scheme and would need to see how this business structure is defined by Plaintiffs and leaves them to their proofs of this. To the extent of the Defendant's knowledge NXIVM did not operate as a pyramid scheme. NXIVM provided coaching for customers, which, by definition, isn't "self-help." To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

5. The Defendant neither denies nor admits the allegations in paragraph 5 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegations and leave the plaintiffs to their proof regarding the same. The information and direct experience of the Defendant are counter to these statements. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

6. While Defendant recognizes the community and the companies that operated under the NXIVM umbrella started to collapse in 2017, she denies to the extent of her knowledge that DOS was a part of NXIVM. Defendant denies any experience of fraud, extortion, or sexual abuse. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

7. The Defendant neither denies nor admits the allegations in paragraph 7 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the

Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

8. The Defendant neither denies nor admits the allegations in paragraph 8 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

9. Defendant denies to the extent of her knowledge, in part, the allegations in paragraph 9 of the complaint: Vanguard, Grandmaster and Master were titles, not aliases. Raniere was not the only leader of the companies under the NXVIM umbrella and boards were established to create a balance of power. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

10. The Defendant neither denies nor admits the allegations in paragraph 10 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. However, to the extent of her knowledge Defendant denies the existence of a criminal enterprise. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

11. The Defendant neither denies nor admits the allegations in paragraph 11 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

12. The Defendant neither denies nor admits the allegations in paragraph 12 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. However, Defendant neither experienced nor witnessed Mack extorting people. Defendant did not experience an abuse of power when she was invited by Mack to participate in DOS. Conclusions from the criminal case, i.e. Mack's alleged extorsion of others, do not apply to Defendant since Defendant was not a part of that trial

and any charges related to it have been dismissed against the Defendant. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

13. The Defendant neither denies nor admits the allegations in paragraph 13 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. However, it is not her experience that Nicki Clyne was recruiting for DOS until March 27, 2023. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

14. The Defendant neither denies nor admits the allegations in paragraph 14 of the complaint because defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

15. The Defendant neither denies nor admits the allegations in paragraph 15 of the complaint because defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

16. Defendant acknowledges being engaged in medicine during these periods, however rarely in NY except for a few private patients. She was mostly engaged as a business owner in NY. She denies a professional address in Plainview and is no longer residing in NY, and has updated her address with The Court. She was not commissioned by Raniere to administer any brands. DOS no longer exists, thus the Defendant "promoting DOS" doesn't make sense and cannot be denied, nor accepted. The statement "Roberts continues to support Raniere" is too general and requires a modifier to be able to be denied or accepted. Does Defendant support Raniere's rights as described in the U.S. Constitution and its Amendments? Yes. Does Defendant support Raniere physically, financially, or emotionally? No. Plaintiffs' statement lacks specificity and is too vague to respond to. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

17. The Defendant neither denies nor admits the allegations in paragraph 17 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

## STATEMENT OF FACTS

23. The Defendant neither denies nor admits the allegations in paragraph 23 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

24. To the extent of her knowledge, Defendant denies the existence of NXIVM in 1998, and its existence as a pyramid operation (or scheme as earlier stated) and leave the Plaintiffs to their proof of this. Defendant denies enrollees were called "Nxians." On information and belief, this term never existed during Defendant's participation with the community from 2013 to 2017.

Admit that enrollees were "told" they "could (not would)" benefit financially and/or be able to get promoted through "The Stripe Path" if they enrolled people into NXIVM program courses if they were accepted to be a sales-person and earned commission, or earned the title of being a Proctor. "The Stripe Path" was only a component of "Ethos," a program within Executive Success Programs. A low percentage of enrollees actually tried to enroll others into Executive Success Programs courses. Most people just took the classes and received the coaching that they paid for. Those that worked as a sales-person often earned good money, as many of the Plaintiffs attested to. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

25. The Defendant neither denies nor admits the allegations in paragraph 25 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. She cannot state to why Rational Inquiry was created. However, she did not observe it to be fraudulent, rather she observed anyone she spoke to was happy with their results from the trainings. There are thousands of anonymous surveys that reveal very positive impressions of the curriculum and coaching by the wide variety of people who participated. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant

states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

26. The Defendant neither denies nor admits the allegations in paragraph 26 of the complaint because defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

27. Defendant acknowledges that NXIVM headquarters were in Albany, New York. However, she denies to the extent of her knowledge that the NXIVM curricula taught that recruits needed to completely immerse themselves in the NXIVM system and move to Albany. She denies that there was a hidden, insular community where members had little contact with the outside world. Defendant has insufficient knowledge of Raniere's motivations. The Defendant acknowledges that hundreds of NXIVM participants traveled to the Albany, New York region to participate in trainings, however, very few people in the Espian community actually lived in Albany, New York. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

28 - 36. The Defendant neither denies nor admits the allegations in paragraph 28-36 of the complaint because defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

37. The Defendant neither denies nor admits the allegations in paragraph 37 of the complaint because defendant has not sufficient information as to the truth or not of the intensions of the design of NXIVM. However, she did not experience physical, psychological, or sexual abuse. She denies experiencing pressure to purchase courses, or to recruit new members, nor perform uncompensated "coaching" services for junior members. Defendant does not understand what is meant by "unlock ever-increasing "goal levels" within NXIVM" and cannot comment upon this. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

38. The Defendant neither denies nor admits the allegations in paragraph 38 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and

leave the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

39. The Defendant neither denies nor admits the allegations in paragraph 39 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. To the extent of her knowledge, Defendant denies a set doctrine or script. In Defendant's experience, students were taught sales or enrollment skills including script writing, similar to other courses she's taken, and students produced their own scripts for selling their own personal ideas, products, and services during the teachings. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

40. The Defendant neither denies nor admits the allegations in paragraph 40 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. However, she personally experienced progress from the curricula that she was happy with. There were multiple curricula, but she denies a requirement to complete all of the curricula or that new recruits were "captured."

