**FILED**
**Nov 6, 2024, 3:25 PM**
**in the Clerk's Office**
**U.S. District Court,**
**EDNY, Brooklyn**
**Pro Se Office via**
**Box.com**

## DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

SARAH EDMONDSON, *et al.*

       Plaintiffs,

       v.

Keith Raniere, *et al.*

       Defendants.

---

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

1:20 - cv - 00485-EK-CLP

**NOTICE OF MOTION TO
DISMISS COUNT V: BATTERY**

PLEASE TAKE NOTICE that upon the accompanying memorandum of law, and upon all prior

filings and proceedings in the above-captioned action, Danielle Roberts will move this Court, in

Courtroom 6G North, in the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY

11201, at a time and date to be determined by the Court, for an order to pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure dismissing Count V: Battery of the third amended

complaint (Dkt. No. 215) with prejudice as against Danielle Roberts.

**DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

SARAH EDMONDSON, *et al.*

        Plantiffs,

    v.

Keith Raniere, *et al.*

        Defendants.

_____

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

1:20 - cv - 00485-EK-CLP

**NOTICE OF MOTION TO
DISMISS COUNT V: BATTERY**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DANIELLE ROBERTS'**

**MOTION TO DISMISS COUNT V: BATTERY**

**TABLE OF CONTENTS:**

TABLE OF AUTHORITIES..............................................................................................................iv

STATEMENT OF FACTS.............................................................................................................1

ARGUMENT……………………………………………………………………………………...2

CONCLUSION .........................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Wende C. v. United Methodist Church*
4 N.Y.3d 293 (2005)……………………………………………………………………………2

*Seung Won Lee v. Woori Bank*
(N.Y. Sup. Ct. 2014) 2014 N.Y. Slip Op. 32345, 5……………………………………………….2

*Plaza v. Est. of Wisser*
626 N.Y.S.2d 446, 451 (N.Y.App.Div., 1st Dep't 1995)…………………………………………3

*Corcoran v. New York Power Auth.*
202 F.3d 530, 542 (2d Cir. 1999)…………………………………………………………………3

*Weiss v. Shree Baidyanath Ayurved Bhawan Pvt. Ltd.*
(E.D.N.Y., Apr. 10, 2024, 21-cv-00155 (ERK) (JRC)) [pp. 15]…………………………………3

*Szczuvelek v. Harborside Healthcare Woods Edge*
182 N.J. 275 (2005)……………………………………………………………………….…4

Agency Holding Corp. v. Malley-Duff & Associates, Inc.
483 U.S. 143 (1987)………………………………………………………………………………5

## Other Authorities

O'Connor' federal rules, Civil trials 2022

This Civil RICO lawsuit: Case 1:20-cv-00485-EK-CLP Document 230 Filed 07/14/24
MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DANIELLE ROBERTS'
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

This Civil RICO lawsuit: Case 1:20-cv-00485-EK-CLP, Dkt 244 Filed 11.1.24, Page 34 DEFENDANTS'
ANSWER TO THE SUMMARY OF ACTION

This Civil RICO lawsuit: Case 1:20-cv-00485-EK-CLP Document 240 Filed 09/27/24 Page 1
of 103 PageID #: 2714 MEMORANDUM & ORDER

This Civil RICO lawsuit: Case 1:20-cv-00485-EK-CLP Document 215 Filed 06/06/23 Page 1 of
117 PageID #: 2439; THIRD AMMENDED COMPLAINT, hereafter referred to as TAC

*United States v. Raniere et al*, 1:18-cr-00204-NGG-VMS (E.D.N.Y.) (hereafter, "District Court Docket")

Inside a Secret Group Where Women are Branded, Barry Meier, Oct 17, 2017
https://www.nytimes.com/2017/10/17/nyregion/nxivm-women-branded-albany.html


**Statutes:**

Fed. R. Civ. P 12(b)(6)

New York Civil Practice Law and Rules § 215(3)

New York Civil Practice Law and Rules § 214-c

# STATEMENT OF FACTS

1. Plaintiff's Counsel named the Defendant in Counts I, II, III(A), III(B), III(C), IV and VI in the First Complaint, First Amended Complaint, and Second Amended Complaint. These counts were wholly inadequate in the way they were charged and relied on non-specific, group pleading to lump the Defendant into these accusations (*see* Dkt. 211 & 230).

