

Aitan Goelman
PARTNER
Zuckerman Spaeder LLP
agoelman@zuckerman.com
(202) 778-1999

December 03, 2024

**VIA ECF**

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 6G North

      Re:    *Edmondson et al. v. Raniere et al.*, 1:20-cv-00485-EK-CLP

Dear Judge Komitee:

      Plaintiffs request a pre-motion conference, so that they may move to dismiss Defendant Danielle Roberts' counterclaims. *See* Minute Entry (Nov. 13, 2024). They alternatively ask the Court to construe this letter as such a motion and to dismiss the counterclaims.

      Roberts' claims fail because she does not allege facts supporting them. And each claim fails for additional reasons that cannot be remedied. Her defamation claim concerns statements made in litigation, which are absolutely privileged. Her IIED claim improperly repackages the defamation claim and is also barred by the litigation privilege. And her malicious prosecution claim does not and cannot identify any criminal proceeding initiated against her.

## ARGUMENT

      Counterclaims must "contain sufficient factual matter" to clear the plausibility bar. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019). "Threadbare recitals" of the elements "do not suffice." *Iqbal*, 556 U.S. at 678.

      **1. <u>Roberts fails to state a defamation claim.</u>**

      Defamation "requires proof that the defendant made a false statement, published that statement to a third party without privilege, with fault measured by at least a negligence standard, and the statement caused special damages or constituted defamation *per se*." *Halpin v. Banks*, CV-

23-1185, 2024 WL 4507613, at *2 (N.Y. Ct. App. Oct. 17, 2024). "Because falsity is an element of New York[] defamation," federal standards require pleading of "facts that, if proven, would establish that the defendant's statements were not substantially true." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 243–48 (2d Cir. 2017).

Roberts' defamation claim fails because it contains no factual content. Countercl. at 63. Even reading her pleading liberally, she does not identify any defamatory statements (or statements susceptible of falsity); any facts supporting her contention of falsity; any facts about publication (including to which third party publication was made); or any facts supporting the bare allegation of injury. *See Williams v. Buffalo Public Schools*, 758 F. App'x 59, 64–65 (2d Cir. 2018) (New York defamation claims made in federal court must allege "the particular words complained of" and "the time, manner and persons to whom the publications were made") (quotation omitted).

Further, Roberts' claim fails because it appears to rest on only statements made in filings in this litigation. *See* Countercl. at 64 (alleging that Plaintiffs made the defamatory statement as a group and failing to allege any facts about any individual plaintiff). But statements made in court filings are "absolutely privileged and cannot be the basis of a defamation claim." *Night Hawk Ltd. V. Briarpatch Ltd., L.P.*, 2003 WL 23018833, at *7 (S.D.N.Y. Dec. 23, 2003) (citing *Jon An Sul v. Ladds*, 269 A.D.22d 162, 162 (N.Y. Ct. App. 2000)); *see also Woodford v. Community Action of Greene County, Inc.*, 103 F.Supp.2d 97, 101 (N.D.N.Y. 2000) ("By an almost unbroken line of authority in this country and England, a party who files a pleading or affidavit in a judicial proceeding has absolute immunity, though his statements are defamatory and malicious, if they relate to the subject of inquiry." (quoting *Sacks v. Stecker*, 60 F.2d 73, 75 (2d Cir. 1932))).[1]

### 2. Roberts fails to state an IIED claim.

IIED is "highly disfavored" under New York law. *Turley v. ISG Lackawanna, Inc*, 774 F.3d 140, 158–59 (2d Cir. 2014) (quotation omitted and alteration adopted). IIED requires that the defendant (i) engaged in "extreme and outrageous conduct;" (ii) that the conduct "was undertaken with intent to cause, or disregard of a substantial probability of causing, severe emotional distress;" and (iii) that the conduct "did in fact cause severe emotional distress." *Id.* at 157–58 (quotation

---

[1] If Roberts' defamation claim were based on unidentified statements made *outside* of this litigation, then it would fail under the group pleading doctrine. *See* ECF No. 240 at 97–98 (Motion to Dismiss Order) (citing *Monterey Bay Military Housing, LLC v. Ambas Assurance Corp.*, 531 F.Supp.3d 673, 728 (S.D.N.Y. 2001)). Indeed, each of Roberts' claims suffers from group pleading.

omitted). The first element is an exceedingly high bar, requiring conduct that "so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society." *Id.* at 157.

Roberts does not come close to alleging that—or any element—of IIED. Countercl. at 63–64. She alleges no facts about the Plaintiffs' supposedly atrocious conduct. Nor does she allege any facts about her supposedly severe emotional distress or Plaintiffs' intention to cause it.

Roberts' IIED claim also fails because it merely repackages her defamation claim. Countercl. at 64 (IIED claim concerns "broadcast[]" of an unidentified statement to an unidentified third party). IIED is a "last resort" tort and should not be used to target conduct that falls "well within the ambit of other traditional tort liability." *See Turley*, 774 F.3d at 158 (quotation omitted). Moreover, the absolute privilege that bars Roberts' defamation claim also bars her IIED claim. That privilege immunizes speakers from "common law tort liability"—no matter the tort invoked. *Weissman v. Hassett*, 47 B.R. 462, 464–70 (S.D.N.Y. 1985) (dismissing IIED claim); *see also Klinge v. Ithaca College*, 634 N.Y.S.2d 1000, 1005 (N.Y. Sup. Ct. 1995) (defamation privileges apply "to the independent tort of [IIED]"). Otherwise, the purpose underlying the privilege would be undermined by artful pleading. *See Andrews v. Gardiner*, 224 N.Y. 440, 446 (N.Y. 1918) (Cardozo, J.).

### 3. Roberts fails to state a malicious prosecution claim.

Malicious prosecution under New York law requires (i) "the initiation or continuation of a criminal proceeding against [the party]," (ii) "termination of the proceeding in [her] favor," (iii) "lack of probable cause for commencing the proceeding," and (iv) "actual malice." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (internal quotation omitted).

Roberts fails to allege multiple elements of malicious prosecution. She does not refer to initiation of any criminal proceeding, relying instead on the fact that certain claims were made against her in this action. Countercl. at 64; *id.* at 2 (Roberts stating that she was "not a party" to the NXIVM criminal case). And she alleges no facts supporting her contention that probable cause was absent or that Plaintiffs harbored actual malice. *Id.*

The claim also fails because Roberts does not allege damages, much less special damages. That element requires "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit," *Engel v. CBS, Inc.*, 711 N.E.2d 626, 631 (N.Y. 1999), and must amount to a "specific and measurable loss," *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 142 (1985); *see also* ECF No. 240 at 97 (Motion to Dismiss Order).

\* \* \*

Plaintiffs request that the Court authorize their filing of a motion to dismiss Roberts' counterclaims, or, in the alternative, for dismissal of the counterclaims.

Respectfully submitted,

| | |
|---|---|
| */s/ Aitan Goelman* | */s/ Zahra R. Dean* |
| Aitan Goelman | William E. Hoese |
| Bryan M. Reines | Zahra R. Dean |
| **ZUCKERMAN SPAEDER LLP** | Elias Kohn |
| 1800 M Street NW, Suite 1000 | **KOHN, SWIFT & GRAF, P.C**. |
| Washington, D.C. 20036 | 1600 Market Street, Suite 1000 |
| (202) 778-1800 | Philadelphia, PA 19103 |
| | (215) 238-1700 |

*Attorneys for Plaintiffs*

cc:   All Counsel of Record and *pro se* parties via ECF