

Direct Line: +1.212.859.8816
Email: robin.henry@friedfrank.com

December 13, 2024

**Via ECF**

Hon. Eric R. Komitee
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  ***Edmondson v. Raniere*, 20-CV-485 (EK) (CLP)**

Dear Judge Komitee:

We represent Sara Bronfman in the above captioned matter, and write to address Plaintiffs' recently filed Revised Schedule A (Dkt. No. 249), which represents their ***fifth*** attempt to state cognizable claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Sara Bronfman.  Plaintiffs have not met their burden, and their RICO claims against Sara Bronfman should be dismissed with prejudice.

Plaintiffs filed this action on January 28, 2020 (Dkt. No. 1), amended their complaint on August 13, 2021 (Dkt. No. 64), and filed a Second Amended Complaint on February 25, 2022 (Dkt. No. 159).  Following a motion to dismiss hearing on February 1, 2023, Plaintiffs moved for leave to amend the complaint for a fourth time.  Dkt. No. 202.  On June 6, 2023, Plaintiffs filed their Third Amended Complaint (Dkt. No. 215, the "TAC"), including the first iteration of Schedule A (Dkt. No. 215-1, the "Original Schedule A").  Sara Bronfman moved to dismiss the TAC and the Court granted and denied that motion in part (allowing a single TVPRA claim to stand against her, holding that Camila adequately alleged, "albeit barely," facts sufficient to allow the claim to move forward).  *Edmondson v. Raniere*, 2024 WL 4334374, at *31 (E.D.N.Y. Sept. 27, 2024) ("Opinion").  The Court left standing one substantive RICO claim (Count I) and one RICO conspiracy claim (Count II), subject to Plaintiffs' ability to adequately plead RICO standing.  *Id.* at *16-17, *21.  The Court thus directed Plaintiffs to file an amended Schedule A to adequately plead RICO standing if they could do so "in good faith."  *Id.* at *18.[1]

_____

[1] In granting Sara Bronfman's motion to dismiss other claims against her with prejudice, the Court noted that "plaintiffs have had two opportunities to amend their complaint with the benefit of extensive briefing from the defendants on its deficiencies."  Opinion at *37.  Indeed, in moving to dismiss Plaintiffs' claims, Sara Bronfman has repeatedly pointed to Plaintiffs' failure to allege cognizable RICO harm caused by her.  *See, e.g.*, Dkt. No. 101, at 1 (October 29, 2021 pre-motion letter); Dkt. No. 169-1, at 14-15 (arguing that Plaintiffs lack RICO standing).

The revised Schedule A (Dkt. No. 249) (the "Revised Schedule A) not only fails to adequately plead RICO standing with respect to the remaining plaintiffs, but also withdraws the claims previously advanced by four former Plaintiffs, including Adrian. Revised Schedule A, at 5 n.3 (four Plaintiffs, including Adrian, "do not reallege their substantive or conspiracy RICO claims"). Critically, the withdrawal of Adrian from the case necessitates the dismissal of both the substantive and RICO conspiracy counts. The allegations concerning Adrian, now withdrawn, formed the basis for one of the two alleged RICO predicate acts against Sara Bronfman. The substantive RICO count thus fails. Even assuming *arguendo* that Plaintiffs did plead two predicate acts against Sara Bronfman, which they have not, the Revised Schedule A still fails to confer RICO standing upon any Plaintiff, as it fails to link her alleged misrepresentations to the purported injuries they claim to have suffered. *See* Opinion at *18. In fact, of the sixty-six Plaintiffs who continue to assert RICO claims,[2] only ***three*** even mention Sara Bronfman in describing their alleged injuries. The RICO conspiracy claims must also be dismissed because, without Adrian's assertions of witness tampering and immigration fraud, there are no facts alleged to adequately support an inference that Sara Bronfman joined the alleged RICO conspiracy. *Id.* at *17.

## I.        All Substantive RICO Claims (Count I) Asserted Against Sara Bronfman Must be Dismissed[3]

To prevail on a civil RICO claim, ***each*** Plaintiff is required to show against ***each*** Defendant (i) the commission of a substantive RICO violation under 18 U.S.C. § 1962, (ii) clear and definite injury to their business or property, and (iii) that such injury was by reason of the substantive RICO violation, Opinion, at *4, *18 (citing *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006)), meaning "each [P]laintiff must [have] allege[d] a ***direct relationship*** between the [P]laintiff's injury and the [D]efendant[s'] injurious conduct," *see id.* at *18 (citing *DeFalco v. Bernas*, 244 F.3d 286, 329 (2d Cir. 2001)). This Court held that while the Original Schedule A "attempt[ed] to meet this standard," "those attempts [were] insufficient" because Plaintiffs failed to allege clear and definite injuries proximately caused by a RICO violation. *Id.* at *18.

