FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP



Direct Line: +1.212.859.8816
Email: robin.henry@friedfrank.com

January 17, 2025

**Via ECF**

Hon. Eric R. Komitee
United States District Court
   for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:     *Edmondson v. Raniere*, 20-CV-485 (EK) (CLP)

Dear Judge Komitee:

      We represent Sara Bronfman, and write to address Plaintiffs' letter to Your Honor, dated January 7, 2025 (Dkt. No. 258, the "Opposition"), opposing our letter in response to Plaintiffs' Revised Schedule A, dated December 13, 2024 (Dkt. No. 255, the "SB Letter"). As detailed in the SB Letter, the RICO claims against Sara Bronfman should be dismissed with prejudice.

      Plaintiffs assert that while they dismissed both the RICO and RICO conspiracy counts as to four plaintiffs, including Adrian (Revised Schedule A at 5 n.3), that fact is irrelevant to whether Sara Bronfman can be found to have committed a predicate act.[1] In similar circumstances, courts have declined to consider factual allegations related to dropped claims or plaintiffs. *See, e.g.*, *Miller v. Coastline Mgmt.*, WL 5832999, at *1 n.3 (S.D. Ala. Nov. 10, 2021) (dismissing civil RICO claim after plaintiff chose to not "reallege" the claim in an amended pleading), *report and recommendation adopted by*, 2021 WL 5829033 (S.D. Ala. Dec. 8, 2021); *Monet v. Hawaii*, 2022 WL 1748442, at *2 (dismissing RICO civil conspiracy claim after the court "provided guidance to Plaintiff regarding his…[RICO] civil conspiracy claim" and then the plaintiff did not "reallege[]" that claim in his amended pleading); *Sawyer v. Nicholson*, 2007 WL 3087177, at *3 (N.D. Ill. Oct. 19, 2007) (denying motion to dismiss as moot as to certain counts because the relevant allegations "only applied to [a plaintiff] who voluntarily dismissed all of her claims in this case.").

      Adrian has withdrawn his RICO claims from the TAC. The factual predicate for those now withdrawn claims, witness tampering, was the basis for the substantive RICO claim against

---

[1] The Opposition "sometimes refer[s]" to Clare Bronfman and Sara Bronfman collectively as "Defendants." Opposition at 1, n.1. For example, Plaintiffs states that "Defendants'…own direct use of the mail and wires . . . plausibly shows that Defendants could reasonably foresee that the mail and wires would be used in furtherance of the scheme," (Opposition at 6 (citing TAC ¶ 212)), but no factual allegation is made with respect to Sara Bronfman. *Compare* Opposition at 7, *with* TAC ¶ 212.

One New York Plaza, New York, New York 10004–1980
T: +1.212.859.8000 *friedfrank.com*

Sara Bronfman. The same is true for the RICO conspiracy claim; two of the three factors the Court relied upon in reaching its conclusion relied on Adrian's allegations of witness tampering and immigration fraud. SB Letter, at 7 & n.6; Opinion, at *21. Plaintiffs' attempt to avoid the consequences of Adrian's inability to allege RICO standing on his purported claims by asserting that the factual allegations remain in the case—not for purposes of his claims but in order to prop up the RICO claims of other Plaintiffs—must fail. *See Miller*, 2021 WL 5832999, at *1 n.3; *Monet*, 2022 WL 1748442, at *2; *Sawyer*, 2007 WL 3087177, at *3; SB Letter, at 7 & n. 6.[2]

Plaintiffs are thus left to rely on Sara Bronfman's alleged position in NXIVM to support claims that she agreed to join a RICO conspiracy. That purported status is not sufficient to adequately plead Sara Bronfman's joinder in an alleged RICO conspiracy. *See, e.g.*, *N.Y. Dist. Council of Carpenters Pension Fund v. Forde*, 939 F. Supp. 2d 268, 281-82 (S.D.N.Y. 2013) (agreement to join alleged RICO conspiracy inferred based on defendant's status in RICO enterprise ***and*** other factors). At most, Plaintiffs allege that by way of her position, Sara Bronfman had knowledge of a fraudulent scheme (*see* Opposition at 7), but mere knowledge of an alleged scheme is not enough to impose liability. *See Conregacion de la Mision Provincia de Venez. v. Curi*, 978 F. Supp. 435, 451 (E.D.N.Y. 1997) (defendant's knowledge that funds transferred to him were fraudulently acquired was not sufficient to show he agreed to join the alleged RICO conspiracy).[3]

Plaintiffs attempt to reduce their pleading burden on the element of causation through general statements that "Plaintiffs relied on misrepresentations developed by Defendants who were part of the Inner Circle," causing their injuries. Opposition at 5-6. But courts are clear that although a RICO plaintiff alleging mail or wire fraud need not show first-person reliance, establishing injury in "most RICO mail-fraud cases will nevertheless depend on establishing that someone—whether the plaintiffs themselves or third parties—relied on the defendant's misrepresentation." *Sergeants Benevolent Ass'n Health & Welfare Fund v. Sanofi-Aventis U.S.*

---

[2] Contrary to Plaintiffs' assertions, Sara Bronfman is not making a "veiled" (let alone "explicit") motion for reconsideration of the Court's prior holding. *See* Opposition, at 2-4. Rather, Sara Bronfman is relying on that prior ruling to argue that Plaintiffs' changed pleading necessitates dismissal of the RICO counts against her.

