**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

SARAH EDMONDSON, *et al.*

        Plaintiffs,

    v.

Keith Raniere, *et al.*

        Defendants.

_____

\* \* \* \* \* \* \* \* \* \*

1:20 - cv - 00485-EK-CLP

**FILED**
**2.27.2025**
**in the Clerk's Office**
**U.S. District Court,**
**EDNY, Brooklyn**
**Pro Se Office via**
**Electronic Submissions**

## DEFENDANT DANIELLE ROBERTS' MOTION TO STRIKE

### I.    Introduction

There have been numerous statements filed in this matter in the "REVISED CUMULATIVE SCHEDULE A" and "PLAINTIFFS' REVISED SCHEDULE A" that are baseless, frivolous and scandalous, and as such must be struck from the record. Additionally, they were ordered to be struck by The Court in the last status conference on February 7th 2025. These statements were added to the "PLAINTIFFS' REVISED SCHEDULE A" without The Plaintiffs' seeking motion to amend the TAC and without permission from The Court. There is no mention or basis for them in the TAC even in the paragraphs referenced by The Plaintiffs in the new "REVISED CUMULATIVE SCHEUDLE A." Perhaps more importantly these additional "snuck in" statements are not related to the **one** remaining claim, which is under review for dismissal against Danielle Roberts, specifically the count of Battery. Plaintiffs including these additional facts after the other claims were dismissed was improper and for the reasons stated below, they must be removed.

### II.    Material Facts

1

First, on Pages 45-46 in the REVISED CUMMULATIVE SCHEDULE A and Page 18 PLAINTIFFS' REVISED SCHEDULE A there are the statements:

1. Par. 25 Karla Diaz Cano "… she relied on the representation by **Danielle Roberts,** …"

2. Par. 25 Karla Diaz Cano "**Rather, Danielle Roberts told her that she needed to continue to work for exo|eso without pay.** "

As to the first statement, Defendant Danille Roberts's name must be removed from that list, as it is not only baseless, but scandalous in nature, and does not go towards the battery claim, the only claim left in this matter. As to the second statement, the reasoning is the same as the first, but this statement is even worse. There is once again no basis for this statement, and further, it is completely frivolous and irrelevant to trying to prove the battery claim. Making a false statement that was allegedly relied on does not constitute battery, does not go towards any claim of battery, and further, and most importantly, the statement is a falsehood, as it was never made. However, even if it was made, it still does not go towards any of the elements of a battery claim, serves no probative value towards battery and must be struck as too prejudicial to serve any practical purpose. Lastly, is was already ordered to be struck by The Court as there was no authority given to add additional facts without permission to amend the TAC.

Second, on Page 51 in the REVISED CUMMULATIVE SCHEDULE A and Page 21 PLAINTIFFS' REVISED SCHEDULE A there is the lengthy statement that includes two parts that must be struck:

3. **and 4.** Par. 33. Sara Lim, third paragraph "Lim spent money on exo|eso teacher training and relocation costs reliance on the representation by Peter Christie, **Danielle Roberts,** and other exo|eso leaders that on completing the training she would be authorized to own an exo|eso center and teach the training certification program to paying trainees. This

representation was false because after she completed the training, she was not authorized to open a center and teach the training certification program for payment. **Danielle Roberts told her that the development of the curriculum for the training was not complete and that she needed certified trainers to stay in Albany and continue to work to develop the curriculum.**

This lengthy statement mirrors the first and as such, the same reasons apply; the probative value does not outweigh the prejudicial value, they are false statements and even if they were true, which they are not, they do not go towards any of the elements of a battery claim, and were added sneakily without permission from The Court and were already ordered to be struck. As such, they should be struck from the record immediately.

Third, on Page 80 in the REVISED CUMMULATIVE SCHEDULE A and Page 33 PLAINTIFFS' REVISED SCHEDULE A there is a statement that must be struck:

**5.** Paragraph 61 Chad Williams, third paragraph: "**Danielle Roberts told him that the curriculum for the training had not been completed and he needed to stay in Albany and continue to work to develop the curriculum.**

Once again, this is the exact same statement as the aforementioned ones, which is completely baseless, false and does not go towards any elements of a battery claim, even if it were true. Given the probative does not outweigh the prejudicial value of the false statement, and the fact it was added sneakily without permission from The Court, it must be struck from the record.

