UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| SARAH EDMONDSON, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 20-CV-485 |
| v. | : | |
| | : | |
| KEITH RANIERE, et al. | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFFS' RESPONSE TO DEFENDANT DANIELLE ROBERTS' MOTION TO STRIKE

Defendant Danielle Roberts' "Motion to Strike Portions of the Revised Cumulative Schedule A and Plaintiffs' Revised Schedule A" (ECF No. 281) ("Roberts' Motion") is meritless and should be denied.

Roberts argues that statements should be stricken that do not address the battery claim against her. Her argument is meritless because the battery claim is irrelevant to Revised Cumulative Schedule A.

The Court directed Plaintiffs to file the Revised Schedule A and subsequently the Revised Cumulative Schedule A, setting forth their allegations of RICO injury.[1] Roberts' statements are relevant to establishing RICO injury caused by the RICO and RICO Conspiracy Defendants.[2]

---

[1] ECF 240, Minute Entry for proceeding held before Judge Eric R. Komitee on 2/7/2025.
[2] Roberts' alleged statements in the Revised Cumulative Schedule A are particularly relevant given her alleged involvement in NXIVM and close conduct with the RICO Defendants. Roberts has admitted that she branded the battery Plaintiffs. *E.g.* 246 at 3-4 ("She was not accurately informed of the meanings of the brand herself, nor was she aware of any coercive threats against Plaintiffs *when she provided the brands*.") (emphasis added). She also admits she was part of the DOS "community". *E.g.* ECF 246 at 4 ("In June of 2017, it was very clear *in our community that the perception of DOS* was 'under attack' and part of this 'attack' included that women received brands with Keith Raniere's initials.") (emphasis added). Plaintiffs allege that RICO Defendants Mack and Raniere devised the branding, that Raniere

The parties have briefed the issue of the relevance of statements made by people other than the RICO Defendants for RICO injury multiple times. ECF Nos. 254, 255, 258, 261, 262. Roberts' statements are therefore relevant, not connected to the battery claim, and should not be stricken.

Roberts next argues that the statements that must be stricken were "added to the Schedule A sneakily without submitting a motion to amend the [Third Amended Complaint] and were ordered to be struck by the Court." Motion at 7. She is again mistaken. On February 11, 2025, after oral argument, the Court entered a minute order that stated: "Any new fraud allegations that appear in the revised Schedule A are stricken. If the plaintiffs wish to include new fraud schemes as new predicates, they must file a motion to amend the complaint; otherwise, a revised cumulative Schedule A shall be submitted by February 21." Plaintiffs did not seek leave to amend. Instead, Plaintiffs submitted a Revised Cumulative Schedule A that alleges RICO injuries with citations to and quotations from the Revised Schedule A and the TAC.

Roberts' Motion also requests that "Defendant should be reimbursed for her time for having to file this motion to strike the frivolous, scandalous and false statements that have already by [sic] ordered by The Court to be struck [sic]." Motion at 8. It is Plaintiffs' Counsel, however, that has incurred expense responding to Roberts' utterly meritless motion, her previous frivolous motions and counterclaims, her violations of the Federal Rules of Civil Procedure, and representations to Plaintiffs' Counsel that she will not comply with discovery requests or orders.[3]

---

specifically chose Roberts to act as the agent for the branding, and that the branding Roberts conducted was used as collateral. TAC at ¶¶ 16, 119. During this litigation, even after Raniere has been convicted of sex trafficking, Roberts still defends Raniere in her own filings, informing the Court that the FBI apparently altered evidence in his trial. *See* ECF No. 244 at 2-3 (arguing that "Convictions for criminal conspiracy in *U. S. v Raniere, et al*. were compromised by the manipulation and planting of digital images to make it appear that Raniere created and possessed child pornography.").

[3] In violation of Rules 12(b) and 12(g) of the Federal Rules of Civil Procedure, Roberts filed a second Motion to Dismiss *after* she filed an Answer and after the Court already ruled on the issues raised in her first Motion to Dismiss. ECF Nos. 231, 240 at 98-99, 244, 246. Plaintiffs' Counsel incurred further time

Specifically, during a meet and confer on February 28, 2025, Roberts stated she does not plan on complying with discovery requests because her motion to dismiss has not been decided upon; Roberts confirmed that position in an email to Plaintiffs' Counsel on March 3, 2025 where her revisions to the Parties Proposed Discovery Plan state she "does not agree to begin discovery proceedings, either requesting discovery or responding to discovery until her motion to dismiss, docketed at 246 is heard."

Roberts' argument is meritless and Plaintiffs' request that the Court deny her Motion to Strike. Plaintiffs also respectfully request that the Court instruct Defendant Roberts that the Court's discovery orders apply to all litigants and are not optional.

Dated: March 17, 2025                                   Respectfully submitted,


                                                        */s/Elias A. Kohn*
                                                        Robert A. Swift
                                                        William E. Hoese
                                                        Zahra R. Dean
                                                        Elias A. Kohn
                                                        **KOHN, SWIFT & GRAF, P.C.**
                                                        1600 Market Street, Suite 2500
                                                        Philadelphia, PA 19103
                                                        (215) 238-1700

---

and expense responding to Roberts' frivolous Counterclaims that lack a single specific and actionable factual allegation, and that the litigation privilege would bar. *See* ECF No. 252.