UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED 4.1.2025 in the Clerk's Office U.S. District Court, EDNY, Brooklyn Pro Se Office via Electronic Portal

SARAH EDMONDSON, *et al.*

    Plaintiffs,

v.

Keith Raniere, *et al.*

    Defendants.

1:20 - cv - 00485-EK-CLP

# **DEFENDANT DANIELLE ROBERTS'S REPLY IN SUPPORT OF THE MOTION TO STRIKE**

Plaintiffs' "response" cites to no actual case law to refute my motion to dismiss and this is because, frankly, they have none. As previously quoted, "[Motions to strike] should be granted where doing so will clarify the issues and streamline the case for trial." *See*, *e.g.*, *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 645 (S.D.N.Y. 2018) ("Motions to strike serve to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.")

Plaintiffs' "response" does not address this case, instead claiming that "the battery claim is irrelevant to Revised Cumulative Schedule A." In that I agree; it **is** irrelevant, which is why the additions that posit false facts towards me must be removed; doing so will clarify the issues, namely that the battery claim is the only one against me, and it will streamline the case by removing extraneous false facts that they have admitted do not forward the battery claim against me, that should be dismissed.

The Plaintiffs then falsely claim that " Roberts' statements are relevant to establishing RICO injury caused by the RICO and RICO Conspiracy Defendants." To back this up, they say, in a foot note that "Roberts has admitted that she branded the battery Plaintiffs." This is true; and has not been contested. What **is** being contested though is that repeating the same phrase does not make it true or applicable: "*Danielle Roberts told her that she needed to continue to work for exo/eso without pay. Danielle Roberts told her/him that the development of the curriculum for the training was not complete and that she/he needed certified trainers to stay in Albany and continue to work to develop the curriculum. after she completed the training, Roberts told her that the training was not ready yet so she would need to continue to develop the training.", (See Par. 25 Karla Diaz Cano, Par. 33. Sara Lim, Paragraph 61 Chad Williams, third paragraph, and Par 66 Jane Doe 9, 7th/last paragraph).*

Those phrases repeated over and over, in much the exact same language and way, and in some cases literally copy and pasted, are simply false; these statements were never made. Each is highly prejudicial and not capable of being supported with admissible evidence. Each deserves to be stricken. *See Adams v. Northstar Location Servs., LLC,* No. 09-cv-1063, 2010 WL 3911415, at *7 (W.D.N.Y. Oct. 5, 2010) (striking irrelevant, prejudicial allegations not susceptible to proof through admissible evidence). "*[T]the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, . i.e., enough to make the claim plausible*." Arista Records LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010). Even if the false statements had been true, **they have nothing to do with the battery claim and as such should be stricken.** The allegations, by Plaintiffs' own admission, are not being used to make the battery claim plausible, and they do not even show how they bolster any other claim to make it more "plausible."

Further, while Plaintiffs falsely claim repeatedly, they are somehow relevant to the "RICO injury cause of action" they not only never say how in their response, but even refer to completely unrelated statements to somehow "bolster" their argument. None of these false statements bolster any arguments, by their own admission, and they know this; instead they are simply trying to add in additional "facts" without having to get the court's permission; which is particularly egregious given these facts are 1) false and 2) completely unrelated to any existing claims against me, specifically the battery claim. I have already been dropped from the RICO allegations, and as such have no part in the alleged RICO scheme. These statements, even if true, would not further establish a RICO conspiracy, or the participation in a conspiracy of any of the other Defendants. They are therefore just prejudicial to me.

Next, plaintiffs, again claim that I should not be reimbursed for my costs for having to deal with their frivolous, scandalous and false statements that they have now included on the record, but instead they should be. However, what they fail to mention is that my motion would not have been necessary had they not included the frivolous, scandalous and false statements in the first place. One cannot commit a crime, and then when the victim seeks justice, pretend to then be the victim, claiming they are suffering because they have to defend themselves for their actions. That has been an ongoing theme here in this case, and the plaintiffs' attorneys are now attempting to ring the same bell they have done so much already. They should not be rewarded for such actions.

Finally, they attempt to bring up the fact that I informed them that I will be requesting from The Court to not proceed with discovery until after the motion to dismiss has been heard. That is true and they should be glad. In one breath they are complaining about having to incur expenses because I had the "audacity" to call them on submitting false statements without permission from The Court, but then in the next proverbial breath, they are saying they want to incur more expenses by sending me discovery requests, answering my requests, and likely having to go through substantial back and forth on the

responses to my requests (in light of how difficult they have made this entire process up to this date). Instead, I informed them that, given my motion to dismiss could be granted any day, they are potentially avoiding all those expenses by waiting until that motion is to proceed. I also informed them that in the event my motion was denied, I would proceed with the discovery process outlined. In any other case, a judge would certainly agree that while a motion to dismiss is pending, the discovery should not commence; the only reason this case is different is do to the complexity of the matter. That said, in regards to myself, the case is simple; the motion to dismiss is on one claim, and if granted, I am out of the case and no discovery needs proceed with regards to me and these alleged issues anyway. If there is relevant discovery for other issues that should be decided at that juncture to respect time, resources, "streamline litigation, and avoid unnecessary forays into immaterial matters."

In fact, if it were to proceed, I'd be demanding they prove every false statements they have inserted and referenced in the motion to strike and they would likely be hard pressed to do so, since there is no evidence of those false statements being made. As such, I ask the court to grant my motion to strike and my pending motion to dismiss.

Dated: April 1, 2025

Defendant *Pro Se*
Respectfully submitted,

/s/ Danielle Roberts

Danielle Roberts
575 Easton Ave Apt. 18 S
Somerset, NJ 08873
516.480.1700