UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

SARAH EDMONDSON, et al.,

                   Plaintiffs,          **<u>MEMORANDUM & ORDER</u>**
                                       20-CV-485 (EK)(CLP)

         -against-

KEITH RANIERE, et al.,

                   Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

        Before the Court is defendant Danielle Roberts' motion to dismiss the state-law battery claim against her in this civil action.  Roberts, who is proceeding *pro se*, argues that the claim is time-barred.  The plaintiffs respond that the battery claim is timely or, at the very least, subject to equitable tolling.  They also claim that Roberts' motion is procedurally improper.  For the reasons discussed below, the motion is denied without prejudice to renew at a later stage.

## I.  Background

        The Court assumes the parties' familiarity with the factual and procedural background of this case.  Some additional detail appears in the Court's September 2024 order of partial dismissal.  *See generally* Mem. & Order Dismissing Compl. in Part, ECF No. 240.

As relevant here, the plaintiffs filed their third amended complaint in June 2023.  ECF No. 215.  Roberts moved to dismiss the battery claim under Rule 12(b)(6).  ECF No. 231. After the Court rejected Roberts' motion, *see* ECF No. 240 at 102, Roberts filed an answer in November 2024.  *See* ECF No. 244. One week later, Roberts filed another motion to dismiss the same claim, this time asserting a statute-of-limitations defense. ECF No. 246.  That motion is now before the Court.

## II.  Legal Standard

When a plaintiff is proceeding without counsel, a court must review her filings "liberally and interpret them to raise the strongest arguments that they suggest."  *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).[1]  At the same time, this lenient standard does not "exempt a [pro se] party from compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must allege facts that "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It cannot simply offer "labels and

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.*

### III. Discussion

**A. The Motion's Alleged Procedural Flaws Do Not Bar Consideration of the Merits.**

The plaintiffs argue that Roberts' motion is procedurally improper on two grounds. But even if the plaintiffs are correct, neither procedural flaw precludes the Court from reaching the merits.

#### 1. Untimeliness under Rule 12(b)

First, the plaintiffs argue that the motion is untimely because Roberts filed it one week after answering the third amended complaint. *See* ECF No. 244 (answer); ECF No. 246 (motion to dismiss).

A motion to dismiss must be made "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); *see also Jennings Oil Co., Inc. v. Mobil Oil Corp.*, 80 F.R.D. 124, 127 n.4 (S.D.N.Y. 1978) (under a "strict interpretation" of Rule 12(b), post-answer motions to dismiss are untimely). That said, federal courts will generally rule on a post-answer motion to dismiss if the answer "expressly preserve[d]" the defense or objection advanced by the motion. *Telesca v. Long Island Hous. P'ship, Inc.*, 443 F. Supp. 2d 397, 405 (E.D.N.Y. 2006); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 1361 (3d ed.) (making the same point and collecting authorities). Here, Roberts' answer preserved the statute-of-limitations defense. ECF No. 244 at 60 ("The complaint should be dismissed because of expiration of the statute of limitations."). So, the asserted untimeliness does not necessarily bar consideration of the merits.

### 2. The Bar on Successive Motions Under Rule 12(g)(2)

The plaintiffs also argue that the motion violates Rule 12(g)(2). That rule states that "a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Basically, Rule 12(g)(2) reflects a "consolidation principle." *Federal Practice and Procedure* § 1385. If a defendant wishes to advance defenses or objections under Rule 12, she generally must do so in a single motion. *Id.*

Roberts did not raise a statute-of-limitations defense in her first motion to dismiss the third amended complaint. *See generally* ECF No. 231. And the defense was available to her at the time.[2] So, her successive motion for failure to state a

---

[2] Indeed, "a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). So, by moving to dismiss based on the statute of limitations, Roberts implicitly assumes that the defense was initially available, i.e., that it appeared on the face of the third amended complaint.

claim at least arguably violates Rule 12(g)(2).  Wright & Miller
§ 1385; *see also Polidora v. Dagostino & Assocs.*, No. 19-CV-
1290, 2021 WL 4482273, at *1 n.1 (S.D.N.Y. Sept. 29, 2021) (Rule
12(g)(2) "bars successive [Rule] 12(b)(6) motions containing
arguments that could have been raised in earlier motions").

