**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SARAH EDMONDSON, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | :  CIVIL ACTION NO. 20-CV-485-EK-CLP |
| | : |
| KEITH RANIERE, et al. | : |
| | : |
| Defendants. | : |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Whereas, pursuant to Rule 26(c) of the Federal Rules of Civil Procedures, the Parties have stipulated to the following Protective Order ("Order") limiting the disclosure and use of certain information produced during discovery as hereinafter provided.

Accordingly, it is this _____ day of _____, _____, by the United States District Court for the Eastern District of New York, ORDERED:

**1.     SCOPE**

All materials produced or adduced in the course of discovery, including but not limited to initial disclosures, documents and things produced in response to discovery requests, answers to interrogatories, answers to requests for admission, deposition testimony and exhibits, expert reports and disclosures, pretrial disclosures, and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning Confidential Information and Highly Confidential Information as defined below. This Order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

The restrictions set forth herein shall not apply to documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that were, are, or become public knowledge, not in violation of this Order. Before such documents are publicly released, a Party will follow the procedures described in Paragraph 9 ("Notification of Confidentiality Order").

**2.    DEFINITIONS**

In this Order, the words set forth below shall have the following meanings:

**(A)**    "Confidential Information" means information that falls within one or more of the following categories: (i) contain or are derived from trade secrets or other proprietary commercial or financial information; (ii) are prohibited from disclosure by statute; (iii) medical information concerning any individual; (iv) personally identifying information; (v) private information about an individual that that, if made public, would subject the individual to annoyance, embarrassment, or oppression; (vi) income tax returns (including attached schedules and forms), (vii) W-2 forms and 1099 forms; or (viii) personnel or employment records.

**(B)**    "Highly Confidential Information" means Confidential Information that is either of such a highly sensitive nature that disclosure of such information may result in substantial commercial or financial harm to a Party or its employees or customers, or is such a highly personal nature that it may expose a Party to risk of harm.

**(C)**    "Designating Party" means the Party or Non-Party that designates Discovery Material as Confidential or Highly Confidential.

**(D)**    "Electronically Stored Information," "Electronic Data," or "ESI" means information stored or recorded in the form of electronic media (including information, files or databases stored on any digital or analog machine-readable device, computers, discs, networks or

tapes), synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 26 and 34.

**(E)**    "Non-Party" means any individual or entity that is not a named Plaintiff or Defendant in this action.

**(F)**    "Party" means Plaintiffs and Defendants in this Litigation, collectively the "Parties."

**(G)**    "Producing Party" means the Party producing Discovery Material in response to the request of Requesting Party.

**(H)**    "Protected Material" means information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**(I)**    "Receiving Party" means the Party receiving production of Discovery Material.

**(J)**    "Requesting Party" means the Party requesting production of Discovery Material.

**(K)**    "Competitor" means any individual or business entity that offers a competing product or service to a Designating Party, such that disclosure of Confidential Information or Highly Confidential Information of the Designating Party to the Competitor could reasonably result in harm to the Designating Party's financial, competitive or business interests. The definition of Competitor includes all employees, agents, subsidiaries and parent companies.

**3.    DESIGNATION**

**(A)**    Documents: A Party or Non-Party may designate Discovery Material for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the Discovery Material and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Marking

3

Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discovery Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(B)     Depositions: Deposition transcripts (including exhibits) that contain Confidential Information or Highly Confidential Information shall be deemed Confidential or Highly Confidential only if they are designated as such when the deposition is taken or within fourteen business days after receipt of the transcript. Any testimony which describes Discovery Material which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The entire deposition transcript (including exhibits) shall be treated as Highly Confidential under this Order until the expiration of the 14-day period for designation by letter, except that the deponent may review the transcript during this 14-day period. If all or part of a videorecorded deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the DVD or other recording container, shall be labeled with these legends.

(C)     Electronic Data: The Designating Party will designate ESI as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a cover letter identifying the information generally. When feasible, the Designating Party will also mark the electronic media with the appropriate designation, and if possible, will mark each page of the ESI with the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend. Whenever any Party to whom ESI

4

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is produced reduces such material to hardcopy form, such Party shall mark such hardcopy form with the legends provided for in Paragraph 3(A) above. Whenever any ESI designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is copied into another file, all such copies shall also be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate.

(D)     To the extent that any Party or counsel for any Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party and its counsel must take reasonable steps to insure that access to that electronic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and Highly Confidential Information.

(E)     The designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall constitute a certification by an attorney or a Party appearing pro se that such document, material, or information has been reviewed and that the Designating Party has a good faith basis for the designation.

