**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SO ORDERED.**
**/s/ Cheryl L. Pollak**
**Cheryl L. Pollak**
**U.S.M.J.**
**E.D.N.Y.**
**7/11/2025**

SARAH EDMONDSON, et al.,

                Plaintiffs,

      v.

KEITH RANIERE, et al.

                Defendants.

CIVIL ACTION NO. 20-CV-485-EK-CLP

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Whereas, pursuant to Rule 26(c) of the Federal Rules of Civil Procedures, the Parties have stipulated to the following Protective Order ("Order") limiting the disclosure and use of certain information produced during discovery as hereinafter provided.

Accordingly, it is this ____ day of _____, ____, by the United States District Court for the Eastern District of New York, ORDERED:

**1.    SCOPE**

All materials produced or adduced in the course of discovery, including but not limited to initial disclosures, documents and things produced in response to discovery requests, answers to interrogatories, answers to requests for admission, deposition testimony and exhibits, expert reports and disclosures, pretrial disclosures, and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning Confidential Information and Highly Confidential Information as defined below. This Order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

The restrictions set forth herein shall not apply to documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that were, are, or become public knowledge, not in violation of this Order. Before such documents are publicly released, a Party will follow the procedures described in Paragraph 9 ("Notification of Confidentiality Order").

2.    **DEFINITIONS**

In this Order, the words set forth below shall have the following meanings:

**(A)**    "Confidential Information" means information that falls within one or more of the following categories: (i) contain or are derived from trade secrets or other proprietary commercial or financial information; (ii) are prohibited from disclosure by statute; (iii) medical information concerning any individual; (iv) personally identifying information; (v) private information about an individual that that, if made public, would subject the individual to annoyance, embarrassment, or oppression; (vi) income tax returns (including attached schedules and forms), (vii) W-2 forms and 1099 forms; or (viii) personnel or employment records.

**(B)**    "Highly Confidential Information" means Confidential Information that is either of such a highly sensitive nature that disclosure of such information may result in substantial commercial or financial harm to a Party or its employees or customers, or is such a highly personal nature that it may expose a Party to risk of harm.

**(C)**    "Designating Party" means the Party or Non-Party that designates Discovery Material as Confidential or Highly Confidential.

**(D)**    "Electronically Stored Information," "Electronic Data," or "ESI" means information stored or recorded in the form of electronic media (including information, files or databases stored on any digital or analog machine-readable device, computers, discs, networks or

2

tapes), synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 26 and 34.

**(E)**     "Non-Party" means any individual or entity that is not a named Plaintiff or Defendant in this action.

**(F)**     "Party" means Plaintiffs and Defendants in this Litigation, collectively the "Parties."

**(G)**     "Producing Party" means the Party producing Discovery Material in response to the request of Requesting Party.

**(H)**     "Protected Material" means information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**(I)**     "Receiving Party" means the Party receiving production of Discovery Material.

**(J)**     "Requesting Party" means the Party requesting production of Discovery Material.

**(K)**     "Competitor" means any individual or business entity that offers a competing product or service to a Designating Party, such that disclosure of Confidential Information or Highly Confidential Information of the Designating Party to the Competitor could reasonably result in harm to the Designating Party's financial, competitive or business interests. The definition of Competitor includes all employees, agents, subsidiaries and parent companies.

**3.     DESIGNATION**

**(A)**     Documents: A Party or Non-Party may designate Discovery Material for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the Discovery Material and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Marking

Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discovery Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(B)    Depositions: Deposition transcripts (including exhibits) that contain Confidential Information or Highly Confidential Information shall be deemed Confidential or Highly Confidential only if they are designated as such when the deposition is taken or within fourteen business days after receipt of the transcript. Any testimony which describes Discovery Material which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The entire deposition transcript (including exhibits) shall be treated as Highly Confidential under this Order until the expiration of the 14-day period for designation by letter, except that the deponent may review the transcript during this 14-day period. If all or part of a videorecorded deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the DVD or other recording container, shall be labeled with these legends.

(C)    Electronic Data: The Designating Party will designate ESI as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a cover letter identifying the information generally. When feasible, the Designating Party will also mark the electronic media with the appropriate designation, and if possible, will mark each page of the ESI with the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend. Whenever any Party to whom ESI

4

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is produced reduces such material to hardcopy form, such Party shall mark such hardcopy form with the legends provided for in Paragraph 3(A) above. Whenever any ESI designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is copied into another file, all such copies shall also be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate.

(D)    To the extent that any Party or counsel for any Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party and its counsel must take reasonable steps to insure that access to that electronic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and Highly Confidential Information.

(E)    The designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall constitute a certification by an attorney or a Party appearing pro se that such document, material, or information has been reviewed and that the Designating Party has a good faith basis for the designation.

(F)    A person receiving Protected Material shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation.

(G)    The Parties anticipate that Discovery Material will be reviewed for applicability of these categories and designations of Confidential or Highly Confidential will not be applied to all Discovery Material simply because they are produced in relation to the current litigation.

4.    **PROTECTION OF PROTECTED MATERIAL**

**(A)**    General Protections. Protected Material shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraphs (B) and (C) for any purpose other than in this litigation, including any appeal thereof. In no event shall Protected Material be used for any business, competitive, personal, private, public, or other purposes, except as required by law.

**(B)**    Disclosure of Confidential Information. Except with the prior written consent of the Designating Party or upon order of this Court, information designated as "CONFIDENTIAL" may only be disclosed to the following persons:

**i.**    Counsel. Attorneys and legal staff of law firms who are counsel of record in this action.  Any such attorney or staff to whom counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence;

**ii.**    Parties. Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to advance this litigation;

**iii.**    The Court and its Personnel. The Court and its personnel, and any appellate court and court personnel;

**iv.**    Mediators or arbitrators. Disclosures may be made to mediators and arbitrators and their staff, as engaged by the Parties or appointed by the Court, provided that, prior to disclosure, any such mediator, arbitrator or their staff is provided with a copy of, and becomes subject to, the provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be

bound by its terms;

     **v.**     Court Reporters and Recorders. Court reporters and recorders engaged for depositions, hearings, or other relevant proceedings, provided that, prior to disclosure, any such court reporter or recorder is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

     **vi.**     Document Vendors. Those persons specifically engaged for the purpose of making copies of documents or organizing, hosting or processing documents, which includes hosting, processing and sub-processing using "cloud-based" technology, provided however that all third parties have agreed to maintain the confidentiality of any documents they receive consistent with this Order and that document storage, hosting, and processing is done in a secure manner with commercially reasonable safeguards to prevent unauthorized access, provided that, prior to disclosure, any such vendor is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

     **vii.**     Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in the Acknowledgment and Agreement (Attachment A);

     **viii.**     Authors and Recipients. The Designating Party, any current employee of a Designating Party, or any other person who, as appears from the face of the Discovery Material, authored, received, or otherwise has been provided access to (in the ordinary course, outside this litigation) the Protected Material sought to be disclosed to that person;

ix.        Non-Party Witnesses.  In connection with any deposition, hearing or trial, any witness not otherwise entitled to receive Confidential Information may be provided such information if reasonably necessary, provided that prior to furnishing such Confidential Information to such witness, the witness shall execute the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms. However, if the Non-Party witness is a Competitor, then the Party wishing to make such disclosure shall provide notice and an opportunity to meet and confer with the Designating Party to discuss the procedures for the treatment of Highly Confidential Information, with all Parties reserving their rights to apply to the Court for further protections. A Party that wishes to disclose Confidential Information to such Non-Party witness over the objections of the Designating Party may seek an order of the Court, supported by a showing of the need to disclose the Confidential Information, and accompanied by a certification that the Party seeking disclosure has attempted to reach agreement on disclosure with the Designating Party. A person opposing disclosure would thereafter have an opportunity to respond within five (5) business days, after which the Court will determine the conditions under which any disclosure is permitted;

x.        Mock Jurors and Focus Group Participants. Professional jury or trial consultants including mock jurors and focus group participants who have signed a confidentiality agreement such as that annexed as Acknowledgment and Agreement (Attachment A), provided, however, that any such person shall not be permitted to retain any Protected Material;

xi.        Any other person to whom the Designating Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 9 of this Protective Order has been complied with; and

xii.        Any other person whom the Court directs should have access to the Highly

8

Confidential Information.

