Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Courtroom: 6G North
Brooklyn, New York 11201

      RE:    <u>Edmondson, et al. v Raniere, et al.,</u> Case No.: 1:20-cv-00485-EK-CLP

Dear Judge Komitee:

      The Parties respectfully submit this joint letter in accordance with the Court's April 21, 2025 order regarding a Fourth Amended Complaint (the "FAC"). A color-coded draft FAC is attached hereto.[1]

      **Defendants' Positions**[2]

      Counsel for Defendants believe that the FAC should track Your Honor's ruling expressed during the April 2025 hearing as well as the recent Decision/Order dated September 8, 2025 (Doc. 313). As to Plaintiffs' argument surrounding Defendant Raniere's Answer to the TAC, Mr. Raniere had not been represented for several years, and as of the appearance of his counsel, the time to file a 12(b)(6) motion had long lapsed. This procedural argument is inapplicable to Defendants Clare and Sara Bronfman.

      **I.**    **Treatment of Former Plaintiffs**

      The Court has dismissed the claims of Toni Natalie, Rosalyn Cua, Susan Pratt, Juliana Vicente, Susan Wysocki, Rees Alan Haynes and Nils MacQuarrie. *See* ECF No. 240 at 94-95 (dismissing Toni Natalie's claims of malicious prosecution and abuse of process); ECF 249 at 5 n.3 (noting that Toni Natalie does not reallege "substantive or conspiracy RICO claims"); ECF No. 313 at 2, 2 n.1 (Rosalyn Cua, Susan Pratt, Juliana Vicente, Susan Wysocki, Rees Alan Haynes, and Nils MacQuarrie "failed to state a cognizable RICO injury" and therefore lack RICO standing to proceed with their claims). These individuals should thus be deleted from the caption as well as from the parties and claims alleged sections of the FAC. The proposed deletions are found at FAC ¶¶ 34, 57, and within the Revised Cumulative Schedule A (Plaintiffs have agreed to strike all, with the

---

[1] All references are to the paragraph numbers in the TAC provided by Plaintiffs in the color-coded copy of the draft FAC now being submitted to the Court. When a paragraph has two numbers due to the Parties' tracked changes, the references in this letter are to the former paragraph number. For example, FAC ¶ 240 refers to the former paragraph 240 on page 82 of the document (now also tracked as paragraph 237).

[2] Attorneys for Plaintiffs and Defendants S. Bronfman and C. Bronfman and Keith Raniere discussed the issues set forth in this letter on two occasions and by e-mail. Ms. Roberts did not participate in the Zoom conferences but did provide her input via e-mail.

exception of Nils MacQuarrie). Defendants have not proposed deleting factual allegations involving these former plaintiffs.

## II. Allegations Relating to "Immigration Fraud" (Sara Bronfman "SB")

SB's Position: In its ruling on the motion to dismiss, this Court held that "immigration fraud" was not adequately pled as a RICO predicate act as to SB, and that the "allegations that 'Sara Bronfman specifically intended to facilitate Clare's immigration fraud'" also failed. ECF 240 (the "Order") at 46-47. The Court dismissed the direct TVPRA claim against SB, *i.e.*, the claim "that Sara herself committed forced labor and human trafficking violations as to Camila," because it was pled "entirely on a conclusory basis" and does not explain what such alleged "scheme entailed." ECF 240 at 86-87. *Id.* While the Parties agree that ¶¶ 215-216 should be stricken from the FAC, they disagree on further redactions. SB asserts that any portion of the complaint asserting Sara Bronfman's alleged involvement in "establish[ing]" or funding an immigration fraud network (FAC ¶¶ 32, 59, 204) or "hid[ing] the existence of foreign nationals" (FAC ¶¶ 61, 241) should be stricken.

## III. Non-actionable statements Relating to the "curriculum-related fraud scheme"

CB and SB's Position: The Court held that certain curriculum-fraud related allegations are not actionable on a standalone basis. *See* ECF 240 at 39-41, 48-49 (holding that the "patent-pending" statements were not "materially false" given "that Raniere had by that time successfully obtained several patents"). Accordingly, these allegations should be removed from the FAC. FAC ¶ 52.

