LAW OFFICE OF
# AARON M. GOLDSMITH
A PROFESSIONAL CORPORATION
225 Broadway, Suite 715
New York, NY 10007
(Tel.) - (914) 588-2679
(Fax) - (914) 462-3912
*aarongoldsmithlaw@gmail.com*

★ Admitted in NY, CT and TN

October 24, 2025

*Via ECF*
US DISTRICT COURT, EDNY
Hon. Cheryl L. Pollak, USMJ
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Edmonson*, et al* v Raniere, *et al*
Docket No: 20 CV 485 (EK)(CLP)

Dear Honorable Madame:

I represent Defendants CLARE BRONFMAN and KEITH RANIERE in the above-referenced matter. Please accept this correspondence as a follow-up to the conference held by the parties on October 14, 2025.

As the Court is aware, Counsel for Plaintiffs alerted Defense Counsel that a number of years ago, the DOJ subpoenaed the contents of a storage facility owned/leased in Plaintiff Adrian Stiles' name, and holding contents suspected to be owned by Defendant CLARE BRONFMAN. More recently, seventy three (73) of those boxes were returned to KOHN, SWIFT & GRAF's Philadelphia office. In response to Defendants' Interrogatories surrounding those boxes, Plaintiff's counsel's objected to all questions on behalf of Plaintiff STILES and refused to provide responses as to how the items were kept and who had access.

As directed by the Court during our conference, Plaintiff's Counsel provided a letter (enclosed herewith) in which they provide responses as to KOHN, SWIFT & GRAF personnel. In response thereto, I requested an affirmation as to other Plaintiff firms and lawyers, as there are – and have been – multiple. I also requested that Plaintiff STILES provide responses to the Interrogatories as she was clearly knowledgeable and instrumental as to retrieving the boxes from storage subject to the subpoena. Their office has refused to provide further responses as to other Plaintiff's counsel access to the boxes and maintains their blanket objections on behalf of Plaintiff STILES. Copies of the Interrogatories, Responses and Plaintiff's Counsel's letter are enclosed herewith for the Court's review.

As I represented to the Court and Counsel previously, I will take possession of those boxes, but feel that it is important to have this information prior to accessing same, in order to avoid any possible disputes as to condition of their contents in the future.

Prior to filing a motion to compel on these issues, I respectfully request an additional conference.

Thank you for your time and consideration. Please feel free to contact the undersigned with any further questions, concerns or directives.

Respectfully submitted,

Aaron M. Goldsmith

TO:

KOHN, SWIFT & GRAF, PC
Attorneys for Plaintiffs
1600 Market St., Suite 2500
Philadelphia, PA 19103
(215) 238-1700

FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
Attorneys for Defendant Sara Bronfman
One New York Plaza  1FDR Drive
New York, NY 10004
(212) 859-8000

All counsel/parties via ECF only

# KOHN, SWIFT & GRAF, P.C.

## 1600 MARKET STREET, SUITE 2500

## PHILADELPHIA, PENNSYLVANIA 19103-7225

JOSEPH C. KOHN
ROBERT A. SWIFT
ROBERT J. LAROCCA †
DOUGLAS A. ABRAHAMS
WILLIAM E. HOESE
ZAHRA R. DEAN ✦
AARTHI MANOHAR

† ALSO ADMITTED IN NEW YORK
✦ ONLY ADMITTED IN NEW YORK

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com
Sender's E-Mail: rswift@kohnswift.com

HAROLD E. KOHN
1914-1999
BAYARD M. GRAF
1926-2015

OF COUNSEL
GEORGE W. CRONER
CARY FLEISHER
LISA PALFY KOHN

October 15, 2025

Aaron M. Goldsmith, Esquire
Law Office of Aaron M. Goldsmith, P.C.
225 Broadway
New York, NY 10007

**Re: Edmondson et al. v. Raniere et al, No. 20-485**

Dear Aaron:

In accordance with Judge Pollack's directive, I affirm that no personnel at Kohn, Swift & Graf, P.C. have made any substantive review of the 73 boxes of documents which have been held in storage here since 2018.

Please let me know when you can pick up the boxes. Your pickup service can utilize the freight elevator in my office building, but will need authorization from someone here. There will be someone from my office available to assist Monday thru Thursday each week 9 am to 4 pm, but not Friday.

