# KOHN, SWIFT & GRAF, P.C.

1600 MARKET STREET, SUITE 2500
PHILADELPHIA, PENNSYLVANIA 19103-7225

JOSEPH C. KOHN
ROBERT A. SWIFT
ROBERT J. LaROCCA †
DOUGLAS A. ABRAHAMS
WILLIAM E. HOESE
ZAHRA R. DEAN ✢
AARTHI MANOHAR

† ALSO ADMITTED IN NEW YORK
✢ ONLY ADMITTED IN NEW YORK

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com
Sender's E-mail: rswift@kohnswift.com

HAROLD E. KOHN
1914-1999
BAYARD M. GRAF
1926-2015

OF COUNSEL
GEORGE W. CRONER
CARY FLEISHER
LISA PALFY KOHN

October 31, 2025

The Honorable Cheryl Pollak
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Edmondson et al. v. Raniere et al.*, C.A. No. 20-cv-00485

Dear Magistrate Judge Pollak:

As directed by your Honor, this letter responds to Aaron Goldsmith's letter of October 24, 2025 seeking an order that Plaintiff Stiles answer 20 interrogatories as to the 73 storage boxes which my office has held since 2018. Ms. Stiles was administrative assistant to defendant Clare Bronfman. The boxes contain documents from Ms. Bronfman's residence, that she tasked Ms. Stiles with moving to a storage unit. Ms. Stiles boxed the documents from Ms. Bronfman's office and put them in a rented storage locker. The U.S. Attorneys Office subpoenaed Ms. Stiles, represented by this law firm, for the documents. Counsel for Ms. Bronfman and Mr. Raniere were aware of this and filed a motion to suppress. Their counsel never requested to see or receive the documents. The U.S. Attorneys Office returned the documents to this law firm. When discovery began in this civil case, my firm notified Mr. Goldsmith and requested that he pick up the boxes of documents. In the last few days, Mr. Goldsmith stated he would make arrangements to do so.

Following the October 14 discovery conference, I complied with your request and stated in writing to Mr. Goldsmith that my firm has not substantively reviewed the boxes of documents. I broadened that statement to include Plaintiffs' co-counsel.

Attached hereto is Ms. Stiles' objection and response to the 20 interrogatories. As you can see, she possesses little information. We objected to this discovery because it appeared that Mr. Goldsmith was insinuating ethical breaches by my law firm and forcing us to defend a matter wholly collateral to this case. Your Honor should be aware that defendants Bronfman and Raniere engaged in years of specious litigation in the United States, Canada and Mexico attacking critics of Nxivm. Ms. Bronfman paid Nxivm's lawyers millions of dollars to pursue frivolous litigation. The transcript in the criminal case is rife with testimony about this. You should also be aware that

{00262784 }

The Honorable Cheryl Pollak
October 31, 2025
Page 2

Ms. Bronfman created a legal defense fund of $13.8 million to defend herself, Mr. Raniere and other Nxivm personnel in criminal and civil litigation, including this case. So, there is no shortage of compensation to her attorneys should they engage in frivolous discovery.

Respectfully yours,

*Robert A. Swift*

Robert A. Swift

RAS/yr
Enclosure

Cc w/enc.: All Counsel and Ms. Roberts

{00262784 }

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH EDMONDSON, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-485 |
| : | |
| KEITH RANIERE, et al., : | |
| : | |
| Defendants. : | |

**PLAINTIFF ADRIENNE STILES' RESPONSES TO DEFENDANT KEITH RANIERE AND CLARE BRONFMAN'S FIRST SET OF INTERROGATORIES**

Plaintiff incorporates all General Objections from Plaintiffs' Responses and Objections to Defendant Keith Raniere's and Clare Bronfman's First Set of Interrogatories, served on October 5, 2025, as if fully set forth herein.

