KOHN, SWIFT & GRAF, P.C.

1600 MARKET STREET, SUITE 2500

PHILADELPHIA, PENNSYLVANIA 19103-7225

JOSEPH C. KOHN
ROBERT A. SWIFT
ROBERT J. LAROCCA †
DOUGLAS A. ABRAHAMS
WILLIAM E. HOESE
ZAHRA R. DEAN ✛
AARTHI MANOHAR

† ALSO ADMITTED IN NEW YORK
✛ ONLY ADMITTED IN NEW YORK

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com

Sender's E-mail: zdean@kohnswift.com

HAROLD E. KOHN
1914-1999
BAYARD M. GRAF
1926-2015

OF COUNSEL
GEORGE W. CRONER
CARY FLEISHER
LISA PALFY KOHN

November 6, 2025

Via ECF

Magistrate Judge Cheryl L. Pollak
United States District Court
  Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  Edmondson, et al. v. Raniere, et al.,
>      1:20-cv-00485-EK-CLP

Dear Magistrate Judge Pollak:

Plaintiffs respectfully submit their response to the letter filed on October 30, 2025, on behalf of Defendant Sara Bronfman ("Bronfman Letter") concerning device collection for certain RICO-only Plaintiffs.  Plaintiffs also propose a meet and confer with Defendants' attorneys regarding ESI discovery of all the RICO-only Plaintiffs and submission of any remaining disputes to the Court in the December 15 status report.

After the October 14, 2025, conference, the Court ordered Plaintiffs to "explain[ ] what plaintiffs' attorneys are not producing for the 10 RICO plaintiffs discussed in the conference, and why."  Minute Entry, *Edmondson et al. v. Raniere et al.*, No. 20-cv-00485 (Oct. 15, 2025). Plaintiffs complied with the Court's order on October 17, 2025 (Bronfman Letter, Ex. A) and now submit this response to eliminate any remaining ambiguity.

The only substantive issue appears to be whether the RICO-only Plaintiffs need to enlist a vendor to generate a forensic "image" of their electronic devices[1] to  search for documents that may reside <u>only</u> on the devices and not in "the cloud," even when counsel's investigations have revealed that these devices are unlikely to contain any relevant documents.  E-mails and social

---

[1] It costs between $750 and $1000 to forensically image a cellphone or a laptop, and then there are additional costs related to processing the information on those devices depending on the amount of information that may be stored on those devices, even when that information is clearly irrelevant like downloaded music files or saved video files.

media posts can all be searched via cloud-based collections without having to go to the expense of imaging a device.  Additionally, for Plaintiffs who have iPhones, their text messages can be collected remotely through the collection of the iCloud backup. Federal Rule of Civil Procedure 26(b)(1) directs that the scope of discovery must be "proportional to the needs of the case" and that this includes whether "the burden or expense of the proposed discovery outweighs its likely benefit."  Here, it's appropriate and reasonable to confine the scope of discovery to emails, text messages and social media posts, as these categories of information are reasonably likely to contain documents that are relevant to the claims and defenses at issue for the RICO-only Plaintiffs.  As a result, the collection of physical devices should only be conducted when necessary to capture these categories of information.  As a practical matter, this means that for these ten plaintiffs, emails and social media will be collected remotely through the cloud, and text messages will also be collected remotely for those of the ten who have iPhones.  If a Plaintiff does not have an iPhone, their phone will be imaged to collect their text messages.  No other devices (e.g. laptops) will be collected.

In their October 17 letter (Bronfman Letter, Ex. A) Plaintiffs explained that, for the reasons provided to Sara Bronfman's attorneys earlier, after consulting with these RICO-only Plaintiffs it was counsel's reasonable belief that it was very unlikely that these Plaintiffs electronic devices would contain any relevant documents.  Plaintiffs also told Sara Bronfman's attorneys that Plaintiffs would be searching for relevant e-mails, texts, and social media posts on the cloud.  Plaintiffs did not believe that the expense of imaging these Plaintiffs' electronic devices to search for curriculum fraud related documents would be proportionate to the claims of these ten Plaintiffs and have so informed Sara Bronfman's counsel.

Ms. Bronfman's attorneys also complain that the Plaintiffs' October 17 letter did not explain "what devices would not be produced." Bronfman Letter at 1. But neither side contemplated that the devices themselves would be produced and for clarity all the Plaintiffs have been advised of their preservation obligations and have been instructed to preserve their devices.

With respect to other RICO only Plaintiffs[2], counsel are continuing to confer individually with them in an ongoing effort to evaluate their devices and data sources and whether those sources contain documents or other electronic information relevant to the case. As those discussions proceed, Plaintiffs will determine on a case-by-case basis whether imaging of any electronic devices is warranted under the proportionality standards of Rule 26(b)(1). While this process will take some time given the number of RICO-only Plaintiffs, as that process proceeds, Plaintiffs will promptly inform Defendant Bronfman's counsel as to what devices or other data will be collected, and they will provide appropriate reasoning and supporting information from the evaluation. Search terms will continue to be run over emails, text messages, and social-media accounts on the cloud, all of which are being collected for each RICO-only Plaintiff.

In order to get to a reasonably prompt resolution of the ESI issues with respect to the RICO only Plaintiffs, Plaintiffs' counsel propose to meet and confer with defense counsel to

---

[2] Plaintiffs are imaging all the devices of all the trafficking Plaintiffs in order to run search terms.

Kohn Swift & Graf, P.C.                Continuation Sheet No. 3                Magistrate Judge Cheryl L. Pollak
                                                                                November 6, 2025

completely work through the issues related to the ESI discovery of the RICO only Plaintiffs. If any disputes remain then the Parties can address them in the status report due December 15.

Respectfully yours,

*Zahra R. Dean*

Zahra R. Dean


ZRD/csm
cc:    All parties via ECF