

485 LEXINGTON AVENUE    SUITE 1001    NEW YORK, NEW YORK 10017

EMMA BRUDER
EBRUDER@DICELLOLEVITT.COM
646.933.1000

December 15, 2025

**VIA ECF ONLY**

The Honorable Cheryl Pollak
United States Magistrate Judge
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *Edmonson, et al. v. Keith Raniere, et al.,* 1:20-cv- 00485 (E.D.N.Y.),
> **Response to Defendant Danielle Roberts's November 4, 2025 Letter**

Dear Magistrate Judge Pollak:

Plaintiffs respectfully submit this letter in response to Defendant Danielle Roberts's November 14, 2025 letter, Dkt. No. 329 ("Roberts Letter"), and to clarify the status of discovery between Plaintiffs and Ms. Roberts. Plaintiffs also propose concrete next steps to move discovery forward efficiently and proportionally.

**I.   Roberts's Discovery Requests to Plaintiffs**

Ms. Roberts served what she titled "Supplemental Interrogatories" on November 11, 2025. Plaintiffs served their Responses and Objections thereto on December 11 and 12, 2025. Plaintiffs remain available for a meet-and-confer in the future.

Ms. Roberts initially served a First Set of Requests for Production ("RFPs"), which she later stated she is no longer pursuing. She then served a Second Set of RFPs on July 8, 2025, to which Plaintiffs served Responses and Objections on August 8, 2025. Following a meet-and-confer, Plaintiffs provided a preliminary set of proposed search strings on October 30, 2025, responsive to these First and Second Sets of RFPs, subject to evaluation of burden based on hit reports.

On November 11, 2025, Ms. Roberts served an Amended Second Set of RFPs ( "Amended Second Set"), which revised her prior requests, added new requests, and appended search strings

she drafted.[1] While some of her proposed terms overlap with Plaintiffs' preliminary proposal, many include generic and thus unduly burdensome terms—including single letters (*e.g.,* "M") or the first names of the Plaintiffs whose devices are being collected—which would undoubtedly return extremely large volumes of irrelevant ESI. Such overbreadth is precisely what Rule 26(b)(1)'s proportionality requirement is designed to prevent.

Ms. Roberts also asserts in her Amended Second Set that she "accepts" Plaintiffs' search terms for Requests 21–59 of her First Set. But Ms. Roberts has also represented that she is not presently seeking responses to the First Set. *See* Roberts Letter at 4 (stating that she is now only requesting Plaintiffs answer the discovery requests served on November 11, 2025). In light of that representation, there is no basis for Plaintiffs to conduct searches or produce documents under those terms at this time.

Plaintiffs have requested a modest one-week extension of their deadline to respond to the Amended Second Set, such that responses will be due on December 18, 2025. Along with those responses, Plaintiffs intend to provide a streamlined, targeted set of search terms that Plaintiffs agree to use to search for responsive documents, as well as a sample hit report from a battery Plaintiff, demonstrating that the terms generate a proportional volume. Plaintiffs will be prepared to collect and produce from the four battery Plaintiffs using these terms, subject to the objections asserted.

At the last status conference, the Court asked that production for the Plaintiffs with battery claims against Ms. Roberts be prioritized. Plaintiffs have accordingly prioritized collection from the TVPRA and battery Plaintiffs and have made substantial progress. Plaintiffs have also, in good faith, sought to coordinate search terms and the scope of responsive RFPs so that the resulting productions are proportional and appropriately tailored. Plaintiffs' ability to complete those productions has therefore been intertwined with resolving which RFPs remain at issue and what search strings will govern collection.

## II.  Plaintiffs' Discovery Requests to Ms. Roberts and the ESI Protocol

Ms. Roberts responded to Plaintiffs' First Set of RFPs on August 6, 2025, producing approximately 570 pages of mixed-format documents appended in a single PDF. She re-produced that material on September 22, 2025, with an added index. She then served Responses and Objections to Plaintiffs' Second Set of RFPs on October 12, 2025.

Ms. Roberts states that she has undertaken certain efforts to search her devices and accounts and that, for cost reasons, she cannot retain an e-discovery vendor on the same terms as represented Defendants. *See* Roberts Letter at 1-3. Plaintiffs do not dispute her financial limitations. Although the ESI Protocol was negotiated among represented parties, Plaintiffs do not, at this time, seek to compel additional ESI collection beyond what Ms. Roberts's manual searches have yielded, nor do Plaintiffs seek to require her to retain a vendor for ESI-protocol-compliant re-production.

