December 15, 2025

**Via ECF**

The Honorable Magistrate Judge Cheryl Pollak
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Edmondson, et al. v. Raniere, et al.*, C.A. No. 20-cv-00485
**Joint Discovery Status Report**

Dear Magistrate Judge Pollak:

      The Parties respectfully provide the Court with a report regarding the status of discovery in this matter since the last report was submitted on October 20. On November 27, the Court directed the Parties to meet and confer in an effort to resolve issues relating to the ESI discovery of the Plaintiffs with only RICO claims ("RICO-only Plaintiffs") and to submit a status report by December 15 regarding any outstanding disputes.

### I. **Plaintiffs' Positions**

#### a. *An Update on Document Production*

      As the Court is aware, there are fourteen (14) Plaintiffs asserting civil claims for trafficking under federal law ("Trafficking Plaintiffs"). Plaintiffs' counsel obtained and produced medical records for eleven (11) of these Trafficking Plaintiffs on October 31 and December 2, 2025. Plaintiffs are diligently obtaining and reviewing medical records for the remaining Trafficking Plaintiffs and will produce those on a rolling basis.

      With respect to the RICO claims, Plaintiffs have collected documents reflecting payments for NXIVM courses and any other materials relevant to financial injury and will begin producing those materials on a rolling basis. Plaintiffs are also preparing electronic versions of responsive paper documents for production.

      To date, the only Defendant who has produced any documents is Danielle Roberts.[1]

#### b. *The Parties' ESI Negotiations Regarding RICO-Only Plaintiffs*

      In response to document requests, Plaintiffs and Defendants have exchanged search term proposals, which they are continuing to evaluate and negotiate. Once search terms are agreed upon,

---

[1] Plaintiffs are submitting a separate letter responding to Ms. Roberts' earlier letter to the Court.

Plaintiffs will run the agreed terms on the relevant sources and produce responsive, non-privileged materials on a rolling basis.

Further, Plaintiffs' counsel have undertaken ESI investigations with respect to the RICO-only Plaintiffs and provided a report to Defendants with respect to the devices and accounts of 22 such Plaintiffs on December 5.[2] Thereafter, Plaintiffs' counsel and counsel for Sara Bronfman met and conferred on December 10.

The RICO-only Plaintiffs have agreed to search for a great deal of ESI, but not on all devices or social media accounts for reasons (principally, proportionality) provided to Defendants both before and during the meet and confer discussed below. During the meet and confer and in correspondence dated December 12, counsel for Sara Bronfman disagreed about whether Plaintiffs' ESI investigation disclosures were sufficient and sought additional detail concerning Plaintiffs' devices and accounts. Plaintiffs' position is that they have complied with their obligations and that additional ESI discovery of the RICO-only Plaintiffs is disproportionate to the needs of the RICO claims and would impose undue burden and cost, which Plaintiffs will be conveying to Defendants in more detail via letter.

Plaintiffs also maintain that some of Sara Bronfman's counsel's inquiries into their ESI investigations implicate the attorney–client privilege and work-product doctrine.

Plaintiffs believe that their ESI discovery proposal for the RICO-only Plaintiffs is appropriate and that they have provided sufficient information in order for Defendants to accept Plaintiffs' representations. Having said that, Plaintiffs are willing to continue discussions with Ms. Sara Bronfman's counsel regarding ESI and the RICO-only Plaintiffs.

c. *Discovery Disputes with Danielle Roberts*

Defendant Danielle Roberts and Plaintiffs have detailed their outstanding discovery disputes in letters submitted to the Court. *See* Dkt. No. 330; Dkt. No. 333. Plaintiffs briefly summarize the issues again here for ease of reference.

Plaintiffs are currently reviewing Ms. Roberts's production and reserve all rights to raise specific issues should that review identify deficiencies. Subject to that reservation, Plaintiffs do not presently intend to move to compel additional ESI collection beyond the manual searches Ms. Roberts represents she has performed. Plaintiffs and Ms. Roberts are also continuing to address Ms. Roberts's discovery requests to Plaintiffs, including her November 11, 2025 "Supplemental Interrogatories" and Amended Second Set of Requests for Production. Plaintiffs have served Responses and Objections to the Supplemental Interrogatories and intend to serve Responses and Objections to the Amended Second Set of RFPs—together with narrowed proposed search terms and a sample hit report—on December 18, 2025.

---

[2] Plaintiffs' counsel are continuing the investigation with respect to the remaining RICO-only Plaintiffs and will provide Defendants a report on the ESI investigations for these Plaintiffs, like the one provided for the 22 other RICO-only Plaintiffs.

2

Ms. Roberts has also expressed uncertainty regarding how to handle and produce sensitive or explicit ESI, including whether such materials must be "sealed." See Dkt. No. 330. The existing Protective Order governs the designation, production, and filing of such materials. *See* Stip. Protective Order, Dkt. No. 307. Plaintiffs respectfully requested that the Court provide guidance to Ms. Roberts—or to the Parties generally—regarding her compliance with the Protective Order, particularly with respect to designation and access limitations. *See* Dkt. No. 333.

### d. Clare Bronfman Interrogatory Dispute and Storage Locker Boxes

On October 24, Defendant Clare Bronfman filed a letter concerning disputed Interrogatories, and the Court directed Plaintiffs to respond by October 31. Plaintiffs filed their response on October 31.

In addition, Plaintiffs' counsel and Ms. Bronfman's attorney have continued to correspond regarding her attorney's retrieval of the boxes from the storage locker previously discussed with the Court and believed to contain Ms. Bronfman's materials. Collection of the boxes has not yet occurred.

