# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF NEW YORK

```
--------------------------------------------------X
EDMONSON, et al,                                        Docket No.: 20 CV 485 (EK)(CLP)

                    Plaintiff,
                                                        ANSWER TO FOURTH
        -against-                                       AMENDED COMPLAINT

KEITH RANIERE, et al

                    Defendants.
--------------------------------------------------X
```

Defendant CLARE BRONFMAN, by and through his attorney AARON M. GOLDSMITH, ESQ., Answers the current, Fourth Amended Complaint (Doc.342, Filed: 02/17/2026) in the above-captioned matter, as follows:

### IN ANSWER TO AVERRMENTS COMMON TO ALL CAUSES OF ACTION

1.      Denies the allegations and characterizations contained in the introductory paragraphs.

2.      Denies the allegations contained in paragraphs 1 and 2 of the Complaint.

3.      Denies the allegations of a leadership position, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint.

4.      Denies the allegations contained in paragraphs 4, 5 and 6 of the Complaint.

5.      Admits the allegations contained in paragraph 7 of the Complaint.

6.      Admits in part, the allegations as to the Answering Defendant only as contained in paragraph 8 of the Complaint.  To wit: admits to being convicted and being sentenced to a term of 81 months imprisonment following a plea of guilty to violating 8 USC §1324(a)(1)(A)(v)(1) and 18 USC §1028 et seq; and denies all other allegations.

7.      Admits in part and denies knowledge or information sufficient in part, the allegations

contained in paragraph 9 of the Complaint.  To wit:  admits that Defendant Raniere is serving a 120 year sentence, but denies knowledge sufficient to form a belief as to all other allegations contained therein.

8.    Admits in part and denies in part, the allegations contained in paragraph 10 of the Complaint.  To wit: Admits to being a citizen of the State of New York, is the daughter of Edgar Bronfman, Sr., and the sister of Defendant Sara Bronfman, and that she served an 81 month sentence.  Denies all other allegations contained therein.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11, 12, 13, 14, 15 and 16 of the Complaint.

10.    Denies the allegations contained in paragraphs 17 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

12.    The Answering Defendant takes no position as the allegations contained in paragraph 19 are conclusions of law.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 20, 21, 22, 23 and 24 of the Complaint.

14.    Admits that Defendant Raniere based NXIVM's curricula on a "rational inquiry" method; and denies knowledge or information sufficient to form a belief as to all other allegations contained in paragraph 25 of the Complaint.

15.    Admits in part and denies knowledge or information sufficient to form a belief as to the truth in part.  To wit: admits that the curricula was the principal revenue generating activity, and denies knowledge sufficient to form a belief as to all other allegations contained in paragraph 26 of the Complaint.

16.     Admits in part and denies in part the allegations contained in paragraph 27 of the Complaint.  To wit:  admits that NXIVM was based in Albany, NY; and denies all other allegations contained therein.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

18.     Admits in part and denies in part, the truth of the allegations contained in paragraph 29 of the Complaint.  To wit: admits to relocating to New York.  Denies all other allegations contained therein.

19.     Admits in part and denies in part, the allegations contained in paragraph 30 of the Complaint.  To wit: Admits to having management positions in certain NXIVM related corporations.  Denies all other allegations contained therein.

20.     Admits in part and denies in part, the allegations contained in paragraph 31 of the Complaint.  To wit: Admits to being a member of the executive board of NXIVM and ESP, and to having described Defendant Raniere as her "best friend."  Denies all other allegations therein.

21.     Admits in part and denies in part, the allegations contained in paragraph 32 of the Complaint.  To wit: Admits that she was a Trustee of Ethical Humanitarian Foundation.  Denies all other allegations contained therein.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

23.     Admits in part and denies in part, the allegations contained in paragraph 34 of the Complaint.  To wit: Admits to having a close relationship with Defendant Raniere.  Denies all other allegations contained therein.

