# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X

EDMONSON, *et al,*

               Plaintiff,

    -against-

KEITH RANIERE, *et al*

               Defendants.

-------------------------------------------------X

Docket No.: **20 CV 485 (EK)(CLP)**


**ANSWER TO FOURTH
<u>AMENDED COMPLAINT</u>**

Defendant KEITH RANIERE, by and through his attorney AARON M. GOLDSMITH, ESQ., Answers the current, Fourth Amended Complaint (Doc.342, Filed: 02/17/2026) in the above-captioned matter, as follows:

### IN ANSWER TO AVERRMENTS COMMON TO ALL CAUSES OF ACTION

1.      Denies the allegations and characterizations contained in the introductory paragraphs.

2.      Admits the allegations contained in paragraph 1 of the Complaint.

3.      Denies the allegations contained in paragraphs 2 and 3 of the Complaint as to the Answering Defendant. Denies knowledge or information sufficient to form a belief as to the truth of the allegations against all other current and former defendants.

4.      Denies the allegations contained in paragraphs 4, 5 and 6 of the Complaint.

5.      Admits the allegations contained in paragraph 7 of the Complaint.

6.      Admits in part, the allegations as to the Answering Defendant only as contained in paragraph 8 of the Complaint. To wit: admits to being convicted and being sentenced to a term of 120 months imprisonment following a jury trial, and denies all other allegations.

7.      Admits in part and denies knowledge or information sufficient in part, the allegations contained in paragraph 9 of the Complaint. To wit: admits that the Answering Defendant

is a citizen of the State of New York, serving a 120 year sentence, but denies knowledge sufficient to form a belief as to all other allegations contained therein.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10, 11, 12, 13, 14, 15 and 16 of the Complaint.

9. Denies the allegations contained in paragraphs 17 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

11. The Answering Defendant takes no position as the allegations contained in paragraph 19 are conclusions of law.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 20, 21 and 22 of the Complaint.

13. Admits in part and denies in part, the allegations contained in paragraph 23 of the Complaint. To wit: admits that the Answering Defendant operated the company known as "Consumers Buyline, Inc.," and that the Answering Defendant paid a penalty of $40,000.00 to the State of New York. Denies all other allegations contained therein.

14. Admits in part and denies in part, the allegations contained in paragraph 24 of the Complaint. Admits that in or about 1998 the Answering Defendant formed NXIVM with former Defendant SALZMAN. Denies all other allegations contained therein.

15. Admits in part and denies in part, the allegations contained in paragraph 25 of the Complaint. To wit: admits that NXIVM's curricula was based on a "rational inquiry" method; and denies all other allegations contained therein.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

17. Admits in part and denies in part the allegations contained in paragraph 27 of the Complaint. To wit: admits that NXIVM was based in Albany, NY; and denies all other allegations contained therein.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28, 29, 30, 31, 32 and 33 of the Complaint. Also denies the characterizations and conclusions contained in paragraph 32 of the Complaint.

19. Admits in part and denies in part, the truth of the allegations contained in paragraph 34 of the Complaint. To wit: admits to developing a close relationship with Defendant CLARE BRONFMAN. Denies all other allegations contained therein.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth in part and denies in part, the allegations contained in paragraph 36 of the Complaint. To wit: denies knowledge sufficient to form a belief as to the allegations related to financial backers. Denies all other allegations contained therein.

22. Denies the allegations contained in paragraphs 37 and 38 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

24. Denies the allegations contained in paragraph 40 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

26. Denies the allegations contained in paragraph 42 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 43 of the Complaint.

28. Denies the allegations contained in paragraph 44 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 45 of the Complaint.

30. Denies in part and denies knowledge or information sufficient to form a belief as to the truth in part, of the allegations contained in paragraphs 46 of the Complaint. To wit: denies knowledge or information sufficient as to allegations involving PAM CAFRITZ' credit card. Denies all other allegations therein.

