Danielle Roberts, DO, MS
Email:Danielle@drdanielleroberts.com
Direct Line: 516.480.0700
April 3, 2026

*** Filed ***
02:15 PM, 03 Apr, 2026
U.S.D.C., Eastern District of New York

The Honorable Peggy Cross-Goldenberg
Chief Magistrate Judge
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201


Re: Edmondson et al. v. Raniere et al., C.A. No. 20-cv-00485


Dear Chief Judge Cross-Goldenberg:

Defendant Danielle Roberts, DO, MS, proceeding *pro se*, respectfully submits this Application pursuant to Federal Rules of Civil Procedure 45(a)(3) and 26(b)(1). Defendant requests that the Court:

(1) clarify the basis for its denial of Defendant's prior application for issuance of a subpoena (Docket Entry 327); and (2) provide specific guidance so that Defendant may resubmit a corrected application and proposed subpoena that complies with all applicable rules and will be accepted for issuance.

Background and Procedural History

As the Court is aware, the only claim remaining against Defendant Roberts is a single battery claim. Plaintiffs allege that they did not consent to certain conduct. The document Defendant seeks through the subpoena contains direct admissions of consent by one or more of the Plaintiffs who assert that very same lack-of-consent theory. This document is therefore central to Defendant's defense and to the potential dismissal of the sole remaining allegation against her.

Because Defendant is proceeding *pro se*, she lacks authority under Fed. R. Civ. P. 45(a)(3) to issue the subpoena herself and must obtain leave of Court. Defendant previously submitted an application for issuance of the subpoena (Dkt. 327). That application was denied. Defendant contacted the Clerk's Office for guidance and was informed that no written rejection slip or statement of reasons accompanied the denial. Without knowing the specific deficiencies, Defendant cannot correct and resubmit a compliant application.

Relevance and Proportionality Under Rule 26(b)(1)

The requested document satisfies both the relevance and proportionality requirements of Fed. R. Civ. P. 26(b)(1).

**Relevance.** The document is relevant to a party's claim or defense. It directly addresses the core element of the remaining battery claim—Plaintiffs' alleged lack of consent. Admissions of consent

by the very Plaintiffs who bring the claim are plainly relevant to whether the alleged battery occurred.

**Proportionality.** The request is proportional to the needs of the case after considering the six factors set forth in Rule 26(b)(1):

1. **Importance of the issues at stake.** This is a civil battery claim involving allegations of non-consensual conduct. The document goes to the heart of the dispute.
2. **Amount in controversy.** The remaining claim against Defendant Roberts is one of the last live allegations in this long-pending action. Resolution of this single claim is significant to both sides.
3. **Parties' relative access to relevant information.** Plaintiffs (or the third-party recipient of the subpoena) have superior or exclusive access to the document. Defendant has no other means of obtaining it.
4. **Parties' resources.** Defendant is proceeding *pro se* and has limited resources. The subpoena imposes minimal burden on the recipient (a single, narrowly described document).
5. **Importance of the discovery in resolving the issues.** The document is likely outcome-determinative on the sole remaining claim against Defendant. It may support summary judgment or dismissal.
6. **Burden or expense versus likely benefit.** The burden is negligible: production of one document (or a small set of related documents) that already exists. The benefit is substantial—it directly bears on whether the battery claim can survive. The request is therefore well within the proportionality limits of Rule 26(b)(1).

The proposed subpoena is narrowly tailored: it seeks only the specific document containing the consent admissions, limited to the relevant Plaintiffs and the time period connected to the events alleged in the Third Amended Complaint. No broader "all documents" language is used.

Relief Requested

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Clarify the specific reasons for the denial of the prior subpoena application (Dkt. 327);
2. Provide guidance on the form, content, and any additional requirements for a successful resubmission; and
3. Grant Defendant leave to resubmit the corrected application and proposed subpoena.

Respectfully,

*/s/ Danielle Roberts*
Danielle Roberts
235 Pavonia Ave, Apt 769
Jersey City, NJ 07302
516.480.1700
Danielle@drdanielleroberts.com

**Date:** April 3, 2026
cc: All counsel via ECF