# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SARAH EDMONDSON, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 20-CV-485 |
| v. | : | |
| | : | |
| KEITH RANIERE, et al., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER
TO SHOW CAUSE REGARDING DEFENDANT DANIELLE ROBERTS' REQUESTS
IN HER ANSWER TO HAVE CERTAIN STATEMENTS STRICKEN FROM THE
FOURTH AMENDED COMPLAINT**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

LEGAL STANDARDS ................................................................................................... 2

ARGUMENT .................................................................................................................. 3

    Paragraph 6 ............................................................................................................. 3

    Paragraph 92 ........................................................................................................... 4

    Paragraph 93 ........................................................................................................... 4

    Paragraph 106 ......................................................................................................... 5

    Paragraph 242 and footnote 82 .............................................................................. 5

    Paragraph 258 ......................................................................................................... 6

CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITY

*Cadet v. Alliance Nursing Staffing of New York, Inc.*,
    2023 WL 3872574, at *1 (S.D.N.Y. Jan. 6, 2023)...........................................................2, 3

Plaintiffs respectfully respond to the order to show cause why the Court should not grant defendant Danielle Roberts' ("Roberts") requests in her Answer (ECF No. 349) for the Court to strike certain statements from the Fourth Amended Complaint ("FAC"), ECF No. 364.[1] Roberts is using these requests to strike to continue her narrative on behalf of convicted felon Keith Raniere, that DOS and NXIVM were benign rather than enterprises that engaged in racketeering, sex trafficking, and other crimes. Plaintiffs disagree with Roberts' arguments, but as a compromise offer that Roberts name can be stricken from footnote 82. The remainder of Roberts' requests to strike should be denied for the reasons set forth below.

## INTRODUCTION

Roberts was part of NXIVM and DOS, along with defendant Keith Raniere, and former defendants Allison Mack, Lauren Salzman, and Nicki Clyne. Plaintiffs allege that Raniere created DOS as a means, among other things, to procure women for sex. As part of DOS, Roberts was chosen and instructed to brand DOS slaves with Raniere's initials as part of a ritual created by the DOS grandmaster, Keith Raniere. And brand she did, including four of the Plaintiffs.

In its order ruling on the parties' disputes about the content of the FAC, the Court stated that "[a]llegations that defendant Roberts branded the DOS Plaintiffs should remain; however, language regarding Roberts's knowledge of a broader conspiracy should be stricken. *See, e.g.*, Proposed FAC ¶ 289, ECF No. 321-1." ECF No. 341. In preparing the FAC Plaintiffs complied with the Court's Order, and Roberts only challenges a small number of statements in the FAC.

---

[1] For the Court's convenience, Plaintiffs attach the FAC and Roberts' Answer as Exhibits 1 and 2, respectively.

As set forth below, Plaintiffs agree to strike one reference to Roberts in footnote 82. With respect to the other statements Roberts wants stricken, she has not met her burden.

In addition to a few paragraphs in which her name appears, Roberts now wants to stretch the words of the Court's specific instruction well beyond their meaning to cover statements (that she does not specifically identify) in other paragraphs (some that do not even mention or refer to her at all), but with which she still takes issue. Plaintiffs are actively litigating claims against current Defendants that involve DOS and other NXIVM groups and entities and former Defendants like Lauren Salzman, Allison Mack and Nicki Clyne. Roberts' disputes with factual allegations about DOS and exo|eso, especially those that do not even mention her, are clearly insufficient grounds to strike statements from the FAC.

In addition, Roberts does not specify what statements she wants removed, leaving Plaintiffs and the Court to guess. This is inappropriate. While Plaintiffs have tried, under the circumstances there is no way for the Court or the Plaintiffs to reasonably evaluate her demands. Roberts should have identified exactly what she wants the Court to strike.

