May 29, 2026

***Via ECF***

The Honorable Peggy Cross-Goldenberg
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:    Joint Status Report—*Edmondson et al. v. Raniere et al.,* C.A. No. 20-cv 00485

Dear Magistrate Judge Cross-Goldenberg:

    We write pursuant to this Court's orders dated May 6, 2026 and May 7, 2026, directing the parties to file a joint status report on May 29, 2026.

    **Joint Statement:** Since the status conference, the parties have been working on discovery and to comply with the Court's directives.

    On May 21, 2026, Plaintiffs: (1) produced 13,195 documents for the four Plaintiffs with battery claims; (2) provided Defendants with ESI preservation disclosures for the four Plaintiffs with battery claims; (3) supplemented their medical provider disclosures; and (4) provided Defendant Roberts supplemental interrogatory responses regarding their battery claims against her.

    Also on May 21, 2026, Plaintiffs emailed Defendants that Plaintiff Mark Vicente's devices "have been made available for inspection and copying at the NYC midtown offices of our ESI vendor" and provided Defendants with instructions on how to contact their vendor.

    Plaintiffs have also made Allison Meeink's (formerly Mack) computer available to the Defendants for inspection and copying.

    Plaintiffs produced medical records for four of the Plaintiffs with trafficking claims.

    On May 29, 2026, Plaintiffs filed a motion with the District Court seeking a bellwether trial.  Defense counsel will oppose the motion.

    Subject to final confirmation from Plaintiffs' counsel that there is agreement on ESI search terms, S. Bronfman plans to begin rolling document production in June.[1]

### A.  S. Bronfman's Position

---

[1]    The parties exchanged their respective sections of this report simultaneously.

<u>Search Terms</u>: Counsel to S. Bronfman proposed search terms to Plaintiffs on August 13, 2025, and counsel to C. Bronfman and K. Raniere proposed search terms on October 27, 2025. On April 27, 2026, Plaintiffs made a counter-proposal, which defense counsel understood to be a combined response to Defendants' proposals. After reviewing Plaintiffs' proposed terms, defense counsel asked Plaintiffs to provide a redline document reflecting their revisions to the previously-proposed terms, explaining that it would help them assess Plaintiffs' counterproposal. See Exhibit E. Defense counsel also proposed a process for negotiating plaintiff-by-plaintiff search terms. Counsel to Plaintiffs responded on the evening of May 28 by declining to provide a redline and declining to negotiate search terms on a plaintiff-by-plaintiff basis. Counsel is reviewing their response and will continue engaging on the issue.

<u>Mark Vicente ESI</u>: Plaintiffs have provided a list of M. Vicente's "external storage devices" and informed defense counsel that they contain 22 terabytes of data primarily comprised of video and photographic media. *See* Exhibit F. Based on the list provided, the materials appear to include, in addition to photos and videos, phone and computer copies and music video materials. *See id.* Defendants have been instructed to inspect and copy the materials at the offices of Plaintiffs' ESI vendors. It does not appear that Plaintiffs' counsel has reviewed the materials for responsiveness and it is unclear whether the proposed production complies with the ESI protocol (ECF No. 307).

Counsel to S. Bronfman is working with its internal e-discovery team and ESI vendors to determine a workable plan for copying and reviewing this data, which is extremely voluminous: to provide a sense of scale, our e-discovery team estimates that 22 terabytes of data could comprise up to 5,500 hours of high-definition video or over 5 million high-resolution photos. Given the amount of data, counsel to S. Bronfman anticipates having further discussions with Plaintiffs about handling the data efficiently and consistent with the ESI protocol, and may require assistance from the Court in the event an agreement cannot be reached.

<u>Storage Boxes</u>: On March 27, 2026, the Court ordered defense counsel to remove 73 storage boxes being held at Plaintiffs' counsel's offices (Kohn Swift). Defense counsel understood that the boxes originally belong to C. Bronfman, had been provided to the U.S. Attorney's Office by Plaintiff Adrienne Stiles pursuant to subpoena during the criminal case, after which the U.S. Attorney's Office returned the files to Kohn Swift. Counsel to C. Bronfman recently obtained and reviewed the contents of most of the boxes and identified 9 boxes that he believes belong to S. Bronfman.

Counsel to S. Bronfman is working with counsel to C. Bronfman to transfer the 9 boxes. S. Bronfman anticipates reviewing and producing responsive materials from these boxes, if any, in the coming weeks.

<u>Bellwether Discovery and Trial</u>: As the Court will recall, the Plaintiffs raised the issue of a bellwether conference during the April 28th conference with Your Honor. Defendants opposed that request. The Court said "at this point, I don't see a reason to bifurcate discovery in this

bellwether sort of way," (Tr. at 45). We were thus surprised when Plaintiffs filed motion for a bellwether bifurcation earlier this morning and will oppose the motion.

### B. C. Bronfman and K. Raniere's Position

Defendants continue to collect and prepare responsive materials for uploading.

Search Terms: As discussed above, Plaintiffs' Counsel has declined to provide red-line responses to Defendants' most recent suggestions.

Battery Plaintiff Discovery: Plaintiffs Counsel have provided more than 13,000 pages of discovery, however, as Counsel to C. Bronfman and K. Raniere begins to review the materials, we continue to be concerned about getting full records from all mental-health care providers relevant to Plaintiffs claiming same. Counsel for Keith Raniere and Clare Bronfman has offered to take lead on collecting medical records from all providers with HIPAA Compliant authorizations from the Plaintiffs, using one of his office assistants whose role is substantially dedicated to collecting authorizations, distributing and collecting/organizing medical records from opposing parties. Plaintiffs' Counsel has rejected that offer. Accordingly, we will apprise the Court of any continued concerns moving forward.

Mark Vicente Video Materials/ESI: As discussed above, Plaintiffs' Counsel has collected and made available for inspection/copying 22 TB of drives and other electronic equipment holding the video materials. Without knowing specifically the length of all video clips, we expect it will take a substantial period of time to review same. Defense Counsel is also reviewing the ESI agreement to determine if it is appropriate for us to simply make our own sets of devices for our review outside of Plaintiffs' case database(s) – as Plaintiffs Counsel has offered. All parties are being mindful of processing and hosting costs, so Defense Counsel are researching Plaintiffs' proposal and other potential options on how to manage this discovery time-efficiently and cost-effectively within the confines of our ESI/Protective Orders.

Storage Boxes: Counsel to C. Bronfman and K. Raniere has reviewed the boxes received from Plaintiffs Counsel. Approximately eight (8) boxes were preliminarily determined to contain solely material belonging to Sara Bronfman. Counsel for C. Bronfman and K. Raniere are working to transfer those boxes to Fried Frank. In the same interest of time and hosting costs that Plaintiffs 'Counsel voiced at the conference held on April 28, Counsel for Clare Bronfman has set aside materials that are unequivocally relevant and responsive for uploading; as well as anything invoking and/or referencing any Plaintiff. Also, Counsel contacted Plaintiffs' Counsel informing them that the majority of documentation was irrelevant or of little responsiveness (i.e. bank records for corporations with only a few transactions and corporate filings, tax filings) and rather than wasting time/efforts, Counsel believes should not be uploaded. In response, Plaintiffs' Counsel provided a very specific list of materials from the boxes it believes should be uploaded. Counsel is reviewing their requests with Clare Bronfman in an effort to appropriately respond in a more efficient manner than simply providing a "data dump." However, it is evidence of both Plaintiffs' Counsel's prior misrepresentations to Counsel and

3

this Court, in that someone working with Plaintiffs' Counsel has clearly reviewed and catalogued the materials despite assertions to the contrary; as well as Plaintiffs Counsel's seeking to put the onus of discovery on Defendants, when it is their burden and we are working in good faith to manage the costs of litigation in response to their prior outcries.

Bellwether Discovery and Trial: For the reasons discussed above and at the April 28, 2026 conference, C. Bronfman and K. Raniere will oppose Plaintiffs' motion for a bellwether trial.

### C. Danielle Roberts' Position

Discovery Production and Search Terms: Plaintiffs produced documents listed above. However, they produced documents responsive only to a limited set of abbreviated search terms and have omitted numerous material terms. In their Device Preservation Disclosures several critical clarifying questions remain unanswered despite follow-up emails both before and after production (Exhibits G1-9). To avoid further disputes and to ensure complete and proportional production, Defendant requests the Court direct Plaintiffs to confirm the following understandings in writing:

1. The suggested search terms apply to all the devices listed in the Device Preservation Disclosures, the items listed here below, and each RFP Defendant requested that Plaintiffs agreed to produce (or that the Court directed Plaintiffs to produce).
2. "Mobile phones" and other devices include all communication applications in use from the time of invitation into DOS (2015) through the present, including but not limited to Telegram, Signal, WhatsApp, text messaging, and any other apps used for communications relevant to this matter.
3. Production includes all private chats, disappearing messages, deleted messages (including metadata or recoverable versions), or screenshots of deleted/disappeared messages stored in the cloud or other backup services relevant to this matter.
4. Production includes metadata or other verification of any apps that were deleted or uninstalled from the listed phones and computers between 2015 and the present.
5. Plaintiffs will identify and produce from any other phones, computers, or devices they possessed between 2015 and the present that are not listed in the Device Preservation Disclosures, if any.
6. Plaintiffs identify all email accounts or alias accounts (including ProtonMail or other secure/encrypted accounts) used between 2015 and the present.
7. Plaintiffs will identify all social-media accounts, usernames, aliases, or accounts in their name or the name of another person used between 2015 - present that may contain relevant communications.

Additional Search Terms: Plaintiffs' search terms are materially incomplete. They omitted Defendant's proposed Term-001 (tolling/delay/reasons for late filing), Term-002 (knowledge of no criminal charges), Term-006 (document deletion/recovery), and the full scope of Term-007 and Term-010 (consent, coercion, and continued participation after learning brand meaning). These omissions are particularly relevant to the tolling issue and the consent element of the

battery claim. Additionally, Plaintiffs' search terms utilize proximity operators (w/10, w/20, w/15, etc.), which significantly narrow the results by requiring terms to appear within a limited number of words of each other. As a result, Plaintiffs' production is materially incomplete and does not satisfy their discovery obligations. Defendant requests the Court order Plaintiffs to re-run searches using the full set of terms in Defendant's Amended Second Set of RFPs and produce the additional responsive documents within 10 days.

I have filed certification of subpoena to Superintendent of State Police, NY State Police on May 27, 2026 and should receive production by June 11th, 2026.

Request to Close Fact Discovery on Battery Claim and Set a Summary-Judgment Schedule: The factual record this Court contemplated when it denied Defendant's motion to dismiss is now substantially developed. In ECF No. 298 (June 25, 2025), the Court declined to resolve the tolling question at the pleading stage on the ground that "there is an inadequate factual record to determine whether equitable tolling is warranted here." That record is now nearly complete. Plaintiffs served their verified supplemental responses to Defendant's Amended Interrogatories — including Interrogatory No. 4, which is directed precisely to the tolling question the Court reserved — on May 21, 2026. Those responses are designated HIGHLY CONFIDENTIAL under the Stipulation and Protective Order (ECF No. 307) and Defendant therefore does not reproduce their contents here. Two remaining items close the loop on the tolling record: (i) the corrected and supplemented document production requested in the preceding sections, and (ii) the New York State Police materials due by June 11, 2026. Once those productions are complete, fact discovery on the tolling issue will be exhausted and the case will be procedurally ready for the summary-judgment motion this Court contemplated in ECF No. 298.

Further fact discovery beyond those two items — and depositions in particular — would impose substantial cost and burden on a pro se defendant without advancing the limited tolling record the Court identified. Plaintiffs have produced approximately 13,000 documents in this litigation to date. Defendant is not a defendant in any RICO or trafficking claim (ECF No. 240); the only claim remaining against me is the single battery count (Count V), whose survival turns on the tolling question already framed for summary-judgment resolution. Courts routinely sequence discovery so that a potentially dispositive threshold motion can be decided first when doing so serves proportionality and judicial economy. See Fed. R. Civ. P. 26(b)(1); Hellstrom v. U.S. Dep't of Veterans Affairs, 46 F.4th 60 (2d Cir. 2022); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986).

Defendant therefore respectfully requests that the Court (a) order completion of the search-term and production issues identified above on or before June 11, 2026; (b) close fact discovery on the battery claim as of that date; and (c) set a briefing schedule for Defendant's motion for summary judgment on Count V, with depositions, if any, sequenced after resolution of that motion.

Protective Order in the Alternative: If the Court determines that any deposition of Defendant should proceed before resolution of the tolling issue, Defendant respectfully requests a protective order under Fed. R. Civ. P. 26(c) establishing the following limits:

5

1. <u>Subject-matter scope</u>. The deposition shall be limited solely to (a) the branding process itself, (b) the consent element of the single remaining battery claim (Count IV), and (c) Plaintiffs' tolling theory under CPLR § 215(8) and equitable estoppel.
2. <u>Dismissed claims off-limits</u>. No questioning shall be permitted concerning the dismissed RICO or trafficking claims, on which Defendant is no longer a defendant. See ECF No. 240. Inquiry beyond the remaining battery claim would constitute a classic fishing expedition prohibited by Rule 26(b)(1). See, e.g., Waldron v. Cities Serv. Co., 361 F.2d 671, 673 (2d Cir. 1966) (discovery may not be used indefinitely to search for evidence); Dolgow v. Anderson, 53 F.R.D. 661 (E.D.N.Y. 1971) (protective orders properly limit discovery that is disproportionate or harassing).
3. <u>Time limit</u>. The deposition shall be limited to no more than four (4) hours on the record on a single day, in lieu of the seven-hour default under Rule 30(d)(1), in light of the narrow remaining claim and Defendant's pro se status.
4. <u>One sitting only</u>. Plaintiffs shall be limited to one deposition of Defendant, with no second or supplemental session absent further leave of the Court for good cause shown.
5. <u>Advance disclosure of topics</u>. Plaintiffs shall serve a written list of deposition topics at least fourteen (14) days in advance of the deposition, so that Defendant can prepare without surprise and any scope disputes can be raised before the deposition rather than during it.
6. <u>Reciprocity.</u> To the extent the Court permits any deposition of Defendant before the tolling issue is resolved, the same scope, time, and format limits shall apply to any deposition of any of the four Count V Plaintiffs.

