**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| SARAH EDMONDSON, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. 20-CV-485 |
| v. | : | |
| | : | |
| KEITH RANIERE, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFFS' REPLY MEMORANDUM IN RESPONSE TO DEFENDANT DANIELLE
ROBERTS' REQUESTS IN HER ANSWER TO HAVE CERTAIN STATEMENTS
STRICKEN FROM THE FOURTH AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTORY STATEMENT ........................................................................................ 1

ARGUMENT .......................................................................................................................... 2

      1.      Legal Standards.......................................................................................... 2

      2.      Roberts' Requests to Strike Are Deficient Under Fed. R. Civ. P. 12(f)
              And The Statements in The FAC Are Material to The Claims Against
              Her............................................................................................................. 3

      3.      Nothing in The FAC Prejudices Roberts. ................................................ 4

      4.      Consent is an Element of The Battery Claim............................................ 5

CONCLUSION....................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Broadrick v. Gilroy,*
    786 F. Supp. 3d 487 (D. Conn. 2025)...........................................................................2, 4

*Cadet v. Alliance Nursing Staffing of New York, Inc.,*
    2023 WL 3872574 (S.D.N.Y. Jan. 6, 2023) ......................................................................2

*Clinton v. City of New York,*
    2025 WL 1368863 (S.D.N.Y. May 9, 2025)…………………………………………….. 5

*Lipsky v. Commonwealth United Corp.,*
    551 F.2d 887 (2d Cir. 1976)...............................................................................................2

*Tucker v. American International Group, Inc.,*
    936 F. Supp. 2d 1 (D. Conn. 2013).....................................................................................3

**Rule**

Federal Rule of Civil Procedure 12(f) ...............................................................................1, 2, 3, 5

Plaintiffs respectfully submit their reply in response to Defendant Danielle Roberts' memorandum in further support of her requests to have certain statements stricken from the Fourth Amended Complaint ("FAC"), or to have the Court order Plaintiffs to insert language (apparently to be drafted by Roberts) into Plaintiffs' pleading. ECF No. 379.[1] There is no basis for the Court to take either action. Roberts has failed to meet her "heavy burden"[2] under Fed. R. Civ. P. 12(f) to: (1) specify with exactitude the matter she wants stricken; (2) demonstrate that any of the matter is "redundant, immaterial, impertinent, or scandalous"; (3) show why the targeted paragraphs have "no bearing on the subject matter of the litigation"; or (4) explain how she is prejudiced. She also fails to demonstrate that any additional FAC language should be removed under the Court's Order, ECF No. 341. Further, there is no basis for granting Roberts' request to add material satisfactory to her supposedly "clarifying" her role as DOS brander into the FAC.

## INTRODUCTORY STATEMENT

By her response, Roberts is trying to stretch the earlier Order even further beyond its intended reach than she did in her Answer. Not only does she want "language regarding Roberts's knowledge of a broader conspiracy" removed from the FAC, which has already been done, but also any language in the FAC the Court (presumably) decides "implies" or "suggest[s]" that Roberts had knowledge of a broader conspiracy. This inappropriate and unworkable request should be denied, and the context of how Roberts came to brand Plaintiffs (and others) is relevant and material to the claims against her.

---

[1] As a compromise offer, Plaintiffs agreed to striking Roberts' name from footnote 82 of the FAC. ECF No. 371 at 1, 6, 7. Roberts has dropped her request that matters be stricken from FAC paragraphs 92 and 93. ECF 379 at 6 of 9.

[2] *Tucker v. American International Group, Inc.*, 936 F. Supp. 2d 1, 17 (D. Conn. 2013).

In addition, while conceding that the Court's order did not, as she claimed, require removal of unspecified allegations regarding her knowledge of force or coercion, she still wants the Court to order any such language stricken from the FAC. This is nothing more than a baseless attempt to have the Court strike allegations at the heart of the battery claim.

A plaintiff is the master of the complaint, and the Court "should not 'tamper with the pleadings unless there is a strong reason for doing so.'" ECF 379, quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). As Plaintiffs explained in their response to the Court's order to show cause (ECF No. 371) and herein, there is no reason, let alone a "strong reason," to grant Roberts' requests.

## ARGUMENT

### 1.    Legal Standards.

While "'Federal [c]ourts have discretion in deciding whether to grant motions to strike … motions to strike under Rule 12(f) are generally 'disfavored and granted only if there is strong reason to do so.'" *Cadet v. Alliance Nursing Staffing of New York, Inc.*, 2023 WL 3872574, at *1 (S.D.N.Y. Jan. 6, 2023) (citations omitted). "'Unless it is clear that the portion of the pleading has no bearing on the subject matter of the litigation and that its inclusion will prejudice the [non-moving party], the [pleading] should remain intact.'" *Id.* (citation omitted). "A showing of prejudice is a necessary part of a Rule 12(f) motion." *Broadrick v. Gilroy*, 786 F. Supp. 3d 487, 491 (D. Conn. 2025). In addition, "on a motion to strike …, the Court is not in a position to resolve factual or legal disputes, particularly where discovery is only in its infancy" *id.* at *2, and a "motion to strike is not a vehicle through which factual disputes are to be resolved." *Id.* (citations omitted). Further, "'ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint—on the grounds that the material could not possibly

2

be relevant—on the sterile field of the pleadings alone.'" *Tucker v. American International Group, Inc.*, 936 F. Supp. 2d 1, 15 (D. Conn. 2013) (citations omitted).

