The Honorable Peggy Cross-Goldenberg
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Joint Status Report—*Edmondson, et al. v. Raniere, et al.,* C.A. No. 20-cv-485

Dear Judge Cross-Goldenberg:

We write pursuant to the Court's order dated June 9, 2026, directing the parties to continue to meet and confer and work cooperatively on outstanding discovery and to file a joint status report on the progress of discovery, ongoing disputes, and anticipated next steps by July 10, 2026.

## I.    **Progress of Discovery**

Since the status conference, the Parties have been working cooperatively and diligently on discovery and to comply with the Court's directives.

Plaintiffs have continued to make document productions and served ESI preservation and medical record disclosures on Defendants in accordance with the Court's order. Plaintiffs will continue to make rolling productions of documents and supplementations of those disclosures. The four Battery Plaintiffs have produced 14,193 documents to Danielle Roberts.

In addition to written correspondence, the Parties have recently conducted multiple meet-and-confer conferences concerning outstanding discovery issues including, without limitation: ESI search terms and search methodologies for Plaintiffs and Defendants; the scope and timing of the Parties' ESI collections and document productions; third-party discovery; and production logistics relating to electronically stored information. The Parties have established next steps for the exchange of additional information and positions and continue to work cooperatively toward resolving the remaining discovery issues without Court intervention.

## II.      <u>**Unresolved Disputes**</u>

The parties have continued to work cooperatively to narrow and resolve discovery disputes. The following issues are the only disputes on which the parties have currently reached an impasse and anticipate may require Court intervention.

### A. <u>**Board of Health Records**</u>

Plaintiffs requested production of the record from the New York State Board for Professional Medical Conduct proceeding based on Dr. Roberts branding DOS members, including hearing transcripts and exhibits, on the ground that the materials are responsive to Plaintiffs' Document Request No. 26: "All Documents referring to the loss or suspension of Your license to practice medicine in any jurisdiction based in whole or in part on Your involvement in NXIVM or DOS." Defendant Roberts confirmed that she possesses the hearing transcripts but maintains that the Board proceeding is not relevant or proportional to the remaining battery claim and has refused to produce those materials. The result of the New York proceeding was the revocation of Dr. Roberts' license to practice medicine in the State of New York. Plaintiffs intend to use the Court's informal discovery conference procedures with respect to these records in the coming weeks. Individual Practices and Rules, III. A. 2.

### B. <u>**Scope of Danielle Roberts' Discovery Obligations**</u>

Defendant Roberts maintains that, because the battery claim is the only remaining claim asserted against her, her discovery obligations are limited to information she believes is directly relevant to the elements of that claim, particularly contemporaneous consent. Consistent with that position, Roberts has objected to numerous document requests and interrogatories and has limited the scope of her document collection and ESI searches.

Plaintiffs maintain that discovery concerning the circumstances surrounding Plaintiffs' purported consent—including the nature of the branding ceremony, the information provided to Plaintiffs before branding, Defendants' knowledge and communications regarding branding, the role of other Defendants, and related factual issues—remains relevant to the battery claim. Plaintiffs further maintain that Roberts remains obligated under Rule 26(b)(1) to respond to discovery relevant to any party's claims or defenses in the action, including discovery relevant to claims against the remaining Defendants and common factual issues. The parties have been unable to resolve this threshold dispute.

### C. <u>**Completion of Battery Discovery and Readiness for Dispositive Motion Practice**</u>

The Parties also disagree regarding whether discovery relating to the battery claim is sufficiently complete to proceed with dispositive motion practice. Defendant Roberts contends that summary judgment should proceed on the current record and that no additional discovery is necessary after resolving the above disputes. Plaintiffs maintain that significant discovery relating to the battery claim remains outstanding, including but not limited to the resolution of

the disputes identified above and completion of fact depositions. Accordingly, Plaintiffs believe dispositive motion practice would be premature until after that discovery is completed.

