FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

The Honorable Peggy Cross-Goldenberg
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Edmondson et al. v. Raniere et al.,* C.A. No. 20-cv-00485

Dear Magistrate Judge Cross-Goldenberg:

Pursuant to Your Honor's Individual Practices and Rules and Local Civil Rule 37.2, Defendant Sara Bronfman ("S. Bronfman") and Plaintiffs write to request an informal discovery conference in the above-referenced matter.

**A. Case Background**

This case arises from the parties' involvement in NXIVM, which was an "Albany-based organization that held itself out as an educational enterprise with a unique approach to personal growth." Order, *Edmondson et al. v. Raniere et al.*, C.A. 20-cv-00485 (Sept. 27, 2024) (ECF No. 240) ("September 2024 Order") at 4. After the Court's rulings and Plaintiffs' voluntary dismissals, three categories of claims remain pending against S. Bronfman: (1) civil RICO claims; (2) civil RICO conspiracy claims;[1] and (3) a claim for violation of the TVPRA statute relating to a single Plaintiff. Several Plaintiffs who assert civil RICO claims against S. Bronfman also assert TVPRA claims against other defendants.

**B. Discovery Dispute & Efforts to Resolve Without Court Intervention**

The dispute at issue concerns the search terms to be applied to Plaintiffs' ESI. Specifically, the parties have reached an impasse regarding the application of search terms to Plaintiffs who assert both RICO and TVPRA claims. In negotiating ESI search terms, Plaintiffs have proposed applying three separate sets of search terms to three groups of Plaintiffs: (i) Plaintiffs who assert "RICO-only" claims (the "RICO-only Plaintiffs"); (ii) Plaintiffs who assert "RICO & TVPRA" claims (the "RICO-TVPRA Plaintiffs"); and (iii) Plaintiffs who assert battery claims. *See* **Ex. E3**. Nineteen Plaintiffs fall into the "RICO & TVPRA" category, and four of those 19 also assert battery claims. *Id.* For the four RICO-TVPRA Plaintiffs who also assert battery claims, Plaintiffs have applied both the RICO & TVPRA and the battery claim-specific set of search terms.

This dispute arose when Plaintiffs proposed applying a combined "RICO & TVPRA" search-term set to the RICO-TVPRA Plaintiffs. S. Bronfman asked that the RICO-TVPRA Plaintiffs run the full set of search terms for the RICO-only Plaintiffs rather than a combined RICO-TVPRA search, explaining that "[t]here is no reason that RICO search terms should not be

[1] Fifty Plaintiffs assert RICO claims against S. Bronfman. The Court has held that the RICO claims are limited to a curriculum-related fraud scheme. *See* ECF No. 240.

One New York Plaza, New York, New York 10004—1903
T: +1.212.859.8000 *friedfrank.com*

used for custodians asserting both RICO and TVPRA claims." *See* **Ex. D**. Plaintiffs declined, explaining that "applying every RICO-only search term across" RICO-TVPRA Plaintiffs' collections was not proportional, and instead, "the search terms for Plaintiffs asserting both RICO and TVPRA claims have been tailored to the claims at issue." *See* Ex. E (July 16, 2026 Pls.' Letter).

The parties have met and conferred in good faith about this disagreement, including through written correspondence, and have been unable to reach an agreement. *See* **Ex. A** (April 27, 2026 Plaintiffs' Email); **Ex. B** (May 12, 2026 S. Bronfman Email); **Ex. C** (May 28, 2026 Pls.' Email); **Ex. D** (June 12, 2026 S. Bronfman's Email); **Ex. E** (July 16, 2026 Pls.' Letter); **Ex. F** (July 28, 2026 S. Bronfman Email); **Ex. G** (August 4, 2026 Pls.' Letter); **Ex. H** (August 11, 2026 S. Bronfman Letter); **Ex. I** (August 14, 2026 Pls.' Email). They therefore respectfully request the Court's intervention.

**C. S. Bronfman's Position**

In April 2026, Plaintiffs proposed search terms to be applied to their ESI that they described as a combined response to those proposed separately by each of S. Bronfman (sent to Plaintiffs on August 13, 2025) and defendants C. Bronfman and K. Raniere (sent to Plaintiffs on October 27, 2025). *See* **Ex. A**. After additional correspondence, Plaintiffs took the position on May 28, 2026, that they would provide search term groups organized by which Plaintiffs asserted which claims, rather than negotiate search terms on a plaintiff-by-plaintiff basis. *See* **Ex. C.**

In June 2026, counsel for S. Bronfman shared a search term counterproposal on behalf of S. Bronfman, C. Bronfman, and K. Raniere (the "Search Term Defendants"), asking whether "the full group of 'RICO-ONLY' terms [was] included in the 'RICO & TVPRA Terms' set" and explaining that they saw "no reason that the RICO search terms should not be used for custodians asserting both RICO and TVPRA claims." **Ex. D**.

Plaintiffs responded that they believed the Search Terms requested by Defendants were not proportional given "[t]he TVPRA Plaintiffs generally possess substantially larger ESI collections than the RICO-only Plaintiffs" and would therefore pose proportionality concerns and "significantly increase the burden and expense" of ESI production. **Ex. E1**. S. Bronfman requested that Plaintiffs' provide case law supporting their position that search terms for each claim should be narrowed where a plaintiff is asserting multiple claims. *See* **Ex. F**; **Ex. G**; **Ex. H**; **Ex. I**. Plaintiffs provided no such case law and also did not substantiate their assertions of "proportionality." Yes, discovery is expensive, but that is a cost that must be borne when asserting RICO claims purportedly worth tens of millions of dollars. Plaintiffs control their own destiny in that regard.

Separate from Plaintiffs' failure to provide any relevant authority, S. Bronfman is aware of none. Indeed, the law is to the contrary. It is entirely unsurprising that the volume of ESI is larger the larger the case and the more voluminous the claims. Where Plaintiffs seek damages on

multiple claims and thus possess larger amounts of ESI, there is no basis for reducing the discovery requirements associated with maintaining multiple claims. *See* R. Civ. P. 26 (b) ("Parties may obtain discovery. regarding any nonprivileged matter that is relevant to any party's claim or defense…"). On the contrary, case law is clear that where—as here—plaintiffs bring a "wide-ranging lawsuit," even "voluminous" discovery may be "proportional to the case as a whole." *SinglePoint Direct Solar LLC v. Solar Integrated Roofing Corp.*, 2023 WL 2585296 at *2 (D. Ariz. Mar. 21, 2023) (voluminous discovery proportional where plaintiffs asserted 13 claims for relief, the causes of action were "sophisticated," and plaintiffs sought "more than $16 million in damages" and further stating that burden is "an unfortunate reality of ESI heavy, high-dollar commercial cases."); *see also City of Seattle v. Prof. Basketball Club, LLC*, 2008 WL 539809, at *3 (W.D. Wash. Feb. 25, 2008) ("a bald assertion that discovery will be burdensome is insufficient in light of Fed.R.Civ.P. 26(b) (2)(B).").

S. Bronfman wants to move this case forward and with that goal in mind, she has agreed to search for and review documents hitting on recently-proposed additional search terms requested by the Plaintiffs, and is reviewing substantial quantities of documents on that basis. *See* **Ex. H1.** For instance, S. Bronfman has agreed to search for all party names proposed by Plaintiffs including any new name variations included in Plaintiffs' recently-proposed additions,[2] whereas Plaintiffs have yet to agree to searching Plaintiffs' names in their ESI data. Furthermore, in discussing burden and negotiating search terms, and throughout discovery, Plaintiffs have repeatedly referred to burden on the 55 Plaintiffs as a unit, ignoring that they have asserted individualized claims and have not brought a class action. *See, e.g.*, **Ex. E1** (noting that the "burden is even more pronounced across the RICO & TVPRA ESI collections" because there, there was "a searchable population of 1,792,832 documents," a figure reflecting an aggregated total for the RICO & TVPRA collections); **Ex. J1** (claiming that "vendor charges for the [36] RICO-only Plaintiffs are expected to exceed $110,000 exclusive of hosting, processing, or attorney time, which is expected to entail at least 4,000 reviewer hours.").

That Plaintiffs have brought a sprawling action asserting individual claims should not lessen each Plaintiffs' burden. For the last six years, S. Bronfman has borne the burden of defending against *each* claim brought by *each* Plaintiff. Plaintiffs must do the same in pursuing those claims. *See Aviles v. S&P Glob., Inc.*, 583 F. Supp. 3d 507, 517 (S.D.N.Y. 2022) (ordering nearly 500 plaintiffs to participate in discovery because "Plaintiffs have asserted individual claims of fraud which Defendants are entitled to explore and understand."); *Gandhi v. Dell Inc.*, 2010 WL 11506555, at *3 (W.D. Tex. July 28, 2010) (that a defendant "must defend against [] disparate accusations necessitates that it have the ability to seek discovery from each individual Plaintiff regarding the specific nature of his or her claims."). Discovery "is not a one-way street designed to allow plaintiffs to collect evidence in support of their claims. It is also a mechanism for

[2] Defendant Clare Bronfman likewise performed ESI searches utilizing all former and current Plaintiff names; all NXIVM related organizational names as well as numerous nicknames, associated names and names of former/current individual defendants.

defendants to accumulate evidence to defend themselves and to test the evidence of their opponents." *Lee v. Delta Airlines, Inc.,* 2023 WL 9184679, at *9 (E.D.N.Y. Mar. 14, 2023), ) *report and recommendation adopted sub nom. Lee v. Delta Air Lines, Inc.,* 2024 WL 1230263 (E.D.N.Y. Mar. 22, 2024), *aff'd,* 2025 WL 1375326 (2d Cir. May 13, 2025).[3]

S. Bronfman therefore respectfully requests that the Court order Plaintiffs to agree to apply any "RICO-only" search terms to the combined group of 19 RICO-TVPRA Plaintiffs as well.

**D. Plaintiffs' Position**

Plaintiffs respectfully request that the Court reject S. Bronfman's demand that every term in the separate RICO-only search set be layered onto the ESI of the nineteen RICO-TVPRA Plaintiffs who assert both RICO and TVPRA claims. The dispute is not whether those Plaintiffs will search for RICO-related ESI. They will. Plaintiffs' proposed combined "RICO & TVPRA" set incorporates many of Defendants' RICO-only strings, either as proposed or in more targeted form, and searches for ESI concerning the subjects underlying the surviving RICO claims together with the additional subjects implicated by the TVPRA claims. See **Ex. E** (July 16, 2026 Pls.' Letter). The dispute is instead whether Plaintiffs must also run every term in the separate RICO-only set across a materially larger, multi-source ESI population. Rule 26(b)(1) does not require that duplicative and disproportionate additional burden.

First, Plaintiffs' combined RICO & TVPRA set is specifically designed to capture RICO-related ESI from these Plaintiffs. As Plaintiffs explained on July 16, the combined set incorporates many of Defendants' RICO-only strings, either as proposed or in modified form, while tailoring the searches to the claims and ESI sources at issue for the RICO-TVPRA Plaintiffs. *See* Ex. E. The combined set includes searches directed to the principal subjects underlying the surviving RICO claims—including NXIVM's curriculum, training, coaching, enrollment, recruiting, advancement, and related financial activity—along with searches directed to the additional conduct implicated by the TVPRA claims. S. Bronfman has not identified a category of RICO-related ESI that Plaintiffs' combined set leaves unsearched. Her position instead rests on the categorical premise that every Plaintiff asserting a RICO claim must run every term in the separate RICO-only set, regardless of the other claims asserted, the ESI sources being searched, or the resulting burden. That is not a proportionality analysis.

Second, S. Bronfman's contention that the RICO-TVPRA Plaintiffs should run every term from the separate RICO-only set in addition to the combined RICO & TVPRA set is duplicative, overbroad, and disproportionate. That is primarily so because the two Plaintiff populations are not searching comparable collections. Plaintiffs' proposal of the RICO-Only search term set was

[3] Moreover, only one Plaintiff asserts a TVPRA claim against S. Bronfman. That 18 others assert TVPRA claims against other defendants should not narrow the scope of discovery that S. Bronfman is entitled to on the RICO claims being asserted against her.

intentionally broad at the outset—for the purpose of compromise, given that Plaintiffs' proportional collection methodology for the RICO-only Plaintiffs is generally limited to collected email accounts, apart from discrete, specifically identified sources such as the Vicente materials. The RICO-TVPRA Plaintiffs, by contrast, have materially larger and more varied collections from all available and responsive ESI sources. Applying the same search strings wholesale across fundamentally different ESI populations is not inherently proportional merely because both groups assert a RICO claim; the resulting volume and burden matter.

Third, the hit data confirms the disproportionality of S. Bronfman's proposal. Plaintiffs' combined RICO & TVPRA search terms returned approximately 112,000 documents with families included out of a searchable population of approximately 2,300,000 documents.[4] *See* Ex. E(F). By contrast, when the complete RICO-only term set was tested against the RICO-TVPRA population, it generated **956,387** documents with families included, out of a searchable population of approximately 2,300,000 documents.[5] That immense, added review burden is not justified where Plaintiffs' tailored combined set already captures RICO-related documents from these Plaintiffs' collections and is already over 100,000 documents. In other words, it is disproportionate for Plaintiffs to review over 1 million documents through S. Bronfman's proposal.

Fourth, the burden must be considered in the context of both the discovery already undertaken and the claims that remain. Plaintiffs have already incurred hundreds of thousands of dollars in ESI collection, processing, hosting, and review costs. Requiring Plaintiffs to review an additional universe of hundreds of thousands of documents — many of which are likely duplicative of documents already captured by Plaintiffs' proposed RICO & TVPRA combined term set — would impose costs and burdens wildly out of proportion to the remaining claims against S. Bronfman, which the Court has limited to a "curriculum-related fraud scheme" plus a single Plaintiff's TVPRA claim. *See* ECF No. 240 at 2–3, 87.

Fifth, S. Bronfman's contention that asserting additional claims cannot "narrow" a Plaintiff's discovery obligations misapprehends Plaintiffs' position. Plaintiffs do not contend that the RICO-TVPRA Plaintiffs are entitled to less RICO discovery because they also assert TVPRA claims. They contend that Rule 26(b)(1) requires a search methodology proportional to the claims, custodians, sources, volume, and burden actually presented. The RICO-TVPRA Plaintiffs are searching for RICO-related ESI; they are simply doing so through a combined set tailored to their substantially broader ESI collections rather than by stacking a second, overlapping search-term set on top of it as S. Bronfman proposes. That the RICO-TVPRA Plaintiffs have larger, more varied

---

[4] Plaintiffs are continuing to perform collections, so this searchable population is continuing to materially expand.

[5] These figures also do not include Defendants' request to include first and last names as search terms across both sets of search strings, which Plaintiffs dispute, and the Parties are still conferring about.

collections — precisely because their allegations extend beyond the curriculum — is a proportionality consideration, not a basis for S. Bronfman to demand indiscriminate application of every RICO-only term in addition to Plaintiffs' reasonable proposal of the RICO & TVPRA combined term set.

Plaintiffs respectfully request that the Court deny S. Bronfman's request(s) and instead order that the Plaintiffs' proposed RICO & TVPRA combined term set shall be used to search the RICO-TVPRA Plaintiffs' ESI.

*/s/ Robin A. Henry*

Robin A. Henry

cc: All counsel and Danielle Roberts

# EXHIBIT A

# Leavy, Danielle

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Monday, April 27, 2026 9:19 PM
**To:** Dr. Danielle Roberts; Aufhauser, Anne; Henry, Robin; Leavy, Danielle; Aaron Goldsmith
**Cc:** William E. Hoese; Brendan Schneiderman; Gordon Bergstresser; Robert A. Swift; Zahra R. Dean; Stacey MacKinnon; Erin Kerrane; Agnieszka M. Fryszman; Greg Gutzler; Adam Prom
**Subject:** Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports
**Attachments:** 2026.04.27 - Pls.' Counterproposal Hit Reports.zip

[EXTERNAL]
Good evening, Counsel and Dr. Roberts,

Please see attached hit reports reflecting Plaintiffs' counterproposals of search terms, run across four Plaintiffs' ESI.

The "Battery" report reflects terms responsive to Danielle Roberts' requests for production. The "RICO + TVPRA" reports reflect terms responsive to the requests of Sara Bronfman, Clare Bronfman, and Keith Raniere for Plaintiffs asserting both RICO and TVPRA claims. The representative RICO-only Plaintiffs' data is still processing. We will provide corresponding hit reports for those custodians as soon as possible.

The hit reports encompass all the data sources listed below, with the exception of the one source identified in red, which is currently processing. Accordingly, the attached reports are underinclusive as to that source.

| No | Custodian | Evidence Type | Device |
|---|---|---|---|
| 1 | India Oxenberg | Mobile Phone | Apple iPhone 13 Pro |
| 2 | India Oxenberg | Laptop | Apple Macbook Air |
| 3 | India Oxenberg | Social Media (Facebook) | indiaoxenberg |
| 4 | India Oxenberg | Email | indiaox@gmail.com |
| 5 | India Oxenberg | Social Media (Instagram) | indiaoxenberg |
| 6 | Nicole Isbell | Mobile Phone | Apple iPhone 15 Pro |
| 7 | Nicole Isbell | Laptop | Apple Macbook Air (2022) |
| 8 | Nicole Isbell | Mobile Phone | Apple iPhone 6s |
| 9 | Nicole Isbell | Email | nik.isbelle@gmail.com |
| 10 | Nicole Isbell | Email | nikkitisbell@gmail.com |
| 11 | Nicole Isbell | Mobile Phone | iPhone |
| 12 | Paloma Pena | Mobile Phone | Apple iPhone 14 |
| 13 | Paloma Pena | Laptop | Apple Macbook Air 2020 |
| 14 | Paloma Pena | Social Media (Facebook) | palomapena |
| 15 | Paloma Pena | Email | paloma_pena@hotmail.com |
| 16 | Sarah Edmondson | Mobile Phone | iPhone 16 |
| 17 | Sarah Edmondson | Laptop | Apple Macbook Pro (A1706) |
| 18 | Sarah Edmondson | Laptop | Apple Macbook Pro (A2918) |
| 19 | Sarah Edmondson | Social Media (Facebook) | sarahedmondson |
| 20 | Sarah Edmondson | Email | sarah@sarahedmondson.com |
| 21 | Sarah Edmondson | Email | sarahedmondson@gmail.com |

| | | | |
|---|---|---|---|
| 22 | Sarah Edmondson | Social Media (Instagram) | sarahedmondson |

With that context and for your ease of reference, the aggregate hit counts are as follows:

| | **Documents in Searchable Set** | **Documents with Hits** | **Documents with Hits (including families)** |
|---|---|---|---|
| **Battery Terms Total** | 635,762 | 2,279 | 3,407 |
| **RICO + TVPRA Terms Total** | 981,628 | 7,846 | 11,029 |

Best,
Emma


Emma Bruder

**DICELLO LEVITT LLP**

485 Lexington Ave
Suite 1001
New York, New York 10017

646.933.1000



This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

# EXHIBIT B

**Leavy, Danielle**

| | |
|---|---|
| **From:** | Aufhauser, Anne |
| **Sent:** | Tuesday, May 12, 2026 6:44 PM |
| **To:** | Emma Bruder; Dr. Danielle Roberts; Henry, Robin; Leavy, Danielle; Aaron Goldsmith |
| **Cc:** | William E. Hoese; Brendan Schneiderman; Gordon Bergstresser; Robert A. Swift; Zahra R. Dean; Stacey MacKinnon; Erin Kerrane; Agnieszka M. Fryszman; Greg Gutzler; Adam Prom |
| **Subject:** | RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports |
| **Attachments:** | S. Bronfman - List of Proposed Revisions.pdf |

Emma,

We have reviewed the "RICO + TVPRA Terms" that you proposed on April 27, 2026, and have considered them in the context of the rulings entered by Magistrate Judge Cross-Goldenberg on May 6th . As we understand it, the proposed terms are a combined response to the separate search terms proposed by each of Sara Bronfman (August 13, 2025) and C. Bronfman and K. Raniere (October 27, 2025). Because you provided a combined response, we are presently unable to determine the proposed changes to either our proposal of August 13th or that made by Mr. Goldsmith on behalf of his clients.

In order to give us an ability to respond to your counter-proposal, please provide a document showing the proposed revisions made to each of Sara Bronfman's and Clare Bronfman's/Keith Raniere's search terms. You can use our January 15th counterproposal as a sample (attached). Without this information we cannot see what terms were edited and how or what terms were removed. For example, the names of all current and former parties to the case do not appear to have been run; we do not know whether that is an inadvertent error or deliberate statement that you will not run those names. A redline of the sort we provided to you will help us assess your current counterproposal.

Second, as we have previously explained, we will need separate hit reports for each plaintiff. We understand that you will provide this information on a rolling basis and propose that we negotiate a base set of terms that we can adjust to conform with each plaintiff's specific allegations over the course of document production. We cannot assess search terms for every plaintiff based on select sample plaintiffs.

We understand that your document collection is not yet complete. We therefore propose that you provide an edited search term counterproposal (as described above) and a hit report for each plaintiff whose document collection you consider complete (i.e., one hit report and one counterproposal list of search terms per plaintiff). We can finalize those and address additional plaintiffs as your document collection progresses. In light of the Court's direction to prioritize discovery regarding the battery plaintiffs and produce their materials in the next few weeks, we would suggest starting with Sarah Edmondson, Nicole, Paloma Pena, and India Oxenberg.

Please let us know if you have any questions.

Anne

**Anne Aufhauser**
**Special Counsel**
Anne.Aufhauser@friedfrank.com | Tel: +1 212 859 8064

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers

---

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Monday, April 27, 2026 9:19 PM
**To:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

[EXTERNAL]
Good evening, Counsel and Dr. Roberts,

Please see attached hit reports reflecting Plaintiffs' counterproposals of search terms, run across four Plaintiffs' ESI.

The "Battery" report reflects terms responsive to Danielle Roberts' requests for production. The "RICO + TVPRA" reports reflect terms responsive to the requests of Sara Bronfman, Clare Bronfman, and Keith Raniere for Plaintiffs asserting both RICO and TVPRA claims. The representative RICO-only Plaintiffs' data is still processing. We will provide corresponding hit reports for those custodians as soon as possible.

The hit reports encompass all the data sources listed below, with the exception of the one source identified in red, which is currently processing. Accordingly, the attached reports are underinclusive as to that source.

| No | Custodian | Evidence Type | Device |
|---|---|---|---|
| 1 | India Oxenberg | Mobile Phone | Apple iPhone 13 Pro |
| 2 | India Oxenberg | Laptop | Apple Macbook Air |
| 3 | India Oxenberg | Social Media (Facebook) | indiaoxenberg |
| 4 | India Oxenberg | Email | indiaox@gmail.com |
| 5 | India Oxenberg | Social Media (Instagram) | indiaoxenberg |
| 6 | Nicole Isbell | Mobile Phone | Apple iPhone 15 Pro |
| 7 | Nicole Isbell | Laptop | Apple Macbook Air (2022) |
| 8 | Nicole Isbell | Mobile Phone | Apple iPhone 6s |
| 9 | Nicole Isbell | Email | nik.isbelle@gmail.com |
| 10 | Nicole Isbell | Email | nikkitisbell@gmail.com |

| | | | |
|---|---|---|---|
| 11 | Nicole Isbell | Mobile Phone | iPhone |
| 12 | Paloma Pena | Mobile Phone | Apple iPhone 14 |
| 13 | Paloma Pena | Laptop | Apple Macbook Air 2020 |
| 14 | Paloma Pena | Social Media (Facebook) | palomapena |
| 15 | Paloma Pena | Email | paloma_pena@hotmail.com |
| 16 | Sarah Edmondson | Mobile Phone | iPhone 16 |
| 17 | Sarah Edmondson | Laptop | Apple Macbook Pro (A1706) |
| 18 | Sarah Edmondson | Laptop | Apple Macbook Pro (A2918) |
| 19 | Sarah Edmondson | Social Media (Facebook) | sarahedmondson |
| 20 | Sarah Edmondson | Email | sarah@sarahedmondson.com |
| 21 | Sarah Edmondson | Email | sarahedmondson@gmail.com |
| 22 | Sarah Edmondson | Social Media (Instagram) | sarahedmondson |

With that context and for your ease of reference, the aggregate hit counts are as follows:

| | **Documents in Searchable Set** | **Documents with Hits** | **Documents with Hits (including families)** |
|---|---|---|---|
| **Battery Terms Total** | 635,762 | 2,279 | 3,407 |
| **RICO + TVPRA Terms Total** | 981,628 | 7,846 | 11,029 |

Best,
Emma

Emma Bruder
**DICELLO LEVITT LLP**
485 Lexington Ave
Suite 1001
New York, New York 10017
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

EXHIBIT B1

## Plaintiffs’ 12.5.2025 Revised Search Terms
## <u>with</u> Fried Frank Proposed Revisions

| | | | | |
|---|---|---|---|---|
| (Chris OR Christopher) **w/25** Black | “Nik” | Cepelinski | Ingram | Polly AND Green |
| “Cami” | “public relations” | Chapman | Isbell | Porter |
| “Dali Lama” | “Rainbow Cultural Garden” | Charlotte **AND (labor OR drill* OR video or letter*)** | Jaspeado | Pratt |
| “Dali” | “Society of Protectors” | Christiansen | Jessica | Prefect |
| “Dani” | “SOP” **AND (punish OR fail* or uphold OR owe OR submission OR submissive OR humiliate)** | Clyne | Jness | private /3 investigat* |
| “Department of Justice” | “Stripe Path” | Coach | Junco | Proctor |
| “DOJ” | “The Knife” | Collateral | Keith | Rachel |
| “Dominus Obsequious Sororium” | “The Sorority” | Commandante | Kiki | Raniere |
| “DOS” | “The Source” | Cooley | Kobelt | RCG |
| “Eastern District of New York” | “The Vow” | counselor | Kozak | Roberts |
| “EDNY” OR “E.D.N.Y.” | “U.S. Attorney” | Course* | Kristin **AND (letter OR father OR sister or Dad OR abuse OR assault)** | Rood |
| “EHF” **AND (trustee* OR website)** | “United States Attorney” | Curricula | Laurena | Roodsky |
| “ESF” | “V week” OR “V-week” | Curriculum | ~~Lawyer~~ **[delete]** | ~~Russell~~ **[delete]**<br>***Use:* Kathy w/2 Russell** |
| “ESO” | “Val” | Daniela | Lim | Salazar |
| “ESP” **AND (Britain OR New York OR Ireland)** | “value exchange” **AND (credit or debt OR pay* OR paid OR owe OR charge)** | Davila | Lola | ~~Salzman~~ **[delete]**<br>***Use:*** Lauren w/ 2 Salzman |
| “Ethical Humanitarian Foundation” **AND (trustee* OR website)** | “Vero” | Deport* | MacInnis | Sarah |
| “Ethical Science Foundation | “WEF” | Diaz | Mack | Sarah AND Wall |

| | | | | |
|---|---|---|---|---|
| “executive board” | “World Ethical Foundations” | Duran | Mackinnon | Shaw |
| “Executive Success Programs” **AND (Britain OR New York OR Ireland)** | Adrian | Edmondson | Madani | Souki |
| “exo/eso” | Akka | Erika | Mclean | Starr |
| “exo” | Allison | Fair-Layman | Meesh | Stiles |
| “Federal Bureau of Investigation” OR “FBI” | Ames | Fernandez | Mehdaoui | Taravella |
| “Federal Court” | ~~**Attorney**~~ **[delete]** | Fiander | Menashy | Trial |
| “First Principles” **AND (donate OR ownership OR interest OR IP OR (intellectual w/2 property))** | Balassa | Fluffy | Menhaji **w/5 Elham** | Ultima |
| “Inner Circle” | Behl | Garza | Miljkovic | Unterreiner |
| “legal status” | Bergeron | Giroux | Nicole | Valerie |
| “Miss Kathy” | Bobo | Golfman | Nikki | Vanguard |
| brand **w/50** (initials OR ceremony) | Gozer | Nippy | Veronica | |
| Branded | Hammond | NXIVM | Vicente | |
| Branding | Harvey | Oxenberg | Vieta | |
| Brunelle | Heckel | Padilla | Warnyca | |
| Camila | Holmes | Paloma | Weissenborn | |
| Cano | Huang | Passport | Widjaja | |
| Carly | Immigration | Pena | Williams | |
| Carrier **(AND Madeline)** | India | Piesse | | |

# EXHIBIT C

# Leavy, Danielle

**From:** Gordon Bergstresser <Gbergstresser@dicellolevitt.com>
**Sent:** Thursday, May 28, 2026 8:27 PM
**To:** Aufhauser, Anne; Emma Bruder; Dr. Danielle Roberts; Henry, Robin; Leavy, Danielle; Aaron Goldsmith
**Cc:** William E. Hoese; Brendan Schneiderman; Robert A. Swift; Zahra R. Dean; Stacey MacKinnon; Erin Kerrane; Agnieszka M. Fryszman; Greg Gutzler; Adam Prom
**Subject:** RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports
**Attachments:** Edmondson v. Raniere - Pls' Proposed Search Term Sets.pdf

[EXTERNAL]
Anne,
Plaintiffs do not think a traditional redline against either Defendants' August 13 or October 27 proposals would be particularly useful here. Plaintiffs' April 27 counterproposal was not prepared as a line-by-line edit to either proposal. Rather, because the prior proposals consisted largely of broad, overlapping term banks, Plaintiffs consolidated, reorganized and narrowed those terms into claim-based search strings. In lieu of such a redline, attached please find a document detailing the search terms we intend to use, grouped by the terms to be used for the RICO-only Plaintiffs and the terms to be used for the RICO + TVPRA Plaintiffs. We believe this set of search terms, as demonstrated by the hit reports that we've provided to date, represent a reasonably comprehensive search methodology for identifying responsive ESI possessed by Plaintiffs.

With respect to hit reports, Plaintiffs do not agree that separate hit reports and separate negotiations are required for each Plaintiff. Per the ESI Protocol, Plaintiffs have identified custodial and non-custodial data sources against which the terms were run. See Stip. Order Re: Disc. of ESI §§ V.A.3, V.C. It would be inefficient to separately negotiate search terms for each Plaintiff, as the discovery requests that each Plaintiff needs to respond to do not substantively vary across the Plaintiffs. To embark in separate negotiations for each Plaintiff will result in extraordinary delay and needlessly complicate the discovery process. Plaintiffs have organized the proposed terms by claim category, including separate sets for the battery claims, RICO-only claims, and RICO/TVPRA claims. That approach is consistent with proportionality, the structure of the claims, and the need to move discovery forward efficiently. Plaintiffs believe that cost shifting under Rule 26(c)(1)(B) would be appropriate if Defendants insist upon discovery methods that are unduly burdensome and expensive.

Additionally, we understand from your January 23, 2026 email that you have collected ESI from your clients and tested search terms against that ESI. At that point, you were not willing to take a position on those search terms or the search terms that had been proposed by Plaintiffs. Are you now prepared to take a position on either set of search terms? If not, when will you be able to? Additionally, the hit reports provided on January 15, 2025 do not identify the data sources that are being searched. Can you please provide information as to which data sources are being searched to generate those hit reports? Further, if there are data sources that either presently exist or previously existed which have been lost or destroyed or are inaccessible, which are not being searched, please identify those sources and the reasons they are not being searched.

