UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

EDMONDSON et al.,

Plaintiffs,

**ORDER**
20 CV 485 (EK) (PCG)

-against-

RANIERE et al.,

Defendants.

---------------------------------------------------------------X

**CROSS-GOLDENBERG**, United States Magistrate Judge:

On May 18, 2026, the Court so-ordered a subpoena requested by *pro se* Defendant Danielle Roberts. (Dkt. 368.) The subpoena was directed at the New York State Police and required the production of an unredacted copy of a New York State Police Incident Report dated July 11, 2017 (hereinafter "the report"). Roberts previously requested a copy of the report through a FOIL request to the state police and received a redacted copy in response. The redactions concealed the identifying information of individuals with whom the state police spoke regarding their involvement in events related to the claims in this case. The report contains an allegation that Roberts branded certain individuals as part of their participation in DOS and at least one of the individuals whose name is redacted said that she consented to being branded.

The Fourth Amended Complaint alleges that DOS began around 2016 and that the battery took place "as part of the DOS ritual." (Dkt. 342 at ¶ 282.) There are four plaintiffs who allege a claim for battery against Roberts. Roberts argued that if one or more of the four plaintiffs who make the battery allegation against her were named in the report, the information contained in the report would support her anticipated motions that the complaint was untimely and that there was no battery because the plaintiff(s) had consented. The Court agreed that if the report reveals

relevant information about a plaintiff in this case, Roberts is entitled to that information in her defense. In consequence, the Court granted Roberts' request and so-ordered the subpoena.

Upon receipt of the subpoena, the State police timely reached out to the Court regarding the production of the unredacted report and provided an unredacted copy of the report to the Court for *in camera* review.

The Court has reviewed the unredacted report. The redactions in the report Roberts obtained through her FOIL request concealed the identifying information of three individuals with whom the police spoke about their involvement in the events underlying this case. Only one of the three is a plaintiff in this case. The plaintiff's identity, and the comments she made to the police in 2017, are relevant to Roberts' defense in this case. There has been no showing that the identifying information related to the other two individuals is relevant to Roberts' defense. In consequence, the Court will provide to Roberts and to counsel for the other parties a copy of the report with the one plaintiff's identifying information unredacted while leaving the names and identifying information related to the other two individuals redacted. This version of the report – the Second Redacted Report – will be marked confidential and must be treated as such pursuant to the protective order in this case. (Dkt. No. 307.)

**SO ORDERED.**

Dated: Brooklyn, New York
September 18, 2026

/s/ Peggy Cross-Goldenberg
Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York