October 13, 2026

**VIA ECF**

The Honorable Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Joint Status Report - *Edmondson et al. v. Raniere et al.,* C.A. No. 20-cv-00485

Dear Magistrate Judge Cross-Goldenberg:

We write pursuant to the Court's order dated October 5, 2026, directing the parties to submit a status report by October 13, 2026, on any updates regarding the pending discovery disputes raised in ECF Nos. 388 and 393, along with any new issues the parties would like the Court to address during the conference.

**A. Progress of Discovery**

Since the last status conference, the parties have continued to work on discovery, including document productions, ESI collection, and search term negotiations.

Plaintiffs have continued to make bi-weekly rolling production of documents, which now total approximately 62,000 documents across 25 production volumes from the TVPRA Plaintiffs, with 35,500 of these documents being produced to Danielle Roberts from the four Battery Plaintiffs. Plaintiffs will continue to make rolling productions of documents and anticipate substantially completing productions for the RICO-TVPRA Plaintiffs in November 2026 using the search terms they have proposed.

S. Bronfman has produced approximately 222 documents from hard copy files previously in Plaintiffs' possession, and is in the process of reviewing over 85,000 documents that hit on Plaintiffs' requested search terms. S. Bronfman anticipates completing her review and production by the end of 2026. No documents have been produced by Claire Bronfman or Keith Renire. Approximately 600 pages of documents have been produced by Danielle Roberts.

The parties have conducted meet-and-confer conferences and exchanged written correspondence concerning, among other things: (i) the search terms to be applied to the ESI of Plaintiffs asserting both RICO and TVPRA claims; (ii) the application of party-name search terms and related hit reports; (iii) the completeness of Plaintiffs' device preservation and ESI collection disclosures; and (iv) the copying of certain laptop and other ESI sources located during discovery. The parties continue to confer in good faith but have reached an impasse on the issues summarized below.

### B. The Use of RICO Search Terms for RICO-TVPRA Plaintiffs

As Your Honor is aware, the vast majority of the Plaintiffs bring only RICO claims. Subject to the issue raised in point 2 below, the parties have agreed on a set of search terms to be applied to the ESI of those plaintiffs (the "RICO-only search terms"). However, as set forth in the parties' September 16, 2026 joint letter motion (ECF No. 393), S. Bronfman and Plaintiffs disagree about the application of the RICO-only search terms to the nineteen Plaintiffs who assert both RICO and TVPRA claims (the "RICO-TVPRA Plaintiffs"). S. Bronfman has asked that the RICO-TVPRA Plaintiffs run the full RICO search term set in addition to running TVPRA terms. Plaintiffs have declined, citing proportionality concerns tied to the larger size of the RICO-TVPRA Plaintiffs' ESI collections. Plaintiffs have proposed running a more limited "RICO & TVPRA" search-term set against the RICO-TVPRA Plaintiffs' ESI. S. Bronfman and Plaintiffs have not made further progress on the issue since submitting the September 16, 2026 joint letter motion and have reached an impasse.

### C. The Application of Party-Name Search Terms

The parties have continued negotiations over the search terms S. Bronfman, C. Bronfman, and K. Raniere have proposed using on Plaintiffs' ESI collections, and specifically the use of party names as search terms. *See* Ex. A (Plaintiffs' July 16, 2026 letter), Ex. B (S. Bronfman July 28, 2026 email), Ex. C (Plaintiffs' August 4, 2026 letter), Ex. D (S. Bronfman August 11, 2026 letter), Ex. E (Plaintiffs' August 14, 2026 letter), Ex. F (S. Bronfman September 1, 2026 letter), Ex. G (S. Bronfman September 22, 2026 email), Ex. I (Plaintiffs' September 28, 2026 email). On September 1, 2026, S. Bronfman sought clarification as to whether Plaintiffs' hit reports were running a Plaintiffs' name through his or her own email collection (for example, running "Edmondson" against Sarah Edmondson's own email account), and if so, asked Plaintiffs to re-run hit reports excluding a Plaintiffs' own name from his/her collections. *See* Ex. F (S. Bronfman September 1, 2026 email). Plaintiffs confirmed that to compile these hit reports they ran a search that included all of the Plaintiffs' names across the Plaintiffs' ESI and declined to run individualized searches, citing burden and proportionality and explaining that the request "would require Plaintiffs to run a unique set of terms for each Plaintiff that is tailored to include everyone else's name, but not their own," and that running those searches separately would cost at least $5000. *See* Ex. I (Plaintiffs' September 28, 2026 email). S. Bronfman and Plaintiffs have now reached an impasse on the issue.