Defendant denies that the chances of making money were slim. Seventeen-thousand plus individuals took courses, but very few tried to make money or a career by enrolling others into taking curriculum. Some people, including some Plaintiffs, were good at sales. Indeed, a few Plaintiffs enrolled many of the other plaintiffs into the program. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

41. The Defendant neither denies nor admits the allegations in paragraph 41 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. To the extent of her knowledge, Defendant denies all enrollees were encouraged to attain the rank of "Coach." Apprentice Coaches were required to undergo a screening process and perform some number of hours of work. This was an apprenticeship or internship. Coaches got to participate in the curriculum and learn new skills that were taught to them by the Proctor. While there was a certain number of required hours of work, almost nobody upheld this requirement and nobody that the Defendant knows of experienced negative consequences for not performing this "requirement," besides not progressing in their studies or skill development. Defendant has insufficient knowledge of what the "ESP Coaching Responsibilities and Privileged & Internship Agreement" said or the truth of what was contained there within. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant

states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

42. The Defendant neither denies nor admits the allegations in paragraph 42 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. However, in the Defendant's experience, there were clear advancement requirements to be promoted, like in any well-designed business or education track, part of the skills required were enrollment skills, part were teaching and coaching skills. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

43. The Defendant neither denies nor admits the allegations in paragraph 43 of the complaint because Defendant has not sufficient information as to the intent behind the produced training program. However, in the Defendant's experience the benefits that each training provided were unique to the training and similar across participants. New trainings were no different than a university providing a new class on a unique topic. For instance, a training called "Möbius" helped people learn about the natures of projection and love. Another training, "Characterization," helped people learn about building character. Another training, "Human Pain," helped people learn how to build their conscience related to their personal values. Most people who took ESP/NXIVM trainings only took part of first level of training. Some people

who associated themselves with ESP/NXIVM took more than one program. Very few people who attended the programs attempted to enroll others to attend programs. It is the Defendants understanding that only about 5% of people who attending ESP trainings decided to become coaches. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

44 – 54. The Defendant neither denies nor admits the allegations in paragraph 44 - 54 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

55 – The Defendant neither denies nor admits the allegations in paragraph 55 of the complaint because Defendant has not sufficient information as to the truth or not of the intention of the structure or curriculum of NXVIM, but she experienced herself and those around her to have dramatic improvements in health, relationships, wealth and the like. Defendant acknowledges she did experience initial questionnaires to screen for professionals with a conflict of interest to identify those that would need to complete a non-compete or NDA for obvious reasons before

enrolling. As a licensed professional, she was one of those people. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

56. Defendant acknowledges the companies use of techniques and rituals to denote rank and measures of achievement. She denies experiencing the teaching of the concept of increasing "worthiness" with increasing rank. She denies experiencing any teachings of self-blame, shame, or humiliation as techniques for subservience. In Defendant's experience, the curriculum fostered participant empowerment. Defendant did not experience higher ranking Espians using the curriculum to shame and humiliate lower ranking Espians into obeying their commands. Defendant denies that the NXIVM leaders and curriculum could not be criticized. Executive Success Programs did teach that gossiping about people behind their backs was immoral, and that offering a solution to a problem was more productive than just complaining. It is the Defendant's understanding that if Plaintiffs had a bad experience with the program, they were free to leave and free to ask for a refund. To my knowledge, many Plaintiffs took many programs, and even participated with NXIVM programs for years. Plaintiffs had a personal responsibility to stop participating in things that they didn't like participating in. Defendant witnesses many individuals leave trainings for personal reasons, family emergencies or extenuating circumstances seeminly without a problem. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there

was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

57 – 86. The Defendant neither denies nor admits the allegations in paragraph 57-86 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

87. The Defendant neither denies nor admits the allegations in paragraph 87 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. However, the Defendant denies witnessing or any knowledge of forced labor or sex trafficking. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

88. It is not the Defendant's experience that Jness was misogynistic and taught that women were inferior, dishonest, untrustworthy, and genetically and evolutionarily predisposed to subservience. Defendant denies to the extent of her experience, that "Jness" taught that women

were entitled to neither equal pay, nor equal rights. Defendant did not experience that it taught that men require multiple sexual partners. Defendant did not experience that Jness taught that men rape women as a natural way of territory-marking when women attempt to leave men, and that women can climax only when being raped. If Plaintiffs had a bad experience with the program, they were free to leave and free to ask for a refund. To my knowledge, many Plaintiffs took many programs, and even participated with NXIVM programs for years. Plaintiffs had a personal responsibility to stop participating in things that they didn't like participating in. Defendant has insufficient knowledge related to the allegations regarding Camila. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

89. It is not the Defendant's experience that SOP was framed as NXIVM's military arm, or that recruits were "subjected" to any practices. The entire organization was run as a non-violent organization. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

90 - 91. The Defendant neither denies nor admits the allegations in paragraph 90-91 of the complaint because defendant has not sufficient information as to the truth or not of the said

allegation and leave the plaintiffs to their proof regarding the same. It is Defendant's understanding that Plaintiff Sarah Edmondson was a founder of "TEN C." To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

92. The Defendant neither denies nor admits the allegations in paragraph 92 of the complaint because Defendant has not sufficient information as to the truth or not of the design of the Ultima companies for grooming or sexual partnership. She did not experience either. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

93. Correction: The company's name is exo|eso, not exo/eso. The Defendant neither denies nor admits the allegations in paragraph 93 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. Defendant acknowledges Adrienne was invited to different Ultima development groups. However, Adrienne Stiles (and another 40+ applicants) APPLIED to become a member of theses Ultima development groups. Defendant denies any experience or knowledge that exo|eso was a sex trafficking operation. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant,

the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

94. The Defendant neither denies nor admits the allegations in paragraph 94 of the complaint because Defendant has not sufficient information as to the intentions or not of Raniere's co-creating exo|eso. However, Defendant was a primary Co-Developer of exo|eso and enroller, and as such Defendant denies that exo|eso's purpose was to recruit, select, and groom desirable female candidates to engage in sexual conduct for Raniere's gratification, and was never given any reason or experience to believe that. Women of all shapes and sizes and men, alike, were selected to become certified or participate. Defendant denies that "recruits were required to meet with Raniere at his command, including between midnight and 3 a.m." To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