2. These were serious Allegations - Count I: RICO, Count II: RICO Conspiracy, Counts III A: Sex trafficking and attempted sex trafficking, B: Conspiracy to sex trafficking, C: Human trafficking and forced labor or attempted human trafficking and forced labor, D: Conspiracy to human trafficking and forced labor - for which there was no basis.

3. Count I: RICO was removed by Plaintiffs' council because they insufficiently plead the RICO charge against Roberts and Count I was removed at the Status Conference on, November 30th, 2021.

4. Counts II-IV were found to have no basis on September 27th 2024 in The Court's Memorandum & Order (Dkt. 240) and were also dismissed. The inadequacies in the complaints were not due to inadequate time or undue opportunity. The initial complaint was entered in January of 2020. The proposed *Third* Amended Complaint was posted on April 3, 2023.

5. Count V: Battery is the only remaining count alleged against the Defendant in the Third Amended Complaint.

6. The alleged incidents, Count V: Battery, occurred previous to and on or about June 2017, when the last of the four Plaintiffs alleging battery received her brand. The others were completed before this, Edmondson in May 2017 and Nicole and India in January of 2017.

7. The Complaint was filed on January 29th, 2020, well beyond the one (1)-year statutory period for initialing a civil complaint for battery under New York law. N.Y. C.P.L.R. 215(3).

## ARGUMENT

Plaintiffs' allegation of battery, Count V in the TAC, doesn't satisfy Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim upon which relief can be granted. The statute of limitations for a civil complaint of battery in New York State is one (1) year, N.Y. C.P.L.R. 215(3). All brandings, alleged acts of battery, were performed on or before June 2017. The Complaint was filed on January 29th 2020, 19 months BEYOND the one-year statutory period for initiating legal action for battery under New York law.

In New York, "[p]ursuant to CPLR § 215(3), there is a one-year statute of limitations for "an action to recover damages for...battery." The statute of limitations begins to run on a battery claim from the date of the alleged battery. *See Wende C. v. United Methodist Church*, 4 N.Y.3d 293 (2005)." *Seung Won Lee v. Woori Bank* (N.Y. Sup. Ct. 2014) 2014 N.Y. Slip Op. 32345, 5. In the TAC, it is unclear if Plaintiffs claim that the battery occurred when they received the brand, when they were told that the brand included Keith Raniere's initials, or when they (falsely) decided the initials represented the intent of ownership in a sex trafficking and forced labor enterprise. As stated in Defendant's response, Defendant was not aware of this meaning of the brand, nor any interpretation of Keith Raniere's initials that would tie them to ownership, sex

trafficking, human trafficking, or any coercion of any type.[1] Despite this, Plaintiffs might (falsely) claim that the date that the clock for the statute of limitations should start is when they were made aware that the brand included Keith Ranire's initials. However, "New York's statute of limitations for battery is one year and runs from the time of the nonconsensual physical contact. C.P.L.R. 215(3); *see also Plaza v. Est. of Wisser*, 626 N.Y.S.2d 446, 451 (N.Y.App.Div., 1st Dep't 1995) (battery claim arising from HIV exposure accrued at time of physical contact, not the time of discovery pursuant to C.P.L.R. 214-c); *Corcoran v. New York Power Auth.*, 202 F.3d 530, 542 (2d Cir. 1999) (claim accrued at time plaintiff's father was exposed to radiation in the workplace)." *Weiss v. Shree Baidyanath Ayurved Bhawan Pvt. Ltd.* (E.D.N.Y., Apr. 10, 2024, 21-cv-00155 (ERK) (JRC)) [pp. 15].

If we consider Equitable Tolling, this includes a judicial doctrine protecting against the Defendant deceiving the Plaintiff of their cause of action. Under New York's discovery rule, NY CPLR § 214-c, the deadline for filing is "computed from the date of discovery of the injury by the Plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the Plaintiff, whichever is earlier." N.Y. C.P.L.R. § 214-c.