***First***, in order to adequately plead a RICO claim against any defendant, Plaintiffs must plead two predicate acts with respect to that Defendant. Opinion, at *4. The TAC pled four predicate acts against Sara Bronfman. TAC at ¶¶ 214-18. The Court found only two were sufficiently pled: (1) mail and wire fraud; and (2) witness tampering, which was based solely on the allegations involving Adrian. Opinion, at *16-17. Now, however, Plaintiffs have dismissed from the lawsuit all factual allegations regarding Adrian. Revised Schedule A, at 5 n.3. As a

---

[2] Over the course of this action, more than 10 Plaintiffs have voluntarily dismissed their claims.

[3] Unless otherwise noted, all alterations and emphases are added and all internal quotation marks and citations are omitted.

result, the second predicate act on which their RICO claims against Sara Bronfman was based is no longer in the case. Plaintiffs' substantive RICO claims must thus be dismissed with prejudice.

*Second*, even assuming *arguendo* that Plaintiffs sufficiently pled a substantive RICO violation by alleging two predicate acts, sixty-three of the remaining sixty-six Plaintiffs (the "Sixty-Three Plaintiffs") fail to assert even a single allegation concerning any purported injury they suffered in reliance on statements or acts of Sara Bronfman. This, too, is fatal to Plaintiffs' substantive RICO claim.

The Sixty-Three Plaintiffs attempt to show that they were harmed by the purported NXIVM curriculum fraud scheme, but fail to connect any supposed harm to Sara Bronfman. The Court was clear that RICO standing injects a reliance element into mail and wire fraud predicate acts, because reliance will typically be a necessary step in the causal chain linking the defendant's alleged misrepresentation to the plaintiff's injury. Opinion, at *19 (citing *Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S. LLP*, 806 F.3d, 71, 87 (2d Cir. 2015)). Thus, *each* Plaintiff is required to "describe fraud-induced injuries" that link *each* Defendant's, including Sara Bronfman's, alleged misrepresentation(s) to the Plaintiffs' purported injury. *Id.* at *20.

None of the Sixty-Three Plaintiffs even attempt to plead any connection to, let alone reliance on, alleged misrepresentation(s) purportedly made by Sara Bronfman. For example, in the Revised Schedule A chart, Plaintiff Nicole alleges as a purported injury that she spent "thousands of dollars" on curriculum, travel, and accommodations "in reliance on [allegedly false] representations by Allison Mack and Mark Hildreth." Revised Schedule A, at 6 (entry 4). Nowhere does Plaintiff Nicole allege that she relied on any representation by *Sara Bronfman*. *See id.* This flaw is repeated in the allegations of all of the Sixty-Three Plaintiffs. As such, the Sixty-Three Plaintiffs have failed to allege the crucial element of causation needed for an adequately pled civil RICO claim.

The conclusory, non-plaintiff-specific allegations concerning Sara Bronfman's "position[] of substantial authority in NXIVM's Inner Circle" do not change this result. *See* Revised Schedule A ¶¶ 2-9. Three examples are illustrative.

- Even accepting Plaintiffs' allegations as true that Sara Bronfman "knew of the contents of NXIVM's curriculum and materials, and expressly or tacitly approved of the representations made therein," Revised Schedule A ¶ 2, not a single Plaintiff claims they suffered an injury caused by Sara Bronfman's approval of any such materials, *id.* at 5-37. Take, for instance, the "Courses Chart." *Id.* ¶ 5. The Courses Chart, which was allegedly distributed to unspecified enrollees, was allegedly "false and misleading," causing "Plaintiffs" to expend money and labor. *Id.* ¶¶ 5-6. Yet, not a single Plaintiff in the Revised Schedule A even mentions the Courses Chart as information relied on in suffering their alleged injury. *Id.* at 5-37; *see* Opinion, at *19; *see also Cummins v. Select Portfolio Serv., Inc.*, 2016 WL 11395016, at *4 (E.D.N.Y. Aug. 23, 2016) (granting motion to dismiss because plaintiff failed to plead that allegedly fraudulent real estate documents

were linked to alleged injury), *report and recommendation adopted*, 2016 WL 4766237 (E.D.N.Y. Sept. 13, 2016).