[3] Even if the Court were to consider the factual allegations of witness tampering underlying Adrian's now dismissed claims for purposes of establishing a pattern of racketeering as to the remaining Plaintiffs, those Plaintiffs would still need to plead and ultimately prove damage to Adrian (which is nowhere alleged and does not form part of the Revised Schedule A). *See Chubb & Son Inc. v. Kelleher*, 2010 WL 5978913, at *4 n.9 (E.D.N.Y. Oct. 22, 2010) ("[A] predicate act injuring a non-plaintiff may be used to show the existence of a RICO pattern."), *report and recommendation adopted by*, 2011 WL 839553 (E.D.N.Y. Mar. 7, 2011). The Court already determined Adrian did not establish any such injury. Opinion, at *19-20. Additionally, the Revised Schedule A fails to establish causation with respect to the substantive RICO claim asserted against Sara Bronfman. SB Letter at 3-6.

*LLP*, 806 F.3d 71, 87 (2d Cir. 2015). Moreover, such injury must be pled with particularity. SB Letter, at 4; *see* Fed. R. Civ P. 9(b). "In the RICO context, Rule 9(b) calls for the complaint to specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *See Obanya v. Select Portfolio Servicing, Inc.*, 2015 WL 5793603, at *5 (E.D.N.Y. Sept. 30, 2015). These requirements are consistent with the Court's direction that "each plaintiff asserting a civil RICO claim [must] have suffered an injury in his business or property….[E]ach plaintiff must establish it as to each defendant." Opinion, at *18; *see also Empire Merchants, LLC v. Reliable Churchill LLLP*, 2017 WL 5559030, at *6 (E.D.N.Y. Mar. 16, 2017), *aff'd*, 902 F.3d 132 (2d Cir. 2018).

Plaintiffs have not met this burden. The overwhelming majority of the sixty-six Plaintiffs' allegations listed in Revised Schedule A fail to allege with particularity "when or where the alleged fraudulent acts occurred." *See Obanya*, 2015 WL 5793603, at *5. As one illustration of these failures, Plaintiffs allege that Sara Bronfman relayed misrepresentations at "NXIVM events," without providing any additional details. *See Herbert v. HSBC Mortg. Servs.*, 2014 WL 3756360, at *4, *6 (E.D.N.Y. June 30, 2014) (granting motion to dismiss civil RICO claim where plaintiff's "sweeping language" was insufficient to allege predicate act of mail and wire fraud), *report and recommendation adopted by*, 2014 WL 3756367 (E.D.N.Y. July 30, 2014).[4]

In another attempt to save their claim, Plaintiffs argue that the Preliminary Statement to the Revised Schedule A "is part of and applies to each Plaintiffs' subsection" therein. Opposition at 9. Yet, nowhere on the face of Revised Schedule A does it state that the factual allegations in ¶¶ 1-10 are incorporated by reference into each and every allegation in the chart entries 1-66, nor would such incorporation make a difference. For example, ¶¶ 1-10 primarily relate to "NXIVM's curriculum and materials as part of a multi-level marketing scheme." Revised Schedule A, ¶ 3. But Plaintiffs Jessica Joan Salazar, Valerie, and Margot J. Leviton, for instance, do not allege ***any*** injuries based on NXIVM's curriculum and materials. Revised Schedule A at 5, 14, 16 (entries 2, 17, and 21). Therefore, even accepting Plaintiffs' afterthought as true, the Court and Sara Bronfman are forced to engage in "guesswork" to identify which Plaintiffs actually relied on misrepresentations arising from NXIVM's curriculum and materials. *See Obanya*, 2015 WL 5793603, at *6.

For all these reasons, Sara Bronfman respectfully requests the Court dismiss Plaintiffs' substantive RICO claims and RICO conspiracy claims against her with prejudice.

---

[4] Contrary to Plaintiffs' assertion that they are unable to provide the requisite specificity because "such information is within the defendants' exclusive control" (Opposition at 12 n.14), Plaintiffs, who allege that they attended and were damaged by these events, should be able to provide basic information about them.

Respectfully submitted,

*/s/ Robin A. Henry*

Robin A. Henry

cc: All Counsel of Record (via ECF)

CERTIFICATE OF SERVICE

      I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on January 17, 2025 I served upon parties of record, by ECF filing, and caused to be served upon Dr. Danielle Roberts, by email at Danielle@drdanielleroberts.com, respectively, a true copy of the foregoing letter.

Dated:     New York, NY
             January 17, 2025

                                                 */s/ Robin A. Henry*
                                                   Robin A. Henry