Fourth, on Page 87 in the REVISED CUMMULATIVE SCHEDULE A and Page 37 PLAINTIFFS' REVISED SCHEDULE A there is a lengthy statement that must be struck:

6. Par 66 Jane Doe 9, 7th/last paragraph: **"Jane Doe 9 spent money on relocating to Albany in reliance on the representation by Danielle Roberts that if she moved to Albany and took the training to become a teacher in exo|eso, she would be authorized to teach exo|eso to paying students. This representation was false because after she completed the training, Roberts told her that the training was not ready yet so she would need to continue to develop the training."**

Just like the prior statements, this is yet again the same repeated false statement that must be struck from the record for the same aforementioned reasons. Additionally, Plaintiff should be held accountable for repeating the same false statement over and over, knowing that it was inaccurate. At no point did Defendant Roberts make this assertion to **anyone**, much less the same exact statement, four times, to four separate people. This appears to be nothing more than Plaintiff's counsel taking a false statement and copying and pasting it fours times, to try and some how bolster their facts. The problem is, as stated numerous times already, even if it was true, which it is not, no matter how many times they repeated it, it does not go towards a battery claim, and as such is completely irrelevant. Finally, given the battery claim is being considered for denial as it is, Plaintiffs should not be permitted to submit anything else at this time regarding Defendant Danielle Roberts until that motion is resolved.

III. **Case Law**

A. <u>Motion To Strike Standard</u>

Plaintiffs move for a motion to strike in this matter and have the legal authority to do so. Federal Rule of Civil Procedure 12(f) provides that: **"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The**

**court may act: on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.**"

"[Motions to strike] should be granted where doing so will clarify the issues and streamline the case for trial." *See*, *e.g.*, *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 645 (S.D.N.Y. 2018) ("Motions to strike serve to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.") (internal quotations omitted). Motions to strike serve "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F.Supp.2d 395, 402 (D. Del. 2009) (*quoting McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002) ). To meet this standard, a defendant must show-in addition to an unduly prejudicial effect-that "the allegations being challenged are so unrelated to [Plaintiff's sole remaining claim] as to be void of merit and unworthy of any consideration." *See Lahr v. Brigadoon Fin., Inc.*, 1:15-CV-00106, 2015 WL 5286790, at *3 (N.D. Ind. Sept. 9, 2015).

"A scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Cabble v. Rollieson,* 04 Civ. 9413 (LTS)(FM), 2006 U.S. Dist. LEXIS 7385, at *32 (S.D.N.Y. Feb. 24, 2006). The striking of impertinent material and scandalous allegations is applicable when the allegation is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. *See, e.g., Magill v. Appalachia Intermediate Unit 08,* 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the moral character of an individual who is not a party to this suit" which were "unnecessary to a decision on the matters in question"); *see also Pigford v. Veneman,* 215 F.R.D.

2, 4-5 (D.D.C. 2003) (striking unfounded accusations that opposing counsel was racist); *Murray v. Sevier,* 156 F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel "bought off" and paid "hush money" to prospective witnesses); *Cairns v. Franklin Mint Co.,* 24 F.Supp.2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are "[l]ike vultures feeding on the dead""); *Nault's Auto. Sales, Inc. v. Am. Honda Motor Co.,* 148 F.R.D. 25, 29-34 (D.N.H. 1993) (noting that "[w]ith each passing week the pleadings assumed a more hostile and accusatory tone" and striking scandalous assertions).

The statements quoted above are not relevant to any affirmative defenses or counterclaims. Each is highly prejudicial and not capable of being supported with admissible evidence. Each deserves to be struck. *See Adams v. Northstar Location Servs., LLC,* No. 09-cv-1063, 2010 WL 3911415, at *7 (W.D.N.Y. Oct. 5, 2010) (striking irrelevant, prejudicial allegations not susceptible to proof through admissible evidence). By repeating the same false claim, it does not make it any more correct, probative or factual, it simply shows that Plaintiff's counsel have no problem with repeating the same false statement fours times. The court should take note of that, and see that just like the rest of their assertions, particularly the sole remaining claim of battery against Defendant, they are not claims that have been substantiated, and deserve to be dismissed for lack of subject matter jurisdiction per 12(b)(6).

To survive a Rule 12(b)(6) motion, a complaint (or counterclaim) must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); see also Sotheby's, Inc. v. Stone, 388 F. Supp.3d 265, 272 (S.D.N.Y. 2019). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads

facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief.' '"" Id., 556 U.S. at 678, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966); GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 99 (2d Cir. 2019) ("a new counterclaim, like all pleadings, must conform to the pleading requirements of Twombly and Iqbal").