Roberts replies that there is an exception to Rule
12(g).  She claims that under Rule 12(h)(2), a motion to dismiss
for failure to state a claim is not subject to Rule 12(g)(2),
meaning that a party may file as many successive Rule 12(b)(6)
motions as she wants.  This view is not entirely without merit.
While the Second Circuit has not resolved this question, other
circuits have split on whether Rule 12 permits successive
motions for failure to state a claim.[3]  The district courts in
this circuit are also divided.[4]

---

[3] *Compare Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 686
(5th Cir. 2017) (successive Rule 12(b)(6) motions permissible)*, and Ennenga
v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (same), *with In re Apple iPhone
Antitrust Lit.*, 846 F.3d 313, 318 (9th Cir. 2017), *aff'd sub nom. Apple Inc.
v. Pepper*, 587 U.S. 273 (argument not raised in the initial Rule 12(b)(6)
motion may be raised in a post-answer Rule 12(c) motion, but not in a second
Rule 12(b) motion), *and Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320-22
(3d Cir. 2015) (same).

[4] *Compare Ballast v. Workforce7, Inc.*, No. 20-CV-3812, 2024 WL 307966,
at *5 (S.D.N.Y. Jan. 25, 2024) ("[S]uccessive Rule 12(b)(6) motions are not
procedurally improper."), *and In re Parmalat Sec. Litig.*, 497 F. Supp. 2d
526, 530 (S.D.N.Y. 2007) ("The plain language of [Rule 12] thus contemplates
that successive motions to dismiss for failure to state a claim may be
filed."), *with Easton Rae, LLC v. Violet Grey, Inc.*, No. 21-CV-6234, 2023 WL
2691459, at *3 (S.D.N.Y. Mar. 29, 2023) ("Rule 12(g)(2) is understood to bar
successive 12(b)(6) motions containing arguments that could have been raised
in earlier motions."), *and Polidora*, 2021 WL 4482273, at *1 n.1 (same).

The Court need not take a position on this issue.
Even if Roberts' motion were dismissed as procedurally improper
under Rule 12(g), she could easily re-raise the same argument in
a motion for judgment on the pleadings under Rule 12(c). *See*
Fed. R. Civ. P. 12(h)(2)(B) (defendant may argue that plaintiff
failed to state a claim in a Rule 12(c) motion, even if the
defendant failed to make the same argument in a Rule 12(b)
motion). So, addressing the merits now will spare the parties
(and the Court) another round of likely repetitive briefing.
*See, e.g.*, *Ballast v. Workforce7, Inc.*, No. 20-CV-3812, 2024 WL
307966, at *5 (S.D.N.Y. Jan. 25, 2024) (considering the merits
of a successive Rule 12(b)(6) motion where the defendants
"undoubtedly could re-raise the identical arguments as a [Rule]
12(c) motion"); *Federal Practice and Procedure* § 1385 n.12
(collecting similar cases).

## B. Dismissal on Timeliness Grounds is Inappropriate

The parties agree that, under New York law, the
battery claim is subject to a one-year statute of limitations.
N.Y. C.P.L.R. § 215(3). And they agree that the plaintiffs
filed this claim more than a year after the alleged battery
occurred. *See* Original Compl. ¶¶ 779-87, 899-901, ECF No. 1.