(F)     A person receiving Protected Material shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation.

(G)     The Parties anticipate that Discovery Material will be reviewed for applicability of these categories and designations of Confidential or Highly Confidential will not be applied to all Discovery Material simply because they are produced in relation to the current litigation.

4.      **PROTECTION OF PROTECTED MATERIAL**

**(A)**     General Protections. Protected Material shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraphs (B) and (C) for any purpose other than in this litigation, including any appeal thereof. In no event shall Protected Material be used for any business, competitive, personal, private, public, or other purposes, except as required by law.

**(B)**     Disclosure of Confidential Information. Except with the prior written consent of the Designating Party or upon order of this Court, information designated as "CONFIDENTIAL" may only be disclosed to the following persons:

      **i.**     Counsel. Attorneys and legal staff of law firms who are counsel of record in this action. Any such attorney or staff to whom counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence;

      **ii.**     Parties. Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to advance this litigation;

      **iii.**     The Court and its Personnel. The Court and its personnel, and any appellate court and court personnel;

      **iv.**     Mediators or arbitrators. Disclosures may be made to mediators and arbitrators and their staff, as engaged by the Parties or appointed by the Court, provided that, prior to disclosure, any such mediator, arbitrator or their staff is provided with a copy of, and becomes subject to, the provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be

bound by its terms;

     **v.**     Court Reporters and Recorders. Court reporters and recorders engaged for depositions, hearings, or other relevant proceedings, provided that, prior to disclosure, any such court reporter or recorder is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

     **vi.**     Document Vendors. Those persons specifically engaged for the purpose of making copies of documents or organizing, hosting or processing documents, which includes hosting, processing and sub-processing using "cloud-based" technology, provided however that all third parties have agreed to maintain the confidentiality of any documents they receive consistent with this Order and that document storage, hosting, and processing is done in a secure manner with commercially reasonable safeguards to prevent unauthorized access, provided that, prior to disclosure, any such vendor is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

     **vii.**     Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in the Acknowledgment and Agreement (Attachment A);

     **viii.**     Authors and Recipients. The Designating Party, any current employee of a Designating Party, or any other person who, as appears from the face of the Discovery Material, authored, received, or otherwise has been provided access to (in the ordinary course, outside this litigation) the Protected Material sought to be disclosed to that person;

ix.        Non-Party Witnesses.  In connection with any deposition, hearing or trial, any witness not otherwise entitled to receive Confidential Information may be provided such information if reasonably necessary, provided that prior to furnishing such Confidential Information to such witness, the witness shall execute the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms. However, if the Non-Party witness is a Competitor, then the Party wishing to make such disclosure shall provide notice and an opportunity to meet and confer with the Designating Party to discuss the procedures for the treatment of Highly Confidential Information, with all Parties reserving their rights to apply to the Court for further protections. A Party that wishes to disclose Confidential Information to such Non-Party witness over the objections of the Designating Party may seek an order of the Court, supported by a showing of the need to disclose the Confidential Information, and accompanied by a certification that the Party seeking disclosure has attempted to reach agreement on disclosure with the Designating Party. A person opposing disclosure would thereafter have an opportunity to respond within five (5) business days, after which the Court will determine the conditions under which any disclosure is permitted;

x.        Mock Jurors and Focus Group Participants. Professional jury or trial consultants including mock jurors and focus group participants who have signed a confidentiality agreement such as that annexed as Acknowledgment and Agreement (Attachment A), provided, however, that any such person shall not be permitted to retain any Protected Material;

xi.        Any other person to whom the Designating Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 9 of this Protective Order has been complied with; and

xii.        Any other person whom the Court directs should have access to the Highly

Confidential Information.

(C)    Disclosure of Highly Confidential Information. Except with the prior written consent of the Designating Party or upon order of this Court, information designated as "HIGHLY CONFIDENTIAL" may only be disclosed to the following persons:

      i.    Counsel. Attorneys and legal staff of law firms who are counsel of record in this action;

      ii.    Document Vendors. Those persons specifically engaged for the purpose of making copies of documents or organizing, hosting or processing documents, which includes hosting, processing and sub-processing using "cloud-based" technology, provided however that all third parties have agreed to maintain the confidentiality of any documents they receive consistent with this Order and that document storage, hosting, and processing is done in a secure manner with commercially reasonable safeguards to prevent unauthorized access, provided that, prior to disclosure, any such vendor is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

      iii.    Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in the Acknowledgment and Agreement (Attachment A);

      iv.    Authors and Recipients. The Designating Party, any current employee of a Designating Party, or any other person who, as appears from the face of the Discovery Material, authored, received, or otherwise has been provided access to (in the ordinary course, outside this litigation) the Protected Material sought to be disclosed to that person;