(C)     Disclosure of Highly Confidential Information. Except with the prior written consent of the Designating Party or upon order of this Court, information designated as "HIGHLY CONFIDENTIAL" may only be disclosed to the following persons:

i.      Counsel. Attorneys and legal staff of law firms who are counsel of record in this action;

ii.     Document Vendors. Those persons specifically engaged for the purpose of making copies of documents or organizing, hosting or processing documents, which includes hosting, processing and sub-processing using "cloud-based" technology, provided however that all third parties have agreed to maintain the confidentiality of any documents they receive consistent with this Order and that document storage, hosting, and processing is done in a secure manner with commercially reasonable safeguards to prevent unauthorized access, provided that, prior to disclosure, any such vendor is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

iii.    Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in the Acknowledgment and Agreement (Attachment A);

iv.     Authors and Recipients. The Designating Party, any current employee of a Designating Party, or any other person who, as appears from the face of the Discovery Material, authored, received, or otherwise has been provided access to (in the ordinary course, outside this litigation) the Protected Material sought to be disclosed to that person;

**v.**    Court Reporters and Recorders. Court reporters and recorders engaged for depositions, hearings, or other relevant proceedings, provided that, prior to disclosure, any such court reporter or recorder is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

**vi.**    Non-Party Witnesses.  In connection with any deposition, hearing or trial, any witness not otherwise entitled to receive Highly Confidential Information may be provided such information if reasonably necessary, provided that prior to furnishing such Highly Confidential Information to such witness, the witness shall execute the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms. However, if the Non-Party witness is a Competitor, then the Party wishing to make such disclosure shall provide notice and an opportunity to meet and confer with the Designating Party to discuss the procedures for the treatment of Highly Confidential Information, with all Parties reserving their rights to apply to the Court for further protections. A Party that wishes to disclose Highly Confidential Information to such Non-Party witness over the objections of the Designating Party may seek an order of the Court, supported by a showing of the need to disclose the Highly Confidential Information, and accompanied by a certification that the Party seeking disclosure has attempted to reach agreement on disclosure with the Designating Party. A person opposing disclosure would thereafter have an opportunity to respond within five (5) business days, after which the Court will determine the conditions under which any disclosure is permitted;

**vii.**    Any other person to whom the Designating Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 9 of this Protective Order has

10

been complied with; and

        **viii.**      Any other person whom the Court directs should have access to the Highly Confidential Information.

        **(D)**      Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material.

**5.**      **FILING OF PROTECTED MATERIAL**

        **(A)**      To the extent that (i) a Party seeks to file Confidential or Highly Confidential material with the Court and believes such information should be filed under seal; or (ii) a Party believes that Confidential or Highly Confidential material filed with the Court by another Party should be maintained under seal, the Party interested in sealing such information shall make an application to the Court. Absent extraordinary circumstances, a Party who seeks to rely on Confidential or Highly Confidential material produced by another Party in connection with a filing before this Court shall give the Producing Party notice, not less than three days prior to filing, of its intent to rely on such materials. The Parties will use their best efforts to minimize applications for sealing given the legal presumption against filing documents under seal.

        **(B)**      Only those portions of such Discovery Material containing or reflecting Confidential Information or Highly Confidential Information shall be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings that are Confidential Information or Highly Confidential shall be filed under seal.

        **(C)**      Each document filed under seal may be returned to the Party that filed it under the following circumstances: (1) if no appeal is taken, within ninety (90) days after a final judgment is rendered, or (2) if an appeal is taken, within thirty (30) days after the ruling of the last reviewing

court that disposes of this litigation in its entirety is filed. If the Party that filed a sealed document fails to remove the document within the time frame set by the Court or the Clerk, the Clerk may destroy the document, return the document to counsel for the Designating Party or the Party that filed the sealed document (if not the same as the Designating Party) upon request within two years after termination of the litigation, or take any other action to dispose of the document that the Clerk deems appropriate.

(D)     Notwithstanding any provision in this Order to the contrary, any Designating Party may determine to reclassify Discovery Material it previously designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and is not required to file such Discovery Material under seal if the previously designated Protected Material was so designated solely by that Party and all other Parties are notified of the change in classification at the time such Discovery Material is reclassified.

## 6.    INADVERTENT FAILURE TO DESIGNATE

An inadvertent failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the right to so designate the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," either as to the specific information disclosed or as to any other Discovery Material concerning the same or related subject matter. If a Party designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the Discovery Material is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of Discovery Material during a time when that Discovery Material has not been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," even

where the failure to do so was inadvertent and where the material is subsequently designated as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## 7.    INADVERTENT DISCLOSURE

**(A)**    If a person bound by this Order inadvertently discloses Protected Material to a person not authorized to receive that information, or if a person authorized to receive Protected Material breaches any obligations under this Protective Order, that person shall immediately give notice of the unauthorized disclosure to the Designating Party in writing and provide replacement pages bearing the appropriate confidentiality legend.

**(B)**    If a person bound by this Order becomes aware of unauthorized disclosure of Protected Material by a Non-Party, that person shall immediately give notice in writing of the unauthorized disclosure to the Designating Party.

**(C)**    Notice in either circumstance described in this section shall include a full written description of all facts that are pertinent to the disclosure. The person disclosing the Protected Material shall make a reasonable effort to retrieve the information that was disclosed without authorization and to limit the further dissemination or disclosure of such information. Persons who violate the provisions of this Protective Order shall be subject to sanctions as provided by statute, rule, or the inherent power of this Court.

## 8.    INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.  Moreover, if Discovery Material subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or other ground on which production of that information should not be made is inadvertently produced, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of any claim of

attorney-client privilege, work product, or other privilege or immunity. If a claim of inadvertent production is made pursuant to this Agreement, the Requesting Party and its representative(s) shall (a) refrain from further examination or disclosure of the inadvertently produced Discovery Material; (b) promptly return to the Producing Party's counsel or destroy all copies of that material (including any summaries or excerpts thereof), and certify in writing to that full return or destruction; and (c) not use the inadvertently produced material for any purpose.

**9.    NOTIFICATION OF CONFIDENTIALITY ORDER**

**(A)**    All persons who are authorized to receive and are to be shown Protected Material under this Protective Order (other than the persons listed in Paragraphs 4(B) and (C)) shall be provided a copy of this Protective Order prior to the receipt of Protected Material, and shall, unless otherwise agreed upon in writing by the Parties or authorized by a Court order, in a written and signed confidentiality agreement such as that annexed as the Acknowledgment and Agreement (Attachment A), state that he or she has read this Protective Order and agrees to be bound by its terms.

**(B)**    The originals of such confidentiality agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation, including appeals. Confidentiality agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the Parties or further order of the Court after application upon notice and good cause shown.

**10.    CHALLENGES BY A PARTY TO DESIGNATION AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**

A failure to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time the Discovery Material is produced shall not preclude a subsequent challenge to the designation. The designation of any Discovery Material as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is subject to challenge by any Party. The following procedure shall apply to any such challenge:

(A)    Anyone challenging the designation of Protected Material must do so in good faith. The challenging Party shall advise counsel for the Designating Party, in writing, of such objections and the specific Protected Material to which each objection pertains, along with the specific reasons and support for such objections (the "Designation Objections").

(B)    Counsel for the Designating Party shall have fourteen (14) days from receipt of the written Designation Objections to either (i) agree in writing to de-designate documents, testimony or information pursuant to any or all of the Designation Objections and/or (ii) oppose the Designation Objections. If the Designating Party opposes the Designation Objections, they shall inform the challenging Party in writing, and the Parties shall meet and confer in an effort to resolve their dispute within seven (7) days.

(C)    If the Parties are not able to resolve any dispute regarding the Designation Objections, the Designating Party shall file a motion with the Court seeking to uphold any or all designations on Discovery Material addressed by the Designation Objections (the "Designation Motion"). A Designation Motion must be filed within thirty (30) days of the Designation Objections to be timely. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

(D)    In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, such Discovery Material shall be de-designated in accordance with the Designation Objection applicable to such material.

**(E)**      Any Discovery Material that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and does not fall within Paragraph 10(D), shall be treated as such until the Court rules that it should not be so treated, and a 10-day period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal having been filed.

## 11.      USE OF PROTECTED MATERIAL AT TRIAL OR HEARING

A Party that intends to present or that anticipates that another Party may present Protected Material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without publicly disclosing the Protected Material. The Parties shall follow the procedures to file under seal as detailed in Paragraph 5. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or hearing.

## 12.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**(A)**      Notification of Subpoena or Court Order. If any person subject to this Order who has custody of any Protected Material receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Protected Material, the recipient of the Subpoena shall promptly give notice of the same to counsel for the Designating Party within five (5) business days, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Protected Material and/or seek to obtain confidential treatment of such Protected Material from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Protected Material pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16

**(B)**      Response to the Subpoena. Unless prohibited by law or court order, the Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

**(C)**      Protective Order Sought. If the Designating Party timely seeks a protective order and/or an order quashing the Subpoena, the Party served with the subpoena or court order shall not produce any information designated in this lawsuit as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Receiving Party shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this lawsuit to disobey a lawful directive from another court.

**(D)**      Nothing contained within this Section shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of Protected Material to resist such production or disclosure or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

## 13.    NO GREATER PROTECTION OF SPECIFIC DOCUMENTS

Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires confidentiality protection greater than that afforded by this Order unless the Party moves for an order providing such special

confidentiality protection, or the Parties otherwise agree subject to a meet and confer. Nothing in this Order prejudices a Party's right to seek such greater protections from the Court or to seek to file documents under seal.

## 14.   APPLICATION TO NON-PARTIES

(A)     This Order shall apply to any Non-Party who is obligated to provide discovery, by deposition, production of documents or ESI, or otherwise, in this litigation, if that Non-Party requests the protection of this Order as to its Confidential Information or Highly Confidential Information.

(B)     The existence of this Protective Order must be disclosed to any person producing Discovery Material who may reasonably be expected to desire Confidential or Highly Confidential treatment for such documents, tangible things or testimony. Any such person may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order.

## 15.   GENERATIVE AI TOOLS

Protected Material shall not be submitted to any Generative AI tool that is available to the public without contractual agreement or that trains upon or otherwise retains information submitted to it. Before submitting any Protected Material to a Generative AI tool, a Receiving Party shall ensure that it (or its vendor) can delete all such Protected Material from the Generative AI tool at the conclusion of this matter, including any derivative information. The obligations and restrictions of this paragraph apply even where Protected Material has been anonymized.

## 16.   NON-PARTY OBJECTIONS

Nothing contained in this Protective Order shall preclude Non-Parties from submitting objections for ruling by the Court.

**17.    PRESERVATION OF RIGHTS AND PRIVILEGES**

Nothing contained in this Order shall affect the right of any Party or Non-Party to make any other available objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, questions at a deposition, or any other discovery request.