## IV. Allegations about alleged "unauthorized human experiments"

CB and SB's Position: The Court dismissed all claims of gross negligence and recklessness in connection with the alleged funding of "unauthorized human experiments" through ESF as to Brandon Porter, Clare Bronfman and Sara Bronfman. *See* ECF 240 at 99-102 (dismissing all claims against Brandon Porter, and dismissing claims of gross negligence and recklessness as to Brandon Porter, Clare Bronfman and Sara Bronfman). Thus, all allegations regarding "unauthorized human experiments" (FAC ¶¶81-86) should be removed from the complaint as to these three individuals. *See* ECF 240 at 99-102.

## V. Intimidation and Legal "bullying" allegations against Clare Bronfman

CB's Position: The Court dismissed all claims of racketeering by Plaintiffs Camila, Daniela and Adrian. Paragraphs 178-190 and 240 refer to the alleged tactics of intimidation and attempted witness tampering by Clare Bronfman and former Defendant Kathy Russell, against those specific Plaintiffs. Given the Court's Decision/Order, the paragraphs should be removed.

### Defendant Danielle Roberts' Positions[3]

Para. 15 - he was dropped as a defendant because predicate acts for RICO could not be met he is not here to defend these statements anymore to speak to the truth or falsity of them. The judge ruled to have him dismissed, and they should be removed Similar with the other Defendants that are no longer in the case. Para. 16 - This relates to the ruling to dismiss RICO charges because there was no nidus for knowing about it. being commissioned by Raniere suggests I would not only have known but be complying with Raniere's implied intent for the alleged enterprise. There is no longer grounds for this. Para 107 - #3. Any charges related to sex trafficking were dismissed. Please remove

---

[3] At Ms. Roberts' request her positions were copied and pasted verbatim into this letter.

{00262378 }                                    2

this. Para. 119 - #4. This being "specifically commissioned by Raneire [sic] eludes to me knowing or being a part of some enterprise. All charges related to RICO were dropped against be because there were no viable predicate acts and no nidus of "knowing" of any alleged criminal enterprise. Para. 242 - #5. judge ruled to have rico charge out because there were no predicate acts to support my participation or "knowing" there was not nidus illustrating my knowing and therefore this has been ruled on and removed. Please remove. Para. 262 - #6. Same reasoning - there was no furtherance of any venture as I was not aware of any that existed Dismissed by Judge. Please remove. Para. 282 - #7. same reasons as above. motion to dismiss any RICO charges granted. There was no nidus of "knowing" about any enterprise of criminal intent related to forced labor or sex trafficking. Those charges were dismissed. Please remove this.

**Plaintiffs' Positions**

Initially, Plaintiffs believe that a FAC is unnecessary. The Third Amended Complaint (the "TAC") holistically describes both the current and former Defendants' interconnected wrongful conduct with respect to the operation of a wide-ranging criminal enterprise that culminated in DOS. Plaintiffs allege that for years Defendants committed racketeering, immigration, and trafficking offenses and used various NXIVM entities to extract money and lure women for potential exploitation. While the Court dismissed certain claims against certain Defendants, the full array of these allegations should remain to provide a more complete picture of what transpired and dismissed claims may be subject to appellate review. In addition, Keith Raniere filed an answer and affirmative defenses to all claims in the TAC.

Further, as masters of their complaint Plaintiffs do not believe they should be required to file an amended complaint, especially not one edited by Defendants. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35-36 (2025 ), and Plaintiffs need to protect their appellate rights, s*ee P. Stolz Family Partnership L.P. v. Daum*, 355 F.3d 92, 96 & n.2 (2d Cir. 2004). Plaintiffs are standing on all their claims for purposes of appeal.