Very truly yours,

Robert A. Swift

Robert A. Swift

RAS:yr
cc:     All Counsel via e-mail

| | | |
|---|---|---|
| SARAH EDMONDSON, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-485 |
| | : | |
| KEITH RANIERE, et al. | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT KEITH RANIERE
AND CLARE BRONFMAN'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby

object and respond as follows to the first set of interrogatories dated September 5, 2025 (the

"Interrogatories") propounded by Defendants Keith Raniere and Clare Bronfman.

These answers are based on information reasonably available to Plaintiffs at the present

time. Because discovery is ongoing, Plaintiffs reserve the right to supplement, correct or amend

these answers as appropriate. Plaintiffs' answers to these Interrogatories are made without

waiving in any way the right to object on the grounds of competency, relevancy, materiality,

propriety, admissibility, privilege, privacy and any and all other objections on grounds that

would require the exclusion of any answer if such were offered pursuant to the Federal Rules of

Evidence in court; these objections are expressly reserved and may be interposed at any hearing

or trial in this action. Further, Plaintiffs' answers are made without waiving in any way the right

to object on any ground to any other discovery involving or relating to the subject matter of these

Interrogatories.

The responses to all or part of the Interrogatories should not be taken as an admission

that: (1) Plaintiff accepts or admits the existence of any fact set forth in or assumed by the

Interrogatories; or (2) Plaintiff has in his/her possession, custody or control information responsive to that Interrogatory; or (3) information responsive to the Interrogatory exists. Plaintiffs' answers to all or any part of any Interrogatory are not intended to, and shall not, waive all or any part of his/her objections to that Interrogatory. Plaintiffs reserve the right to supplement these answers after further discovery has been completed.

## GENERAL OBJECTIONS

Plaintiffs assert the following General Objections, which apply to the Interrogatories in their entirety and are incorporated by reference into each Specific Response and Objection below as if fully repeated therein.

1.      Plaintiffs object to the Interrogatories to the extent that they purport to impose obligations that are greater than or inconsistent with the Federal Rules, the Local District Rules, or any other applicable laws or rules.

2.      Plaintiffs object to the Interrogatories to the extent that they are vague, ambiguous, misleading, not susceptible to a reasoned interpretation, not reasonably particular, or would require Plaintiffs to speculate as to the nature or scope of the information sought.

3.      Plaintiffs object to the Interrogatories to the extent they seek information protected by the work product doctrine, attorney-client privilege, or any other privilege, protection, or immunity applicable under governing law. To the extent any inadvertent disclosure of such information is made in response to the Interrogatories, such information shall not constitute a waiver of any applicable privilege or protection with respect to such information, or any other information, or any subject matter, or of Plaintiffs' rights to assert any of these privileges as to any other matter that arises during the course of these actions, any related litigation, or any subsequent proceeding. Plaintiffs reserve the right to obtain the return of such information and prohibit its use

in any manner, and hereby request the return of such inadvertently produced privileged information and reserve the right to object to the disclosure or use of such privileged information at any stage of these or any other proceedings.

4. Plaintiffs object to any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues in the Interrogatories. Plaintiffs' responses do not indicate or otherwise suggest that Plaintiffs agree with or has any knowledge about any factual assumptions, implications, or any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories or the relevance of any information sought, and are made without prejudice to Plaintiffs' right to dispute any such matters, all of which are expressly reserved.

5. Plaintiffs object to the Interrogatories to the extent that they are overly broad, unduly burdensome, not proportional to the needs of this case, call for information that is not relevant to any party's claims or defenses, and/or call for information that is obtainable from another source that is more convenient, less burdensome, or less expensive, including from public sources, Defendants themselves, and/or other persons or entities.

6. Plaintiffs object to the Interrogatories to the extent that they seek disclosure of information that is not in Plaintiffs' possession, custody or control or that requires speculation. Plaintiffs further object to the Interrogatories to the extent they seek disclosure of information within the possession, custody, or control of any third person.

7. Plaintiffs object to the Interrogatories as premature to the extent that they seek information that will be the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery.

8. Plaintiffs object to the Interrogatories to the extent they purport to require the disclosure of information that Plaintiffs are restricted from disclosing by law or contract.