## INTERROGATORY 1:

By email dated August 11, 2025 from Zahra Dean to Robin Henry (re line "Edmonson: Storage Unit in Plaintiffs' Possession") (the "Email"), Plaintiffs made certain statements regarding a storage locker described by Plaintiffs as having been rented by ADRIENNE STILES, located at unit B379 at Clifton Park Self Storage, 1772 Route 9, Clifton Park, NY (the "Storage Unit"). The below Interrogatories relate to said Storage Unit. Please answer the each and every of the following questions regarding the subject matter of the above-referenced email, storage unit and its contents.

(a) When did Neil Glaser, and/or any other individual, in any way associated with any former or current Plaintiff's former or current Counsel first come into possession of same;
(b) Please identify each such individual who first came into possession of any or all of the materials in the Storage Unit on behalf of any former or current Plaintiff's Counsel;
(c) Did Counsel and/or its agent(s) retrieve the material directly from the Storage Unit? If so, please provide the names of all such Counsel and/or agent(s);
(d) Who provided access to the Storage Unit;
(e) To the extent Counsel and/or its representative(s) did not retrieve any or all of the materials directly from the Storage Unit, please detail the means and manner by which they were retrieved;

{00262665 }

Docusign Envelope ID: 8FA24CF5-37B6-426F-8A86-EA41AB800F99
Case 1:20-cv-00485-EK-CLP    Document 325    Filed 10/31/25    Page 4 of 11 PageID #: 4714

**CONFIDENTIAL**

(f) Please detail which office of Plaintiff's Counsel the material was brought to after it was retrieved from the Storage Unit and whether the material was ever moved from that location (other than to provide it to the Federal Government);

(g) Were any logs of the contents of the Storage United created by or for Plaintiff's Counsel and/or its agent(s)? If so, please provide a true and accurate copy thereof;

(h) When and how did Plaintiff's Counsel become aware of the existence of the Storage Unit or the materials in the Storage Unit, including the identification of any individuals who informed and/or discussed the subject matter with Plaintiff's Counsel. If Plaintiff's Counsel learned of such material by written correspondence, please provide a copy of same;

(i) When and how did the Federal Government become aware of the existence of such material;

(j) When and how did the Federal Government request such material from any former or current Plaintiff, and/or former or current Plaintiff's Counsel;

(k) When and how did Plaintiff's Counsel transfer/transport or otherwise provide the Federal Government with such material;

(l) Please provide any and all documentation surrounding the Federal Government's request for and transfer of such material, regardless of who authored, including but not limited to subpoenas, email correspondence, written correspondence, logs, invoices, receipts, and/or confirmations;

(m) Please provide a list of names and contact information of all attorneys (both current and former), staff, employees and/or agents (both current and former), third-party contractors, Plaintiffs (both current and former) and Federal Government agents (both current and former) who had access to the Storage Unit or any of the material contained in the Storage Unit at any time whether prior to or after Plaintiff's Counsel taking possession of same until said material was produced to the Federal Government and detail the dates and times on which any materials were reviewed or accessed by any such individuals;

(n) Please provide a detailed description of the manner in which the materials were kept since their retrieval until the date of transfer to the Federal Government;

(o) When and how did the Federal Government notify Plaintiff's Counsel that it would be returning any or all of the material to Plaintiff's Counsel's possession;

(p) Please provide a list of names and contact information of all attorneys (both current and former), staff, employees and/or agents (both current and former), third-party contractors, Plaintiffs (both current and former) and Federal Government agents (both current and former) who notified and/or were notified that any or all of the material would be returned to Plaintiff's Counsel;

(q) Please provide copies of any and all documentation associated with the return of any portion of such material to Plaintiff's Counsel, regardless of who authored, including but not limited to subpoenas, email correspondence, written correspondence, logs, invoices, receipts, and/or confirmations;

(r) Please provide a list of names and contact information of all attorneys (both current and former), staff, employees and/or agents (both current and former), third-party contractors, Plaintiffs (both current and former) and Federal Government agents (both current and former) who had access to the returned materials from the date of their return to Plaintiff's Counsel to present;