---

[1] Note that the document contains an incorrect date of October 5, 2025—these were served on November 11, 2025.

Plaintiffs are reviewing Ms. Roberts's production and reserve all rights to raise specific concerns should they identify apparent gaps or deficiencies. Subject to that reservation, Plaintiffs accept Ms. Roberts's representations regarding the scope of her collection to date, and they do not presently intend to move to compel additional ESI searches or productions.

### III. Plaintiffs Have Not Engaged in Abuse of Process.

Ms. Roberts repeatedly accuses Plaintiffs of "abuse of process," "delay," and "bad faith." *See* Roberts Letter. Plaintiffs briefly address these incorrect assertions so that the Court has a clear record.

#### A. Search Term Negotiations

Ms. Roberts asserts that Plaintiffs have improperly insisted that search terms are required and that her requests are sufficiently "specific and pointed" that search terms are unnecessary. Roberts Letter at 3. Search terms, however, are standard practice in ESI discovery and are generally necessary to ensure that collections across multiple devices and accounts are complete, standardized, and verifiable—particularly in a multi-party case governed by an ESI Protocol approved by the Court.

Ms. Roberts further takes issue that Plaintiffs did not provide proposed search terms for her collection obligations until October 13, 2025. *See* Roberts Letter at 4. Plaintiffs provided that proposal as a courtesy and have been working to negotiate discovery across multiple defendants with distinct requests and positions. Any interval before providing revised terms reflects Plaintiffs' efforts to ensure that search terms are aligned and proportional across all defendants. Plaintiffs respectfully submit that the timing was driven by coordination and workload, not strategy, and categorically reject Ms. Roberts's suggestion that it was intended to prolong her participation in discovery or "delay the inevitable dismissal" of claims.

#### B. Plaintiffs' Objections to Roberts's RFPs Nos. 1 and 3

Ms. Roberts contends that Plaintiffs are engaging in "semantics" to avoid responding to her prior RFPs Nos. 1 and 3. *See* Roberts Letter at 5. That is not correct.

Request No. 1 seeks "all evidence" that Ms. Roberts was "directly or indirectly responsible for the delay" in filing battery claims. As phrased, the terms "evidence" and "delay" encompass an undefined and potentially vast universe of material. Rule 34 requires reasonable clarity regarding the documents sought. Plaintiffs therefore objected to Request No. 1 as vague, ambiguous, and overbroad.

In any event, the four Plaintiffs with battery claims are serving responses to Roberts's interrogatories regarding the statute of limitations. Plaintiffs have also stated—and reiterate here—that they are willing to produce any non-privileged documents with respect to the statute of limitations, which Plaintiffs assert was tolled by operation of New York law.

Similarly, Request No. 3 asks Plaintiffs to "explain" whether they believed their filing was timely and "why," and then demands "all documentation" supporting that reasoning. In substance, this is an interrogatory coupled with an undefined document demand. Plaintiffs properly objected under Rules 33 and 34, which require interrogatories and document requests to be served in their respective forms and to describe categories of documents with reasonable particularity. Further, this request seeks privileged information.

Plaintiffs have nonetheless answered Ms. Roberts's interrogatories and document requests separately and remain willing to meet and confer regarding any targeted document categories Ms. Roberts wishes to identify. While Plaintiffs have been flexible in, for example, providing proposed search terms and no longer insisting on vendor-managed ESI processes for Ms. Roberts, they cannot compromise their obligations to represent their clients zealously and to conduct defensible discovery in a complex, emotional case, regardless of Ms. Roberts's *pro se* status.

### C. *Ad Hominem* Attacks and Merits Arguments Are Not Discovery Issues

Portions of the Roberts Letter go beyond discovery and enter the realm of *ad hominem* attacks and are no more than Ms. Roberts's position on various issues in the case (some of which do not even involve her), such as assertions that RICO allegations are "outrageous," that Plaintiffs "cannot win with the facts of this case," and that they are litigating in bad faith. Plaintiffs strongly disagree with those offensive characterizations. In any event, they are not discovery issues. To the extent Ms. Roberts wishes to advance such arguments, they should be presented, if at all, through dispositive motion practice and adjudicated in the ordinary course.