## II. Defendant Sara Bronfman's Positions

Defendant Sara Bronfman's document collection and processing is complete. Counsel have been working collaboratively to refine search term proposals, and on December 10, 2025 held a constructive meet-and- confer on that issue. At the same meet-and-confer, counsel for Ms. Sara Bronfman also asked Plaintiffs questions regarding Plaintiffs' device collection, and expressed disagreement with some of Plaintiffs' responses and assertions that their collection efforts were themselves privileged. Plaintiffs indicated that they would consider our position and that they would come back to us with follow up information. Following the meet-and-confer, counsel for Ms. Sara Bronfman sent Plaintiffs a letter outlining summarizing the parties' positions on the issue of device collection. Counsel for Ms. Sara Bronfman hopes to resolve the matter without the intervention of the Court, but will inform the Court if resolution is not possible.

## III. Defendant Keith Raniere's and Clare Bronfman's Positions

Defendants Keith Raniere and Clare Bronfman have cultivated responsive discovery materials in their possession and are in the process of uploading into the portal. As they have been doing so, Counsel is running search terms provided by Plaintiffs, and is cooperatively working with Counsel for all parties to refine search terms to be more productive.

Counsel for Mr. Raniere and Clare Bronfman has been discussing a resolution to the treatment of boxes of material in Plaintiff Counsel's possession and hopes to resolve that dispute shortly. We also join the concerns of Sara Bronfman's attorneys in reaching a resolution on the investigation/determination of which Plaintiff electronic devices will be searched/produced.

## IV. Defendant Danielle Roberts's Positions

3

Since the last status conference, the Plaintiffs and I met and conferred on October 29, 2025. Following that meeting, I prepared and filed a letter on November 14th requesting a protective order for my proposed ESI protocol. That letter also outlined my discovery submissions and requested that Plaintiffs respond to my straightforward discovery requests within 30 days of its filing.

On December 11, 2025, Plaintiffs served answers to my amended interrogatories. Those answers include broad objections that will require further meet-and-confer efforts between the parties. Additionally, although I had propounded 50 interrogatories, Plaintiffs responded to only 25, citing the limit under Federal Rule of Civil Procedure 33. I seek Plaintiffs' stipulation to additional interrogatories. In the event that stipulation cannot be reached, I respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 33(a)(1) and 26(b)(1) permitting me to serve up to 50 interrogatories, as I believe all are necessary to adequately prepare my defense in this matter.

Plaintiffs have requested, and I have granted, an extension until December 18, 2025, to respond to my document requests. Plaintiffs have also indicated via email that they are preparing a counterproposal to my ESI protocol, but no such counterproposal has been provided to date, despite the passage of more than 30 days since my filing.

I await the Court's ruling on my request for a protective order regarding the ESI protocol in order to proceed with any remaining discovery obligations on my part. I also await the Court's ruling on my request to record future meet and confers in order to continue meeting with the Plaintiffs regarding disputes.

Additionally, on November 17, 2025 (one day after filing my initial letter on the ESI and discovery issues), I filed a follow-up letter requesting that both that letter and my prior Motion to Compel be designated as confidential discovery materials and removed from the public docket. Those filings have now been publicly available for approximately one month. I humbly request The Court address this breach as soon as possible.

Finally, on November 7, 2025, I submitted a proposed subpoena to the Pro Se Office requesting issuance by the Clerk of Court and received email confirmation the Court receipt of 2 files submitted to Pro Se Portal. (I also submitted this to The Court and the Plaintiffs in my letter Nov. 14th). I followed up with the Pro Se Office the same day and confirmed receipt with Joe. I also called daily for a week checking on the status speaking with all 3 clerks (Joe, Q and another female clerk who's name escapes me at the moment), but the subpoena has not yet been processed. When I called again this morning, I spoke to Q and he states there is no record of the subpoena on the docket, in the file or in the pro se portal, despite my speaking with him about it twice 5 weeks earlier for processing updates. I have submitted it again this morning to the pro se portal. This subpoena is critical to obtaining evidence supporting dismissal of the remaining allegation against me, as detailed in my prior correspondence to the Court. I respectfully request the Court's assistance in ensuring prompt processing.

Thank you for Your Honor's attention to these matters. I remain available at the Court's convenience for any further status conference or direction.

Dated:  December 15, 2025

**SUBMITTED BY:**

*Attorneys for Plaintiffs*

/s/ Zahra R. Dean
Robert A. Swift
William E. Hoese
Zahra R. Dean
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
rswift@kohnswift.com
whoese@kohnswift.com
zdean@kohnswift.com

Greg G. Gutzler
Emma Bruder
DICELLO LEVITT LLP
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

Adam M. Prom
DICELLO LEVITT LLP
10 North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Agnieszka M. Fryszman
Brendan R. Schneiderman
COHEN MILSTEIN SELLERS
  & TOLL PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600

**APPROVED:**

Aaron M. Goldsmith
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
aarongoldsmithlaw@gmail.com

*Attorney for Keith Raniere and Clare Bronfman*

Robin A. Henry
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
801 17th Street, NW
Washington, DC 20006
(202) 639-7040
robin.henry@friedfrank.com

Anne Aufhauser
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza,
New York, NY 10004

*Attorneys for Sara Bronfman*

Danielle Roberts
575 Easton Ave, Apt. 18
Somerset, NJ 08873
(516) 480-1700

afryszman@cohenmilstein.com            *Pro Se Defendant*
bschneiderman@cohenmilstein.com

Mary Brown
COHEN MILSTEIN SELLERS
  & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
(212) 220-2924
mabrown@cohenmilstein.com