24. Admits in part and denies knowledge or information sufficient in part, the allegations contained in paragraph 35 of the Complaint. Admits to pleading guilty to fraudulent use of identification, and denying knowledge or information sufficient to form a belief as to the truth of all other allegations.

25. Denies the allegations contained in paragraphs 36, 37 and 38 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

27. Denies the allegations contained in paragraph 40 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

31. Denies the allegations contained in paragraph 44 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 45 of the Complaint.

33. Denies the allegations contained in paragraphs 46 and 48 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 47, 49, 50 and 51 of the Complaint.

35. Denies the allegations contained in paragraphs 52, 53 and 54 of the Complaint.

36. Admits in part and denies in part the allegations contained in paragraph 55 of the Complaint. To wit: admits that NXIVM employed techniques including ranking system

with titles, special handshakes and deferential practices.  Denies all other allegations contained therein.

37.     Denies the allegations contained in paragraphs 56, 57, 58 and 59 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 60 and 61 of the Complaint.

39.     Denies the allegations contained in paragraphs 62 and 63 of the Complaint.

40.     Admits in part and denies in part the allegations contained in paragraph 64 of the Complaint.  To wit: admits to having pled guilty to harboring an alien for financial gain. Denies all other allegations contained therein.

41.     Denies the allegations contained in paragraphs 65, 66, 67, 68, 69 and 70 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 71 and 72 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

45.     Denies the allegations contained in paragraph 75 of the Complaint.

46.     Admits in part and denies in part the allegations contained in paragraph 76 of the Complaint.  To wit:  admits the Answering Defendant threatened legal action for violating a non-compete clause Lindsay had signed with NXIVM.  Denies all other allegations contained therein.

47.     Denies the allegations contained in paragraph 77 of the Complaint.

48.     Admits in part and denies knowledge or information sufficient to form a belief as to the truth of the allegations in part. To wit: admits to requesting Maja's resume; and denies knowledge sufficient to form a belief as to all other allegations contained in paragraph 78 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 79 and 80 of the Complaint.

50.     Denies the allegations contained in paragraphs 81 and 82 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 83 and 84 of the Complaint.

52.     Denies the allegations contained in paragraphs 85 and 86 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 87, 88, 89 and 90 of the Complaint.

54.     Denies the allegations contained in paragraph 91 of the Complaint.

55.     Denies in part and denies knowledge or information sufficient to form a belief as to the truth, in part, to the allegations contained in paragraph 92 of the Complaint. To wit: denies knowledge or information sufficient to form a belief as to the truth of the allegations related to Defendant Raniere inviting Adrienne Stiles to become a member in the various alleged organizations. Denies all other allegations contained therein.

56.     Denies the allegations contained in paragraphs 93, 94, 95, 96, 97, 98 and 99 of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128,

129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159 and 160 of the Complaint.

58.     Admits in part and denies in part the allegations contained in paragraph 161.  To wit: Admits that Sylvie worked for the Answering Defendant.  Denies all other allegations therein.

59.     Denies the allegations contained in paragraph 162 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 163, 164 and 165 of the Complaint.

61.     Denies the allegations contained in paragraphs 166 of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of the Complaint.

63.     Admits in part and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168 of the Complaint.  To wit: admits that certain enumerated plaintiffs contacted the Answering Defendant for the return of their collateral.  Denies knowledge or information sufficient to form a belief as to all other allegations therein.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 of the Complaint.

65.     Denies the allegations contained in paragraphs 170 and 171 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 172 and 173 of the Complaint.

67.     Denies the allegations contained in paragraphs 174 and 175 of the Complaint.

68.     Admits in part and denies in part the allegations contained in paragraphs 176 of the

Complaint.  To wit: admits that the Answering Defendant funded  Defendant Raniere's legal defense.  Denies all other allegations contained therein.

69.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 177, 178 and 179 of the Complaint.