31. Denies the allegations contained in paragraph 47 of the Complaint.

32. Denies in part and denies knowledge or information sufficient to form a belief as to the truth in part, of the allegations contained in paragraph 48 of the Complaint. To wit: Denies knowledge or information as to financial figures alleged; denies all other paragraphs therein.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

34. Denies the allegations contained in paragraphs 49, 50, 52, 53 and 54 of the Complaint.

35. Admits in part and denies in part the allegations contained in paragraph 55 of the Complaint. To wit: admits that NXIVM employed techniques including ranking system with titles, special handshakes and deferential practices. Denies all other allegations contained therein.

36. Denies the allegations contained in paragraphs 56, 57, 58 and 59 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 60, 61 and 62 of the Complaint.

38. Denies the allegations contained in paragraphs 63 and 64 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 65 and 66 of the Complaint.

40. Denies the allegations contained in paragraphs 67, 68, 69 and 70 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 71 and 72 of the Complaint.

42. Denies the allegations contained in paragraphs 73 and 74 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 and 76 of the Complaint.

44. Denies the allegations contained in paragraph 77 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 78, 79, 80 and 81 of the Complaint.

46. Denies the allegations contained in paragraphs 82 and 83 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 84, 85 and 86 of the Complaint.

48. Denies the allegations contained in paragraphs 87, 88, 89 and 90 of the Complaint.

49. Admits in part and denies in part the allegations contained in paragraph 91 of the Complaint. Admits that in or about 2014 sub-groups of NXIVM were created, but denies all other allegations therein.

50. Denies the allegations contained in paragraphs 92, 93, 94 and 95 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 96 and 97 of the Complaint.

52. Denies the allegations contained in paragraph 98 of the Complaint.

53. Denies the allegations as to the Answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraphs 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116 and 117 of the Complaint.

54. Denies the allegations contained in paragraph 118 of the Complaint.

55. Denies the allegations as to the Answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraphs 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182 and 183 of the Complaint.

56. Admits in part and denies in part the allegations contained in paragraph 184. To wit: Admits the legal action was taken for infringement of intellectual property, but denies all other allegations therein.

57. Denies the allegations as to the Answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraphs 185, 186, 187, 188, 189, 190 and 191 of the Complaint.

58. Admits the allegations contained in paragraph 192 of the Complaint.

**<u>IN ANSWER TO COUNT I</u>**

59. Admits, denies and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 – 193 of the Complaint, as if more fully and completely reiterated herein.

60.     Denies the allegations contained in paragraphs 194, 195, 196, 197 and 198 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199 and 200 of the Complaint.

62.     Denies allegations against the Answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraphs 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228 and 229 of the Complaint.

**IN ANSWER TO COUNT II**

63.     Admits, denies and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 – 230 of the Complaint, as if more fully and completely reiterated herein.

64.     Denies the allegations against the Answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraphs 231, 232, 233, 234, 235, 236, 237, 238, 239 and 240 of the Complaint.

**IN ANSWER TO COUNT III**

65.     Admits, denies and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 – 241 of the Complaint, as if more fully and completely reiterated herein.

66.     Denies the allegations against the Answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraphs 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275,

276, 277, 278, 279 and 280 of the Complaint.

**IN ANSWER TO STATE LAW CLAIMS and REMAINING COUNTS THROUGH X**

67.    Admits, denies and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 – 281 of the Complaint, as if more fully and completely reiterated herein.

68.    Denies the allegations against the Answering Defendant and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308 and 309 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

69.    Plaintiffs have failed to state causes of action against Defendant KEITH RANIERE upon which may properly be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

70.    Upon information and belief, that if the Plaintiff sustained damages as alleged, which allegations are denied, such damages were caused or contributed to, in whole or in part, by the culpable conduct, breach of duty and carelessness on the part of the Plaintiff and/or other persons over whom Answering Defendants had no duty to supervise or control, without negligence or fault on the part of said Defendants contributing thereto, which requires a dismissal of all claims against the Answering Defendants, or a proportionate diminution in any recovery to which Plaintiff might otherwise be entitled.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

71.    Upon information and belief, Plaintiffs recovery, if any, must be reduced by the amount of collateral payments received in accordance with CPLR § 4545.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

72.     Upon information and belief, if the Plaintiffs sustained damages as alleged, which allegations are denied, such damages were solely caused by Plaintiff's own negligence, and/or other conduct.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