## LEGAL STANDARDS

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The burden is on the moving party to demonstrate why the matter should be stricken. *Cadet v. Alliance Nursing Staffing of New York, Inc.*, 2023 WL 3872574, at *1 (S.D.N.Y. Jan. 6, 2023). Further, while "'Federal [c]ourts have discretion in deciding whether to grant motions to strike … motions to strike under Rule 12(f) are generally 'disfavored and granted only if there is strong reason to do so.'" *Id*. (citations omitted). "'Unless it is clear that the portion of the pleading has no bearing on the subject matter of the litigation and that its inclusion will prejudice the [non-moving party],

2

the [pleading] should remain intact.'" *Id*. (citation omitted). In addition, "on a motion to strike

…, the Court is not in a position to resolve factual or legal disputes, particularly where discovery

is only in its infancy" *id*. at *2, and a "motion to strike is not a vehicle through which factual

disputes are to be resolved." *Id*. (citations omitted). Even though Roberts claims that the Court

ordered the statements she wants stricken removed, or it is implied from the motion to dismiss

opinion, she has not met her burden.

**ARGUMENT**

With respect to the specific paragraphs[2] in Roberts' Answer in which she asks the Court

to strike unidentified statements, which she has already denied, Plaintiffs respond as follows:

**Paragraph 6**

In her Answer Roberts states that "The Court has Ordered 'language regarding Roberts's

knowledge of a broader conspiracy should be stricken (Doc 341 Memorandum and

Order).' The Plaintiffs have missed removing this portion or disregarded the order, and

the Defendant therefore requests the Court strike this portion." Roberts, however, does not

specify what portion she wants stricken.

Nothing in paragraph 6 of the FAC should be stricken as Plaintiffs allege that "former

Defendant Mack, former Defendant Clyne, Roberts, and leaders of a NXIVM subgroup, 'DOS',

defrauded, extorted, sexually abused, and branded DOS recruits (so-called 'slaves') with

Raniere's initials." There is nothing about a conspiracy in this paragraph and Plaintiffs allege

that the Defendants committed these acts (Mack and Lauren Salzman pleaded guilty to criminal

charges arising from their involvement in DOS and Raniere was convicted) and Roberts admits

---

[2] Roberts provided highlighted references in some, but not all, of the paragraphs in which she asks the Court to strike statements. Plaintiffs also address in their brief the two non-highlighted requests in paragraphs 92 and 93.

3

she branded DOS slaves (which was the factual basis for her losing her medical licenses), even if she disputes whether the branding constituted battery.

**Paragraph 92**

In paragraph 92 of her Answer, Roberts states that "[t]he Defendant neither denies nor admits the allegations in paragraph 92 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leave the Plaintiffs to their proof regarding the same. Defendant denies any experience or knowledge that exo|eso was a sex trafficking operation and never utilized it for such purposes and asks the Court to strike this portion."

Here too, Roberts does not specify what she wants stricken. Paragraph 92 does not mention Roberts and should not be stricken. Her self-serving denial that she knew exo|eso was being used to procure women for sex with Raniere or that she used it for sex trafficking provides no basis to strike any portion of paragraph 92.

**Paragraph 93**

Roberts states in her Answer that "[t]he Defendant neither denies nor admits the allegations in paragraph 93 of the complaint because Defendant has not sufficient information as to the intentions or not of Raniere's co-creating exo|eso. To the extent that any of these allegations in any way relate or are directed to the remaining Battery allegation against the Defendant, the Defendant denies them and asks The Court to strike this portion."

Roberts does not specify what portion she wants stricken from paragraph 93. Paragraph 93 does not mention Roberts and should not be stricken. Her self-serving claim that she does not have sufficient information as to Raniere's intentions with respect to exo|eso provides no basis to strike any portion of paragraph 93.

**Paragraph 106**

Roberts' Answer to paragraph 106 states that "[t]he Defendant neither denies nor admits the allegations in paragraph 106 of the complaint because Defendant has not sufficient information as to the truth or not of the said allegation and leaves the Plaintiffs to their proof regarding the same. Defendant denies to the extent of her knowledge any grooming taking place in exo|eso. Defendant denies knowledge of any sex trafficking ring or providing Raniere with any sexual prey or slaves or uncompensated labor. The Court has Ordered 'language regarding Roberts's knowledge of a broader conspiracy should be stricken (Doc 341 Memorandum and Order).' The Plaintiffs have missed removing this portion or disregarded the order, and the Defendant therefore requests the Court strike this portion."