<u>Settlement</u>: Plaintiffs have made a settlement offer. No agreement has been reached. Full negotiations would be premature before completion of discovery on the tolling of the battery claim.

### D. **Plaintiffs' Position**

Plaintiffs have done virtually all of the discovery work in this case. For example, with respect to document production, with the exception of a small number of documents produced by Roberts (consisting mostly of material related to the decisions of medical licensing boards with respect to her medical licenses) and some edited branding videos. Defendants Sara Bronfman, Clare Bronfman, and Keith Raniere have not produced any documents and provided no substantive answers to Plaintiffs' Second Set of Interrogatories. Plaintiffs are preparing correspondence to Defendants regarding their lack of production and dearth of interrogatory answers and will propose a meet and confer session for each. If Plaintiffs cannot reach an agreement on prompt production then Plaintiffs will have move to compel.

Defendants Sara Bronfman, Clare Bronfman, and Keith Raniere provided deficient responses to Plaintiffs' Second Set of Interrogatories, which were served earlier this year. The interrogatories were mostly directed to obtaining information about Sara and Clare Bronfman's and Raniere's involvement in NXIVM's governing body, Sara and Clare Bronfman's financial support for NXIVM,

and Raniere and NXIVM's receipt of this support. None of these Defendants provided an answer to even one of the interrogatories, instead objecting and claiming that they anticipate producing documents that may contain responsive information at some indefinite date in the future, or testifying about these issues, instead.

For example, many of Sara Bronfman's responses state that an interrogatory is "premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery" or that she anticipates producing documents in response to specific Requests in Plaintiffs requests for Production of Documents (See Sara Bronfman Responses and Objections to Plaintiff's Second Set of Interrogatories Exhibit A, responses to Interrogatory Nos. 1, 2, 3, 4, 5, 10, 11 and 12). However, Sara Bronfman has not produced any documents.

Defendant Clare Bronfman's response to Plaintiff's Second Set of Interrogatories is even more deficient than Sara Bronfman's and she has also produced no documents. See Clare Bronfman's Responses and Objections to Plaintiffs' Second Set of Interrogatories dated March 2, 2026, attached as Exhibit B and Clare Bronfman Responses to Plaintiffs' Requests for Production dated May 27, 2025, attached as Exhibit C)

In response to Interrogatory Nos. 2, 4, 6, 7, 8, 9, 10, 11 and 12, Clare Bronfman's responses state that "she is not aware of what/who "the Inner Circle" refers to and is therefore unable to respond. The Fourth Amended Complaint, ECF 342, defines Inner Circle at ¶ 3: "NXIVM's leadership included current Defendants Raniere, Clare Bronfman, and Sara Bronfman, as well as former Defendants Nancy Salzman, Lauren Salzman, Allison Mack, Nicki Clyne, and Kathy Russell. These individuals were referred to as Raniere's "Inner Circle," and they all knew each other personally and were intimately involved in all aspects of the NXIVM enterprise." This is essentially the definition of "Inner Circle" in every complaint filed in this case.

Clare Bronfman objected to Interrogatory Nos. 6, 7, 8 and 9 inappropriately asserting privilege. The information requested is not subject to privilege and no privilege log has been provided.

In response to Interrogatory Nos. 3, 4, 5, 7, 8, 9, 10, 11, 13, and 14, Clare Bronfman objected and stated that the Interrogatory was "premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary and testimonial discovery." However, she has produced no documents.

In response to Requests Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, Clare Bronfman responded that she would produce documents. However, she has produced no documents.

Additionally, in response to Request Nos. 11, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 31, 37, 38, 39, 40, 41, and 43, Clare Bronfman stated she will produce documents. However, she also stated that she may be precluded from producing documents due to the Protective Order in the criminal case. Therefore, it is unclear whether she will or will not produce documents in response to these requests.

Clare Bronfman has still not produced the copy of the brochure that she stated she would produce in response to Request No. 22.

Clare Bronfman responded to Request Nos. 28, 29 and 30 by asserting privilege. Plaintiffs' position is that the documents requested are not subject to privilege and no privilege log has been provided.

Clare Bronfman objected to Request No. 30: "All documents referring to your relationship with Raniere" on the basis of relevance. Defendant Raniere was a member of the RICO enterprise and Trafficking Venture and documents referring to the relationship between Clare and Raniere are relevant to the Plaintiffs' claims.

Clare Bronfman stated that she does not have any documents responsive to request 33, 34, 35 and 36. She has not advised Plaintiffs what she has done to ascertain whether or not she has any responsive documents.

The parties have been negotiating search terms for application to their ESI. (See Plaintiffs' response to Counsel for Sara Bronfman attached as Exhibit D).

                                         Respectfully Submitted,


Dated: May 29, 2026                      */s/ Robin A. Henry*

                                         Robin A. Henry
                                         Anne S. Aufhauser
                                         Danielle L. Leavy
                                         FRIED, FRANK, HARRIS,
                                         SHRIVER & JACOBSON LLP
                                         One New York Plaza
                                         New York, New York 10004
                                         Telephone: (212) 859-8000
                                         robin.henry@friedfrank.com
                                         anne.aufhauser@friedfrank.com
                                         danielle.leavy@friedfrank.com

                                         *Attorneys for Defendant Sara Bronfman*

Danielle Roberts
575 Easton Ave
Apt. 18 S
Somerset, NJ 08873
516.480.1700

*Defendant Pro Se*

AARON M. GOLDSMITH, ESQ. (AG4773)
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
(914) 462-3912 (fax)
aarongoldsmithlaw@gmail.com

*Attorney for Defendants Keith Raniere and Clare Bronfman*

Robert A. Swift
William E. Hoese
Zahra R. Dean
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700

Adam M. Prom
DICELLO LEVITT LLP
10 North Dearborn Street, 6th Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Greg G. Gutzler
Emma Bruder
DICELLO LEVITT LLP
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

Agnieszka M. Fryszman
Brendan R. Schneiderman

COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

Manuel John Dominguez
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400
jdominguez@cohenmilstein.com

*Attorneys for Plaintiffs*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SARAH EDMONDSON, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-485 |
| : | |
| KEITH RANIERE, et al., : | |
| : | |
| Defendants. : | |

### DEFENDANT SARA BRONFMAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Civil Rules 26.2, 26.3 and 26.4 of the United States District Court for the Eastern Districts of New York (the "Local District Rules"), Defendant Sara Bronfman ("S. Bronfman.") hereby submits these responses and objections (the "Responses" and each a "Response") to Plaintiffs' Second Set of Interrogatories to Defendants, dated January 27, 2026 (the "Interrogatories" and each a "Interrogatory"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Interrogatories.

These Responses reflect S. Bronfman's current knowledge, information, and belief and were prepared in good faith, and therefore remain subject to revision and/or supplementation. S. Bronfman reserves the right at any time to amend, revise, modify, correct, or clarify the objections or responses set forth.

### GENERAL OBJECTIONS

S. Bronfman asserts the following General Objections, which apply to the Interrogatories in their entirety and are incorporated by reference into each Specific Response and Objection

below as if fully repeated therein.

1. S. Bronfman objects to the Interrogatories to the extent that they purport to impose obligations that are greater than or inconsistent with the Federal Rules, the Local District Rules, or any other applicable laws or rules.

2. S. Bronfman objects to the Interrogatories to the extent that they are vague, ambiguous, misleading, not susceptible to a reasoned interpretation, not reasonably particular, or would require S. Bronfman to speculate as to the nature or scope of the information sought.

3. S. Bronfman objects to the Interrogatories to the extent they are unduly burdensome, oppressive, and not reasonably within her ability to recall or retrieve to the extent they seek information from a time period beginning over 16 years ago.

4. S. Bronfman objects to the Interrogatories to the extent they seek information protected by the work product doctrine, attorney-client privilege, or any other privilege, protection, or immunity applicable under governing law. To the extent any inadvertent disclosure of such information is made in response to the Interrogatories, such information shall not constitute a waiver of any applicable privilege or protection with respect to such information, or any other information, or any subject matter, or of S. Bronfman's rights to assert any of these privileges as to any other matter that arises during the course of these actions, any related litigation, or any subsequent proceeding. S. Bronfman reserves the right to obtain the return of such information and prohibit its use in any manner, and hereby request the return of such inadvertently produced privileged information and reserve the right to object to the disclosure or use of such privileged information at any stage of these or any other proceedings.

5. S. Bronfman objects to any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues in the Interrogatories. S. Bronfman's

responses do not indicate or otherwise suggest that S. Bronfman agrees with or has any knowledge about any factual assumptions, implications, or any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories or the relevance of any information sought, and are made without prejudice to S. Bronfman's right to dispute any such matters, all of which are expressly reserved.

6. S. Bronfman objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, not proportional to the needs of this case, call for information that is not relevant to any party's claims or defenses, and/or call for information that is obtainable from another source that is more convenient, less burdensome, or less expensive, including from public sources, Plaintiffs themselves, and/or other persons or entities.

7. S. Bronfman objects to the Interrogatories to the extent that they seek disclosure of information that is not in S. Bronfman's possession, custody or control or that requires speculation. S. Bronfman further objects to the Interrogatories to the extent they seek disclosure of information within the possession, custody, or control of any third person.

8. S. Bronfman objects to the Interrogatories as premature to the extent that they seek information that will be the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery.

9. S. Bronfman objects to the Interrogatories to the extent they purport to require the disclosure of information that S. Bronfman is restricted from disclosing by law or contract.

10. S. Bronfman objects to the Interrogatories to the extent that they seek the disclosure of confidential or highly confidential information, including information that is prohibited from disclosure by the confidentiality requirements of any court, arbitral forum, or similar authority or information that would impinge on privacy rights of non-parties. All information provided by S.

Bronfman in response to the Interrogatories is being provided subject to and in accordance with the terms of the Stipulation and Protective Order approved by the Court on July 11, 2025 (ECF No. 307).

11. S. Bronfman objects to the Interrogatories as containing multiple, distinct subparts. S. Bronfman will respond to each based upon the number of individual subparts contained therein.

12. S. Bronfman objects to the Interrogatories to the extent they are redundant, duplicative, or cumulative of other specific Interrogatories herein or of other specific Interrogatories in Plaintiffs' First Set of Interrogatories to Defendants. S. Bronfman further objects to the extent S. Bronfman has already provided the requested information to Plaintiffs in her Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants.

13. S. Bronfman objects to the Interrogatories to the extent they are redundant, duplicative, or cumulative of other specific Requests in Plaintiffs' Requests for Production of Documents to Defendant S. Bronfman, and to the extent they are the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery.

14. S. Bronfman is engaged in a continuing investigation of the matters raised by this litigation. The Responses are believed to be accurate as of the date made. Because S. Bronfman's investigation of matters is continuing, she cannot exclude the possibility that she may be able to obtain more complete information as discovery progresses. Accordingly, S. Bronfman reserves the right: (a) to supplement any and all of her Responses; and (b) to assert additional objections should she discover additional grounds for such objections. Any indication that S. Bronfman will produce information in response to a particular Interrogatory is not an admission that such information exists.

15.     S. Bronfman incorporates by reference every General Objection into each and every specific Response set forth below. The failure to include any General Objection in any specific Response shall in no way waive any General Objection to that Interrogatory.

## OBJECTIONS TO INSTRUCTIONS

1.      S. Bronfman objects to Instruction No. 1 to the extent it purports to impose obligations on S. Bronfman that are inconsistent with and/or beyond those imposed by the Federal Rules, the Local District Rules, or any other applicable laws and rules.

2.      S. Bronfman objects to Instruction No. 2 to the extent an Interrogatory is vague or ambiguous. S. Bronfman will answer each Interrogatory in good faith and in accordance with her understanding of each.

3.      S. Bronfman objects to Instruction No. 4 to the extent it purports to impose obligations on S. Bronfman that are inconsistent with and/or beyond those imposed by the Federal Rules, the Local District Rules, or any other applicable laws and rules.

4.      S. Bronfman objects to Instruction No. 5 to the extent it purports to impose obligations on S. Bronfman that are inconsistent with and/or beyond those imposed by the Federal Rules, the Local District Rules, or any other applicable laws and rules.

5.      S. Bronfman objects to Instruction No. 6 to the extent it purports to impose obligations on S. Bronfman that are inconsistent with and/or beyond those imposed by the Federal Rules, the Local District Rules, or any other applicable laws and rules, and to the extent it is inconsistent with the terms of the Stipulation and Protective Order approved by the Court on July 11, 2025 (ECF No. 307).

6.      S. Bronfman objects to Instruction No. 7 to the extent it purports to impose obligations on S. Bronfman that are inconsistent with and/or beyond those imposed by the Federal Rules, the Local District Rules, or any other applicable laws and rules.

7.      S. Bronfman objects to Instruction No. 8 to the extent each Interrogatory contains multiple, distinct subparts.  S. Bronfman will respond to each based upon the number of individual subparts contained therein.

8.      S. Bronfman objects to Instruction No. 10 to the extent it calls for the disclosure of information from a time before or after the events or circumstances relevant to the above-captioned action (the "Action"), and to the extent it is inconsistent with prior agreements between S. Bronfman and Plaintiffs concerning the relevant period for discovery. S. Bronfman will disclose information for the time period between January 1, 2009 through June 19, 2019 (the "Relevant Period'), consistent with S. Bronfman's and Plaintiffs' agreement memorialized in S. Bronfman's August 14, 2025 letter to Plaintiffs.