**2.     Roberts' Requests to Strike Are Deficient Under Fed. R. Civ. P. 12(f) And The Statements in The FAC Are Material to The Claims Against Her.**

Roberts' requests to strike do not satisfy the requirements of Rule 12(f) or this Court's Order that "[a]llegations that defendant Roberts branded the DOS Plaintiffs should remain; however, language regarding Roberts's knowledge of a broader conspiracy should be stricken" from the proposed FAC. ECF No. 341. Plaintiffs already removed language from the FAC regarding Roberts' knowledge of a broader conspiracy to traffic women. But that is not enough for Roberts.

Roberts' position is that the Court should view the battery claim in a vacuum, devoid of any context. In order to mold the FAC to her worldview (and possibly in an effort to assist the other Defendants) she keeps pushing the Court to remove or alter allegations in the FAC that describe the operation of NXIVM and DOS, even though Roberts branding women as part of DOS is the gravamen of the battery claim against her. The FAC is an integrated document setting out, in addition to the battery claims against Roberts, the trafficking and RICO case pending against Defendants such as Raniere and settled by others, such as Allison Mack. Roberts' vague and shifting requests ignore the inconvenient truth that she was an integral part of DOS and NXIVM, hand-picked by masters Keith Raniere and Allison Mack to serve as their instrument to brand without anesthesia at least seventeen DOS women[3] (who were referred to as "slaves") with Keith Raniere's initials. The matters in the paragraphs identified by Roberts (6, 106, 242, and 258) are therefore not, as Roberts claims, immaterial.

---

[3] September 27, 2021, <u>Determination and Order by the State of New York: Department of Health State Board for Professional Medical Conduct—In the Matter of Danielle Roberts, D.O.</u>, findings of fact at ¶11.

Since Roberts cannot point to any language in the FAC that states she had knowledge of a broader conspiracy, she now wants the Court to scrutinize the FAC to identify and then "strike **all language**…that implies or suggests Defendant Roberts had knowledge of, participated in, or acquiesced in any broader RICO, sex-trafficking, forced labor or conspiracy enterprise beyond the narrow branding allegations…." ECF 379 at 5 of 9 (emphasis in original). As Roberts would have it, the roving interpretation exercise she now wants conducted by Plaintiffs or the Court would extend beyond the paragraphs identified in her Answer to encompass not only anything in the FAC that she thinks someone might infer is "[a] reference linking [Roberts] to the dismissed RICO or trafficking 'enterprise'" but also "[a] suggestion that [Roberts] knew of or condoned coercion, blackmail, or forced labor…." *Id*. The latter request she now acknowledges was not encompassed by the Court's Order. Since Roberts is unable to specify exactly what she wants stricken, and her requests are untenable under the law and the Court's earlier Order, the requested relief should be denied.

### 3. Nothing in The FAC Prejudices Roberts.

Showing prejudice is required to succeed on a motion to strike. *Broadrick v. Gilroy*, 786 F. Supp. 3d at 491. Here, Roberts' only attempt to establish the necessary prejudice is her unsupported claim that the "continued presence of conspiracy-related language forces Defendant to defend against allegations that are no longer part of this case." ECF No. 379 at 3 of 9. But that is untrue and there is no prejudice to Roberts from leaving the FAC as is.

Plaintiffs are not seeking discovery with respect to the dismissed claims. The parties know that they are currently litigating a battery claim against her (regardless of whether the other claims might be revived on appeal) and discovery is ongoing with respect to the elements of that claim—an intentional, non-consensual, offensive touching (here burning). If Roberts has an issue with the scope of discovery going forward she should raise it with Judge Cross-Goldenberg.

4

**4.      Consent is an Element of The Battery Claim.**

Roberts also now admits (*id*. at 8 of 9) that the Court's Order said nothing with respect to removing allegations about her knowledge of force or coercion. Undeterred, she persists in asking the Court to order removal of any "language suggesting knowledge of force or coercion…" from the FAC, wherever it might be found. Roberts neglects to identify any such language, but even if it exists, Plaintiffs explained in ECF No. 371 at 6, 7, that consent is a principal issue with respect to the battery claim. *Clinton v. City of New York*, 2025 WL 1368863, at *11 (S.D.N.Y. May 9, 2025) ("Civil battery 'is an intentional wrongful physical contact with another person without consent.'") (citations omitted). Indeed, the thrust of Roberts' discovery is directed towards her consent defense. Since consent is an issue with respect to the battery claims, it is material.

**CONCLUSION**

Defendant Roberts has failed to meet her burden under Rule 12(f) to show that any statements in the FAC (other than footnote 82, which as a compromise Plaintiffs agreed could be removed) should be stricken. Therefore, Plaintiffs respectfully request that the Court deny her requests to strike.

5

Dated: June 22, 2026

Respectfully Submitted,

*/s/ William E. Hoese*

Robert A. Swift
William E. Hoese
Zahra R. Dean
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
rswift@kohnswift.com
whoese@kohnswift.com
zdean@kohnswift.com

Adam M. Prom
DICELLO LEVITT LLP
10 North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Greg G. Gutzler
Emma Bruder
DICELLO LEVITT LLP
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

Agnieszka M. Fryszman
Brendan R. Schneiderman
COHEN MILSTEIN SELLERS
  & TOLL PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

6

Manuel John Dominguez
COHEN MILSTEIN SELLERS
  & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400
jdominguez@cohenmilstein.com

*Attorneys for Plaintiffs*

**LOCAL RULE 7.1(c) CERTIFICATION**


I hereby certify that the foregoing reply memorandum contains 1866 words, not counting

the parts of the memorandum excluded under Local Rule 7.1 (c).



Date: June 22, 2026                                      /s/*William E. Hoese*
                                                         Attorney for Plaintiffs

8