### III.    Other Matters

Plaintiffs intend to file a motion to modify the protective order in the criminal case to obtain materials in the possession of former criminal defense counsel for Defendants Keith Raniere and Clare Bronfman, former Defendants such as Allison Mack, and the government.

Plaintiffs understood that the Parties previously agreed to submit this letter as a neutral report regarding the status of discovery, the Parties' progress, and any remaining disputes, rather than as a vehicle for substantive argument. Defendant Roberts disputes that she agreed and responded on the day of filing with the arguments set forth below. Plaintiffs' positions are summarized above and, to the extent the Parties remain at an impasse, Plaintiffs are prepared to proceed with substantive briefing on these issues in accordance with any guidance or scheduling directives from the Court.

Defendant Roberts' position is that the Court should view the battery claim in a vacuum, devoid of any context. She keeps pushing the Court to limit discovery even though Roberts branding women as part of DOS is the gravamen of the battery claim against her. Roberts' demands ignore the inconvenient truth that she was an integral part of DOS and NXIVM, hand-picked by masters Keith Raniere and Allison Mack to serve as their instrument to brand without anesthesia at least seventeen DOS women (who were referred to as "slaves") with Keith Raniere's initials. The circumstances surrounding the Plaintiffs' participation in NXIVM and DOS (including the "collateral" and what they were told about Raniere's participation in the "sorority" and what turned out to be a brand) is relevant to the battery claim.

### IV.    Danielle Roberts' Position

Defendant Danielle Roberts respectfully submits the following update on discovery related to the sole remaining battery claim against her (Count IV, involving only four Plaintiffs).

**Discovery on the Battery Claim Is Substantially Complete and Should Be Closed**

Since the last status conference, Defendant has continued good-faith production of documents and responses narrowly tailored to the remaining battery claim and the tolling issue reserved for summary judgment (ECF No. 298). This includes targeted manual ESI searches on all relevant devices using Plaintiffs' search terms, focused on: (1) the four battery Plaintiffs, (2) their respective masters, and (3) individuals in the same circle who participated in the branding process. Additional good-faith productions were made outside this scope where appropriate. Defendant has also searched for and confirmed there are no responsive paper records beyond what has already been produced.

Producing manual searches as a pro se litigant for all documents and communications with every Plaintiff and Defendant in this action (as Plaintiffs suggest) would be disproportionate and futile. Many of those individuals had no involvement in, or knowledge of, DOS or the branding process at issue. For example, Defendant searched communications with Sara and Clare Bronfman in good faith; as expected, no responsive hits were returned.

The factual record the Court contemplated when it denied Defendant's motion to dismiss without prejudice (ECF No. 298) is now substantially developed. Plaintiffs served supplemental interrogatory responses on May 21, 2026, including on the tolling question. Two narrow items remain: (i) any corrected or supplemented productions on the issues identified below, and (ii) Your Honor's video review of the New York State Police materials (subpoena served May 27, 2026). Once complete, fact discovery on the battery claim will be exhausted.

**Scope of Discovery Must Remain Narrow and Proportional**

Defendant has limited her collection and production to matters relevant to the elements of the battery claim (particularly contemporaneous consent to the branding) and the tolling defense, consistent with Fed. R. Civ. P. 26(b)(1). Plaintiffs' insistence on broader discovery into dismissed RICO, trafficking, and conspiracy claims — from which Defendant has been dismissed (ECF No. 240) — is disproportionate and constitutes an impermissible fishing expedition. This is particularly clear in light of the Court's prior order directing that "language regarding Roberts's knowledge of a broader conspiracy should be stricken" (ECF No. 341). Courts routinely limit discovery in this manner to serve judicial economy. *See, e.g., Hellstrom v. U.S. Dep't of Veterans Affairs*, 46 F.4th 60 (2d Cir. 2022); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

Plaintiffs' recent objections to Defendant's interrogatory responses (after nearly a year of silence, on the on the eve of the Court's deadline to address completion of battery discovery) and demands for expansive searches further illustrate an intent to delay resolution of the battery claim and reintroduce issues already litigated and dismissed. Defendant stands on her objections and has offered to meet and confer further on any truly proportional requests.