Thanks,
Gordon

Gordon Bergstresser
**DICELLO LEVITT**
202.975.2288

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>
**Sent:** Tuesday, May 12, 2026 6:44 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

Emma,

We have reviewed the "RICO + TVPRA Terms" that you proposed on April 27, 2026, and have considered them in the context of the rulings entered by Magistrate Judge Cross-Goldenberg on May 6th . As we understand it, the proposed terms are a combined response to the separate search terms proposed by each of Sara Bronfman (August 13, 2025) and C. Bronfman and K. Raniere (October 27, 2025). Because you provided a combined response, we are presently unable to determine the proposed changes to either our proposal of August 13th or that made by Mr. Goldsmith on behalf of his clients.

In order to give us an ability to respond to your counter-proposal, please provide a document showing the proposed revisions made to each of Sara Bronfman's and Clare Bronfman's/Keith Raniere's search terms. You can use our January 15th counterproposal as a sample (attached). Without this information we cannot see what terms were edited and how or what terms were removed. For example, the names of all current and former parties to the case do not appear to have been run; we do not know whether that is an inadvertent error or deliberate statement that you will not run those names. A redline of the sort we provided to you will help us assess your current counterproposal.

Second, as we have previously explained, we will need separate hit reports for each plaintiff. We understand that you will provide this information on a rolling basis and propose that we negotiate a base set of terms that we can adjust to conform with each plaintiff's specific allegations over the course of document production. We cannot assess search terms for every plaintiff based on select sample plaintiffs.

We understand that your document collection is not yet complete. We therefore propose that you provide an edited search term counterproposal (as described above) and a hit report for each plaintiff whose document collection you consider complete (i.e., one hit report and one counterproposal list of search terms per plaintiff). We can finalize those and address additional plaintiffs as your document

collection progresses. In light of the Court's direction to prioritize discovery regarding the battery plaintiffs and produce their materials in the next few weeks, we would suggest starting with Sarah Edmondson, Nicole, Paloma Pena, and India Oxenberg.

Please let us know if you have any questions.

Anne


**Anne Aufhauser**
**Special Counsel**
Anne.Aufhauser@friedfrank.com | Tel: +1 212 859 8064

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers


---

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Monday, April 27, 2026 9:19 PM
**To:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

[EXTERNAL]
Good evening, Counsel and Dr. Roberts,

Please see attached hit reports reflecting Plaintiffs' counterproposals of search terms, run across four Plaintiffs' ESI.

The "Battery" report reflects terms responsive to Danielle Roberts' requests for production. The "RICO + TVPRA" reports reflect terms responsive to the requests of Sara Bronfman, Clare Bronfman, and Keith Raniere for Plaintiffs asserting both RICO and TVPRA claims. The representative RICO-only Plaintiffs' data is still processing. We will provide corresponding hit reports for those custodians as soon as possible.

The hit reports encompass all the data sources listed below, with the exception of the one source identified in red, which is currently processing. Accordingly, the attached reports are underinclusive as to that source.

| No | Custodian | Evidence Type | Device |
|---|---|---|---|
| 1 | India Oxenberg | Mobile Phone | Apple iPhone 13 Pro |

| | | | |
|---|---|---|---|
| 2 | India Oxenberg | Laptop | Apple Macbook Air |
| 3 | India Oxenberg | Social Media (Facebook) | indiaoxenberg |
| 4 | India Oxenberg | Email | indiaox@gmail.com |
| 5 | India Oxenberg | Social Media (Instagram) | indiaoxenberg |
| 6 | Nicole Isbell | Mobile Phone | Apple iPhone 15 Pro |
| 7 | Nicole Isbell | Laptop | Apple Macbook Air (2022) |
| 8 | Nicole Isbell | Mobile Phone | Apple iPhone 6s |
| 9 | Nicole Isbell | Email | nik.isbelle@gmail.com |
| 10 | Nicole Isbell | Email | nikkitisbell@gmail.com |
| 11 | Nicole Isbell | Mobile Phone | iPhone |
| 12 | Paloma Pena | Mobile Phone | Apple iPhone 14 |
| 13 | Paloma Pena | Laptop | Apple Macbook Air 2020 |
| 14 | Paloma Pena | Social Media (Facebook) | palomapena |
| 15 | Paloma Pena | Email | paloma_pena@hotmail.com |
| 16 | Sarah Edmondson | Mobile Phone | iPhone 16 |
| 17 | Sarah Edmondson | Laptop | Apple Macbook Pro (A1706) |
| 18 | Sarah Edmondson | Laptop | Apple Macbook Pro (A2918) |
| 19 | Sarah Edmondson | Social Media (Facebook) | sarahedmondson |
| 20 | Sarah Edmondson | Email | sarah@sarahedmondson.com |
| 21 | Sarah Edmondson | Email | sarahedmondson@gmail.com |
| 22 | Sarah Edmondson | Social Media (Instagram) | sarahedmondson |

With that context and for your ease of reference, the aggregate hit counts are as follows:

| | **Documents in Searchable Set** | **Documents with Hits** | **Documents with Hits (including families)** |
|---|---|---|---|
| **Battery Terms Total** | 635,762 | 2,279 | 3,407 |
| **RICO + TVPRA Terms Total** | 981,628 | 7,846 | 11,029 |

Best,
Emma

Emma Bruder
**DICELLO LEVITT LLP**
485 Lexington Ave
Suite 1001
New York, New York 10017

646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

# EXHIBIT C1

**BATTERY CLAIM TERMS**

**Time period: 01/01/2015 – 01/01/2020**

1. (wait* OR delay* OR "years later") w/15 (brand* OR battery OR burn*) AND Roberts
2. (report* OR file* OR complaint OR charge* OR accus*) w/15 (brand* OR battery OR burn* OR "Danielle Roberts")
3. Police w/20 (brand* OR battery OR burn* OR "Danielle Roberts")
4. ("3/9/2017" OR "03/09/2017" OR "March 9") AND (brand* OR burn* OR Roberts)
5. "July 2017" AND (police OR report* OR charge* OR file* OR complain!)
6. (police OR report* OR charge* OR file* OR complain!) w/20 (brand* OR battery OR Roberts)
7. cauteriz*
8. brand* w/20 (ceremony OR battery OR burn* OR cauteriz* OR scar* OR initiat*)
9. brand* w/10 (Danielle OR Roberts)
10. brand* w/15 (initials OR "KR" OR symbol OR Keith OR Raniere OR Mack)
11. (battery OR assault*) w/15 (brand* OR cauteriz* OR burn* OR Danielle OR Roberts)
12. (brand* OR battery OR assault* OR cauteriz*) w/10 (pain* OR hurt* OR trauma* OR injur* OR burn* OR wound* OR scar*)
13. (brand* OR ceremony) w/20 (consent* OR agree* OR permission)
14. (brand* OR ceremony) w/20 (object* OR resist* OR refuse* OR protest*)
15. (brand* OR ceremony) w/20 (coerc* OR pressure* OR threat* OR intimidat*)
16. (brand* OR ceremony) w/10 (unsure OR uncertain OR conflict*)
17. (meant OR meaning OR means OR symbol OR initials) w/10 (brand* OR burn*)
18. obedien* w/20 (DOS OR "Dominus Obsequious Sororium") w/15 (brand* OR ceremony)
19. (vow OR pledge OR promise*) w/10 (DOS OR "Dominus Obsequious Sororium" OR brand*)
20. (exit* OR leav* OR left* OR interrupt* OR finish* OR complet*) w/15 ((brand* OR ceremony*) w/20 (DOS OR ceremony OR Roberts))
21. (threat* OR intimidat*) w/20 (collateral OR brand* OR Roberts)
22. (blackmail OR collateral) w/20 (brand* OR Roberts)
23. ((releas* OR leak* OR expos*) w/20 (collateral OR blackmail)) AND (Danielle OR Roberts OR DOS OR Raniere)
24. (medical OR doctor OR clinic OR hospital) w/15 (brand* OR burn* OR cauteriz*)
25. (therap* OR counselor OR psych* OR trauma* OR PTSD OR "mental health" OR distress OR anguish OR fear OR distraught) w/20 (brand* OR burn* OR initials)
26. (psych* OR trauma OR PTSD OR "mental health" OR distress OR anguish OR fear OR emotional OR distraught) w/20 (brand* OR battery OR initials OR symbol OR tattoo)
27. Roberts w/20 (criminal OR charg* OR indict* OR prosecut* OR investigat* OR federal OR lawsuit)

28. "Frank Report" AND (Danielle OR Roberts OR branded OR branding OR battery)
29. ("NY Times" OR "New York Times") AND (Danielle OR Roberts OR branded OR branding OR battery)
30. (Frank OR Parlato OR Janja OR Lalich OR Catherine OR "ex cult" OR "ex-cult" OR deprogram*) w/20 (brand* OR battery OR initials OR symbol OR tattoo)
31. (video* OR record* OR film* OR footage OR clip OR photo* OR picture*) w/10 (branded OR branding OR ceremony)
32. (assignment* OR task* OR penance) w/10 (DOS OR master OR slave)
33. (vow* OR pledge* OR promise* OR credo* OR commit*) w/10 (DOS OR master OR slave OR obedien*)
34. (invite* OR introduc* OR recruit*) w/10 (DOS OR "sorority")
35. Blackmail* w/20 (NXIVM OR DOS OR collateral OR brand* OR confess* OR Raniere OR Bronfman OR Clare OR Sara OR Keith)
36. Collateral w/20 (DOS OR master OR release OR threat OR confes* OR NXIVM OR Raniere OR Bronfman)
37. "Dominus Obsequious Sororium"
38. DOS w/20 (master OR slave OR collateral OR brand OR ceremony)
39. Master w/5 slave
40. Raniere w/10 (DOS OR master OR slave OR collateral OR obedient OR sex* OR assign* OR ceremony OR initial* OR brand*)
41. Roberts w/20 (ceremony OR DOS OR slave OR master OR obedience)
42. "The Sorority" w/20 (assign* OR collateral OR obedience OR master)
43. (Recruit* OR initiat* OR invit*) w/10 (DOS OR Dominus)

**<u>RICO-ONLY TERMS</u>**

**Time period: 01/01/2009 – 06/19/2019**

1. NXIVM w/30 (coach* OR proctor* OR curriculum OR train* OR stripe OR unpaid OR recruit* OR invoice OR fee OR tuition)
2. "NXIVM community"
3. name:"NXIVM" OR path-name:“NXIVM"
4. "Executive Success Programs"
5. name:"ESP" OR path-name:"ESP"
6. ("Executive Success Programs" OR "ESP") w/30 (coach* OR proctor* OR curriculum OR train* OR stripe OR unpaid OR recruit* OR invoice OR fee OR tuition)
7. Jness
8. "Society of Protectors"
9. “SOP weekend”
10. content:"SOP" OR name:"SOP" OR path-name:"SOP"
11. “One Asian” AND (Raniere OR Mack)
12. "Rainbow Cultural Garden"

13. content:"RCG" OR name:"RCG" OR path-name:"RCG"
14. Ultima
15. "exo/eso"
16. "exo eso"
17. "The source" w/30 (train* OR act* OR class OR curriculum OR Mack OR coach*)
18. "The Knife" w/30 (analy* OR edit* OR media OR article OR critique OR report* OR Clyne OR Mack OR Vicente OR Aristotle)
19. ("TEN C" OR “Ten-C” OR "The Emperor Has No Clothes") w/10 (Raniere OR sororit* OR recruit*)
20. "The Sorority"
21. "Vanguard Week"
22. ("V-Week" OR "V week" OR "V.week") w/20 (NXIVM OR Raniere OR Vanguard OR Bronfman OR "ESP" OR DOS OR Jness OR "SOP")
23. Vanguard
24. Prefect
25. "Stripe Path"
26. Raniere
27. Salzman AND (NXIVM OR coach* OR curriculum OR train* OR recruit*)
28. "Sara Bronfman"
29. "Clare Bronfman"
30. Bronfman AND (NXIVM OR coach* OR curriculum OR train* OR recruit* OR immigrat* OR threat OR lawsuit)
31. Proctor
32. Recruit* w/10 (coach OR student OR member)
33. Certify* w/10 (coach OR proctor OR train*)
34. "field trainer"
35. "Clifton Park" w/20 (Raniere OR NXIVM OR headquarters)
36. "Inner Circle"
37. "Canon Camera"
38. "Elliott McGinnis"
39. Flintlock
40. Incarcerat* AND (NXIVM OR Raniere OR Bronfman OR Roberts OR Mack OR Salzman)
41. "Vancouver Community"
42. Igtet
43. ("DOJ" OR prosecut* OR charge* OR indict*) w/20 (NXIVM OR Raniere OR Bronfman)
44. "Puerto Vallarta" AND (NXIVM OR Raniere OR Mack)
45. Purchase* w/20 (Bronfman OR Raniere)

46. to:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603")
47. from:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603")
48. cc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603")
49. bcc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603")
50. to:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190")
51. from:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190")
52. cc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190")
53. bcc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190")
54. to:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")

55. from:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")
56. cc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")
57. bcc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")

**RICO & TVPRA TERMS**

**Time period: 01/01/2009 – 06/19/2019**

1. "Clifton Park" w/20 (Raniere OR NXIVM OR headquarters OR DOS)
2. "Field trainer" w/20 (NXIVM OR "ESP" OR coach* OR proctor* OR stripe OR curriculum OR train*)
3. "Inner Circle" w/20 (NXIVM OR Raniere OR DOS OR Bronfman OR Mack OR Salzman OR Vicente OR Clyne)
4. "Puerto Vallarta” AND (NXIVM OR Bronfman OR Raniere)
5. ("Executive Success Programs" OR "ESP") w/20 (Mack OR Salzman OR Raniere) w/20 (stripe OR coach* OR proctor*OR recruit*)
6. ("exo/eso" OR "exo eso") w/20 (partner OR relationship OR readiness OR recruit OR obedience OR assignment OR Raniere)
7. ("out of status" OR "out-of-status") w/20 (Raniere OR Bronfman OR NXIVM)
8. ("Rainbow Cultural Garden" OR "RCG") w/20 (child OR work OR labor OR assign*)
9. ("Society of Protectors" OR "SOP") w/15 (discipline OR drill OR readiness OR penance)
10. ("Stripe Path" w/20 (NXIVM OR "ESP" OR Jness))
11. ("V-Week" OR "V week" OR "V.week") w/10 (Raniere OR Vanguard OR Bronfman)
12. (Marriage OR married OR marry*) w/10 (visa OR immigrat* OR “legal status” OR deport* OR sham* OR Bronfman)
13. (Mexico AND Monterrey) w/20 NXIVM
14. (Mexico OR Monterrey) w/10 (Raniere OR Bronfman)
15. (passport OR identification) w/10 ((take* OR confiscate* OR hold*) AND (Raniere OR NXIVM OR Russell))
16. Blackmail* w/20 (NXIVM OR DOS OR collateral OR brand* OR confess* OR Raniere OR Bronfman OR Clare OR Sara OR Keith)
17. (Border w/10 Canada) AND (Bronfman OR Raniere OR Clare OR Sara OR Keith)
18. (Border w/10 cross*) AND (Bronfman OR Raniere OR Clare OR Sara OR Keith)
19. Brand* w/20 (DOS OR collateral OR Raniere OR obedient OR slave OR ceremony OR NXIVM OR initial*)

20. Bronfman w/20 (DOS OR collateral OR threat* OR immigration OR lawsuit OR ceremony)
21. "Canon Camera"
22. Certify w/10 (coach OR proctor OR train)
23. Collateral w/20 (DOS OR master OR release OR threat OR confes* OR NXIVM OR Raniere OR Bronfman)
24. Deport* w/20 (NXIVM OR "RCG")
25. Deport* w/20 (Raniere OR Bronfman OR Loretta OR Garza or Russell)
26. Deport* w/20 (threat* OR coerc* OR "send back")
27. ("DOJ" OR prosecut* OR charge* OR indict*) w/20 (NXIVM OR Raniere OR Bronfman)
28. "Dominus Obsequious Sororium"
29. DOS w/20 (master OR slave OR collateral OR brand* OR ceremony)
30. "Elliott McGinnis"
31. Extort* w/30 (NXIVM OR DOS OR collateral OR brand* OR confess* OR Raniere OR Bronfman OR Roberts)
32. Flintlock
33. Igtet w/15 (Immigra* OR visa OR “legal status” OR deport* OR fund*)
34. (Immigra* OR visa OR “legal status”) w/10 (help OR fix OR handl* OR arrang* OR sponsor OR renew* OR extend* OR overstay* OR status) w/20 (Keith OR Raniere OR Clare OR Sara OR Bronfman)
35. Immigra* w/20 (NXIVM OR "RCG")
36. Immigra* w/20 (Raniere OR Bronfman OR Loretta OR Garza or Russell)
37. Immigra* w/20 (threat* OR coerc* OR "send back")
38. Jness w/15 (empower* OR curriculum OR workshop or recruit*)
39. Mack w/20 (DOS OR collateral OR brand* OR ceremony OR obedience OR assign* OR initial*)
40. Master w/5 slave
41. "NXIVM Community"
42. NXIVM w/20 (coach* OR proctor* OR stripe OR unpaid OR recruit* tuition)
43. overstay* w/20 (Raniere OR Bronfman OR Russell OR Garza OR NXIVM)
44. Proctor w/10 (NXIVM OR coach OR stripe)
45. Raniere w/10 (DOS OR master OR slave OR collateral OR obedient OR sex* OR assign* OR ceremony OR initial* OR brand*)
46. Recruit w/10 (coach OR student OR member)
47. Roberts w/20 (ceremony OR DOS OR slave OR master OR obedience OR brand*)
48. Sagitta
49. Salzman w/20 (DOS OR master OR slave OR collateral OR obedient OR sex* OR assign* OR ceremony)

50. Sponsor* w/20 (Garza OR Russell OR Raniere OR Bronfman OR "RCG" OR "ESF" OR "MDS")
51. "The Knife" w/20 (analy* OR edit* OR media OR article OR critique OR report* OR Clyne OR Mack OR Vicente OR Aristotle)
52. "The Sorority" w/20 (assign* OR collateral OR obedience OR master)
53. "The source" w/15 (class OR curriculum OR Mack OR Raniere OR Bronfman OR Mack OR labor OR compensat* OR unpaid)
54. ("TEN C" OR "Ten-C" OR "The Emperor Has No Clothes") w/10 (Raniere OR sororit* OR recruit*)
55. (Ultima OR Prefect) w/15 (Raniere OR Bronfman or recruit* OR groom* OR sex* OR exploit* OR labor* OR compensat*)
56. Vanguard w/20 (Raniere OR NXIVM OR DOS OR Bronfman)
57. "Vanguard Week"
58. Visa w/20 (Garza OR Russell OR Raniere OR Bronfman OR "RCG" OR "ESF" OR "MDS")
59. to:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603") AND content:( collateral OR brand* OR coach* OR proctor* OR stripe OR train* OR curriculum OR recruit* OR visa OR immigrat* OR deport* OR threaten* OR intensive OR assignment OR obedien* OR "V-week" OR Vanguard)
60. from:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603") AND content:(DOS OR collateral OR brand* OR visa OR immigrat* OR deport* OR threaten* OR assignment OR obedien* OR Vanguard)
61. cc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603") AND content:( DOS OR collateral OR brand* OR visa OR immigrat* OR deport* OR threaten* OR assignment OR obedien* OR Vanguard)
62. bcc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603") AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR brand* OR coach* OR proctor* OR

stripe OR train* OR curriculum OR recruit* OR visa OR immigrat* OR deport* OR threaten* OR intensive OR assignment OR obedien* OR "V-week" OR Vanguard)

63. to:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190") AND content:( collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week" OR Vanguard)
64. from:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190") AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week" OR Vanguard)
65. cc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190") AND content:(DOS OR collateral OR assignment OR brand* OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR Vanguard)
66. bcc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190") AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week" OR Vanguard)
67. to:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

68. from:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")
69. cc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")
70. bcc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

# EXHIBIT D

## Leavy, Danielle

| | |
|---|---|
| **From:** | Aufhauser, Anne |
| **Sent:** | Friday, June 12, 2026 4:51 PM |
| **To:** | Gordon Bergstresser; Emma Bruder; Dr. Danielle Roberts; Henry, Robin; Leavy, Danielle; Aaron Goldsmith |
| **Cc:** | William E. Hoese; Brendan Schneiderman; Robert A. Swift; Zahra R. Dean; Stacey MacKinnon; Erin Kerrane; Agnieszka M. Fryszman; Greg Gutzler; Adam Prom |
| **Subject:** | RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports |
| **Attachments:** | Edmondson v. Raniere - Pls' Proposed Search Term Sets - 06.12.2026 - SB CB and KR Proposed Revisions .pdf |

Gordon,

Thanks for your email. I respond below.

Sara Bronfman Collection and Production: We do not understand how there can be any uncertainty on your part regarding the scope of devices that S. Bronfman has collected and is searching. We have been very clear about that. Indeed, S. Bronfman provided detailed information on device collection in her interrogatory responses. We look forward to receiving the same information from you on June 18.

We remain very frustrated by Plaintiffs' continued unwillingness to negotiate search terms in any meaningful way. However, we want to see the case as a whole move forward and with that in mind we will agree to review and produce responsive documents, if any, from the search term hits we provided in January 2026.

Plaintiffs' Hit Reports: S. Bronfman will forgo individual hit reports from Plaintiffs on the condition that you provide a list of which "category" of search terms you propose to apply to each Plaintiff and specify for each Plaintiff which data sources are being searched. This is consistent with the Court's prior orders.

Search Terms to be Applied to Plaintiffs' Documents: As you know, the general approach to search term negotiations includes the exchange of redlines. That's how each side can see what the other has accepted (or not) and any proposed affirmative changes. We cannot begin to understand your refusal to run such a redline, particularly since it is causing unnecessary delay in reaching an agreement and moving the case forward. As a result, we have spent considerable time and unnecessary expense manually comparing your proposal against those made by each of S. Bronfman, C. Bronfman, and K. Raniere. We have made revisions in the attached redline. Additionally, although we did not endeavor to do a side-by-side comparison, please confirm that the full group of "RICO-ONLY" terms is included in the "RICO & TVPRA Terms" set. There is no reason that the RICO search terms should not be used for custodians asserting both RICO and TVPRA claims.

To the extent you disagree with any of our suggestions, we ask (i) for a meet and confer or term-by-term explanation of your position and (ii) a redline against our revisions. Absent that, we cannot have a meaningful dialogue.

Thank you,

Anne

**Anne Aufhauser**
**Special Counsel**
Anne.Aufhauser@friedfrank.com | Tel: +1 212 859 8064

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers

**From:** Gordon Bergstresser <Gbergstresser@dicellolevitt.com>
**Sent:** Thursday, May 28, 2026 8:27 PM
**To:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Emma Bruder <ebruder@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

[EXTERNAL]
Anne,
Plaintiffs do not think a traditional redline against either Defendants' August 13 or October 27 proposals would be particularly useful here. Plaintiffs' April 27 counterproposal was not prepared as a line-by-line edit to either proposal. Rather, because the prior proposals consisted largely of broad, overlapping term banks, Plaintiffs consolidated, reorganized and narrowed those terms into claim-based search strings. In lieu of such a redline, attached please find a document detailing the search terms we intend to use, grouped by the terms to be used for the RICO-only Plaintiffs and the terms to be used for the RICO + TVPRA Plaintiffs. We believe this set of search terms, as demonstrated by the hit reports that we've provided to date, represent a reasonably comprehensive search methodology for identifying responsive ESI possessed by Plaintiffs.

With respect to hit reports, Plaintiffs do not agree that separate hit reports and separate negotiations are required for each Plaintiff. Per the ESI Protocol, Plaintiffs have identified custodial and non-custodial data sources against which the terms were run. See Stip. Order Re: Disc. of ESI §§ V.A.3, V.C. It would be inefficient to separately negotiate search terms for each Plaintiff, as the discovery requests that each Plaintiff needs to respond to do not substantively vary across the Plaintiffs. To embark in separate negotiations for each Plaintiff will result in extraordinary delay and needlessly complicate the discovery process. Plaintiffs have organized the proposed terms by claim category, including separate sets for the battery claims, RICO-only claims, and RICO/TVPRA claims. That approach is consistent with proportionality, the structure of the claims, and the need to move discovery forward efficiently. Plaintiffs

believe that cost shifting under Rule 26(c)(1)(B) would be appropriate if Defendants insist upon discovery methods that are unduly burdensome and expensive.

Additionally, we understand from your January 23, 2026 email that you have collected ESI from your clients and tested search terms against that ESI. At that point, you were not willing to take a position on those search terms or the search terms that had been proposed by Plaintiffs. Are you now prepared to take a position on either set of search terms? If not, when will you be able to? Additionally, the hit reports provided on January 15, 2025 do not identify the data sources that are being searched. Can you please provide information as to which data sources are being searched to generate those hit reports? Further, if there are data sources that either presently exist or previously existed which have been lost or destroyed or are inaccessible, which are not being searched, please identify those sources and the reasons they are not being searched.

Thanks,
Gordon

Gordon Bergstresser
**DICELLO LEVITT**
202.975.2288

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>
**Sent:** Tuesday, May 12, 2026 6:44 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

Emma,

We have reviewed the "RICO + TVPRA Terms" that you proposed on April 27, 2026, and have considered them in the context of the rulings entered by Magistrate Judge Cross-Goldenberg on May 6th . As we understand it, the proposed terms are a combined response to the separate search terms proposed by each of Sara Bronfman (August 13, 2025) and C. Bronfman and K. Raniere (October 27, 2025). Because you provided a combined response, we are presently unable to determine the proposed changes to either our proposal of August 13th or that made by Mr. Goldsmith on behalf of his clients.

In order to give us an ability to respond to your counter-proposal, please provide a document showing the proposed revisions made to each of Sara Bronfman's and Clare Bronfman's/Keith Raniere's search

terms. You can use our January 15th counterproposal as a sample (attached). Without this information we cannot see what terms were edited and how or what terms were removed. For example, the names of all current and former parties to the case do not appear to have been run; we do not know whether that is an inadvertent error or deliberate statement that you will not run those names. A redline of the sort we provided to you will help us assess your current counterproposal.

Second, as we have previously explained, we will need separate hit reports for each plaintiff. We understand that you will provide this information on a rolling basis and propose that we negotiate a base set of terms that we can adjust to conform with each plaintiff's specific allegations over the course of document production. We cannot assess search terms for every plaintiff based on select sample plaintiffs.

We understand that your document collection is not yet complete. We therefore propose that you provide an edited search term counterproposal (as described above) and a hit report for each plaintiff whose document collection you consider complete (i.e., one hit report and one counterproposal list of search terms per plaintiff). We can finalize those and address additional plaintiffs as your document collection progresses. In light of the Court's direction to prioritize discovery regarding the battery plaintiffs and produce their materials in the next few weeks, we would suggest starting with Sarah Edmondson, Nicole, Paloma Pena, and India Oxenberg.

Please let us know if you have any questions.

Anne


**Anne Aufhauser**
**Special Counsel**
Anne.Aufhauser@friedfrank.com | Tel: +1 212 859 8064

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers


---

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Monday, April 27, 2026 9:19 PM
**To:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

[EXTERNAL]
Good evening, Counsel and Dr. Roberts,

Please see attached hit reports reflecting Plaintiffs' counterproposals of search terms, run across four Plaintiffs' ESI.

The "Battery" report reflects terms responsive to Danielle Roberts' requests for production. The "RICO + TVPRA" reports reflect terms responsive to the requests of Sara Bronfman, Clare Bronfman, and Keith Raniere for Plaintiffs asserting both RICO and TVPRA claims. The representative RICO-only Plaintiffs' data is still processing. We will provide corresponding hit reports for those custodians as soon as possible.