### D. ESI Collection and Device Preservation Disclosures

Plaintiffs served device disclosures on May 21, 2026; June 18, 2026; and July 8, 2026, and responded to interrogatories about their email usage on September 10, 2026. On September 24, 2026, S. Bronfman wrote Plaintiffs regarding deficiencies in the disclosures, including that many disclosures fail to explain the circumstances under which particular devices or email addresses became unavailable for collection; several Plaintiffs have provided no disclosures at all or state that collection is "pending investigation" without a timeframe; and the disclosures do not clearly state which sources have actually been preserved, collected, and searched. *See* Ex. H (S. Bronfman September 24, 2026 letter). Plaintiffs have not responded to S. Bronfman's letter.

Plaintiffs' position is that they have provided such information (*e.g.,* that certain devices were given away, traded in, wiped and sold, or unknown) and nothing more is requires at this time. If Defendants want more discovery on this issue they can ask Plaintiffs at deposition. Importantly, additional ESI data collection is ongoing, and Plaintiffs will supplement their disclosures and/or interrogatory responses as appropriate.

**E. Copying of Video Materials and of Laptops**

Defendants Clare Bronfman and Keith Raniere have corresponded with Plaintiffs regarding copying of Plaintiff Mark Vicente's laptop and related materials and the cost of that copying. Plaintiffs' vendor is in possession of hard drives sent to it by counsel for Mr. Raniere and Ms. C. Bronfman, and the parties have disputed who should bear the cost of copying those materials and the chain of custody of the devices at issue. Plaintiffs have proposed sharing the estimated copying cost equally with Defendants, and the parties are continuing to confer regarding chain-of-custody information for the devices.

Defendants Clare Bronfman and Keith Raniere have also corresponded with Plaintiffs regarding the copying of certain additional laptops reportedly located by Plaintiffs, which Plaintiffs' vendor has preliminarily indicated may have been used by Mr. Raniere and by a former defendant. The parties have disputed the allocation of copying costs and the chain-of-custody information associated with these devices, and the parties are continuing to confer regarding these issues.

**F. Discovery Disputes Involving Defendant Danielle Roberts**

Defendant Roberts and Plaintiffs provide a status update on the following issues:

**1. Scope of discovery on the remaining battery claim.**

Only a battery claim remains against Roberts brought by four plaintiffs. All RICO, trafficking, forced-labor, and conspiracy claims against her were dismissed (ECF No. 240), and the Court ordered that language regarding her alleged knowledge of a broader conspiracy be stricken from the complaint (ECF No. 341). On September 30, 2026, the Court resolved the May 5 order to show cause and directed Plaintiffs to file a new amended complaint by October 7, 2026. Plaintiffs filed the Fifth Amended Complaint on October 7, 2026 (ECF No. 396).

Roberts maintains that, consistent with these rulings, discovery from her is limited to the elements of the remaining battery claim—specifically, whether the four plaintiffs gave contemporaneous consent to the physical act of branding—and the tolling issues previously raised. Roberts further maintains that she has already produced materials and answered interrogatories concerning the branding ceremonies themselves, the information provided to the four plaintiffs before those ceremonies, and communications directly related to the branding process.

Plaintiffs assert that discovery concerning the circumstances surrounding Plaintiffs' purported consent—including the nature of the branding ceremony, the information provided to Plaintiffs before branding, Defendants' knowledge and communications regarding branding, the

use of collateral and alleged coercion, and related factual issues—remains relevant to the battery claim.

The parties have been unable to resolve this threshold dispute.

**2. Form of production and request for vendor collection.**

At Roberts' request, Plaintiffs have identified specific examples of issues with certain documents Roberts produced (combined PDFs, missing metadata, screenshot text messages, and a Word-document paste). Roberts has provided available source information and produced the original files she still possesses for the specific examples Plaintiffs named (Roberts-230, 231–236, and 237–238). She has offered to do the same for any additional specific Bates numbers Plaintiffs identify.

Plaintiffs continue to seek forensic vendor collection of certain of Roberts' devices as Plaintiffs maintain their position that the review and production process that Roberts has engaged in is deficient and that a document-by-document correction of individual deficiencies is not an efficient way to proceed. Instead, Plaintiffs maintain their position that vendor-assisted production from Roberts devices should be conducted at Plaintiffs' cost. Roberts does not agree that full device collection is required or proportional to the remaining claims. See Ex. J Plaintiffs June 17th Letter, Ex. K Plaintiffs July 1 Letter, Ex. L Roberts July 3rd letter response, Ex. M Roberts July 3rd letter response (2), Ex. N Roberts July 3rd letter request (3), Ex. O Email correspondence from July 3 – Oct 13th. The parties remain at an impasse.

**3. Roberts' Interrogatory Responses**

Plaintiffs and Roberts have disputes regarding Roberts' interrogatory responses, which are organized into three groups.

a. Interrogatories Nos. 3-6, 8, 10, and 14-19.

With respect to Interrogatories Nos. 3-6, 8, 10 and 14-19, the Parties dispute whether responses are required. Roberts asserted relevance and proportionality objections. Those interrogatories seek information concerning DOS recruitment and operations, collateral, representations concerning the brandings, Roberts' knowledge and role, and events surrounding the ceremonies. Roberts states she answered Plaintiffs' Interrogatories to the extent they sought information relevant to the elements of the battery allegation and otherwise stands on her objections. She maintains any additional recruitment, operations, collateral, representations made concerning the brandings, and events surrounding the ceremonies were orchestrated and directed by first-line members, not Roberts, and do not relate to the elements of the battery claim against her.

b. Interrogatory No. 12.