95. The Defendant neither denies nor admits the allegations in paragraph 95 of the complaint because defendant has not sufficient information as to the truth or not of who selected the six women (including herself) and leaves the Plaintiffs to their proofs. Nowhere on the application was "young attractive and thin" if they were part of the criteria. Defendant acknowledges that Adriene, Lindsay and Bonnie were three of her business partners. Defendant denies they were told anything about owning and operating a company when they all applied to be part of the

Ultima development group, of which they were selected. The intellecutal development organically developed into exo|eso as a business. Defendant denies that they never received a share of the profits. Defendant denies approval being required for all business plans and rejection of all ideas from these Plaintiffs. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

96. The Defendant neither denies nor admits the allegations in paragraph 96 of the complaint because defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. However, the Defendant worked closely with Lindsay and it is not the Defendant's experience or impression that the claims are true. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

97. The Defendant neither denies nor admits the allegations in paragraph 97 of the complaint because defendant has not sufficient information as to the truth or not of the said allegation and leave the plaintiffs to their proof regarding the same. However, Defendant states Bonnie was paid a percentage she participated in negotiating with all co-developers quarterly (and agreed

upon) of all the profits they made together in exo|eso. Defendant denies they ever reported to Clare for any wages, except if she was helping with accounting. Clare was not an owner or operator of exo|eso. Clare helped the development team learn the essential skills she had about legal contracts and finance voluntarily for free and never collected payment. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

98. To the extent of the Defendants extensive knowledge and experience with exo|eso, Defendant denies that Stiles was working for exo|eso. Stiles was a primary partner and developer of exo|eso. She was building a company that she owned with others. Defendant denies that Plaintiffs or Developers reported to Clare. Defendant denies Stiles quitting her full-time job for demands. The company was growing and the partners started making enough to leave their other employments, should they desire. Defendant denies being paid by Clare ever. Developers/partners were paid by Raniere in the development meetings. They were paid percentages they came up with (without Raniere's evaluation) of all profits. Defendant has insufficient knowledge of any injuries Stiles sustained working together and leave Plaintiffs to their proofs of this. Defendant denies any force to participate in this voluntary opportunity as an entrepreneur and business owner. Any debt Stiles took on was of her own volition. Defendant has insufficient knowledge of the truth of Stiles working as Clare's assistant, but Stiles did go back to graphic design as the company started struggling as a result of the co-developers and partners not filling the trainings adequately. To the extent that any of these allegations in any way relate or impinge on the

remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

99. The Defendant neither denies nor admits the allegations in paragraph 99 of the complaint because defendant has not sufficient information as to the truth or not of Clare or Raniere's intent of nonviability. However, exo|eso grossed over $300,000 the first year in operation, and Defendant denies any staving off of resources, or attempts to collect fake debts to the extent of her knowledge. Defendant denies Fiji retreats being purposeless, substance less or ineffective. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

100 – 106. The Defendant neither denies nor admits the allegations in paragraph 100-106 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. However the Defendant denies exo|eso was an integral part of The Source. The Source ran completely free of exo|eso. Defendant can't say whether or what Clare told exo|eso Mentors regarding not being entitled to payment, but they were paid for any classes they Mentored for The Source students. Compensation was built into the membership structure, and collaboration agreement with The

Source. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

107. The Defendant neither denies nor admits the allegations in paragraph 107 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. However, it was her impression and experience that DOS was not a part of NXIVM. In fact, women who had no experience with NXIVM related curriculum were eligible to join DOS and DOS was a secret society that was unknown to nearly 95% of the people who took NXIVM related classes. Defendant denies this translation of Dominus Obsequious Sororium. Defendant denies to the extent of her knowledge any grooming taking place in exo|eso. Defendant denies knowledge of any sex trafficking ring or providing Raniere with any sexual prey or slaves or uncompensated labor. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

108. Defendant Acknowledges DOS included some of the practices Raniere created for previous curricula. Defendant neither admits not denies any knowledge about misrepresentation or

omissions regarding DOS and leaves Plaintiffs to their proofs of said allegation. Defendant did not experience this when she was invited. Defendant denies collateral was to maintain power over slaves for direct actions. Defendant has insufficient information of individual collateral item contents, as such leaves Plaintiffs to their proof of this, however Defendant denies blackmail. She never experienced said threats or was told about alleged threats by any other women during or after the resolution of DOS. Defendant denies the instilling of inferiority and punishment in women in Jness, SOP or DOS to her knowledge. Defendant acknowledges readiness drills and denies any unagreed upon punishments to her knowldege. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

109. The Defendant neither denies nor admits the allegations in paragraph 109 of the complaint because Defendant has not sufficient information as to the truth or not of any intention of control, or subjugation for sexual gratification and leaves the Plaintiffs to their proofs of this allegation. Defendant denies Plaintiffs translation of DOS. Defendant acknowledges a hierarchy for organizational and earning purposes (as in most companies), however denies any pyramid scheme. Defendant denies "force" of any labor or obligation to recruit. Insufficient knowledge of any scheme to create slave labor, pool of sexual partners or personal benefits and leave Plaintiffs to their proofs of these allegations. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant

states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

110. The Defendant neither denies nor admits the allegations in paragraph 110 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. Defendant acknowledges defendants Mack and Clyne were "First line Masters," however Defendant denies that their "slaves" performed free labor for them to the extent of her knowledge. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