The Plaintiffs "should have discovered" any unintended injury the day of the physical contact when they received their brands. The branding for all four Plaintiffs resulted in a small scar, which was the goal of the process. There were no complications that were not disclosed as possible as part of the natural scaring process. There were no sequela, infections, third or fourth degree burns or other side effects. As stated, Defendant did not deceive the Plaintiffs as to the meaning of the brand. She was not accurately informed of the meanings of the brand herself, nor

---

[1] Defendants' Answer to the Summary of Action: Case 1:20-cv-00485-EK-CLP, Dkt 244 Filed 11.1.24, Page 34

was she aware of any coercive threats against Plaintiffs when she provided the brands. However, a rumor of this alternative way to view the brand was published in a blog on June 5, 2017, thirty-two (32) months before the Plaintiffs' complaint, and was published there multiple times before being published internationally in the New York Times on Oct 17th 2017, twenty-seven (27) months before the Plaintiff's complaint. By this time, Oct 17th 2017, all Plaintiffs had opportunity to notice if their brand could be read to have Keith Raniere's initials, and they could place their personal interpretation upon the pattern and decide if they felt they were deceived. Thousands of articles emerged from this story and were published throughout the world.

Additionally, there is a caveat that requires that the persons seeking respite make a "reasonable" inquiry, or exercise some degree of diligence, in discovering their injuries or damages.[2] In effect, the importance of this caveat is to preclude persons from benefiting from the discovery rule if an injured person willfully ignores signs of the injury or evidence which would clarify that another person or entity is responsible. In June of 2017, it was very clear in our community that the perception of DOS was "under attack" and part of this "attack" included that women received brands with Keith Raniere's initials. Any reasonable inquiry would have revealed these alternative perspectives of DOS or the meanings of the brand.

All Plaintiffs in Count V: Battery were steeped in media claiming that the brand included Keith Raniere's initials, (falsely) denoting ownership of the branded person, for thirty-two (32) months prior to making their battery claims and each Count V Plaintiff disavowed their participation in DOS well before January 29, 2019, one-year prior to the complaint. So, even given a very lenient

---

[2] *Szczuvelek v. Harborside Healthcare Woods Edge*, 182 N.J. 275 (2005)

understanding for when the Plaintiffs decided that they were a victim of deceit, each Plaintiff is time barred from bringing this battery charge.

It is notable that though the Defendant was never involved in the criminal case, the Plaintiffs wrongfully included Roberts in their RICO claims. RICO claims can increase the one-year statute of limitations for battery to four years.[3] One possible interpretation for even charging Roberts with RICO was because Plaintiffs understood that the statute of limitations for battery barred them from making the battery complaint.

## CONCLUSION:

There is no dispute that the statute of limitations for civil assault and civil battery expired prior to Plaintiff's commencement of this action. *See* N.Y. C.P.L.R. 215(3) (establishing a one-year statute of limitations for "an action to recover damages for assault [or] battery"). Plaintiffs were required to commence any action for civil assault or battery within one year [of the act], or by June, 2018.  As a result, Plaintiffs' allegation of battery, Count V in the TAC, doesn't satisfy Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim upon which relief can be granted. The Defendant is entitled to dismissal of this last Count: Count V- Battery as a matter of law. The Plaintiff's failure to bring the action within the statutory period bars this suit and it should be dismissed with prejudice.

---

[3] The 4 year statute of limitations for RICO charges was established by the US Supreme Court in the case of Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143 (1987). NY Courts follow Federal rules for RICO cases.

**WHEREFORE,** Defendant respectfully requests that this Court:

1. Grant this Motion to Dismiss the Complaint in its entirety;

2. Dismiss all claims against Defendant with prejudice;

3. Award Defendant such other and further relief as the Court deems just and proper.

Dated: This 6th Day of November 2024

Defendant *Pro Se*
Respectfully submitted,

/s/ Danielle Roberts

Danielle Roberts
575 Easton Ave
Apt. 18 S
Somerset, NJ 08873
516.480.1700