- Sara Bronfman purportedly "intended to use NXIVM's curriculum and materials as part of a multi-level marketing scheme to amass a following of enrollees who would pay money and expend labor on behalf of NXIVM and the Inner Circle." Revised Schedule A ¶ 3. However, not a single Plaintiff alleges that Sara Bronfman *did* in fact use NXIVM's curriculum and materials to cause them to enroll in classes, to pay money, or expend labor. *Id*. at 5-37; *see* Opinion, at *20 ("Each plaintiff bears the burden of alleging not only that they paid tuition and membership fees, but also that they did so because of the fraud[.]"); *see also Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 141 (2d Cir. 2018) (reiterating the requirement that a plaintiff suing under RICO must establish a connection between the conduct alleged and the actual injury).

- Plaintiffs allege that at a meeting, which took place at an unspecified point in time, Defendant Keith Raniere instructed enrollees, only two of whom are specifically named (Plaintiffs Sarah Edmondson and Mark Vicente) on how to disseminate statements that were false or misleading and designed to persuade more people to enroll in NXIVM programs and that during that meeting, "[o]ther false and misleading statements were…disseminated directly by…[among others,] Sara Bronfman." Revised Schedule A, at 3. Yet, none of the Plaintiffs, including Plaintiffs Edmondson and Vicente, include allegations explaining what Sara Bronfman allegedly said at the meeting, whether and how they relied on such statements by Sara Bronfman, and/or how they were injured as a result of their reliance on Sara Bronfman's alleged statements. *Id*. at 5-37; *see* Opinion, at *35-36; *Bayshore Cap. Advisors, LLC v. Creative Wealth Media Fin. Corp.*, 667 F. Supp. 3d 83, 126-27 (S.D.N.Y. 2023) (pleading insufficient because plaintiff failed to state the contents of the allegedly fraudulent communication, who was involved, and how the communication was fraudulent).

The substantive RICO claims of the Sixty-Three Plaintiffs lack the fundamental requirement of causation and must be dismissed on this ground alone.

*Third*, while three Plaintiffs—Bonnie Piesse, Mark Vicente, and Scott Starr—specifically mention Sara Bronfman by name, even these allegations are deficient for failing to plead a clear and definite injury and/or causation, as required to confer civil RICO standing. *See* Opinion, at *13 ("Pursuant to Federal Rule of Civil Procedure 9(b), a plaintiff must plead each element of fraud 'with particularly' — that is, 'detail the specific statements that are false or fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'") (citing *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 124-25 (2d Cir. 2018)); *see also Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 123 (2d Cir. 2003); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) ("RICO standing is a more rigorous matter than standing under Article III.").

Bonnie Piesse (No. 8). Plaintiff Piesse alleges that she paid for several programs, classes, and flights in reliance on the false representations by Sara Bronfman, Lauren Salzman, Clare Bronfman, and Keith Raniere who allegedly told her personally, or spoke at NXIVM events, and promised that if she paid for and attended trainings, worked as a shadow coach without pay and attended coaching retreats to advance up NXIVM's stripe path, she would become a Proctor and make money from the students she enrolled and coached, and be paid to teach the training. Revised Schedule A, at 8 (entry 8). Plaintiff Piesse further alleges that after she paid for and attended the training and coaching retreats and became a Proctor, she was not paid the promised commissions for the students she enrolled and she was not purportedly compensated for teaching the training. *Id.*

This allegation lacks details concerning the "the contents of the communications, who was involved, [and] where and when they took place." *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993). For example, there are no allegations as to what statements Sara Bronfman made, when she made them, or under what circumstances, that induced Plaintiff Piesse's purported reliance. *See Navin v. Wells Fargo Bank, N.A.*, 199 F. Supp. 3d 646, 657 (D. Conn. 2016) ("[B]ecause the RICO claims rest on alleged acts of mail and wire fraud, [the plaintiff] must state with particularity the circumstances constituting fraud or mistake."). It is not even clear whether the supposed promises were relayed by Sara Bronfman "personally" to Plaintiff Piesse or "spoke[n] at NXIVM events." Revised Schedule A, at 8 (entry 8).