In considering a motion to dismiss for failure to state a cause of action, a district court must "accept[ ] all factual claims in the complaint as true, and draw[ ] all reasonable inferences in the [non-moving party's] favor." Lotes Co. v. Hon Hai Precision Industry Co., 753 F.3d 395, 403 (2d Cir. 2014) (internal quotation marks omitted). This tenet, however, is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, . i.e., enough to make the claim plausible." Arista Records LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotation marks and citation omitted). A complaint is properly dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

These statements, much like the rest in the case, even if true, which they are not, do not meet the burden of showing a claim for battery, which is the sole remaining claim. As such, when they are struck, the court should also dismiss the remaining claim against Defendant. Equally as important they were added to the Schedule A sneakily without submitting a motion to amend the TAC and were ordered to be struck by The Court from the "PLAINTIFFS' REVISED SCHEDULE A" BEFORE the Plaintiffs submitted this, hopefully final, "REVISED CUMULATIVE SCHEDULE A."

## IV.    Conclusion

The Plaintiffs' counsel including additional facts without permission to the "PLAINTIFFS' REVISED SCHEDULE A" and now maintaining them in their "REVISED CUMULATIVE SCHEDULE A" after they were ordered by The Court to be struck was improper. The Plaintiffs adding additional facts after the other claims against the Defendant were dismissed, which do not relate to the one remaining charge of Battery was improper. Repeating the same false statement about Defendant Danielle Roberts over and over, apparently hoping through repetition, it would somehow be deemed true was improper. This clearly is not the case, and as such, not only should those documents be struck, Defendant should be reimbursed for her time for having to file this motion to strike the frivolous, scandalous and false statements that have already by ordered by The Court to be struck.

Dated: This 27th Day of February, 2025

Defendant *Pro Se*
Respectfully submitted,

/s/ Danielle Roberts

Danielle Roberts
575 Easton Ave Apt. 18 S
Somerset, NJ 08873
516.480.1700

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH EDMONDSON, *et al.* | * |
| | * |
| | * |
| Plaintiffs, | * |
| | *    1:20 - cv - 00485-EK-CLP |
| v. | * |

Keith Raniere, *et al.*                              \*

                                                     \*

                                                     \*

                    Defendants.                      \*

_____      \*

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing pleadings and accompanying documents on tall interested parties via e-filing and/or regular mail.

Dated: This 27th Day of February, 2025

Defendant *Pro Se*
Respectfully submitted,

/s/ Danielle Roberts

Danielle Roberts
575 Easton Ave Apt. 18 S
Somerset, NJ 08873
516.480.1700

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| SARAH EDMONDSON, *et al.* | * |
|  | * |
| Plaintiffs, | * |
|  | * |
| v. | * |
|  | * |
| Keith Raniere, *et al.* | * |
|  | * |
| Defendants. | * |
|  | * |

1:20 - cv - 00485-EK-CLP

---

## <u>CERTIFICATION OF DANIELLE ROBERTS</u>

I, Danielle Roberts, Defendant in this matter affirms as follows:

1. I have personal knowledge as to all facts stated in this affidavit and in regards to this case.

2. First, on Pages 45-46 in the REVISED CUMMULATIVE SCHEDULE A and Page 18 PLAINTIFFS' REVISED SCHEDULE A there are the statements:

   Par. 25 Karla Diaz Cano "… she relied on the representation by **Danielle Roberts,** …"

   Par. 25 Karla Diaz Cano "**Rather, Danielle Roberts told her that she needed to continue to work for exo|eso without pay.** "

3. As to the first statement, Defendant Danille Roberts's name must be removed from that list, as it is not only baseless, but scandalous in nature, and does not go towards the battery claim, the only claim left in this matter. As to the second statement, the reasoning is the same as the first, but this statement is even worse. There is once again no basis for this statement, and further, it is completely frivolous and irrelevant to trying to prove the battery claim. Making a false statement that was allegedly relied on does

not constitute battery, does not go towards any claim of battery, and further, and most importantly, the statement is a falsehood, as it was never made. However, even if it was made, it still does not go towards any of the elements of a battery claim, serves no probative value towards battery and must be struck as too prejudicial to serve any practical purpose. It was also previously ordered to be struck by the Court, and by including it here have disregarded The Courts orders.