The plaintiffs assert that the battery claim is
nevertheless timely under Section 215(8)(a) of the New York
Civil Practice Law. That provision reads as follows:

> Whenever it is shown that a criminal action
> against the same defendant has been commenced
> with respect to the event or occurrence from
> which a claim governed by [the one-year
> statute of limitations] arises, the plaintiff
> shall have at least one year from the
> termination of the criminal action . . . in
> which to commence the civil action,
> notwithstanding that the time in which to
> commence such an action has already expired or
> has less than a year remaining.

N.Y. C.P.L.R. § 215(8)(a). According to the plaintiffs, Section 215(8) tolled the statute of limitations on the battery claim until one year after the end of the criminal proceeding against Raniere. *See United States v. Raniere*, No. 18-CR-204 (E.D.N.Y. 2018). That proceeding terminated upon the "imposition of sentence," N.Y. Crim. Proc. Law § 1.20(16), which occurred on October 30, 2020. *See* Judgment, *United States v. Raniere*, No. 18-CR-204 (E.D.N.Y. Oct. 30, 2020), ECF No. 969. So, if Section 215(8) applies, then the battery claim — which was initially filed in January 2020 — was timely. *See generally* Original Compl.

Roberts replies that Section 215(8) does not apply by virtue of its plain text. That provision, she argues, only applies to civil actions brought against the "same defendant" who is subject to a pending criminal proceeding. N.Y. C.P.L.R. § 215(8)(a). And Roberts herself was not charged in the criminal proceeding cited by the plaintiffs.

Both sides cite supporting authority. Indeed, the New York appellate courts are divided on whether Section 215(8) applies to defendants like Roberts — civil defendants whose co-defendants were the subject of a prior and related criminal proceeding. *Compare Alford v. St. Nicholas Holding Corp.*, 218 A.D.2d 622, 631 (1st Dep't 1995) (Section 215(8) can apply to co-defendants), *with Villanueva v. Comparetto*, 180 A.D.2d 627, 629 (2d Dep't 1992) (Section 215(8) only applies when the civil and criminal defendants are the "same defendant"), *and Jordan v. Britton*, 128 A.D.2d 315, 320-21 (4th Dep't 1987) (same).

The Court need not pick a side in this divide, either.[5] Even if the battery claim is untimely, dismissal is inappropriate at the pleading stage, because the plaintiffs have also invoked equitable tolling. Under New York law, a court may equitably estop a defendant from asserting a statute-of-limitations defense if "the defendant's affirmative wrongdoing . . . produced the long delay between the accrual of the cause of action and the institution of the legal proceeding." *Zumpano v. Quinn*, 849 N.E.2d 926, 929 (N.Y. 2006)

---

[5] Nor should it aspire to do so. "Federal courts asked to rule on an unsettled question of state law should do so only where an answer to the question is necessary for a decision." *Merritt v. United States*, 592 F. Supp. 3d 340, 354 (D. Vt. 2022); *accord United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

(quoting *General Stencils v. Chiappa*, 219 N.E.2d 169, 171 (N.Y. 1966)).

Equitable tolling "often raises fact-specific issues premature for resolution on a Rule 12(b)(6) motion, before a plaintiff can develop a factual record." *Clark v. Hanley*, 89 F.4th 78, 94 (2d Cir. 2023). Thus, courts generally do not resolve equitable tolling arguments at the pleading stage. *Lama v. Malik*, 58 F. Supp. 3d 226, 235 (E.D.N.Y. 2014) (collecting cases). While the plaintiffs argue that certain allegations in the third amended complaint could plausibly support an equitable tolling argument, *see, e.g.*, Third Am. Compl. ¶¶ 122-24, 129, there is ultimately an "inadequate factual record to determine whether equitable tolling is warranted here." *Lama*, 58 F. Supp. 3d at 235. Accordingly, Roberts' motion to dismiss on timeliness grounds is denied without prejudice to renew at summary judgment or at trial. *Id.*

## IV. Conclusion

For the foregoing reasons, Roberts' motion to dismiss the battery claim is denied without prejudice.


SO ORDERED.


      /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    June 25, 2025
          Brooklyn, New York