9

**v.**        Court Reporters and Recorders. Court reporters and recorders engaged for depositions, hearings, or other relevant proceedings, provided that, prior to disclosure, any such court reporter or recorder is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

**vi.**        Non-Party Witnesses.  In connection with any deposition, hearing or trial, any witness not otherwise entitled to receive Highly Confidential Information may be provided such information if reasonably necessary, provided that prior to furnishing such Highly Confidential Information to such witness, the witness shall execute the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms. However, if the Non-Party witness is a Competitor, then the Party wishing to make such disclosure shall provide notice and an opportunity to meet and confer with the Designating Party to discuss the procedures for the treatment of Highly Confidential Information, with all Parties reserving their rights to apply to the Court for further protections. A Party that wishes to disclose Highly Confidential Information to such Non-Party witness over the objections of the Designating Party may seek an order of the Court, supported by a showing of the need to disclose the Highly Confidential Information, and accompanied by a certification that the Party seeking disclosure has attempted to reach agreement on disclosure with the Designating Party. A person opposing disclosure would thereafter have an opportunity to respond within five (5) business days, after which the Court will determine the conditions under which any disclosure is permitted;

**vii.**        Any other person to whom the Designating Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 9 of this Protective Order has

10

been complied with; and

   **viii.**  Any other person whom the Court directs should have access to the Highly Confidential Information.

  **(D)**  Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material.

**5.**  **FILING OF PROTECTED MATERIAL**

  **(A)**  To the extent that (i) a Party seeks to file Confidential or Highly Confidential material with the Court and believes such information should be filed under seal; or (ii) a Party believes that Confidential or Highly Confidential material filed with the Court by another Party should be maintained under seal, the Party interested in sealing such information shall make an application to the Court. Absent extraordinary circumstances, a Party who seeks to rely on Confidential or Highly Confidential material produced by another Party in connection with a filing before this Court shall give the Producing Party notice, not less than three days prior to filing, of its intent to rely on such materials. The Parties will use their best efforts to minimize applications for sealing given the legal presumption against filing documents under seal.

  **(B)**  Only those portions of such Discovery Material containing or reflecting Confidential Information or Highly Confidential Information shall be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings that are Confidential Information or Highly Confidential shall be filed under seal.

  **(C)**  Each document filed under seal may be returned to the Party that filed it under the following circumstances: (1) if no appeal is taken, within ninety (90) days after a final judgment is rendered, or (2) if an appeal is taken, within thirty (30) days after the ruling of the last reviewing

court that disposes of this litigation in its entirety is filed. If the Party that filed a sealed document fails to remove the document within the time frame set by the Court or the Clerk, the Clerk may destroy the document, return the document to counsel for the Designating Party or the Party that filed the sealed document (if not the same as the Designating Party) upon request within two years after termination of the litigation, or take any other action to dispose of the document that the Clerk deems appropriate.

(D)     Notwithstanding any provision in this Order to the contrary, any Designating Party may determine to reclassify Discovery Material it previously designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and is not required to file such Discovery Material under seal if the previously designated Protected Material was so designated solely by that Party and all other Parties are notified of the change in classification at the time such Discovery Material is reclassified.

## 6.     INADVERTENT FAILURE TO DESIGNATE

An inadvertent failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the right to so designate the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," either as to the specific information disclosed or as to any other Discovery Material concerning the same or related subject matter. If a Party designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the Discovery Material is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of Discovery Material during a time when that Discovery Material has not been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," even

where the failure to do so was inadvertent and where the material is subsequently designated as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## 7.    INADVERTENT DISCLOSURE

**(A)**    If a person bound by this Order inadvertently discloses Protected Material to a person not authorized to receive that information, or if a person authorized to receive Protected Material breaches any obligations under this Protective Order, that person shall immediately give notice of the unauthorized disclosure to the Designating Party in writing and provide replacement pages bearing the appropriate confidentiality legend.

**(B)**    If a person bound by this Order becomes aware of unauthorized disclosure of Protected Material by a Non-Party, that person shall immediately give notice in writing of the unauthorized disclosure to the Designating Party.

**(C)**    Notice in either circumstance described in this section shall include a full written description of all facts that are pertinent to the disclosure. The person disclosing the Protected Material shall make a reasonable effort to retrieve the information that was disclosed without authorization and to limit the further dissemination or disclosure of such information. Persons who violate the provisions of this Protective Order shall be subject to sanctions as provided by statute, rule, or the inherent power of this Court.