**18.    COMPLIANCE NOT AN ADMISSION**

A Party's compliance with the terms of this Order shall not operate as an admission that any particular Discovery Material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

**19.    MODIFICATION OF THE ORDER**

This Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

**20.    OBLIGATIONS ON CONCLUSION OF LITIGATION**

**(A)**    Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation. This Order is binding on all Parties to this litigation, on all Non-Parties who have agreed to be bound by this Order and on all others who have signed a confidentiality agreement in substantially the form annexed as the Acknowledgment and Agreement (Attachment A), and shall remain in force and effect until modified, superseded, or termination by consent of the Parties or by Order of the Court.

**(B)** Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Order is under an obligation to, at the Producing Party's discretion, either destroy or return to the Producing Party all Protected Material, and to certify to the Producing Party that this destruction or return has been done.

**(C)** Retention of Work Product and One Set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to Protected Material so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Information.

DATED THIS _____ Day of _____, 2025

_____
Honorable Eric R. Komitee
Chief Magistrate Cheryl L. Pollak
United States District Court
Eastern District of New York

WE SO MOVE

And agree to abide by the terms of this Order

William E. Hoese
Robert A. Swift
Zahra R. Dean
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
whoese@kohnswift.com
rswift@kohnswift.com
zdean@kohnswift.com

*Attorneys for Plaintiffs*

Adam M. Prom
DICELLO LEVITT LLP
10 North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Greg G. Gutzler
Emma Bruder
DICELLO LEVITT LLP
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

*Attorneys for Plaintiffs*

Agnieszka M. Fryszman
Brendan R. Schneiderman
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

*Attorneys for Plaintiffs*

Robin A. Henry
Anne S. Aufhauser
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, NY 10004
(212) 859-8000
robin.henry@friedfrank.com
anne.aufhauser@friedfrank.com

*Attorneys for Sara Bronfman*

Aaron M. Goldsmith
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
aarongoldsmithlaw@gmail.com

*Attorney for Keith Raniere and Clare Bronfman*

Danielle Roberts
575 Easton Ave
Apt. 18 S
Somerset, NJ 08873
(516) 480-1700
danielle@drdanielleroberts.com

*Appearing pro se*

# ATTACHMENT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH EDMONDSON, et al., | : |
| | : |
| Plaintiffs, | : |
| | :   CIVIL ACTION NO. 20-CV-485-EK-CLP |
| v. | : |
| | : |
| KEITH RANIERE, et al. | :   **Acknowledgment of Understanding and** |
| | :   **Agreement to Be Bound** |
| Defendants. | : |

The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of New York in matters relating to the Order and understands that the terms of the Order obligate him/her to treat materials designated as Confidential Information or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____    _____
Signature

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SARAH EDMONDSON, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| | :    CIVIL ACTION NO. 20-CV-485- EK-CLP |
| v. | : |
| | : |
| KEITH RANIERE, et al. | : |
| | : |
| Defendants. | : |

**[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI")**

This Order Regarding the Production of Documents, Electronically Stored Information and Paper Documents ("ESI Protocol") shall govern the production of documents and electronically stored information ("ESI") by the parties and their counsel of record (collectively, the "Parties") in the above captioned litigation (the "Matter").

I.    **GENERAL PROVISIONS**

    A.    **General**

        1.    Unless express set forth herein, nothing in this Order is intended to alter the scope of discovery permitted or required under the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or the "Rules"), the relevance of any discovery material or the admissibility of any material at trial or hearing on this matter.  This Order is intended solely to address the production of ESI.

        2.    The procedures and protocols outlined in this Order govern the production of ESI by all Parties. The Parties will take reasonable steps to comply with this Order. The Parties agree to take reasonable steps to promptly alert all other Parties concerning any technical problems associated with complying with this Order and, to the extent that a Party believes that compliance

with this Order imposes an undue burden disproportionate to the needs of the case, the Party claiming such a burden shall inform all other Parties in writing of the asserted burden and the Parties shall thereafter meet and confer within a reasonable time in an effort to resolve the issue. All productions made pursuant to this Order are subject to any confidentiality, preservation, protective, and/or privilege orders entered in the Matter.

### B.    Definitions

1.    "Custodian" shall mean any individual of a producing party that may have possession, custody, or control of potentially relevant ESI.

2.    "Discovery Material" is defined as all materials produced or adduced in the course of discovery, including but not limited to initial disclosures, documents and things produced in response to discovery requests, answers to interrogatories, answers to requests for admission, deposition testimony and exhibits, expert reports and disclosures, pretrial disclosures, and information derived directly therefrom..

3.    "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 26 and 34 and includes ESI.

4.    "Email" means electronic messages drafted, sent or received asynchronously, including any documents incorporated as attachments, via messaging applications, including, but not limited to, Microsoft Outlook, Google Gmail or Lotus Notes.

5.    "Electronically Stored Information," "Electronic Data," or "ESI" means information stored or recorded in the form of electronic media (including information, files or databases stored on any digital or analog machine-readable device, computers, discs, networks or tapes), synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 26 and 34.

6.     "Extracted Text" means the text extracted from a Document file and includes at least all header, footer and document body information when reasonably available.

7.     "Load File" means an electronic file that is used to import all required production information into a document database, including document images, extracted and/or OCR text, native files where required, and metadata, as well as information indicating document and page breaks, and document relationships such as those between an e-mail and its attachments and a document and information related to embedded content.

8.     "Matter" refers to the above-captioned lawsuit entitled *Edmondson v. Raniere*, Case No. No. 20-CV-485- EK-CLP, now pending in the Eastern District of New York.

9.     "Metadata" means structured information about ESI that is created by the file system or application, embedded in the document or email and sometimes modified through ordinary business use.  Metadata of the ESI describes, inter alia, the characteristics, origins, usage and validity of the collected ESI.

10.     "Native Format" means the format of ESI in the application in which such ESI was originally created and/or used by the producing party in the usual course of its business and in its regularly conducted activities.

11.     "Non-Party" means any individual or entity that is not a named Plaintiff or Defendant in this action.

12.     "OCR" means the optical character recognition technology used to read paper documents or electronic images of documents and output such documents to a searchable text format.  The latter text is also referred to as the "OCR text" or simply "OCR."

13.     "Party" means Plaintiffs and Defendants in the Matter.

14.     "Producing Party" means the Party that may be producing documents in response to the request of Requesting Party.

15.     "Requesting Party" means the Party requesting production of documents.

16.     "Tagged Image File Format" or "TIFF" refers to the CCITT Group IV graphic file format for storing bit-mapped images of ESI or documents.

### C.     Applicability

The production specifications in this Order apply to ESI that is produced in the first instance in the Matter. In the event of transfer to other courts, this Order will remain in effect in all respects, until adopted by the transferee court or replaced by a successor order. The terms and specifications of this Order shall only apply to productions made after the date of entry of this Order. Productions served in the Matter that were delivered before the date of entry of this Order are exempt from the terms of the Order, unless the Producing Party and Receiving Party otherwise agree in writing.

### D.     Deadlines

References to schedules and deadlines in this ESI Protocol shall comply with Rule 6.

### E.     Confidential Information

Nothing herein shall contradict the Parties' rights and obligations with respect to any protective order entered by the Court.

### F.     Encryption

To maximize the security of information in transit, any media on which Discovery Material is produced may be encrypted by the Producing Party. In such cases, the Producing Party shall transmit the encryption key or password to the Requesting Party, under separate cover, contemporaneously with sending the encrypted media.

### G.    Rolling Productions

Discovery Material that has been identified by a party for production shall be produced on a rolling basis at reasonable intervals.

## II.    SCOPE OF DISCOVERY

### A.    Preservation

Nothing in this Order shall alter the preservation duties imposed by the Rules or applicable law, and the Parties shall meet and confer regarding any issues that may arise with respect to such preservation obligations prior to bringing any disputes to the Court.

### B.    Documents Produced in Other Matters

To the extent any Party is required or agrees to produce Discovery Material in this Matter that was originally collected or produced in other civil cases or investigations, such documents shall be identified and produced to the extent possible in accordance with the production format described herein. Such Discovery Material will bear the original Bates numbers assigned to them in those other proceedings and the Bates stamp required in this Matter.

### C.    Third Party Subpoenas and the Processing of Non-Party Documents

A Requesting Party issuing a Non-Party subpoena ("Issuing Party") shall include a copy of this Order with the subpoena and request that the Non-Party produce documents in accordance with the specifications of this Order relating to form of production.   The Issuing Party is responsible for producing to all other Parties any productions obtained in the same form in which the Discovery Material was produced by the Non-Party. Such Non-Party productions should be served by the Issuing Party to all other Parties within fourteen (14) calendar days of the Non-Party's production to the Issuing Party.  If any such Non-Party productions are not Bates numbered by the non-party producer, prior to any Party reproducing the Non-Party documents, the Parties

will meet and confer to agree upon a format for designating the Discovery Material with a unique Bates number prefix.  For the avoidance of doubt, nothing in this Order is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or Non-Parties to object to a subpoena.

## III.    GENERAL PRODUCTION FORMAT PROTOCOLS

### A.    Appendices

Appendices A and B contain the technical specifications for the production of ESI. If there is any conflict between the body of this document and the Appendices, the text of the body of this document shall control.

### B.    Form of Production

Productions of Discovery Material should take the following file types and format.

1.    Emails, PDF files, and word processing (e.g. Microsoft Word) files shall be produced as TIFF files.  If an original document contains color, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high-quality setting as to not degrade the original image.  The parties are under no obligation to enhance an image beyond how it was kept in the usual course of business.  TIFFs/JPGs will show any and all text and images that would be visible to the reader using the native software that created the document.  For example, TIFFs/JPGs of e-mail messages should include the BCC line.  If the image does not accurately reflect the document as it was kept in the usual course of business, including all comments, edits, tracking, annotations, and/or other hidden text, and no redaction is applied, the document shall be produced as a native file with a TIFF placeholder image.