With respect to the draft FAC, Plaintiffs' rationale for objecting to certain edits to the TAC follow. In Paragraphs 12, 118, 142-144, 147-149, 220 and 287 of the TAC, the names of plaintiffs Salazar and Valerie should remain because they still have TVPRA claims and because Ms. Mack did not move to dismiss.16, claims against Roberts were not dismissed and the factual allegations should not be removed. 32, S. Bronfman's name should not be removed from the factual allegations about her financing NXIVM. Also, fact allegations about immigration fraud and human experimentation should remain because they describe part of the overall criminal enterprise. 52, 54, 59, and 61 should remain as part of allegations regarding the broader fraud scheme and for appeal. 57, these Plaintiffs are still in the case and this paragraph describes the scheme. 72-75 should remain because even though immigration fraud and TVPRA perpetrator claims were dismissed, these allegations are still relevant to the beneficiary claims against C. Bronfman, S. Bronfman, and K. Raniere and Daniela's document servitude claim against Raniere (¶ 75). 81-86 should not be removed because claims of three Plaintiffs for gross negligence and aiding and abetting remain against Raniere, who answered the TAC, they are factual allegations regarding the wider fraud claims, and to maintain appellate rights. 105, the factually relevant allegations are about part of the overall scheme of the criminal enterprise, and the immigration fraud claims remain as to Raniere. 107, 119, and 122 should remain because they contain factual allegations about Roberts branding DOS slaves. Paragraphs 92 and 178-179 should remain because Raniere answered the immigration fraud claims and they are factually relevant to the operation of the enterprise and for appeal. 182-190, these paragraphs should stay because they provide factual allegations that describe Raniere's and C. Bronfman's roles in the

overall conduct of the enterprise, Raniere filed an answer with respect all claims, and they are relevant with respect to co-conspirators' acts. 254 should remain because the beneficiary trafficking claim as to C. Bronfman is still in the case. 267 should remain for appeal purposes as it describes acts with respect to various Plaintiffs irrespective of whether the TVPRA conspiracy claim has been dismissed with prejudice. Further, the paragraph should stay as to Raniere since he answered the TAC and there is a live TVPRA conspiracy claim against him, there are fact allegations about Russell harboring Camila, fact allegations about the purpose of exo-eso that show involvement in the conduct of the venture, and Robert's branding DOS victims should remain. 268 should stay because Daniela still has forced labor and human trafficking claims. 281 and 284 should stay because Plaintiffs still have a TVPRA beneficiary claim against C. Bronfman. In 289 the second and third sentences should stay because they are factual allegations related to the battery claims against Roberts. With respect to paragraphs 308-09 and 312-13, Plaintiffs do not agree to their removal because the claims against Raniere are still in the case.

Dated: October 17, 2025                                    Respectfully submitted,


                                                           */s/ Zahra R. Dean*
                                                           Robert A. Swift
                                                           William E. Hoese
                                                           Zahra R. Dean
                                                           KOHN, SWIFT & GRAF, P.C.
                                                           1600 Market Street, Suite 2500
                                                           Philadelphia, PA 19103
                                                           (215) 238-1700
                                                           rswift@kohnswift.com
                                                           whoese@kohnswift.com
                                                           zdean@kohnswift.com

Adam M. Prom
DICELLO LEVITT LLP
10 North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Greg G. Gutzler
Emma Bruder
DICELLO LEVITT LLP
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

Agnieszka M. Fryszman
Brendan R. Schneiderman
COHEN MILSTEIN SELLERS
  & TOLL PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

Manuel John Dominguez
COHEN MILSTEIN SELLERS
  & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400
jdominguez@cohenmilstein.com

Mary Brown
COHEN MILSTEIN SELLERS
  & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
(212) 220-2924
mabrown@cohenmilstein.com

*Attorneys for Plaintiffs*

>/s/ *Aaron M. Goldsmith*
> Aaron M. Goldsmith
> 225 Broadway, Suite 715
> New York, NY 10007
>
> *Attorney for Defendants Clare Bronfman and Keith Raniere*
>
> /s/ *Robin A. Henry*
> FRIED, FRANK, HARRIS, SHRIVER
>    & JACOBSON LLP
> 801 17th Street, NW
> Washington, DC 20006
>
> /s/ *Anne Aufhauser*
> Anne Aufhauser
> FRIED, FRANK, HARRIS, SHRIVER
>    & JACOBSON LLP
> One New York Plaza,
> New York, NY 10004
>
> *Attorneys for Defendant Sara Bronfman*
>
> Danielle Roberts, pro se
> 244 York Street, Apt. 1
> Jersey City, NJ 07302
>
> *Attorneys for Defendants*