9.        Plaintiffs object to the Interrogatories to the extent that they seek the disclosure of confidential or highly confidential information, including information that is prohibited from disclosure by the confidentiality requirements of any court, arbitral forum, or similar authority or information that would impinge on privacy rights of non-parties. All information provided by Plaintiffs in response to the Interrogatories is being provided subject to and in accordance with the terms of the Stipulation and Protective Order approved by the Court on July 11, 2025 (ECF No. 307).

10.      Plaintiffs object to the Interrogatories as containing multiple, distinct subparts. Plaintiffs will respond to each based upon the number of individual subparts contained therein. Plaintiffs are not responding to interrogatories 2 (e)-(f) and 3, 4 and 5 because they exceed the number allowed by Fed. R. Civ. P. 33.

11.      Plaintiffs reserve the right: (a) to supplement any and all of their Responses; and (b) to assert additional objections should she discover additional grounds for such objections. Moreover, any indication that Plaintiffs will produce information in response to a particular Interrogatory is not an admission that such information exists.

12.      Plaintiffs incorporate by reference every General Objection into each and every specific Response set forth below. The failure to include any General Objection in any specific Response shall in no way waive any General Objection to that Interrogatory.

<div align="center">**OBJECTIONS TO INSTRUCTIONS**</div>

1.        Plaintiffs object to Instruction No. G to the extent it purports to impose obligations on Plaintiffs that are inconsistent with and/or beyond those imposed by the Federal Rules, the Local District Rules, or any other applicable laws and rules, because they are directed to "Former Plaintiffs".

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY 1

By email dated August 11, 2025 from Zahra Dean to Robin Henry (re line "Edmonson: Storage Unit in Plaintiffs' Possession") (the "Email"), Plaintiffs made certain statements regarding a storage locker described by Plaintiffs as having been rented by ADRIENNE STILES, located at unit B379 at Clifton Park Self Storage, 1772 Route 9, Clifton Park, NY (the "Storage Unit"). The below Interrogatories relate to said Storage Unit. Please answer the each and every of the following questions regarding the subject matter of the above-referenced email, storage unit and its contents.

(a)     When did Neil Glaser, and/or any other individual, in any way associated with any former or current Plaintiff's former or current Counsel first come into possession of same;

(b)     Please identify each such individual who first came into possession of any or all of the materials in the Storage Unit on behalf of any former or current Plaintiff's Counsel;

(c)     Did Counsel and/or its agent(s) retrieve the material directly from the Storage Unit? If so, please provide the names of all such Counsel and/or agent(s);

(d)     Who provided access to the Storage Unit;

(e)     To the extent Counsel and/or its representative(s) did not retrieve any or all of the materials directly from the Storage Unit, please detail the means and manner by which they were retrieved;

(f)     Please detail which office of Plaintiff's Counsel the material was brought to after it was retrieved from the Storage Unit and whether the material was ever moved from that location (other than to provide it to the Federal Government);

(g)     Were any logs of the contents of the Storage United created by or for Plaintiff's Counsel and/or its agent(s)? If so, please provide a true and accurate copy thereof;

(h)     When and how did Plaintiff's Counsel become aware of the existence of the Storage Unit or the materials in the Storage Unit, including the identification of any individuals who informed and/or discussed the subject matter with Plaintiff's Counsel. If Plaintiff's Counsel learned of such material by written correspondence, please provide a copy of same;

(i)     When and how did the Federal Government become aware of the existence of such material;

(j)     When and how did the Federal Government request such material from any former or current Plaintiff, and/or former or current Plaintiff's Counsel;

(k)     When and how did Plaintiff's Counsel transfer/transport or otherwise provide the Federal Government with such material;

(l)     Please provide any and all documentation surrounding the Federal Government's request for and transfer of such material, regardless of who authored, including but not limited to subpoenas, email correspondence, written correspondence, logs, invoices, receipts, and/or confirmations;

(m)     Please provide a list of names and contact information of all attorneys (both current and former), staff, employees and/or agents (both current and former), third-party contractors, Plaintiffs (both current and former) and Federal Government agents (both current and former) who had access to the Storage Unit or any of the material contained in the Storage Unit at any time whether prior to or after Plaintiff's Counsel taking possession of

same until said material was produced to the Federal Government and detail the dates and times on which any materials were reviewed or accessed by any such individuals;

(n)     Please provide a detailed description of the manner in which the materials were kept since their retrieval until the date of transfer to the Federal Government;