(s) Please provide a description of the manner in which such returned materials have been stored and secured since their return to Plaintiff's Counsel;

(t) Please provide a full and complete list of any third-parties who have requested access to such materials, and/or gained access to such materials while in possession of Plaintiff's Counsel during both the time held prior to transferring to the Federal Government as well as since the return of certain materials from the Federal Government, not listed in responses above;

## ANSWER TO INTERROGATORY 1:

Plaintiff objects to this Interrogatory and all its subparts to as overly broad, unduly burdensome, seeks information not relevant to the claims or defenses in this action, and seeks information not within Plaintiffs' possession, custody, or control. Subject to and without waiving any general or specific objections, Plaintiff Adrienne Stiles responds to Interrogatory 1 (j) as follows: On April 11, 2018, I was notified by my attorney that the government had issued a grand jury subpoena to me that required me to bring "any and all record related to Keith Raniere, Nxivm or any Nxivm-related entities, including any records located in Unit #B379, at Prime group Storage, 1772 Route 9, Clifton Park, N 12065, to the extent within your custody or control." A copy of the subpoena is attached as Exhibit A hereto. Plaintiff lacks information to respond to the remaining subparts of interrogatory 1.

## INTERROGATORY NO. 2:

Please provide a list of each of the following for each and every current and former Plaintiff in the above-captioned matter, under each Plaintiff's name, that were established, maintained, transferred/sold; disengaged/dropped/terminated, and used by them during the period of 2010 to present; in which each current or former Plaintiff has discussed, referenced, or otherwise simply mentioned NXIVM and/or any of the associated organizations cited to in the Complaint, First Amended Complaint, Second Amended Complaint and Third-Amended Complaint herein.
    (a) all Cellphone number(s) and carrier for each number;
    (b) all Landline number(s) and carrier for each number;
    (c) all messaging apps, including each corresponding username/address;
    (d) all online forum(s), chat group(s); social media sub-group(s) and/or special interest group(s), including the platform and username(s) ("handle") associated with each;
    (e) all Email address(es);

Docusign Envelope ID: 8FA24CF5-37B6-426E-8A86-EA41AB800F99
Case 1:20-cv-00485-EK-CLP    Document 325    Filed 10/31/25    Page 6 of 11 PageID #: 4716

CONFIDENTIAL

(d) all social media account handles, including the platform and all variations of handles used for each account where a Plaintiff has changed or used multiple handles on the same account;

(f) for each category above, (cellphone, landline, messaging app, online or social media group; email address and social media account) please also include the date(s) that such category account was established, transferred, sold, dropped or terminated; as well as identify each individual who had access to such account;

(e) for each category above, please also list any content regarding NXIVM, the associated organizations and any individuals associated with such associations as cited to in the Complaint, First Amended Complaint, Second Amended Complaint and Third Amended Complaint, that You edited and/or deleted; along with the dates of original posting or communication; as well as the dates of editing/deleting and identify each individual that such communication was sent to prior to editing/deleting.

## ANSWER TO INTERROGATORY NO. 2

Plaintiff objects to Interrogatory No. 2(a) through (d) on the grounds that it is compound, vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure, because it seeks information not reasonably limited in time, scope, or subject matter. The Interrogatory improperly requests: (i) all account identifiers "in which Plaintiff has discussed, referenced, or otherwise simply mentioned NXIVM and/or any of the associated organizations," regardless of relevance; and (ii) information extending over an unreasonably long period—from 2010 to the present—without regard to when each Plaintiff was associated with NXIVM or when relevant communications occurred.