## IV. Recording Meet and Confers

Ms. Roberts asks the Court to require that all future meet-and-confers be audio-recorded, based on her unsubstantiated assertions that she does not trust Plaintiffs or their counsel. Roberts Letter at 6. Plaintiffs do not consent to recording, and again, categorically reject Ms. Roberts's unfounded and inflammatory accusations. Meet-and-confers are not formal proceedings—such as hearings or depositions—but informal, candid discussions intended to narrow disputes. Recording them would undermine that purpose and is not required to ensure accuracy. Each side remains free to take notes and, where appropriate, to provide a written follow-up summary of the discussion, which creates a clear and reliable record.

If the Court does order that meet-and-confers may be recorded, Plaintiffs respectfully request that any recordings be designated Confidential or Highly Confidential under the Protective Order and used solely for purposes of this litigation.

## V. Confidentiality and Sensitive Materials

Ms. Roberts states that she possesses explicit materials responsive to Plaintiffs' discovery requests and asks that such materials be "sealed." Roberts Letter at 3. The existing Protective Order already governs the handling and sealing of such materials, including explicit images or videos. *See* Stip. Protective Order § 3(C), Dkt. No. 307 (explaining the steps for designating electronic media). Ms. Roberts should produce such responsive materials and designate them as Highly

Confidential. To the extent such materials are later filed with the Court, the sealing procedures set forth in the Protective Order and applicable rules will apply. No additional order is required for production to proceed.

Relatedly, Ms. Roberts has indicated that she is receiving assistance from others in connection with this litigation. *See, e.g.*, Roberts Letter at 3 (explaining that she's been "leaning on my friends for favors to help me with the technicalities [of this litigation]"). Plaintiffs raise this issue for the Court's awareness and respectfully request that the Court direct Ms. Roberts to confirm whether any third party is assisting her in this litigation and, if so, to identify those individuals, describe the nature of their involvement, and state whether they are attorneys.

***

Plaintiffs understand Ms. Roberts to be seeking the following relief: (1) an order confirming that her productions to date satisfy her ESI obligations and that she need not retain an e-discovery vendor; (2) guidance regarding the remaining discovery disputes; (3) an order compelling Plaintiffs to respond to her Supplemental Interrogatories and Amended Second Set of RFPs; and (4) an order requiring that all future meet-and-confers be recorded.

To summarize, Plaintiffs' positions are as follows:

*First,* Plaintiffs are willing to accept Ms. Roberts's representations that her productions may satisfy her discovery obligations in light of her *pro se* status and financial limitations, subject to Plaintiffs' ongoing review of the productions and reservation of rights to raise specific deficiencies if warranted. Plaintiffs do not, at this time, seek to compel Ms. Roberts to retain an e-discovery vendor.

*Second*, Plaintiffs submit that discovery negotiations are ongoing and likely capable of resolution through continued meet-and-confer efforts. While Plaintiffs do not believe further Court intervention is necessary at this time, they welcome the Court's guidance.

*Third,* Plaintiffs do not oppose responding to Ms. Roberts's discovery requests. Plaintiffs have already served Responses and Objections to the Supplemental Interrogatories and will serve Responses and Objections to the Amended Second Set on December 18, 2025, together with narrowed, proportional search terms and a sample hit report.

*Fourth*, Plaintiffs oppose Ms. Roberts's request to require audio recording of all future meet-and-confers. If the Court nonetheless permits recording, Plaintiffs respectfully request that any recordings be designated Confidential or Highly Confidential under the Protective Order.

*Fifth,* in light of Ms. Roberts's stated uncertainty regarding the handling of sensitive and explicit materials, Plaintiffs respectfully request that the Court provide guidance to Ms. Roberts— or to the Parties generally—regarding her compliance with the Protective Order, particularly with respect to designation and access limitations.

Plaintiffs' positions account for Ms. Roberts's *pro se* status and financial limitations while ensuring that discovery in this multi-party case proceeds in a proportional and orderly manner consistent with the Federal Rules of Civil Procedure and this Court's orders, and rules. Plaintiffs continue to remain prepared to confer in good faith regarding any remaining discovery issues.

              Respectfully submitted,

              Emma Bruder

cc: All counsel of record (via ECF)
   Danielle Roberts (via email)