70.    Denies the allegations contained in paragraph 180 and 181 of the Complaint.

71.    Admits in part and denies in part the allegations contained in paragraph 182 of the Complaint.  To wit: admits that the Answering Defendant brought adversarial actions surrounding Barbara Bouchey's bankruptcy.  Denies all other allegations contained therein.

72.    Denies the allegations contained in paragraph 183 of the Complaint.

73.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 184 and 185 of the Complaint.

74.    Denies the allegations contained in paragraphs 186 and 187 of the Complaint.

75.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 188, 189 and 190 of the Complaint.

76.    Admits the allegations contained in paragraph 191 of the Complaint only insofar as the Answering Defendant pled guilty to harboring a single alien.

77.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 192 of the Complaint.

## IN ANSWER TO COUNT I

78.    Admits, denies and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 – 193 of the Complaint, as if more fully and completely reiterated herein.

79.    Denies the allegations contained in paragraphs 194, 195, 196, 197 and 198 of the

Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199 and 200 of the Complaint.

81.     Denies the allegations contained in paragraphs 201, 202, 203, 204, 205, 206, 207, 208 and 209 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 210, 211, 212, 213, 214, 215 and 216 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 217, 218, 219, 220, 221, 222, 223 and 224 of the Complaint.

84.     Denies the allegations contained in paragraphs 225, 226, 227, 228 and 229 of the Complaint.

## IN ANSWER TO COUNT II

85.     Admits, denies and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 – 230 of the Complaint, as if more fully and completely reiterated herein.

86.     Denies the allegations contained in paragraphs 231, 232, 233 and 234 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 235, 236, 237, 238, 239 and 240 of the Complaint.

## IN ANSWER TO COUNT III

88.     Admits, denies and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 – 241 of the Complaint, as if more

fully and completely reiterated herein.

89.     Denies the allegations contained in paragraphs 242, 243, 244, 245, 246 and 247 of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 248 and 249 of the Complaint.

91.     Denies the allegations contained in paragraphs 250, 251 and 252 of the Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 253, 254, 255, 256 and 257 of the Complaint.

93.     Denies the allegations contained in paragraphs 258, 259, 260, 261 and 262 of the Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 263, 264, 265, 266, 267, 268, 269 and 270 of the Complaint.

95.     Denies the allegations contained in paragraphs 271 and 272 of the Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 273, 274, 275, 276 and 277 of the Complaint.

97.     Denies the allegations contained in paragraphs 278, 279 and 280 of the Complaint.

## IN ANSWER TO STATE LAW CLAIMS and REMAINING COUNTS THROUGH X

98.     Admits, denies and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 – 281 of the Complaint, as if more fully and completely reiterated herein.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292,

293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308 and 309 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

100.    Plaintiffs have failed to state causes of action against Defendant CLARE BRONFMAN upon which may properly be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

101.    Upon information and belief, that if the Plaintiff sustained damages as alleged, which allegations are denied, such damages were caused or contributed to, in whole or in part, by the culpable conduct, breach of duty and carelessness on the part of the Plaintiff and/or other persons over whom Answering Defendants had no duty to supervise or control, without negligence or fault on the part of said Defendants contributing thereto, which requires a dismissal of all claims against the Answering Defendants, or a proportionate diminution in any recovery to which Plaintiff might otherwise be entitled.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

102.    Upon information and belief, Plaintiffs recovery, if any, must be reduced by the amount of collateral payments received in accordance with CPLR § 4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

103.    Upon information and belief, if the Plaintiffs sustained damages as alleged, which allegations are denied, such damages were solely caused by Plaintiff's own negligence, and/or other conduct.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

42.    Answering Defendant had no duty with respect to the defect, condition, appurtenance, and/or structure with which Plaintiff claims she was injured on or by.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

43. Answering Defendant lacked knowledge, constructive or otherwise, of the alleged defect or condition that Plaintiff claims caused her injur(ies), and Answering Defendant did not create or cause the alleged defect or condition.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

44. If the Plaintiffs sustained injuries as alleged in the Complaint, said injuries were proximately caused by independent, intervening and superseding causes which could not have been reasonably foreseen and for which the Answering Defendant is not liable or responsible.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

45. Upon information and belief, all hazards and risks incident to the circumstances set forth in the Complaint were open, obvious and apparent, and were readily assumed by the Plaintiffs.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

46. That whatever injuries and/or damages that were sustained by the Plaintiffs, at the time and place alleged, were the result of the Plaintiffs assumption of risk, in realizing and knowing the hazards thereof, and that Plaintiffs assumed all risks necessarily incidental to such an undertaking.

### AS AND FOR A FIRST COUNTERCLAIM

47. Answering Defendant CLARE BRONFMAN repeats, reiterates and realleges each and every answer and affirmative defense set forth above, as if more fully and completely restated herein.

48. Plaintiffs have brought a baseless and meritless action against the Answering Defendant in an effort to harass and annoy the Answering Defendant.

49. Plaintiffs have brought a baseless and meritless action against the Answering Defendant in an effort to gain financially without cause.

50. Plaintiffs have brought a baseless and meritless action against the Answering Defendant in an effort to further malign the Answering Defendant in the public forum of court.

51. Plaintiffs have brought a baseless and meritless action against the Answering Defendant forcing her to incur substantial legal fees and costs associated with defending herself.

52. As a result of the Plaintiffs' baseless and meritless actions, the Answering Defendant must be issued an Order whereby Plaintiffs are required to reimburse the Answering Defendant for all legal fees and costs incurred by her in the defense of this matter, to be established at an Inquest held before this Court.

Answering Defendant hereby reserves the right to file any motion(s) seeking leave to amend this pleading, for the purpose of revising any responses, revising and/or including additional Affirmative Defenses and/or Counterclaims based upon evidence adduced from any party during discovery.

WHEREFORE, it is respectfully requested that this Court issue an Order dismissing the FOURTH AMENDED COMPLAINT in its entirety; granting Defendant CLARE BRONFMAN reimbursement for all legal fees and costs incurred in the defense of this matter; and for such other and further relief as this Court deems just and proper.

Dated: New York, NY
       March 17, 2026

_____
AARON M. GOLDSMITH, ESQ. (AG4773)
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
(914) 462-3912 (fax)
*aarongoldsmithlaw@gmail.com*

TO:

CLERK OF THE COURT
225 Cadman Plaza West
Brooklyn, NY 11021

KOHN, SWIFT & GRAF, PC
Attorneys for Plaintiffs
1600 Market St., Suite 2500
Philadelphia, PA 19103
(215) 238-1700

DICELLO LEVITT, LLP
Attorneys for Plaintiffs
Attn: Emma Bruder, Esq.
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
*ebruder@dicellolevitt.com*

FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
Attorneys for Defendant Sara Bronfman
One New York Plaza
New York, NY 10004
(212) 859-8000

DANIELLE ROBERTS, MD, Defendant *Pro Se*
All counsel/parties via ECF only

# CERTIFICATION OF MAILING

This is to certify that a copy of the foregoing was delivered via electronic means, this 17TH day of March, 2026, in compliance with the local rules of practice and procedure, to the person(s) and/or entities as listed below.

KOHN, SWIFT & GRAF, PC
Attorneys for Plaintiffs
1600 Market St., Suite 2500
Philadelphia, PA 19103
(215) 238-1700

DICELLO LEVITT, LLP
Attorneys for Plaintiffs
Attn: Emma Bruder, Esq.
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
*ebruder@dicellolevitt.com*

FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
Attorneys for Defendant Sara Bronfman
One New York Plaza
New York, NY 10004
(212) 859-8000

DANIELLE ROBERTS, MD, Defendant *Pro Se*

_____
AARON M. GOLDSMITH (AG4773)