42.     Answering Defendant had no duty with respect to the defect, condition, appurtenance, and/or structure with which Plaintiff claims she was injured on or by.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

43. Answering Defendant lacked knowledge, constructive or otherwise, of the alleged defect or condition that Plaintiff claims caused her injur(ies), and Answering Defendant did not create or cause the alleged defect or condition.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

**44.** If the Plaintiffs sustained injuries as alleged in the Complaint, said injuries were proximately caused by independent, intervening and superseding causes which could not have been reasonably foreseen and for which the Answering Defendant is not liable or responsible.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

45. Upon information and belief, all hazards and risks incident to the circumstances set forth in the Complaint were open, obvious and apparent, and were readily assumed by the Plaintiffs.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

46. That whatever injuries and/or damages that were sustained by the Plaintiffs, at the time and place alleged, were the result of the Plaintiffs assumption of risk, in realizing and knowing the hazards thereof, and that Plaintiffs assumed all risks necessarily incidental to such an

undertaking.

### AS AND FOR A FIRST COUNTERCLAIM

47. Answering Defendant KEITH RANIERE repeats, reiterates and realleges each and every answer and affirmative defense set forth above, as if more fully and completely restated herein.

48. Plaintiffs have brought a baseless and meritless action against the Answering Defendant in an effort to harass and annoy the Answering Defendant.

49. Plaintiffs have brought a baseless and meritless action against the Answering Defendant in an effort to gain financially without cause.

50. Plaintiffs have brought a baseless and meritless action against the Answering Defendant in an effort to further malign the Answering Defendant in the public forum of court.

51. Plaintiffs have brought a baseless and meritless action against the Answering Defendant forcing her to incur substantial legal fees and costs associated with defending herself.

52. As a result of the Plaintiffs' baseless and meritless actions, the Answering Defendant must be issued an Order whereby Plaintiffs are required to reimburse the Answering Defendant for all legal fees and costs incurred by her in the defense of this matter, to be established at an Inquest held before this Court.

Answering Defendant hereby reserves the right to file any motion(s) seeking leave to amend this pleading, for the purpose of revising any responses, revising and/or including additional Affirmative Defenses and/or Counterclaims based upon evidence adduced from any party during discovery.

WHEREFORE, it is respectfully requested that this Court issue an Order dismissing the FOURTH AMENDED COMPLAINT in its entirety; granting Defendant KEITH RANIERE reimbursement for all legal fees and costs incurred in the defense of this matter; and for such other and further relief as this Court deems just and proper.

Dated: New York, NY
March 27, 2026

_____
AARON M. GOLDSMITH, ESQ. (AG4773)
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
(914) 462-3912 (fax)
*aarongoldsmithlaw@gmail.com*

TO:

CLERK OF THE COURT
225 Cadman Plaza West
Brooklyn, NY 11021

KOHN, SWIFT & GRAF, PC
Attorneys for Plaintiffs
1600 Market St., Suite 2500
Philadelphia, PA 19103
(215) 238-1700

DICELLO LEVITT, LLP
Attorneys for Plaintiffs
Attn: Emma Bruder, Esq.
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
*ebruder@dicellolevitt.com*

FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
Attorneys for Defendant Sara Bronfman
One New York Plaza
New York, NY 10004
(212) 859-8000

DANIELLE ROBERTS, MD, Defendant *Pro Se*
All counsel/parties via ECF only

# <u>CERTIFICATION OF MAILING</u>

This is to certify that a copy of the foregoing was delivered via electronic means, this 30TH day of March, 2026, in compliance with the local rules of practice and procedure, to the person(s) and/or entities as listed below.

KOHN, SWIFT & GRAF, PC
Attorneys for Plaintiffs
1600 Market St., Suite 2500
Philadelphia, PA 19103
(215) 238-1700

DICELLO LEVITT, LLP
Attorneys for Plaintiffs
Attn: Emma Bruder, Esq.
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
*ebruder@dicellolevitt.com*

FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
Attorneys for Defendant Sara Bronfman
One New York Plaza
New York, NY 10004
(212) 859-8000

DANIELLE ROBERTS, MD, Defendant *Pro Se*

AARON M. GOLDSMITH (AG4773)