Paragraph 106 should not be stricken. It does not allege that Roberts was part of a broader conspiracy. Roberts' denials that she knew what Raniere was up to or that NXIVM engaged in sex trafficking is no reason to strike anything from this paragraph. Further, although not alleged in paragraph 106, Roberts branding Plaintiffs and other DOS members was part and parcel and in furtherance of DOS's activities.

**Paragraph 242 and footnote 82**

Roberts' Answer to paragraph 242 and footnote 82 states that "[t]his paragraph and footnote 82 attempts to allege matters that were ordered to be removed from this FAC. The Defendant neither admits nor denies the allegations in paragraph 242 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leaves the Plaintiffs to their proof regarding the same. Conclusions from the criminal case do not apply to Defendants case. All allegations requiring Defendant's knowledge of force or coercion were dismissed from this complaint and ordered to be removed from this FAC (Doc 341

Memorandum and Order). These allegations no longer pertain to me. Defendant requests the Court strike this from the complaint. These allegations are directed to others."

Roberts does not specify where in Dkt. 341 the Court ordered "[a]ll allegations requiring Defendant's knowledge of force or coercion" "to be removed from this FAC." Indeed, one issue with respect to the battery claim is whether Plaintiffs consented.

Further, Roberts also does not specify what she wants stricken from Paragraph 242 and footnote 82. The paragraph alleges that NXIVM was a trafficking Venture designed to groom and procure women for sex with Raniere and to provide free labor and services to members of the Venture. None of these statements should be stricken. The paragraph also does not allege anything about Roberts' knowledge of force or coercion.

In an offer of compromise, Plaintiffs do not contest striking Roberts' name from footnote 82.

**Paragraph 258**

Roberts' Answer to paragraph 258 states that "[t]he Defendant neither admits, nor denies the allegations in paragraphs 258 of the complaint because Defendant does not have sufficient information as to the truth, or not, of said allegation and leaves the Plaintiffs to their proof regarding the same. Conclusions from the criminal case do not apply to Defendants case. All allegations requiring Defendant's knowledge of force or coercion were dismissed from this complaint, and ordered to be removed from this FAC.  (Doc 341 Memorandum and Order). These allegations no longer pertain to me. Defendant requests the Court strike this from the complaint."

Paragraph 258 alleges that members of the NXIVM Venture conspired to commit sex trafficking offenses with respect to Plaintiffs Daniela and Camila. There are, however, no

6

allegations about Roberts' knowledge of force or coercion in this paragraph that she generally claims the Court ordered removed from the FAC. The one mention of Roberts alleges that she branded DOS victims as instructed. Roberts admits she branded DOS victims. The branding is an element of the battery claim against her, as is whether Plaintiffs consented.

However, to the extent that the Court dismissed trafficking claims against Roberts, Plaintiffs have agreed to remove her name from footnote 82.

## CONCLUSION

As set forth above, the Court should deny Roberts' Motion other than removal of her name from footnote 82 of the FAC, which Plaintiffs agree to.

Respectfully submitted,

Dated:  May 29, 2026

Robert A. Swift
William E. Hoese
Zahra R. Dean
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
rswift@kohnswift.com
whoese@kohnswift.com
zdean@kohnswift.com

Adam M. Prom
DICELLO LEVITT LLP
10 North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Greg G. Gutzler
Emma Bruder
DICELLO LEVITT LLP
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

Agnieszka M. Fryszman
Brendan R. Schneiderman
COHEN MILSTEIN SELLERS
  & TOLL PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

Manuel John Dominguez
COHEN MILSTEIN SELLERS
  & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400
jdominguez@cohenmilstein.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE WITH WORD-COUNT LIMITATION**

I, William E. Hoese, hereby certify pursuant to Local Civil Rule 7.1 of the Joint Local Civil Rules of the Eastern and Southern Districts of New York that this Memorandum of Law complies with the applicable word-count limitations. This Memorandum of Law was prepared using Microsoft Word word-processing software. The word count of the Memorandum of Law, excluding the caption, table of contents, table of authorities, signature blocks, or any required certificates and this Certificate of Compliance, is 1919 words.

Date:  May 29, 2026

/s/William E. Hoese
*Attorney for Plaintiffs*