9.      S. Bronfman objects to Instruction No. 11 to the extent it purports to impose obligations on S. Bronfman that are inconsistent with and/or beyond those imposed by the Federal Rules, the Local District Rules, or any other applicable laws and rules, and to the extent it requires speculation.

10.      S. Bronfman objects to Instruction No. 14 to the extent it purports to impose obligations on S. Bronfman that are inconsistent with and/or beyond those imposed by the Federal Rules, the Local District Rules, or any other applicable laws and rules.

11.      S. Bronfman objects to Instruction No. 15 to the extent it purports to impose obligations on S. Bronfman that are inconsistent with and/or beyond those imposed by the Federal Rules, the Local District Rules, or any other applicable laws and rules. S. Bronfman further objects

to Instruction No. 15 to the extent it purports to seek information protected by the work product doctrine, attorney-client privilege, or any other privilege, protection, or immunity applicable under governing law.

12. S. Bronfman objects to Instruction No. 16 to the extent it purports to impose obligations on S. Bronfman that are inconsistent with and/or beyond those imposed by the Federal Rules, the Local District Rules, or any other applicable laws and rules.

## OBJECTIONS TO DEFINITIONS

1. The Objections to Definitions set forth in Defendant Sara Bronfman's Responses and Objections to Plaintiffs' First Set of Interrogatories to Defendants and Defendant Sara Bronfman's Responses and Objections to Plaintiffs' Requests for Production of Documents are incorporated herein by reference.

2. S. Bronfman objects to the definition of "Collateral" as vague and ambiguous to the extent it purports to include "any other person" and refers to unknown individuals. Additionally, S. Bronfman objects to the definition of "Collateral" to the extent it refers to "DOS" and "DOS Plaintiff" as S. Bronfman is not alleged to have any involvement with DOS and to the extent it assumes knowledge that S. Bronfman did not and cannot have as a non-party to the communications described in the definition.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

Subject to and without waiving the foregoing General Objections, which are specifically incorporated as if set forth fully verbatim in each of the following Responses, S. Bronfman hereby states as follows in response to the Interrogatories:

**INTERROGATORY NO. 1:**

Identify each NXIVM or NXIVM-related or affiliated business or group that You owned, co-owned, invested in, funded, or operated in any capacity. NXIVM-related or affiliated business

or group means without limitation Rainbow Cultural Garden, Ethical Science Foundation, NXIVM's VIP Programs, World Ethical Foundations Consortium, Ethical Humanitarian Foundation, Ultima, Executive Success Programs, exo/eso, The Knife, The Source, or Ethicist.

**RESPONSE TO INTERROGATORY NO. 1:**

S. Bronfman objects to Interrogatory No. 1 on the grounds that it is compound, overly broad, unduly burdensome, not proportional to the needs of the case, and calls for information that is not relevant to any party's claims or defenses to the extent it seeks information about "each NXIVM or NXIVM-related or affiliated business or group that You owned, co-owned, invested in, funded, or operated in any capacity" without regard to the Court's September 27, 2024 Memorandum and Order (the "MTD Order") that narrowed the scope of the alleged RICO scheme to only include a "fraudulent curriculum scheme." MTD Order at 56.

S. Bronfman further objects to Interrogatory No. 1 as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery, including but not limited to S. Bronfman's anticipated production of documents responsive to Request Nos. 6-8 and 11-15 in Plaintiffs' Requests for Production of Documents to Defendant S. Bronfman. S. Bronfman further objects to Interrogatory No. 1 to the extent that it is duplicative of other Interrogatories already asked and answered, including Interrogatory No. 6 in Plaintiffs' First Set of Interrogatories to Defendants, and S. Bronfman refers Plaintiffs to that Response.

**INTERROGATORY NO. 2:**

Identify each business or group that You owned, co-owned, invested in, or operated in any capacity with a member of the Inner Circle.

**RESPONSE TO INTERROGATORY NO. 2:**

S. Bronfman objects to Interrogatory No. 2 on the grounds that it is compound, overly broad, unduly burdensome, not proportional to the needs of the case, and calls for information that is not relevant to any party's claims or defenses to the extent it seeks information about "each business or group that You owned, co-owned, invested in, or operated in any capacity with a member of the Inner Circle" without regard to the MTD Order that narrowed the scope of the alleged RICO scheme to only include a "fraudulent curriculum scheme." MTD Order at 56.

S. Bronfman further objects to Interrogatory No. 2 as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery. S. Bronfman additionally objects to Interrogatory No. 2 to the extent that it is duplicative of other Interrogatories already asked and answered, including Interrogatory No. 6 in Plaintiffs' First Set of Interrogatories to Defendants, and S. Bronfman refers Plaintiffs to that Response.

**INTERROGATORY NO. 3:**

Identify by date each and every executive board (or board of directors, trustees, or functionally similar group, however denominated) meeting of NXIVM or any NXIVM-related or affiliated entity or group You attended either in-person, virtually or by proxy.

**RESPONSE TO INTERROGATORY NO. 3:**

S. Bronfman objects to Interrogatory No. 3 on the grounds that it is compound, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "each and every executive board (or board of directors, trustees, or functionally similar group, however denominated) meeting of NXIVM or any NXIVM-related or affiliated entity or group You attended" without regard to the subject matter of such meetings. S. Bronfman further objects to Interrogatory No. 3 as vague and ambiguous to the extent the term "meeting" is undefined.

S. Bronfman further objects to Interrogatory No. 3 as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery, including but not limited to S. Bronfman's anticipated production of documents responsive to Request No. 18 in Plaintiffs' Requests for Production of Documents to Defendant S. Bronfman. S. Bronfman further objects to Interrogatory No. 3 on the grounds that it is overly broad, unduly burdensome, and is not proportional to the needs of the case, as it requires a narrative compilation of voluminous data that is better suited for a Request for Production of Documents. Pursuant to Rule 33(d), S. Bronfman will produce the documents from which the requested information can be derived, if any should exist.

**INTERROGATORY NO. 4:**

Set forth the date and amount of any money or property You directly or indirectly provided to, or for use by or for, Keith Raniere, NXIVM, any NXIVM-related or affiliated entity or group or any member of the Inner Circle and the reason the money or property was provided. Value provided, directly or indirectly, to third parties who provided goods or services to, or for use by or for, Keith Raniere, NXIVM, any NXIVM-related or affiliated entity or group or any member of the Inner Circle is covered by this interrogatory. For purposes of this interrogatory, "indirectly" means money or property paid or provided by You from an account in Your name, or from one you controlled or could direct payments from, to a third-party who then made the payment to Keith Raniere, NXIVM, any NXIVM-related or affiliated entity or group, or any member of the Inner Circle.

**RESPONSE TO INTERROGATORY NO. 4:**

S. Bronfman objects to Interrogatory No. 4 on the grounds that it is compound, overly broad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous to the extent

it seeks information about value provided "indirectly" to unnamed and unidentified third parties and to the extent it seeks information not within S. Bronfman's possession, custody, or control.

S. Bronfman further objects to Interrogatory No. 4 as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery, including but not limited to S. Bronfman's anticipated production of documents responsive to Requests Nos. 7-8 in Plaintiffs' Requests for Production of Document to Defendant S. Bronfman. S. Bronfman further objects to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, and is not proportional to the needs of the case, as it requires a narrative compilation of voluminous data that is better suited for a Request for Production of Documents. Pursuant to Rule 33(d), S. Bronfman will produce the documents from which the requested information can be derived, if any should exist.

**INTERROGATORY NO. 5:**

State the value You provided, whether in the form of money, property or services, on creating or funding NXIVM or any NXIVM-related or affiliated group or entity, such as without limitation Rainbow Cultural Garden, Ethical Science Foundation, NXIVM's VIP Programs, World Ethical Foundations Consortium, Ethical Humanitarian Foundation, Ultima, Executive Success Programs, exo/eso, The Knife, The Source, or Ethicist.

**RESPONSE TO INTERROGATORY NO. 5:**

S. Bronfman objects to Interrogatory No. 5 on the grounds that it is compound, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about "the value You provided, whether in the form of money, property or services, on creating or funding NXIVM or any NXIVM-related or affiliated group or entity" without regard to the MTD Order that narrowed the scope of the alleged RICO scheme to only include a "fraudulent

11

curriculum scheme." MTD Order at 56. S. Bronfman further objects to Interrogatory No. 5 as vague and ambiguous to the extent it seeks information about unidentified entities or services.

S. Bronfman further objects to Interrogatory No. 5 on the ground that it is duplicative of other Interrogatories already asked and answered, including Interrogatory No 4. S. Bronfman additionally objects to Interrogatory No. 5 as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery, including but not limited to S. Bronfman's anticipated production of documents responsive to Requests Nos. 7-8 in Plaintiffs' Requests for Production of Documents to Defendant S. Bronfman. S. Bronfman further objects to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, and is not proportional to the needs of the case, as it requires a narrative compilation of voluminous data that is better suited for a Request for Production of Documents. Pursuant to Rule 33(d), S. Bronfman will produce the documents from which the requested information can be derived, if any should exist.

**INTERROGATORY NO. 6:**

Identify the name and address of each private investigator (including, if applicable, the entity for which the person worked) and attorney or law firm engaged directly or indirectly by You, NXIVM, any NXIVM-related or affiliated entity or group, or any member of the Inner Circle.

**RESPONSE TO INTERROGATORY NO. 6:**

S. Bronfman objects to Interrogatory No. 6 on the grounds that it is compound, overly broad, and unduly burdensome, and does not seek documents relevant to this case or is not proportional to the needs of the case to the extent it purports to seek information about allegations that do not involve S. Bronfman and were otherwise dismissed by this Court. *See* 2.1.23 Hearing TR ("MTD Hearing Tr.") at 56:6-16 (discussing S. Bronfman's alleged predicate acts and not mentioning malicious

prosecution or abuse of process); *see also* MTD Order at 94-98 (dismissing claims of malicious prosecution or abuse of process). S. Bronfman additionally objects to Interrogatory No. 6 as vague and ambiguous to the extent it seeks information about persons engaged "indirectly" and seeks information about unknown persons or firms engaged by persons other than S. Bronfman and to the extent it seeks information not within S. Bronfman's possession, custody, or control. S. Bronfman further objects to Interrogatory No. 6 to the extent it seeks information protected by the work product doctrine, attorney-client privilege, or any other privilege, protection, or immunity applicable under governing law.

**INTERROGATORY NO. 7:**

For each private investigator, attorney, and law firm, state when the private investigator or attorney or law firm was engaged, why they were engaged, who engaged them, how much they were paid, and by whom they were paid.

**RESPONSE TO INTERROGATORY NO. 7:**

S. Bronfman objects to Interrogatory No. 7 on the grounds that it is compound, overly broad, and unduly burdensome, and does not seek documents relevant to this case or is not proportional to the needs of the case to the extent it purports to seek information about allegations that do not involve S. Bronfman and were otherwise dismissed by this Court. *See* MTD Hearing Tr. at 56:6-16 (discussing S. Bronfman's alleged predicate acts and not mentioning malicious prosecution or abuse of process); *see also* MTD Order at 94-98 (dismissing claims of malicious prosecution or abuse of process). S. Bronfman additionally objects to Interrogatory No. 7 to the extent it is vague and ambiguous and seeks information about unknown persons or firms engaged by persons other than S. Bronfman, and to the extent it seeks information not within S. Bronfman's possession, custody, or control. S. Bronfman further objects to Interrogatory No. 7 to the extent it seeks

13

information protected by the work product doctrine, attorney-client privilege, or any other privilege, protection, or immunity applicable under governing law.

**INTERROGATORY NO. 8:**

Identify each Plaintiff or other person affiliated with NXIVM for whom You, NXIVM, any NXIVM-related or affiliated entity or group, or any member of the Inner Circle directly or indirectly hired an attorney or law firm to provide legal counsel to the Plaintiff(s) or other person.

**RESPONSE TO INTERROGATORY NO. 8:**

S. Bronfman objects to Interrogatory No. 8 on the grounds that it is compound, overly broad, and unduly burdensome, and does not seek documents relevant to this case or is not proportional to the needs of the case to the extent it purports to seek information about allegations that do not involve S. Bronfman. *See* MTD Hearing Tr. at 56:6-16 (discussing S. Bronfman's alleged predicate acts and not mentioning "directly or indirectly hir[ing] an attorney or law firm to provide legal counsel to the Plaintiff(s) or other person."). S. Bronfman additionally objects to Interrogatory No. 8 as vague and ambiguous to the extent it seeks information about persons engaged "indirectly" and seeks information about unknown persons or firms engaged by persons other than S. Bronfman. S. Bronfman further objects to Interrogatory No. 8 to the extent it seeks information that is not within her possession, custody, and control and to the extent it seeks information more readily obtainable from other parties to the Action, including Plaintiffs.

**INTERROGATORY NO. 9:**

For each Plaintiff or other person affiliated with NXIVM identified in response to Interrogatory number 8, above, state: (a) the name and address of the attorney or law firm; (b) the amount paid to each attorney or law firm; (c) whether You, any other member of the Inner Circle, or Keith Raniere communicated directly or indirectly with the attorney or law firm regarding the

legal counsel; and (d) if so, identify the individuals involved in the communication and describe the contents of the communications.

**RESPONSE TO INTERROGATORY NO. 9:**

S. Bronfman objects to Interrogatory No. 9 on the grounds that it is compound, overly broad, and unduly burdensome, and does not seek documents relevant to this case or is not proportional to the needs of the case to the extent it purports to seek information about allegations that do not involve S. Bronfman. *See* MTD Hearing Tr. at 56:6-16 (discussing S. Bronfman's alleged predicate acts and not mentioning "directly or indirectly hir[ing] an attorney or law firm to provide legal counsel to the Plaintiff(s) or other person."). S. Bronfman further objects to Interrogatory No. 9 as vague and ambiguous to the extent it seeks information about unknown persons or firms engaged by persons other than S. Bronfman. S. Bronfman further objects to Interrogatory No. 9 to the extent it seeks information that is not within her possession, custody, and control and to the extent it seeks information more readily obtainable from other parties to the Action, including Plaintiffs.

S. Bronfman further objects to Interrogatory No. 9 on the ground that it is duplicative of other Interrogatories already asked and answered, including Interrogatory No. 8.

**INTERROGATORY NO. 10:**

Identify each parcel of real property (land or buildings) by address and item of personal property (such as an airplane or vehicle) that You directly or indirectly purchased, leased, or directly or indirectly provided money, financing, or a guarantee for the purchase or lease to or for the use of Keith Raniere, NXIVM, any NXIVM-related or affiliated entity or group, or any member of the Inner Circle. For purposes of this interrogatory, "indirectly" means money or property paid or provided by You from an account or other source of funds you controlled or had access to or could direct a third-party to make the payment from an account or other source of funds who then

15

made the payment with respect to the real or personal property to or for the use of Keith Raniere, NXIVM, any NXIVM-related or affiliated entity or group, or any member of the Inner Circle.

**RESPONSE TO INTERROGATORY NO. 10:**

S. Bronfman objects to Interrogatory No. 10 on the grounds that it is compound, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about "each parcel of real property (land or buildings)" and "item of personal property (such as an airplane or vehicle)." S. Bronfman additionally objects to Interrogatory No. 10 as vague and ambiguous to the extent it seeks information about funds accessed "indirectly" or through an unidentified third party and seeks information about the actions of persons other than S. Bronfman.

S. Bronfman further objects to Interrogatory No. 10 on the ground that it is duplicative of Interrogatories already asked and answered, including Interrogatories Nos. 4-5. S. Bronfman further objects to Interrogatory No. 10 as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery, including but not limited to S. Bronfman's anticipated production of documents responsive to Requests Nos. 7-8 in Plaintiffs' Requests for Production of Documents to Defendant S. Bronfman.

**INTERROGATORY NO. 11:**

Identify all real property (such as a building or land) by address and personal property (such as an airplane or vehicle) that You used in connection with NXIVM or any NXIVM-related or affiliated entity or group, or any member of the Inner Circle or that You allowed any member of the Inner Circle to use in connection with NXIVM or any NXIVM-related or affiliated entity or group.

**RESPONSE TO INTERROGATORY NO. 11:**

S. Bronfman objects to Interrogatory No. 11 on the grounds that it is compound, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all real property (such as a building or land)" or items of "personal property" used not only by S. Bronfman but also by third parties. S. Bronfman further objects to Interrogatory No. 11 as vague and ambiguous to the extent it seeks information regarding unidentified properties, persons, and groups.

S. Bronfman further objects to Interrogatory No. 11 as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery.

**INTERROGATORY NO. 12:**

State what happened to any documents, electronic equipment (such as computers or computer servers), or electronic storage devices (such as hard drives or disks) that were located at any location used by You, Keith Raniere, NXIVM, any NXIVM-related or affiliated entity or group or any member of the Inner Circle or DOS, including whether they were moved, transferred, stored, discarded, destroyed, or otherwise altered, and if any still exist identify who has them (including if applicable the U.S. Department of Justice or FBI) and their present location.

**RESPONSE TO INTERROGATORY NO. 12:**

S. Bronfman objects to Interrogatory No. 12 on the grounds that it is compound, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information about "any documents" or equipment from "any location" used by persons other than S. Bronfman. S. Bronfman further objects to Interrogatory No. 12 as vague and ambiguous to the extent it seeks information about unidentified documents and equipment used at unidentified locations by entities or persons other than S. Bronfman. S. Bronfman further objects to Interrogatory

No. 12 to the extent it seeks the discovery of information about devices and/or data that are no longer in her possession, custody or control, and to the extent it requires her to speculate about the topics of communications or her prior auto-deletion settings. S. Bronfman further objects to Interrogatory No. 12 to the extent it seeks information that is not within her possession, custody, and control and to the extent it seeks information more readily obtainable from other parties to the Action, including Keith Raniere and Entity Defendants and/or the United States government.

S. Bronfman further objects to Interrogatory No. 12 on the ground that it is duplicative of other Interrogatories already asked and answered, including Interrogatory No. 5 in Plaintiffs' First Set of Interrogatories to Defendants, and S. Bronfman refers Plaintiffs to that Response. S. Bronfman further objects to Interrogatory No. 12 as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary, evidentiary, and testimonial discovery.

**INTERROGATORY NO. 11 [*sic*]:**

Identify every person who by any method of communication, such as without limitation e-mail: (a) asked You (either You alone or as part of a group) to return DOS collateral: or (b) said the person wanted to leave DOS; or (c) who You learned from any source wanted her collateral returned or wanted to leave DOS. The time period for this Interrogatory is January 1, 2013 to the present.

**RESPONSE TO INTERROGATORY NO. 11 [*sic*]:**

For purposes of this response, S. Bronfman will refer to Interrogatory No. 11 as Interrogatory No. 13. S. Bronfman objects to Interrogatory No. 13 on the grounds that it is compound, overly broad, and unduly burdensome, and does not seek documents relevant to this case or is not proportional to the needs of the case as S. Bronfman is not alleged to have any involvement with DOS and to the extent it assumes knowledge that S. Bronfman did not have. S. Bronfman further

objects to Interrogatory No. 13 to the extent it seeks the disclosure of information from a time before or after the events or circumstances relevant to the Action, and to the extent it is inconsistent with prior agreements between S. Bronfman and Plaintiffs concerning the relevant period for discovery. S. Bronfman further objects to Interrogatory No. 13 to the extent it seeks documents more appropriately obtained from other parties in the Action, including Plaintiffs and Keith Rainere.

Dated:    New York, New York
February 26, 2026

Respectfully submitted,

FRIED, FRANK, HARRIS,
SHRIVER & JACOBSON
LLP

By: */s/ Robin A. Henry*

Robin A. Henry
Anne S. Aufhauser
Danielle L. Leavy
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
robin.henry@friedfrank.com
anne.aufhauser@friedfrank.com
danielle.leavy@friedfrank.com

*Attorneys for Defendant Sara Bronfman*

# **VERIFICATION**

I, Sara Bronfman, have read Defendant Sara Bronfman's Responses and Objections to Plaintiffs' Second Set of Interrogatories to Defendants. The responses were prepared by or with the assistance of my counsel. My understanding is that, subject to inadvertent or undiscovered errors or omissions, this response is based on records and information currently available. Subject to the forgoing, I verify under penalty of perjury under the laws of the United States of America that the foregoing responses are true and correct based upon present information and belief.

Executed on February 26, 2026



_____
Sara Bronfman

# EXHIBIT B

CONFIDENTIAL

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SARAH EDMONSON, et al,                    Docket No: **20 CV 485 (EK)(CP)**

            Plaintiffs

  -against-                               **DEFENDANT**
                                         **CLARE BRONFMAN'S**
KEITH RANIERE, et al,                     **RESPONSES TO PLAINTIFFS'**
                                         **SECOND INTERROGATORIES**

            Defendants.

-----------------------------------------------------------X

        Defendant, CLARE BRONFMAN, by and through her attorney AARON M. GOLDSMITH, ESQ., provides the following in response to Plaintiffs' Second Set of Interrogatories dated January 15, 2026; as follows:

## INTERROGATORIES

1. Identify each NXIVM or NXIVM-related or affiliated business or group that You owned, co-owned, invested in, funded or operated in any capacity.

   **Defendant CLARE BRONFMAN objects to Interrogatory No.1 as overly broad, compound and vague. Moreover, Defendant CLARE BRONFMAN objects to Interrogatory No.1 as duplicative of Interrogatory No.6 in Plaintiffs' First Set of Interrogatories, for which a response was already provided.**

2. Identify each business or group that You owned, co-owned, invested in, or operated in any capacity with a member of the Inner Circle.

   **Defendant CLARE BRONFMAN objects to Interrogatory No.2 as overly broad, compound and vague. Moreover, Defendant CLARE BRONFMAN affirms that she is not aware of what/who "the Inner Circle" refers to and is therefore unable to respond. Additionally, to the extent that Plaintiffs' intend to and/or mean that member(s) of "the Inner Circle" are comprised by members of NXIVM and/or NXIVM-related or affiliated businesses, objects to Interrogatory No.1 as duplicative of Interrogatory No.6 in Plaintiffs' First Set of Interrogatories, for which a response was already provided.**

3. Identify by date each and every executive board (or board of directors, trustees, or functionally similar group, however denominated) meeting of NXIVM or any NXIVM-related or affiliated entity or group You attended either in-person, virtually or by proxy.

   **Defendant CLARE BRONFMAN objects to Interrogatory No.3 as irrelevant, and premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary and testimonial discovery. Morevover, Defendant CLARE BRONFMAN affirms that she has no independent recollection of responsive information.**

4. Set forth the date and amount of any money or property You directly or indirectly provided to, or for use by or for, KEITH RANIERE, NXIVM any NXIVM-related or affiliated entity or group or any member of the Inner Circle, and the reason the money or property was provided, value provided, directly or indirectly to third parties who provided goods or services to, or for use by or for KEITH RANIERE, NXIVM, any NXIVM-related or affiliated entity or group or any member of the Inner Circle is covered by this Interrogatory.

   **Defendant CLARE BRONFMAN objects to Interrogatory No.4 as overly broad, vague and premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary and testimonial discovery. Moreover, Defendant CLARE BRONFMAN affirms that she is not aware of what/who "the Inner Circle" refers to and is therefore unable to respond.**

5. State the value You provided, whether in the form of money, property or services, on creating and funding NXIVM, NXIVM-related or affiliated group or entity, such as without limitation RAINBOW CULTURAL GARDEN, ETHICAL SCIENCE FOUNDATION, NXIVM'S VIP PROGRAMS, WORLD ETHICAL FOUNDATIONS CONSORTIUM, ETHICAL HUMANITARIAN FOUNDATION, ULTIMA, EXECUTIVE SUCCESS PROGRAMS, EXO/ESO, THE KNIFE, THE SOURCE or ETHICIST.

   **Defendant CLARE BRONFMAN objects to Interrogatory No.5 as irrelevant, overly broad, vague and premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary and testimonial discovery.**

6. Identify the name and address of each private investigator (including, if applicable, the entity for which the person worked) and attorney or law firm engaged directly or indirectly by You, NXIVM, NXIVM-related or affiliated entity or group, or any member of the Inner Circle.

   **Defendant CLARE BRONFMAN objects to Interrogatory No.6 as irrelevant and privileged material created in furtherance of litigation. Moreover, Defendant**

**CLARE BRONFMAN affirms that she is not aware of what/who "the Inner Circle" refers to and is therefore unable to respond.**

7. For each private investigator, attorney and law firm, state when the private investigator or attorney or law firm was engaged, why they were engaged, who engaged them, how much they were paid and by whom they were paid.

**Defendant CLARE BRONFMAN objects to Interrogatory No.7 as irrelevant, calling for information outside of her personal knowledge and privileged material created in furtherance of litigation. Moreover, Defendant CLARE BRONFMAN affirms that she is not aware of what/who "the Inner Circle" refers to and is therefore unable to respond. To the extent that Defendant CLARE BRONFMAN does have knowledge of responsive information, she objects to said Interrogatory as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary and testimonial discovery.**

8. Identify each Plaintiff or other person affiliated with NXIVM for whom You, NXIVM, any NXIVM-related or affiliated entity or group, or any member of the Inner Circle directly or indirectly hired an attorney or law firm to provide legal counsel to Plaintiff(s) or other person.

**Defendant CLARE BRONFMAN objects to Interrogatory No.8 as irrelevant, calling for information outside of her personal knowledge and privileged material created in furtherance of litigation. Moreover, Defendant CLARE BRONFMAN affirms that she is not aware of what/who "the Inner Circle" refers to and is therefore unable to respond. To the extent that Defendant CLARE BRONFMAN does have knowledge of responsive information, she objects to said Interrogatory as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary and testimonial discovery.**

9. For each Plaintiff or other person affiliated with NXIVM identified in response to Interrogatory No.8 above, state (a) the name and address of the attorney or law firm; (b) the amount paid to each attorney or law firm; (c) whether You, any other member of the Inner Circle, or Keith Raniere communicated with the attorney or law firm regarding the legal counsel; and (d) if so, identify the individuals involved in the communication and describe the contents of the communication.

**Defendant CLARE BRONFMAN objects to Interrogatory No.9 as irrelevant, calling for information outside of her personal knowledge and privileged material created in**

**furtherance of litigation. Moreover, Defendant CLARE BRONFMAN affirms that she is not aware of what/who "the Inner Circle" refers to and is therefore unable to respond. To the extent that Defendant CLARE BRONFMAN does have knowledge of responsive information, she objects to said Interrogatory as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary and testimonial discovery.**

10. Identify each parcel of real property (land or buildings) by address and item of personal property (such as an airplane or vehicle) that You directly or indirectly purchased, leased, or directly or indirectly provided money, financing, or a guarantee of purchase or lease to or for the use of Keith Raniere, NXIVM and NXIVM-related or affiliated entity or group, or any member of the Inner Circle.

    **Defendant CLARE BRONFMAN objects to Interrogatory No.10 as irrelevant, compound and vague. Moreover, Defendant CLARE BRONFMAN affirms that she is not aware of what/who "the Inner Circle" refers to and is therefore unable to respond. To the extent that Defendant CLARE BRONFMAN does have knowledge of responsive information, she objects to said Interrogatory as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary and testimonial discovery.**

11. Identify all real property (such as a building) by address and personal property (such as an airplane or vehicle) that You used in connection with NXIVM, any NXIVM-related or affiliated entity or group, or any member of the Inner Circle or that You allowed any member of the Inner Circle to use in connection with NXIVM or any NXIVM-related or affiliated entity or group.

    **Defendant CLARE BRONFMAN objects to Interrogatory No.10 as irrelevant, compound and vague. Moreover, Defendant CLARE BRONFMAN affirms that she is not aware of what/who "the Inner Circle" refers to and is therefore unable to respond. To the extent that Defendant CLARE BRONFMAN does have knowledge of responsive information, she objects to said Interrogatory as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary and testimonial discovery.**

12. State what happened to any documents, electronic equipment (such as computers or computer servers) or electronic storage devices (such as hard drives or disks) that were located at any location used by You, Keith Raniere, NXIVM, any NXIVM-related or affiliated entity or group or any member of the Inner Circle or DOS, including whether they were moved, transferred, stored, discarded, destroyed or otherwise altered and if any

still exist identify who has them (including if applicable the USDOJ or FBI) and their present location.

**Defendant CLARE BRONFMAN affirms that she is not aware of what/who "the Inner Circle" refers to and is therefore unable to respond. Defendant CLARE BRONFMAN affirms that she is not aware of who participated in "DOS," and is therefore unable to respond. Defendant CLARE BRONFMAN further affirms that she is not aware of the current whereabouts or possession of any such responsive information and/or devices, other than assert that any such device was likely taken into custody by the USDOJ in conjunction with the arrests and prosecutions of herself, KEITH RANIERE and others.**

13. Identify each person who by any method of communication, such as without limitation, email: (a) asked You (either You alone or as part of a group) to return DOS collateral; or (b) said the person wanted to leave DOS; or (c) who You learned from any source wanted her collateral returned or wanted to leave DOS. The time period for this Interrogatory is January 1, 2013 to present.

**Defendant CLARE BRONFMAN affirms that she is not aware of who participated in "DOS," and is therefore unable to respond. To the extent that Defendant CLARE BRONFMAN does have knowledge of responsive information as to certain specific individuals, she objects to said Interrogatory as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary and testimonial discovery.**

14. Describe the collateral provided by each DOS Plaintiff and any other DOS member, and state what happened to the collateral. For each DOS Plaintiff and any other DOS member, identify: (a) the specific nature of the collateral (eg: nude photographs, pornographic photographs or videos, a letter accusing a family member of a crime or abuse); (b) whether the collateral has been returned; and (c) if not returned, who currently possesses it, or knows who possesses or has access to it and (d) where it is located. The time period for this Interrogatory is January 1, 2013 to present.

**Defendant CLARE BRONFMAN affirms that she is not aware of who participated in "DOS," and is therefore unable to respond. To the extent that Defendant CLARE BRONFMAN does have knowledge of responsive information as to certain specific individuals, she objects to said Interrogatory as premature to the extent it seeks information that will be the subject of anticipated and ongoing documentary and testimonial discovery.**

<u>**CONFIDENTIAL**</u>

DEFENDANT CLARE BRONFMAN reserves the right to supplement and/or amend these responses up to and including the time of trial.

Dated: March 2, 2026
New York, NY



Attorney for Defendants CLARE & KEITH
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
*aarongoldsmithlaw@gmail.com*

TO:

KOHN, SWIFT & GRAF, PC
Attorneys for Plaintiffs
1600 Market St., Suite 2500
Philadelphia, PA 19103
(215) 238-1700

ZUCKERMAN SPAEDER, LLP
Attorneys for Plaintiffs
1800 M Street NW, Suite 1000
Washington, DC 20036
(202) 778-1996

FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
Attorneys for Defendant Sara Bronfman
One New York Plaza
New York, NY 10004
(212) 859-8800

DANIELLE ROBERTS,  Defendant *Pro Se*
***All counsel/parties via ECF only***

CONFIDENTIAL

## CERTIFICATION

STATE OF NEW YORK )

)SS.:

COUNTY OF NEW YORK )

I, CLARE BRONFMAN, depose and say the following under penalty of perjury:

That I am a Defendant in the above-referenced matter and I have reviewed the Responses to Plaintiffs' SECOND SET OF INTERROGATORIES DATED JANUARY 15, 2026 as prepared by and with the assistance of my attorneys. That the information contained therein is accurate to the best of my knowledge and recollection, with the exception of any responses qualified as "upon information and belief." To those responses, I believe them to be accurate to the best of my knowledge and recollection.

_____
CLARE BRONFMAN

CONFIDENTIAL

# CERTIFICATION OF MAILING

This is to certify that a copy of the foregoing was delivered via electronic means, this 2 th day of March, 2026, in compliance with the local rules of practice and procedure, to the person(s) and/or entities as listed below.

KOHN, SWIFT & GRAF, PC
Attorneys for Plaintiffs
1600 Market St., Suite 2500
Philadelphia, PA 19103
(215) 238-1700

ZUCKERMAN SPAEDER, LLP
Attorneys for Plaintiffs
1800 M Street NW, Suite 1000
Washington, DC 20036
(202) 778-1996

FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
Attorneys for Defendant Sara Bronfman
One New York Plaza
New York, NY 10004
(212) 859-8816

DANIELLE ROBERTS
*Defendant Pro Se*

All Counsel for all parties via ECF



# EXHIBIT C

# UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------X

EDMONSON, *et al,*

        Plaintiff,

  -against-

KEITH RANIERE, *et al*

        Defendants.

---------------------------------------------------X

Docket No.: **20 CV 485 (EK)(CLP)**

**DEFENDANT CLARE BRONFMAN's RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION**

**DEFENDANT CLARE BRONFMAN,** by and through their Counsel AARON M. GOLDSMITH, ESQ., provides the following in response to the Plaintiffs' Requests for Production, dated March 27, 2025, in accordance with the Federal Rules of Civil Procedure.

1.     All documents referring to any Plaintiff.

    **Objection. Demand is overly broad and vague. The objection notwithstanding, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you.**

2.     All documents referring to the recruitment of Plaintiffs, or training of Plaintiffs to recruit other people to purchase NXIVM curriculum.

    **Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you.**

3.     All documents referring to any agreements You or any member of NXIVM's senior leadership or Inner Circle entered into with any Plaintiff.

    **Objection. Demand is overly broad and vague. The objection notwithstanding,**

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control.  If and when same become available, same will forthwith be furnished upon you.**

4.      All documents referring to any benefit, financially or other by way of other compensation such as services, you received from KEITH RANIERE, any member of the Inner Circle, NXIVM, any of the Plaintiffs, or any other member of NXIVM community in any way connected to or associated with your involvement in NXIVM.

**Objection. Demand is irrelevant in part, overly broad and vague.  The objection notwithstanding, Defendant Bronfman is not in possession of any such responsive material.**

5.      All documents referring to anything of value other than money or services you received from KEITH RANIERE, any member of the Inner Circle, NXIVM, any of the Plaintiffs, or any other member of the NXIVM community in any way connected to or associated with your involvement in NXIVM, such as advancement on the stripe path or positions (whether titled or not) within NXIVM.

**Objection. Demand is overly broad and vague.  The objection notwithstanding, Defendant Bronfman is not in possession of any such responsive material.**

6.      All documents referring to your formal or informal, titled or untitled, position, rank or status with NXIVM.

**Objection. Demand is overly broad and vague.  The objection notwithstanding, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control.  If and when same become available, same will forthwith be furnished upon you.**

7. All documents referring to any money or any other thing of value provided by you to KEITH RANIERE, any other Defendant or NXIVM.

**Objection. Demand is overly broad and vague. The objection notwithstanding, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you.**

8. All documents referring to any money or any other thing of value provided by you to any person or entity on behalf of KEITH RANIERE, NXIVM's senior leadership or the Inner Circle, any individual Defendant in the action or NXIVM.

**Objection. Demand is overly broad and vague. The objection notwithstanding, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you.**

**9.** All documents referring to direct or indirect compensation of any member of NXIVM's senior leadership or the Inner Circle, including from any NXIVM-related entity, group or organization, Plaintiffs, or from any other member of the NXIVM community.

**Objection. Demand is overly broad and vague. The objection notwithstanding, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you.**

10. All documents referring to any situation wherein a NXIVM member performed labor or services for NXIVM and provided personal services for the current or former individual Defendants in the action or for other NXIVM members in exchange for curriculum or to pay off debts to NXIVM or a member of NXIVM's senior leadership or Inner Circle.

**Objection. Demand is overly broad and vague. The objection notwithstanding, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you.**

11. All documents referring to the creation, ownership, funding, operation, management or oversight of NXIVM.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

12. All documents referring to the creation, ownership, funding, operation, management or oversight of ESF.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will**

**forthwith be furnished upon you.  Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

13.     All documents referring to the creation, ownership, funding, operation, management or oversight of Ethical Humanitarian Foundation.  **Objection. Demand is for materials irrelevant to the claims put forth in the TAC.  The objection notwithstanding, Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

14.     All documents referring to the creation, ownership, funding, operation, management or oversight of RCG.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control.  If and when same become available, same will forthwith be furnished upon you.  Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution**

**herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

15. All documents referring to the creation, ownership, funding, operation, management or oversight of EXO/ESO.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

16. All documents referring to the creation, ownership, funding, operation, management or oversight of Ethical Humanitarian Foundation. **See Response #13.**

17. All documents referring to NXIVM's finances, including without limitation, all books and records relating to budgets, income or revenue, expenses and tax reporting.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US**

**Attorney's Office in and for the EDNY.**

18. All documents referring to the composition, responsibilities, decision-making process and proceedings of the senior leadership or Inner Circle of NXIVM, including ESF, Ethical Humanitarian Foundation, RCG and EXO/ESO.

**Objection to the demand insofar as it requests materials related to Ethical Humanitarian Foundation on the grounds of relevance. The objection notwithstanding, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

19. All documents referring to minutes, notes, or other written records of meetings of NXIVM, such as minutes of meetings of senior leadership or Inner Circle, including any executive board or any other management or governing group for NXIVM.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution**

**herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

20. All documents referring to your management, oversight or involvement in any aspect of NXIVM's operations (such as, without limitation, curriculum, sales, financial, legal, immigration, public relations or accounting.

**Objection to the demand insofar as it requests legal materials protected by attorney-client privilege and attorney work-product. The objection notwithstanding, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

21. All documents referring to curriculum development for NXIVM.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US**

**Attorney's Office in and for the EDNY.**

22. All documents referring to sales and promotional materials developed for NXIVM. **A copy of a brochure shall be provided under separate cover, and available for physical inspection with Counsel. Otherwise, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

23. All documents referring to the criteria and decision making regarding obtaining NXIVM positions, responsibilities and promotions up the stripe path – including without limitation, the requirements for and compensation of Coaches, Proctors, Field Trainers and Exploration of Meaning Practitioners as described more fully at paragraphs 24 and 41 of the TAC. **Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US**

**Attorney's Office in and for the EDNY.**

24.    All documents referring to any meeting or gathering where NXIVM's curriculum or requirements for advancement within NXIVM were discussed.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

25.    All documents referring to the requirements for making money by providing any NXIVM curriculum, and any changes to the requirements.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

26. All documents referring to the number of people who took NXIVM courses, including Plaintiffs, who received any money from providing any NXIVM curriculum.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

27. All documents referring to any monetary compensation provided to Plaintiffs directly or indirectly by you, NXIVM, NXIVM senior leadership or the Inner Circle, or any other NXIVM member for providing goods or services to you, NXIVM, NXIVM senior leadership or the Inner Circle, or any other NXIVM member.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

28. All documents referring to every NXIVM-related, actual or threatened, civil litigation matter (or other legal proceeding), complaints to law enforcement or regulators, and the use of and communications with private investigators and public relations firms, as more fully described in paragraphs 5, 10, 182-187 and 190 of the TAC.

**Objection. Demand calls for documents protected by attorney-client privilege, privileged attorney work-product and/or documentation solely created for the purpose of litigation.**

29. All documents referring to the retention of legal counsel suggested by you or NXIVM to represent NXIVM-affiliated individuals or entities in legal proceedings, including government investigations or anticipated investigations.

**Objection. Demand calls for documents protected by attorney-client privilege, privileged attorney work product and/or documentation solely created for the purpose of litigation.**

30. All documents referring to the immigration status of any individual associated with NXIVM.

**Objection. Demand calls for documents protected by attorney-client privilege, privileged attorney work product and/or documentation solely created for the purpose of litigation.**

31. All documents referring to your involvement in the creation and operation of medical or psychological experiments, "studies," attempted treatments or cures and marketing or promotion of same, including but not limited to the "Tourette's study," OCD study and "Human Fright Experiment," as described more fully in paragraph 15 of the TAC.

**Defendant Bronfman is searching for any and all responsive materials in her**

**possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

32. All documents referring to your relationship with KEITH RANIERE.

**Objection. Demand is irrelevant to the allegations against Defendant Bronfman in the TAC.**

33. All documents referring to KEITH RANIERE's personal relationships, sexual contact and expressions of physical attraction or interest in female members of NXIVM.

**Objection. Demand is irrelevant to the allegations against Defendant Bronfman in the TAC. The objection notwithstanding, Defendant Bronfman is not in possession of any such responsive material.**

34. All documents referring to any sexual contact KEITH RANIERE or member of the Inner Circle had with any DOS Plaintiff or any other member of NXIVM community.

**Defendant Bronfman is not in possession of any such responsive materials.**

35. All documents referring to any statements made to DOS members such as about its composition, requirements, leadership, collateral, branding, recording of activities, sexual conduct or acts of service.

**Defendant Bronfman is not in possession of any such responsive materials.**

36. All documents referring to any communications with a DOS member about anything having to do with DOS.

**Objection. Demand is overly broad and vague. The objection notwithstanding, Defendant Bronfman is not in possession of any such responsive materials.**

37. All documents referring to any communication you had with anyone, including any member of NXIVM's senior leadership or Inner Circle, with respect to DOS or any DOS Plaintiff or other DOS member.

**Objection. Demand is overly broad and vague. Notwithstanding the objection, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

38. All documents referring to any communications you composed in whole or in part to be sent by you, NXIVM, anyone in or associated with NXIVM, or any third-party to any one or more the DOS Plaintiffs.

**Objection. Demand is overly broad and vague. The objection notwithstanding, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that**

**separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

39.    All documents referring to the collateral of any member of DOS as described more fully at paragraphs 104, 108, 111-112, 113, 115-119 and 123-124 of the TAC.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

40.    All documents referring to your or any member of NXIVM's senior leadership or Inner Circle's reaction to reports, coverage and criticism of NXIVM in news, media, blogs and other public outlets and any action contemplated in response thereto.

**Objection. Demand calls for materials protected by attorney-client privilege and/or attorney work-product. The objection notwithstanding, Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control that is not protected. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and**

**distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

41. All documents referring to the branding or recording of the branding of any individuals associated with DOS.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

42. All documents referring to NXIVM after the existence of DOS became public, including documents related to:

   a. DOS and collateral demanded and provided; **See responses above.**

   b. Meetings of senior leadership or Inner Circle members; **See responses above.**

   c. Public relations; **See responses above.**

   d. Statements made concerning DOS at any NXIVM event or meeting; **Objection. Demand is overly broad and vague.**

**e.** Public statements made about DOS or NXIVM; **Objection. Demand is overly broad and vague.**

f. Events and meetings in Mexico after KEITH RANIERE fled to Mexico; **Objection to term "fled" as a legal conclusion. The objection notwithstanding, see responses above.**

g. Decisions regarding continuing or terminating operations of NXIVM, DOS or other NXIVM-related entities; **See responses above.**

h. NXIVM's finances; **See responses above.**

i. Tracking, investigating and surveilling potential witnesses and critics; or **Objection. Demand calls for materials protected by attorney-client privilege and/or attorney work product. To the extent there are any materials contemplated otherwise, Defendant Bronfman is not in possession of any such responsive materials**.

**j.** Destroying, altering or disposing of documents, including devices containing information such as computers, servers, storage devices, phones or physical documents. **Defendant Bronfman is not in possession of any such responsive materials.**

43. All documents referring to the Department of Justice investigation of any of the following: you, KEITH RANIERE, NANCY SALZMAN, LAUREN SALZMAN, ALISON MACK, KATHY RUSSELL and NXIVM.

**Defendant Bronfman is searching for any and all responsive materials in her possession, custody or control. If and when same become available, same will forthwith be furnished upon you. Defendant Bronfman further believes that**

**separate and distinctly responsive materials may be subject to the Protective Order(s) in place from 18 CR 204 (EDNY), and therefore to the extent obtainable by Defendant Bronfman, are wholly precluded from disclosure and distribution herein in the absence of an Order executed by this Court with the consent of the US Attorney's Office in and for the EDNY.**

44.     All documents you consulted in connection with responding to the Interrogatories in this matter.

**Objection. Demand is untimely as no Interrogatories have been served by Plaintiff to Defendant Bronfman. If and when same are properly served upon Defendant Bronfman, same should include such demand as part thereof.**

DEFENDANTS hereby reserve the right to amend and/or supplement these responses on a continuing basis up to and including the time of trial.

Dated: New York, NY
       May 27, 2025

AARON M. GOLDSMITH, ESQ. (AG4773)
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
(914) 462-3912 (fax)
*aarongoldsmithlaw@gmail.com*

TO:

KOHN, SWIFT & GRAF, PC
Attorneys for Plaintiffs
1600 Market St., Suite 2500
Philadelphia, PA 19103
(215) 238-1700

ZUCKERMAN SPAEDER, LLP
Attorneys for Plaintiffs
1800 M Street NW, Suite 1000
Washington, DC 20036
(202) 778-1996

FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
Attorneys for Defendant Clare Bronfman
801 17th Street NW
Washington, DC 20006
(202) 634-7040

DANIELLE ROBERTS
Defendant *Pro Se*

All counsel/parties via ECF only

# CERTIFICATION OF MAILING

This is to certify that a copy of the foregoing was delivered via electronic means, this 27th day of May, 2025, in compliance with the local rules of practice and procedure, to the person(s) and/or entities as listed below.

KOHN, SWIFT & GRAF, PC
Attorneys for Plaintiffs
1600 Market St., Suite 2500
Philadelphia, PA 19103
(215) 238-1700

ZUCKERMAN SPAEDER, LLP
Attorneys for Plaintiffs
1800 M Street NW, Suite 1000
Washington, DC 20036
(202) 778-1996

FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
Attorneys for Defendant Clare Bronfman
801 17th Street NW
Washington, DC 20006
(202) 634-7040

DANIELLE ROBERTS
*Defendant Pro Se*

All Counsel for all parties via ECF



AARON M. GOLDSMITH (AG4773)

# EXHIBIT D

| | |
|---|---|
| **From:** | Gordon Bergstresser <Gbergstresser@dicellolevitt.com> |
| **Sent:** | Thursday, May 28, 2026 8:27 PM |
| **To:** | Aufhauser, Anne; Emma Bruder; Dr. Danielle Roberts; Henry, Robin; Leavy, Danielle; Aaron Goldsmith |
| **Cc:** | William E. Hoese; Brendan Schneiderman; Robert A. Swift; Zahra R. Dean; Stacey MacKinnon; Erin Kerrane; Agnieszka M. Fryszman; Greg Gutzler; Adam Prom |
| **Subject:** | RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports |
| **Attachments:** | Edmondson v. Raniere - Pls' Proposed Search Term Sets.pdf |

This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Anne,

Plaintiffs do not think a traditional redline against either Defendants' August 13 or October 27 proposals would be particularly useful here. Plaintiffs' April 27 counterproposal was not prepared as a line-by-line edit to either proposal. Rather, because the prior proposals consisted largely of broad, overlapping term banks, Plaintiffs consolidated, reorganized and narrowed those terms into claim-based search strings.  In lieu of such a redline, attached please find a document detailing the search terms we intend to use, grouped by the terms to be used for the RICO-only Plaintiffs and the terms to be used for the RICO + TVPRA Plaintiffs.  We believe this set of search terms, as demonstrated by the hit reports that we've provided to date, represent a reasonably comprehensive search methodology for identifying responsive ESI possessed by Plaintiffs.

With respect to hit reports, Plaintiffs do not agree that separate hit reports and separate negotiations are required for each Plaintiff.  Per the ESI Protocol, Plaintiffs have identified custodial and non-custodial data sources against which the terms were run. See Stip. Order Re: Disc. of ESI §§ V.A.3, V.C.  It would be inefficient to separately negotiate search terms for each Plaintiff, as the discovery requests that each Plaintiff needs to respond to do not substantively vary across the Plaintiffs.  To embark in separate negotiations for each Plaintiff will result in extraordinary delay and needlessly complicate the discovery process.  Plaintiffs have organized the proposed terms by claim category, including separate sets for the battery claims, RICO-only claims, and RICO/TVPRA claims. That approach is consistent with proportionality, the structure of the claims, and the need to move discovery forward efficiently.  Plaintiffs believe that cost shifting under Rule 26(c)(1)(B) would be appropriate if Defendants insist upon discovery methods that are unduly burdensome and expensive.

Additionally, we understand from your January 23, 2026 email that you have collected ESI from your clients and tested search terms against that ESI.  At that point, you were not willing to take a position on those search terms or the search terms that had been proposed by Plaintiffs.  Are you now prepared to take a position on either set of search terms?  If not, when will you be able to?  Additionally, the hit reports provided on January 15, 2025 do not identify the data sources that are being searched.  Can you please provide information as to which data sources are being searched to generate those hit reports?  Further, if there are data sources that either presently exist or previously existed which have been lost or destroyed or are inaccessible, which are not being searched, please identify those sources and the reasons they are not being searched.

Thanks,
Gordon



Gordon Bergstresser
**DICELLO LEVITT**
202.975.2288

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>
**Sent:** Tuesday, May 12, 2026 6:44 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

Emma,

We have reviewed the "RICO + TVPRA Terms" that you proposed on April 27, 2026, and have considered them in the context of the rulings entered by Magistrate Judge Cross-Goldenberg on May 6th . As we understand it, the proposed terms are a combined response to the separate search terms proposed by each of Sara Bronfman (August 13, 2025) and C. Bronfman and K. Raniere (October 27, 2025). Because you provided a combined response, we are presently unable to determine the proposed changes to either our proposal of August 13th or that made by Mr. Goldsmith on behalf of his clients.

In order to give us an ability to respond to your counter-proposal, please provide a document showing the proposed revisions made to each of Sara Bronfman's and Clare Bronfman's/Keith Raniere's search terms. You can use our January 15th counterproposal as a sample (attached). Without this information we cannot see what terms were edited and how or what terms were removed. For example, the names of all current and former parties to the case do not appear to have been run; we do not know whether that is an inadvertent error or deliberate statement that you will not run those names. A redline of the sort we provided to you will help us assess your current counterproposal.

Second, as we have previously explained, we will need separate hit reports for each plaintiff. We understand that you will provide this information on a rolling basis and propose that we negotiate a base set of terms that we can adjust to conform with each plaintiff's specific allegations over the course of document production. We cannot assess search terms for every plaintiff based on select sample plaintiffs.

We understand that your document collection is not yet complete. We therefore propose that you provide an edited search term counterproposal (as described above) and a hit report for each plaintiff

whose document collection you consider complete (i.e., one hit report and one counterproposal list of search terms per plaintiff). We can finalize those and address additional plaintiffs as your document collection progresses. In light of the Court's direction to prioritize discovery regarding the battery plaintiffs and produce their materials in the next few weeks, we would suggest starting with Sarah Edmondson, Nicole, Paloma Pena, and India Oxenberg.

Please let us know if you have any questions.

Anne

---

**Anne Aufhauser**
**Special Counsel**
Anne.Aufhauser@friedfrank.com | Tel: +1 212 859 8064

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers

---

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Monday, April 27, 2026 9:19 PM
**To:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

[EXTERNAL]
Good evening, Counsel and Dr. Roberts,

Please see attached hit reports reflecting Plaintiffs' counterproposals of search terms, run across four Plaintiffs' ESI.

The "Battery" report reflects terms responsive to Danielle Roberts' requests for production. The "RICO + TVPRA" reports reflect terms responsive to the requests of Sara Bronfman, Clare Bronfman, and Keith Raniere for Plaintiffs asserting both RICO and TVPRA claims. The representative RICO-only Plaintiffs' data is still processing. We will provide corresponding hit reports for those custodians as soon as possible.

The hit reports encompass all the data sources listed below, with the exception of the one source identified in red, which is currently processing. Accordingly, the attached reports are underinclusive as to that source.

# EXHIBIT E

| | |
|---|---|
| **From:** | Gordon Bergstresser <Gbergstresser@dicellolevitt.com> |
| **Sent:** | Thursday, May 28, 2026 8:27 PM |
| **To:** | Aufhauser, Anne; Emma Bruder; Dr. Danielle Roberts; Henry, Robin; Leavy, Danielle; Aaron Goldsmith |
| **Cc:** | William E. Hoese; Brendan Schneiderman; Robert A. Swift; Zahra R. Dean; Stacey MacKinnon; Erin Kerrane; Agnieszka M. Fryszman; Greg Gutzler; Adam Prom |
| **Subject:** | RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports |
| **Attachments:** | Edmondson v. Raniere - Pls' Proposed Search Term Sets.pdf |

[EXTERNAL]

Anne,

Plaintiffs do not think a traditional redline against either Defendants' August 13 or October 27 proposals would be particularly useful here. Plaintiffs' April 27 counterproposal was not prepared as a line-by-line edit to either proposal. Rather, because the prior proposals consisted largely of broad, overlapping term banks, Plaintiffs consolidated, reorganized and narrowed those terms into claim-based search strings.  In lieu of such a redline, attached please find a document detailing the search terms we intend to use, grouped by the terms to be used for the RICO-only Plaintiffs and the terms to be used for the RICO + TVPRA Plaintiffs.  We believe this set of search terms, as demonstrated by the hit reports that we've provided to date, represent a reasonably comprehensive search methodology for identifying responsive ESI possessed by Plaintiffs.

With respect to hit reports, Plaintiffs do not agree that separate hit reports and separate negotiations are required for each Plaintiff.  Per the ESI Protocol, Plaintiffs have identified custodial and non-custodial data sources against which the terms were run. See Stip. Order Re: Disc. of ESI §§ V.A.3, V.C.  It would be inefficient to separately negotiate search terms for each Plaintiff, as the discovery requests that each Plaintiff needs to respond to do not substantively vary across the Plaintiffs.  To embark in separate negotiations for each Plaintiff will result in extraordinary delay and needlessly complicate the discovery process.  Plaintiffs have organized the proposed terms by claim category, including separate sets for the battery claims, RICO-only claims, and RICO/TVPRA claims. That approach is consistent with proportionality, the structure of the claims, and the need to move discovery forward efficiently.  Plaintiffs believe that cost shifting under Rule 26(c)(1)(B) would be appropriate if Defendants insist upon discovery methods that are unduly burdensome and expensive.

Additionally, we understand from your January 23, 2026 email that you have collected ESI from your clients and tested search terms against that ESI.  At that point, you were not willing to take a position on those search terms or the search terms that had been proposed by Plaintiffs.  Are you now prepared to take a position on either set of search terms?  If not, when will you be able to?  Additionally, the hit reports provided on January 15, 2025 do not identify the data sources that are being searched.  Can you please provide information as to which data sources are being searched to generate those hit reports?  Further, if there are data sources that either presently exist or previously existed which have been lost or destroyed or are inaccessible, which are not being searched, please identify those sources and the reasons they are not being searched.

Thanks,
Gordon



Gordon Bergstresser

**DICELLO LEVITT**

202.975.2288

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>
**Sent:** Tuesday, May 12, 2026 6:44 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

Emma,

We have reviewed the "RICO + TVPRA Terms" that you proposed on April 27, 2026, and have considered them in the context of the rulings entered by Magistrate Judge Cross-Goldenberg on May 6th . As we understand it, the proposed terms are a combined response to the separate search terms proposed by each of Sara Bronfman (August 13, 2025) and C. Bronfman and K. Raniere (October 27, 2025). Because you provided a combined response, we are presently unable to determine the proposed changes to either our proposal of August 13th or that made by Mr. Goldsmith on behalf of his clients.

In order to give us an ability to respond to your counter-proposal, please provide a document showing the proposed revisions made to each of Sara Bronfman's and Clare Bronfman's/Keith Raniere's search terms. You can use our January 15th counterproposal as a sample (attached). Without this information we cannot see what terms were edited and how or what terms were removed. For example, the names of all current and former parties to the case do not appear to have been run; we do not know whether that is an inadvertent error or deliberate statement that you will not run those names. A redline of the sort we provided to you will help us assess your current counterproposal.

Second, as we have previously explained, we will need separate hit reports for each plaintiff. We understand that you will provide this information on a rolling basis and propose that we negotiate a base set of terms that we can adjust to conform with each plaintiff's specific allegations over the course of document production. We cannot assess search terms for every plaintiff based on select sample plaintiffs.

We understand that your document collection is not yet complete. We therefore propose that you provide an edited search term counterproposal (as described above) and a hit report for each plaintiff whose document collection you consider complete (i.e., one hit report and one counterproposal list of search terms per plaintiff). We can finalize those and address additional plaintiffs as your document

2

collection progresses.  In light of the Court's direction to prioritize discovery regarding the battery plaintiffs and produce their materials in the next few weeks, we would suggest starting with Sarah Edmondson, Nicole, Paloma Pena, and India Oxenberg.

Please let us know if you have any questions.

Anne

**Anne Aufhauser**
**Special Counsel**
Anne.Aufhauser@friedfrank.com | Tel:  +1 212 859 8064

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Monday, April 27, 2026 9:19 PM
**To:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

[EXTERNAL]
Good evening, Counsel and Dr. Roberts,

Please see attached hit reports reflecting Plaintiffs' counterproposals of search terms, run across four Plaintiffs' ESI.

The "Battery" report reflects terms responsive to Danielle Roberts' requests for production. The "RICO + TVPRA" reports reflect terms responsive to the requests of Sara Bronfman, Clare Bronfman, and Keith Raniere for Plaintiffs asserting both RICO and TVPRA claims. The representative RICO-only Plaintiffs' data is still processing. We will provide corresponding hit reports for those custodians as soon as possible.

The hit reports encompass all the data sources listed below, with the exception of the one source identified in red, which is currently processing. Accordingly, the attached reports are underinclusive as to that source.

| No | Custodian | Evidence Type | Device |
|----|-----------|---------------|--------|
| 1 | India Oxenberg | Mobile Phone | Apple iPhone 13 Pro |

| | | | |
|---|---|---|---|
| 2 | India Oxenberg | Laptop | Apple Macbook Air |
| 3 | India Oxenberg | Social Media (Facebook) | indiaoxenberg |
| 4 | India Oxenberg | Email | indiaox@gmail.com |
| 5 | India Oxenberg | Social Media (Instagram) | indiaoxenberg |
| 6 | Nicole Isbell | Mobile Phone | Apple iPhone 15 Pro |
| 7 | Nicole Isbell | Laptop | Apple Macbook Air (2022) |
| 8 | Nicole Isbell | Mobile Phone | Apple iPhone 6s |
| 9 | Nicole Isbell | Email | nik.isbelle@gmail.com |
| 10 | Nicole Isbell | Email | nikkitisbell@gmail.com |
| 11 | Nicole Isbell | Mobile Phone | iPhone |
| 12 | Paloma Pena | Mobile Phone | Apple iPhone 14 |
| 13 | Paloma Pena | Laptop | Apple Macbook Air 2020 |
| 14 | Paloma Pena | Social Media (Facebook) | palomapena |
| 15 | Paloma Pena | Email | paloma_pena@hotmail.com |
| 16 | Sarah Edmondson | Mobile Phone | iPhone 16 |
| 17 | Sarah Edmondson | Laptop | Apple Macbook Pro (A1706) |
| 18 | Sarah Edmondson | Laptop | Apple Macbook Pro (A2918) |
| 19 | Sarah Edmondson | Social Media (Facebook) | sarahedmondson |
| 20 | Sarah Edmondson | Email | sarah@sarahedmondson.com |
| 21 | Sarah Edmondson | Email | sarahedmondson@gmail.com |
| 22 | Sarah Edmondson | Social Media (Instagram) | sarahedmondson |

With that context and for your ease of reference, the aggregate hit counts are as follows:

| | Documents in Searchable Set | Documents with Hits | Documents with Hits (including families) |
|---|---|---|---|
| **Battery Terms Total** | 635,762 | 2,279 | 3,407 |
| **RICO + TVPRA Terms Total** | 981,628 | 7,846 | 11,029 |

Best,
Emma



Emma Bruder

**DICELLO LEVITT LLP**

485 Lexington Ave
Suite 1001
New York, New York 10017

646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

# EXHIBIT F

| From: | Emma Bruder <ebruder@dicellolevitt.com> |
| Sent: | Thursday, May 14, 2026 8:34 PM |
| To: | Dr. Danielle Roberts; Henry, Robin; Aaron Goldsmith; Aufhauser, Anne; Leavy, Danielle |
| Cc: | Brendan Schneiderman; William E. Hoese; Gordon Bergstresser; Zahra R. Dean; Robert A. Swift; Stacey MacKinnon; Erin Kerrane; Agnieszka M. Fryszman; Greg Gutzler; Adam Prom |
| Subject: | Edmondson v. Raniere - M. Vicente External Storage Devices Available for Inspection and Copying |

[EXTERNAL]
Counsel and Dr. Roberts,

We write to provide an update regarding the documentary evidence belonging to Mark Vicente. Below is a list of his external storage devices, which are primarily, if not entirely, comprised of video and photographic media. The devices collectively contain approximately 22 TB of data and have been made available for inspection and copying at the NYC midtown offices of our ESI vendor, CDS, located at 250 Park Avenue. Please let us know if you would like to arrange a date and time to do so.

CDS has advised that it is available next week Tuesday through Thursday, from 10:00 a.m. to 5:00 p.m., and can also accommodate later dates if needed. A CDS technician will be present to provide any necessary technical assistance during the inspection.

| |
|---|
| Mark Vicente - LaCie USB HDD - SOP Drive |
| Mark Vicente - LaCie USB HDD - Incendiar el corazon - Media Manager ZS. Julio - 2013 |
| Mark Vicente - LaCie USB HDD - Bonnie Australia 2014 Clone |
| Mark Vicente - LaCie USB HDD - Fiji Dec 2014 Master |
| Mark Vicente - LaCie USB HDD - Bonnie Piesse Joshua Tree 2016 & AUS & Fiji |
| Mark Vicente - LaCie USB HDD - Fiji Dec 2014 Clone |
| Mark Vicente - LaCie USB HDD - Photo Drive |
| Mark Vicente - LaCie USB HDD - EEC Stills ME / MV 1TB |
| Mark Vicente - LaCie USB HDD - Zacarias |
| Mark Vicente - LaCie USB HDD - Bonnie Ariela Music Video |
| Mark Vicente - LaCie USB HDD (Gray) - Incendiar Clone |
| Mark Vicente - 3TB Seagate SATA HDD - Copernicus Video (3TB) |
| Mark Vicente - WD 250 GB SATA HDD (Black) - Mark HD |
| Mark Vicente - Seagate 3TB SATA HDD - Vincent B Drive Photos |
| Mark Vicente - Seagate 3TB SATA HDD - Highlander-1 3TB / (Photo Backup) |
| Mark Vicente - Seagate 3TB SATA HDD - Orion 3TB |
| Mark Vicente - 3TB SATA HDD - Polaris 3TB / Time Machine |
| Mark Vicente - 3TB SATA HDD - Clone Highlander-2 3TB Photo Backup |
| Mark Vicente - 3TB SATA HDD - Highlander-2 3TB / (Photo Backup) |
| Mark Vicente - 3TB SATA HDD - Tesla 3TB (Video) |
| Mark Vicente - Seagate 3TB SATA HDD - Vicente A Drive |
| Mark Vicente - Seagate 3TB SATA HDD - Vicente Photo Overflow From B |
| Mark Vicente - WD 320GB SATA HDD - Edit 1 |

| |
|---|
| Mark Vicente - Hitachi 1TB SATA HDD - Vicente 1TB |
| Mark Vicente - WD 4TB USB HDD (Black) - Corelia 4TB |
| Mark Vicente - WD USB HDD (Black) - LA Center and Android Backup |
| Mark Vicente - 500GB Internal SATA HDD - Old Powerbook Mac HDD |
| Mark Vicente - 30GB Fujitsu Internal SATA HDD - Internal Mac #2 |
| Mark Vicente - WD 4TB USB HDD (Black) - Yucca Passport 4TB |

Best,
Emma

 Emma Bruder

**DICELLO LEVITT LLP**

485 Lexington Ave
Suite 1001
New York, New York 10017

646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

# EXHIBIT G1



**Dr. Danielle Roberts <danielle@drdanielleroberts.com>**

# Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

**Emma Bruder** <ebruder@dicellolevitt.com>                        Mon, Apr 27, 2026 at 9:19 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Robert A. Swift" <rswift@kohnswift.com>, "Zahra R. Dean" <zdean@kohnswift.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, Erin Kerrane <ekerrane@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>

Good evening, Counsel and Dr. Roberts,

Please see attached hit reports reflecting Plaintiffs' counterproposals of search terms, run across four Plaintiffs' ESI.

The "Battery" report reflects terms responsive to Danielle Roberts' requests for production. The "RICO + TVPRA" reports reflect terms responsive to the requests of Sara Bronfman, Clare Bronfman, and Keith Raniere for Plaintiffs asserting both RICO and TVPRA claims. The representative RICO-only Plaintiffs' data is still processing. We will provide corresponding hit reports for those custodians as soon as possible.

The hit reports encompass all the data sources listed below, with the exception of the one source identified in red, which is currently processing. Accordingly, the attached reports are underinclusive as to that source.

| No | Custodian | Evidence Type | Device |
|----|-----------|---------------|--------|
| 1 | India Oxenberg | Mobile Phone | Apple iPhone 13 Pro |
| 2 | India Oxenberg | Laptop | Apple Macbook Air |
| 3 | India Oxenberg | Social Media (Facebook) | indiaoxenberg |
| 4 | India Oxenberg | Email | indiaox@gmail.com |
| 5 | India Oxenberg | Social Media (Instagram) | indiaoxenberg |
| 6 | Nicole Isbell | Mobile Phone | Apple iPhone 15 Pro |
| 7 | Nicole Isbell | Laptop | Apple Macbook Air (2022) |

| 8 | Nicole Isbell | Mobile Phone | Apple iPhone 6s |
|---|---|---|---|
| 9 | Nicole Isbell | Email | nik.isbelle@gmail.com |
| 10 | Nicole Isbell | Email | nikkitisbell@gmail.com |
| 11 | Nicole Isbell | Mobile Phone | iPhone |
| 12 | Paloma Pena | Mobile Phone | Apple iPhone 14 |
| 13 | Paloma Pena | Laptop | Apple Macbook Air 2020 |
| 14 | Paloma Pena | Social Media (Facebook) | palomapena |
| 15 | Paloma Pena | Email | paloma_pena@hotmail.com |
| 16 | Sarah Edmondson | Mobile Phone | iPhone 16 |
| 17 | Sarah Edmondson | Laptop | Apple Macbook Pro (A1706) |
| 18 | Sarah Edmondson | Laptop | Apple Macbook Pro (A2918) |
| 19 | Sarah Edmondson | Social Media (Facebook) | sarahedmondson |
| 20 | Sarah Edmondson | Email | sarah@sarahedmondson.com |
| 21 | Sarah Edmondson | Email | sarahedmondson@gmail.com |
| 22 | Sarah Edmondson | Social Media (Instagram) | sarahedmondson |

With that context and for your ease of reference, the aggregate hit counts are as follows:

| | Documents in Searchable Set | Documents with Hits | Documents with Hits (including families) |
|---|---|---|---|
| **Battery Terms Total** | 635,762 | 2,279 | 3,407 |
| **RICO + TVPRA Terms Total** | 981,628 | 7,846 | 11,029 |

Best,

Emma



Emma Bruder

**DICELLO LEVITT LLP**

485 Lexington Ave

Suite 1001

New York, New York 10017

646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

**2026.04.27 - Pls.' Counterproposal Hit Reports.zip**
259K

# EXHIBIT G2



**Dr. Danielle Roberts <danielle@drdanielleroberts.com>**

---

# Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com>                    Wed, May 6, 2026 at 12:55 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Robert A. Swift" <rswift@kohnswift.com>, "Zahra R. Dean" <zdean@kohnswift.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, Erin Kerrane <ekerrane@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>

Counsel,

Thank you for sending the counterproposal. It's my understanding that these terms you are suggesting apply to all the devices you listed, the items I am listing below, and each RFP I requested that you agreed to produce (or in which the judge directed you to produce for) by applying the search terms related to that RFP to the listed devices. Please confirm.

    1. I assume "mobile phones" include; Telegram, Signal, text, WhatsApp, and any other communication apps used from the time of invitation (2015) to the present. These methods were used extensively for material related to this matter.

    2. I am confirming this includes private chats, disappearing messages and/or deleted materials in the metadata or otherwise? If any messages that do not appear on these messaging apps, for these or any other reason, and there were screen shots taken before messages were deleted/disappeared and are stored in/on services, devices or in any method of storage that they are included.

    3. I am confirming this includes metadata or verification of any apps deleted or uninstalled from these phones and computers from the time of invitation to DOS to now.

    4. If they received new computers or mobile phones since 2015, I expect these devices are included unless the data was completely transferred to their new and current devices. If incomplete material was transferred than verification be provided for missing contents related to the matter at hand.

    5. I also don't see Allison Macks laptop here. Please include that per our previous emails.

To clarify:

    6.     What other phones or devices did these plaintiffs have between 2015 and present, if not included here?

    7.     What other emails did the plaintiffs have at that time (2015 -present) besides the one above, that are not included – including proton and other secure emails they were using?

    8.     What additional social media, email, usernames or alias in their name (or someone else's name) did they create and use from the time of invitation to DOS until now?

Please confirm before I review the individual search terms and accept the proposal.

Best,

**Danielle Roberts, DO, MS**

[Quoted text hidden]

# EXHIBIT G3



# Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

**Zahra R. Dean** <zdean@kohnswift.com>  Wed, May 6, 2026 at 5:11 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>, Emma Bruder <ebruder@dicellolevitt.com>
Cc: "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Leavy, Danielle"
<Danielle.Leavy@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese"
<whoese@kohnswift.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>, Gordon Bergstresser
<Gbergstresser@dicellolevitt.com>, "Robert A. Swift" <rswift@kohnswift.com>, Stacey MacKinnon
<smackinnon@dicellolevitt.com>, Erin Kerrane <ekerrane@dicellolevitt.com>, "Agnieszka M. Fryszman"
<afryszman@cohenmilstein.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>

Ms. Roberts,

Plaintiffs intend to comply with the directives from the Magistrate Judge at the April 28, 2025, status
conference and will provide you with (i) a list of the electronic devices used during the relevant period that
are not being imaged and will not be reviewed in discovery; (ii) identification of which electronic devices
have been preserved; and (iii) if any devices have been lost, destroyed, or erased, the circumstances under
which that happened for the battery claimants (Sarah Edmondson, Nicole, Paloma Pena, and India
Oxenberg) by May 21.

Also, please advise when we can expect to receive the video production from you. Thanks.

Best,

Zahra

**From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Sent:** Wednesday, May 6, 2026 12:55 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>
**Cc:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Henry, Robin <Robin.Henry@friedfrank.com>;
Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>;
William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.
com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>;
Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin
Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg
Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** Re: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the
content is safe.

[Quoted text hidden]

**\*\*\*Privilege and Confidentiality Notice\*\*\***

**The information contained in this e-mail message is attorney-client privileged and/or confidential information
intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or**

# EXHIBIT G4



**Dr. Danielle Roberts <danielle@drdanielleroberts.com>**

# Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com>                Wed, May 6, 2026 at 6:32 PM
To: "Zahra R. Dean" <zdean@kohnswift.com>
Cc: Emma Bruder <ebruder@dicellolevitt.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Robert A. Swift" <rswift@kohnswift.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, Erin Kerrane <ekerrane@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>

Ms. Dean,

The Magistrate also instructed us to correspond and work out any issues that arise, to ask any necessary and relevant additional questions or interrogatories, and to do what it takes to finalize this matter. Therefore, I'm clarifying the conditions of the search term proposal with you. Once clarified, I will review the search terms to ensure I agree with the items you've eliminated from my prior proposal and send everything over to you. I should be able to send you the video discovery by Monday or Tuesday.

Best,
**Danielle Roberts, DO, MS**

[Quoted text hidden]

# EXHIBIT G5



**Dr. Danielle Roberts <danielle@drdanielleroberts.com>**

# Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com>                    Tue, May 12, 2026 at 10:26 PM
To: "Zahra R. Dean" <zdean@kohnswift.com>
Cc: Emma Bruder <ebruder@dicellolevitt.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Robert A. Swift" <rswift@kohnswift.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, Erin Kerrane <ekerrane@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>

Ms. Dean,

Here is the link to the video discovery I promised. I have sent the password separately to you, Ms. Bruder and Mr. Bergstresser. There are currently 3 videos and 1 audio included that are highly confidential and must not be shared or disseminated. The link expires in 2 months, on July 12th at 11:59pm. I will let you know if I add anything additional. I will send a few additional documents and include the videos on the table of contents.

I will also review the search terms to see which have been removed and whether I agree. In the meantime, can you please send me the answers to my previous questions in this thread, or let me know if we need to meet to discuss them?

Thank you.

https://vimeo.com/reviews/842decc0-48f4-481f-8ba5-7a3f29997ab5/users/33305382/folders/29221239

**Danielle Roberts, DO, MS**

[Quoted text hidden]

# EXHIBIT G6



**Dr. Danielle Roberts <danielle@drdanielleroberts.com>**

# Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

**Emma Bruder** <ebruder@dicellolevitt.com>                    Thu, May 14, 2026 at 11:17 AM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>, "Zahra R. Dean" <zdean@kohnswift.com>
Cc: "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Leavy, Danielle"
<Danielle.Leavy@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese"
<whoese@kohnswift.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>, Gordon Bergstresser
<Gbergstresser@dicellolevitt.com>, "Robert A. Swift" <rswift@kohnswift.com>, Stacey MacKinnon
<smackinnon@dicellolevitt.com>, Erin Kerrane <ekerrane@dicellolevitt.com>, "Agnieszka M. Fryszman"
<afryszman@cohenmilstein.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>

Dr. Roberts,


Thank you for sending the video discovery. Unfortunately, the password you provided appears to be
incorrect. Could you please double check it or generate a new password?


With respect to your earlier questions in this thread, we are currently working hard to satisfy the Court-
ordered disclosures due May 21, which we expect will address many of the issues you raised below. We
suggest reconnecting after you have had an opportunity to review our ESI preservation disclosures, and
then setting a time to discuss any remaining questions.



Best,

Emma





Emma Bruder


**DICELLO LEVITT**


646.933.1000


This transmission may contain privileged and confidential information meant for the intended
recipient only. If you have received this email in error, please notify the sender and
permanently delete this email and any attachments.

[Quoted text hidden]

# EXHIBIT G7



**Dr. Danielle Roberts <danielle@drdanielleroberts.com>**

# Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com>      Sat, May 16, 2026 at 12:37 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "Zahra R. Dean" <zdean@kohnswift.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Robert A. Swift" <rswift@kohnswift.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, Erin Kerrane <ekerrane@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>

Hi Emma,

My apologies on the password. I hit the wrong button by accident. It should work now.

With respect to the other, Thanks for your reply. I will wait for your ESI preservation disclosures and production.

**Danielle Roberts, DO, MS**

[Quoted text hidden]

# EXHIBIT G8



**Dr. Danielle Roberts <danielle@drdanielleroberts.com>**

## Edmondson v. Raniere – Plaintiffs' May 21 Disclosures and Production

**Emma Bruder** <ebruder@dicellolevitt.com>                                      Thu, May 21, 2026 at 7:57 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
Cc: "Zahra R. Dean" <zdean@kohnswift.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "William E. Hoese" <whoese@kohnswift.com>, "Robert A. Swift" <rswift@kohnswift.com>, Maggie Sposato <msposato@dicellolevitt.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>

Counsel and Dr. Roberts,

Pursuant to the Court's order at the April 28, 2026 status conference, Plaintiffs are providing the following disclosures and updates.

### Document Production

**Battery Plaintiff Production:** Today, Plaintiffs produced approximately 13,000 documents responsive to all Defendants' requests for production, using the search terms most recently proposed by Plaintiffs. This production constitutes substantial completion of production. There may be additional small productions as Plaintiffs complete review, including QC and privilege logging.

**Medical Records:** Plaintiffs have also made progress on the collection and production of medical records, as reflected in the additional records being produced today to counsel for Keith Raniere and Clare Bronfman, as well as the written disclosures attached and described below.

**Former Defendant Allison Mack's Laptop:** This will also be produced to you tonight.

**Mark Vicente's hard drives:** These have been made available for inspection and copying at CDS's NYC midtown offices, pursuant to our May 14, 2026 email. You may coordinate inspection directly with our contacts at CDS, Mark Sandomeno (msandomeno@cdslegal.com) and forensics@cdslegal.com. Please keep myself (ebruder@dicellolevitt.com), Gordon Bergstresser (gbergstresser@dicellolevitt.com), and Stacey MacKinnon (smackinnon@dicellolevitt.com) copied on all email communications with CDS.

**Written Discovery and Disclosures**

**ESI Preservation Disclosures:** Please see attached the disclosure on behalf of the four Plaintiffs asserting battery claims.

**Supplemental Responses to Danielle Roberts' Interrogatories:** Please see attached Plaintiffs' verified supplemental responses.

**Medical Records Disclosures:** Please see the attached disclosure.

Additionally, in advance of the Parties' May 29, 2026 deadline to file a further joint status report addressing the issues discussed on the record and any additional proposed deadlines, Plaintiffs propose following a process similar to the one previously used. If Defendants would like to take the pen on the joint introductory section, please circulate a draft by Tuesday, May 26, 2026, so that Plaintiffs and any other parties may propose revisions. The Parties can then circulate their respective individual positions on Friday, May 29, 2026, and Plaintiffs will file the final submission that afternoon. Please let us know if you have an alternative proposal.

Best,

Emma



Emma Bruder

**DICELLO LEVITT LLP**

485 Lexington Ave

Suite 1001

New York, New York 10017

646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

**6 attachments**

**2026.05.21 - N. Isbell Suppl. Resps. to Roberts Interrogs._HIGHLY CONFIDENTIAL.pdf**
306K

**2026.05.21 - I. Oxenberg Suppl. Resps. to Roberts Interrogs._HIGHLY CONFIDENTIAL.pdf**
296K

**2026.5.21 - Edmondson v. Raniere - Pls' Medical Records Disclosures_HIGHLY CONFIDENTIAL.pdf**
191K

**2026.05.21 - P. Pena Suppl. Resps. to Roberts Interrogs._HIGHLY CONFIDENTIAL.pdf**
297K

**2026.05.21 - S. Edmondson Suppl. Resps. to Roberts Interrogs._HIGHLY CONFIDENTIAL.pdf**
331K

**2026.05.21 - Battery Plaintiffs' Device Preservation Disclosures_CONFIDENTIAL.pdf**
101K

# EXHIBIT G9



## Edmondson v. Raniere – Plaintiffs' May 21 Disclosures and Production

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com>                    Tue, May 26, 2026 at 7:47 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "Henry, Robin" <Robin.Henry@friedfrank.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Zahra R. Dean" <zdean@kohnswift.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "William E. Hoese" <whoese@kohnswift.com>, "Robert A. Swift" <rswift@kohnswift.com>, Maggie Sposato <msposato@dicellolevitt.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>

Counsel,

Thank you for sending the counterproposal and the discovery you have sent thus far. I have reviewed "2026.05.21 - Battery Plaintiffs' Device Preservation Disclosures_CONFIDENTIAL." While it speaks to the devices searched, it does not speak to the other questions from my previous email.

Please confirm if my following understandings are accurate so that we can agree on this counterproposal, ideally before Thursday, or outline any disagreements.

1. The search terms you are suggesting apply to all the devices you listed, the items I am listing below, and each RFP I requested that you agreed to produce (or in which the judge directed you to produce for) by applying the search terms related to that RFP to the listed devices. Please confirm.

2. I assume "mobile phones" include; Telegram, Signal, text, WhatsApp, and any other communication apps used from the time of invitation (2015) to the present. These methods were used extensively for material related to this matter.

3. I am confirming, for the devices you included, this includes private chats, disappearing messages and/or deleted materials in the metadata or otherwise? If any messages that do not appear on these messaging apps, for these or any other reason, and there were screen shots taken before messages were deleted/disappeared and are stored in/on services, devices or in any method of storage that they are included.

4. I am confirming this includes metadata or verification of any apps deleted or uninstalled from these phones and computers from the time of invitation to DOS to now.

To clarify:

    4. What other phones or devices did these plaintiffs have between 2015 and present, if not included here?

    5. What other emails did the plaintiffs have at that time (2015 -present) besides the one above, that are not included – including proton and other secure emails they were using?

6. What additional social media, email, usernames or alias in their name (or someone else's name) did they create and use from the time of invitation to DOS until now?

On the search terms themselves; they are materially incomplete. You've omitted Defendant's proposed Term-001 (tolling/delay/reasons for late filing), Term-002 (knowledge of no criminal charges), Term-006 (document deletion/recovery), and the full scope of Term-007 and Term-010 (consent, coercion, and continued participation after learning brand meaning). These omissions are particularly relevant to the tolling issue and the consent element of the battery claim. You also leave out words like "grateful, fun, enjoy, etc." but leave in terms like "fear, anguish, distraught." This is biased. Additionally, search terms utilize proximity operators (w/10, w/20, w/15, etc.), which significantly narrow the results by requiring terms to appear within a limited number of words of each other. Lastly, Plaintiffs' search terms contain multiple clear syntax errors. For example, they used "complain(t)" and "release(e)" instead of the standard truncation operator "complain*" and "releas*". I imagine these defective terms will fail to capture common and highly relevant variations such as "complaint," "complaints," "released," and "releasing."

Please re-run searches using the full set of terms in Defendant's Amended Second Set of RFPs and produce the additional responsive documents within 10 days.

Thank you,

**Danielle Roberts, DO, MS**

[Quoted text hidden]