**Medical Board Hearing Transcripts Are Not Relevant**

Plaintiffs seek the full record of Defendant's New York State Board for Professional Medical Conduct proceeding. These regulatory materials addressed whether branding constituted the practice of medicine under licensing statutes — a distinct regulatory question from the common-law battery claim, which turns solely on whether the four Plaintiffs gave contemporaneous consent to the physical touching itself. New York law clearly distinguishes between civil battery (lack of any consent to the touching) and lack of informed consent (inadequate disclosure in a medical procedure), which is properly analyzed as medical malpractice under Public Health Law § 2805-d. See Dries v. Gregor, 72 A.D.2d 231 (4th Dep't 1980); Messina v. Matarasso, 284 A.D.2d 234 (1st Dep't 2001); Patterson v. Jewish Hosp. & Medical Center, 202 A.D.2d 444 (2d Dep't 1994). The transcripts are not relevant or

proportional under Fed. R. Civ. P. 26(b)(1) and Defendant will not produce them. Defendant is prepared to address this issue at an informal discovery conference if necessary.

**Depositions and Readiness for Summary Judgment**

Plaintiffs have indicated they intend to pursue full depositions across the broader case before any summary judgment motion. In our most recent meet-and-confer, Plaintiffs' counsel stated they expect "another year of discovery" to complete depositions. Defendant respectfully disagrees. Additional discovery, particularly broad depositions, is unnecessary to resolve the statute-of-limitations defense and the narrow elements of the battery claim that are the primary basis for dismissal. The current factual record already contains significant evidence on the consent issue, including Plaintiffs' admissions of consent in the incident report in the Court's possession and examples of active, willing participation in the branding process reflected in the discovery produced to date. The Court has already framed this issue for summary judgment (ECF No. 298). Defendant therefore requests that the Court close fact discovery on the battery claim and set a prompt briefing schedule for summary judgment on Count IV.

In the alternative, if the Court believes limited deposition testimony would assist, Defendant requests a protective order under Rule 26(c) strictly limiting any deposition of Defendant to the branding process, contemporaneous consent, and tolling — with time and subject-matter restrictions appropriate for a pro se litigant defending a single narrow claim, as proposed in Defendant's prior correspondence.

### Conclusion

Defendant has acted in good faith to complete discovery on the sole claim remaining against her. Further delay through expansive discovery on dismissed claims would be prejudicial and contrary to the principles of proportionality and judicial economy this Court has emphasized. Defendant respectfully requests the relief outlined above.

Dated:  July 10, 2026

Respectfully submitted,

/s

Robert A. Swift
William E. Hoese
Zahra R. Dean
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
rswift@kohnswift.com
whoese@kohnswift.com
zdean@kohnswift.com

Adam M. Prom
DICELLO LEVITT LLP
10 North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Greg G. Gutzler
Emma Bruder
DICELLO LEVITT LLP
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

Agnieszka M. Fryszman
Brendan R. Schneiderman
COHEN MILSTEIN SELLERS
  & TOLL PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

Manuel John Dominguez
COHEN MILSTEIN SELLERS
  & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400
jdominguez@cohenmilstein.com

Attorneys for Plaintiffs

_____     /S _____

AARON M. GOLDSMITH, ESQ. (AG4773)              DANIELLE ROBERTS, MD
Attorney for Defendants                                    *Defendant Pro Se*
KEITH RANIERE and CLARE BRONFMAN
*(with the consent of Counsel for S.BRONFMAN)*
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
*aarongoldsmithlaw@gmail.com*


FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP
Attorneys for Defendant Sara Bronfman
Attn:    Robin Henry, Esq.
        Anne Aufhauser, Esq.
        Danielle Leavy, Esq.
One New York Plaza
New York, NY 10004
(212) 859-8000
*Robin.Henry@friedfrank.com*
*Anne.Aufhauser@friedfrank.com*
*Danielle.Leavy@friedfrank.com*