The hit reports encompass all the data sources listed below, with the exception of the one source identified in red, which is currently processing. Accordingly, the attached reports are underinclusive as to that source.

| No | Custodian | Evidence Type | Device |
|---|---|---|---|
| 1 | India Oxenberg | Mobile Phone | Apple iPhone 13 Pro |
| 2 | India Oxenberg | Laptop | Apple Macbook Air |
| 3 | India Oxenberg | Social Media (Facebook) | indiaoxenberg |
| 4 | India Oxenberg | Email | indiaox@gmail.com |
| 5 | India Oxenberg | Social Media (Instagram) | indiaoxenberg |
| 6 | Nicole Isbell | Mobile Phone | Apple iPhone 15 Pro |
| 7 | Nicole Isbell | Laptop | Apple Macbook Air (2022) |
| 8 | Nicole Isbell | Mobile Phone | Apple iPhone 6s |
| 9 | Nicole Isbell | Email | nik.isbelle@gmail.com |
| 10 | Nicole Isbell | Email | nikkitisbell@gmail.com |
| 11 | Nicole Isbell | Mobile Phone | iPhone |
| 12 | Paloma Pena | Mobile Phone | Apple iPhone 14 |
| 13 | Paloma Pena | Laptop | Apple Macbook Air 2020 |
| 14 | Paloma Pena | Social Media (Facebook) | palomapena |
| 15 | Paloma Pena | Email | paloma_pena@hotmail.com |
| 16 | Sarah Edmondson | Mobile Phone | iPhone 16 |
| 17 | Sarah Edmondson | Laptop | Apple Macbook Pro (A1706) |
| 18 | Sarah Edmondson | Laptop | Apple Macbook Pro (A2918) |
| 19 | Sarah Edmondson | Social Media (Facebook) | sarahedmondson |
| 20 | Sarah Edmondson | Email | sarah@sarahedmondson.com |
| 21 | Sarah Edmondson | Email | sarahedmondson@gmail.com |
| 22 | Sarah Edmondson | Social Media (Instagram) | sarahedmondson |

With that context and for your ease of reference, the aggregate hit counts are as follows:

| | **Documents in Searchable Set** | **Documents with Hits** | **Documents with Hits (including families)** |
|---|---|---|---|
| **Battery Terms Total** | 635,762 | 2,279 | 3,407 |
| **RICO + TVPRA Terms Total** | 981,628 | 7,846 | 11,029 |

Best,
Emma

Emma Bruder

**DICELLO LEVITT LLP**

485 Lexington Ave
Suite 1001
New York, New York 10017

646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

# EXHIBIT D1

**<u>BATTERY CLAIM TERMS</u>**

**Time period: 01/01/2015 – 01/01/2020**

1. (wait* OR delay* OR "years later") w/15 (brand* OR battery OR burn*) AND Roberts
2. (report* OR file* OR complaint OR charge* OR accus*) w/15 (brand* OR battery OR burn* OR "Danielle Roberts")
3. Police w/20 (brand* OR battery OR burn* OR "Danielle Roberts")
4. ("3/9/2017" OR "03/09/2017" OR "March 9") AND (brand* OR burn* OR Roberts)
5. "July 2017" AND (police OR report* OR charge* OR file* OR complain!)
6. (police OR report* OR charge* OR file* OR complain!) w/20 (brand* OR battery OR Roberts)
7. cauteriz*
8. brand* w/20 (ceremony OR battery OR burn* OR cauteriz* OR scar* OR initiat*)
9. brand* w/10 (Danielle OR Roberts)
10. brand* w/15 (initials OR "KR" OR symbol OR Keith OR Raniere OR Mack)
11. (battery OR assault*) w/15 (brand* OR cauteriz* OR burn* OR Danielle OR Roberts)
12. (brand* OR battery OR assault* OR cauteriz*) w/10 (pain* OR hurt* OR trauma* OR injur* OR burn* OR wound* OR scar*)
13. (brand* OR ceremony) w/20 (consent* OR agree* OR permission)
14. (brand* OR ceremony) w/20 (object* OR resist* OR refuse* OR protest*)
15. (brand* OR ceremony) w/20 (coerc* OR pressure* OR threat* OR intimidat*)
16. (brand* OR ceremony) w/10 (unsure OR uncertain OR conflict*)
17. (meant OR meaning OR means OR symbol OR initials) w/10 (brand* OR burn*)
18. obedien* w/20 (DOS OR "Dominus Obsequious Sororium") w/15 (brand* OR ceremony)
19. (vow OR pledge OR promise*) w/10 (DOS OR "Dominus Obsequious Sororium" OR brand*)
20. (exit* OR leav* OR left* OR interrupt* OR finish* OR complet*) w/15 ((brand* OR ceremony*) w/20 (DOS OR ceremony OR Roberts))
21. (threat* OR intimidat*) w/20 (collateral OR brand* OR Roberts)
22. (blackmail OR collateral) w/20 (brand* OR Roberts)
23. ((releas* OR leak* OR expos*) w/20 (collateral OR blackmail)) AND (Danielle OR Roberts OR DOS OR Raniere)
24. (medical OR doctor OR clinic OR hospital) w/15 (brand* OR burn* OR cauteriz*)
25. (therap* OR counselor OR psych* OR trauma* OR PTSD OR "mental health" OR distress OR anguish OR fear OR distraught) w/20 (brand* OR burn* OR initials)
26. (psych* OR trauma OR PTSD OR "mental health" OR distress OR anguish OR fear OR emotional OR distraught) w/20 (brand* OR battery OR initials OR symbol OR tattoo)
27. Roberts w/20 (criminal OR charg* OR indict* OR prosecut* OR investigat* OR federal OR lawsuit)
28. "Frank Report" AND (Danielle OR Roberts OR branded OR branding OR battery)
29. ("NY Times" OR "New York Times") AND (Danielle OR Roberts OR branded OR branding OR battery)
30. (Frank OR Parlato OR Janja OR Lalich OR Catherine OR "ex cult" OR "ex-cult" OR deprogram*) w/20 (brand* OR battery OR initials OR symbol OR tattoo)

31. (video* OR record* OR film* OR footage OR clip OR photo* OR picture*) w/10 (branded OR branding OR ceremony)
32. (assignment* OR task* OR penance) w/10 (DOS OR master OR slave)
33. (vow* OR pledge* OR promise* OR credo* OR commit*) w/10 (DOS OR master OR slave OR obedien*)
34. (invite* OR introduc* OR recruit*) w/10 (DOS OR “sorority”)
35. Blackmail* w/20 (NXIVM OR DOS OR collateral OR brand* OR confess* OR Raniere OR Bronfman OR Clare OR Sara OR Keith)
36. Collateral w/20 (DOS OR master OR release OR threat OR confes* OR NXIVM OR Raniere OR Bronfman)
37. “Dominus Obsequious Sororium”
38. DOS w/20 (master OR slave OR collateral OR brand OR ceremony)
39. Master w/5 slave
40. Raniere w/10 (DOS OR master OR slave OR collateral OR obedient OR sex* OR assign* OR ceremony OR initial* OR brand*)
41. Roberts w/20 (ceremony OR DOS OR slave OR master OR obedience)
42. “The Sorority” w/20 (assign* OR collateral OR obedience OR master)
43. (Recruit* OR initiat* OR invit*) w/10 (DOS OR Dominus)

**RICO-ONLY TERMS**

**Time period: 01/01/2009 – 06/19/2019**

1. All names of current and former Plaintiffs (attached as Exhibit A)
~~1.~~2. NXIVM w/30 (coach* OR proctor* OR curriculum OR train* OR stripe OR unpaid OR recruit* OR invoice OR fee OR tuition)
~~2.~~3. “NXIVM community”
~~3.~~4. name:”NXIVM” OR path-name:”NXIVM”
~~4.~~5. “Executive Success Programs”
~~5.~~6. name:”ESP” OR path-name:”ESP” OR subject: ESP
~~6.~~7. (“Executive Success Programs” OR “ESP”) w/30 (coach* OR proctor* OR curriculum OR train* OR stripe OR unpaid OR recruit* OR invoice OR fee OR tuition)
~~7.~~8. Jness
~~8.~~9. “Society of Protectors”
~~9.~~10. “SOP weekend”
~~10.~~11. content:”SOP” OR name:”SOP” OR path-name:”SOP” or subject: SOP
~~11.~~12. “One Asian” AND (Raniere OR Mack)
~~12.~~13. “Rainbow Cultural Garden”
14. content:”RCG” OR name:”RCG” OR path-name:”RCG” OR subject: RCG
15. "Ration* w/5 inqui*"
16. Origins
17. Level*
18. Sash*
19. Intensive*
20. Enrol*
21. Curricul*

**Commented [DL1]:** We ask you to confirm that the full group of “RICO-ONLY” terms is included in the “RICO & TVPRA Terms” set (as well as our proposed additions). There is no reason that the RICO search terms should not be used for custodians asserting both RICO and TVPRA claims.

**Commented [DL2]:** We also ask that you confirm what exactly you will be searching when you use any search operators in your search terms including, but not limited to, name, path-name, content, etc.

22. Syllab*
23. Brochure
24. Marketing
25. Advertis*
26. Manual*
27. Method*
28. Train*
29. Field
30. Script
31. Participat*
32. Attend*
33. Event AND NXIVM
34. Advanc* or Fee* or Payment* or Cost* or tuition
35. Course or Seminar or Membership or Materials
36. Board or Executive or Committee* or Leader*
37. Core or Senior
~~13.~~38. Center* or Chapter*
~~14.~~39. Ultima
~~15.~~40. "exo/eso"
~~16.~~41. "exo eso"
~~17.~~42. "The source" w/30 (train* OR act* OR class OR curriculum OR Mack OR coach*)
~~18.~~43. "The Knife" w/30 (analy* OR edit* OR media OR article OR critique OR report* OR Clyne OR Mack OR Vicente OR Aristotle)
~~19.~~44. ("TEN C" OR "Ten-C" OR "The Emperor Has No Clothes") w/10 (Raniere OR sororit* OR recruit*)
~~20.~~45. "The Sorority"
~~21.~~46. "Vanguard Week"
~~22.~~47. ("V-Week" OR "V week" OR "V.week") w/20 (NXIVM OR Raniere OR Vanguard OR Bronfman OR "ESP" OR DOS OR Jness OR "SOP")
~~23.~~48. Vanguard
~~24.~~49. Prefect
~~25.~~50. "Stripe Path"
~~26.~~51. Raniere
~~27.~~52. Salzman AND (NXIVM OR coach* OR curriculum OR train* OR recruit*)
53. "Sara Bronfman" OR (Sara w/2 Bronfman) OR "Sara"
54. "Michele Tarzia" OR (Michele w/ 2 Tarzia) OR "Michele"
~~28.~~55. "Amanda Auspelmyer" OR (Amanda w/2 Auspelmyer)
~~29.~~56. "Clare Bronfman"
~~30.~~57. Bronfman AND (NXIVM OR coach* OR curriculum OR train* OR recruit* OR immigrat* OR threat OR lawsuit)
~~31.~~58. Proctor
~~32.~~59. Recruit* w/10 (coach OR student OR member)
~~33.~~60. Certify* w/10 (coach OR proctor OR train*)
61. "field trainer" or vip or coach or apprentin* or proctor*
~~34.~~62. Student or Mentor* or Mentee* or Teach*
~~35.~~63. "Clifton Park" w/20 (Raniere OR NXIVM OR headquarters)

~~36.~~64. “Inner Circle”
~~37.~~65. “Canon Camera”
~~38.~~66. “Elliott McGinnis”
~~39.~~67. Flintlock
~~40.~~68. Incarcerat* AND (NXIVM OR Raniere OR Bronfman OR Roberts OR Mack OR Salzman)
69. “Vancouver Community”
~~41.~~70. "Not w/5 legal" OR illegal
~~42.~~71. Igtet or basit
72. (“DOJ” OR prosecut* OR charge* OR indict*) w/20 (NXIVM OR Raniere OR Bronfman)
~~43.~~73. Jail* OR prison* OR Witness* OR Cooperat* OR Tamper* OR Brib* OR ((pay* or paid) w/ off)) OR FBI w/20 (NXIVM OR Raniere OR Bronfman)
~~44.~~74. “Puerto Vallarta” AND (NXIVM OR Raniere OR Mack)
~~45.~~75. Purchase* w/20 (Bronfman OR Raniere)
~~46.~~76. to:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”)
~~47.~~77. from:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”)
~~48.~~78. cc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”)
~~49.~~79. bcc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”)
~~50.~~80. to:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR “+33789813570” OR “212-713-1520” OR “+12127131520” OR “2127131520” OR “+15186054190” OR “5186054190” OR “518 605 4190” OR michele@our-evolution.com OR amanda@our-evolution.com)
~~51.~~81. from:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR “+33789813570” OR “212-713-1520” OR “+12127131520” OR “2127131520”

OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com)

~~52.~~82. cc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com)

~~53.~~83. bcc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com)

~~54.~~84. to:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")

~~55.~~85. from:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")

~~56.~~86. cc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")

87. bcc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")

88. Documentary or Movie or Show or Film or Podcast* or "book deal"

89. Storyboard or Production or Distrib* or Licens* or Appear*

90. "Sell w/5 stor*"

91. Recor* or Tap* or Video* or Media* or Audio* or Film* or Vlog* or Blog* or Footage

92. "the vow"

93. Seduc*

94. HBO

95. Starz

96. "Vanity Fair" or VF /

97. "New York Times" or NYT or "NY Times" or Times*

98. Newspaper or Interview or Publicity or Byline

99. "The Vow"

100. NDA or Confidential* or Non-disclosure or Nondisclosure or Waiv*

101. Doctor or Injur* or Harm or Physical or Emotion* or Psych* or Trauma* or Therap* or Suicid* or PTSD or Tourettes or "Out-of-pocket" or "out of pocket"

**RICO & TVPRA TERMS**

**Time period: 01/01/2009 – 06/19/2019**

1. All names of current and former Plaintiffs (attached as Exhibit A)
2. “Executive Success Programs”
3. name:”ESP” OR path-name:”ESP” OR subject: ESP
4. (“Executive Success Programs” OR “ESP”) w/30 (coach* OR proctor* OR curriculum OR train* OR stripe OR unpaid OR recruit* OR invoice OR fee OR tuition)
5. RCG or “Rainbow Cultural Garden"
6. Daycare or nursery or school
7. "(Not or Non) w/5 citizen"
8. "Not w/5 legal" OR illegal
9. “Loretta Garza” OR “Loreta Garza”
10. Unpaid or Intern* or Free or *Salar* or Employ* or Labor or labour
11. Uncompensat*
12. "Not w/5 paid"
13. Trap*
14. Job or Career or Position or Specialist*

~~1.~~15. “Clifton Park” w/20 (Raniere OR NXIVM OR headquarters OR DOS)

~~2.~~16. “Field trainer” w/20 (NXIVM OR “ESP” OR coach* OR proctor* OR stripe OR curriculum OR train*)

~~3.~~17. “Inner Circle” w/20 (NXIVM OR Raniere OR DOS OR Bronfman OR Mack OR Salzman OR Vicente OR Clyne)

~~4.~~18. “Puerto Vallarta” AND (NXIVM OR Bronfman OR Raniere)

~~5.~~19. (“Executive Success Programs” OR “ESP”) w/20 (Mack OR Salzman OR Raniere) w/20 (stripe OR coach* OR proctor*OR recruit*)

~~6.~~20. (“exo/eso” OR “exo eso”) w/20 (partner OR relationship OR readiness OR recruit OR obedience OR assignment OR Raniere)

~~7.~~21. (“out of status” OR “out-of-status”) w/20 (Raniere OR Bronfman OR NXIVM)

~~8.~~22. (“Rainbow Cultural Garden” OR “RCG”) w/20 (child OR work OR labor OR assign*)

~~9.~~23. (“Society of Protectors” OR “SOP”) w/15 (discipline OR drill OR readiness OR penance)

~~10.~~24. (“Stripe Path” w/20 (NXIVM OR “ESP” OR Jness))

~~11.~~25. (“V-Week” OR “V week” OR “V.week”) w/10 (Raniere OR Vanguard OR Bronfman)

~~12.~~26. (Marriage OR married OR marry*) w/10 (visa OR immigrat* OR “legal status” OR deport* OR sham* OR Bronfman)

~~13.~~27. (Mexico AND Monterrey) w/20 NXIVM

~~14.~~28. (Mexico OR Monterrey) w/10 (Raniere OR Bronfman)

~~15.~~29. (passport OR identification) w/10 ((take* OR confiscate* OR hold*) AND (Raniere OR NXIVM OR Russell))

~~16.~~30. Blackmail* w/20 (NXIVM OR DOS OR collateral OR brand* OR confess* OR Raniere OR Bronfman OR Clare OR Sara OR Keith)

~~17.~~31. (Border w/10 Canada) AND (Bronfman OR Raniere OR Clare OR Sara OR Keith)

~~18.~~32. (Border w/10 cross*) AND (Bronfman OR Raniere OR Clare OR Sara OR Keith)

~~19.~~33. Brand* w/20 (DOS OR collateral OR Raniere OR obedient OR slave OR ceremony OR NXIVM OR initial*)

~~20.~~34. Bronfman w/20 (DOS OR collateral OR threat* OR immigration OR lawsuit OR ceremony)
~~21.~~35. “Canon Camera”
~~22.~~36. Certify w/10 (coach OR proctor OR train)
~~23.~~37. Collateral w/20 (DOS OR master OR release OR threat OR confes* OR NXIVM OR Raniere OR Bronfman)
~~24.~~38. Deport* w/20 (NXIVM OR “RCG” OR “Rainbow Cultural Garden”)
~~25.~~39. Deport* w/20 (Raniere OR Bronfman OR Loretta OR Garza or Russell)
~~26.~~40. Deport* w/20 (threat* OR coerc* OR “send back”)
41. (“DOJ” OR prosecut* OR charge* OR indict*) w/20 (NXIVM OR Raniere OR Bronfman)
~~27.~~42. Jail* OR prison* OR Witness* OR Cooperat* OR Tamper* OR Brib* OR ((pay* or paid) w/ off)) OR FBI w/20 (NXIVM OR Raniere OR Bronfman)
~~28.~~43. “Dominus Obsequious Sororium”
~~29.~~44. DOS w/20 (master OR slave OR collateral OR brand* OR ceremony)
~~30.~~45. “Elliott McGinnis”
~~31.~~46. Extort* w/30 (NXIVM OR DOS OR collateral OR brand* OR confess* OR Raniere OR Bronfman OR Roberts)
~~32.~~47. Flintlock
~~33.~~48. Igtet or basit~~Igtet w/15 (Immigra* OR visa OR “legal status” OR deport* OR fund*)~~
~~34.~~49. (Immigra* OR visa OR “legal status”) w/10 (help OR fix OR handl* OR arrang* OR sponsor OR renew* OR extend* OR overstay* OR status) w/20 (Keith OR Raniere OR Clare OR Sara OR Bronfman)
~~35.~~50. Immigra* w/20 (NXIVM OR “RCG” OR “Rainbow Cultural Garden”)
~~36.~~51. Immigra* w/20 (Raniere OR Bronfman OR Loretta OR Garza or Russell)
~~37.~~52. Immigra* w/20 (threat* OR coerc* OR “send back”)
~~38.~~53. Jness w/15 (empower* OR curriculum OR workshop or recruit*)
~~39.~~54. Mack w/20 (DOS OR collateral OR brand* OR ceremony OR obedience OR assign* OR initial*)
~~40.~~55. Master w/5 slave
~~41.~~56. “NXIVM Community”
~~42.~~57. NXIVM w/20 (coach* OR proctor* OR stripe OR unpaid OR recruit* tuition)
~~43.~~58. overstay* w/20 (Raniere OR Bronfman OR Russell OR Garza OR NXIVM)
~~44.~~59. Proctor w/10 (NXIVM OR coach OR stripe)
~~45.~~60. Raniere w/10 (DOS OR master OR slave OR collateral OR obedient OR sex* OR assign* OR ceremony OR initial* OR brand*)
~~46.~~61. Recruit w/10 (coach OR student OR member)
~~47.~~62. Roberts w/20 (ceremony OR DOS OR slave OR master OR obedience OR brand*)
~~48.~~63. Sagitta
~~49.~~64. Salzman w/20 (DOS OR master OR slave OR collateral OR obedient OR sex* OR assign* OR ceremony)
~~50.~~65. Sponsor* w/20 (Garza OR Russell OR Raniere OR Bronfman OR “RCG” OR “Rainbow Cultural Garden” OR “ESF” OR “MDS”)
~~51.~~66. “The Knife” w/20 (analy* OR edit* OR media OR article OR critique OR report* OR Clyne OR Mack OR Vicente OR Aristotle)
~~52.~~67. “The Sorority” w/20 (assign* OR collateral OR obedience OR master)

~~53.~~68. “The source” w/15 (class OR curriculum OR Mack OR Raniere OR Bronfman OR Mack OR labor OR compensat* OR unpaid)

~~54.~~69. (“TEN C” OR “Ten-C” OR “The Emperor Has No Clothes”) w/10 (Raniere OR sororit* OR recruit*)

~~55.~~70. (Ultima OR Prefect) w/15 (Raniere OR Bronfman or recruit* OR groom* OR sex* OR exploit* OR labor* OR compensat*)

~~56.~~71. Vanguard w/20 (Raniere OR NXIVM OR DOS OR Bronfman)

~~57.~~72. “Vanguard Week”

~~58.~~73. Visa w/20 (Garza OR Russell OR Raniere OR Bronfman OR “RCG” OR “Rainbow Cultural Garden” OR “ESF” OR “MDS”)

~~59.~~74. to:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”) AND content:( collateral OR brand* OR coach* OR proctor* OR stripe OR train* OR curriculum OR recruit* OR visa OR immigrat* OR deport* OR threaten* OR intensive OR assignment OR obedien* OR “V-week” OR Vanguard)

~~60.~~75. from:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”) AND content:(DOS OR collateral OR brand* OR visa OR immigrat* OR deport* OR threaten* OR assignment OR obedien* OR Vanguard)

~~61.~~76. cc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”) AND content:( DOS OR collateral OR brand* OR visa OR immigrat* OR deport* OR threaten* OR assignment OR obedien* OR Vanguard)

~~62.~~77. bcc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”) AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR brand* OR coach* OR proctor* OR stripe OR train* OR curriculum OR recruit* OR visa OR immigrat* OR deport* OR threaten* OR intensive OR assignment OR obedien* OR “V-week” OR Vanguard)

~~63.~~78. to:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR “+33789813570” OR “212-713-1520” OR “+12127131520” OR “2127131520” OR “+15186054190” OR “5186054190” OR “518 605 4190” OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:( collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR “V-Week” OR Vanguard)

64.79. from:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week" OR Vanguard)

65.80. cc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:(DOS OR collateral OR assignment OR brand* OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR Vanguard)

66.81. bcc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week" OR Vanguard)

67.82. to:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

68.83. from:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

69.84. cc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

70.85. bcc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR

“5183730453” OR “518 371 4279” OR “+15183714279” OR “5183714279”) AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR “V-Week”)

**Exhibit A**

1. Sarah w
2. Edmondson
3. Souki*
4. Mehdaoui
5. Nicole
6. Isabell
7. India
8. Oxenberg
9. Bonnie
10. Piesse
11. Tabitha
12. Chapman
13. Ashley
14. Mclean
15. Mark
16. Vicente
17. Anthony
18. Ames
19. Nippy
20. Veronica
21. Jaspeado
22. Paloma
23. Pena
24. Charlotte
25. Giroux
26. Rachel
27. Behl
28. Widjaja
29. Adrienne
30. Stiles
31. Lindsay
32. MacInnis
33. Jennifer
34. Sinclair
35. Kobelt
36. Deanne
37. Brunelle
38. Karla
39. Diaz
40. Cano
41. Pamela
42. Cooley
43. Brieanna
44. Fiander

45. Shayna
46. Holmes
47. Polly
48. Green
49. Andrea
50. Hammond
51. Yan
52. Huang
53. Sara
54. Lim
55. Ariella
56. Menashy
57. Elham
58. Menhaji
59. Maja
60. Miljkovic
61. Michelle
62. Neal
63. Alison
64. Rood
65. Katie
66. Shaw
67. Kristin
68. Susan
69. Patricia
70. Vieta
71. Stephanie
72. Fair-Layman
73. Sarah
74. Wall
75. Scott
76. Starr
77. Philip
78. Akka
79. Alejandro
80. Balassa
81. Madeleine
82. Carrier
83. Rod
84. Christiansen
85. Owen
86. Giroux
87. Jeffrey
88. Golfman
89. Ashley
90. Harvey

91. Anthony
92. Madani
93. Chad
94. Williams
95. Chris*
96. Black
97. Robert
98. Gray
99. Ken
100. Kozak
101. Allison
102. Warnycam
103. Erika
104. Weissenborn
105. Jessica
106. Joan
107. Salazar
108. Daniela OR Dani
109. Fernandes OR Fernandez
110. Camila OR Cami
111. Valerie
112. Heckel
113. Rosalyn
114. Cua
115. Tanya
116. Hubbard
117. Susan
118. Pratt
119. Juliana
120. Susan
121. Wysocki
122. Rees
123. Alan
124. Haynes
125. Warne
126. Livesey
127. Nils
128. MacQuarrie
129. Toni
130. Natalie
131. Kayla
132. Grosse
133. Margot
134. Leviton
135. Isabella
136. Constantino

137. Carysa
138. Cottrell
139. Hannah
140. Vanderheyden
141. Adrian OR “Fluffy”
142. Gabrielle
~~1.~~143. Gendron

EXHIBIT E

## Leavy, Danielle

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Thursday, July 16, 2026 2:08 PM
**To:** Aufhauser, Anne; Gordon Bergstresser; Dr. Danielle Roberts; Henry, Robin; Leavy, Danielle; Aaron Goldsmith
**Cc:** William E. Hoese; Brendan Schneiderman; Robert A. Swift; Zahra R. Dean; Stacey MacKinnon; Erin Kerrane; Agnieszka M. Fryszman; Greg Gutzler; Adam Prom
**Subject:** RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports
**Attachments:** 2026.07.16 - Edmondson v. Raniere - Pls' Letter to Defs. SB CB KR Re ESI and Search Term Negotiations.pdf; 2026.07.16 - Edmondson v. Raniere - Exs. A-F to Pls' Ltr on ESI and Search Terms.zip

[EXTERNAL]
Good afternoon, Counsel,

Please see the attached letter and accompanying materials.

Best,
Emma


Emma Bruder
**DICELLO LEVITT**
646.933.1000



This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.


---

**From:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>
**Sent:** Friday, June 12, 2026 4:51 PM
**To:** Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Emma Bruder <ebruder@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

Gordon,

Thanks for your email. I respond below.

Sara Bronfman Collection and Production: We do not understand how there can be any uncertainty on your part regarding the scope of devices that S. Bronfman has collected and is searching. We have been very clear about that. Indeed, S. Bronfman provided detailed information on device collection in her interrogatory responses. We look forward to receiving the same information from you on June 18.

We remain very frustrated by Plaintiffs' continued unwillingness to negotiate search terms in any meaningful way. However, we want to see the case as a whole move forward and with that in mind we will agree to review and produce responsive documents, if any, from the search term hits we provided in January 2026.

Plaintiffs' Hit Reports: S. Bronfman will forgo individual hit reports from Plaintiffs on the condition that you provide a list of which "category" of search terms you propose to apply to each Plaintiff and specify for each Plaintiff which data sources are being searched. This is consistent with the Court's prior orders.

Search Terms to be Applied to Plaintiffs' Documents: As you know, the general approach to search term negotiations includes the exchange of redlines. That's how each side can see what the other has accepted (or not) and any proposed affirmative changes. We cannot begin to understand your refusal to run such a redline, particularly since it is causing unnecessary delay in reaching an agreement and moving the case forward. As a result, we have spent considerable time and unnecessary expense manually comparing your proposal against those made by each of S. Bronfman, C. Bronfman, and K. Raniere. We have made revisions in the attached redline. Additionally, although we did not endeavor to do a side-by-side comparison, please confirm that the full group of "RICO-ONLY" terms is included in the "RICO & TVPRA Terms" set. There is no reason that the RICO search terms should not be used for custodians asserting both RICO and TVPRA claims.

To the extent you disagree with any of our suggestions, we ask (i) for a meet and confer or term-by-term explanation of your position and (ii) a redline against our revisions. Absent that, we cannot have a meaningful dialogue.

Thank you,

Anne


**Anne Aufhauser**
**Special Counsel**
Anne.Aufhauser@friedfrank.com | Tel: +1 212 859 8064

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers


---

**From:** Gordon Bergstresser <Gbergstresser@dicellolevitt.com>
**Sent:** Thursday, May 28, 2026 8:27 PM
**To:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Emma Bruder <ebruder@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Robert

A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

[EXTERNAL]
Anne,
Plaintiffs do not think a traditional redline against either Defendants' August 13 or October 27 proposals would be particularly useful here. Plaintiffs' April 27 counterproposal was not prepared as a line-by-line edit to either proposal. Rather, because the prior proposals consisted largely of broad, overlapping term banks, Plaintiffs consolidated, reorganized and narrowed those terms into claim-based search strings. In lieu of such a redline, attached please find a document detailing the search terms we intend to use, grouped by the terms to be used for the RICO-only Plaintiffs and the terms to be used for the RICO + TVPRA Plaintiffs. We believe this set of search terms, as demonstrated by the hit reports that we've provided to date, represent a reasonably comprehensive search methodology for identifying responsive ESI possessed by Plaintiffs.

With respect to hit reports, Plaintiffs do not agree that separate hit reports and separate negotiations are required for each Plaintiff. Per the ESI Protocol, Plaintiffs have identified custodial and non-custodial data sources against which the terms were run. See Stip. Order Re: Disc. of ESI §§ V.A.3, V.C. It would be inefficient to separately negotiate search terms for each Plaintiff, as the discovery requests that each Plaintiff needs to respond to do not substantively vary across the Plaintiffs. To embark in separate negotiations for each Plaintiff will result in extraordinary delay and needlessly complicate the discovery process. Plaintiffs have organized the proposed terms by claim category, including separate sets for the battery claims, RICO-only claims, and RICO/TVPRA claims. That approach is consistent with proportionality, the structure of the claims, and the need to move discovery forward efficiently. Plaintiffs believe that cost shifting under Rule 26(c)(1)(B) would be appropriate if Defendants insist upon discovery methods that are unduly burdensome and expensive.

Additionally, we understand from your January 23, 2026 email that you have collected ESI from your clients and tested search terms against that ESI. At that point, you were not willing to take a position on those search terms or the search terms that had been proposed by Plaintiffs. Are you now prepared to take a position on either set of search terms? If not, when will you be able to? Additionally, the hit reports provided on January 15, 2025 do not identify the data sources that are being searched. Can you please provide information as to which data sources are being searched to generate those hit reports? Further, if there are data sources that either presently exist or previously existed which have been lost or destroyed or are inaccessible, which are not being searched, please identify those sources and the reasons they are not being searched.

Thanks,
Gordon

Gordon Bergstresser
**DICELLO LEVITT**
202.975.2288

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>
**Sent:** Tuesday, May 12, 2026 6:44 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** RE: Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

Emma,

We have reviewed the "RICO + TVPRA Terms" that you proposed on April 27, 2026, and have considered them in the context of the rulings entered by Magistrate Judge Cross-Goldenberg on May 6th . As we understand it, the proposed terms are a combined response to the separate search terms proposed by each of Sara Bronfman (August 13, 2025) and C. Bronfman and K. Raniere (October 27, 2025). Because you provided a combined response, we are presently unable to determine the proposed changes to either our proposal of August 13th or that made by Mr. Goldsmith on behalf of his clients.

In order to give us an ability to respond to your counter-proposal, please provide a document showing the proposed revisions made to each of Sara Bronfman's and Clare Bronfman's/Keith Raniere's search terms. You can use our January 15th counterproposal as a sample (attached). Without this information we cannot see what terms were edited and how or what terms were removed. For example, the names of all current and former parties to the case do not appear to have been run; we do not know whether that is an inadvertent error or deliberate statement that you will not run those names. A redline of the sort we provided to you will help us assess your current counterproposal.

Second, as we have previously explained, we will need separate hit reports for each plaintiff. We understand that you will provide this information on a rolling basis and propose that we negotiate a base set of terms that we can adjust to conform with each plaintiff's specific allegations over the course of document production. We cannot assess search terms for every plaintiff based on select sample plaintiffs.

We understand that your document collection is not yet complete. We therefore propose that you provide an edited search term counterproposal (as described above) and a hit report for each plaintiff whose document collection you consider complete (i.e., one hit report and one counterproposal list of search terms per plaintiff). We can finalize those and address additional plaintiffs as your document collection progresses. In light of the Court's direction to prioritize discovery regarding the battery plaintiffs and produce their materials in the next few weeks, we would suggest starting with Sarah Edmondson, Nicole, Paloma Pena, and India Oxenberg.

Please let us know if you have any questions.

Anne

**Anne Aufhauser**
**Special Counsel**
Anne.Aufhauser@friedfrank.com | Tel: +1 212 859 8064

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Monday, April 27, 2026 9:19 PM
**To:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Erin Kerrane <ekerrane@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>
**Subject:** Edmondson v. Raniere - Plaintiffs' Counterproposal Hit Reports

[EXTERNAL]
Good evening, Counsel and Dr. Roberts,

Please see attached hit reports reflecting Plaintiffs' counterproposals of search terms, run across four Plaintiffs' ESI.

The "Battery" report reflects terms responsive to Danielle Roberts' requests for production. The "RICO + TVPRA" reports reflect terms responsive to the requests of Sara Bronfman, Clare Bronfman, and Keith Raniere for Plaintiffs asserting both RICO and TVPRA claims. The representative RICO-only Plaintiffs' data is still processing. We will provide corresponding hit reports for those custodians as soon as possible.

The hit reports encompass all the data sources listed below, with the exception of the one source identified in red, which is currently processing. Accordingly, the attached reports are underinclusive as to that source.

| No | Custodian | Evidence Type | Device |
|---|---|---|---|
| 1 | India Oxenberg | Mobile Phone | Apple iPhone 13 Pro |
| 2 | India Oxenberg | Laptop | Apple Macbook Air |
| 3 | India Oxenberg | Social Media (Facebook) | indiaoxenberg |
| 4 | India Oxenberg | Email | indiaox@gmail.com |
| 5 | India Oxenberg | Social Media (Instagram) | indiaoxenberg |
| 6 | Nicole Isbell | Mobile Phone | Apple iPhone 15 Pro |

| | | | |
|---|---|---|---|
| 7 | Nicole Isbell | Laptop | Apple Macbook Air (2022) |
| 8 | Nicole Isbell | Mobile Phone | Apple iPhone 6s |
| 9 | Nicole Isbell | Email | nik.isbelle@gmail.com |
| 10 | Nicole Isbell | Email | nikkitisbell@gmail.com |
| 11 | Nicole Isbell | Mobile Phone | iPhone |
| 12 | Paloma Pena | Mobile Phone | Apple iPhone 14 |
| 13 | Paloma Pena | Laptop | Apple Macbook Air 2020 |
| 14 | Paloma Pena | Social Media (Facebook) | palomapena |
| 15 | Paloma Pena | Email | paloma_pena@hotmail.com |
| 16 | Sarah Edmondson | Mobile Phone | iPhone 16 |
| 17 | Sarah Edmondson | Laptop | Apple Macbook Pro (A1706) |
| 18 | Sarah Edmondson | Laptop | Apple Macbook Pro (A2918) |
| 19 | Sarah Edmondson | Social Media (Facebook) | sarahedmondson |
| 20 | Sarah Edmondson | Email | sarah@sarahedmondson.com |
| 21 | Sarah Edmondson | Email | sarahedmondson@gmail.com |
| 22 | Sarah Edmondson | Social Media (Instagram) | sarahedmondson |

With that context and for your ease of reference, the aggregate hit counts are as follows:

| | **Documents in Searchable Set** | **Documents with Hits** | **Documents with Hits (including families)** |
|---|---|---|---|
| **Battery Terms Total** | 635,762 | 2,279 | 3,407 |
| **RICO + TVPRA Terms Total** | 981,628 | 7,846 | 11,029 |

Best,
Emma

Emma Bruder

**DICELLO LEVITT LLP**

485 Lexington Ave
Suite 1001
New York, New York 10017

646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

EXHIBIT E1

DICELLO LEVITT

485 LEXINGTON AVENUE SUITE 1001 NEW YORK, NEW YORK 10017

EMMA BRUDER
EBRUDER@DICELLOLEVITT.COM
646.933.1000

July 16, 2026

**VIA EMAIL**

Ms. Robin Henry
Robin.Henry@friedfrank.com
Counsel for Defendant Sara Bronfman

Mr. Aaron Goldsmith
aarongoldsmithlaw@gmail.com
Counsel for Clare Bronfman and Keith Raniere

**Re:** ***Edmondson v. Raniere*, 1:20-cv-00485 (E.D.N.Y.)**
**ESI and Search Term Negotiations with Defendants S. Bronfman, C. Bronfman & K. Raniere**

Dear Counsel,

We write in response to your June 12, 2026 email regarding the parties' search-term and production negotiations, as well as your January 15, 2026 email transmitting Sara Bronfman's hit reports.

## I. Sara Bronfman's Productions

### A. ESI Sources

As you note in your June 12 email, Sara Bronfman identified responsive ESI sources in her interrogatory responses. See S. Bronfman's Resp. and Obj. to Pls.' First Set of Interrogs. (Sept. 12, 2025). However, in response to Interrogatory No. 3—which requests identification of each "social media platform, networking website, messaging app, or online forum" concerning any Plaintiff, NXIVM, or DOS—you identify only messaging

applications (WhatsApp, Telegram, and Skype). Please confirm that no responsive social media accounts or other online platforms are being withheld based on your objections, whether in response to Interrogatory No. 3 or any other interrogatory.

Likewise, while your responses to Interrogatories Nos. 2 and 4 identify various email accounts and devices, Plaintiffs have not been able to determine which of those accounts and devices have actually been collected and searched for responsive documents in this litigation. If this information has already been provided, please direct us to the relevant disclosure.

B. Search Terms & Production

We appreciate your agreement to review and produce responsive documents from the January 2026 search-term hits. Please let us know when Plaintiffs can expect your first production.

We have reviewed your proposed revisions to the search terms and have accepted the majority of them. Plaintiffs' proposed modifications, reflected in the redline attached as **Exhibit A**,[1] are intended to ensure that the searches reasonably capture the categories of documents Defendants have agreed to produce while remaining appropriately tailored and proportional. In evaluating your proposed revisions, Plaintiffs have used Defendants' own Responses and Objections as the principal guide for determining whether the search terms are reasonably calculated to identify documents within the agreed scope of production. Accordingly, where Plaintiffs propose modifications, those revisions are intended to align the searches with Defendants' stated production obligations, not expand them.

*NXIVM Entities and Programs*

For several NXIVM entities and programs—including Ethical Humanitarian Foundation, Executive Success Programs, Society of Protectors, and First Principles—you have proposed limiters that appear directed to only a subset of the responsive documents identified in your Responses and Objections. In those responses, you agreed to produce, among other things, documents concerning your involvement in the creation, ownership, funding, operation, management, or oversight of NXIVM entities; responsive meeting minutes and agendas; documents concerning NXIVM titles, positions, responsibilities, and promotions; written curriculum and training materials; recruiting, sales, and promotional materials; and written criteria regarding advancement up the stripe path.

Accordingly, for searches relating to NXIVM entities, we have added targeted governance- and management-related terms (e.g., board, director, officer, governance, management, operation, funding, budget, and meeting minutes). For searches relating to NXIVM programs, we have added terms directed to curriculum, recruitment, coaching, training, promotions, intensives, and advancement up the stripe path. These additions are

[1] We kept your changes in red, as they were originally—our redlines are purple.

intended to better capture the categories of documents you have agreed to produce while remaining appropriately tailored.

*Names of Plaintiffs and Former Defendants*

For Madeleine Carrier, we request that the search include both "Madeleine" and "Mathieu," because Mathieu was her forename during her involvement with NXIVM.

For Elham Menhaji, we assume your proposed first-and-last-name proximity limitation was adopted because searching "Menhaji" without limitation generated a substantial number of hits. We instead propose the attached subject-matter search, which is tailored to Ms. Menhaji's allegations and the corresponding categories of documents you have agreed to produce. We believe this approach is more reasonably calculated to identify responsive documents while appropriately limiting false positives.

For Charlotte Giroux and Kristin Taravella, your proposed limiters are overly restrictive. The revisions reflected in the attached redline more closely correspond to their allegations and are reasonably calculated to identify responsive documents within the agreed scope of production.

For Kathy Russell and Lauren Salzman, we propose revisions that preserve precision while also capturing responsive communications referring to them by first name in contexts likely to concern the categories of documents you have agreed to produce.

## II. Plaintiffs' Productions

To facilitate the parties' continued negotiations,[2] Plaintiffs are providing the following:

1. A chart identifying, for each Plaintiff, the category of search terms to be applied, including Battery, RICO-only, and/or RICO & TVPRA terms (**Exhibit B**);

2. A chart identifying the ESI sources currently processed and represented in the hit reports (**Exhibit C**);

3. Plaintiffs' counter-proposal redline of the RICO + TVPRA term set (**Exhibit D**); and

4. Hit reports representing:
   (i) Defendants' proposed revisions, including:
      a. The RICO-Only Terms (**Exhibit E1**);

[2] Plaintiffs understand that these consolidated negotiations concern the search terms to be applied by Plaintiffs in response to the document requests of Sara Bronfman, Clare Bronfman, and Keith Raniere, notwithstanding that the latest counterproposal was transmitted by counsel for Sara Bronfman. Plaintiffs further understand that any agreement reached through this process is intended to resolve those search-term negotiations with all three Defendants. Please advise promptly if Defendants do not share that understanding.

b. The RICO + TVPRA Terms (**Exhibit E2**);
c. The RICO-Only Terms applied on the RICO + TVPRA set of ESI (**Exhibit E3**);

(ii) Plaintiffs' counter-proposal on the RICO & TVPRA terms (**Exhibit F**).

Plaintiffs have collected additional ESI sources beyond those identified in Exhibit C and continue to do so. To avoid unnecessary processing and hosting costs, however, Plaintiffs are processing collected data on a rolling basis as review progresses. When practicable, Plaintiffs will supplement Exhibit C by identifying, for each Plaintiff, the ESI sources that have been collected, processed, and searched.

As reflected in the attached hit reports, your most recent counterproposal resulted in disproportionate hit counts. Plaintiffs are continuing to evaluate potential refinements to the RICO-Only term set but believe the parties should first resolve the RICO & TVPRA search terms so that document review and production may proceed without further delay. Please review and advise whether Defendants have objections to the revised terms in Exhibit D. The parties can then turn to resolving the remaining disputes concerning the RICO-only terms.

A. Application of RICO-Only Search Terms to TVPRA Plaintiffs

With respect to your request that Plaintiffs apply the full set of RICO-only search terms to Plaintiffs asserting both RICO and TVPRA claims, Plaintiffs do not agree that such an approach is proportional. The TVPRA Plaintiffs generally possess substantially larger ESI collections than the RICO-only Plaintiffs, and applying every RICO-only search term across those collections would significantly increase the burden and expense of processing, hosting, reviewing, and producing responsive ESI. Consistent with the proportionality concerns Plaintiffs have previously raised, the search terms for Plaintiffs asserting both RICO and TVPRA claims have been tailored to the claims at issue while remaining reasonably calculated to identify responsive documents.

That said, Plaintiffs have agreed to incorporate many of the RICO-only strings—either as is or in modified form—into the RICO & TVPRA search set, as reflected in the redline (Exhibit D). Plaintiffs believe this approach reasonably balances the need to identify responsive documents with the burden of reviewing and producing them.

B. Plaintiff Name Searches (Exhibit A to Defendants' counter-proposal)

With respect to your request that Plaintiffs append the first- and last-name search terms identified in your Exhibit A, Plaintiffs decline to do so. As reflected in the hit reports, those searches would result in disproportionate hit counts.

For the RICO-only ESI hit report—which consists of just three email accounts and a searchable population of 296,254 documents—the Exhibit A name terms generated hits on 175,966 documents (229,939 documents including family members, as required under

the ESI Protocol). Although the highest hit counts were generated by the names Alejandro Balassa and Andrea Hammond, whose own email accounts are included in the collection, the issue is far broader: 32 of the 129 proposed name terms generated more than 1,000 hits.

The burden is even more pronounced across the RICO & TVPRA ESI collections. There, a searchable population of 1,792,832 documents yielded 847,958 documents with hits (965,850 documents including family members) based solely on the Exhibit A name terms. These results confirm that broad first- and last-name searches, untethered to any subject matter, would require review of a substantial portion of Plaintiffs' ESI and are not proportional to the needs of the case. Plaintiffs will not agree to these proposed search terms.

C. Field-Specific Search Operators

With respect to your request that Plaintiffs explain the field-specific search operators included in Plaintiffs' prior proposal (e.g., name, path-name, and content), Plaintiffs are removing those operators to avoid unnecessary confusion or disputes regarding ESI metadata and to maintain consistency with Defendants' own search methodology.

D. Media-Related Search Terms

Plaintiffs decline to add Defendants' proposed media-related search terms. As expressed in Plaintiffs' Responses and Objections to the corresponding Requests for Production, Plaintiffs will not produce documents responsive to those requests. Because those requests fall outside the scope of Plaintiffs' agreed production, the proposed search terms will not be incorporated into Plaintiffs' search methodology.

***

Plaintiffs have already expended substantial time and resources collecting, processing, reviewing, and producing responsive ESI, and have produced significant volumes of documents. By contrast, the only production Plaintiffs have received to date consists of scanned paper documents produced by Sara Bronfman on July 13, 2026. Clare Bronfman and Keith Raniere have made no document production whatsoever, and none of the three Defendants has produced any ESI.

If, after reviewing Plaintiffs' productions, Defendants identify specific and substantiated deficiencies, Plaintiffs remain willing to discuss appropriately tailored supplemental discovery. Otherwise, Plaintiffs believe the search methodology reflected in the attached redlines is reasonable, proportional, and consistent with the parties' discovery obligations.

Sincerely,

Emma Broder

Emma Bruder

Cc:

All counsel of record (via email)

Dr. Danielle Roberts
danielle@drdanielleroberts.com
*Pro se* Defendant

EXHIBIT E2

# EXHIBIT A

## Search Terms for Sara Bronfman's Production with Fried Frank Proposed Revisions and Plaintiffs' Counter-Proposal

| | | | | |
|---|---|---|---|---|
| (Chris OR Christopher) **w/25** Black | "Nik" | Cepelinski | Ingram | Polly AND Green |
| "Cami" | "public relations" | Chapman | Isbell | Porter |
| "Dali Lama" | "Rainbow Cultural Garden" | Charlotte **AND (labor OR drill* OR video or letter* OR "DOS" OR collateral OR Ethos OR Origins OR coach* OR proctor* OR mentor* OR train* OR recruit* OR "stripe path" OR intens* OR travel* OR MBA OR teach* OR pay* OR salary OR income OR commission*)** | Jaspeado | Pratt |
| "Dali" | "Society of Protectors" | Christiansen | Jessica | Prefect |
| "Dani" | "SOP" **AND (punish OR fail* or uphold OR owe OR submission OR submissive OR humiliate OR recruit* OR promot* OR coach* OR proctor* OR train* OR intensive* OR "stripe path")**<br><br>**"SOP" AND (board OR director OR officer OR govern* OR manage* OR operat* OR fund* OR donat* OR budget* OR minute*)** | Clyne | Jness | private /3 investigat* |
| "Department of Justice" | "Stripe Path" | Coach | Junco | Proctor |
| "DOJ" | "The Knife" | Collateral | Keith | Rachel |
| "Dominus Obsequious Sororium" | "The Sorority" | Commandante | Kiki | Raniere |
| "DOS" | "The Source" | Cooley | Kobelt | RCG |
| "Eastern District of New York" | "The Vow" | counselor | Kozak | Roberts |
| "EDNY" OR "E.D.N.Y." | "U.S. Attorney" | Course* | Kristin **AND (letter OR father OR sister or Dad OR abuse OR assault OR OR DOS OR collateral OR Ethos OR coach* OR proctor* OR mentor* OR train* OR recruit* OR "stripe path" OR intens* OR travel* OR teach* OR pay* OR salary OR income OR commission*** | Rood |

| | | | | |
|---|---|---|---|---|
| | | | OR anxiety OR psychoanalysis) | |
| ""EHF"" AND (trustee* OR website OR board OR director OR officer OR govern* OR manage* OR operat* OR fund* OR donat* OR budget* OR minute*) | "United States Attorney" | Curricula | Laurena | Roodsky |
| "ESF" | "V week" OR "V-week" | Curriculum | ~~Lawyer~~ [delete] | ~~Russell~~ [delete] *Use:* (Kathy w/2 Russell) (Kathy AND (compensat* OR service* OR benefit* OR pay* OR fund* OR reimburs* OR payment*)) |
| "ESO" | "Val" | Daniela | Lim | Salazar |
| "ESP" AND (Britain OR New York OR Ireland OR curriculum OR recruit* OR promot* OR coach* OR proctor* OR train* OR intensive* OR "stripe path") "ESP" AND (OR board OR director OR officer OR govern* OR manage* OR operat* OR fund* OR donat* OR budget* OR minute*) | "value exchange" AND (credit or debt OR pay* OR paid OR owe OR charge) | Davila | Lola | ~~Salzman~~ [delete] *Use:* Lauren w/ 2 Salzman Lauren AND (compensat* OR service* OR benefit* OR pay* OR fund* OR reimburs* OR payment*)) |
| "Ethical Humanitarian Foundation" AND (trustee* OR website OR board OR director OR officer OR govern* OR manage* OR operat* OR fund* OR donat* OR budget* OR minute*) | "Vero" | Deport* | MacInnis | Sarah |
| "Ethical Science Foundation | "WEF" | Diaz | Mack | Sarah AND Wall |
| "executive board" | "World Ethical Foundations" | Duran | Mackinnon | Shaw |
| "Executive Success Programs" AND (Britain OR New York OR Ireland OR curriculum OR recruit* OR promot* OR coach* OR proctor* OR train* OR intensive* OR "stripe path) "Executive Success Programs" AND (board OR director OR officer OR govern* OR manage* OR operat* OR fund* OR donat* OR budget* OR minute*) | Adrian | Edmondson | Madani | Souki |
| "exo/eso" | Akka | Erika | Mclean | Starr |

| | | | | |
|---|---|---|---|---|
| "exo" | Allison | Fair-Layman | Meesh | Stiles |
| "Federal Bureau of Investigation" OR "FBI" | Ames | Fernandez | Mehdaoui | Taravella |
| "Federal Court" | ~~Attorney~~ **[delete]** | Fiander | Menashy | Trial |
| "First Principles" **AND (donate OR ownership OR interest OR IP OR (intellectual w/2 property))** | Balassa | Fluffy | Menhaji **w/5 Elham**<br><br>**(Elham OR Menhaji) w/30 (Ethos OR coach* OR "stripe path" OR intensive" OR "Human Pain" OR Mobius OR promot* OR proctor* OR payment OR fund* OR compensat*)** | Ultima |
| "Inner Circle" | Behl | Garza | Miljkovic | Unterreiner |
| "legal status" | Bergeron | Giroux | Nicole | Valerie |
| "Miss Kathy" | Bobo | Golfman | Nikki | Vanguard |
| brand **w/50** (initials OR ceremony **OR Raniere OR Roberts OR "DOS" OR collateral**) | Gozer | Nippy | Veronica | |
| Branded | Hammond | NXIVM | Vicente | |
| Branding | Harvey | Oxenberg | Vieta | |
| Brunelle | Heckel | Padilla | Warnyca | |
| Camila | Holmes | Paloma | Weissenborn | |
| Cano | Huang | Passport | Widjaja | |
| Carly | Immigration | Pena | Williams | |
| Carrier **(AND Madeline OR Mathieu)** | India | Piesse | | |

EXHIBIT E3

# EXHIBIT B

| Current Plaintiffs | Applicable Search Term Set |
|---|---|
| Adrian Fernandez | RICO & TVPRA |
| Adrienne Stiles | RICO & TVPRA |
| Alejandro Balassa | RICO-ONLY |
| Alison Rood | RICO-ONLY |
| Allison Warnyca | RICO & TVPRA |
| Andréa Hammond | RICO-ONLY |
| Anthony Ames | RICO-ONLY |
| Anthony Madani | RICO-ONLY |
| Ariella Menashy | RICO-ONLY |
| Ashley Harvey | RICO-ONLY |
| Ashley Mclean | RICO-ONLY |
| Bonnie Piesse | RICO & TVPRA |
| Brieanna Fiander | RICO-ONLY |
| Camila Fernandez | RICO & TVPRA |
| Chad Williams | RICO-ONLY |
| Charlotte Giroux | RICO & TVPRA |
| Christopher Black | RICO-ONLY |
| Daniela Fernandez | RICO & TVPRA |
| Deanne Brunelle | RICO-ONLY |
| Elham Menhaji | RICO-ONLY |
| Erika Weissenborn | RICO & TVPRA |
| India Oxenberg | RICO & TVPRA; Battery |
| Jeffrey Golfman | RICO-ONLY |
| Jennifer Lynn Branson | RICO-ONLY |
| Jessica Joan Salazar | RICO & TVPRA |
| Karla Diaz Cano | RICO-ONLY |
| Katie Shaw | RICO-ONLY |
| Ken Kozak | RICO-ONLY |
| Kristin Taravella | RICO & TVPRA |
| Lindsay MacInnis | RICO & TVPRA |
| Madeleine Carrier | RICO-ONLY |
| Maja Miljkovic | RICO-ONLY |
| Mark Vicente | RICO-ONLY |
| Michelle Neal Saville | RICO-ONLY |
| Nicole Isbelle | RICO & TVPRA; Battery |
| Owen Giroux | RICO-ONLY |
| Paloma Pena | RICO & TVPRA; Battery |
| Pamela Cooley | RICO-ONLY |
| Philip Akka | RICO-ONLY |
| Polly Green | RICO-ONLY |
| Rachel Widjaja | RICO & TVPRA |
| Robert Gray | RICO-ONLY |
| Rod Christiansen | RICO-ONLY |

| | |
|---|---|
| Sara Lim | RICO-ONLY |
| Sarah Edmondson | RICO & TVPRA; Battery |
| Sarah Wall | RICO-ONLY |
| Scott Starr | RICO-ONLY |
| Shayna Holmes | RICO-ONLY |
| Soukaina Mansoor | RICO & TVPRA |
| Stephanie Fair-Layman | RICO-ONLY |
| Susan Patricia Vieta | RICO-ONLY |
| Tabitha Chapman | RICO-ONLY |
| Valerie Heckel | RICO & TVPRA |
| Veronica Jaspeado | RICO & TVPRA |
| Yan Huang | RICO-ONLY |

# EXHIBIT E4

# EXHIBIT C

| Search Term Reports | Custodian | Evidence Type | Accounts or Device |
|---|---|---|---|
| RICO & TVPRA; Battery | India Oxenberg | Mobile Phone | Apple iPhone 13 Pro |
| RICO & TVPRA; Battery | India Oxenberg | Laptop | Apple Macbook Air |
| RICO & TVPRA; Battery | India Oxenberg | Social Media (Facebook) | indiaoxenberg |
| RICO & TVPRA; Battery | India Oxenberg | Email | indiaox@gmail.com |
| RICO & TVPRA; Battery | India Oxenberg | Social Media (Instagram) | indiaoxenberg |
| RICO & TVPRA; Battery | Nicole Isbell | Mobile Phone | Apple iPhone 15 Pro |
| RICO & TVPRA; Battery | Nicole Isbell | Laptop | Apple Macbook Air (2022) |
| RICO & TVPRA; Battery | Nicole Isbell | Mobile Phone | Apple iPhone 6s |
| RICO & TVPRA; Battery | Nicole Isbell | Email | nik.isbelle@gmail.com |
| RICO & TVPRA; Battery | Nicole Isbell | Email | nikkitisbell@gmail.com |
| RICO & TVPRA; Battery | Nicole Isbell | Mobile Phone | iPhone |
| RICO & TVPRA; Battery | Nicole Isbell | Social Media (Instagram) | Instagram (@therapy_curious) |
| RICO & TVPRA; Battery | Nicole Isbell | Social Media (Instagram) | Instagram (@nik_isbell) |
| RICO & TVPRA; Battery | Paloma Pena | Mobile Phone | Apple iPhone 14 |
| RICO & TVPRA; Battery | Paloma Pena | Laptop | Apple Macbook Air 2020 |
| RICO & TVPRA; Battery | Paloma Pena | Social Media (Facebook) | palomapena |
| RICO & TVPRA; Battery | Paloma Pena | Email | paloma_pena@hotmail.com |
| RICO & TVPRA; Battery | Sarah Edmondson | Mobile Phone | iPhone 16 |
| RICO & TVPRA; Battery | Sarah Edmondson | Laptop | Apple Macbook Pro (A1706) |
| RICO & TVPRA; Battery | Sarah Edmondson | Laptop | Apple Macbook Pro (A2918) |
| RICO & TVPRA; Battery | Sarah Edmondson | Social Media (Facebook) | sarahedmondson |
| RICO & TVPRA; Battery | Sarah Edmondson | Email | sarah@sarahedmondson.com |
| RICO & TVPRA; Battery | Sarah Edmondson | Email | sarahedmondson@gmail.com |

| | | | |
|---|---|---|---|
| RICO & TVPRA; Battery | Sarah Edmondson | Social Media (Instagram) | sarahedmondson |
| RICO & TVPRA; Battery | Sarah Edmondson | Social Media (LinkedIn) | LinkedIn |
| RICO & TVPRA; Battery | Sarah Edmondson | Social Media (Twitter) | Twitter |
| RICO & TVPRA; Battery | Sarah Edmondson | Social Media (Patreon) | Patreon - alittlebitculty - A Little Bit Culty.ad1 |
| RICO & TVPRA; Battery | Sarah Edmondson | Hard Drive | Thumb Drive |
| RICO & TVPRA; Battery | Sarah Edmondson | Hard Drive | Thumb Drive |
| RICO ONLY | Alejandro Balassa | Email | Google - alexbalassa@gmail.com |
| RICO ONLY | Alejandro Balassa | Email | Google - Alex@balassa.tv |
| RICO ONLY | Andrea Hammond | Email | Google - andreamaehammond@gmail.com |
| RICO & TVPRA | Camila Fernandez | Email | E:\Raw Images-Non_Priority\Camila Fernandez\Google\ |
| RICO & TVPRA | Camila Fernandez | Email | E:\Raw Images-Non_Priority\Camila Fernandez\Yahoo\ |
| RICO & TVPRA | Charlotte Giroux | Email | E:\Raw Images-Non_Priority\Carly Giroux\Gmail\ |
| RICO & TVPRA | Jessica Joan Salazar | Email | E:\Raw Images-Non_Priority\Jessica Salazar\Google\ |
| RICO & TVPRA | Kristin Taravella | Email | E:\Raw Images-Non_Priority\Kristin T\Google\ |
| RICO & TVPRA | Kristin Taravella | Email | E:\Raw Images-Non_Priority\Kristin T\SBC Global\ |
| RICO & TVPRA | Soukaina Mansoor | Email | E:\Raw Images-Non_Priority\Soukiana\Google\ |
| RICO & TVPRA | Valerie Heckel | Email | E:\Raw Images-Non_Priority\Valerie Heckel\Google\ |
| RICO & TVPRA | Veronica Jaspeado | Email | E:\Raw Images-Non_Priority\Veronic Jespeado\Gmail\ |

| | | | |
|---|---|---|---|
| RICO & TVPRA | Adrienne Stiles | Email | E:\Raw Images-Non_Priority\Adrienne Stiles\Google\ |
| RICO & TVPRA | Allison Warnyca | Email | E:\Raw Images-Non_Priority\Allison W\Google\ |
| RICO & TVPRA | Bonnie Piesse | Email | E:\Raw Images-Non_Priority\Bonnie Piesse\Google\ |
| RICO & TVPRA | Rachel Widjaja | Email | E:\Raw Images-Non_Priority\Rachel Behl\Google\ |
| RICO & TVPRA | Valerie Heckel | Email | valerieRheckel@gmail.com |
| RICO & TVPRA | Camila Fernandez | Social Media (Instagram) | E:\Raw Images-Non_Priority\Camila Fernandez\Instgram\ |
| RICO & TVPRA | Charlotte Giroux | Social Media (Facebook) | E:\Raw Images-Non_Priority\Carly Giroux\Facebook\ |
| RICO & TVPRA | Charlotte Giroux | Social Media (Instagram) | E:\Raw Images-Non_Priority\Carly Giroux\instagram\ |
| RICO & TVPRA | Jessica Joan Salazar | Social Media (Instagram) | E:\Raw Images-Non_Priority\Jessica Salazar*.* |
| RICO & TVPRA | Kristin Taravella | Social Media (Instagram) | E:\Raw Images-Non_Priority\Kristin T\Instagram\ |
| RICO & TVPRA | Kristin Taravella | Social Media (Facebook) | E:\Raw Images-Non_Priority\Kristin T\Facebook\ |
| RICO & TVPRA | Kristin Taravella | Social Media (Instagram) | Instagram (@crossfiber_queen) |
| RICO & TVPRA | Kristin Taravella | Social Media (Instagram) | Instagram (@kristin_macq) |
| RICO & TVPRA | Kristin Taravella | Social Media (Instagram) | Instagram (@my_favorite_color_is_music) |
| RICO & TVPRA | Soukaina Mansoor | Social Media (Instagram) | E:\Raw Images-Non_Priority\Soukiana\Instagram\ |
| RICO & TVPRA | Soukaina Mansoor | Social Media (Facebook) | E:\Raw Images-Non_Priority\Soukiana\Facebook\ |
| RICO & TVPRA | Valerie Heckel | Social Media (Facebook) | E:\Raw Images-Non_Priority\Valerie Heckel\Facebook\ |

| | | | |
|---|---|---|---|
| RICO & TVPRA | Valerie Heckel | Social Media (Instagram) | Instagram (@valerieheckel) |
| RICO & TVPRA | Veronica Jaspeado | Social Media (Instagram) | E:\Raw Images-Non_Priority\Veronic Jespeado\Instagram\ |
| RICO & TVPRA | Veronica Jaspeado | Social Media (Facebook) | Facebook (BelugaRock) |
| RICO & TVPRA | Allison Warnyca | Social Media (Instagram) | E:\Raw Images-Non_Priority\Allison W\Instagram\ |
| RICO & TVPRA | Allison Warnyca | Social Media (Facebook) | E:\Raw Images-Non_Priority\Allison W\Facebook\ |
| RICO & TVPRA | Bonnie Piesse | Social Media (Facebook) | E:\Raw Images-Non_Priority\Bonnie Piesse\Facebook\ |
| RICO & TVPRA | Bonnie Piesse | Social Media (Instagram) | E:\Raw Images-Non_Priority\Bonnie Piesse\Instagram\ |
| RICO & TVPRA | Rachel Widjaja | Social Media (Instagram) | E:\Raw Images-Non_Priority\Rachel Behl\Instagram\ |
| RICO & TVPRA | Adrienne Stiles | Social Media (LinkedIn) | E:\Raw Images-Non_Priority\Adrienne Stiles\LinkedIn\ |
| RICO & TVPRA | Erika Weissenborn | Email | E:\Raw Images-Non_Priority\Erika Weissenborn\Gmail\ |
| RICO & TVPRA | Erika Weissenborn | Social Media (Instagram) | E:\Raw Images-Non_Priority\Erika Weissenborn\Instagram\ |
| RICO & TVPRA | Erika Weissenborn | Social Media (Facebook) | E:\Raw Images-Non_Priority\Erika Weissenborn\Facebook\ |

# EXHIBIT E5

# EXHIBIT D

**PLAINTIFFS’ COUNTERPROPOSAL RICO & TVPRA TERMS**

**Time period: 01/01/2009 – 06/19/2019**

~~1. All names of current and former Plaintiffs (attached as Exhibit A)~~
~~2. “Executive Success Programs”~~
~~3. name:”ESP” OR path-name:”ESP” OR subject: ESP~~
1. NXIVM w/20 (coach* OR proctor* OR curriculum OR train* OR stripe OR unpaid OR recruit* OR invoice OR fee OR tuition)
2. (Unpaid OR intern* OR free OR salar* OR employ* OR labor OR labour OR uncompensat*) w/20 (NXIVM OR “ESP” OR "Executive Success" OR “ESF” OR “SOP” OR intensiv*)
3. “NXIVM community”
4. “SOP weekend”
5. “Ethical Science Foundation”
6. “One Asian” AND (Raniere OR Mack)
7. “Rainbow Cultural Garden”
8. ”RCG”
9. Ration* w/5 inqui*
10. Level* w/10 (NXIVM OR “ESP” OR "Executive Success" OR “ESF” OR “SOP” OR intensiv*)
11. Sash* w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
12. Intensive* w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP”)
13. Enrol* w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
14. Curricul* w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
15. Syllab* w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
16. Brochure w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
17. Marketing w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
18. Advertis* w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
19. Manual* w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
20. Method* w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
21. Train* w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
22. Field w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
23. Script w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)

24. Participat* w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
25. Attend* w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
26. Event w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
27. (Advanc* or Fee* or Payment* or Cost* or tuition) w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
28. (Course or Seminar or Membership or Materials) w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
29. (Board or Executive or Committee* or Leader*) w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
30. (Core or Senior) w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
31. (Center* or Chapter*) w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
32. ("exo eso" OR "exo/eso") w/30 (Bronfman OR Raniere OR job OR salary OR career or sex*)
33. “The source” w/20 (train* OR act* OR class OR curriculum OR Mack OR coach*)
34. (“V-Week” OR “V week” OR “V.week”) w/10 (NXIVM OR Raniere OR Vanguard OR Bronfman OR “ESP” OR DOS OR Jness OR “SOP”)
35. Salzman w/20 (curriculum OR "Executive Success" OR Ethos OR Proctor OR coach* OR recruit* OR train* OR enroll* OR compensat*)
36. “Michele Tarzia” OR (Michele w/ 2 Tarzia)
37. “Amanda Auspelmyer” OR (Amanda w/2 Auspelmyer)
38. Bronfman w/20 (NXIVM OR coach* OR curriculum OR train* OR recruit* OR immigrat* OR threat OR lawsuit)
39. Proctor w/10 (train* OR coach* OR student OR member OR rank OR NXIVM OR stripe)
40. (“field trainer” or vip or coach or apprentin* or proctor*) w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
41. (Student or Mentor* or Mentee* or Teach*) w/10 (NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv*)
42. “Clifton Park” w/20 (Raniere OR NXIVM OR headquarters)
43. Incarcerat* w/20 (NXIVM OR Raniere OR Bronfman OR Roberts OR Mack OR Salzman)
44. “Vancouver Community”
45. (NDA or Confidential* or “Non-disclosure” or “Nondisclosure” or Waiv*) w/20 (NXIVM OR Raniere OR Bronfman OR Roberts OR Mack OR Clyne OR Russell OR Porter OR NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP”)
46. (Doctor or Injur* or Harm or Physical or Emotion* or Psych* or Trauma* or Therap* or Suicid* or PTSD OR "Out-of-pocket" or "out of pocket") w/20 (NXIVM OR Raniere OR Bronfman OR Roberts OR Mack OR Clyne OR Russell OR Porter OR NXIVM OR “ESP” OR “Executive Success” OR “ESF” OR “SOP” OR intensiv* OR Albany OR Clifton OR cult)

47. Tourette* w/20 (ESF OR Sagitta OR "Moving Pixels" OR Bronfman OR NXIVM OR "visa" OR film OR experiment* OR question* OR Porter OR medicat*)

48. "The Sorority"

~~4.~~49. ("Executive Success Programs" OR "ESP") w/2~~3~~0 (coach* OR proctor* OR curriculum OR train* OR stripe OR unpaid OR recruit* OR invoice OR fee OR tuition)

~~5.~~50. ~~RCG or~~ "Rainbow Cultural Garden"

~~6. Daycare or nursery or school~~

~~7.~~51. ~~"~~(Not or Non) w/5 citizen~~"~~

~~8.~~52. (~~"~~Not w/5 legal)~~" OR illegal~~ w/20 (visa OR immigrat* OR immigrant* OR status OR "green card" OR deport* OR threat* OR complain* OR lawsuit OR police OR criminal OR labor OR Bronfman OR Raniere)

~~9.~~53. ("Loretta Garza" OR "Loreta Garza") AND (visa OR ESF OR RCG OR Raniere OR Bronfman OR finance* OR scholarship)

~~10.~~54. (Unpaid or Intern* or Free or *Salar* or Employ* or Labor or labour OR uncompensat* OR (not w/3 paid)) ~~-~~w/20 (NXIVM OR "ESP" OR "Executive Success" OR "ESF" OR "SOP" OR intensiv*)

~~11. Uncompensat*~~

~~12. "Not w/5 paid"~~

~~13. Trap*~~

~~14.~~55. (Job or Career or Position or Specialist*) w/20 (RCG OR MDS OR daycare OR Bronfman OR "child development" OR foreign OR language)

~~15.~~56. "Clifton Park" w/20 (Raniere OR NXIVM OR headquarters OR DOS)

~~16.~~57. "Field trainer" w/20 (NXIVM OR "ESP" OR coach* OR proctor* OR stripe OR curriculum OR train*)

~~17.~~58. "Inner Circle" w/20 (NXIVM OR Raniere OR DOS OR Bronfman OR Mack OR Salzman OR Vicente OR Clyne)

59. "Puerto Vallarta" AND (NXIVM OR Bronfman OR Raniere)

~~18.~~60. Purchase* w/20 (Bronfman OR Raniere)

~~19.~~61. ("Executive Success Programs" OR "ESP") w/20 (Mack OR Salzman OR Raniere) w/20 (stripe OR coach* OR proctor*OR recruit*)

~~20.~~62. ("exo/eso" OR "exo eso") w/20 (partner OR relationship OR readiness OR recruit OR obedience OR assignment OR Raniere)

~~21.~~63. ("out of status" OR "out-of-status") w/20 (Raniere OR Bronfman OR NXIVM)

~~22.~~64. ("Rainbow Cultural Garden" OR "RCG") w/20 (child OR work OR labor OR assign*)

~~23.~~65. ("Society of Protectors" OR "SOP") w/15 (discipline OR drill OR readiness OR penance)

~~24.~~66. ("Stripe Path" w/20 (NXIVM OR "ESP" OR Jness))

~~25.~~67. ("V-Week" OR "V week" OR "V.week") w/10 (Raniere OR Vanguard OR Bronfman)

~~26.~~68. (Marriage OR married OR marry*) w/10 (visa OR immigrat* OR "legal status" OR deport* OR sham* OR Bronfman)

~~27.~~69. (Mexico AND Monterrey) w/20 NXIVM

~~28.~~70. (Mexico OR Monterrey) w/10 (Raniere OR Bronfman)

~~29.~~71. (passport OR identification) w/10 ((take* OR confiscate* OR hold*) AND (Raniere OR NXIVM OR Russell))

~~30.~~72. Blackmail* w/20 (NXIVM OR DOS OR collateral OR brand* OR confess* OR Raniere OR Bronfman OR Clare OR Sara OR Keith)

~~31.~~73. (Border w/10 Canada) AND (Bronfman OR Raniere OR Clare OR Sara OR Keith)
~~32.~~74. (Border w/10 cross*) AND (Bronfman OR Raniere OR Clare OR Sara OR Keith)
~~33.~~75. Brand* w/20 (DOS OR collateral OR Raniere OR obedient OR slave OR ceremony OR NXIVM OR initial*)
~~34.~~76. Bronfman w/20 (DOS OR collateral OR threat* OR immigration OR lawsuit OR ceremony)
~~35.~~77. “Canon Camera”
~~36.~~78. Certify w/10 (coach OR proctor OR train)
~~37.~~79. Collateral w/20 (DOS OR master OR release OR threat OR confes* OR NXIVM OR Raniere OR Bronfman)
~~38.~~80. Deport* w/20 (NXIVM OR “RCG” OR “Rainbow Cultural Garden”)
~~39.~~81. Deport* w/20 (Raniere OR Bronfman OR Loretta OR Garza or Russell)
~~40.~~82. Deport* w/20 (threat* OR coerc* OR “send back”)
~~41.~~83. (“DOJ” OR prosecut* OR charge* OR indict*) w/20 (NXIVM OR Raniere OR Bronfman)
~~42.~~84. Jail* OR prison* OR Witness* OR Cooperat* OR Tamper* OR Brib* OR ((pay* or paid) w/3 off)) OR FBI w/20 (NXIVM OR Raniere OR Bronfman)
~~43.~~85. “Dominus Obsequious Sororium”
~~44.~~86. DOS w/20 (master OR slave OR collateral OR brand* OR ceremony)
~~45.~~87. “Elliott McGinnis”
~~46.~~88. Extort* w/30 (NXIVM OR DOS OR collateral OR brand* OR confess* OR Raniere OR Bronfman OR Roberts)
~~47.~~89. Flintlock
~~48.~~90. (Igtet ~~or~~OR basit) w/20 (immigra* OR visa OR “legal status” OR deport* OR fund* OR Bronfman)
~~49.~~91. (Immigra* OR visa OR “legal status”) w/10 (help OR fix OR handl* OR arrang* OR sponsor OR renew* OR extend* OR overstay* OR status) w/20 (Keith OR Raniere OR Clare OR Sara OR Bronfman)
~~50.~~92. Immigra* w/20 (NXIVM OR “RCG” OR “Rainbow Cultural Garden”)
~~51.~~93. Immigra* w/20 (Raniere OR Bronfman OR Loretta OR Garza or Russell)
~~52.~~94. Immigra* w/20 (threat* OR coerc* OR “send back”)
~~53.~~95. Jness w/15 (empower* OR curriculum OR workshop or recruit* OR rape* OR Raniere OR sex* OR curricul* AND DOS)~~)~~
~~54.~~96. Mack w/20 (DOS OR collateral OR brand* OR ceremony OR obedience OR assign* OR initial*)
~~55.~~97. Master w/5 slave
~~56.~~98. “NXIVM Community”
~~57. NXIVM w/20 (coach* OR proctor* OR stripe OR unpaid OR recruit* tuition)~~
~~58.~~99. overstay* w/20 (Raniere OR Bronfman OR Russell OR Garza OR NXIVM)
~~59. Proctor w/10 (NXIVM OR coach OR stripe)~~
~~60.~~100. Raniere w/10 (DOS OR master OR slave OR collateral OR obedient OR sex* OR assign* OR ceremony OR initial* OR brand*)
~~61.~~101. Recruit w/10 (coach OR student OR member)
~~62.~~102. Roberts w/20 (ceremony OR DOS OR slave OR master OR obedience OR brand*)
~~63.~~103. Sagitta

~~64.~~104. Salzman w/20 (DOS OR master OR slave OR collateral OR obedient OR sex* OR assign* OR ceremony)

~~65.~~105. Sponsor* ~~–~~w/20 (Garza OR Russell OR Raniere OR Bronfman OR “RCG” OR “Rainbow Cultural Garden” OR “ESF” OR “MDS”)

~~66.~~106. “The Knife” w/20 (analy* OR edit* OR media OR article OR critique OR report* OR Clyne OR Mack OR Vicente OR Aristotle)

~~67.~~107. “The Sorority” w/20 (assign* OR collateral OR obedience OR master)

108. “The source” w/15 (class OR curriculum OR Mack OR Raniere OR Bronfman OR Mack OR labor OR compensat* OR unpaid)

~~68.~~109. “The source” w/15 (train* OR act* OR coach*)

~~69.~~110. (“TEN C” OR “Ten-C” OR “The Emperor Has No Clothes”) w/10 (Raniere OR sororit* OR recruit*)

~~70.~~111. (Ultima OR Prefect) w/15 (Raniere OR Bronfman or recruit* OR groom* OR sex* OR exploit* OR labor* OR compensat* OR Source OR Ethicist OR Knife OR "exo/eso" OR company OR OR owner* OR profit* OR revenue OR business)~~)~~

~~71.~~112. Vanguard w/20 (Raniere OR NXIVM OR DOS OR Bronfman)

~~72.~~113. “Vanguard Week”

~~73.~~114. Visa w/20 (Garza OR Russell OR Raniere OR Bronfman OR “RCG” OR “Rainbow Cultural Garden” OR “ESF” OR “MDS”)

~~74.~~

~~75.~~115. to:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”) AND content:( collateral OR brand* OR coach* OR proctor* OR stripe OR train* OR curriculum OR recruit* OR visa OR immigrat* OR deport* OR threaten* OR intensive OR assignment OR obedien* OR “V-week” OR Vanguard)

~~76.~~116. from:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”) AND content:(DOS OR collateral OR brand* OR visa OR immigrat* OR deport* OR threaten* OR assignment OR obedien* OR Vanguard)

~~77.~~117. cc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”) AND content:( DOS OR collateral OR brand* OR visa OR immigrat* OR deport* OR threaten* OR assignment OR obedien* OR Vanguard)

~~78.~~118. bcc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”) AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR brand* OR coach* OR proctor* OR stripe OR train* OR curriculum OR

recruit* OR visa OR immigrat* OR deport* OR threaten* OR intensive OR assignment OR obedien* OR "V-week" OR Vanguard)

~~79.~~119. to:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:( collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week" OR Vanguard)

~~80.~~120. from:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week" OR Vanguard)

~~81.~~121. cc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:(DOS OR collateral OR assignment OR brand* OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR Vanguard)

~~82.~~122. bcc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week" OR Vanguard)

~~83.~~123. to:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

~~84.~~124. from:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND

content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

~~85.~~125. cc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

~~86.~~126. bcc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

~~Exhibit A~~

~~Sarah w~~
~~Edmondson~~
~~Souki*~~
~~Mehdaoui~~
~~Nicole~~
~~Isabell~~
~~India~~
~~Oxenberg~~
~~Bonnie~~
~~Piesse~~
~~Tabitha~~
~~Chapman~~
~~Ashley~~
~~Mclean~~
~~Mark~~
~~Vicente~~
~~Anthony~~
~~Ames~~
~~Nippy~~
~~Veronica~~
~~Jaspeado~~
~~Paloma~~
~~Pena~~
~~Charlotte~~
~~Giroux~~
~~Rachel~~
~~Behl~~
~~Widjaja~~
~~Adrienne~~
~~Stiles~~
~~Lindsay~~
~~MacInnis~~
~~Jennifer~~
~~Sinclair~~
~~Kobelt~~
~~Deanne~~
~~Brunelle~~
~~Karla~~
~~Diaz~~
~~Cano~~
~~Pamela~~
~~Cooley~~

~~Brieanna~~
~~Fiander~~
~~Shayna~~
~~Holmes~~
~~Polly~~
~~Green~~
~~Andrea~~
~~Hammond~~
~~Yan~~
~~Huang~~
~~Sara~~
~~Lim~~
~~Ariella~~
~~Menashy~~
~~Elham~~
~~Menhaji~~
~~Maja~~
~~Miljkovic~~
~~Michelle~~
~~Neal~~
~~Alison~~
~~Rood~~
~~Katie~~
~~Shaw~~
~~Kristin~~
~~Susan~~
~~Patricia~~
~~Vieta~~
~~Stephanie~~
~~Fair-Layman~~
~~Sarah~~
~~Walt~~
~~Scott~~
~~Starr~~
~~Philip~~
~~Akka~~
~~Alejandro~~
~~Balassa~~
~~Madeleine~~
~~Carrier~~
~~Rod~~
~~Christiansen~~
~~Owen~~
~~Giroux~~

Jeffrey
Golfman
Ashley
Harvey
Anthony
Madani
Chad
Williams
Chris*
Black
Robert
Gray
Ken
Kozak
Allison
Warnycam
Erika
Weissenborn
Jessica
Joan
Salazar
Daniela OR Dani
Fernandes OR Fernandez
Camila OR Cami
Valerie
Heckel
Rosalyn
Cua
Tanya
Hubbard
Susan
Pratt
Juliana
Susan
Wysocki
Rees
Alan
Haynes
Warne
Livesey
Nils
MacQuarrie
Toni
Natalie

~~Kayla~~
~~Grosse~~
~~Margot~~
~~Leviton~~
~~Isabella~~
~~Constantino~~
~~Carysa~~
~~Cottrell~~
~~Hannah~~
~~Vanderheyden~~
~~Adrian OR "Fluffy"~~
~~Gabrielle~~
~~Gendro~~

# EXHIBIT F

## Leavy, Danielle

| | |
|---|---|
| **From:** | Leavy, Danielle |
| **Sent:** | Tuesday, July 28, 2026 2:23 PM |
| **To:** | Emma Bruder; Brendan Schneiderman; Zahra R. Dean; Stacey MacKinnon; Gordon Bergstresser; Adam Prom; Greg Gutzler; Agnieszka M. Fryszman; William E. Hoese; Robert A. Swift; Maggie Sposato; Dr. Danielle Roberts |
| **Cc:** | Henry, Robin; Aufhauser, Anne; Aaron Goldsmith |
| **Subject:** | RE: Edmondson v. Raniere - Update on ESI Available for Copying and Inspection |

Counsel,

We write on behalf of Defendants Sara Bronfman, Clare Bronfman, and Keith Raniere in response to your July 16 letter and July 23 email.

### I. Sara Bronfman's Productions

#### A. ESI Sources

We continue not to understand the source of your purported uncertainty regarding the devices that S. Bronfman has collected and has agreed to search. In the hopes that we can bring this conversation to an end, we answer your follow up questions below.

First, no responsive social media accounts or other online platforms are being withheld based on S. Bronfman's objections.

Second, we have collected data from all the devices and accounts listed in S. Brofman's Responses and Objections to Plaintiffs' interrogatories, to the extent they exist in Sara's possession, custody, or control.

#### B. Search Terms & Production

As you correctly observe in your letter, S. Bronfman agreed in January 2026 to apply the search terms then proposed to her ESI and to produce the resultant responsive, non-privileged documents. In terms of the timing of a review and production our position had been that we want agreement on the terms that you will apply to Plaintiffs' ESI prior to our production of documents. As you know, discovery is a two-way street. In this regard, we note that on May 28, 2026, Gordan Bergstresser sent an email asking if S. Bronfman was prepared to take a position regarding search terms that would be applied to S. Bronfman's ESI. 5.28.26 G. Bergstresser Email to A. Aufhauser. On June 16, 2026, Anne Aufhauser wrote back *confirming* S. Bronfman's agreement to review and produce the responsive document universe *resulting from the January 2026 search terms,* despite Plaintiffs' unwillingness to meaningfully negotiate the search terms applicable to Plaintiffs' ESI. 6.16.26 A. Aufhauser to G. Bergstresser ("We remain very frustrated by Plaintiffs' continued unwillingness to negotiate search terms in any meaningful way. However, we want to see the case as a whole move forward and with that in mind we will agree to review and produce responsive documents, if any, from the search term hits we provided in January 2026.").

Now, after we agreed to review and produce documents based on the January search terms – and developed a protocol for doing so – you purport to change the search terms and add new ones. This unilateral change is unacceptable. We previously scoped and costed the review based on the agreed January search terms. Your proposed unilateral post-agreement change to the scope of the search materially adds to that cost and is unacceptable for that reason as well. Please let us know if Plaintiffs propose to pay for the additional cost of these proposed last-minute changes.

Despite the lack of agreement on the search terms Plaintiffs will apply to their ESI, our ESI review is set to begin on or about August 10th, and we will expect to produce documents on a rolling basis over the next several months. In the event you do not want us to begin that review, please notify us no later than Monday, August 3rd. As you know, the review of ESI requires the establishment of a review protocol and training of a review team. After Monday of next week we will have no practical ability to change that work.

## II. Keith Raniere's and Clare Bronfman's Productions

Counsel for Raniere and Clare Bronfman have collected responsive materials under the search terms as discussed previously amongst counsel, notably all organizational names, all former and current plaintiff names, all defendant names as well as certain popular nicknames of certain parties. The hard production is in process of uploading to the system. The majority of the production is ESI, emails in particular, as counsel have already discussed. That ESI is going through a final privilege review before being uploaded.

## III. Plaintiffs' Production

We remain very frustrated that there has been no agreement by Plaintiffs regarding their own obligations to search ESI materials. Both the lack of agreement and the pace of your responses is impeding any ability to move this case forward. We thus want to put this to bed.

### A. <u>Application of RICO-Only Search Terms to TVPRA Plaintiffs</u>

We disagree with your apparent declaration that you will not apply the agreed set of RICO-Only terms to the Plaintiffs asserting both RICO and TVPRA claims. If we have agreed (or are to agree) on a set of terms for a certain claim, those terms should apply to *all* Plaintiffs asserting that claim. A Plaintiff asserting more than one claim should search for and produce data relevant to each of their claims. Why would adding another claim *narrow* the set of searchable documents for that Plaintiff? Defendants are entitled to discovery on *each* claim asserted by each Plaintiff, and each Plaintiff seeks recovery for each claim. Simply because the "TVPRA Plaintiffs generally possess substantially larger ESI collections" does not now make the review unduly burdensome or not proportional to the needs of the case; in fact, we find it unsurprising, given that their allegations pertain to more than the NXIVM curriculum. We once again remind you that each Plaintiff has brought and maintained a sprawling action against S. Bronfman and other Defendants for six years.

To the extent you intend to maintain this position, please provide us with controlling case law that supports the proposition that Plaintiffs' discovery obligations are narrowed through the assertion of more than one claim.

**B. Plaintiff Name Searches (Exhibit A to Defendants' Counter-proposal)**

We do not understand your apparent refusal to use Plaintiffs' names in their ESI search. This is a rudimentary search term. Notably, Defendants have agreed to search all proposed party names. Not only are you not proposing to narrow the search terms applicable to Plaintiffs' ESI, but your July 16 letter proposes to add *additional* name variations (as noted above, we do not agree to expand the search terms beyond those agreed in January). This is entirely unacceptable and absent bilateral discovery, S. Bronfman will pare back the searches to be applied to her ESI in the review.

Please provide controlling case law that supports your position that Plaintiffs do not have to search the parties' names.

**C. Media-Related Search Terms**

Lastly, we disagree that media related search terms fall outside of the scope of agreed production. At the August 8, 2025 meet and confer, at which Anne Aufhauser took detailed notes, Zahra Dean and Bill Hoese, on behalf of Plaintiffs, stated that Plaintiffs had changed their written position with respect to S. Bronfman's Requests for Production Nos. 15 and 16 (which both seek media related documents) and would produce documents in response to these requests. This position was then confirmed by Robin Henry. There is no basis for your current refusal to abide by your prior representations. Please confirm your intent to comply with the representations made during our August 8th meet and confer.

**D. Plaintiffs' July 23rd Email**

In terms of Plaintiffs' productions, Defendants have provided three (3) 30 TB hard-drives for Plaintiffs to produce three (3) sets of the Mark Vicente material as well as the three (3) laptops that Plaintiffs are purportedly "still investigating" the chain of custody on. Plaintiffs have demanded that Defendants pay the sum of SIX THOUSAND FIVE HUNDRED ($6,500.00) DOLLARS to have those copies made by Plaintiffs' discovery vendor.

Defendants object to the shift of cost. Defendants have, at their own expense, provided the hard-drives. This is customary. However, it is extraordinary that a party demand its opponents to pay for the cost of duplication. Defendants are not aware of any precedent for same, especially in light of the Court's Order that these materials be produced given their likelihood of relevance. It is of no moment whether the producing party chose not to review those materials prior to production.

Moreover, the Court has only suggested a shift in burden on discovery production in one instance. That instance was a shift to Mr. Goldsmith, with respect to TPVA Plaintiff medical records. This burden shift was only suggested by the Court in response to Plaintiff Counsel's representations that they were having difficulty getting medical providers to respond, and Mr. Goldsmith's volunteering that he has staff available that routinely process medical records requests.

Moreover, Defendants demand a chain-of-custody on the three (3) laptops as soon as possible. It is critical to understand which individuals used, or had access to these devices. It is especially concerning when placed under the lense that at least one counsel, believed to be Neil Glazer, has had access. The ramifications of access by counsel and other plaintiffs, if not third-parties, prior to disclosure are wide-reaching.

This will now mark a pattern of Plaintiffs' Counsel producing materials, representing they have little or no prior review of. Despite months of such representations to counsel and the Court that they had not reviewed contents of the seventy-three (73) boxes, Plaintiff's Counsel made highly specific requests following Mr. Goldsmith's initial characterizations of the material therein, clearly indicating a working knowledge of the materials. Moreover, your office sent a letter dated May 19 including US and Indian currency that had been sourced from those boxes and held in your office's safe. The fact that your office repeatedly made representations that no attorney had reviewed the materials in the boxes yet clearly had a working knowledge of the contents and had pulled out the currency for safekeeping is highly concerning. Now we are faced with another representation that your office is unaware as to the chain-of-custody for electronic devices in its possession.

Plaintiffs' reproduction of the Vicente media and three (3) laptops must be done forthwith without shift of cost. Additionally, Plaintiffs' Counsel must inform Defense Counsel of the chain-of-custody for the subject laptops in tandem with their production, or we will have to raise these concerns and history of lacking disclosure to the Court.

Best,
Danielle

**Danielle L. Leavy**
**Associate**
Danielle.Leavy@friedfrank.com | Tel: +1 212 859 8624

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers

---

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Thursday, July 23, 2026 11:33 PM
**To:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; William E. Hoese <whoese@kohnswift.com>; Robert A. Swift <rswift@kohnswift.com>; Maggie Sposato <msposato@dicellolevitt.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>
**Subject:** Edmondson v. Raniere - Update on ESI Available for Copying and Inspection

[EXTERNAL]

Counsel,

I’m writing with updates regarding the materials Plaintiffs have made available for copying and inspection at CDS’s New York City office.

With respect to the three laptop sources referenced in my June 17 email, Plaintiffs have conducted additional investigation regarding their provenance. As we previously explained, CDS’s preliminary forensic investigation indicated that the devices were associated with Keith Raniere and Karen Unterreiner. Our subsequent investigation indicates that the devices appear to have been provided to Plaintiffs’ counsel by Plaintiffs or former counsel, but we have not been able to determine with certainty the original chain of possession or ownership of each device. We are continuing to investigate and will supplement this information if we learn anything further.

We understand that Aaron—although it is unclear which Defendants he was acting on behalf of—sent CDS empty hard drives with the request for them to perform the copying. CDS has now estimated that copying the Mark Vicente materials and the three laptop sources would cost approximately $4,875 to $6,500. In light of that estimate, Plaintiffs propose the following alternatives:

1. **CDS performs the copying.** If Defendants wish to obtain copies of both the Vicente materials and the three laptop sources through CDS, Defendants may advance $6,500 to Plaintiffs. Plaintiffs will then authorize CDS to perform the copying. Once the work is complete, Plaintiffs will provide the final invoice and either refund any overpayment or request payment of any shortfall.
2. **Defendants retain their own ESI vendor.** If Defendants do not agree to advance the estimated cost for CDS to perform the copying, Defendants may retain their own ESI vendor to conduct the copying at CDS’s office.
3. **Plaintiffs search the laptop sources.** Alternatively, Plaintiffs are willing to apply the search terms transmitted in Plaintiffs’ July 16, 2026 letter to the three laptop sources and produce responsive, non-privileged materials. Under that approach, Defendants would remain responsible for the costs of obtaining the Vicente materials, either by advancing the applicable CDS copying costs or by retaining their own ESI vendor. Before reviewing the laptop materials, Plaintiffs would establish an appropriate protocol for identifying and segregating any potentially privileged communications before any substantive review occurs.

If Defendants are interested in having CDS copy only the Vicente materials, rather than both the Vicente materials and the laptop sources, Plaintiffs can obtain and provide a separate estimate for that more limited work.

Please let us know your positions.

Best,
Emma

Emma Bruder
**DICELLO LEVITT LLP**
485 Lexington Ave
Suite 1001
New York, New York 10017

646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

EXHIBIT G

## Leavy, Danielle

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Tuesday, August 4, 2026 9:18 PM
**To:** Leavy, Danielle; Brendan Schneiderman; Zahra R. Dean; Stacey MacKinnon; Gordon Bergstresser; Adam Prom; Greg Gutzler; Agnieszka M. Fryszman; William E. Hoese; Robert A. Swift; Maggie Sposato; Dr. Danielle Roberts
**Cc:** Henry, Robin; Aufhauser, Anne; Aaron Goldsmith
**Subject:** RE: Edmondson v. Raniere - Update on ESI Available for Copying and Inspection
**Attachments:** 2026.08.04 - Edmondson v. Raniere - Pls' Ltr. Resp. to Defs. July 28 Email.pdf

[EXTERNAL]
Counsel,

Please see the attached reply to your email below.

Best,
Emma


Emma Bruder
**DICELLO LEVITT**
646.933.1000



This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.


---

**From:** Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Sent:** Tuesday, July 28, 2026 2:23 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; William E. Hoese <whoese@kohnswift.com>; Robert A. Swift <rswift@kohnswift.com>; Maggie Sposato <msposato@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Cc:** Henry, Robin <Robin.Henry@friedfrank.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Subject:** RE: Edmondson v. Raniere - Update on ESI Available for Copying and Inspection

Counsel,

We write on behalf of Defendants Sara Bronfman, Clare Bronfman, and Keith Raniere in response to your July 16 letter and July 23 email.

### I. Sara Bronfman's Productions

#### A. <u>ESI Sources</u>

We continue not to understand the source of your purported uncertainty regarding the devices that S. Bronfman has collected and has agreed to search. In the hopes that we can bring this conversation to an end, we answer your follow up questions below.

First, no responsive social media accounts or other online platforms are being withheld based on S. Bronfman's objections.

Second, we have collected data from all the devices and accounts listed in S. Brofman's Responses and Objections to Plaintiffs' interrogatories, to the extent they exist in Sara's possession, custody, or control.

### B. <u>Search Terms & Production</u>

As you correctly observe in your letter, S. Bronfman agreed in January 2026 to apply the search terms then proposed to her ESI and to produce the resultant responsive, non-privileged documents. In terms of the timing of a review and production our position had been that we want agreement on the terms that you will apply to Plaintiffs' ESI prior to our production of documents. As you know, discovery is a two-way street. In this regard, we note that on May 28, 2026, Gordan Bergstresser sent an email asking if S. Bronfman was prepared to take a position regarding search terms that would be applied to S. Bronfman's ESI. 5.28.26 G. Bergstresser Email to A. Aufhauser. On June 16, 2026, Anne Aufhauser wrote back *confirming* S. Bronfman's agreement to review and produce the responsive document universe *resulting from the January 2026 search terms,* despite Plaintiffs' unwillingness to meaningfully negotiate the search terms applicable to Plaintiffs' ESI. 6.16.26 A. Aufhauser to G. Bergstresser ("We remain very frustrated by Plaintiffs' continued unwillingness to negotiate search terms in any meaningful way. However, we want to see the case as a whole move forward and with that in mind we will agree to review and produce responsive documents, if any, from the search term hits we provided in January 2026.").

Now, after we agreed to review and produce documents based on the January search terms – and developed a protocol for doing so – you purport to change the search terms and add new ones. This unilateral change is unacceptable. We previously scoped and costed the review based on the agreed January search terms. Your proposed unilateral post-agreement change to the scope of the search materially adds to that cost and is unacceptable for that reason as well. Please let us know if Plaintiffs propose to pay for the additional cost of these proposed last-minute changes.

Despite the lack of agreement on the search terms Plaintiffs will apply to their ESI, our ESI review is set to begin on or about August 10th, and we will expect to produce documents on a rolling basis over the next several months. In the event you do not want us to begin that review, please notify us no later than Monday, August 3rd. As you know, the review of ESI requires the establishment of a review protocol and training of a review team. After Monday of next week we will have no practical ability to change that work.

## II. Keith Raniere's and Clare Bronfman's Productions

Counsel for Raniere and Clare Bronfman have collected responsive materials under the search terms as discussed previously amongst counsel, notably all organizational names, all former and current plaintiff names, all defendant names as well as certain popular nicknames of certain parties. The hard production is in process of uploading to the system. The majority of the production is ESI, emails in

particular, as counsel have already discussed. That ESI is going through a final privilege review before being uploaded.

### III. Plaintiffs' Production

We remain very frustrated that there has been no agreement by Plaintiffs regarding their own obligations to search ESI materials. Both the lack of agreement and the pace of your responses is impeding any ability to move this case forward. We thus want to put this to bed.

#### A. Application of RICO-Only Search Terms to TVPRA Plaintiffs

We disagree with your apparent declaration that you will not apply the agreed set of RICO-Only terms to the Plaintiffs asserting both RICO and TVPRA claims. If we have agreed (or are to agree) on a set of terms for a certain claim, those terms should apply to *all* Plaintiffs asserting that claim. A Plaintiff asserting more than one claim should search for and produce data relevant to each of their claims. Why would adding another claim *narrow* the set of searchable documents for that Plaintiff? Defendants are entitled to discovery on *each* claim asserted by each Plaintiff, and each Plaintiff seeks recovery for each claim. Simply because the "TVPRA Plaintiffs generally possess substantially larger ESI collections" does not now make the review unduly burdensome or not proportional to the needs of the case; in fact, we find it unsurprising, given that their allegations pertain to more than the NXIVM curriculum. We once again remind you that each Plaintiff has brought and maintained a sprawling action against S. Bronfman and other Defendants for six years.

To the extent you intend to maintain this position, please provide us with controlling case law that supports the proposition that Plaintiffs' discovery obligations are narrowed through the assertion of more than one claim.

#### B. Plaintiff Name Searches (Exhibit A to Defendants' Counter-proposal)

We do not understand your apparent refusal to use Plaintiffs' names in their ESI search. This is a rudimentary search term. Notably, Defendants have agreed to search all proposed party names. Not only are you not proposing to narrow the search terms applicable to Plaintiffs' ESI, but your July 16 letter proposes to add *additional* name variations (as noted above, we do not agree to expand the search terms beyond those agreed in January). This is entirely unacceptable and absent bilateral discovery, S. Bronfman will pare back the searches to be applied to her ESI in the review.

Please provide controlling case law that supports your position that Plaintiffs do not have to search the parties' names.

#### C. Media-Related Search Terms

Lastly, we disagree that media related search terms fall outside of the scope of agreed production. At the August 8, 2025 meet and confer, at which Anne Aufhauser took detailed notes, Zahra Dean and Bill Hoese, on behalf of Plaintiffs, stated that Plaintiffs had changed their written position with respect to S. Bronfman's Requests for Production Nos. 15 and 16 (which both seek media related documents) and would produce documents in response to these requests. This position was then confirmed by Robin Henry. There is no basis for your current refusal to abide by your prior representations. Please confirm your intent to comply with the representations made during our August 8th meet and confer.

**D. Plaintiffs' July 23rd Email**

In terms of Plaintiffs' productions, Defendants have provided three (3) 30 TB hard-drives for Plaintiffs to produce three (3) sets of the Mark Vicente material as well as the three (3) laptops that Plaintiffs are purportedly "still investigating" the chain of custody on. Plaintiffs have demanded that Defendants pay the sum of SIX THOUSAND FIVE HUNDRED ($6,500.00) DOLLARS to have those copies made by Plaintiffs' discovery vendor.

Defendants object to the shift of cost. Defendants have, at their own expense, provided the hard-drives. This is customary. However, it is extraordinary that a party demand its opponents to pay for the cost of duplication. Defendants are not aware of any precedent for same, especially in light of the Court's Order that these materials be produced given their likelihood of relevance. It is of no moment whether the producing party chose not to review those materials prior to production.

Moreover, the Court has only suggested a shift in burden on discovery production in one instance. That instance was a shift to Mr. Goldsmith, with respect to TPVA Plaintiff medical records. This burden shift was only suggested by the Court in response to Plaintiff Counsel's representations that they were having difficulty getting medical providers to respond, and Mr. Goldsmith's volunteering that he has staff available that routinely process medical records requests.

Moreover, Defendants demand a chain-of-custody on the three (3) laptops as soon as possible. It is critical to understand which individuals used, or had access to these devices. It is especially concerning when placed under the lense that at least one counsel, believed to be Neil Glazer, has had access. The ramifications of access by counsel and other plaintiffs, if not third-parties, prior to disclosure are wide-reaching.

This will now mark a pattern of Plaintiffs' Counsel producing materials, representing they have little or no prior review of. Despite months of such representations to counsel and the Court that they had not reviewed contents of the seventy-three (73) boxes, Plaintiff's Counsel made highly specific requests following Mr. Goldsmith's initial characterizations of the material therein, clearly indicating a working knowledge of the materials.  Moreover, your office sent a letter dated May 19 including US and Indian currency that had been sourced from those boxes and held in your office's safe.  The fact that your office repeatedly made representations that no attorney had reviewed the materials in the boxes yet clearly had a working knowledge of the contents and had pulled out the currency for safekeeping is highly concerning.  Now we are faced with another representation that your office is unaware as to the chain-of-custody for electronic devices in its possession.

Plaintiffs' reproduction of the Vicente media and three (3) laptops must be done forthwith without shift of cost. Additionally, Plaintiffs' Counsel must inform Defense Counsel of the chain-of-custody for the subject laptops in tandem with their production, or we will have to raise these concerns and history of lacking disclosure to the Court.

Best,
Danielle

**Danielle L. Leavy**
**Associate**
Danielle.Leavy@friedfrank.com | Tel: +1 212 859 8624

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers

---

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Thursday, July 23, 2026 11:33 PM
**To:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; William E. Hoese <whoese@kohnswift.com>; Robert A. Swift <rswift@kohnswift.com>; Maggie Sposato <msposato@dicellolevitt.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>
**Subject:** Edmondson v. Raniere - Update on ESI Available for Copying and Inspection

[EXTERNAL]

Counsel,

I'm writing with updates regarding the materials Plaintiffs have made available for copying and inspection at CDS's New York City office.

With respect to the three laptop sources referenced in my June 17 email, Plaintiffs have conducted additional investigation regarding their provenance. As we previously explained, CDS's preliminary forensic investigation indicated that the devices were associated with Keith Raniere and Karen Unterreiner. Our subsequent investigation indicates that the devices appear to have been provided to Plaintiffs' counsel by Plaintiffs or former counsel, but we have not been able to determine with certainty the original chain of possession or ownership of each device. We are continuing to investigate and will supplement this information if we learn anything further.

We understand that Aaron—although it is unclear which Defendants he was acting on behalf of—sent CDS empty hard drives with the request for them to perform the copying. CDS has now estimated that copying the Mark Vicente materials and the three laptop sources would cost approximately $4,875 to $6,500. In light of that estimate, Plaintiffs propose the following alternatives:

1. **CDS performs the copying.** If Defendants wish to obtain copies of both the Vicente materials and the three laptop sources through CDS, Defendants may advance $6,500 to Plaintiffs. Plaintiffs will then authorize CDS to perform the copying. Once the work is complete, Plaintiffs will provide the final invoice and either refund any overpayment or request payment of any shortfall.

2. **Defendants retain their own ESI vendor.** If Defendants do not agree to advance the estimated cost for CDS to perform the copying, Defendants may retain their own ESI vendor to conduct the copying at CDS's office.
3. **Plaintiffs search the laptop sources.** Alternatively, Plaintiffs are willing to apply the search terms transmitted in Plaintiffs' July 16, 2026 letter to the three laptop sources and produce responsive, non-privileged materials. Under that approach, Defendants would remain responsible for the costs of obtaining the Vicente materials, either by advancing the applicable CDS copying costs or by retaining their own ESI vendor. Before reviewing the laptop materials, Plaintiffs would establish an appropriate protocol for identifying and segregating any potentially privileged communications before any substantive review occurs.

If Defendants are interested in having CDS copy only the Vicente materials, rather than both the Vicente materials and the laptop sources, Plaintiffs can obtain and provide a separate estimate for that more limited work.

Please let us know your positions.

Best,
Emma

Emma Bruder
**DICELLO LEVITT LLP**
485 Lexington Ave
Suite 1001
New York, New York 10017
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

EXHIBIT G1

DICELLO LEVITT

485 LEXINGTON AVENUE SUITE 1001 NEW YORK, NEW YORK 10017

EMMA BRUDER
EBRUDER@DICELLOLEVITT.COM
646.933.1000

August 4, 2026

**VIA EMAIL**

Ms. Robin Henry
Robin.Henry@friedfrank.com
Counsel for Defendant Sara Bronfman

Mr. Aaron Goldsmith
aarongoldsmithlaw@gmail.com
Counsel for Clare Bronfman and Keith Raniere

**Re:** ***Edmondson v. Raniere*, 1:20-cv-00485 (E.D.N.Y.)**
**ESI and Search Term Negotiations with Defendants S. Bronfman, C. Bronfman & K. Raniere**

Counsel,

We'd prefer to make progress in a collegial manner, so we hope the correspondence between counsel can focus on constructive progress, rather than misrepresentations and accusations. As you know, Plaintiffs have already incurred hundreds of thousands of dollars collecting, processing, hosting, and reviewing ESI, while Defendants have only made a limited production, so we would like to make concrete progress on closing that gap.

## I. Sara Bronfman's ESI Sources

You write that you "continue not to understand the source of [our] purported uncertainty regarding the devices." To put an end to that uncertainty, please confirm that each one of the following sources was collected and included in the ESI search-and-review population:

**Devices:**

- Apple iPhone XS associated with her French telephone number;

- Apple iPhone 7 associated with her United Kingdom telephone number;
- Apple iPad Pro;
- Apple iPad Air 2;
- Apple MacBook M1; and
- Sara Bronfman's preserved data from the remote server maintained through NorDutch Technologies,

**Emails and other online accounts:**

- sarabronfman@mac.com;
- sara@our-evolution.com;
- sarab@nxian.net;
- sarab@nxivm.com;
- Sara Bronfman's Jness email account, identified as either sara@jness.net or sarab@jness.net;
- sara@rcguk;
- sarabronfman@me.com;
- sb@worldethicalfoundations.org;
- PST files in Sara Bronfman's records associated with Michele Tarzia at michele@our-evolution.com;
- PST files in Sara Bronfman's records associated with Amanda Auspelmyer at amanda@our-evolution.com;
- WhatsApp data associated with 33789813570@s.whatsapp.net and 15186054190@s.whatsapp.net;
- Telegram data associated with +44 7717 773773 and +33 7 89 81 35 70; and
- Skype data associated with sarabronfman@mac.com.

For any source not collected or searched, please state whether it is unavailable; outside Sara Bronfman's possession, custody, or control; duplicative of another collected source; or excluded for some other reason.

Because your response failed to identify the sources actually collected and searched, Plaintiffs undertook that analysis themselves. For their own production, Plaintiffs have provided this information through their device-preservation disclosures and July 16 correspondence and have

committed to supplementing those disclosures as collection proceeds. Defendants should provide the same information.

## II. Search Terms and Production

### A. Sara Bronfman's Production

Your description of the search-term history is inaccurate and omits material portions of the parties' negotiations.

On January 15, Fried Frank reported that Plaintiffs' proposed terms generated 190,417 family-inclusive hits and that Fried Frank's proposed revisions reduced the resulting universe to 86,368 documents. But the same email expressly stated that Sara Bronfman was not agreeing to review the 86,368-document set and viewed Fried Frank's revisions only as "a starting-point for meet-and-confer discussions." Fried Frank also tied those discussions to Plaintiffs' anticipated counterproposal and hit reports, indicating refusal to continue negotiations regarding Sara Bronfman's production while Plaintiffs dealt with the delay arising from the technical problems with Plaintiffs' former ESI platform.

Sara Bronfman's later decision to begin reviewing and producing responsive documents from the January hit universe did not alter that history. It was a unilateral decision to proceed with that universe while the parties continued negotiating both sides' search terms. It did not establish that Plaintiffs had accepted Fried Frank's January revisions, that negotiations over Sara Bronfman's terms had concluded, or that Plaintiffs had waived further counterproposals.

At the July 6 meet-and-confer, Plaintiffs explained that they were preparing written responses, updated hit reports, counterproposals, and term-specific comments concerning both sides' proposals.

Plaintiffs' July 16 submission was precisely the contemplated counterproposal. That letter's Exhibit A preserved Fried Frank's proposed changes in red, accepted the majority of them, and added Plaintiffs' targeted counterproposals in purple. Plaintiffs proposed modifications to only ***twelve*** terms.

Those additions were not a wholesale replacement of the January terms. They were directed to discrete categories of responsive documents Sara Bronfman had already agreed to produce, including documents concerning the governance, management, funding, and operation of NXIVM entities; curriculum, training, recruiting, compensation, and advancement; and the specific allegations of individual Plaintiffs.

Plaintiffs July 16 letter made clear that review and rolling production should proceed while the parties addressed the remaining discrete disagreements – indeed we asked when Plaintiffs could expect her first production.

Plaintiffs maintain their July 16 counterproposal. Sara Bronfman should continue reviewing the January universe and producing responsive, nonprivileged documents on a rolling basis. The limited remaining disputes concerning supplemental terms are not a basis to suspend that work.

Plaintiffs likewise have spent months collecting, processing, scoping, and reviewing ESI while negotiations continued. On July 31, Plaintiffs served their first production of ESI based on the search terms we last proposed, consisting of 8.513 documents. Production will be continuing on a rolling basis.

If Sara Bronfman contends that a particular proposed term imposes a materially disproportionate burden, please identify the disputed term, its deduplicated and family-inclusive hit counts, and the number of unique incremental hits it generates. A generalized demand that Plaintiffs pay unspecified additional costs is not a substitute for a term-by-term analysis of Plaintiffs' limited counterproposal.

### B. Keith Raniere's and Clare Bronfman's Productions

Your update concerning Keith Raniere's and Clare Bronfman's productions is insufficient. At the July 6 meet-and-confer, Plaintiffs again asked Mr. Goldsmith to identify the search terms he stated he believed had previously been agreed upon. Mr. Goldsmith said he would locate and send them.

Plaintiffs followed up that same day with correspondence reflecting that Plaintiffs had provided revised proposed search terms for Raniere and Clare Bronfman on December 5, 2025, but had received no response from their counsel. Mr. Goldsmith has still not identified any purportedly agreed terms.

Plaintiffs therefore do not know what search terms counsel claims were applied to Raniere's or Clare Bronfman's materials. Please identify in writing:

- the search terms applied to each Defendant;
- the ESI sources collected and searched for each Defendant;
- the approximate volume under review for each Defendant; and
- the anticipated date of each Defendant's first production.

Plaintiffs also have been unable to locate signed responses by Keith Raniere to Plaintiffs' First Set of Interrogatories, which requested information concerning devices, accounts, and other ESI sources containing potentially responsive material. Plaintiffs have repeatedly requested those responses from Mr. Goldsmith. Please either provide the signed responses by August 18, 2026, or identify the date and manner in which they were previously served, including the email transmitting them. If Plaintiffs do not receive the responses or that information by the stated deadline, Plaintiffs will seek appropriate relief.

Raniere's initial disclosures also do not provide the information required by Rule 26(a)(1)(A)(ii). Rather than provide a copy—or a description by category and location—of the documents, ESI, and tangible things within his possession, custody, or control that he may use to support his defenses, Raniere stated only: "Answering Defendant shall provide responsive documentation to all Counsel under separate cover and in response to specific demands as they are made." A promise to provide unspecified documents later, in response to future demands, is not the disclosure required by Rule 26(a)(1)(A)(ii).

Clare Bronfman's Responses to Plaintiffs' First Set of Interrogatories (Sept. 15, 2025) present a similar problem. Interrogatory No. 4 requested identification of all devices "used to communicate anything concerning, referring, or relating to any Plaintiff, NXIVM, or DOS." Without asserting an objection to that scope, Clare Bronfman limited her answer to identifying two unavailable devices—a Samsung Galaxy Phone and a MacBook—used to "communicate with any current and/or former Plaintiff." That answer does not identify devices used for communications concerning NXIVM or DOS that did not include a current or former Plaintiff, and therefore does not respond to the interrogatory as served. Please identify all responsive devices and their approximate periods of use, current location, accessibility, and preservation or collection status.

## III. Plaintiffs' Production

Plaintiffs provided detailed explanations, counterproposals, and hit reports and have negotiated in good faith. Plaintiffs have already incurred hundreds of thousands of dollars responding to Defendants' expanding discovery demands. Suggestions that Plaintiffs are refusing to conduct discovery are unproductive and unsupported by the record.

### A. Application of RICO Terms to TVPRA Plaintiffs

Your characterization of Plaintiffs' proposal is misleading. Plaintiffs have not proposed applying only TVPRA-specific terms to Plaintiffs asserting both RICO and TVPRA claims. Plaintiffs' July 16 materials expressly assigned those Plaintiffs a combined "RICO & TVPRA" term set, and Plaintiffs explained that the combined set incorporated many of Defendants' RICO-only strings, either as proposed or in a more targeted form.

The actual dispute is therefore not whether Plaintiffs asserting both claims will search for RICO-related documents. They will. The dispute is whether every term in the separate RICO-only set should also be applied indiscriminately across those Plaintiffs' substantially larger and more varied ESI collections, notwithstanding overlap among the terms and the availability of more targeted alternatives.

The broader RICO-only term set is paired with a materially narrower source scope. Plaintiffs presently intend to search only the collected email accounts of the RICO-only Plaintiffs. By contrast, the RICO-and-TVPRA Plaintiffs generally have substantially larger, multi-source collections, including mobile-device and messaging data. Applying identical terms to materially different source populations can generate dramatically different burdens.

That is a proportionality issue. Plaintiffs provided the applicable term assignments, a proposed combined RICO-and-TVPRA term set, and hit reports so that the parties could evaluate the actual burden and negotiate a reasonable methodology. Please address that data and Plaintiffs' proposed terms rather than requesting authority for a position Plaintiffs have not taken.

### B. Plaintiff-Name Searches

Plaintiffs objected to Defendants' proposed standalone first- and last-name searches because, when applied across Plaintiffs' collections, they sweep in an extraordinary portion of the searchable data and are not sufficiently targeted to responsive information.

Sara Bronfman's decision to search party names does not establish that the same searches are proportionate for Plaintiffs. Her search involved a single custodian and, after Fried Frank's proposed revisions, all search terms combined generated a review universe of 86,368 documents. Plaintiffs do not challenge Sara Bronfman's decision to review that universe. But it does not follow that Plaintiffs must accept facially similar searches across materially different source populations where the actual results demonstrate a vastly greater burden.

For Plaintiffs, Defendants' proposed name terms alone generated:

- 175,966 documents, or 229,939 documents including families, from the RICO-only searchable population of 296,254 documents; and
- 847,958 documents, or 965,850 documents including families, from the RICO-and-TVPRA searchable population of 1,792,832 documents.

Thus, the proposed name searches alone reached approximately 78% of the RICO-only searchable population and 54% of the RICO-and-TVPRA searchable population. It is implausible that these percentages of all searchable documents are responsive merely because they contain a Plaintiff's standalone first or last name.

The contrast is stark. The family-inclusive hits generated by Defendants' proposed name searches alone exceeded Sara Bronfman's entire 86,368-document revised search universe by nearly three times for the RICO-only Plaintiffs and more than eleven times for the RICO-and-TVPRA Plaintiffs. Moreover, these hit reports only represent a representative fraction of the ESI Plaintiffs have collected or are continuing to collect, as explained in the prior letter.

That is why Sara Bronfman's agreement to run party-name searches is not inconsistent with Plaintiffs' proportionality objection. The custodians, source populations, and resulting burdens are materially different.

Finally, your threat that Sara Bronfman may "pare back" her searches unless Plaintiffs accept Defendants' proposals is inappropriate. Sara Bronfman's discovery obligations are not contingent on Plaintiffs accepting a disproportionate burden..

### C. Media-Related Terms

Plaintiffs agree to run the following media-related terms, as reflected in the hit report appended to this letter.

1. "book deal" AND (NXIVM OR cult OR Raniere OR Bronfman)
2. (Newspaper or Interview or Publicity or Byline) AND (NXIVM OR cult OR Raniere OR Bronfman)
3. Starz AND (NXIVM OR cult OR Raniere OR Bronfman)
4. Seduc* AND (NXIVM OR cult OR Raniere OR Bronfman)
5. HBO AND (NXIVM OR cult OR Raniere OR Bronfman)

## IV. <u>Vicente Materials and Laptop Sources</u>

Your email materially mischaracterizes both Plaintiffs' position and the Court's direction.

At the April 28 conference, Plaintiffs represented that they would produce known responsive media from Mark Vicente's ESI sources notwithstanding the proposed source limitations applicable to other RICO-only Plaintiffs. The Court directed Plaintiffs to produce known materials in Vicente's possession, including documentary footage and other responsive media identified through interviews and the parties' review. Your email materially mischaracterizes both Plaintiffs' position and the Court's direction.

The Court did not direct Plaintiffs to review the entire data collection or undertake a conventional file-by-file responsiveness review of that collection at Plaintiffs' expense.

In the interest of providing Defendants access as promptly as possible, Plaintiffs made the complete collection available for inspection and copying on May 21, 2026, as the Parties informed the court in their May 29, 2026 status report. Plaintiffs have represented that they believe, based on Mr. Vicente's representations and the ESI vendor's preliminary investigation, that the collection contains entirely responsive material.

With respect to the three laptops—two of which appear to bear identifiers associated with Raniere and one of which appears to bear identifiers associated with Karen Unterreiner—Plaintiffs have disclosed what they presently know based on CDS's preliminary findings and have made the devices available for inspection and copying.

If Defendants wish to investigate provenance, ownership, usage, contents, access history, or other forensic artifacts further, they may retain a qualified vendor to inspect the devices at CDS's office. Alternatively, Plaintiffs remain willing to have CDS collect the laptop sources so that Plaintiffs can review potentially responsive materials and supplement the currently available provenance information based on metadata and other evidence, subject to an appropriate privilege-screening protocol.

Defendants cannot simultaneously decline those practical means of obtaining further forensic information and accuse Plaintiffs of withholding a complete chain of custody that Plaintiffs have repeatedly explained they do not presently possess. Plaintiffs have disclosed what they know, offered a reasonable process for further investigation, and will supplement their disclosures if additional information becomes available.

Plaintiffs' ability to determine the devices' ownership and use is also hampered by Keith Raniere's incomplete disclosures concerning his ESI sources and device preservation. As discussed above, complete information concerning the devices and accounts Raniere owned, possessed, used, accessed, or had maintained on his behalf may materially assist in determining whether any of the laptops belonged to or were used by him. Documents reviewed by Plaintiffs also indicate that Raniere may at times have communicated through devices or accounts associated with others, making it particularly important to distinguish ownership, possession, custody, and actual use.

With respect to your baseless attempt to manufacture a "pattern" of deficient disclosures, Plaintiffs have already explained the history of the 73 boxes, including the distinction between preliminarily inventorying and safeguarding transferred materials and conducting a substantive, document-by-document responsiveness review. Plaintiffs will not repeat that history here.

The identification and safeguarding of currency among the transferred materials did not constitute a substantive review of the boxes' documentary contents.

***

As you stated, the parties should put these issues to bed. Further correspondence that mischaracterizes the negotiations, repeats previously rejected positions, or fails to offer a concrete path forward is not productive.

To resolve the remaining disputes without judicial intervention, please provide or confirm the following by **August 19, 2026:**

1. **Sara Bronfman's ESI sources.** Confirm, source by source, which devices, accounts, messaging data, PST files, and server data identified above were collected and included in Sara Bronfman's search-and-review population. For each source not collected or searched, state whether it is unavailable, outside her possession, custody, or control, duplicative of another collected source, or excluded for another reason.

2. **Sara Bronfman's review and production.** Confirm that Sara Bronfman will continue reviewing the January 2026 search universe and producing responsive, nonprivileged documents on a rolling basis. Please provide the anticipated dates of her first production and substantial completion.

3. **Disputed Sara Bronfman terms.** For each of the twelve terms in Plaintiffs' July 16 counterproposal that Sara Bronfman continues to dispute, provide the deduplicated hit count, family-inclusive hit count, and unique incremental hit count, together with any specific burden objection and a concrete counterproposal.

4. **Keith Raniere's and Clare Bronfman's searches and productions.** Identify separately for each Defendant:

    - the search terms applied;
    - the ESI sources collected and searched;
    - the approximate volume under review; and
    - the anticipated date of the first production.

5. **Keith Raniere's ESI sources.** Provide the outstanding information concerning Raniere's potentially responsive ESI sources. Specifically:

    - Identify each email account, telephone number, computer, mobile device, storage medium, messaging account, and other electronic data source that Raniere used, accessed, owned, or had maintained for him during the relevant period.
    - For each identified source, state, to the extent known:

        1. the approximate period of use;

2. its current location or custodian;

3. whether it remains accessible; and

4. whether it has been preserved, collected, or searched.

- Describe the efforts undertaken to locate or obtain Raniere's files, devices, and accounts, including any efforts to obtain materials from his criminal-defense counsel.

- Identify any additional documents, ESI, or tangible things within the scope of Rule 26(a)(1)(A)(ii) that Raniere may use to support his defenses.

6. **Clare Bronfman's devices and supporting materials.** Provide the information requested in Interrogatory No. 4 by identifying all devices used to communicate anything concerning, referring, or relating to any Plaintiff, NXIVM, or DOS. For each device, identify its approximate period of use, current location or custodian, accessibility, and preservation or collection status. Also identify any additional documents, ESI, or tangible things within the scope of Rule 26(a)(1)(A)(ii) that Clare Bronfman may use to support her defenses.

7. **Plaintiffs' search terms.** Confirm that Defendants agree to Plaintiffs' July 16, 2026 proposed search terms, as modified to include the media-related terms identified above, and that those terms will govern Plaintiffs' ESI searches. If Defendants do not agree, identify each specific term that remains disputed and provide a concrete counterproposal.

8. **Vicente materials and laptop sources.** Confirm whether Defendants intend to:

   - retain a qualified forensic vendor to inspect the laptops at CDS;

   - have CDS copy the available materials upon Defendants' advance payment of $6,500, subject to reconciliation against the final invoice; or

   - decline further inspection or copying at this time.

If Defendants do not provide complete and substantive responses to resolve these issues by August 19, Plaintiffs will consider their meet and confer obligations to be satisfied. Plaintiffs are prepared to present the disputes to the Court promptly and seek the relief necessary to move discovery forward, including an order compelling the outstanding information and production and protective relief concerning Defendants' disproportionate search demands. Defendants are, of course, free to raise their own positions with the Court at the same time.

Sincerely,

Emma Bruder

Emma Bruder

Cc:

All counsel of record (via email)

Dr. Danielle Roberts
danielle@drdanielleroberts.com
*Pro se* Defendant

# CDS_KSG_EdmondsonvRaniere (ECA)

## Search Terms Report

**Report Name:** 20260804_RICO + TVPRA REVISIONS V2 Supplemental

**Searchable Set:** 02. 00R+TVPRA. 1.1.2009 - 6.19.2019 [2,329,932]




## Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Group | Total documents without hits |
|---|---|---|---|
| 2,329,932 | 1,713 | 2,882 | 2,328,219 |



## Terms Summary

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| (Newspaper OR Interview OR Publicity OR Byline) AND (NXIVM OR cult OR Raniere OR Bronfman) | 1,366 | 2,330 | 1,253 |
| “book deal” AND (NXIVM OR cult OR Raniere OR Bronfman) | 19 | 101 | 14 |
| HBO AND (NXIVM OR cult OR Raniere OR Bronfman) | 121 | 233 | 87 |
| Seduc* AND (NXIVM OR cult OR Raniere OR Bronfman) | 334 | 565 | 237 |
| Starz AND (NXIVM OR cult OR Raniere OR Bronfman) | 4 | 8 | 0 |

EXHIBIT H

## Leavy, Danielle

| | |
|---|---|
| **From:** | Leavy, Danielle |
| **Sent:** | Tuesday, August 11, 2026 9:54 AM |
| **To:** | Emma Bruder; Brendan Schneiderman; Zahra R. Dean; Stacey MacKinnon; Gordon Bergstresser; Adam Prom; Greg Gutzler; Agnieszka M. Fryszman; William E. Hoese; Robert A. Swift; Maggie Sposato; Dr. Danielle Roberts |
| **Cc:** | Henry, Robin; Aufhauser, Anne; Aaron Goldsmith |
| **Subject:** | RE: Edmondson v. Raniere - Update on ESI Available for Copying and Inspection |
| **Attachments:** | 2026.08.11 - S. Bronfman Correspondence re Pls. Aug. 4 2026 Letter.pdf; Edmondson v. Raniere - Pls' Proposed Search Term Sets - 06.12.2026 - SB CB and KR Proposed Revisions.pdf |

Counsel,

Please see attached correspondence on behalf of Defendant Sara Bronfman.

Thanks,
Danielle


**Danielle L. Leavy**
**Associate**
Danielle.Leavy@friedfrank.com | Tel: +1 212 859 8624

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers


---

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Tuesday, August 4, 2026 9:18 PM
**To:** Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; William E. Hoese <whoese@kohnswift.com>; Robert A. Swift <rswift@kohnswift.com>; Maggie Sposato <msposato@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Cc:** Henry, Robin <Robin.Henry@friedfrank.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Subject:** RE: Edmondson v. Raniere - Update on ESI Available for Copying and Inspection

[EXTERNAL]
Counsel,

Please see the attached reply to your email below.

Best,
Emma

Emma Bruder
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Sent:** Tuesday, July 28, 2026 2:23 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; William E. Hoese <whoese@kohnswift.com>; Robert A. Swift <rswift@kohnswift.com>; Maggie Sposato <msposato@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Cc:** Henry, Robin <Robin.Henry@friedfrank.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Subject:** RE: Edmondson v. Raniere - Update on ESI Available for Copying and Inspection

Counsel,

We write on behalf of Defendants Sara Bronfman, Clare Bronfman, and Keith Raniere in response to your July 16 letter and July 23 email.

## I. Sara Bronfman's Productions

### A. ESI Sources

We continue not to understand the source of your purported uncertainty regarding the devices that S. Bronfman has collected and has agreed to search. In the hopes that we can bring this conversation to an end, we answer your follow up questions below.

First, no responsive social media accounts or other online platforms are being withheld based on S. Bronfman's objections.

Second, we have collected data from all the devices and accounts listed in S. Brofman's Responses and Objections to Plaintiffs' interrogatories, to the extent they exist in Sara's possession, custody, or control.

### B. Search Terms & Production

As you correctly observe in your letter, S. Bronfman agreed in January 2026 to apply the search terms then proposed to her ESI and to produce the resultant responsive, non-privileged documents. In terms of the timing of a review and production our position had been that we want agreement on the terms that you will apply to Plaintiffs' ESI prior to our production of documents. As you know, discovery is a two-

way street. In this regard, we note that on May 28, 2026, Gordan Bergstresser sent an email asking if S. Bronfman was prepared to take a position regarding search terms that would be applied to S. Bronfman's ESI. 5.28.26 G. Bergstresser Email to A. Aufhauser. On June 16, 2026, Anne Aufhauser wrote back *confirming* S. Bronfman's agreement to review and produce the responsive document universe *resulting from the January 2026 search terms,* despite Plaintiffs' unwillingness to meaningfully negotiate the search terms applicable to Plaintiffs' ESI. 6.16.26 A. Aufhauser to G. Bergstresser ("We remain very frustrated by Plaintiffs' continued unwillingness to negotiate search terms in any meaningful way. However, we want to see the case as a whole move forward and with that in mind we will agree to review and produce responsive documents, if any, from the search term hits we provided in January 2026.").

Now, after we agreed to review and produce documents based on the January search terms – and developed a protocol for doing so – you purport to change the search terms and add new ones. This unilateral change is unacceptable. We previously scoped and costed the review based on the agreed January search terms. Your proposed unilateral post-agreement change to the scope of the search materially adds to that cost and is unacceptable for that reason as well. Please let us know if Plaintiffs propose to pay for the additional cost of these proposed last-minute changes.

Despite the lack of agreement on the search terms Plaintiffs will apply to their ESI, our ESI review is set to begin on or about August 10th, and we will expect to produce documents on a rolling basis over the next several months. In the event you do not want us to begin that review, please notify us no later than Monday, August 3rd. As you know, the review of ESI requires the establishment of a review protocol and training of a review team. After Monday of next week we will have no practical ability to change that work.

## II. Keith Raniere's and Clare Bronfman's Productions

Counsel for Raniere and Clare Bronfman have collected responsive materials under the search terms as discussed previously amongst counsel, notably all organizational names, all former and current plaintiff names, all defendant names as well as certain popular nicknames of certain parties. The hard production is in process of uploading to the system. The majority of the production is ESI, emails in particular, as counsel have already discussed. That ESI is going through a final privilege review before being uploaded.

## III. Plaintiffs' Production

We remain very frustrated that there has been no agreement by Plaintiffs regarding their own obligations to search ESI materials. Both the lack of agreement and the pace of your responses is impeding any ability to move this case forward. We thus want to put this to bed.

### A. Application of RICO-Only Search Terms to TVPRA Plaintiffs

We disagree with your apparent declaration that you will not apply the agreed set of RICO-Only terms to the Plaintiffs asserting both RICO and TVPRA claims. If we have agreed (or are to agree) on a set of terms for a certain claim, those terms should apply to *all* Plaintiffs asserting that claim. A Plaintiff asserting more than one claim should search for and produce data relevant to each of their claims. Why would adding another claim *narrow* the set of searchable documents for that Plaintiff? Defendants are entitled

to discovery on *each* claim asserted by each Plaintiff, and each Plaintiff seeks recovery for each claim. Simply because the "TVPRA Plaintiffs generally possess substantially larger ESI collections" does not now make the review unduly burdensome or not proportional to the needs of the case; in fact, we find it unsurprising, given that their allegations pertain to more than the NXIVM curriculum. We once again remind you that each Plaintiff has brought and maintained a sprawling action against S. Bronfman and other Defendants for six years.

To the extent you intend to maintain this position, please provide us with controlling case law that supports the proposition that Plaintiffs' discovery obligations are narrowed through the assertion of more than one claim.

**B. Plaintiff Name Searches (Exhibit A to Defendants' Counter-proposal)**

We do not understand your apparent refusal to use Plaintiffs' names in their ESI search. This is a rudimentary search term. Notably, Defendants have agreed to search all proposed party names. Not only are you not proposing to narrow the search terms applicable to Plaintiffs' ESI, but your July 16 letter proposes to add *additional* name variations (as noted above, we do not agree to expand the search terms beyond those agreed in January). This is entirely unacceptable and absent bilateral discovery, S. Bronfman will pare back the searches to be applied to her ESI in the review.

Please provide controlling case law that supports your position that Plaintiffs do not have to search the parties' names.

**C. Media-Related Search Terms**

Lastly, we disagree that media related search terms fall outside of the scope of agreed production. At the August 8, 2025 meet and confer, at which Anne Aufhauser took detailed notes, Zahra Dean and Bill Hoese, on behalf of Plaintiffs, stated that Plaintiffs had changed their written position with respect to S. Bronfman's Requests for Production Nos. 15 and 16 (which both seek media related documents) and would produce documents in response to these requests. This position was then confirmed by Robin Henry. There is no basis for your current refusal to abide by your prior representations. Please confirm your intent to comply with the representations made during our August 8th meet and confer.

**D. Plaintiffs' July 23rd Email**

In terms of Plaintiffs' productions, Defendants have provided three (3) 30 TB hard-drives for Plaintiffs to produce three (3) sets of the Mark Vicente material as well as the three (3) laptops that Plaintiffs are purportedly "still investigating" the chain of custody on. Plaintiffs have demanded that Defendants pay the sum of SIX THOUSAND FIVE HUNDRED ($6,500.00) DOLLARS to have those copies made by Plaintiffs' discovery vendor.

Defendants object to the shift of cost. Defendants have, at their own expense, provided the hard-drives. This is customary. However, it is extraordinary that a party demand its opponents to pay for the cost of duplication. Defendants are not aware of any precedent for same, especially in light of the Court's Order that these materials be produced given their likelihood of relevance. It is of no moment whether the producing party chose not to review those materials prior to production.

Moreover, the Court has only suggested a shift in burden on discovery production in one instance. That instance was a shift to Mr. Goldsmith, with respect to TPVA Plaintiff medical records. This burden shift was only suggested by the Court in response to Plaintiff Counsel's representations that they were having difficulty getting medical providers to respond, and Mr. Goldsmith's volunteering that he has staff available that routinely process medical records requests.

Moreover, Defendants demand a chain-of-custody on the three (3) laptops as soon as possible. It is critical to understand which individuals used, or had access to these devices. It is especially concerning when placed under the lense that at least one counsel, believed to be Neil Glazer, has had access. The ramifications of access by counsel and other plaintiffs, if not third-parties, prior to disclosure are wide-reaching.

This will now mark a pattern of Plaintiffs' Counsel producing materials, representing they have little or no prior review of. Despite months of such representations to counsel and the Court that they had not reviewed contents of the seventy-three (73) boxes, Plaintiff's Counsel made highly specific requests following Mr. Goldsmith's initial characterizations of the material therein, clearly indicating a working knowledge of the materials.  Moreover, your office sent a letter dated May 19 including US and Indian currency that had been sourced from those boxes and held in your office's safe.  The fact that your office repeatedly made representations that no attorney had reviewed the materials in the boxes yet clearly had a working knowledge of the contents and had pulled out the currency for safekeeping is highly concerning.  Now we are faced with another representation that your office is unaware as to the chain-of-custody for electronic devices in its possession.

Plaintiffs' reproduction of the Vicente media and three (3) laptops must be done forthwith without shift of cost. Additionally, Plaintiffs' Counsel must inform Defense Counsel of the chain-of-custody for the subject laptops in tandem with their production, or we will have to raise these concerns and history of lacking disclosure to the Court.

Best,
Danielle

**Danielle L. Leavy**
**Associate**
Danielle.Leavy@friedfrank.com |  Tel:  +1 212 859 8624

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Thursday, July 23, 2026 11:33 PM
**To:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>

**Cc:** Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; William E. Hoese <whoese@kohnswift.com>; Robert A. Swift <rswift@kohnswift.com>; Maggie Sposato <msposato@dicellolevitt.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>
**Subject:** Edmondson v. Raniere - Update on ESI Available for Copying and Inspection

[EXTERNAL]

Counsel,

I'm writing with updates regarding the materials Plaintiffs have made available for copying and inspection at CDS's New York City office.

With respect to the three laptop sources referenced in my June 17 email, Plaintiffs have conducted additional investigation regarding their provenance. As we previously explained, CDS's preliminary forensic investigation indicated that the devices were associated with Keith Raniere and Karen Unterreiner. Our subsequent investigation indicates that the devices appear to have been provided to Plaintiffs' counsel by Plaintiffs or former counsel, but we have not been able to determine with certainty the original chain of possession or ownership of each device. We are continuing to investigate and will supplement this information if we learn anything further.

We understand that Aaron—although it is unclear which Defendants he was acting on behalf of—sent CDS empty hard drives with the request for them to perform the copying. CDS has now estimated that copying the Mark Vicente materials and the three laptop sources would cost approximately $4,875 to $6,500. In light of that estimate, Plaintiffs propose the following alternatives:

1. **CDS performs the copying.** If Defendants wish to obtain copies of both the Vicente materials and the three laptop sources through CDS, Defendants may advance $6,500 to Plaintiffs. Plaintiffs will then authorize CDS to perform the copying. Once the work is complete, Plaintiffs will provide the final invoice and either refund any overpayment or request payment of any shortfall.
2. **Defendants retain their own ESI vendor.** If Defendants do not agree to advance the estimated cost for CDS to perform the copying, Defendants may retain their own ESI vendor to conduct the copying at CDS's office.
3. **Plaintiffs search the laptop sources.** Alternatively, Plaintiffs are willing to apply the search terms transmitted in Plaintiffs' July 16, 2026 letter to the three laptop sources and produce responsive, non-privileged materials. Under that approach, Defendants would remain responsible for the costs of obtaining the Vicente materials, either by advancing the applicable CDS copying costs or by retaining their own ESI vendor. Before reviewing the laptop materials, Plaintiffs would establish an appropriate protocol for identifying and segregating any potentially privileged communications before any substantive review occurs.

If Defendants are interested in having CDS copy only the Vicente materials, rather than both the Vicente materials and the laptop sources, Plaintiffs can obtain and provide a separate estimate for that more limited work.

Please let us know your positions.

Best,

Emma

Emma Bruder

**DICELLO LEVITT LLP**

485 Lexington Ave
Suite 1001
New York, New York 10017

646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

EXHIBIT H1

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Direct Line: +1.212.859.8816
Email: Robin.Henry@friedfrank.com
August 11, 2026

Emma Bruder
DiCello Levitt LLP
485 Lexington Ave
Suite 1001
New York, New York 10017

**Re:** ***Edmondson et al. v. Raniere et al.,* C.A. No. 20-cv-00485**

Dear Emma:

I write in response to certain portions of your August 4, 2026 letter; the remainder of your letter will be addressed by co-Defendants' counsel. Defendants Keith Raniere and Clare Bronfman join in this letter. We adopt the headings in your letter to minimize any possibility of continued confusion.

## I. Sara Bronfman's ESI Sources

**Devices:** Sara Bronfman has collected and included in her "search-and-review" population (the "Data Set") the below devices or the data from the below devices remotely or through the cloud. To the extent our prior Interrogatory Responses and statements made during our many meet and confers remain unclear to you, we clarify below.

- **Apple iPhone XS associated with her French Telephone number and Apple iPhone 7 associated with her United Kingdom number –** Data from all three phone numbers listed in response to Interrogatory No. 1 is included in the Data Set.

- **Apple iPad Pro and Apple iPad Air 2 –** Data from these iPads is included in the Data Set.

  **Apple MacBook M1 –** As reflected in S. Bronfman's response to Interrogatory No. 5, this laptop was "wiped in or around 2018." The surrounding circumstances are set forth in the Interrogatory Response.

- **Remote Server Maintained through NorDutch Technologies –** As reflected in S. Bronfman's response to Interrogatory No. 4, S. Bronfman "has preserved all of her information from the [NorDutch] server and will treat it as an electronic device for purposes of the Action." S. Bronfman's information on that server is thus part of the Data Set.

**Email and other online accounts:** Subject to the below clarifications**,** data from all email or online accounts listed in your August 4, 2026 letter have been collected and included in the Data Set.

As we have previously discussed, S. Bronfman does not have access to any server(s) maintained by NXIVM, nor is she aware of who does. The following emails were maintained on the NXIVM server and are thus not part of the Data Set unless they appear as an attachment or forwarded message in emails S. Bronfman controls: sarab@nxian.net; sarab@nxivm.com; sara@jness.net or sarab@jness.net; and sara@rcguk. In this regard, we observe that Sarah Edmonson had a NXIVM email addresses (sarahed@nxian.net), but your July 16, 2026 disclosure document does not identify that address as subject to search. It appears from the documents you have produced that emails to or from that address are being produced only from other sources. Please confirm those circumstances individually for each plaintiff.

In reference to "Skype data associated with sarabronfman@mac.com," S. Bronfman has collected Skype data to the extent it was included in her iCloud server collections. Otherwise, Skype no longer exists, and S. Bronfman thus no longer has access to any Skype accounts.

## II. Search Terms and Production

We simply do not agree with Plaintiffs' characterization of the ongoing negotiations regarding search terms. In January 2026, S. Bronfman was not prepared to agree to one way discovery and at that time Plaintiffs had done very little, if anything, to move the negotiation of their own terms along. However, after the delay persisted, on June 16, 2026, Anne Aufhauser wrote back Gordan Bergstresser *confirming* S. Bronfman's agreement to review and produce the responsive document universe *resulting from the January 2026 search terms*. We made this concession despite the lack of movement on Plaintiffs' side. 6.16.26 A. Aufhauser to G. Bergstresser.

## III. Plaintiffs' Production

With regard to the search terms to be applied to Plaintiffs' data, we do not agree with your position. The RICO search terms should be applied to any Plaintiff pursuing a RICO claim regardless of whether they are also pursuing additional claims. To state the obvious, Plaintiffs control their own destiny. It is their choice to pursue – or not – claims in this case, but a decision to sue comes with discovery obligations. It is unsurprising that the data set for a Plaintiff with *two* claims is larger than the data set for a Plaintiff with *one* claim. Additionally, given the high level involvement of several of the Plaintiffs within the NXIVM organization and leadership structure, it is again unsurprising that certain Plaintiffs have "different source populations."

The same reasoning attaches to Plaintiffs continued unwillingness to run the Parties' names through their documents. Your attempt to avoid this obligation by pleading that Ms. S.

Bronfman is only one person and therefore her burden is less than your 50 plus plaintiffs is unavailing. No Plaintiff was required to be part of this lawsuit. They chose to participate. To suggest that the burden of any one plaintiff should be less than that imposed on S. Bronfman does not hold water. You often point to the collective cost incurred by your clients as a group: you have imposed those same costs on S. Bronfman. The only difference is that she is one person and has to bear them entirely on her own.

**IV. Next Steps**

In the interest of moving this forward, S. Bronfman will accept Plaintiffs' July 16, 2026 search term counter proposal provided that Plaintiffs agree to the June 12, 2026 proposed search term set sent by Anne Aufhauser on behalf of Defendants S. Bronfman, C. Bronfman, and Keith Raniere, attached again for reference. Please confirm your agreement so that this case can move forward.

Very truly yours,

/s/ Robin A. Henry

Robin A. Henry

Cc: All Counsel and Danielle Roberts

Enc.

EXHIBIT H2

**<u>BATTERY CLAIM TERMS</u>**

**Time period: 01/01/2015 – 01/01/2020**

1. (wait* OR delay* OR "years later") w/15 (brand* OR battery OR burn*) AND Roberts
2. (report* OR file* OR complaint OR charge* OR accus*) w/15 (brand* OR battery OR burn* OR "Danielle Roberts")
3. Police w/20 (brand* OR battery OR burn* OR "Danielle Roberts")
4. ("3/9/2017" OR "03/09/2017" OR "March 9") AND (brand* OR burn* OR Roberts)
5. "July 2017" AND (police OR report* OR charge* OR file* OR complain!)
6. (police OR report* OR charge* OR file* OR complain!) w/20 (brand* OR battery OR Roberts)
7. cauteriz*
8. brand* w/20 (ceremony OR battery OR burn* OR cauteriz* OR scar* OR initiat*)
9. brand* w/10 (Danielle OR Roberts)
10. brand* w/15 (initials OR "KR" OR symbol OR Keith OR Raniere OR Mack)
11. (battery OR assault*) w/15 (brand* OR cauteriz* OR burn* OR Danielle OR Roberts)
12. (brand* OR battery OR assault* OR cauteriz*) w/10 (pain* OR hurt* OR trauma* OR injur* OR burn* OR wound* OR scar*)
13. (brand* OR ceremony) w/20 (consent* OR agree* OR permission)
14. (brand* OR ceremony) w/20 (object* OR resist* OR refuse* OR protest*)
15. (brand* OR ceremony) w/20 (coerc* OR pressure* OR threat* OR intimidat*)
16. (brand* OR ceremony) w/10 (unsure OR uncertain OR conflict*)
17. (meant OR meaning OR means OR symbol OR initials) w/10 (brand* OR burn*)
18. obedien* w/20 (DOS OR "Dominus Obsequious Sororium") w/15 (brand* OR ceremony)
19. (vow OR pledge OR promise*) w/10 (DOS OR "Dominus Obsequious Sororium" OR brand*)
20. (exit* OR leav* OR left* OR interrupt* OR finish* OR complet*) w/15 ((brand* OR ceremony*) w/20 (DOS OR ceremony OR Roberts))
21. (threat* OR intimidat*) w/20 (collateral OR brand* OR Roberts)
22. (blackmail OR collateral) w/20 (brand* OR Roberts)
23. ((releas* OR leak* OR expos*) w/20 (collateral OR blackmail)) AND (Danielle OR Roberts OR DOS OR Raniere)
24. (medical OR doctor OR clinic OR hospital) w/15 (brand* OR burn* OR cauteriz*)
25. (therap* OR counselor OR psych* OR trauma* OR PTSD OR "mental health" OR distress OR anguish OR fear OR distraught) w/20 (brand* OR burn* OR initials)
26. (psych* OR trauma OR PTSD OR "mental health" OR distress OR anguish OR fear OR emotional OR distraught) w/20 (brand* OR battery OR initials OR symbol OR tattoo)
27. Roberts w/20 (criminal OR charg* OR indict* OR prosecut* OR investigat* OR federal OR lawsuit)
28. "Frank Report" AND (Danielle OR Roberts OR branded OR branding OR battery)
29. ("NY Times" OR "New York Times") AND (Danielle OR Roberts OR branded OR branding OR battery)
30. (Frank OR Parlato OR Janja OR Lalich OR Catherine OR "ex cult" OR "ex-cult" OR deprogram*) w/20 (brand* OR battery OR initials OR symbol OR tattoo)

31. (video* OR record* OR film* OR footage OR clip OR photo* OR picture*) w/10 (branded OR branding OR ceremony)
32. (assignment* OR task* OR penance) w/10 (DOS OR master OR slave)
33. (vow* OR pledge* OR promise* OR credo* OR commit*) w/10 (DOS OR master OR slave OR obedien*)
34. (invite* OR introduc* OR recruit*) w/10 (DOS OR "sorority")
35. Blackmail* w/20 (NXIVM OR DOS OR collateral OR brand* OR confess* OR Raniere OR Bronfman OR Clare OR Sara OR Keith)
36. Collateral w/20 (DOS OR master OR release OR threat OR confes* OR NXIVM OR Raniere OR Bronfman)
37. "Dominus Obsequious Sororium"
38. DOS w/20 (master OR slave OR collateral OR brand OR ceremony)
39. Master w/5 slave
40. Raniere w/10 (DOS OR master OR slave OR collateral OR obedient OR sex* OR assign* OR ceremony OR initial* OR brand*)
41. Roberts w/20 (ceremony OR DOS OR slave OR master OR obedience)
42. "The Sorority" w/20 (assign* OR collateral OR obedience OR master)
43. (Recruit* OR initiat* OR invit*) w/10 (DOS OR Dominus)

**RICO-ONLY TERMS**

**Time period: 01/01/2009 – 06/19/2019**

1. All names of current and former Plaintiffs (attached as Exhibit A)
~~1.~~2. NXIVM w/30 (coach* OR proctor* OR curriculum OR train* OR stripe OR unpaid OR recruit* OR invoice OR fee OR tuition)
~~2.~~3. "NXIVM community"
~~3.~~4. name:"NXIVM" OR path-name:"NXIVM"
~~4.~~5. "Executive Success Programs"
~~5.~~6. name:"ESP" OR path-name:"ESP" OR subject: ESP
~~6.~~7. ("Executive Success Programs" OR "ESP") w/30 (coach* OR proctor* OR curriculum OR train* OR stripe OR unpaid OR recruit* OR invoice OR fee OR tuition)
~~7.~~8. Jness
~~8.~~9. "Society of Protectors"
~~9.~~10. "SOP weekend"
~~10.~~11. content:"SOP" OR name:"SOP" OR path-name:"SOP" or subject: SOP
~~11.~~12. "One Asian" AND (Raniere OR Mack)
~~12.~~13. "Rainbow Cultural Garden"
14. content:"RCG" OR name:"RCG" OR path-name:"RCG" OR subject: RCG
15. "Ration* w/5 inqui*"
16. Origins
17. Level*
18. Sash*
19. Intensive*
20. Enrol*
21. Curricul*

**Commented [DL1]:** We ask you to confirm that the full group of "RICO-ONLY" terms is included in the "RICO & TVPRA Terms" set (as well as our proposed additions). There is no reason that the RICO search terms should not be used for custodians asserting both RICO and TVPRA claims.

**Commented [DL2]:** We also ask that you confirm what exactly you will be searching when you use any search operators in your search terms including, but not limited to, name, path-name, content, etc.

22. Syllab*
23. Brochure
24. Marketing
25. Advertis*
26. Manual*
27. Method*
28. Train*
29. Field
30. Script
31. Participat*
32. Attend*
33. Event AND NXIVM
34. Advanc* or Fee* or Payment* or Cost* or tuition
35. Course or Seminar or Membership or Materials
36. Board or Executive or Committee* or Leader*
37. Core or Senior
~~13.~~38. Center* or Chapter*
~~14.~~39. Ultima
~~15.~~40. "exo/eso"
~~16.~~41. "exo eso"
~~17.~~42. "The source" w/30 (train* OR act* OR class OR curriculum OR Mack OR coach*)
~~18.~~43. "The Knife" w/30 (analy* OR edit* OR media OR article OR critique OR report* OR Clyne OR Mack OR Vicente OR Aristotle)
~~19.~~44. ("TEN C" OR "Ten-C" OR "The Emperor Has No Clothes") w/10 (Raniere OR sororit* OR recruit*)
~~20.~~45. "The Sorority"
~~21.~~46. "Vanguard Week"
~~22.~~47. ("V-Week" OR "V week" OR "V.week") w/20 (NXIVM OR Raniere OR Vanguard OR Bronfman OR "ESP" OR DOS OR Jness OR "SOP")
~~23.~~48. Vanguard
~~24.~~49. Prefect
~~25.~~50. "Stripe Path"
~~26.~~51. Raniere
~~27.~~52. Salzman AND (NXIVM OR coach* OR curriculum OR train* OR recruit*)
53. "Sara Bronfman" OR (Sara w/2 Bronfman) OR "Sara"
54. "Michele Tarzia" OR (Michele w/ 2 Tarzia) OR "Michele"
~~28.~~55. "Amanda Auspelmyer" OR (Amanda w/2 Auspelmyer)
~~29.~~56. "Clare Bronfman"
~~30.~~57. Bronfman AND (NXIVM OR coach* OR curriculum OR train* OR recruit* OR immigrat* OR threat OR lawsuit)
~~31.~~58. Proctor
~~32.~~59. Recruit* w/10 (coach OR student OR member)
~~33.~~60. Certify* w/10 (coach OR proctor OR train*)
61. "field trainer" or vip or coach or apprentin* or proctor*
~~34.~~62. Student or Mentor* or Mentee* or Teach*
~~35.~~63. "Clifton Park" w/20 (Raniere OR NXIVM OR headquarters)

~~36.~~64. “Inner Circle”
~~37.~~65. “Canon Camera”
~~38.~~66. “Elliott McGinnis”
~~39.~~67. Flintlock
~~40.~~68. Incarcerat* AND (NXIVM OR Raniere OR Bronfman OR Roberts OR Mack OR Salzman)
69. “Vancouver Community”
~~41.~~70. "Not w/5 legal" OR illegal
~~42.~~71. Igtet or basit
72. (“DOJ” OR prosecut* OR charge* OR indict*) w/20 (NXIVM OR Raniere OR Bronfman)
~~43.~~73. Jail* OR prison* OR Witness* OR Cooperat* OR Tamper* OR Brib* OR ((pay* or paid) w/ off)) OR FBI w/20 (NXIVM OR Raniere OR Bronfman)
~~44.~~74. “Puerto Vallarta” AND (NXIVM OR Raniere OR Mack)
~~45.~~75. Purchase* w/20 (Bronfman OR Raniere)
~~46.~~76. to:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”)
~~47.~~77. from:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”)
~~48.~~78. cc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”)
~~49.~~79. bcc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR “+15188173307” OR “518 817 3307” OR “5188173307” OR “+15182351603” OR “518 235 1603” OR “5182351603”)
~~50.~~80. to:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR “+33789813570” OR “212-713-1520” OR “+12127131520” OR “2127131520” OR “+15186054190” OR “5186054190” OR “518 605 4190” OR michele@our-evolution.com OR amanda@our-evolution.com)
~~51.~~81. from:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR “+33789813570” OR “212-713-1520” OR “+12127131520” OR “2127131520”

OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com)

~~52.~~82. cc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com)

~~53.~~83. bcc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com)

~~54.~~84. to:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")

~~55.~~85. from:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")

~~56.~~86. cc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")

87. bcc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279")

88. Documentary or Movie or Show or Film or Podcast* or "book deal"

89. Storyboard or Production or Distrib* or Licens* or Appear*

90. "Sell w/5 stor*"

91. Recor* or Tap* or Video* or Media* or Audio* or Film* or Vlog* or Blog* or Footage

92. "the vow"

93. Seduc*

94. HBO

95. Starz

96. "Vanity Fair" or VF /

97. "New York Times" or NYT or "NY Times" or Times*

98. Newspaper or Interview or Publicity or Byline

99. "The Vow"

100. NDA or Confidential* or Non-disclosure or Nondisclosure or Waiv*

101. Doctor or Injur* or Harm or Physical or Emotion* or Psych* or Trauma* or Therap* or Suicid* or PTSD or Tourettes or "Out-of-pocket" or "out of pocket"

**RICO & TVPRA TERMS**

**Time period: 01/01/2009 – 06/19/2019**

1. All names of current and former Plaintiffs (attached as Exhibit A)
2. “Executive Success Programs”
3. name:”ESP” OR path-name:”ESP” OR subject: ESP
4. (“Executive Success Programs” OR “ESP”) w/30 (coach* OR proctor* OR curriculum OR train* OR stripe OR unpaid OR recruit* OR invoice OR fee OR tuition)
5. RCG or “Rainbow Cultural Garden"
6. Daycare or nursery or school
7. "(Not or Non) w/5 citizen"
8. "Not w/5 legal" OR illegal
9. “Loretta Garza” OR “Loreta Garza”
10. Unpaid or Intern* or Free or *Salar* or Employ* or Labor or labour
11. Uncompensat*
12. "Not w/5 paid"
13. Trap*
14. Job or Career or Position or Specialist*

~~1.~~15. “Clifton Park” w/20 (Raniere OR NXIVM OR headquarters OR DOS)

~~2.~~16. “Field trainer” w/20 (NXIVM OR “ESP” OR coach* OR proctor* OR stripe OR curriculum OR train*)

~~3.~~17. “Inner Circle” w/20 (NXIVM OR Raniere OR DOS OR Bronfman OR Mack OR Salzman OR Vicente OR Clyne)

~~4.~~18. “Puerto Vallarta” AND (NXIVM OR Bronfman OR Raniere)

~~5.~~19. (“Executive Success Programs” OR “ESP”) w/20 (Mack OR Salzman OR Raniere) w/20 (stripe OR coach* OR proctor*OR recruit*)

~~6.~~20. (“exo/eso” OR “exo eso”) w/20 (partner OR relationship OR readiness OR recruit OR obedience OR assignment OR Raniere)

~~7.~~21. (“out of status” OR “out-of-status”) w/20 (Raniere OR Bronfman OR NXIVM)

~~8.~~22. (“Rainbow Cultural Garden” OR “RCG”) w/20 (child OR work OR labor OR assign*)

~~9.~~23. (“Society of Protectors” OR “SOP”) w/15 (discipline OR drill OR readiness OR penance)

~~10.~~24. (“Stripe Path” w/20 (NXIVM OR “ESP” OR Jness))

~~11.~~25. (“V-Week” OR “V week” OR “V.week”) w/10 (Raniere OR Vanguard OR Bronfman)

~~12.~~26. (Marriage OR married OR marry*) w/10 (visa OR immigrat* OR “legal status” OR deport* OR sham* OR Bronfman)

~~13.~~27. (Mexico AND Monterrey) w/20 NXIVM

~~14.~~28. (Mexico OR Monterrey) w/10 (Raniere OR Bronfman)

~~15.~~29. (passport OR identification) w/10 ((take* OR confiscate* OR hold*) AND (Raniere OR NXIVM OR Russell))

~~16.~~30. Blackmail* w/20 (NXIVM OR DOS OR collateral OR brand* OR confess* OR Raniere OR Bronfman OR Clare OR Sara OR Keith)

~~17.~~31. (Border w/10 Canada) AND (Bronfman OR Raniere OR Clare OR Sara OR Keith)

~~18.~~32. (Border w/10 cross*) AND (Bronfman OR Raniere OR Clare OR Sara OR Keith)

~~19.~~33. Brand* w/20 (DOS OR collateral OR Raniere OR obedient OR slave OR ceremony OR NXIVM OR initial*)

~~20.~~34. Bronfman w/20 (DOS OR collateral OR threat* OR immigration OR lawsuit OR ceremony)
~~21.~~35. “Canon Camera”
~~22.~~36. Certify w/10 (coach OR proctor OR train)
~~23.~~37. Collateral w/20 (DOS OR master OR release OR threat OR confes* OR NXIVM OR Raniere OR Bronfman)
~~24.~~38. Deport* w/20 (NXIVM OR “RCG” OR “Rainbow Cultural Garden”)
~~25.~~39. Deport* w/20 (Raniere OR Bronfman OR Loretta OR Garza or Russell)
~~26.~~40. Deport* w/20 (threat* OR coerc* OR “send back”)
41. (“DOJ” OR prosecut* OR charge* OR indict*) w/20 (NXIVM OR Raniere OR Bronfman)
~~27.~~42. Jail* OR prison* OR Witness* OR Cooperat* OR Tamper* OR Brib* OR ((pay* or paid) w/ off)) OR FBI w/20 (NXIVM OR Raniere OR Bronfman)
~~28.~~43. “Dominus Obsequious Sororium”
~~29.~~44. DOS w/20 (master OR slave OR collateral OR brand* OR ceremony)
~~30.~~45. “Elliott McGinnis”
~~31.~~46. Extort* w/30 (NXIVM OR DOS OR collateral OR brand* OR confess* OR Raniere OR Bronfman OR Roberts)
~~32.~~47. Flintlock
~~33.~~48. Igtet or basit~~Igtet w/15 (Immigra* OR visa OR “legal status” OR deport* OR fund*)~~
~~34.~~49. (Immigra* OR visa OR “legal status”) w/10 (help OR fix OR handl* OR arrang* OR sponsor OR renew* OR extend* OR overstay* OR status) w/20 (Keith OR Raniere OR Clare OR Sara OR Bronfman)
~~35.~~50. Immigra* w/20 (NXIVM OR “RCG” OR “Rainbow Cultural Garden”)
~~36.~~51. Immigra* w/20 (Raniere OR Bronfman OR Loretta OR Garza or Russell)
~~37.~~52. Immigra* w/20 (threat* OR coerc* OR “send back”)
~~38.~~53. Jness w/15 (empower* OR curriculum OR workshop or recruit*)
~~39.~~54. Mack w/20 (DOS OR collateral OR brand* OR ceremony OR obedience OR assign* OR initial*)
~~40.~~55. Master w/5 slave
~~41.~~56. “NXIVM Community”
~~42.~~57. NXIVM w/20 (coach* OR proctor* OR stripe OR unpaid OR recruit* tuition)
~~43.~~58. overstay* w/20 (Raniere OR Bronfman OR Russell OR Garza OR NXIVM)
~~44.~~59. Proctor w/10 (NXIVM OR coach OR stripe)
~~45.~~60. Raniere w/10 (DOS OR master OR slave OR collateral OR obedient OR sex* OR assign* OR ceremony OR initial* OR brand*)
~~46.~~61. Recruit w/10 (coach OR student OR member)
~~47.~~62. Roberts w/20 (ceremony OR DOS OR slave OR master OR obedience OR brand*)
~~48.~~63. Sagitta
~~49.~~64. Salzman w/20 (DOS OR master OR slave OR collateral OR obedient OR sex* OR assign* OR ceremony)
~~50.~~65. Sponsor* w/20 (Garza OR Russell OR Raniere OR Bronfman OR “RCG” OR “Rainbow Cultural Garden” OR “ESF” OR “MDS”)
~~51.~~66. “The Knife” w/20 (analy* OR edit* OR media OR article OR critique OR report* OR Clyne OR Mack OR Vicente OR Aristotle)
~~52.~~67. “The Sorority” w/20 (assign* OR collateral OR obedience OR master)

~~53.~~68. "The source" w/15 (class OR curriculum OR Mack OR Raniere OR Bronfman OR Mack OR labor OR compensat* OR unpaid)
~~54.~~69. ("TEN C" OR "Ten-C" OR "The Emperor Has No Clothes") w/10 (Raniere OR sororit* OR recruit*)
~~55.~~70. (Ultima OR Prefect) w/15 (Raniere OR Bronfman or recruit* OR groom* OR sex* OR exploit* OR labor* OR compensat*)
~~56.~~71. Vanguard w/20 (Raniere OR NXIVM OR DOS OR Bronfman)
~~57.~~72. "Vanguard Week"
~~58.~~73. Visa w/20 (Garza OR Russell OR Raniere OR Bronfman OR "RCG" OR "Rainbow Cultural Garden" OR "ESF" OR "MDS")
~~59.~~74. to:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603") AND content:( collateral OR brand* OR coach* OR proctor* OR stripe OR train* OR curriculum OR recruit* OR visa OR immigrat* OR deport* OR threaten* OR intensive OR assignment OR obedien* OR "V-week" OR Vanguard)
~~60.~~75. from:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603") AND content:(DOS OR collateral OR brand* OR visa OR immigrat* OR deport* OR threaten* OR assignment OR obedien* OR Vanguard)
~~61.~~76. cc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603") AND content:( DOS OR collateral OR brand* OR visa OR immigrat* OR deport* OR threaten* OR assignment OR obedien* OR Vanguard)
~~62.~~77. bcc:(ircoson@protonmail.com OR thevalley@protonmail.com OR athletics@nxian.net OR clare@nxian.net OR clareb@nxian.net OR clarewbronfman@gmail.com OR clarewebb21@aol.com OR "+15188173307" OR "518 817 3307" OR "5188173307" OR "+15182351603" OR "518 235 1603" OR "5182351603") AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR brand* OR coach* OR proctor* OR stripe OR train* OR curriculum OR recruit* OR visa OR immigrat* OR deport* OR threaten* OR intensive OR assignment OR obedien* OR "V-week" OR Vanguard)
~~63.~~78. to:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:( collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week" OR Vanguard)

~~64.~~79. from:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week" OR Vanguard)

~~65.~~80. cc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:(DOS OR collateral OR assignment OR brand* OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR Vanguard)

~~66.~~81. bcc:(sara@jness.net OR sarab@jness.net OR sara@our-evolution.com OR sarab@nxian.net OR sarab@nxivm.com OR sarabronfman@mac.com OR sb@worldethicalfoundations.org OR sarabronfman@me.com OR sara@rcguk OR "+33789813570" OR "212-713-1520" OR "+12127131520" OR "2127131520" OR "+15186054190" OR "5186054190" OR "518 605 4190" OR michele@our-evolution.com OR amanda@our-evolution.com) AND content:(NXIVM OR ESP OR Jness OR SOP OR DOS OR collateral OR coach* OR proctor* OR assignment OR brand* OR intensive OR class OR curriculum OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week" OR Vanguard)

~~67.~~82. to:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

~~68.~~83. from:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

~~69.~~84. cc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR "5183730453" OR "518 371 4279" OR "+15183714279" OR "5183714279") AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR "V-Week")

~~70.~~85. bcc:(kunterreine@nycap.rr.com OR keithraniere@yahoo.com OR "+15188107890" OR "5188107890" OR "518 810 7890" OR "518 373 0453" OR "+15183730453" OR

“5183730453” OR “518 371 4279” OR “+15183714279” OR “5183714279”) AND content:(NXIVM OR DOS OR collateral OR brand* OR master OR slave OR obedience OR assignment OR coach* OR proctor* OR stripe OR intensive OR visa OR immigrat* OR deport* OR threaten* OR Mexico OR “V-Week”)

**Exhibit A**

1. Sarah w
2. Edmondson
3. Souki*
4. Mehdaoui
5. Nicole
6. Isabell
7. India
8. Oxenberg
9. Bonnie
10. Piesse
11. Tabitha
12. Chapman
13. Ashley
14. Mclean
15. Mark
16. Vicente
17. Anthony
18. Ames
19. Nippy
20. Veronica
21. Jaspeado
22. Paloma
23. Pena
24. Charlotte
25. Giroux
26. Rachel
27. Behl
28. Widjaja
29. Adrienne
30. Stiles
31. Lindsay
32. MacInnis
33. Jennifer
34. Sinclair
35. Kobelt
36. Deanne
37. Brunelle
38. Karla
39. Diaz
40. Cano
41. Pamela
42. Cooley
43. Brieanna
44. Fiander

45. Shayna
46. Holmes
47. Polly
48. Green
49. Andrea
50. Hammond
51. Yan
52. Huang
53. Sara
54. Lim
55. Ariella
56. Menashy
57. Elham
58. Menhaji
59. Maja
60. Miljkovic
61. Michelle
62. Neal
63. Alison
64. Rood
65. Katie
66. Shaw
67. Kristin
68. Susan
69. Patricia
70. Vieta
71. Stephanie
72. Fair-Layman
73. Sarah
74. Wall
75. Scott
76. Starr
77. Philip
78. Akka
79. Alejandro
80. Balassa
81. Madeleine
82. Carrier
83. Rod
84. Christiansen
85. Owen
86. Giroux
87. Jeffrey
88. Golfman
89. Ashley
90. Harvey

91. Anthony
92. Madani
93. Chad
94. Williams
95. Chris*
96. Black
97. Robert
98. Gray
99. Ken
100. Kozak
101. Allison
102. Warnycam
103. Erika
104. Weissenborn
105. Jessica
106. Joan
107. Salazar
108. Daniela OR Dani
109. Fernandes OR Fernandez
110. Camila OR Cami
111. Valerie
112. Heckel
113. Rosalyn
114. Cua
115. Tanya
116. Hubbard
117. Susan
118. Pratt
119. Juliana
120. Susan
121. Wysocki
122. Rees
123. Alan
124. Haynes
125. Warne
126. Livesey
127. Nils
128. MacQuarrie
129. Toni
130. Natalie
131. Kayla
132. Grosse
133. Margot
134. Leviton
135. Isabella
136. Constantino

137. Carysa
138. Cottrell
139. Hannah
140. Vanderheyden
141. Adrian OR “Fluffy”
142. Gabrielle
~~1.~~143. Gendron

# EXHIBIT I

## Leavy, Danielle

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Friday, August 14, 2026 7:07 PM
**To:** Leavy, Danielle; Brendan Schneiderman; Zahra R. Dean; Stacey MacKinnon; Gordon Bergstresser; Adam Prom; Greg Gutzler; Agnieszka M. Fryszman; William E. Hoese; Robert A. Swift; Maggie Sposato; Dr. Danielle Roberts
**Cc:** Henry, Robin; Aufhauser, Anne; Aaron Goldsmith
**Subject:** RE: Edmondson v. Raniere - Update on ESI Available for Copying and Inspection

[EXTERNAL]
Counsel,

Thank you for the clarifications regarding Sara Bronfman's ESI sources and collections. Those clarifications address our questions concerning the scope of her collected data, and we do not have any further issue on that point at this time.

With respect to the NXIVM-hosted email accounts, Plaintiffs are in the same position you describe for Sara Bronfman. No Plaintiff has access to the NXIVM servers or is able to independently collect an account formerly maintained on those servers. To the extent communications to or from such an account appear in an available source—for example, as forwarded messages, attachments, or messages otherwise preserved in a collected account or device—they are included in the applicable collection and search population and will be produced if responsive. Otherwise, those accounts are not independently available for collection. That is true for each Plaintiff and was, in part, why we sought clarification regarding Sara Bronfman's similarly situated accounts.

We disagree with your characterization of the earlier search-term negotiations, but because you confirm that Sara Bronfman agreed on June 16 to review and produce the responsive document universe resulting from the January search terms, we do not see a need to continue debating that history. We expect that review and production to proceed, at minimum with respect to the search terms you agreed to on June 16, 2026.

Your letter, however, does not provide any substantive basis for rejecting the twelve targeted modifications Plaintiffs subsequently proposed to the searches of Sara Bronfman's data. You do not identify any particular term as objectionable, explain any burden associated with the proposed modifications, or offer narrower alternatives. Instead, you offer to accept all twelve modifications only if Plaintiffs wholesale accept Defendants' June 12 proposal concerning searches of Plaintiffs' data. Those proposals are not remotely comparable in scope or burden. Plaintiffs' July 16 counterproposal accepted the substantial majority of Fried Frank's proposed revisions and modified only twelve terms directed to discrete categories of potentially responsive documents. Defendants' June 12 proposal, by contrast, would dramatically expand the searches of Plaintiffs' ESI, including through searches that, standing alone, reach the vast majority of Plaintiffs' searchable populations. *See* Plaintiffs' August 4 Letter (explaining that Defendants' proposed name searches alone reached approximately 78% of the RICO-Only searchable population).

With respect to Defendants' proposed searches of Plaintiffs' data, your response does not address the proportionality concerns or the actual hit data we provided. The question is not whether Plaintiffs have

discovery obligations associated with the claims they assert. Of course they do. The question is whether those obligations justify layering additional broad searches on top of the already extensive search terms Plaintiffs have proposed, particularly in light of the overlap among the searches, the size of the source populations, and the burden demonstrated by the hit reports. We do not believe they do.

The same is true of the proposed standalone party-name searches. Defendants' response does not meaningfully address the actual hit counts or explain why searches sweeping in such a substantial percentage of Plaintiffs' searchable data are proportional. The fact that each Plaintiff chose to bring suit is not a substitute for the proportionality analysis required by Rule 26.

Finally, for the reasons above, Plaintiffs decline the proposal in Section IV of your letter. Conditioning Sara Bronfman's acceptance of twelve targeted modifications to searches of her data on Plaintiffs' wholesale acceptance of Defendants' substantially broader June 12 proposal is not a reasonable compromise. Unless you are willing to engage substantively with Plaintiffs' proposed modifications and proportionality concerns, we consider the parties at an impasse and invite you to raise these issues with the Court.

Best,
Emma

Emma Bruder
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Sent:** Tuesday, August 11, 2026 9:54 AM
**To:** Emma Bruder <ebruder@dicellolevitt.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; William E. Hoese <whoese@kohnswift.com>; Robert A. Swift <rswift@kohnswift.com>; Maggie Sposato <msposato@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Cc:** Henry, Robin <Robin.Henry@friedfrank.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Subject:** RE: Edmondson v. Raniere - Update on ESI Available for Copying and Inspection

Counsel,

Please see attached correspondence on behalf of Defendant Sara Bronfman.

Thanks,
Danielle

**Danielle L. Leavy**
**Associate**
Danielle.Leavy@friedfrank.com | Tel: +1 212 859 8624

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers

---

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Tuesday, August 4, 2026 9:18 PM
**To:** Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; William E. Hoese <whoese@kohnswift.com>; Robert A. Swift <rswift@kohnswift.com>; Maggie Sposato <msposato@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Cc:** Henry, Robin <Robin.Henry@friedfrank.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Subject:** RE: Edmondson v. Raniere - Update on ESI Available for Copying and Inspection

[EXTERNAL]
Counsel,

Please see the attached reply to your email below.

Best,
Emma

Emma Bruder
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Sent:** Tuesday, July 28, 2026 2:23 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; William E. Hoese <whoese@kohnswift.com>; Robert A. Swift <rswift@kohnswift.com>; Maggie Sposato <msposato@dicellolevitt.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Cc:** Henry, Robin <Robin.Henry@friedfrank.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Aaron

Goldsmith <aarongoldsmithlaw@gmail.com>
**Subject:** RE: Edmondson v. Raniere - Update on ESI Available for Copying and Inspection

Counsel,

We write on behalf of Defendants Sara Bronfman, Clare Bronfman, and Keith Raniere in response to your July 16 letter and July 23 email.

I. **Sara Bronfman's Productions**

**A. ESI Sources**

We continue not to understand the source of your purported uncertainty regarding the devices that S. Bronfman has collected and has agreed to search. In the hopes that we can bring this conversation to an end, we answer your follow up questions below.

First, no responsive social media accounts or other online platforms are being withheld based on S. Bronfman's objections.

Second, we have collected data from all the devices and accounts listed in S. Brofman's Responses and Objections to Plaintiffs' interrogatories, to the extent they exist in Sara's possession, custody, or control.

**B. Search Terms & Production**

As you correctly observe in your letter, S. Bronfman agreed in January 2026 to apply the search terms then proposed to her ESI and to produce the resultant responsive, non-privileged documents. In terms of the timing of a review and production our position had been that we want agreement on the terms that you will apply to Plaintiffs' ESI prior to our production of documents. As you know, discovery is a two-way street. In this regard, we note that on May 28, 2026, Gordan Bergstresser sent an email asking if S. Bronfman was prepared to take a position regarding search terms that would be applied to S. Bronfman's ESI. 5.28.26 G. Bergstresser Email to A. Aufhauser. On June 16, 2026, Anne Aufhauser wrote back *confirming* S. Bronfman's agreement to review and produce the responsive document universe *resulting from the January 2026 search terms,* despite Plaintiffs' unwillingness to meaningfully negotiate the search terms applicable to Plaintiffs' ESI. 6.16.26 A. Aufhauser to G. Bergstresser ("We remain very frustrated by Plaintiffs' continued unwillingness to negotiate search terms in any meaningful way. However, we want to see the case as a whole move forward and with that in mind we will agree to review and produce responsive documents, if any, from the search term hits we provided in January 2026.").

Now, after we agreed to review and produce documents based on the January search terms – and developed a protocol for doing so – you purport to change the search terms and add new ones. This unilateral change is unacceptable. We previously scoped and costed the review based on the agreed January search terms. Your proposed unilateral post-agreement change to the scope of the search materially adds to that cost and is unacceptable for that reason as well. Please let us know if Plaintiffs propose to pay for the additional cost of these proposed last-minute changes.

Despite the lack of agreement on the search terms Plaintiffs will apply to their ESI, our ESI review is set to begin on or about August 10th, and we will expect to produce documents on a rolling basis over the next

several months. In the event you do not want us to begin that review, please notify us no later than Monday, August 3rd. As you know, the review of ESI requires the establishment of a review protocol and training of a review team. After Monday of next week we will have no practical ability to change that work.

## II. Keith Raniere's and Clare Bronfman's Productions

Counsel for Raniere and Clare Bronfman have collected responsive materials under the search terms as discussed previously amongst counsel, notably all organizational names, all former and current plaintiff names, all defendant names as well as certain popular nicknames of certain parties. The hard production is in process of uploading to the system. The majority of the production is ESI, emails in particular, as counsel have already discussed. That ESI is going through a final privilege review before being uploaded.

## III. **Plaintiffs' Production**

We remain very frustrated that there has been no agreement by Plaintiffs regarding their own obligations to search ESI materials. Both the lack of agreement and the pace of your responses is impeding any ability to move this case forward. We thus want to put this to bed.

### A. Application of RICO-Only Search Terms to TVPRA Plaintiffs

We disagree with your apparent declaration that you will not apply the agreed set of RICO-Only terms to the Plaintiffs asserting both RICO and TVPRA claims. If we have agreed (or are to agree) on a set of terms for a certain claim, those terms should apply to *all* Plaintiffs asserting that claim. A Plaintiff asserting more than one claim should search for and produce data relevant to each of their claims. Why would adding another claim *narrow* the set of searchable documents for that Plaintiff? Defendants are entitled to discovery on *each* claim asserted by each Plaintiff, and each Plaintiff seeks recovery for each claim. Simply because the "TVPRA Plaintiffs generally possess substantially larger ESI collections" does not now make the review unduly burdensome or not proportional to the needs of the case; in fact, we find it unsurprising, given that their allegations pertain to more than the NXIVM curriculum. We once again remind you that each Plaintiff has brought and maintained a sprawling action against S. Bronfman and other Defendants for six years.

To the extent you intend to maintain this position, please provide us with controlling case law that supports the proposition that Plaintiffs' discovery obligations are narrowed through the assertion of more than one claim.

### B. Plaintiff Name Searches (Exhibit A to Defendants' Counter-proposal)

We do not understand your apparent refusal to use Plaintiffs' names in their ESI search. This is a rudimentary search term. Notably, Defendants have agreed to search all proposed party names. Not only are you not proposing to narrow the search terms applicable to Plaintiffs' ESI, but your July 16 letter proposes to add *additional* name variations (as noted above, we do not agree to expand the search terms beyond those agreed in January). This is entirely unacceptable and absent bilateral discovery, S. Bronfman will pare back the searches to be applied to her ESI in the review.

Please provide controlling case law that supports your position that Plaintiffs do not have to search the parties' names.

### C. Media-Related Search Terms

Lastly, we disagree that media related search terms fall outside of the scope of agreed production. At the August 8, 2025 meet and confer, at which Anne Aufhauser took detailed notes, Zahra Dean and Bill Hoese, on behalf of Plaintiffs, stated that Plaintiffs had changed their written position with respect to S. Bronfman's Requests for Production Nos. 15 and 16 (which both seek media related documents) and would produce documents in response to these requests. This position was then confirmed by Robin Henry. There is no basis for your current refusal to abide by your prior representations. Please confirm your intent to comply with the representations made during our August 8th meet and confer.

### D. Plaintiffs' July 23rd Email

In terms of Plaintiffs' productions, Defendants have provided three (3) 30 TB hard-drives for Plaintiffs to produce three (3) sets of the Mark Vicente material as well as the three (3) laptops that Plaintiffs are purportedly "still investigating" the chain of custody on. Plaintiffs have demanded that Defendants pay the sum of SIX THOUSAND FIVE HUNDRED ($6,500.00) DOLLARS to have those copies made by Plaintiffs' discovery vendor.

Defendants object to the shift of cost. Defendants have, at their own expense, provided the hard-drives. This is customary. However, it is extraordinary that a party demand its opponents to pay for the cost of duplication. Defendants are not aware of any precedent for same, especially in light of the Court's Order that these materials be produced given their likelihood of relevance. It is of no moment whether the producing party chose not to review those materials prior to production.

Moreover, the Court has only suggested a shift in burden on discovery production in one instance. That instance was a shift to Mr. Goldsmith, with respect to TPVA Plaintiff medical records. This burden shift was only suggested by the Court in response to Plaintiff Counsel's representations that they were having difficulty getting medical providers to respond, and Mr. Goldsmith's volunteering that he has staff available that routinely process medical records requests.

Moreover, Defendants demand a chain-of-custody on the three (3) laptops as soon as possible. It is critical to understand which individuals used, or had access to these devices. It is especially concerning when placed under the lense that at least one counsel, believed to be Neil Glazer, has had access. The ramifications of access by counsel and other plaintiffs, if not third-parties, prior to disclosure are wide-reaching.

This will now mark a pattern of Plaintiffs' Counsel producing materials, representing they have little or no prior review of. Despite months of such representations to counsel and the Court that they had not reviewed contents of the seventy-three (73) boxes, Plaintiff's Counsel made highly specific requests following Mr. Goldsmith's initial characterizations of the material therein, clearly indicating a working knowledge of the materials. Moreover, your office sent a letter dated May 19 including US and Indian currency that had been sourced from those boxes and held in your office's safe. The fact that your office repeatedly made representations that no attorney had reviewed the materials in the boxes yet clearly had a working knowledge of the contents and had pulled out the currency for safekeeping is highly

concerning.  Now we are faced with another representation that your office is unaware as to the chain-of-custody for electronic devices in its possession.

Plaintiffs' reproduction of the Vicente media and three (3) laptops must be done forthwith without shift of cost. Additionally, Plaintiffs' Counsel must inform Defense Counsel of the chain-of-custody for the subject laptops in tandem with their production, or we will have to raise these concerns and history of lacking disclosure to the Court.

Best,
Danielle


**Danielle L. Leavy**
**Associate**
Danielle.Leavy@friedfrank.com |  Tel:  +1 212 859 8624

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers


**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Thursday, July 23, 2026 11:33 PM
**To:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>
**Cc:** Zahra R. Dean <zdean@kohnswift.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; William E. Hoese <whoese@kohnswift.com>; Robert A. Swift <rswift@kohnswift.com>; Maggie Sposato <msposato@dicellolevitt.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>
**Subject:** Edmondson v. Raniere - Update on ESI Available for Copying and Inspection

[EXTERNAL]

Counsel,

I'm writing with updates regarding the materials Plaintiffs have made available for copying and inspection at CDS's New York City office.

With respect to the three laptop sources referenced in my June 17 email, Plaintiffs have conducted additional investigation regarding their provenance. As we previously explained, CDS's preliminary forensic investigation indicated that the devices were associated with Keith Raniere and Karen Unterreiner. Our subsequent investigation indicates that the devices appear to have been provided to Plaintiffs' counsel by Plaintiffs or former counsel, but we have not been able to determine with certainty

the original chain of possession or ownership of each device. We are continuing to investigate and will supplement this information if we learn anything further.

We understand that Aaron—although it is unclear which Defendants he was acting on behalf of—sent CDS empty hard drives with the request for them to perform the copying. CDS has now estimated that copying the Mark Vicente materials and the three laptop sources would cost approximately $4,875 to $6,500. In light of that estimate, Plaintiffs propose the following alternatives:

1. **CDS performs the copying.** If Defendants wish to obtain copies of both the Vicente materials and the three laptop sources through CDS, Defendants may advance $6,500 to Plaintiffs. Plaintiffs will then authorize CDS to perform the copying. Once the work is complete, Plaintiffs will provide the final invoice and either refund any overpayment or request payment of any shortfall.
2. **Defendants retain their own ESI vendor.** If Defendants do not agree to advance the estimated cost for CDS to perform the copying, Defendants may retain their own ESI vendor to conduct the copying at CDS's office.
3. **Plaintiffs search the laptop sources.** Alternatively, Plaintiffs are willing to apply the search terms transmitted in Plaintiffs' July 16, 2026 letter to the three laptop sources and produce responsive, non-privileged materials. Under that approach, Defendants would remain responsible for the costs of obtaining the Vicente materials, either by advancing the applicable CDS copying costs or by retaining their own ESI vendor. Before reviewing the laptop materials, Plaintiffs would establish an appropriate protocol for identifying and segregating any potentially privileged communications before any substantive review occurs.

If Defendants are interested in having CDS copy only the Vicente materials, rather than both the Vicente materials and the laptop sources, Plaintiffs can obtain and provide a separate estimate for that more limited work.

Please let us know your positions.

Best,
Emma

Emma Bruder
**DICELLO LEVITT LLP**
485 Lexington Ave
Suite 1001
New York, New York 10017
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

EXHIBIT J

## Leavy, Danielle

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Monday, December 15, 2025 7:50 PM
**To:** Aufhauser, Anne; Henry, Robin; Aaron Goldsmith; Dr. Danielle Roberts
**Cc:** William E. Hoese; Zahra R. Dean; Agnieszka M. Fryszman; Brendan Schneiderman; Adam Prom; Greg Gutzler; Robert A. Swift; Gordon Bergstresser; Stacey MacKinnon; Mary Brown; Leavy, Danielle; Erin Kerrane
**Subject:** RE: Edmondson v. Raniere: ESI Collection and Search Term Negotiations
**Attachments:** 2025.12.15 - Edmondson v. Raniere - Pls.' Letter re 2025.12.10 Meet and Confer.pdf

[EXTERNAL]
Robin and team,

Please see the attached correspondence.

Best,
Emma

Emma Bruder
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>
**Sent:** Friday, December 12, 2025 11:15 AM
**To:** Emma Bruder <ebruder@dicellolevitt.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Mary Brown <mabrown@cohenmilstein.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Subject:** RE: Edmondson v. Raniere: ESI Collection and Search Term Negotiations

Emma and team,

Please see attached correspondence regarding Wednesday's meet-and-confer.

Anne

**Anne Aufhauser**
**Special Counsel**

Anne.Aufhauser@friedfrank.com | Tel: +1 212 859 8064

**Fried, Frank, Harris, Shriver & Jacobson LLP**
One New York Plaza, New York, NY 10004
friedfrank.com

Pronouns: she/her/hers

---

**From:** Emma Bruder <ebruder@dicellolevitt.com>
**Sent:** Friday, December 5, 2025 6:47 PM
**To:** Henry, Robin <Robin.Henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Dr. Danielle Roberts <danielle@drdanielleroberts.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Zahra R. Dean <zdean@kohnswift.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>; Adam Prom <aprom@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Robert A. Swift <rswift@kohnswift.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Mary Brown <mabrown@cohenmilstein.com>
**Subject:** Edmondson v. Raniere: ESI Collection and Search Term Negotiations

[EXTERNAL]
Counsel and Ms. Roberts,

Please see the attached correspondence.

Have a nice weekend.

Best,
Emma

Emma Bruder
**DICELLO LEVITT LLP**
485 Lexington Ave
Suite 1001
New York, New York 10017

646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

EXHIBIT J1

DICELLO LEVITT

485 LEXINGTON AVENUE SUITE 1001 NEW YORK, NEW YORK 10017

EMMA BRUDER
EBRUDER@DICELLOLEVITT.COM
646.933.1000

December 15, 2025

**BY .PDF EMAIL**

Ms. Robin Henry
Robin.Henry@friedfrank.com
Counsel for Defendant Sara Bronfman

**Re: *Edmonson, et al. v. Keith Raniere, et al.,* 1:20-cv- 00485 (E.D.N.Y.), December 10, 2025 Meet and Confer Regarding Discovery**

Robin,

Thank you for the meet and confer last week. I write to summarize our discussion, respond to your December 12, 2025 letter, and clarify Plaintiffs' position on the issues addressed.

## I. Search Terms

We understand that you are evaluating how Plaintiffs' proposed search terms perform when applied to Ms. Bronfman's data and will advise us of your position once that analysis is complete. If you intend to object on burden grounds or propose alternative terms, we expect that you will provide hit reports.

Likewise, Plaintiffs are reviewing the search terms you asked us to consider and are working diligently to prepare a counterproposal with hit reports. Due to the volume of data currently being processed by our ESI vendor, there will be a brief delay from our originally anticipated early-week timeline, but we will provide the counterproposal as soon as practicable and will advise if timing materially changes.

## II. ESI Investigations and Disclosures

You assert that Plaintiffs' ESI Investigation disclosures are insufficient and demand additional information regarding how determinations of relevance, burden, and unavailability were made for particular devices and accounts ("ESI Sources"). Specifically, you seek information concerning whether those determinations were made by Plaintiffs or by counsel; whether ESI Sources were reviewed and, if so, by whom and how; and, where an ESI Source is unavailable, the timing and circumstances of that unavailability, including device replacement, loss, or

destruction. You contend that Defendants are entitled to this information to evaluate Plaintiffs' preservation efforts and burden objections.

Plaintiffs disagree. Plaintiffs have already provided detailed disclosures identifying each ESI Source assessed, which ESI Sources they intend to collect from, which they do not, and the rationale for those decisions. That rationale includes, for example, that an ESI Source contains no or *de minimis* relevant information, or is entirely duplicative of another source already being collected (such as a hard-drive backup of a computer being collected, or a prior phone no longer in use where all data was transferred to the current device). Plaintiffs' disclosures are more than sufficient to explain the scope of their collection decisions and the bases for their proportionality determinations.

The authorities cited in your December 12 letter do not support the entitlement you assert to granular, individualized timelines regarding ESI Source changes over the last decade, or to the substance of counsel's communications with Plaintiffs regarding ESI Investigations. In *Tello v. A.N.G. Diner Corp.*, Magistrate Judge Pollak held that the defendants failed to substantiate a proportionality objection because they "failed to provide the Court with any information as to the number of documents or materials encompassed by the request such that the Court could determine that the burden of producing this information outweighs its value to the case." 2018 WL 3617940, at *2 (E.D.N.Y. Apr. 18, 2018) (cited in Letter at 1). Here, by contrast, Plaintiffs have provided detailed disclosures, and now quantified cost estimates (*see infra*) and are prepared to support those figures with further verification if necessary. *See Chen-Oster v. Goldman, Sachs & Co.,* 285 F.R.D. 294, 303–06 (S.D.N.Y. 2012) (undertaking a granular proportionality analysis based on time and cost estimates and limiting discovery where incremental burden outweighed likely benefit).

Nor do the cases you cite support your position that the information you seek is not privileged. *See Thomas v. Cricket Wireless, LLC,* 2020 WL 7344742, at *3 (N.D. Cal. Dec. 14, 2020) (cited in Letter at 2) (addressing high-level information regarding the existence and scope of litigation holds, not individualized device histories), *and Norris v. Novartis Pharms. Corp.,* 2024 WL 6821516, at *7 (N.D. Ga. July 25, 2024) (cited in Letter at 2) (holding that facts surrounding a party's preservation efforts may be discoverable through written discovery requests, while reaffirming that the contents of litigation holds and counsel's mental impressions remain protected); *Doe LS 340 v. Uber Techs., Inc.*, 710 F. Supp. 3d 794, 802 (N.D. Cal. 2024) (cited in Letter at 1) (holding similarly).

To date, Defendant Sara Bronfman has not served formal discovery requests seeking the information described above. If Ms. Bronfman elects to pursue such information through interrogatories, document requests, or depositions, Plaintiffs will respond in the ordinary course and assert applicable objections, and the Parties can address any resulting disputes through the appropriate discovery mechanisms without this requested fishing expedition delaying ongoing discovery.

Regardless, Plaintiffs do not intend to provide—and the cases cited in your letter do not require—granular and individualized timelines concerning personal device upgrades, replacements, or loss over the past decade. Such information is disproportionate to the needs of

the case and of marginal, if any, relevance given the disclosures already provided regarding Plaintiffs' ESI Sources and the substantial discovery Plaintiffs are producing.

Plaintiffs further maintain their attorney–client privilege and work-product objections to your inquiries seeking further disclosure of counsel's specific communications with Plaintiffs, counsel's mental impressions, or the internal decision-making underlying Plaintiffs' ESI Investigation. Nothing in the authorities you cite requires disclosure of those protected materials.

***a. Burden and Proportionality of ESI Collection***

In our meet and confer, we reiterated the significant burden associated with the ESI collection you are requesting, which you said you cannot agree with or accept. Plaintiffs now provide additional details to help clarify the burden.

We also understand your position that Plaintiffs should collect from Signal and other messaging platforms. Plaintiffs' position remains that Signal collection is unduly burdensome given both the technical limitations and the significant volume of other responsive material already being produced.

As discussed, the ESI collection you propose would impose extraordinary and unjustified costs. Even under Plaintiffs' narrowed, proportional collection plan, vendor charges for the RICO-only Plaintiffs are expected to exceed $110,000, exclusive of hosting, processing, or attorney time, which is expected to entail at least 4,000 reviewer hours. Expanding collection to include the additional devices, accounts, and messaging applications you identified—many of which Plaintiffs have determined are disproportionate or contain no relevant material—would increase vendor collection costs alone to more than $215,000.

That level of burden is not proportional to the needs of the case and far exceeds what Rule 26 permits. *See* Fed. R. Civ. P. ("Rule") 26(b)(1) (requiring that discovery be "proportional to the needs of the case," considering factors such as the parties' relative access to information, their resources, the importance of the requested discovery, and whether "the burden or expense of the proposed discovery outweighs its likely benefit"); Rule 26(b)(2)(B) ("A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost."). *See also Ruggles v. Wellpoint, Inc.*, No. 1:08-cv-201, 2010 WL 11570681 (N.D.N.Y. Dec. 28, 2010) (limiting ESI discovery—even where relevant—based on proportionality concerns, explaining that "relevancy is not controlling as to whether protection is ultimately commanded"); *In re Morgan Stanley Mortgage Pass-Through Certificates Litig.*, No. 09-CV-02137, 2013 WL 4838796, at *1 (S.D.N.Y. Sept. 11, 2013) (rejecting expansion of custodians where plaintiffs did not show that additional custodians—or their files—were likely to contain unique responsive documents not already captured by agreed custodians, emphasizing that proportionality does not entitle a party to "every single document" potentially related to the claims).

Plaintiffs are also in the process of producing financial records for the RICO-only Plaintiffs, which will further demonstrate why proportionality concerns are significant here.

Plaintiffs are not withholding responsive materials; they are declining to assume an undue and unjustified expense. If Ms. Bronfman believes such expanded discovery is necessary, Plaintiffs are willing to discuss cost-shifting.

The current collection plan already sits at the outer bounds of proportionality for the claims at issue. Absent a court order, Plaintiffs do not intend to expand the scope of ESI collection or to provide additional detail regarding their ESI Investigations beyond continuing to provide the same types of disclosures for the remaining RICO-only Plaintiffs.

***

Please let us know if you believe further clarification would be helpful. Plaintiffs reserve all rights on the issues discussed, including the right to seek relief from the Court.

Sincerely,

Emma Bruder
ebruder@dicellolevitt.com

cc: All counsel and Danielle Roberts (via email)