Specific Interrogatory No. 12 seeks information concerning the branding ceremonies Roberts attended, including their approximate dates, the individuals present, which persons she personally branded, which brandings she witnessed, and the full names of identified individuals. Roberts identified the four Plaintiffs she personally helped with their brand, the dates for their ceremonies, the names of women that invited any circulates that participated, and who was present in each circle by initials. Roberts has represented that there may not be additional information relating to other ceremonies based upon not attending other ceremonies. Plaintiffs believe the responses should be amended to reflect this position. The parties are at an impasse as to whether the full names are relevant as opposed to just initials.

c. Interrogatory No 20 and 21.

Specific Interrogatories Nos. 20 and 21 seek information concerning Make Justice Blind and the Dossier Project and Roberts' role in each. Roberts states these projects post-date the brandings and that any involvement was limited to post-branding processes; she maintains that further response is not relevant or proportional to the remaining claim. Plaintiffs contend that the responses are incomplete.

**4. Medical Board hearing record.**

Plaintiffs seek the full transcripts and exhibits from the New York State Board for Professional Medical Conduct proceeding that resulted in the revocation of Roberts' medical license. Roberts previously produced the Statement of Charges and Determination and Order in connection with her counterclaims. She objects to production of the underlying hearing record as irrelevant and disproportionate to the remaining battery claim. The parties identified this impasse in their July 10, 2026 joint status report (ECF No. 388) and filed a separate letter request for an informal discovery conference (ECF No. 391). The dispute remains unresolved.

**5. Telegram accounts of India Oxenberg and Paloma Pena.**

Roberts raises an issue related to Plaintiffs device disclosures. Plaintiffs state that Ms. Oxenberg used Telegram on an Android phone traded in approximately 2016, that she has no current Telegram account, and that their vendor found no cloud data as of August 31, 2026. Roberts has already produced Telegram communications with Ms. Oxenberg dated in 2017 that are relevant to the battery claim. Roberts asserts that the telegram messages she produced, dated in 2017, are inconsistent with the stated approximate 2016 trade-in of the Android phone by Ms. Oxenberg. Roberts has requested confirmation of the trade-in date, whether Ms. Oxenberg retained access to the same account on any later device or computer, and whether any cloud history was deleted and when. Roberts also asserts that Plaintiffs have not completed the same follow-up for Ms. Pena. See Ex. O Email correspondence from July 3 – Oct 13th, pg. 12, 13, 15, 16, 21, 22 & 23. The parties continue to meet and confer on this issue.

**6. Closing fact discovery on the battery claim.**

Roberts would like the Court to address whether fact discovery on the remaining battery claim against Roberts is substantially complete and whether a schedule should be set for the close of fact discovery and for summary-judgment briefing on that claim.

Dated: October 13, 2026

Respectfully submitted,

*/s/ J. Gordon Bergstresser*
J. Gordon Bergstresser
**DICELLO LEVITT LLP**
801 17th St. NW, Suite 430
Washington, DC 20006
Tel.: (202) 975-2288
gbergstresser@dicellolevitt.com

Greg G. Gutzler
Emma Bruder
**DICELLO LEVITT LLP**
485 Lexington Avenue, 10th Floor
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

Adam M. Prom
**DICELLO LEVITT LLP**
10 North Dearborn Street, 6th Floor
Chicago, IL 60602
(312) 214-7900
aprom@dicellolevitt.com

Agnieszka M. Fryszman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Manuel John Dominguez
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400

*/s/ Aaron M. Goldsmith, Esq*
**AARON M. GOLDSMITH, ESQ.**
225 Broadway, suite 715
New York, NY 10007
(914) 588-2679
aarongoldsmithlaw@gmail.com

*Attorney for Defendants Keith Raniere and Clare Bronfman*

*/s/ Robin Henry*
Robin A. Henry
Anne S. Aufhauser
Danielle L. Leavy
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSEN, LLP**
One New York Plaza
New York, NY 10004
(212) 859-8000
Robin.Henry@friedfrank.com
Anne.Aufhauser@friedfrank.com
Danielle.Leavy@freidfrank.com

*Attorneys for Defendant Sara Bronfman*

*/s/ Danielle Roberts*
**DANIELLE ROBERTS, MD**
*Defendant Pro Se*

jdominguez@cohenmilstein.com

Robert A. Swift
Zahra R. Dean
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2026, I caused the foregoing Joint Status Report to be filed through the Court's CM/ECF system, which will provide notice to all counsel of record.

Dated: October 13, 2026

Respectfully submitted,

*/s/ J. Gordon Bergstresser*
J. Gordon Bergstresser