111. Defendant denies that slaves did not willingly and knowingly join the organization DOS turned out to be to the full extent of her knowledge and experience. Defendant did not experience misrepresentation or obscurement. Defendant has insufficient information about what Raniere instructed and leave Plaintiffs to prove these allegations. Defendant denies to the full extent of her knowledge the "demanding" of collateral, and its stated purpose to trap or ensnare. Many women who provided collateral, earned the details of what DOS consisted of, and chose not to join. There were no negative consequences, the women remained friends and their collateral was never released. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the

extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

112. The Defendant neither denies nor admits the allegations in paragraph 112 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. Defendant acknowledges the sensitivity and gravity of the contents qualifying as adequate collateral. Defendant has insufficient knowledge of individual Masters' actions, slaves' requests or involvement of Ms. Bronfman and leaves the Plaintiffs to their proof of said allegation. Defendant acknowledges the women gave the collateral in exchange for information they wanted and to vouch for their word to keep that information secret so as to protect all women involved. Returning collateral would breach that agreement and prove the exchange meaningless. Their decision to be able to choose to give collateral in exchange for the information would be neutered, and their word rendered impotent. Defendant denies experiencing demands of her for collateral at any point. Defendant denies any knowledge of involvement of Clare Bronfman in DOS, or that she would have the knowledge or understanding to appropriately address any of these requests should they have been made of her. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

113-114. The Defendant neither denies nor admits the allegations in paragraph 113-114 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. However, Defendant's states that Mack's guilty plea is counter to her experience and was likely made under duress in corrupt proceedings. Defendant denies experiencing coercive control of any of the listed strategies. Defendant denies any dependency of the women selected for DOS on NXVIM for income or means. Most that joined were highly capable and established, certainly none lived in the poor or destitute conditions that apply to most valid sex trafficking cases. Defendant denies misogynistic curriculum subjugation to the extent of her knowlege. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

115. The Defendant neither denies nor admits the allegations in paragraph 115 of the complaint because Defendant has not sufficient information as to the truth or not of all Masters' practices. However, Defendant did not experience any of this from her Master, Allison Mack, and experienced this organization developing organically with clear Standard Operating Procedures in place for uniformity of process as it grew. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any

battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

116. The Defendant neither denies nor admits the allegations in paragraph 116 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. Defendant did not witness, nor have reason to suspect extorsion, forced labor, nor sex trafficking related to DOS or NXIVM. The women of DOS that Defendant witnessed did as they pleased and participated with the organization as they felt fit. I witnessed no behaviors to suggest that the women were concerned that their collateral was going to be released if they were "disobedient" to their "master." To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

117. The Defendant neither denies nor admits the allegations in paragraph 117 of the complaint because Defendant has not sufficient information as to the truth or not of each individual's experience. Defendant denies that she was threatened with the release of her collateral for not following instructions. She was not forced to be sleep deprived, was not forced to perform tasks of physical endurance, nor routinely humiliated under the threat of the release of her collateral. She also was never told by India or Nicole, or any other women, that they were forced in these ways or threatened with the release of their collateral. To the extent that any of these allegations

in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

118. The Defendant neither denies nor admits the allegations in paragraph 118 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. However, the Defendant states the seduction assignment she and many other women were given had nothing to do with Raniere's sexual gratification to her knowledge. Any diets or calorie counting she, or any of the women the Defendant has spoken to, were picked and agreed upon by the "slave." Any penances or punishments were always chosen by the "slave," as per the Defendants experience. Often the "Masters" took on a punishment for their "slave" to lovingly help them build a conscience of their behavior or failures. Defendant never experienced demands for sexual contact or leveraging of collateral, nor has any women she knows in DOS expressed this to her, including India and Nicole. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

119. Defendant denies allegation in paragraph 119. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant

denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

120. Defendant admits that the OPMC did revoke her license in 2021. However, Defendant points out this decision was from an administrative hearing and is not binding in this court, and Defendant reserves all rights to challenge any notions from this preceding. Defendant denies that the people who received brands were victims. They agreed to the process and were not under duress, or at least had a responsibility to tell her that they were doing this under duress if that were the case. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

121. Defendant acknowledges that the OPMC decided the brands were a medical procedure. However, this is irrelevant to whether or not the branding is to be considered battery or not. Additionally, this decision was from an administrative hearing and is not binding in this court. Defendant denies branding is the practice of medicine or that she was practicing medicine when helping the women with their brands, therefore any standards of medical conduct, medical protocols, or training requirements outlined by the OPMC would not apply here. Defendant denies that any of the Plaintiffs, including Edmonson, sought her out as patients for a

doctor:patient relationship. Defendant learned electrocautery branding from a premier experienced branding artist and followed all branding standards applicable to this circumstance. Participants did not experience infections, or 3rd or 4th degree burns. None of the Plaintiffs complained to Defendant of psychological trauma, PTSD, or anxiety after the procedure until there was opportunity for secondary gain. Defendant leaves the Plaintiffs to their proofs of this. To the extent that any of these allegations were medical in nature or not or in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

122. Defendant denies the allegations in paragraph 122. Defendant was not acting as a physician. No medical informed consent was required. Informed consent was obtained. Defendant denies sufficient knowledge of brand meanings, or authority to inform Plaintiffs of meanings. Defendant didn't conceal anything and was never asked by Plaintiffs her understanding of the meaning. The size of the brand was not concealed. Defendant acknowledges purchasing the electrocautery machine. Knowing that Raniere was involved was obvious, and by no means insinuates in any way any deception, threat or coercion in the consent process, or branding application process. Defendant denies the threatening use of collateral or threat in obtaining consent or knowledge of any use of coercion at all in obtaining consent or applying the brand. Defendant denies any medical recklessness in her career. Defendant denies that members were not told of the brand when they were invited. Defendant denies that there was any battery. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge

against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

123. Defendant has insufficient knowledge of each members individual enrollment experience and meanings of the brand they were told and leaves the Plaintiffs to their proof of this. To the extent of her knowledge and experience the Defendant denies the DOS members didn't know or were lied to about the meanings of the brand. Defendant has insufficient knowledge of the truth of the videos being supplied to Mr. Raniere and leave the Plaintiffs to prove these allegations. Defendant rejects the use of digitally altered photographs in these proceedings. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

124. The Defendant neither denies nor admits the allegations in paragraph 124 of the complaint because defendant has not sufficient information as to the truth of each woman's individual experience, and leaves the plaintiffs to their proof regarding the same. To the Defendant knowledge and experience all persons who received brands gave voluntary, informed consent to receiving a brand. To Defendant's knowledge and experience, the collateral had no relationship to a participant's decisions about whether or not to obey a command or get the brand as has been already adjudicated. Defendant witnessed many of these Plaintiffs disobey "commands" with no fear of their collateral being released. In addition, there are women that chose NOT to get the

brand and their collateral was NOT released. Defendant has insufficient information on Raniere's intention to or directions to retaliate, or the actual release of Edmonson's branding experience to the media and leave the Plaintiffs to their proof of this. The information Defendant has does not support the claim. It is absurd to say that Plaintiffs feared Clare's retaliation because Clare was completely unaware of DOS and Plaintiffs were frequently disobedient, revealing no fear of retaliation. More importantly, this is not related to the Defendant's position in any way. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

125. The Defendant neither denies nor admits the allegations in paragraph 125 of the complaint because defendant has not sufficient information as to the truth of each woman's individual experience, and leaves the plaintiffs to their proof regarding the same. However, to the extent of the Defendant's experience and knowledge every woman who invited another was required to share five pieces of information. The brand was an unequivocal piece of information shared with each woman before she decided whether or not to join. This was testified to. Many women chose not to join without negative consequence. Defendant denies Edmonson was told she would receive a small tattoo, instead of a brand. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery.

Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

126. Defendant denies allegations in paragraph 126. Branding with a cautery pen is not a medical procedure, medical informed consent is not required. To the Defendants fullest knowledge and experience, voluntary, informed consent was obtained. Defendant denies any knowledge that said consent did not exist. Defendant has insufficient information about the meaning of the brand and the first line members knowledge or information they imparted to others, including the meaning of the brand, their intent to mirror or rotate the symbol, or the phrases they including in the initiation ceremony. To the extent of the Defendants experience and knowledge, masking the meaning of the brand was not the intent of mirroring or rotating the symbol, and reciting the phrase did not create the appearance of consent, it was voluntary consent, and recitation was not forced. Again, there were women who chose not to get the brand, despite previously agreeing to getting the brand. Their collateral was not released. Defendant denies coercion or any knowledge of it. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

127. The Defendant neither denies nor admits the allegations in paragraph 127 of the complaint because defendant has not sufficient information as to the truth or not of the said allegation and leaves the plaintiffs to their proof regarding the same. To the extent that any of these allegations

in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

128. The Defendant neither denies nor admits the allegations in paragraph 128 of the complaint because defendant has not sufficient information as to the truth or not of the said allegation and leaves the plaintiffs to their proof regarding the same. However, the Defendant, to the extent of her knowledge, doesn't believe these were false statements as the collateral was not sent to, nor handled by Raniere, nor anyone else other than the "slave's" master. This was true until Jessica Joan stole the collateral from Mack's computer, which she testified to. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

129. The Defendant neither denies nor admits the allegations in paragraph 129 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. However, Nicole was told about the brand before joining. She admitted this upon cross-examination at Raniere's criminal trial.[1] Mack couldn't have known the shape, size or symbol of the brand when she invited Nicole and wasn't able to inform her of this information because the symbol had not yet been created to the

---

[1] US v. Raniere. Transcript of Trial page 3856. Line 9-25

Defendant's knowledge. Defendant denies to the extent of her knowledge that Mack told Nicole that leaving was not an option, nor threatened to release collateral. Defendant denies Nicole's, and India's lack of knowledge or lack of consent that the nude "family" photos were sent to Raniere. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

130. The Defendant neither denies nor admits the allegations in paragraph 130 of the complaint because defendant has not sufficient information as to the truth or not of the said allegation and leaves the plaintiffs to their proof regarding the same. Defendant observed Nicole to say no to many tasks. Given this, it is a stretch to say that she was forced to do anything that she didn't want to do. Defendant denies being forced to take cold showers or reduce calorie intake for Nicole's decisions to not perform tasks. Defendant denies any experience or knowledge of force as previously adjudicated. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

131. The Defendant neither denies nor admits the allegations in paragraph 131 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and

leaves the Plaintiffs to their proof regarding the same. To the extent of her knowledge, Defendant denies any force of participation in this act. Defendant is under the impression Nicole designed the act herself, leaving doubts that the $10,000 was given for sex acts and obeying commands. Also, if the collateral was being used for coercion, as the Plaintiffs allege, why would Raneire need to pay Nicole for sex? It is the Defendant's opinion that Raniere gave her this money to help her have more options available to her so that Nicole could concentrate upon her personal growth. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

132. The Defendant neither denies nor admits the allegations in paragraph 132 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. Defendant denies any knowledge or experience that there was coercion. Conclusions from the criminal case do not apply to the Defendant's case. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

133. The Defendant neither denies nor admits the allegations in paragraph 133 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. In the Defendant's experience it's doubtful Nicole experienced financial harm as Mack (a highly skilled and esteemed actress) had taken Nicole under her wing and was mentoring her for free, gave her a job opportunity in the field she was pursuing, and Raniere gifted her $10,000. In the Defendants estimation Nicole was given much more than she gave. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

134. The Defendant neither denies nor admits the allegations in paragraph 134 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. However, Defendant was in the same circle as India and never experienced or was made aware of by India or anyone else the use of collateral to force India to join, nor the use of coercion to elicit additional collateral as already adjudicated. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

135. The Defendant neither denies nor admits the allegations in paragraph 135 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. However, to the extent of the Defendant's experience and knowledge she denies these tasks were forced as she observed Oxenberg to say no to tasks and not complete tasks without consequence. Given this, it seems evident that she was acting upon her own accord. Defendant observed Oxenberg and Mack relate with each other like best friends. It was endearing, inspiring and sweet to watch. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

136. The Defendant neither denies or admits the allegations in paragraph 136 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. However, Defendant denies any threat of release of collateral for previously stated reasons. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal trial do not apply to Defendant.

137. The Defendant neither denies or admits the allegations in paragraph 137 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. Defendant states a stencil the size of the brand was applied to the skin before any branding took place and India consented to the location and size, and adjusted the stencil to the location that she desired. India never expressed to Defendant (of equal in status within DOS, and in the same circle) that she felt coerced into receiving the brand. As stated, above, some women decided not to get the brand and their collateral was not released. To the Defendants knowledge was no coercion as was previously adjudicated. The Defendant does not have sufficient information as to the truth or not about what India was told or knew about the meanings of the brand and leave the Plaintiffs to their proof of this. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

138. The Defendant neither denies or admits the allegations in paragraph 138 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. To the extent of the Defendants knowledge any of Oxenberg's labor in DOS was not forced or uncompensated and India's decisions to take NXIVM courses, travel, find accommodations were her own decisions and the expenses are hers. Defendant denies any extorsion or use of force against Oxenberg to the extent of her knowledge and experience as previously adjudicated. To the extent that any of these

allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

139 - 141. Defendant denies allegations in paragraphs 139-141 of extortion, control, demands, and force of any kind to the full extent of her experience and knowledge and leaves the Plaintiffs to prove this. The Defendant was in the "DOS 'slaves'" circle that invited Souki. Plaintiff India Oxenberg was her "Master." Defendant denies the allegations of uncompensated labor for DOS and has no knowledge of Souki performing uncompensated labor in other endeavors. Conclusions from the criminal trial do not apply to Defendant. Defendant denies that there was coercion as previously adjudicated. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

142. The Defendant neither denies nor admits the allegations in paragraph 142 of the complaint because defendant has not sufficient information as to the truth or not of the said allegation and leaves the plaintiffs to their proof regarding the same. Defendant has insufficient knowledge to say whether Clare knew anything about the T-shirt business plot and leave this allegation to the Plaintiffs to prove. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks the Court to

strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

143. The Defendant neither denies nor admits the allegations in paragraph 143 of the complaint because defendant has not sufficient information as to the truth or not of the said allegation and leaves the plaintiffs to their proof regarding the same. Of some relevance, Plaintiff India Oxenberg was Jessica Joan Salazar's "Master." Plaintiffs appear to be claiming that Oxenberg has no responsibility for how she treated Salazar. If this is true, how does Mack have responsibility for Oxenberg's actions if Mack was Raniere's "slave." The shirking of personal responsibility onto pretend "masters" is absurd. Each person is responsible for their own actions. Salazar claims that she "escaped DOS at great personal risk." Defendant leaves the Plaintiffs to their proofs of this, as many women left DOS and nothing happened to them. It seems there was no risk to leave the group. If Salazar's story is true, it seems she is a victim to her own imagination. Like the other women who quit DOS, she decided to stop participating and nothing happened to her. Defendant denies uncompensated services in DOS to the extent of her experience and knowledge and leaves the Plaintiffs to their proof of this. Defendant is not sure how the Plaintiffs in statement 143 "know" that Mack "meant for Joan to sleep with Raneire" when, according to the TAC, she "said," "have him take a naked picture of her." To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have

been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

144. The Defendant neither denies nor admits the allegations in paragraph 144 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

145. The Defendant neither denies or admits the allegations in paragraph 145 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. However, considering the standardized methods for inviting women testified to, it highly unlikely that Mack "told her she entered into a master-slave relationship" without Rachel deciding if she wanted to make this meaningful commitment. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

146. The Defendant neither denies nor admits the allegations in paragraph 146 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. However, to the extent of the Defendant's experience and knowledge this was a voluntary commitment and many chose not to do tasks or failed at doing them and experienced no consequence, no release of collateral, or threat whatsoever as was previously adjudicated. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

147. The Defendant neither denies nor admits the allegations in paragraph 147 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. However, Defendant denies uncompensated labor for Mack for the same up states reasons and as previously adjudicated. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

Unnumbered paragraph regarding "Plaintiff Valerie": Defendant denies the allegation of extortion in this paragraph to the full extent of her knowledge. In addition, Plaintiff India Oxenberg was Plaintiff Valerie's "Master." Plaintiffs appear to be claiming that Oxenberg has no responsibility for how she treated Valerie. If this is true, how does Mack have responsibility for Oxenberg's actions if Mack was Raniere's "slave." The shirking of personal responsibility onto pretend "masters" is absurd. Each person is responsible for their own actions. Defendant doubts the statement that Mack told Valerie she "entered into" anything when that was not the standardized enrollment process that was testified to. Valerie or any slave would need to accept Mack and India's invitation and want to join and make this commitment for themselves. Many women chose not to join and their collateral was never released. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

148. The Defendant neither denies nor admits the allegations in paragraph 148 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. To the full extent of the Defendants experience and knowledge there was no force, no threats and no abuse. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have

been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

149. The Defendant neither denies nor admits the allegations in paragraph 149 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same, however any labor done would be for India, at least in part. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

150. The Defendant neither denies nor admits the allegations in paragraph 150 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

151. The Defendant neither denies or admits the allegations in paragraph 151 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. However, for similar reasons stated above

in allegations regarding Mack, Clyne would not have "revealed to Jane Doe 8 that she had entered a master-slave relationship for life." Jane Doe 8 would have needed to make that decision and relayed that decision to Clyne. Jane Doe 8's collateral was never released, demonstrating that the collateral was not being used to enforce behavior. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

152. The Defendant neither admits or denies the allegations in paragraph 152 of the complaint because Defendant does not have sufficient information as to the truth or not of said allegation and leave the Plaintiffs to their proof regarding the same. However, Defendant denies use of any force as previously adjudicated. These practices were all agreed upon and voluntarily entered into by herself and any woman she has spoken to. Many DOS participants failed or chose not to do tasks with no penalty. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

153. The Defendant neither denies or admits the allegations in paragraph 153 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. To the extent that any of these allegations

in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

154. The Defendant neither admits, nor denies the allegations in paragraph 154 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding the same. Again, Defendant denies forced labor conspiracy as previously adjudicated. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

155 - 158. The Defendant neither admits, nor denies the allegations in paragraphs 155-158 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding the same. However, Defendant states that to the extent of her knowledge no deceptive, extortive, forceful or coercive means were used as previously adjudicated and decided. Defendant denies that participants in DOS were at risk of their collateral being released if they left DOS or weren't obedient to their "master" to the full extent of her knowledge. DOS members who left DOS, left without consequence. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against

the Defendant, the Defendant denies them. Defendant states that to the extent that this allegation has been part of the dismissal already entered by the court they are hereby denied.

159. The Defendant neither denies nor admits the allegations in paragraph 159 of the complaint because Defendant has not sufficient information as to the truth or not of each woman's individual experience, and leaves the plaintiffs to their proof regarding the same. To the extent of the Defendant's knowledge and experience she denies that Edmondson, Pena, Jane Doe 9, Kristin and Charlotte were victims of a forced labor conspiracy through their participation in DOS. Conclusions from the criminal trial do not apply to Defendant. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

160. The Defendant neither admits, nor denies the allegations in paragraphs 160 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

161. The Defendant neither admits, nor denies the allegations in paragraphs 161 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

162 - 163. The Defendant neither admits, nor denies the allegations in paragraphs 162-163 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding the same. However, Defendant states that to the extent of her knowledge no deceptive, extortive, forceful or coercive means were used as previously adjudicated and decided. Defendant denies that participants in DOS were at risk of their collateral being released if they left DOS or weren't obedient to their "master." DOS members who left DOS, left without consequence. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them. Defendant states that to the extent that this allegation has been part of the dismissal already entered by the court they are hereby denied.

164. The Defendant neither admits, nor denies the allegations in paragraphs 164 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding forced labor conspiracy. As described above,

conclusions from the criminal trial do not apply to Defendant because she was not a participant in the criminal trial, is entitled to due process, and she reserves her right to challenge these conclusions. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

165-166. The Defendant neither admits, nor denies the allegations in paragraphs 165-166 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

167. The Defendant neither admits, nor denies the allegations in paragraphs 167 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding the same. However, Defendant, to the extent of her knowledge, denies that leaving the NXIVM community provided any risk to Edmondson. She has made a career out of "leaving" NXIVM, including a book deal, an HBO series, and a podcast. Indeed, Plaintiffs Anthony Ames and Edmondson play the recording of the conflict that they staged with Edmondson's "master" in their podcast. They dramatize the scene in the HBO

series. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

168-181. The Defendant neither admits, nor denies the allegations in paragraphs 168-181 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

182 - 190. The Defendant neither admits, nor denies the allegations in paragraphs 182-190 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leaves the Plaintiffs to their proof regarding the same. However the defendant states it was not her experience that it was common knowledge or opinion that Clare Bronfman created a culture of fear. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to

the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

191. Defendant admits

192 - 195. The Defendant neither admits, nor denies the allegations in paragraphs 192-195 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leaves the Plaintiffs to their proof regarding the same. However, it is not the Defendant's impression or experience that DOS was extorting people, was a forced labor organization, or a RICO enterprise as previously adjudicated and decided. While it was a women's organization, everyone assumed that Raniere had a role in the organization; similar to how he started the women's organization, Jness. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

196 – 288. The Defendant neither admits, nor denies the allegations in paragraphs 196-288 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leaves the Plaintiffs to their proof regarding the same. Conclusions from the criminal case do not apply to Defendants case. All charges requiring Defendant's knowledge of force or coercion were dismissed from this complaint and cannot be used to validate Battery. To

the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

289. The allegation in paragraph 289 was dismissed with prejudice.

290 – 300. The Defendant neither admits, nor denies the allegations in paragraphs 290-300 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leaves the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied.

302. The Defendant admits to branding Sarah Edmondson, Nicole, Paloma Pena and India Oxenberg with a symbol. Defendant denies accurate or complete knowledge of the meaning(s) of the symbol at the time of branding, nor does the meaning she knows match the Plaintiff's allegation. Defendant admits she did the branding (i) intentionally, and (ii) made contact with Sarah Edmondson's, Nicole's, Paloma Pena's, and India Oxenberg's skin. She denies that the contact was harmful, offensive or wrongful; under all of the circumstances.

303. The Defendant denies lack of consent. All interactions were consensual at the time of the branding processes.

304. The Defendant denies any physical or emotional injuries as a result of the branding process. The scar was the desired result that Plaintiffs had wanted and had asked for. Defendant is not responsible for any changes in opinion about their brand that the Plaintiffs may have developed after Defendant branded them at their request.

305 – 332. The Defendant neither admits, nor denies the allegations in paragraphs 305-332 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leaves the Plaintiffs to their proof regarding the same. To the extent that any of these allegations in any way relate or impinge on the remaining battery charge against the Defendant, the Defendant denies them and asks The Court to strike this portion. Defendant denies that there was any battery. Defendant states that to the extent that these allegations have been part of the dismissal already entered by the court they are hereby denied. Conclusions from the criminal case do not apply to the Defendant's case.

**Schedule A:**

Nicole: "physical injuries of being branded" – Defendant denies physical injuries. The scar was the desired outcome that Nicole wanted. There were no sequalae, or side effects, no infections, or other issues. Claims emotional trauma related to brand (PTSD in TAC) – Defendant does not

have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding the same

Oxenberg, India: "physical injuries of being branded" – Defendant denies physical injuries. The scar was the desired outcome that Ms. Oxenberg wanted. There were no sequalae, or side effects, no infections, or other issues. Claims emotional trauma related to brand (PTSD in TAC) - Defendant does not have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding the same

Pena, Paloma: "physical injuries of being branded" – Defendant denies physical injuries. The scar was the desired outcome that Ms. Paloma wanted. There were no sequalae, or side effects, no infections, or other issues. Claims emotional trauma related to brand (PTSD in TAC) – Defendant does not have sufficient information as to the truth, or not, of said allegation and leave the Plaintiffs to their proof regarding the same

Rachel: mentioned no damages from the branding or alleged battery. Not a sufficient claim and allegation should be dismissed as such.

**WHEREFORE,** this Answering Defendant prays that this Honorable Court will:

1. Dismiss the Battery Complaint (Count V) with prejudice

2. Grant the Defendant the reasonable equivalent of attorney's fees for the time of the defense, the cost of litigation, expenses; and

3. Award Defendant any such other and further remedy as the Court deems just and equitable.

# **AFFIRMATIVE DEFENSES AGAINST REMAINING BATTERY CHARGE:**

## FIRST DEFENSE:

The complaint should be dismissed because the court doesn't have subject matter jurisdiction over this matter.

## SECOND DEFENSE:

The complaint should be dismissed because the court doesn't have personal jurisdiction over this matter because the court never attainted personal jurisdiction due to nonservice of summon and complaint or defective service.

## THIRD DEFENSE:

The complaint should be dismissed because of expiration of the statute of limitations. The statute of limitations for Battery in NYS is 1 year from the date of the incident. The last brand was given in March of 2017 and the first complaint was filed January, 28th of 2020.

## FOURTH DEFENSE:

The complaint should be dismissed because the touching or invasion of the body of the Plaintiffs was done with their consent.

## FIFTH DEFENSE:

The complaint should be dismissed because there was no invasion of the body or property because all was consensual. Defendant was not acting on a professional basis as a physician thereby medical informed consent does not apply. If informed consent was needed they were informed because they knew the consequences and risks of the branding and they consented.

SIXTH DEFENSE**:**

Assumption of Risk: The complaint should be dismissed because the Plaintiffs knew of a dangerous condition and voluntarily exposed themselves to it, assuming the risk.

EIGHTH DEFENSE:

Fraud: Plaintiffs made fraudulent consensual claims, or fraudulent dissenting claims. Defendants actions were the consequence of the Plaintiffs fraud and Defendant relied on Edmondson's, Oxenberg's, Nicole's and Paloma's false representations to move forward in her actions which they now contest.

NINTH DEFENSE:

The complaint should be dismissed because there was no false representation to the Plaintiff about the effect of the branding and about the method of the branding. The branding happened with informed consent.

TENTH DEFENSE:

The complaint should be dismissed because the Plaintiffs were not coerced into receiving a brand.

ELEVENTH DEFENSE

Judicial Estoppel: The complaint should be dismissed because of judicial estoppel.

TWELTH DEFENSE

The complaint failed to join essential parties.

## THIRTEENTH DEFENSE

The complaint has failed to state a cause of action upon which relief can be granted.

## FOURTEENTH DEFENSE

Ratification: The complaint should be dismissed because the Plaintiff gave consent and sanctioned many previous acts such that the Plaintiffs can't complain about the branding later as there was NEVER a protest by them.

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon filing of this Answer. Therefore Defendant(s) reserve(s) the right to amend this Answer to allege additional affirmative defenses and claims, counter-claims, cross-claims or third-party claims, as applicable, upon further investigation and discovery.

**WHEREFORE,** this Answering Defendant prays that this Honorable Court will:

1. Dismiss the Battery Complaint (Count V) with prejudice

2. Grant the Defendant the reasonable equivalent of attorney's fees for the time of the defense, the cost of litigation, expenses; and

3. Award Defendant any such other and further remedy as the Court deems just and equitable.

## COUNTERCLAIMS:

## Count 1: Defamation

1. The Defendant incorporates and repeats the statements in the answer above including the affirmative defenses as if stated hearing at length.

2. The Plaintiffs made false representation about the conduct of the Defendant, including false representation about criminal conduct and professional conduct and false representation in general.

3. The representations were made knowingly and intentionally and the Plaintiff knew or should have known they were false.

4. The false representations were broadcasted to third parties other than the Defendant. As a consequence of this conduct the Defendant has suffered and will continue suffering damages directly and proximately caused by the broadcast of these false statements.

Wherefore Defendant demands judgement against plaintiff for compensatory damages, consequential damages, punitive damages, cost of litigation, and expenses, and such other remedy as the court finds just and equitable.

## Count 2: Intentional infliction of emotional distress:

1. The Defendant incorporates and repeats the statements in the answer above including the affirmative defenses as if stated hearing at length.

2. The Plaintiffs broadcasted to third parties and the Defendant knowingly and with intention of inflicting emotional distress and psychological damages to the Defendant, and in fact did cause directly and proximately extreme emotional distress, psychological injuries, proximately caused by the wrongful action of the plaintiffs that required, is requiring, and will require professional attention and treatment.

Wherefore Defendant demands judgement against plaintiff for compensatory, damages consequential damages, punitive damages, cost of litigation, and expenses, and such other remedy as the court may deem just and equitable.

## Count 3: Malicious Prosecution:

1. The Defendant incorporates and repeats the statements in the answer above including the affirmative defenses as if stated hearing at length.

2. There was a suit against me which alleged elements for: Count I RICO, Count II RICO Conspiracy, Counts III A - Sex trafficking and attempted sex trafficking, B – Conspiracy to sex trafficking, C – Human trafficking and forced labor or attempted human trafficking and forced labor, D – Conspiracy to human trafficking and forced labor. I prevailed in each count as evidenced by their dismissal. This litigation was dismissed because there was no basis to establish two predicate acts, or any knowledge at all, that the Defendant had of any RICO conspiracy, human trafficking, forced labor, sex trafficking, conspiracy, or the like.

The counts were brought maliciously and without any foundation of fact against the Defendant. The Defendant was damaged and injured by the malicious wrongful actions of the Plaintiffs and Attorneys in filing these counts that were found not to have grounds upon which relief could be

granted. The injury and damages of the Defendant were caused proximately and directly by the wrongful conduct of the Plaintiffs and Attorneys in bringing the dismissed counts.

**WHEREFORE**, this Answering Defendant:

1. Demands judgement against Plaintiffs and Attorneys for censure by the Court;

2. Grant the Defendant remedy including fines, compensatory, damages consequential damages, punitive damages, cost of litigation, expenses; and

3. Award Defendant any such other remedy as the court may deem just and equitable.

DATED this 1st day of November, 2024,

Defendant *Pro Se*

Respectfully submitted, /s/ Danielle Roberts

Danielle Roberts
575 Easton Ave
Apt. 18 S
Somerset, NJ 08873
516.480.1700