Mark Vicente (No. 11). Plaintiff Vicente alleges that he paid for a flight and relocation costs to move to Albany and took the NXIVM curriculum in reliance on purported representations by Nancy Salzman and Sara Bronfman (supposedly made on a private jet owned by Clare and Sara Bronfman) that if he relocated to Albany and took the curriculum, NXIVM would finance the films that he wanted to produce and help him get the films made. Revised Schedule A, at 11 (entry 11). Plaintiff Vicente further alleges that "[t]hose [purported] representations were false because after [he] relocated to Albany and completed the curriculum, Sara Bronfman told him that she would finance only the production of films approved by Raniere." [4] *Id.*

Fatally, this allegation includes no pled facts regarding whether Plaintiff Vicente has actually suffered recoverable harm from injuries purportedly caused by Sara Bronfman. For example, Plaintiff Vicente does not allege that he actually sought financing from Sara Bronfman, or anyone else, let alone that he was denied such financing because Raniere did not approve a particular film or that the financing was denied for any other reason or no reason at all. *See, e.g.*, *Petroff Amshen LLP v. Alfa Rehab PT PC*, 2021 WL 960394, at *12-13 (E.D.N.Y. Mar. 15, 2021) (no injury where, among other things, the allegations failed to identify "specific instances of lost business"), *aff'd*, 2022 WL 480475 (2d Cir. Feb. 17, 2022); *Mackin v. Auberger*, 59 F. Supp. 3d 528, 558 (W.D.N.Y. 2014) (purported injuries of "loss of…career, livelihood, reputation, and

---

[4] Plaintiff Vicente's allegations are inconsistent in that he purportedly incurred expenses based on the alleged misrepresentation that "NXIVM would finance the films," and not Sara Bronfman personally, but his allegations later claim that Sara Bronfman, and not NXIVM, would allegedly only finance the films if Raniere approved them. Revised Schedule A, at 11 (entry 11).

ability to obtain future employment" because these types of injuries are either too "speculative and indefinite" or "not compensable under RICO"). Without such specificity, any injury purportedly incurred by Plaintiff Vicente is insufficient to support RICO damages. *See World Wrestling Ent., Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 520-21 (S.D.N.Y. 2007) ("[A] RICO plaintiff may not recover for speculative losses or where the amount of damages is unprovable."), *aff'd*, 328 F. App'x 695 (2d Cir. 2009).

Scott Starr (No. 50). Plaintiff Starr's allegations fail for the elementary reason that even accepting he suffered an injury, there are no allegations claiming that his purported "injury [was caused] *by reason of a RICO violation*." *UFCW Loc. 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 132 (2d Cir. 2010); *see also* Opinon, at \*18 (citing 18 U.S.C. § 1964). Notably, aside from the vague allegations in the Original Schedule A, Plaintiff Starr's name is not mentioned once in the TAC. Now, in the Revised Schedule A, Plaintiff Starr alleges that he paid tuition for two of his children to attend RCG in reliance on purportedly false representations allegedly made by Sara Bronfman and others that RCG provided a language immersion curriculum. Revised Schedule A, at 27 (entry 50).

However, the allegations concerning misconduct arising from RCG activities were pled in support of a supposed *immigration fraud scheme* perpetrated by Sara Bronfman and others. *See, e.g.*, TAC ¶¶ 59-63. None of these supposed immigration violations were adequately pled in the TAC and none were re-alleged in Revised Schedule A. Notably, Plaintiff Starr was not even involved in the earlier inadequately pled allegations. *Id.* Most fundamentally, the Court held that allegations around the issue of a purported immigration fraud scheme failed to establish a predicate act by Sara Bronfman. Opinion at \*17. It is axiomatic that Plaintiff Starr cannot claim to suffer from a RICO injury without adequately alleging an underlying RICO violation, which he has not done.

Thus, based on the pleadings, the only predicate act that could form the basis of a RICO violation by Sara (which fails in all events for lack of a second predicate act, as discussed above) is mail and wire fraud. But notably, the TAC does not rely on a single allegation relating to RCG activities to support Plaintiffs' mail and wire fraud claims. *Compare* TAC ¶¶ 215-16, *with* ¶ 217. Any substantive RICO claim by Plaintiff Starr against Sara Bronfman must thus be dismissed.

## II. All RICO Conspiracy Claims Asserted Against Sara Bronfman Must be Dismissed

Plaintiffs' remaining RICO conspiracy claims under Count II must likewise be dismissed because the allegations in Revised Schedule A do not sufficiently plead that Sara Bronfman joined the conspiracy.[5] To state a claim for RICO conspiracy, a plaintiff must allege, among

---

[5] Many Plaintiffs additionally fail to plead recoverable injuries under RICO. For example, to the extent that Plaintiffs Tabitha Chapman, Mark Vicente, Anthony Ames, Adrienne Stiles, Lindsay MacInnis, Jennifer Kobelt, Deanne Brunelle, Pamela Cooley, Shayna Holmes, Elham

other things, "the existence of an agreement to violate RICO's substantive provisions."  Opinion, at *20).  Thus, the "core of a RICO civil conspiracy is an agreement to commit predicate acts." *Id.* (citing *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990)).

The TAC, together with the Revised Schedule A, "does not identify any predicate acts [Sara Bronfman] agreed to commit." *Bonadio v. PHH Mortg. Corp.*, 2014 WL 522784, at *3-4 (S.D.N.Y. Jan. 31, 2014).  While the Court previously held that the TAC alleged that Sara Bronfman manifested an agreement to join the alleged conspiracy, that conclusion was "pending the [R]evised Schedule A" and based on Sara Bronfman's alleged (i) witness tampering, (ii) knowing participation in RCG's endeavors, and (iii) senior positions across NXIVM entities. Opinion, at *21.  As detailed above, the Revised Schedule A removes from the case any allegations relating to supposed witness tampering.  Those allegations were at the core of the Court's finding that it was possible to "infer" an agreement by Sara Bronfman to join a RICO conspiracy.  *Id*.  There is now no basis for such an inference.  In addition, Sara Bronfman's alleged participation in RCG's endeavors no longer support a claim for purported aiding and abetting immigration fraud, which further weakens the inference that Sara Bronfman joined a RICO conspiracy.[6]

Plaintiffs are, thus, left only with allegations that Sara Bronfman held positions in NXIVM to support their claim that she agreed to join a RICO conspiracy.  Without more, these allegations are insufficient to support any inference that Sara Bronfman agreed to join a conspiracy.  *See Nasik Breeding & Rsch. Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514, 541 (S.D.N.Y. 2001) (no agreement to join a conspiracy despite allegations that the defendants alleged to have "authorized, directed, and/or supervised the fraudulent activities of one or more of the other defendants").

---

Menhaji, Maja Miljkovic, Alison Rood, Hannah, Stephanie Fair-Lyman, Scott Starr, Alejandro Balassa, Madeline Carrier, Rod Christiansen, Nils MacQuarrie, Robert Gray, Ken Kozak, Daniela, Camila, Charlotte, Rachel, and Jane Does 8 and 9 allege injury (i) resulting from the loss of a promised career opportunity, promotion, and/or salary, and/or (ii) resulting from a foregone educational or career opportunity, such injuries are not recoverable under RICO.  *See Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 329-30 (E.D.N.Y. 2012) (diminished educational, vocational and career opportunities and accomplishments, as well as diminished wages and salaries, not injuries recognized under RICO); *see also Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 171 (S.D.N.Y. 2019) (determining that plaintiffs' alleged loss of future work by being blacklisted from the film industry not a recoverable RICO injury), *appeal dismissed*, No. 21-1011 (2d Cir. Oct. 1, 2021).

[6] Only five Plaintiffs alleged Sara Bronfman's participation in RCG amounted to aiding and abetting immigration fraud, but the Court found that four Plaintiffs' allegations were insufficient to support this claim.  Opinion, at *17.  While the Court permitted Plaintiff Adrian an opportunity to plead sufficient injuries in the Revised Schedule A in support of the immigration fraud claim, Plaintiff Adrian did not re-allege any of his claims.  Revised Schedule A, at 5 n.3.

*   *   *   *   *

For all these reasons, Sara Bronfman respectfully requests the Court dismiss Plaintiffs' substantive RICO claim and RICO conspiracy claim against her with prejudice. Dismissal with prejudice is particularly appropriate here, where Plaintiffs have had numerous opportunities and ample guidance to cure their pleading deficiencies and have been unable to do so. *Allen v. New World Coffee, Inc.*, 2002 WL 432685, at *6 (S.D.N.Y. Mar. 19, 2002) (dismissing RICO claims with prejudice after warning plaintiffs of insufficiencies in claims in earlier decision).

Respectfully submitted,

/s/ Robin A. Henry

Robin A. Henry

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on December 13, 2024 I served upon parties of record, by ECF filing, and caused to be served upon Dr. Danielle Roberts, by email at Danielle@drdanielleroberts.com, respectively, a true copy of the foregoing letter.

Dated:     New York, NY
           December 13, 2024

                                                    /s/ Robin A. Henry
                                        _____
                                                    Robin A. Henry