4. Second, on Page 51 in the REVISED CUMMULATIVE SCHEDULE A and Page 21 PLAINTIFFS' REVISED SCHEDULE A there is the lengthy statement that includes two parts that must be struck:

**3 and 4.** Par. 33. Sara Lim, third paragraph "Lim spent money on exo|eso teacher training and relocation costs reliance on the representation by Peter Christie, **Danielle Roberts,** and other exo|eso leaders that on completing the training she would be authorized to own an exo|eso center and teach the training certification program to paying trainees. This representation was false because after she completed the training, she was not authorized to open a center and teach the training certification program for payment. **Danielle Roberts told her that the development of the curriculum for the training was not complete and that she needed certified trainers to stay in Albany and continue to work to develop the curriculum.**

5. This length statement mirrors the first and as such, the same reasons apply; the probative value does not outweigh the prejudicial value, they are false statements and even if they were true, which they are not, they do not go towards any of the elements of a battery claim. It was previously ordered to be struck by the Court. As such, they should be struck from the record immediately.

6. Third, on Page 80 in the REVISED CUMMULATIVE SCHEDULE A and Page 33 PLAINTIFFS' REVISED SCHEDULE A there is a statement that must be struck:

Paragraph 61 Chad Williams, third paragraph: "**Danielle Roberts told him that the curriculum for the training had not been completed and he needed to stay in Albany and continue to work to develop the curriculum.**

7. Once again, this is the exact same statement as the aforementioned ones, which is completely baseless, false and does not go towards any elements of a battery claim, even if it were true. Given the probative does not outweigh the prejudicial value of the false statement, and that it was previously ordered to be struck by the Court it must be struck from the record.

8. Fourth, on Page 87 in the REVISED CUMMULATIVE SCHEDULE A and Page 37 PLAINTIFFS' REVISED SCHEDULE A there is a lengthy statement that must be struck:

Par 66 Jane Doe 9, 7th/last paragraph: "**Jane Doe 9 spent money on relocating to Albany in reliance on the representation by Danielle Roberts that if she moved to Albany and took the training to become a teacher in exo|eso, she would be authorized to teach exo|eso to paying students. This representation was false because after she completed the training, Roberts told her that the training was not ready yet so she would need to continue to develop the training.**"

9. Just like the prior statements, this is yet again the same repeated false statement that must be struck from the record for the same aforementioned reasons. Additionally, Plaintiff should be held accountable for repeating the same false statement over and over, knowing that it was inaccurate. At no point did Defendant Roberts make this

assertion to **anyone**, much less the same exact statement, four times, to four separate people. This appears to be nothing more than Plaintiff's counsel taking a false statement and copying and pasting it four times, to try and somehow bolster their facts. The problem is, as stated numerous times already, even if it was true, which it is not, no matter how many times they repeated it, it does not go towards a battery claim, and as such is completely irrelevant and must be struck. This motion should not have been necessary as it was previously ordered these snuck in statements be struck by the Court. Finally, given the battery claim is being considered for denial as it is, Plaintiffs should not be permitted to submit anything else at this time regarding Defendant Danielle Roberts until that motion is resolved.

I hereby affirm that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by us are willfully false, I am subject to punishment.

Dated: This 27th Day of February, 2025

Defendant *Pro Se*
Respectfully submitted,

/s/ Danielle Roberts

Danielle Roberts
575 Easton Ave Apt. 18 S
Somerset, NJ 08873
516.480.1700

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| | * |
| SARAH EDMONDSON, *et al.* | * |
| | * |
| Plaintiffs, | * |
| | * 1:20 - cv - 00485-EK-CLP |
| v. | * |
| | * |
| Keith Raniere, *et al.* | * |
| | * |
| Defendants. | * |

_____ *

O R D E R

THIS MATTER having been opened to the Court by Danielle Roberts, on a Motion To Strike; and the Court having reviewed the moving and responding papers and the arguments of the parties; and for good cause shown,

IT IS on this _____ day of _____, 2025:

ORDERED THAT the motion to strike is GRANTED as to the following statements:

BY THE COURT:

_____

J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

_____

SARAH EDMONDSON, *et al.*

        Plaintiffs,

      v.

Keith Raniere, *et al.*

        Defendants.

_____

\*
\*
\*
\*
\*     1:20 - cv - 00485-EK-CLP
\*
\*
\*
\*
\*
\*

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that Defendant moves by and through the undersigned to for the relief requested and apply to the Clerk as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that Defendant shall rely on the attached Motion, and certification, submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

Dated: This 27th Day of February, 2025

Defendant *Pro Se*
Respectfully submitted,

/s/ Danielle Roberts

Danielle Roberts
575 Easton Ave Apt. 18 S
Somerset, NJ 08873
516.480.1700