## 8.    INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.  Moreover, if Discovery Material subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or other ground on which production of that information should not be made is inadvertently produced, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of any claim of

attorney-client privilege, work product, or other privilege or immunity. If a claim of inadvertent production is made pursuant to this Agreement, the Requesting Party and its representative(s) shall (a) refrain from further examination or disclosure of the inadvertently produced Discovery Material; (b) promptly return to the Producing Party's counsel or destroy all copies of that material (including any summaries or excerpts thereof), and certify in writing to that full return or destruction; and (c) not use the inadvertently produced material for any purpose.

## 9.    NOTIFICATION OF CONFIDENTIALITY ORDER

**(A)**    All persons who are authorized to receive and are to be shown Protected Material under this Protective Order (other than the persons listed in Paragraphs 4(B) and (C)) shall be provided a copy of this Protective Order prior to the receipt of Protected Material, and shall, unless otherwise agreed upon in writing by the Parties or authorized by a Court order, in a written and signed confidentiality agreement such as that annexed as the Acknowledgment and Agreement (Attachment A), state that he or she has read this Protective Order and agrees to be bound by its terms.

**(B)**    The originals of such confidentiality agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation, including appeals. Confidentiality agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the Parties or further order of the Court after application upon notice and good cause shown.

## 10.    CHALLENGES BY A PARTY TO DESIGNATION AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

A failure to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time the Discovery Material is produced shall not preclude a subsequent challenge to the designation. The designation of any Discovery Material as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is subject to challenge by any Party. The following procedure shall apply to any such challenge:

(A)    Anyone challenging the designation of Protected Material must do so in good faith. The challenging Party shall advise counsel for the Designating Party, in writing, of such objections and the specific Protected Material to which each objection pertains, along with the specific reasons and support for such objections (the "Designation Objections").

(B)    Counsel for the Designating Party shall have fourteen (14) days from receipt of the written Designation Objections to either (i) agree in writing to de-designate documents, testimony or information pursuant to any or all of the Designation Objections and/or (ii) oppose the Designation Objections. If the Designating Party opposes the Designation Objections, they shall inform the challenging Party in writing, and the Parties shall meet and confer in an effort to resolve their dispute within seven (7) days.

(C)    If the Parties are not able to resolve any dispute regarding the Designation Objections, the Designating Party shall file a motion with the Court seeking to uphold any or all designations on Discovery Material addressed by the Designation Objections (the "Designation Motion"). A Designation Motion must be filed within thirty (30) days of the Designation Objections to be timely. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

(D)    In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, such Discovery Material shall be de-designated in accordance with the Designation Objection applicable to such material.

**(E)**    Any Discovery Material that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and does not fall within Paragraph 10(D), shall be treated as such until the Court rules that it should not be so treated, and a 10-day period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal having been filed.

**11.    USE OF PROTECTED MATERIAL AT TRIAL OR HEARING**

A Party that intends to present or that anticipates that another Party may present Protected Material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without publicly disclosing the Protected Material. The Parties shall follow the procedures to file under seal as detailed in Paragraph 5. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or hearing.

**12.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**(A)**    Notification of Subpoena or Court Order. If any person subject to this Order who has custody of any Protected Material receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Protected Material, the recipient of the Subpoena shall promptly give notice of the same to counsel for the Designating Party within five (5) business days, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Protected Material and/or seek to obtain confidential treatment of such Protected Material from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Protected Material pursuant to the Subpoena prior to the date specified for production on the Subpoena.

**(B)**    Response to the Subpoena. Unless prohibited by law or court order, the Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

**(C)**    Protective Order Sought. If the Designating Party timely seeks a protective order and/or an order quashing the Subpoena, the Party served with the subpoena or court order shall not produce any information designated in this lawsuit as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Receiving Party shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this lawsuit to disobey a lawful directive from another court.

**(D)**    Nothing contained within this Section shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of Protected Material to resist such production or disclosure or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

## 13.    NO GREATER PROTECTION OF SPECIFIC DOCUMENTS

Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires confidentiality protection greater than that afforded by this Order unless the Party moves for an order providing such special

confidentiality protection, or the Parties otherwise agree subject to a meet and confer. Nothing in this Order prejudices a Party's right to seek such greater protections from the Court or to seek to file documents under seal.

## 14.    APPLICATION TO NON-PARTIES

(A)    This Order shall apply to any Non-Party who is obligated to provide discovery, by deposition, production of documents or ESI, or otherwise, in this litigation, if that Non-Party requests the protection of this Order as to its Confidential Information or Highly Confidential Information.

(B)    The existence of this Protective Order must be disclosed to any person producing Discovery Material who may reasonably be expected to desire Confidential or Highly Confidential treatment for such documents, tangible things or testimony. Any such person may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order.

## 15.    GENERATIVE AI TOOLS

Protected Material shall not be submitted to any Generative AI tool that is available to the public without contractual agreement or that trains upon or otherwise retains information submitted to it. Before submitting any Protected Material to a Generative AI tool, a Receiving Party shall ensure that it (or its vendor) can delete all such Protected Material from the Generative AI tool at the conclusion of this matter, including any derivative information. The obligations and restrictions of this paragraph apply even where Protected Material has been anonymized.

## 16.    NON-PARTY OBJECTIONS

Nothing contained in this Protective Order shall preclude Non-Parties from submitting objections for ruling by the Court.

17.    **PRESERVATION OF RIGHTS AND PRIVILEGES**

Nothing contained in this Order shall affect the right of any Party or Non-Party to make any other available objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, questions at a deposition, or any other discovery request.

18.    **COMPLIANCE NOT AN ADMISSION**

A Party's compliance with the terms of this Order shall not operate as an admission that any particular Discovery Material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

19.    **MODIFICATION OF THE ORDER**

This Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

20.    **OBLIGATIONS ON CONCLUSION OF LITIGATION**

**(A)**    Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation. This Order is binding on all Parties to this litigation, on all Non-Parties who have agreed to be bound by this Order and on all others who have signed a confidentiality agreement in substantially the form annexed as the Acknowledgment and Agreement (Attachment A), and shall remain in force and effect until modified, superseded, or termination by consent of the Parties or by Order of the Court.

**(B)**      Within sixty (60) calendar days after final judgment in this action, including the

exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement

agreement, each Party or other person subject to the terms of this Order is under an obligation to,

at the Producing Party's discretion, either destroy or return to the Producing Party all Protected

Material, and to certify to the Producing Party that this destruction or return has been done.

**(C)**      Retention of Work Product and One Set of Filed Documents. Notwithstanding the

above requirements to return or destroy documents, counsel may retain (1) attorney work product,

including an index that refers or relates to Protected Material so long as that work product does

not duplicate verbatim substantial portions of Confidential Information or Highly Confidential

Information, and (2) one complete set of all documents filed with the Court including those filed

under seal. Any retained Protected Material shall continue to be protected under this Order. An

attorney may use his or her work product in subsequent litigation, provided that its use does not

disclose or use Confidential Information or Highly Confidential Information.


DATED THIS _____ Day of _____, 2025


_____
Honorable Eric R. Komitee
Chief Magistrate Cheryl L. Pollak
United States District Court
Eastern District of New York


WE SO MOVE

                    And agree to abide by the terms of this Order

William E. Hoese
Robert A. Swift
Zahra R. Dean
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
whoese@kohnswift.com
rswift@kohnswift.com
zdean@kohnswift.com

*Attorneys for Plaintiffs*

Adam M. Prom
DICELLO LEVITT LLP
10 North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Greg G. Gutzler
Emma Bruder
DICELLO LEVITT LLP
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

*Attorneys for Plaintiffs*

Agnieszka M. Fryszman
Brendan R. Schneiderman
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

*Attorneys for Plaintiffs*

Robin A. Henry
Anne S. Aufhauser
FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
One New York Plaza
New York, NY 10004
(212) 859-8000
robin.henry@friedfrank.com
anne.aufhauser@friedfrank.com

*Attorneys for Sara Bronfman*

Aaron M. Goldsmith
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
aarongoldsmithlaw@gmail.com

*Attorney for Keith Raniere and Clare Bronfman*

Danielle Roberts
575 Easton Ave
Apt. 18 S
Somerset, NJ 08873
(516) 480-1700
danielle@drdanielleroberts.com

*Appearing pro se*

21

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SARAH EDMONDSON, et al., | : |
| | : |
| Plaintiffs, | : |
| | : CIVIL ACTION NO. 20-CV-485-EK-CLP |
| v. | : |
| | : |
| KEITH RANIERE, et al. | : **Acknowledgment of Understanding and** |
| | : **Agreement to Be Bound** |
| Defendants. | : |

The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of New York in matters relating to the Order and understands that the terms of the Order obligate him/her to treat materials designated as Confidential Information or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

22

Business Address: _____

_____

Date: _____      _____
                                         Signature