2.    All spreadsheet files (e.g., Microsoft Excel, Corel Quattro, etc.) shall be produced as native files with TIFF placeholder images.

3.      All presentation files (e.g., PowerPoint) shall be produced as TIFF files with speaker note view visible except for files that contain hidden slides, comments, and/or notes (including speaker's notes), and no redaction is applied, in which case the document shall be produced as a native file with a TIFF placeholder image.

4.      All media files, such as audio and video files, shall be produced as native files with TIFF placeholder images.

5.      Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field.

6.      The Parties will meet and confer on the production of other file types, including, but not limited to, CAD drawings, GIS data, materials and prototypes testing, data from messaging applications (e.g., Teams, Slack, Google Chat, et al.), CRM or ERP platforms, (SAP, Salesforce, et al.) etc., including with respect to non-standard metadata fields not already listed in Appendix B, below.

### C.    Text Files

Each ESI item produced under this ESI Protocol shall be accompanied by a text file as set forth below. All text files shall be provided as a single document-level text file for each item, not one text file per page. Each text file shall be named using the Bates number of the first page of the corresponding production item.

1.      **Extracted Text.** All email, unredacted ESI, and redacted spreadsheets produced as native files, should be provided with document-level extracted text files. Extracted text shall include all comments, revisions, track changes, speaker's notes, and text from documents with comments or track changes, and hidden worksheets, slides, columns, and rows. Text extracted

from emails shall include header information that would be visible if the email was viewed in Outlook including: (1) the individuals to whom the communication was directed ("To"); (2) the author of the email communication ("From"); (3) who was copied and blind copied on such email ("CC" and "BCC"); (4) the subject line of the email ("RE" or "Subject"); (5) the date and time of the email, and (6) the names of any attachments.

        **2.**     **OCR.** In the event a document, other than spreadsheets (e.g., Excel files), contains text that is to be redacted, Optical Character Recognition ("OCR") text files should be provided for any unredacted portions of the documents. Document-level OCR text files shall also be provided for hard-copy scanned documents. OCR software must be set to the highest quality setting for any previously unscanned paper documents, and reasonable quality control measures shall be used to ensure that the integrity of scanned copies of previously unscanned paper documents are preserved for OCR (e.g., pages are not angled or skewed, text is not blurred or obscured, etc.). The Parties will meet and confer regarding OCR capabilities for documents in foreign languages or skewed/rotated documents.

    **D.**    **Redactions**

        **1.**     No redactions for relevance may be made within produced Discovery Material. The Parties agree that, where ESI items need to be redacted, they shall be produced in TIFF format with each redaction clearly indicated. Each redaction on a document shall be completed using white or colored boxes that contain the word "Redacted" at the point of each redaction on each page of the redacted document. The redacted image file should be produced along with OCR text of the redacted file. If metadata displayed in the imaged document was redacted, then that metadata should be excluded from the load file.

2.      All metadata fields shall be provided, unless redaction of those fields is necessary to protect the asserted privilege. The Parties understand that for certain MS Excel documents or other file types or files, TIFF redactions may be impracticable. These documents may be redacted in native format so long as the original document is also preserved in an unredacted form. The Parties shall meet and confer regarding the format of any native redactions.

### E.    Bates Numbering

All images must be assigned a Bates number that must: (1) be unique across the entire document production; (2) maintain a constant prefix across the entire production; (3) contain no special characters or embedded spaces, except hyphens or underscores; (4) be sequential within a given document; and (5) use a unique text prefix. To the extent reasonably practicable, the Bates number must also maintain consistent numbering across a family of documents. If a Bates number or set of Bates numbers is skipped in a production, the Producing Party will so note in a cover letter or production log accompanying the production. If a document is reproduced for any reason, it shall be reproduced under the same Bates number as the original production. If additional pages are needed beyond those allocated to it during the initial production, they shall be assigned additional number following a period (e.g., "ABC-000001.001")

### F.    Color

Documents containing color need not be produced in color. The Producing Party will promptly produce a color image of a document upon request if the original document contains color and the color conveys meaningful information.

### G.    Hard-Copy Documents

Collected and/or potentially responsive documents that exist in hard copy will be scanned to TIFF image format and produced in accordance with the specifications set forth in this Order.

A Party's hard-copy documents that are not text-searchable shall be made searchable by OCR prior to production at that Party's cost. In scanning hard-copy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized). In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields (i.e., the "BegBates," "EndBates," "BegAttach," and "EndAttach" fields). The Parties will make reasonable efforts to unitize the documents correctly. Within 14 calendar days (or as otherwise agreed) after notice from a Requesting Party that a document appears to have been unitized incorrectly, the Producing Party shall either explain why the unitization is correct or produce a correctly unitized replacement if possible. If any original hard-copy document has any note or attachment affixed to it, the Producing Party shall scan and produce copies of the original hard-copy document along with all notes and attachments to it in the same manner as other documents. If any such note or attachment obscures any information on the original hard-copy document, the Producing Party shall also produce a copy of the original hard-copy document without the note or attachment affixed in order to make the underlying information visible.

### H.    Family Relationships

Family relationships (e.g., the association between an attachment and its parent document, or between embedded documents, or linked internal or non-public documents and their parents) shall be preserved. A document and all other documents in its attachment range, emails with attachments, and files with extracted embedded OLE documents all constitute family groups.

Attachments should be consecutively produced with their parent such that the Bates numbers for the attachment(s) is/are directly subsequent to the parent document.

### I.    Complete Family Groups/Relationships

If any member of a family group is produced, all members of that group must also be produced or else logged as privileged/work-product without breaking the grouping of these documents. To the extent members of a family are withheld, the Producing Party shall include a slipsheet reflecting each document within the group withheld and the basis for withholding those documents.

### J.    Hyperlinks

To the extent possible, a Producing Party will use available technology to match hyperlinked documents, including those utilizing Google Workspace, Microsoft Office's "Share Documents Via Link" feature, or other document sharing platforms, with the email or parent document to which the documents were attached. Documents extracted from embedded files or hyperlinks shall be populated with the BEGATTACH and ENDATTACH metadata fields to show the family relationship. If documents cannot be extracted from links at the time of collection, the Parties agree to meet and confer to discuss alternative methods of collection and production. Upon request by the Receiving Party, the Producing Party will produce hyperlinked documents that were not otherwise produced and that are within the Producing Party's possession, custody, or control and are hyperlinked within the Producing Party's production. A reasonable request for hyperlinks should include a list of hyperlinks and corresponding Bates numbers. The Parties acknowledge that the current version of the hyperlinked document may differ from the version of the document at the time the hyperlink was sent and also that hyperlinks may no longer be active or available. The parties also acknowledge that the metadata for hyperlinked documents produced under this

section may not reflect the metadata for those documents at the time the documents were hyperlinked. The Parties agree to meet and confer in good faith to resolve any disputes concerning the appropriateness of production of the requested documents.

## IV.    ESI METADATA FORMAT AND PROCESSING

### A.    System Files

ESI productions may be de-NISTed using the industry standard list of such files maintained in the National Software Reference Library by the National Institute of Standards & Technology as it exists at the time of de-NISTing. Other file types may be added to the list of excluded files by agreement of the Parties.

### B.    De-duplication

A Party is only required to produce a single copy of a responsive document. "Duplicate ESI" means files that are exact duplicates based on the files' MD5 hash, SHA-1 hash, email duplicate spare messages or SHA-256 hash values. The Parties shall make reasonable efforts to avoid the production of Duplicate ESI. To the extent identical copies of documents appear in the files of multiple Custodians, the Producing Party shall attempt to produce only one such identical copy across all Custodians based on MD5 or SHA-1 hash values at the document level for file system data or the email family level for emails. Entire document families may constitute Duplicate ESI. De-duplication shall not break apart families. When Duplicate ESI exists in the files of multiple custodians, the names of all custodians who were in possession of a document prior to de-duplication will be populated in the All Custodians field identified in Appendix B.

### C.    Embedded Files

Embedded files, except for images embedded in emails, are to be produced with family relationships preserved. Embedded files should be assigned Bates numbers that directly follow the

Bates numbers on the documents within which they are embedded and values in the "BegAttach" and "EndAttach" fields to indicate their family. Images embedded in emails shall not be separately produced in the first instance, but shall be produced upon reasonable request by the Receiving Party. A Producing Party is not required to review or produce extracted embedded OLE documents if the document they were extracted from will be produced in native format. Likewise, the File Path that would have been provided for each version of the document that was not produced due to de-duplication shall be populated in the All File Paths field.

### D.    Zero-byte Files

The Parties may filter out stand-alone files identified as zero-bytes in size that do not contain responsive file links or file names.

### E.    Hidden Text

ESI items processed after the execution date of this ESI Protocol shall be processed, to the extent practicable, in a manner that preserves hidden columns or rows, hidden text, worksheets, speaker notes, tracked changes, and comments.

### F.    Compressed Files

Compression file types (i.e., .CAB, .GZ, .TAR, .Z, and .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual folders and/or files.

### G.    Password-Protected or Encrypted Files

To the extent practicable, a Producing Party shall provide passwords to access any produced ESI items that are password protected upon request by a Receiving Party.  The Parties shall meet and confer to resolve any disputes over passwords to encrypted or password-protected ESI items.

H.    **Messages, Chats, and Enterprise Messaging**

The Parties will meet and confer to discuss the use of and relevance of message or chat ESI, including enterprise messaging (e.g., Slack, MS Teams, Zoom, WhatsApp, Sametime, Skype, Telegram, etc.) and message, chat and collaboration software ESI (e.g., Microsoft Teams, OneDrive, Slack, Facebook Messenger, Signal, or WhatsApp).  The Parties will further meet and confer regarding the processing and production format for relevant communications prior to any production of message or chat ESI.

**V.    SEARCH METHODOLOGY**

A.    **Use of Search Methodologies**

1.    The Parties shall meet and confer regarding search methods, if any, used to identify responsive documents and ESI. The fact that a document or ESI is responsive to a search term or identified as responsive by any other technology used to identify potentially responsive documents and ESI shall not prevent any Party from withholding such file from production on the grounds that the file is protected from disclosure by applicable privilege or work-product protection.

2.    The use of a search methodology does not relieve a party from its obligations under the Rules to produce responsive documents, and accordingly documents or ESI known to be responsive to a discovery request or otherwise subject to production or relevant to the claims or defenses shall be produced without regard to whether it was returned by any search methodology used in accordance with this Order or otherwise agreed upon by the parties unless there is a claim of privilege. Prior to a Party using a search methodology (if any) to identify documents for production, the search terms, keywords, date limitations, and custodians applied to the data searched will be disclosed by the Producing Party to the Requesting Party. Within fourteen

(14) calendar days of such disclosure, the Parties must meet and confer regarding such terms, custodians, and date culling per paragraph V.B ("Search Terms") below.

3. Should a Party choose to use a search methodology, the party will specify what custodial and non-custodial sources that the search methodology will be run against. Documents which are reasonably believed to be responsive and for which text-based search technologies are fundamentally ineffective, such as images, spreadsheets, hard-copy documents, or certain foreign language documents where the Parties do not have suitable search terms in such language, must be reviewed without search methodologies that rely primarily on text.

4. At meet and confers where the topic is the validity of search methodologies to identify documents subject to production, the Producing Party shall provide search terms hit reports pursuant to paragraph V.C ("Hit Reports") below, or other data points available to provide insight into the validity of the method used.

5. Should a Producing Party wish to use any method or methodology not specifically addressed by this Order to exclude documents from any review or production, notice to the Receiving Party must be made prior to the use of any such method or methodology.

B. Search Terms

1. Where the Parties agree that potentially responsive ESI should be searched using search terms, the Parties will meet and confer to resolve disagreements over the search terms, their efficacy, or their application. Specifically, the Parties will meet and confer to provide reasonable assurances to the Requesting Party that the Producing Party's search terms and methodology used to apply them are reasonably calculated to identify responsive documents and ESI. Prior to or during such meet and confer, the Producing Party will provide the information required by this Order.

2.      If, after disclosure of the Producing Party's proposed search method, search parameters, and search terms, and after a reasonable meet-and-confer process, a Requesting Party believes in good faith that the Producing Party's proposals regarding search, retrieval, and production would result in deficiencies in production, the Requesting Party may object to the proposal and make requests for different or additional search methods, parameters, or search terms. Such requests shall only be made after the Parties have met and conferred as to the alleged deficiencies identified by the Requesting Party. If the issue is not resolved within fourteen (14) calendar days after the objection, either Party may thereafter submit the dispute to the Court or its designee for resolution.

## C.      Hit reports

A hit report shall contain, for each custodian or data source in the document collection where the terms were applied, or as otherwise agreed, the following with respect to each proposed or modified search term in the collection:

1.      The number of documents with hits for that term;

2.      The number of unique documents for that term and no other term; and

3.      The number of family members requiring review in connection with all documents with hits.

## VI.      PRIVILEGE LOGS

### A.      Requirement and Timing

Any document falling within the scope of a request for production that is withheld or redacted on the basis of a claim of attorney-client privilege, work product doctrine, or any other claim of privilege from discovery (collectively referred to hereinafter as "privilege") should be identified by the Producing Party in a privilege log.  The Parties agree to make reasonable efforts to produce privilege logs on a rolling basis and agree that a  final privilege log should be produced

within 30 days of the completion of document production. Each entry on the privilege log shall include sufficient information for a party or the Court to determine whether the document is privileged.

**B.    Format**

Privilege logs will be produced in an Excel format, or other agreed-upon format, which allows the Receiving Party to search and sort any and all columns and entries of the privilege log.

**C.    Fields**

**1.    Metadata**

A log of the documents withheld or redacted for privilege will be generated from the following corresponding metadata fields to the extent they exist as electronic metadata associated with the original electronically stored information:

- Author
- Subject
- Title
- Attachment Name
- File Name
- File Path(s)
- Last Saved/Edited By
- Custodian(s)
- Sender/From
- Recipient/To
- CC
- BCC
- Sent Date/Time
- Created Date/Time
- Date/Time Last Modified
- Family relationship (e.g., identifying parent emails and attachments)
- File Extension
- Attachment Count
- Hash Value
- Conversation ID or Thread ID

Parties may substitute an alternative description of the content within the identified metadata field(s) where the content of the metadata field reveals privileged information. The

Producing Party shall identify each instance in which it has modified the content of the field and the basis for the modification.

        **2.**    **Identifying Attorneys and Third Parties**. The privilege logs will clearly identify any attorneys on the privilege log using an asterisk or other agreed-upon method and any third party, along with the name of the third-party business, and the job title and/or role of the third-party identified in a log entry or entries. To the extent a document is included on the log where no attorney is listed as the author, sender or recipient, the description shall include sufficient information regarding which attorney(s) requested or were involved in the preparation of the document that is claimed to be privileged.

        **3.**    **Other contents.** Parties will also include on the privilege log fields containing:

- a unique document ID or Bates number;
- the log production date;
- information sufficient to understand the family relationship of withheld or redacted documents;
- the privilege asserted (*e.g.*, attorney-client, work product); and
- a description of the nature of the withheld or redacted document or communication in a manner that, without revealing information claimed privileged, will enable a party to assess the privilege claim.

        **4.**    **Treatment of Families.** Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

If the document is the parent or child of a family of documents, some of which have been produced and others withheld, the log should identify the Bates numbers of the first document (i.e., the parent, or if the parent is withheld the first attachment) produced from the family in which the logged document was withheld.

    **D.**    **Listservs**

To the extent that Listserv or group email addresses are identified on the privilege log, the Designating Party shall work in good faith to identify individuals and/or groups of individuals and/or groups of individuals who make up such Listserv or group email.

### E.    Hard Copy

To the extent a Producing Party seeks to withhold or redact any hard-copy documents or documents lacking sufficient metadata, the Producing Party shall log – if known – the following information for such documents consistent the Rules:

- a statement of the ground(s) alleged for withholding all or part of such document;
- the date the document was prepared;
- the date the document was distributed;
- the identity of the document's author;
- the identity of all recipients of the document;
- an indication of all authors or recipients of the document who are attorneys;
- an indication of all authors or recipients of the document who are third parties and the nature of each third-party relationship;
- a description of the nature of the withheld or redacted document in a manner that, without revealing information claimed privileged or protected, will enable a party to assess the privilege claim; and
- a unique document ID or Bates number.

### F.    Redactions

Notwithstanding a claim of privilege, any document containing both privileged and non-privileged matter must be produced with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself.

### G.    Communications following the Complaint

Privilege log identification is not required for privileged communications exchanged after the filing of the Complaint between the Producing Party and their counsel.

### H.    No Categorical Logging

Absent agreement in writing by the Parties, documents withheld or redacted on the basis of privilege may not be logged categorically. In other words, each description of the withheld or

redacted document required in this section shall be created from an assessment of the individual document.

      **O.**     When the deposition of a custodian is scheduled for a date following substantial completion of a production of their custodial file, the parties shall provide privilege logs involving documents from the deponent's custodial file no fewer than fourteen (14) days prior to the deposition, unless otherwise negotiated and agreed to between counsel.

## VII. CHALLENGING PRIVILEGE

      Should a Receiving Party have a good-faith reason to believe a particular entry or portion of the entry log is not accurate or does not provide adequate information, the Receiving Party may request additional information, which will be provided to the Receiving Party upon reasonable request within fourteen days (14) in a supplemental privilege log consistent with the Rules.

      **A.**     A Receiving Party may challenge a Producing Party's claims of privilege or work product protection at any time.

      **B.**     The Receiving Party shall set forth in writing their challenges and the Producing Party shall have fourteen (14) calendar days to respond. Failure to respond timely will be presumed to terminate the meet and confer process.

      **C.**     Within seven (7) calendar days of the Producing Party's response or such other time as may reasonably be agreed by the Parties, the Parties shall meet and confer to attempt to resolve the challenge.

      **D.**     Once Receiving Party initiates a written challenge pursuant to paragraph A herein, the meet and confer process shall be presumed concluded no later than thirty (30) calendar days later or such other time as may reasonably be agreed by the Parties, inclusive of the response times in paragraphs B and C.

E.      If the Receiving Party lodges a challenge to a withheld or redacted document, the Parties agree to meet and confer regarding the claim of privilege pursuant to the guidelines herein. If, at the conclusion of the meet and confer process, the Parties are still not in agreement, they may bring the issue to the Court.

DATED THIS _____ Day of _____, 2025

                                                _____

Honorable Eric R. Komitee
Chief Magistrate Cheryl L. Pollak
United States District Court
Eastern District of New York

WE SO MOVE

And agree to abide by the terms of this Order

William E. Hoese
Robert A. Swift
Zahra R. Dean
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
whoese@kohnswift.com
rswift@kohnswift.com
zdean@kohnswift.com

*Attorneys for Plaintiffs*

Adam M. Prom
DICELLO LEVITT LLP
10 North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Robin A. Henry
Anne S. Aufhauser
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, NY 10004
(212) 859-8000
robin.henry@friedfrank.com
anne.aufhauser@friedfrank.com

*Attorneys for Sara Bronfman*

Aaron M. Goldsmith
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
aarongoldsmithlaw@gmail.com

*Attorney for Keith Raniere and Clare Bronfman*

21

Greg G. Gutzler
Emma Bruder
DICELLO LEVITT LLP
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

*Attorneys for Plaintiffs*

Agnieszka M. Fryszman
Brendan R. Schneiderman
COHEN MILSTEIN SELLERS
   & TOLL PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

Manuel John Dominguez
COHEN MILSTEIN SELLERS
   & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400
jdominguez@cohenmilstein.com

*Attorneys for Plaintiffs*

Danielle Roberts
575 Easton Ave
Apt. 18 S
Somerset, NJ 08873
(516) 480-1700
danielle@drdanielleroberts.com

*Appearing pro se*

22

<u>**APPENDIX A**</u>

**TECHNICAL SPECIFICATIONS**
<u>**AND REQUIRED METADATA FIELDS**</u>

**IMAGES:**

o   Produce documents as single page, black and white, Group IV, TIFF files.

o   Image Resolution 300 DPI.

o   File Naming Convention: Match Bates Number of the page.

o   Insert placeholder image for files produced in Native Format.

o   Original document orientation shall be retained.

**SPECIAL FILE TYPE INSTRUCTIONS:**

o   Certain documents shall be produced in Native Format as required by Section III of this Protocol.

**FULL TEXT EXTRACTION/OCR:**

o   Produce full extracted text for all file types (Redacted text will not be produced) including text of embedded content.

o   Produce OCR text for any hard-copy document.

o   Produce OCR text for any ESI where the source format was an image file (such as JPG, JPEG, GIF, BMP, PCX, PNG, TIF, TIFF etc.) where extracted text cannot be provided, using industry standard OCR technology (Redacted text will not be produced).

o   Produce OCR text for any redacted document.

o   Production format: Single text file for each document, not one text file per page.

o   File Naming Convention: Match BegBates Number.

**LOAD FILES**

**Data Load File**

o   The data load file should use standard Concordance delimiters:

o   Comma - ¶ (ASCII 20)

o   Quote - þ (ASCII 254)

1

- o Newline-® (ASCII174)

- o The first record should contain the field names in the order of the data

- o All date fields should be produced in mm/dd/yyyy format

- o Use carriage-return line-feed to indicate the start of the next record

- o Load files should not span across media (e.g., CDs, DVDs, Hard Drives, Etc.); a separate volume should be created for each piece of media delivered

- o The name of the data load file should mirror the name of the delivery volume, and should have a DAT extension (i.e., ABC00l.DAT)

- o The volume names should be consecutive (i.e., ABC00l, ABC002, et. seq.)

**Image Load File**

- o The name of the image load file should mirror the name of the delivery volume, and should have an .OPT extension (i.e., ABC001.OPT)

- o The volume names should be consecutive (i.e., ABC001, ABC002, et. seq.)

- o There should be one row in the Load File per TIFF image.

- o Every image in the delivery volume should be contained in the image load file.

- o The image key should be named the same as Bates Number of the page.

- o Load files should not span across media (e.g., CDs, DVDs, Hard Drives, Etc.), i.e., a separate volume should be created for each piece of media delivered.

- o The Opticon OPT image load file (.OPT) configuration shall be a page level comma delimited file containing seven fields per line: PageID, VolumeLabel, ImageFilePath, DocumentBreak, FolderBreak, BoxBreak, PageCount

2

**APPENDIX B**

**METADATA FIELDS**

| Field | Description | Email | Non- Email ESI | Hard Copy |
|---|---|---|---|---|
| Production Number Begin [ProdBeg] | Document Starting Bates # | x | x | x |
| Production Number End [ProdEnd] | Document Ending Bates # | x | x | x |
| Attachment Begin [ProdBegAttach] | Beginning Bates of attachment range | x | x | x |
| Attachment End [ProdEndAttach] | Ending Bates of attachment range | x | x | x |
| Custodian | Name of the custodian or repository name of the document produced - Last Name, First Name format | x | x | x |
| Source | This is the source from which non-custodial data was collected | x | x | x |
| All Custodians | Name(s) of the deduplicated custodians or repository name(s) of the document produced - Last Name, First Name format; semi-colon delimited | x | x | x |
| File Name | File name of document (Original including Extension) | x | x | |
| File Extension | File extension of original document | x | x | |
| Email Outlook Type | Type of Outlook item (e.g., email, calendar item, note, task) | x | | |
| Page Count | For documents produced in TIFF form, number of pages in the document. For documents produced in native, page count will be 1 (for placeholder). | x | x | x |
| Document Title | Title field extracted from the Metadata of a non-Email document | | x | x |
| Author | Document author of a non-Email document. | | x | x |

| Field | Description | Email | Non- Email ESI | Hard Copy |
|---|---|---|---|---|
| Email Subject | Subject of email | x | | |
| From | Email author | x | | |
| To | Email recipients | x | | |
| CC | Email copyees | x | | |
| BCC | Email blind copyees | x | | |
| Date-Time Sent | Date sent (mm/dd/yyyy hh:mm:ss format) | x | | |
| Date-Time Received | Date received (mm/dd/yyyy hh:mm:ss format) | x | | |
| Date-Time Created | Creation date (mm/dd/yyyy hh:mm:ss format) | | x | |
| Date-Time Last Modified | Last modification date (mm/dd/yyyy hh:mm:ss format) | | x | |
| File Path | File path of the location where the item was located during the normal course of business. | x | x | |
| All File Paths | File path that would have been provided for each version of the document that was not produced due to de-duplication. | x | x | |
| Filesize | Size or volume of individual file | x | x | |
| HasHiddenContent | Y if hidden content, otherwise N or empty | | x | |
| Physical Location | The actual location where the Document is stored or preserved | | | x |
| Box Number or unique identifier | The box number associated with archived documents. | | | x |
| Hash Value | Unique electronic signature of email or electronic file used for deduplication. | x | x | |
| Production Volume | Production volume name, including a volume number and a prefix | x | x | x |

4

| Field | Description | Email | Non- Email ESI | Hard Copy |
|---|---|---|---|---|
|  | which indicates the Producing Party |  |  |  |
| Confidentiality | Confidentiality designation pursuant to the Protective Order, if any | x | x | x |
| Redacted | Descriptor for documents that have been redacted, yes or y if document contains redactions, otherwise n or blank | x | x | x |
| Redaction Reason | This field should be populated by the basis for the redactions on this document. Multiple entries shall be separated by semicolons | x | x | x |
| Native Link | Path to produced native file used for linking | x | x | x |
| Family Date | Date of the parent email associated with child documents | x | x |  |
| Family Time | Time of the parent email associated with child documents | x | x |  |
| Text Link | Path to produced text file used for database linking | x | x | x |
| Other Legal Matter/ Regulatory/Related Productions BegAttach | Beginning Bates number of the first document in an attachment range used when produced in the other legal matter | x | x | x |
| Other Legal Matter/Regulatory/Related Productions EndAttach | Ending Bates number of the last document in attachment range used when produced in the other legal matter | x | x | x |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SARAH EDMONDSON, et al., | : |
|  | : |
| Plaintiffs, | : |
|  | : |
| v. | : |
|  | : |
| KEITH RANIERE, et al. | : |
|  | : |
| Defendants. | : |

CIVIL ACTION NO. 20-CV-485-EK-CLP

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Whereas, pursuant to Rule 26(c) of the Federal Rules of Civil Procedures, the Parties have stipulated to the following Protective Order ("Order") limiting the disclosure and use of certain information produced during discovery as hereinafter provided.

Accordingly, it is this ____ day of _____, ____, by the United States District Court for the Eastern District of New York, ORDERED:

1.    **SCOPE**

All materials produced or adduced in the course of discovery, including but not limited to initial disclosures, documents and things produced in response to discovery requests, answers to interrogatories, answers to requests for admission, deposition testimony and exhibits, expert reports and disclosures, pretrial disclosures, and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning Confidential Information and Highly Confidential Information as defined below. This Order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

The restrictions set forth herein shall not apply to documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that were, are, or become public knowledge, not in violation of this Order. Before such documents are publicly released, a Party will follow the procedures described in Paragraph 9 ("Notification of Confidentiality Order").

## 2.    DEFINITIONS

In this Order, the words set forth below shall have the following meanings:

**(A)**    "Confidential Information" means information that falls within one or more of the following categories: (i) contain or are derived from trade secrets or other proprietary commercial or financial information; (ii) are prohibited from disclosure by statute; (iii) medical information concerning any individual; (iv) personally identifying information; (v) private information about an individual that that, if made public, would subject the individual to annoyance, embarrassment, or oppression; (vi) income tax returns (including attached schedules and forms), (vii) W-2 forms and 1099 forms; or (viii) personnel or employment records.

**(B)**    "Highly Confidential Information" means Confidential Information that is either of such a highly sensitive nature that disclosure of such information may result in substantial commercial or financial harm to a Party or its employees or customers, or is such a highly personal nature that it may expose a Party to risk of harm.

**(C)**    "Designating Party" means the Party or Non-Party that designates Discovery Material as Confidential or Highly Confidential.

**(D)**    "Electronically Stored Information," "Electronic Data," or "ESI" means information stored or recorded in the form of electronic media (including information, files or databases stored on any digital or analog machine-readable device, computers, discs, networks or

tapes), synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 26 and 34.

**(E)**    "Non-Party" means any individual or entity that is not a named Plaintiff or Defendant in this action.

**(F)**    "Party" means Plaintiffs and Defendants in this Litigation, collectively the "Parties."

**(G)**    "Producing Party" means the Party producing Discovery Material in response to the request of Requesting Party.

**(H)**    "Protected Material" means information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**(I)**    "Receiving Party" means the Party receiving production of Discovery Material.

**(J)**    "Requesting Party" means the Party requesting production of Discovery Material.

**(K)**    "Competitor" means any individual or business entity that offers a competing product or service to a Designating Party, such that disclosure of Confidential Information or Highly Confidential Information of the Designating Party to the Competitor could reasonably result in harm to the Designating Party's financial, competitive or business interests. The definition of Competitor includes all employees, agents, subsidiaries and parent companies.

## 3.    DESIGNATION

**(A)**    Documents: A Party or Non-Party may designate Discovery Material for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the Discovery Material and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Marking

Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Discovery Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(B)    Depositions: Deposition transcripts (including exhibits) that contain Confidential Information or Highly Confidential Information shall be deemed Confidential or Highly Confidential only if they are designated as such when the deposition is taken or within fourteen business days after receipt of the transcript. Any testimony which describes Discovery Material which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The entire deposition transcript (including exhibits) shall be treated as Highly Confidential under this Order until the expiration of the 14-day period for designation by letter, except that the deponent may review the transcript during this 14-day period. If all or part of a videorecorded deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the DVD or other recording container, shall be labeled with these legends.

(C)    Electronic Data: The Designating Party will designate ESI as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a cover letter identifying the information generally. When feasible, the Designating Party will also mark the electronic media with the appropriate designation, and if possible, will mark each page of the ESI with the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend. Whenever any Party to whom ESI

4

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is produced reduces such material to hardcopy form, such Party shall mark such hardcopy form with the legends provided for in Paragraph 3(A) above. Whenever any ESI designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is copied into another file, all such copies shall also be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate.

(D)    To the extent that any Party or counsel for any Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party and its counsel must take reasonable steps to insure that access to that electronic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and Highly Confidential Information.

(E)    The designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall constitute a certification by an attorney or a Party appearing pro se that such document, material, or information has been reviewed and that the Designating Party has a good faith basis for the designation.

(F)    A person receiving Protected Material shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation.

(G)    The Parties anticipate that Discovery Material will be reviewed for applicability of these categories and designations of Confidential or Highly Confidential will not be applied to all Discovery Material simply because they are produced in relation to the current litigation.

4.    **PROTECTION OF PROTECTED MATERIAL**

**(A)**    General Protections. Protected Material shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraphs (B) and (C) for any purpose other than in this litigation, including any appeal thereof. In no event shall Protected Material be used for any business, competitive, personal, private, public, or other purposes, except as required by law.

**(B)**    Disclosure of Confidential Information. Except with the prior written consent of the Designating Party or upon order of this Court, information designated as "CONFIDENTIAL" may only be disclosed to the following persons:

   **i.**    Counsel. Attorneys and legal staff of law firms who are counsel of record in this action.  Any such attorney or staff to whom counsel for the Parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence;

   **ii.**    Parties. Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to advance this litigation;

   **iii.**    The Court and its Personnel. The Court and its personnel, and any appellate court and court personnel;

   **iv.**    Mediators or arbitrators. Disclosures may be made to mediators and arbitrators and their staff, as engaged by the Parties or appointed by the Court, provided that, prior to disclosure, any such mediator, arbitrator or their staff is provided with a copy of, and becomes subject to, the provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be

bound by its terms;

v.    Court Reporters and Recorders. Court reporters and recorders engaged for depositions, hearings, or other relevant proceedings, provided that, prior to disclosure, any such court reporter or recorder is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

vi.    Document Vendors. Those persons specifically engaged for the purpose of making copies of documents or organizing, hosting or processing documents, which includes hosting, processing and sub-processing using "cloud-based" technology, provided however that all third parties have agreed to maintain the confidentiality of any documents they receive consistent with this Order and that document storage, hosting, and processing is done in a secure manner with commercially reasonable safeguards to prevent unauthorized access, provided that, prior to disclosure, any such vendor is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

vii.    Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in the Acknowledgment and Agreement (Attachment A);

viii.    Authors and Recipients. The Designating Party, any current employee of a Designating Party, or any other person who, as appears from the face of the Discovery Material, authored, received, or otherwise has been provided access to (in the ordinary course, outside this litigation) the Protected Material sought to be disclosed to that person;

ix.      Non-Party Witnesses.  In connection with any deposition, hearing or trial, any witness not otherwise entitled to receive Confidential Information may be provided such information if reasonably necessary, provided that prior to furnishing such Confidential Information to such witness, the witness shall execute the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms. However, if the Non-Party witness is a Competitor, then the Party wishing to make such disclosure shall provide notice and an opportunity to meet and confer with the Designating Party to discuss the procedures for the treatment of Highly Confidential Information, with all Parties reserving their rights to apply to the Court for further protections. A Party that wishes to disclose Confidential Information to such Non-Party witness over the objections of the Designating Party may seek an order of the Court, supported by a showing of the need to disclose the Confidential Information, and accompanied by a certification that the Party seeking disclosure has attempted to reach agreement on disclosure with the Designating Party. A person opposing disclosure would thereafter have an opportunity to respond within five (5) business days, after which the Court will determine the conditions under which any disclosure is permitted;

x.      Mock Jurors and Focus Group Participants. Professional jury or trial consultants including mock jurors and focus group participants who have signed a confidentiality agreement such as that annexed as Acknowledgment and Agreement (Attachment A), provided, however, that any such person shall not be permitted to retain any Protected Material;

xi.      Any other person to whom the Designating Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 9 of this Protective Order has been complied with; and

xii.      Any other person whom the Court directs should have access to the Highly

Confidential Information.

(C)     Disclosure of Highly Confidential Information. Except with the prior written consent of the Designating Party or upon order of this Court, information designated as "HIGHLY CONFIDENTIAL" may only be disclosed to the following persons:

i.     Counsel. Attorneys and legal staff of law firms who are counsel of record in this action;

ii.     Document Vendors. Those persons specifically engaged for the purpose of making copies of documents or organizing, hosting or processing documents, which includes hosting, processing and sub-processing using "cloud-based" technology, provided however that all third parties have agreed to maintain the confidentiality of any documents they receive consistent with this Order and that document storage, hosting, and processing is done in a secure manner with commercially reasonable safeguards to prevent unauthorized access, provided that, prior to disclosure, any such vendor is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

iii.     Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in the Acknowledgment and Agreement (Attachment A);

iv.     Authors and Recipients. The Designating Party, any current employee of a Designating Party, or any other person who, as appears from the face of the Discovery Material, authored, received, or otherwise has been provided access to (in the ordinary course, outside this litigation) the Protected Material sought to be disclosed to that person;

9

**v.**    Court Reporters and Recorders. Court reporters and recorders engaged for depositions, hearings, or other relevant proceedings, provided that, prior to disclosure, any such court reporter or recorder is provided with a copy of, and becomes subject to, the Provisions of this Order by executing the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms;

**vi.**    Non-Party Witnesses.  In connection with any deposition, hearing or trial, any witness not otherwise entitled to receive Highly Confidential Information may be provided such information if reasonably necessary, provided that prior to furnishing such Highly Confidential Information to such witness, the witness shall execute the Acknowledgment and Agreement (Attachment A) stating that he or she has read this Protective Order and agrees to be bound by its terms. However, if the Non-Party witness is a Competitor, then the Party wishing to make such disclosure shall provide notice and an opportunity to meet and confer with the Designating Party to discuss the procedures for the treatment of Highly Confidential Information, with all Parties reserving their rights to apply to the Court for further protections. A Party that wishes to disclose Highly Confidential Information to such Non-Party witness over the objections of the Designating Party may seek an order of the Court, supported by a showing of the need to disclose the Highly Confidential Information, and accompanied by a certification that the Party seeking disclosure has attempted to reach agreement on disclosure with the Designating Party. A person opposing disclosure would thereafter have an opportunity to respond within five (5) business days, after which the Court will determine the conditions under which any disclosure is permitted;

**vii.**    Any other person to whom the Designating Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 9 of this Protective Order has

been complied with; and

       **viii.**     Any other person whom the Court directs should have access to the Highly Confidential Information.

    **(D)**    Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material.

## 5.    FILING OF PROTECTED MATERIAL

    **(A)**    To the extent that (i) a Party seeks to file Confidential or Highly Confidential material with the Court and believes such information should be filed under seal; or (ii) a Party believes that Confidential or Highly Confidential material filed with the Court by another Party should be maintained under seal, the Party interested in sealing such information shall make an application to the Court. Absent extraordinary circumstances, a Party who seeks to rely on Confidential or Highly Confidential material produced by another Party in connection with a filing before this Court shall give the Producing Party notice, not less than three days prior to filing, of its intent to rely on such materials. The Parties will use their best efforts to minimize applications for sealing given the legal presumption against filing documents under seal.

    **(B)**    Only those portions of such Discovery Material containing or reflecting Confidential Information or Highly Confidential Information shall be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings that are Confidential Information or Highly Confidential shall be filed under seal.

    **(C)**    Each document filed under seal may be returned to the Party that filed it under the following circumstances: (1) if no appeal is taken, within ninety (90) days after a final judgment is rendered, or (2) if an appeal is taken, within thirty (30) days after the ruling of the last reviewing

court that disposes of this litigation in its entirety is filed. If the Party that filed a sealed document fails to remove the document within the time frame set by the Court or the Clerk, the Clerk may destroy the document, return the document to counsel for the Designating Party or the Party that filed the sealed document (if not the same as the Designating Party) upon request within two years after termination of the litigation, or take any other action to dispose of the document that the Clerk deems appropriate.

 **(D)** Notwithstanding any provision in this Order to the contrary, any Designating Party may determine to reclassify Discovery Material it previously designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and is not required to file such Discovery Material under seal if the previously designated Protected Material was so designated solely by that Party and all other Parties are notified of the change in classification at the time such Discovery Material is reclassified.

## 6. INADVERTENT FAILURE TO DESIGNATE

 An inadvertent failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the right to so designate the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," either as to the specific information disclosed or as to any other Discovery Material concerning the same or related subject matter. If a Party designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the Discovery Material is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of Discovery Material during a time when that Discovery Material has not been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," even

where the failure to do so was inadvertent and where the material is subsequently designated as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## 7.    INADVERTENT DISCLOSURE

    **(A)**    If a person bound by this Order inadvertently discloses Protected Material to a person not authorized to receive that information, or if a person authorized to receive Protected Material breaches any obligations under this Protective Order, that person shall immediately give notice of the unauthorized disclosure to the Designating Party in writing and provide replacement pages bearing the appropriate confidentiality legend.

    **(B)**    If a person bound by this Order becomes aware of unauthorized disclosure of Protected Material by a Non-Party, that person shall immediately give notice in writing of the unauthorized disclosure to the Designating Party.

    **(C)**    Notice in either circumstance described in this section shall include a full written description of all facts that are pertinent to the disclosure. The person disclosing the Protected Material shall make a reasonable effort to retrieve the information that was disclosed without authorization and to limit the further dissemination or disclosure of such information. Persons who violate the provisions of this Protective Order shall be subject to sanctions as provided by statute, rule, or the inherent power of this Court.

## 8.    INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

    Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.  Moreover, if Discovery Material subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or other ground on which production of that information should not be made is inadvertently produced, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of any claim of

attorney-client privilege, work product, or other privilege or immunity. If a claim of inadvertent production is made pursuant to this Agreement, the Requesting Party and its representative(s) shall (a) refrain from further examination or disclosure of the inadvertently produced Discovery Material; (b) promptly return to the Producing Party's counsel or destroy all copies of that material (including any summaries or excerpts thereof), and certify in writing to that full return or destruction; and (c) not use the inadvertently produced material for any purpose.

## 9.    NOTIFICATION OF CONFIDENTIALITY ORDER

**(A)**    All persons who are authorized to receive and are to be shown Protected Material under this Protective Order (other than the persons listed in Paragraphs 4(B) and (C)) shall be provided a copy of this Protective Order prior to the receipt of Protected Material, and shall, unless otherwise agreed upon in writing by the Parties or authorized by a Court order, in a written and signed confidentiality agreement such as that annexed as the Acknowledgment and Agreement (Attachment A), state that he or she has read this Protective Order and agrees to be bound by its terms.

**(B)**    The originals of such confidentiality agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation, including appeals. Confidentiality agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the Parties or further order of the Court after application upon notice and good cause shown.

## 10.    CHALLENGES BY A PARTY TO DESIGNATION AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

A failure to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time the Discovery Material is produced shall not preclude a subsequent challenge to the designation. The designation of any Discovery Material as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is subject to challenge by any Party. The following procedure shall apply to any such challenge:

    **(A)**    Anyone challenging the designation of Protected Material must do so in good faith. The challenging Party shall advise counsel for the Designating Party, in writing, of such objections and the specific Protected Material to which each objection pertains, along with the specific reasons and support for such objections (the "Designation Objections").

    **(B)**    Counsel for the Designating Party shall have fourteen (14) days from receipt of the written Designation Objections to either (i) agree in writing to de-designate documents, testimony or information pursuant to any or all of the Designation Objections and/or (ii) oppose the Designation Objections. If the Designating Party opposes the Designation Objections, they shall inform the challenging Party in writing, and the Parties shall meet and confer in an effort to resolve their dispute within seven (7) days.

    **(C)**    If the Parties are not able to resolve any dispute regarding the Designation Objections, the Designating Party shall file a motion with the Court seeking to uphold any or all designations on Discovery Material addressed by the Designation Objections (the "Designation Motion"). A Designation Motion must be filed within thirty (30) days of the Designation Objections to be timely. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

    **(D)**    In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, such Discovery Material shall be de-designated in accordance with the Designation Objection applicable to such material.

**(E)**    Any Discovery Material that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and does not fall within Paragraph 10(D), shall be treated as such until the Court rules that it should not be so treated, and a 10-day period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal having been filed.

## 11.    USE OF PROTECTED MATERIAL AT TRIAL OR HEARING

A Party that intends to present or that anticipates that another Party may present Protected Material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without publicly disclosing the Protected Material. The Parties shall follow the procedures to file under seal as detailed in Paragraph 5. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or hearing.

## 12.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**(A)**    Notification of Subpoena or Court Order. If any person subject to this Order who has custody of any Protected Material receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Protected Material, the recipient of the Subpoena shall promptly give notice of the same to counsel for the Designating Party within five (5) business days, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Protected Material and/or seek to obtain confidential treatment of such Protected Material from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Protected Material pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16

**(B)**     Response to the Subpoena. Unless prohibited by law or court order, the Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

**(C)**     Protective Order Sought. If the Designating Party timely seeks a protective order and/or an order quashing the Subpoena, the Party served with the subpoena or court order shall not produce any information designated in this lawsuit as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Receiving Party shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this lawsuit to disobey a lawful directive from another court.

**(D)**     Nothing contained within this Section shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of Protected Material to resist such production or disclosure or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

## 13.     NO GREATER PROTECTION OF SPECIFIC DOCUMENTS

Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires confidentiality protection greater than that afforded by this Order unless the Party moves for an order providing such special

confidentiality protection, or the Parties otherwise agree subject to a meet and confer. Nothing in this Order prejudices a Party's right to seek such greater protections from the Court or to seek to file documents under seal.

**14.    APPLICATION TO NON-PARTIES**

(A)    This Order shall apply to any Non-Party who is obligated to provide discovery, by deposition, production of documents or ESI, or otherwise, in this litigation, if that Non-Party requests the protection of this Order as to its Confidential Information or Highly Confidential Information.

(B)    The existence of this Protective Order must be disclosed to any person producing Discovery Material who may reasonably be expected to desire Confidential or Highly Confidential treatment for such documents, tangible things or testimony. Any such person may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order.

**15.    GENERATIVE AI TOOLS**

Protected Material shall not be submitted to any Generative AI tool that is available to the public without contractual agreement or that trains upon or otherwise retains information submitted to it. Before submitting any Protected Material to a Generative AI tool, a Receiving Party shall ensure that it (or its vendor) can delete all such Protected Material from the Generative AI tool at the conclusion of this matter, including any derivative information. The obligations and restrictions of this paragraph apply even where Protected Material has been anonymized.

**16.    NON-PARTY OBJECTIONS**

Nothing contained in this Protective Order shall preclude Non-Parties from submitting objections for ruling by the Court.

**17.    PRESERVATION OF RIGHTS AND PRIVILEGES**

Nothing contained in this Order shall affect the right of any Party or Non-Party to make any other available objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, questions at a deposition, or any other discovery request.

**18.    COMPLIANCE NOT AN ADMISSION**

A Party's compliance with the terms of this Order shall not operate as an admission that any particular Discovery Material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

**19.    MODIFICATION OF THE ORDER**

This Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

**20.    OBLIGATIONS ON CONCLUSION OF LITIGATION**

**(A)**    Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation. This Order is binding on all Parties to this litigation, on all Non-Parties who have agreed to be bound by this Order and on all others who have signed a confidentiality agreement in substantially the form annexed as the Acknowledgment and Agreement (Attachment A), and shall remain in force and effect until modified, superseded, or termination by consent of the Parties or by Order of the Court.

**(B)**    Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Order is under an obligation to, at the Producing Party's discretion, either destroy or return to the Producing Party all Protected Material, and to certify to the Producing Party that this destruction or return has been done.

**(C)**    Retention of Work Product and One Set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to Protected Material so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Information.

DATED THIS _____ Day of _____, 2025

_____
Honorable Eric R. Komitee
Chief Magistrate Cheryl L. Pollak
United States District Court
Eastern District of New York

WE SO MOVE

And agree to abide by the terms of this Order

William E. Hoese
Robert A. Swift
Zahra R. Dean
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
whoese@kohnswift.com
rswift@kohnswift.com
zdean@kohnswift.com

*Attorneys for Plaintiffs*

Adam M. Prom
DICELLO LEVITT LLP
10 North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Greg G. Gutzler
Emma Bruder
DICELLO LEVITT LLP
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

*Attorneys for Plaintiffs*

Agnieszka M. Fryszman
Brendan R. Schneiderman
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

*Attorneys for Plaintiffs*

Robin A. Henry
Anne S. Aufhauser
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, NY 10004
(212) 859-8000
robin.henry@friedfrank.com
anne.aufhauser@friedfrank.com

*Attorneys for Sara Bronfman*

Aaron M. Goldsmith
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
aarongoldsmithlaw@gmail.com

*Attorney for Keith Raniere and Clare Bronfman*

Danielle Roberts
575 Easton Ave
Apt. 18 S
Somerset, NJ 08873
(516) 480-1700
danielle@drdanielleroberts.com

*Appearing pro se*

21

## **ATTACHMENT A**

## **UNITED STATES DISTRICT COURT**
## **EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| SARAH EDMONDSON, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 20-CV-485-EK-CLP |
| v. | : | |
| | : | |
| KEITH RANIERE, et al. | : | **Acknowledgment of Understanding and** |
| | : | **Agreement to Be Bound** |
| Defendants. | : | |

The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of New York in matters relating to the Order and understands that the terms of the Order obligate him/her to treat materials designated as Confidential Information or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____    _____

Signature