(o)     When and how did the Federal Government notify Plaintiff's Counsel that it would be returning any or all of the material to Plaintiff's Counsel's possession;

(p)     Please provide a list of names and contact information of all attorneys (both current and former), staff, employees and/or agents (both current and former), third-party contractors, Plaintiffs (both current and former) and Federal Government agents (both current and former) who notified and/or were notified that any or all of the material would be returned to Plaintiff's Counsel;

(q)     Please provide copies of any and all documentation associated with the return of any portion of such material to Plaintiff's Counsel, regardless of who authored, including but not limited to subpoenas, email correspondence, written correspondence, logs, invoices, receipts, and/or confirmations;

(r)     Please provide a list of names and contact information of all attorneys (both current and former), staff, employees and/or agents (both current and former), third-party contractors, Plaintiffs (both current and former) and Federal Government agents (both current and former) who had access to the returned materials from the date  of their return to Plaintiff's Counsel to present;

(s)     Please provide a description of the manner in which such returned materials have been stored and secured since their return to Plaintiff's Counsel;

(t)     Please provide a full and complete list of any third-parties who have requested access to

        such materials, and/or gained access to such materials while in possession of Plaintiff's

        Counsel during both the time held prior to transferring to the Federal Government as well

        as since the return of certain materials from the Federal Government, not listed in

        responses above;

**ANSWER NO 1.**

Plaintiffs object to this Interrogatory and all its subparts to as overly broad, unduly burdensome,

seeks information not relevant to the claims or defenses in this action, and seeks information not

within Plaintiffs' possession, custody, or control.

**INTERROGATORY NO. 2**

Please provide a list of each of the following for each and every current and former Plaintiff in

the above-captioned matter, under each Plaintiff's name, that were established, maintained,

transferred/sold; disengaged/dropped/terminated, and used by them during the period of 2010 to

present; in which each current or former Plaintiff has discussed, referenced, or otherwise simply

mentioned NXIVM and/or any of the associated organizations cited to in the Complaint, First

Amended Complaint, Second Amended Complaint and Third-Amended Complaint herein.

(a)     all Cellphone number(s) and carrier for each number;

(b)     all Landline number(s) and carrier for each number;

(c)     all messaging apps, including each corresponding username/address;

(d)     all online forum(s), chat group(s); social media sub-group(s) and/or special interest

        group(s), including the platform and username(s) ("handle") associated with each;

**ANSWER NO. 2**

Plaintiffs object to this Interrogatory on the grounds that it seeks information regarding individuals who are no longer a party to this action. Such information is not relevant to the claims or defenses presently at issue, is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent this Request seeks documents or information that are outside of Plaintiffs' possession, custody, or control, and/or seeks disclosure of private or confidential information concerning a non-party without proper justification. Plaintiffs will not provide documents or information relating to "Former Plaintiffs".

Subject to and without waiving the foregoing General and Specific Objections, Plaintiffs will provide responses indicating their cellphone and landline numbers and the associated carrier during the Relevant Period.

Plaintiffs object to Interrogatory 2(c) and (d) on the grounds that they are vague and ambiguous as to the information sought. Due to this lack of clarity, Plaintiffs cannot, at this time, provide a complete response. Subject to and without waiving this objection, Plaintiffs counsel is willing to meet and confer with counsel for the Propounding Party to clarify the scope and intent of the Interrogatory. Following such clarification, Plaintiffs will supplement this response as appropriate.

*[Signature Page Follows]*

Dated:  October 5, 2025

<div style="margin-left:50%">

*/s/ Zahra R. Deant*
Robert A. Swift
William E. Hoese
Zahra R. Dean
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
rswift@kohnswift.com
whoese@kohnswift.com
zdean@kohnswift.com

Adam M. Prom
DICELLO LEVITT LLP
10 North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Greg G. Gutzler
Emma Bruder
DICELLO LEVITT LLP
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

Agnieszka M. Fryszman
Brendan R. Schneiderman
COHEN MILSTEIN SELLERS
   & TOLL PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

Manuel John Dominguez
COHEN MILSTEIN SELLERS
   & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400
jdominguez@cohenmilstein.com

</div>

Mary Brown
COHEN MILSTEIN SELLERS
   & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
(212) 220-2924
mabrown@cohenmilstein.com

Attorneys for Plaintiffs