Plaintiff further objects to Interrogatory No. 2(a) through (d) to the extent it seeks information regarding devices, accounts, or data no longer in Plaintiff's possession, custody, or

Docusign Envelope ID: 8FA24CF5-37B6-426F-8A86-EA41AB800F99
Case 1:20-cv-00485-EK-CLP   Document 325   Filed 10/31/25   Page 7 of 11 PageID #: 4717

**CONFIDENTIAL**

| | |
|---|---|
| Dated:  October 29, 2025 | /s/ Zahra R. Dean<br>Robert A. Swift<br>William E. Hoese<br>Zahra R. Dean<br>KOHN, SWIFT & GRAF, P.C.<br>1600 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>(215) 238-1700<br>rswift@kohnswift.com<br>whoese@kohnswift.com<br>zdean@kohnswift.com<br><br>Adam M. Prom<br>DICELLO LEVITT LLP<br>10 North Dearborn Street, Sixth Floor<br>Chicago, IL 60602<br>(312) 214-7900<br>aprom@dicellolevitt.com<br><br>Greg G. Gutzler<br>Emma Bruder<br>DICELLO LEVITT LLP<br>485 Lexington Avenue, 10th Floor<br>New York, NY 10017<br>(646) 933-1000<br>ggutzler@dicellolevitt.com<br>ebruder@dicellolevitt.com<br><br>Agnieszka M. Fryszman<br>Brendan R. Schneiderman<br>COHEN MILSTEIN SELLERS<br>  & TOLL PLLC<br>1100 New York Ave. NW, Suite 800<br>Washington, DC 20005<br>(202) 408-4600<br>afryszman@cohenmilstein.com<br>bschneiderman@cohenmilstein.com<br><br>Manuel John Dominguez<br>COHEN MILSTEIN SELLERS<br>  & TOLL PLLC<br>11780 U.S. Highway One, Suite N500<br>Palm Beach Gardens, FL 33408<br>(561) 515-1400<br>jdominguez@cohenmilstein.com |

Docusign Envelope ID: 8FA24CF5-37B6-426F-8A86-EA41AB800F99
Case 1:20-cv-00485-EK-CLP   Document 325   Filed 10/31/25   Page 8 of 11 PageID #: 4718

**CONFIDENTIAL**

Mary Brown
COHEN MILSTEIN SELLERS
  & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
(212) 220-2924
mabrown@cohenmilstein.com

Attorneys for Plaintiffs

Docusign Envelope ID: 8FA24CF5-37B6-426F-8A86-EA41AB800F99
Case 1:20-cv-00485-EK-CLP   Document 325   Filed 10/31/25   Page 9 of 11 PageID #: 4719

**CONFIDENTIAL**

## **VERIFICATION**

I, Adrienne Stiles, certify and verify as follows:

I am a Plaintiff in this action. I have read and know the contents of the answers in Plaintiff Adrienne Stiles' Answers to Defendant Keith Raniere's and Clare Bronfman's First Set of Interrogatories. The factual content of these answers is true to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: 10/29/2025

Signed by:
*Adrienne Stiles*
1B2B95AB3D914BF...

Adrienne Stiles

{00262665 }                                      9

F. # 2017R01840

AO 110 (Rev. 06/09) Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

## SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To: Adrienne Stiles

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | U.S. District Court, Eastern District of New York<br>225 Cadman Plaza East, 5th Floor, Room N547<br>Brooklyn, New York 11201 | Date and Time:<br>April 26, 2018 at 10:00 a.m. |
|---|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Any and all records related to Keith Raniere, Nxivm or any Nxivm-related entities, including any records located in Unit #B379, at Prime Group Storage, 1772 Route 9, Clifton Park, NY 12065, to the extent within your custody and control.



Date: April 11, 2018

**DOUGLAS C. PALMER**
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:

Assistant U.S. Attorney Moira Kim Penza, U.S. Attorney's Office, Eastern District of New York
271 Cadman Plaza East, Brooklyn, New York 11201
moira.penza@usdoj.gov
(718) 254-6454

AO 110 (Rev. 06/09) Subpoena to Testify Before Grand Jury (Page 2)

## PROOF OF SERVICE

This subpoena for *(name of individual or organization)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: