*** Filed ***
11:18 PM, 14 Oct, 2026
U.S.D.C., Eastern District of New York

The Honorable Peggy Cross-Goldenberg
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Edmondson, et al. v. Raniere*, et al., 1:20-cv-00485 (E.D.N.Y.)**
**Defendant Roberts' Position for the October 20, 2026 Status Conference**

Dear Judge Cross-Goldenberg:

I write to brief the Court on my position ahead of the October 20 status conference. Because I am pro se and have limited experience with oral argument, I am providing this fuller written statement so that the Court has my position, the chronology, the scope I have already searched, and the specific relief I am requesting in one place. My hope is that this will expedite the conference to more easily resolve the remaining disputes, and move forward.

**1. Scope Is Limited to the Remaining Claim**

Only one claim remains against me: the battery claim brought by *four plaintiffs*. Every RICO, sex-trafficking, forced-labor, and conspiracy allegation against me has been dismissed (ECF No. 240). The Court further ordered that all language regarding my alleged knowledge of a broader conspiracy be stricken from the Fourth Amended Complaint (ECF No. 341). On September 30, 2026, the Court resolved the May 5 order to show cause and directed Plaintiffs to file a new amended complaint by October 7, 2026. Plaintiffs filed the Fifth Amended Complaint the same day. ECF No. 396. Discovery is limited to what is relevant to that *remaining claim by these four plaintiffs and proportional to the needs of the case as it now stands*. Fed. R. Civ. P. 26(b)(1).

Battery, under New York law, requires intentional offensive contact without consent. Consent must be **contemporaneous** — it must exist at the moment of the touching. Consent is vitiated only by duress or coercion that actually overcomes free will *at the time of the contact* and involves a wrongful threat of *imminent* harm by the defendant (or under her control). It is not defeated by later regret, by alleged deception about symbolic meaning, or by collateral that I never collected, never possessed, and never controlled. *See Cerilli v. Kezis, 16 A.D.3d 363 (2d Dep't 2005); Austin Instrument, Inc. v. Loral Corp., 29 N.Y.2d 124 (1971); Y.L. v. M.V., 2025 N.Y. Slip Op. 50727(U).* Those matters were handled by the women who invited the plaintiffs. I was second-line, invited and treated the same way they were, and given the same information about the brand.

Based on this, the scope of discovery I have defined, searched, and included in my interrogatory responses includes:

**Custodians:** Roberts' July 3 Ltr Response (2) 1. The four battery plaintiffs (Sarah Edmondson, India Oxenberg, Nicole Isbell, and Paloma Pena); 2. Their respective masters; (including Keith Raniere) and 3. Women in the same circle who participated in the branding process with them. Ex.

A (Roberts July 3rd Ltr). **Search Terms:** I applied the search terms the Plaintiffs provided, except the names of the entire Plaintiff list. I limited it to the custodians named above. Ex. B (Search Terms for Pls' RFPs to D Roberts). **Devices:** Across each device list in my device. Ex. C (Device List July 2026). **The ESI Process:** The process I used is outlined in my November 18, 2025 letter to the Magistrate. Ex. D (Dkt. 329 Ltr to mag docketed 11_18_25, pg 2-3).[1]

I have asked the plaintiffs numerous times to suggest another scope other than full device collection. I have not received an answer.

"Plaintiffs insist that you re-run Plaintiffs' operative search terms, reattached here for reference, across each device, account, and communication source that you possess, and produce each and every document or communication returned by these terms. For text messages, Plaintiffs request that you produce either (1) all messages within 24 hours before and after each search-term hit, or (2) the entire conversation thread, whichever is more practical. Plaintiffs will not insist that your production strictly comply with every technical requirement of the ESI Protocol—for example, we are willing to accept screenshots of messages…" Ex. E (July 9th email, pg. 2).

I did this, and responded "I do agree that all documents related to any potentially coercive actions taken towards the Plaintiffs by me in relation to the branding process are relevant to their consent to be branded, and I have included these in my searches. For example: search terms including "collateral," "deceit," and the like were included in my searches. Ex. E (July 10th email, pg 3).

This was still not satisfactory. I again asked for clear specification of the scope issues and got no alternative suggestion or definition of the scope.

Plaintiffs continued to assert – "…We take issue with the fact that you continue to exclude from the scope of your search and production categories of communications and documents based on your own pre-search determinations regarding custodians, subject matter, and relevance. Ex E (July 10th email, pg. 4).

I had complied with all but the full custodian list. Instead, they suggested their vendor collection of my full devices in this same email. I declined. Ex. E (July 20th email pg. 6).

Full device imaging is a drastic remedy that requires a concrete showing of spoliation or material withholding. Plaintiffs have made no such showing. Their complaints concern methodology and scope, not destruction or concealment of evidence. Their willingness to pay for the intrusion does not make it proportional. The 2015 Advisory Committee Notes to Rule 26(b)(1) expressly reject the idea that greater resources entitle a party to more intrusive discovery. Courts consistently treat forensic examination of personal devices as highly intrusive and require a stronger showing than mere disagreement over search parameters or scope. See, e.g., *John B. v. Goetz,* 531 F.3d 448, 460 (6th Cir. 2008); *Liederbach v. NYU Langone Hospitals*, 2025 WL 1952440 (S.D.N.Y. July 16, 2025).

---

[1] I searched Clare and Sara Bronfman as well in show of good faith – even though there were not involved in DOS or the branding process – I used all the search terms the plaintiffs provided – zero hits were returned (because I never spoke to either woman about DOS or Branding)

I asked again; "What scope do you suggest for a manual production that is less invasive than full device collection? I would like to understand whether Plaintiffs have a concrete, proportional alternative before this issue is presented to the Court and further time and resources are expended," Ex. E (July 20th, pg. 6). I still have not received an answer. Instead, Plaintiffs drafted a joint letter for Informal Discovery Conference on the issue. In this draft they included form issues they had never raised to me before that point – and seemingly planned to take the Court without doing so (See Form Issue section below).

Regarding scope, Plaintiffs contend that the surrounding circumstances – alleged deception, coercion, and the use of collateral – remain relevant to the battery claim against Dr. Roberts. But Plaintiffs' own pleading and their sworn interrogatory answers attribute every one of those acts to persons other than Dr. Roberts. Ex. F (Attribution Chart). The battery claim against Dr. Roberts concerns her own conduct: the physical contact and what she knew **at the time** of the alleged battery. Discovery into how other individuals recruited, deceived, and collateralized each Plaintiff belongs, if anywhere, to the claims against those individuals – not to the remaining claim against me. If this information exists it would already lie with the Plaintiffs, as they currently have the cooperation of the first-line members that were involved in this case.

In their draft joint letter, Plaintiffs contend that Rule 26(b)(1) permits broad discovery from me on "claims and defenses involving other parties." That reading is incorrect. After this Court's dismissal of all claims against me except the narrow battery claim (ECF No. 240) and its order striking language regarding my alleged knowledge of a broader conspiracy (ECF No. 341), the only claim remaining against me is battery by four plaintiffs. Discovery from a party is limited by the claims and defenses that actually remain against that party. Plaintiffs cannot use the existence of claims against co-defendants to force party discovery from me on theories this Court has already dismissed as to me. *See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351–52 (1978); Hickman v. Taylor, 329 U.S. 495, 507–08 (1947); John B. v. Goetz, 531 F.3d 448, 459–60 (6th Cir. 2008).* Broad discovery on dismissed theories is classic fishing and is neither relevant nor proportional under Rule 26(b)(1).

I have searched all search terms related to collateral, coercion, enrollment, force, branding, meanings, etc. using the search terms they provided on the custodians I listed above. I am not sure what else they contend is missing besides searching for every Plaintiff in this complaint - which is certainly irrelevant and overly broad to the Battery claim held by only four of the Plaintiffs.

The Court's own recent ruling confirms the proper limit. On September 18, 2026, the Court ordered production of a version of the July 11, 2017 New York State Police report with only one plaintiff's identifying information unredacted, stating that only that plaintiff's information was relevant to my defense and that there had been no showing that the other individuals' information was relevant (even though they reported consenting). The same principle applies to discovery from me. Plaintiffs have themselves insisted that discovery must be "tailored to the claims at issue." See ECF No. 393. The same standard applies here.

I remain willing to cure any legitimate form or completeness issues that fall within that proper scope. I will not open my personal devices to wholesale collection by Plaintiffs' vendor.

If the Court determines that Plaintiffs may later need information from Defendant on claims remaining against other defendants, the proper course is to resolve the battery claim against me first,

as this Court contemplated in ECF No. 298. Once that claim is resolved, Plaintiffs may seek my testimony as a third-party witness by subpoena, limited to topics relevant to the claims that remain against the other defendants. Forcing me to remain a party and submit to expansive party discovery on dismissed theories is neither necessary nor proportional.

**2. Form Issues Do Not Justify Forensic Device Collection**

Plaintiffs have been seeking full device collection for vendor review (email July 10th). They did this over a year after I had provided these documents to them (August 2025), and in the last 3 months while your honor and I are pushing to close discovery. July 31st they submitted a draft joint letter to me with form issues I that had never been brought to my attention. I sought to clarify these issues before bringing them to the Court. Ex. E (Aug. 10th, pg. 8, 10, Aug. 13th, pg. 11, Aug. 22nd, pg. 15).

They identify for the first time Aug. 28th 2026 some form deficiencies. Ex. E (Aug. 28th, pg. 20)

I attempt again Sept. 2nd to get particularity and cure any issues. Ex. E (Sept 2nd, pg. 21). I was met with a refusal to negotiate further.

It was not until I wanted this refusal included in the joint letter. Ex. E (Sept 8th, pg. 24); that Plaintiffs offered particularity. Ex. E (Sept 11th, pg 28).

I then cured or attempted to cure, (Ex. E, Sept 15th, pg. 29). I have not received any feedback regarding this cure despite multiple follow up emails in the past month. I also requested any additional deficiencies. Ex. E (Sept. 29th, pg. 35) I could address before the Oct. 20th conference.

I have offered to provide the same treatment for any additional specific Bates numbers Plaintiffs identify. Plaintiffs continue to seek forensic vendor collection of certain of my devices without identifying further particular deficiencies. Forensic collection is a drastic and intrusive remedy. It is not proportional to a single battery claim where the specific form issues that have been identified can be addressed by production of available original files, and where no showing has been made that relevant ESI has been withheld or destroyed. See Fed. R. Civ. P. 26(b)(1).

**3. Plaintiffs' Pattern of Expanding Scope and Delaying Resolution**

Plaintiffs' current demands continue a clear pattern. After failing repeatedly to substantiate predicate acts or knowledge of any enterprise against me (despite four opportunities by the Court), they now seek full forensic collection of my personal devices. They failed to strike language the Court ordered removed from the Fourth Amended Complaint regarding knowledge of a broader conspiracy. They waited nearly a year before raising these ESI and interrogatory disputes, and did not raise them until after I rejected their settlement offer and after the Magistrate ordered the parties, on June 9, 2026, to address whether discovery on the battery claim is complete and the parties' readiness to proceed with dispositive motion practice. In the meet-and-confer that followed, Plaintiffs stated that discovery on this last claim may take another year. They have spent the last three months not particularizing issues. They continue to conflate statutory medical informed consent (Public Health Law § 2805-d) with common-law battery consent. They have also submitted medical-board materials that I produced solely in connection with now-dismissed counterclaims—materials I specifically objected to as irrelevant to the battery claim (ECF No. 391)—in an apparent effort to place

extraneous material before the Court. I have asked Plaintiffs to propose any alternative, narrower scope. They have offered none. I asked them to particularize form issues; they contend the only solution is forensic collection.

**4. Interrogatory Responses**

**Interrogatories Nos. 3-6, 8, 10, and 14-19:** I have answered, under oath, those portions that bear on contemporaneous consent and the tolling record. The remainder seeks information about dismissed claims and my knowledge of alleged coercion or deceit attributed to others. My knowledge of any such coercion does not exist. I stand on those objections.

My knowledge of Collateral: I gave collateral willingly to back my word regarding two conditions when I was invited to DOS. First - My vow to keep the organization a secret. And Second: My lifetime commitment to obedience to my principles through my Master. The collateral I provided was not tied to any other aspect of my membership, including the brand. I assumed all women were invited in this same way. This process was standardized and has also been testified to in the criminal case by the governments own witness, Lauren Salzman, and another women from the same circle as two of the Battery Plaintiffs, Nik and India (Ex. G). I never recruited any of the four plaintiffs accusing me of battery (or any woman), nor collected, or held collateral and therefore was never in a position to threaten or release it. (Two of the four Plaintiffs, by the way, did recruit other women, collect, and hold their collateral). I had no knowledge of any woman in the organization ever threatening to release collateral or apply it to the branding process. I have searched all of my devices for any documents that would include this communication or knowledge. Again, if this information exists it would already lie with the Plaintiffs through first-line members.

My knowledge of the meaning of the symbol*:* Every interrogatory and Fifth Amended Complaint claim about deception is directed at first-line members. See Ex. F. They created the brand and the meaning. I was a second-line member, just as the others, and given the same information they were about the brand meaning. It is a logical impossibility that I could have given them the information they say they were deceived about. If they were deceived, then so was I.

The meaning of the brand has nothing to do with consent. Nothing in Salzman's account makes the brand's content a condition of joining. The invitation agreement named "the brand"; it did not agree on a design. Whether the mark was Keith's initials, another person's initials, a Greek letter, or an abstract symbol, the woman agreed to the same thing: to carry a permanent mark of her vow. A later objection to a detail she never asked about and never made a condition of the agreement does not turn a choice already made into force, fraud, or coercion. Consent is not defeated by later regret or by alleged deception about symbolic meaning. See *Cerilli v. Kezis*, 16 A.D.3d 363 (2d Dep't 2005); *Austin Instrument, Inc. v. Loral Corp.*, 29 N.Y.2d 124 (1971).

Conflation: Medical informed consent (Public Health Law § 2805-d) concerns risks versus benefits of a medical procedure. It is irrelevant to a common-law battery claim. ECF No. 391.

As a second-line member, I was invited the same way the four plaintiffs were, gave collateral the same way they did, was told the same conditions of joining (including receiving a brand), received the brand, and was given the same information about its meaning by the same first-line members. Plaintiffs' own allegations and the four plaintiffs' interrogatory answers attribute the creation and

explanation of the brand's meaning to those first-line members, not to me. I had no basis to know whether any of the four plaintiffs had been told anything different by their masters. On this record, I possessed no greater information about the brand's meaning or any alleged coercion than the plaintiffs themselves. Further interrogatories or depositions directed at whether I knew of deception or force attributable to others would seek information that is not relevant to the remaining battery claim and is not proportional under Rule 26(b)(1).

**Interrogatory No. 12:** The only issue in contention is if the initials of the women that are not Battery Plaintiffs are relevant. For discreetness's sake I excluded them – the same way your Honor excluded other women in the incident report despite the relation that they reported their experience as consensual.

**Interrogatory No 20 and 21:** Regarding Make Justice Blind and The Dossier Project - How does this relate to contemporaneous consent or the elements of battery? These organizations were established well after the branding process was concluded and have nothing to do with the elements.

Besides what I have provided here (to assure them and the Court that I have no knowledge of the sort) these interrogatories are not related to the elements of battery or the contemporaneous consent it turns on.

**5. Medical Board hearing record –** This connection conflates the concept of medical informed consent. Medical informed consent has to do with risks vs. benefits of a medical procedure, not the meaning of a symbol. It is also irrelevant here as this is a battery allegation, not a medical malpractice claim (see Doc 391).

**6. Telegram Accounts of India Oxenberg and Paloma Pena**

Plaintiffs state that Ms. Oxenberg used Telegram on an Android phone traded in approximately 2016, that she has no current Telegram account, and that their vendor found no cloud data as of August 31, 2026. I have already produced Telegram communications with Ms. Oxenberg dated in 2017 that are relevant to the battery claim. Those materials are inconsistent with a 2016 cutoff. A device trade-in does not establish that account-based message history was unavailable. I have requested multiple times confirmation of the trade-in date, whether Ms. Oxenberg retained access to the same account on any later device or computer, and whether any cloud history was deleted. There is no answer. The same questions remain open as to Ms. Pena.

The duty to preserve ESI attaches when litigation is reasonably anticipated. Fed. R. Civ. P. 37(e). Messaging-application data, including Telegram, is subject to that duty. If relevant Telegram communications existed after the duty attached and were not preserved or produced, that is a Rule 37(e) issue. Plaintiffs have not yet provided the follow-up information needed to determine whether relevant ESI was lost and, if so, whether reasonable steps were taken to preserve it. I request that the Court direct Plaintiffs to complete that follow-up before the close of fact discovery on the battery claim.

**7. Closing Fact Discovery on the Battery Claim**

Fact discovery on the single remaining battery claim has been open for more than 18 months (since March 2025). In the July 10, 2026 joint status report, I identified the core disputes over scope and proportionality. Three months later, the same disputes remain. I have responded to the specific form issues Plaintiffs have particularized. Continued open-ended discovery, while Plaintiffs seek information about surrounding circumstances and claims already dismissed as to me, is not proportional under Rule 26(b)(1) and delays resolution of the statute-of-limitations and consent issues the Court previously identified as appropriate for summary judgment.

The Court's own recent ruling on the incident report September 18, 2026, confirms the proper limit. The same principle applies to discovery from me.

The factual record on both consent and tolling is now developed. Plaintiffs' own verified responses identify no pre-filing misconduct by me that caused any delay in bringing suit, and they have produced no evidence of contemporaneous non-consent. In fact, admissions of consent currently reside in the Court's hands. Continuing to litigate the scope of discovery on theories this Court has already rejected serves only one purpose: delay.

The Court should:

1. Confirm that the scope of remaining discovery is limited to contemporaneous consent to the physical branding of the four plaintiffs (and the related tolling record);
2. Deny Plaintiffs' demand for full device collection by their vendor;
3. Allow Defendant to cure any legitimate form issues, if any exist;
4. Sustain Defendant's relevance and proportionality objections to the overbroad interrogatories;
5. Close fact discovery on the battery claim; and
6. Set a prompt schedule for summary-judgment briefing so that this final allegation can be resolved. See Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 1.

Dated: October 14, 2026

Respectfully submitted,

/s/ Danielle Roberts
Danielle Roberts, pro se

# Exhibit A

Danielle Roberts, DO, MS
danielle@drdanielleroberts.com
July 3, 2026

**VIA EMAIL**

Emma Bruder, Esq.
Dicello Levitt
ebruder@dicellolevitt.com

**Re: Edmondson et al. v. Raniere et al., 1:20-cv-00485-EK-CLP Reply to Plaintiffs Letter of July 1, 2026 re May 12 and May 28 Productions**

Dear Ms. Bruder:

Thank you for your letter of July 1, 2026. To provide context for the responses below, I first address my search methodology and scope.

**Search Methodology and Scope**

Consistent with the ESI process and search terms from Plaintiffs' First Set of Requests for Production, and as outlined in my November 18, 2025 letter (Dkt. 329) which Plaintiffs previously accepted, I conducted a good-faith, targeted **manual review** of my devices. As a pro se litigant operating under significant financial constraints, I performed keyword searches on all accessible devices rather than retaining a paid ESI vendor.

My review was reasonably limited to matters relevant to the **sole remaining battery claim** involving the four battery plaintiffs. Specifically, I searched for communications and documents involving:

1. The four battery plaintiffs (Sarah Edmondson, India Oxenberg, Nicole Isbell, and Paloma Pena);
2. Their respective masters; (including Keith Raniere) and
3. Women in the same circle who participated in the branding process with them.

I responded to the RFPs and used the search terms provided by Plaintiffs (attached), supplemented in good faith by additional reasonable terms likely to locate branding-related material. Communications containing these terms (or clearly related to branding or contemporaneous consent) were produced. I stand on my objections to RFPs as outlined in my Oct 21st 2025 *Answer to Plaintiffs' Second Request for Production of Documents* (attached). Broader searches into dismissed claims or unrelated individuals were not performed, as they would be disproportionate under Rule 26(b)(1) given the Court's narrowing of the claims against me (ECF No. 240 and 298).

I repeated this targeted search process three times in good faith: once upon identifying additional devices during my move, and twice more as a manual check of my work. The third search yielded no additional responsive productions.

**Identification of All Available Devices and Data Sources**

Device: 2 thumb drives:
First Drive:
Date first created: Dec 1969
Date last used: sometime 2020
Second drive:
Date first created: April 2019
Date last used: April 2019
Accessible and Functional: Yes

Device: Hard Drive
Date first used: Feb 2019
Date last used: Feb 2019
Accessible and Functional: Yes – empty

Device: Hard Drive
Date first used: Dec 1969
Date last used: April 2015
Accessible and Functional: Yes

Device: Hard Drive
Date first used: April 2015
Date last used: April 2018
Accessible and Functional: Yes
Reason not accessible/functional: some files didn't transfer or are inaccessible/inoperable
Data available from backup or data transfer: Yes. Available on MacBook Air

Device: Hard Drive
Date first used: April 2010
Date last used: June 2016
Accessible and Functional: Yes

Device: Hard Drive
Date first used: June 2015
Date last used: May 2026
Accessible and Functional: Yes

Device: MacBook Pro
Date first used: 2013
Date last used: 2025
Accessible and Functional: Yes
Data available from back up: all transferable data copied to MacBook Air

Device: MacBook Air
Date first used: 2025
Date last used: July 2026
Accessible and Functional: Yes

Device: iPhone 11 Pro
Date first used: unknown
Date last used: 2023
Accessible and Functional: No. Traded in
Data available from back up: all transferable data copied to iPhone 13 Pro

Device: iPhone 13 Pro
Date first used: sometime in 2023
Date last used: July 2026
Accessible and Functional: Yes

**Video Productions (May 12 and May 28)**

I will upload the audio file that is not processing. The videos were produced in the form requested and are responsive to the battery claim. Plaintiffs already have access to and have downloaded them.

GX 441_SE Video_v1 is an exhibit I received in the medical hearing. The other video was compiled from publicly accessible media. Plaintiffs are not entitled to the identity of any third-party technical assistant or precise original file locations. The produced files speak for themselves. Any further inquiry into editors or editing processes exceeds the scope of Rule 26(b)(1) and is not proportional.

**II. May 28 Document Production – Question 1: Messages between Audry McIntyre and Lauren Salzman (Roberts 5–6)**

These messages fall within category 3 above (women in the same circle who participated in the branding process with the battery plaintiffs) and were therefore included in my targeted search. The screenshots were located on my Mac computer and produced because they relate to the branding process and consent issues.

Plaintiffs have not shown good cause for spoliation, authenticity, or chain-of-custody concerns. Requiring additional provenance details (source person, exact date received, and purpose) is not proportional under Rule 26(b)(1) given my pro se status, the financial constraints previously acknowledged by the Court, and the manual ESI process outlined in my November 18, 2025 letter (Dkt. 329), which Plaintiffs previously accepted.

**May 28 Document Production – Question 3: Emails Associated with Danielle@exoeso.com**

The email account Danielle@exoeso.com was disabled years ago and I no longer have access to any stored emails from that account. I have produced any relevant emails from that address that were in my possession or that I was able to locate. I do not know who disabled the account, the exact date, or the reason. To my knowledge, there was no backup or migration.

Further details are not proportional under Rule 26(b)(1).

**Questions 4–4a: Identity of "Master" and Related Communications**

The WhatsApp communication at Roberts 31–33 does **not** fall within the three categories above and was therefore outside my standard ESI search. I produced it voluntarily as a supplemental production because it directly addresses branding and contemporaneous consent for the battery claim. This single good-faith supplemental production does not expand the scope of discovery or require a broader search. Identification of the non-party "Master" is neither relevant nor proportional. Plaintiffs are not entitled to the identity for deposition purposes.

**Request for Complete Communications with or About Battery Plaintiffs (including full Telegram with India Oxenberg)**

I produced all responsive communications falling within the three categories described above using the Plaintiffs outlined search terms. Plaintiffs' demand for complete, unredacted years-long Telegram conversations and broad communications "about" the plaintiffs or DOS is disproportionate to the discrete battery claim and exceeds Rule 26(b)(1), particularly given the Court's direction to prioritize this claim (ECF No. 298; June 9, 2026 Status Report Order). Communications with Sara and Clare Bronfman are irrelevant, as they had no involvement in the branding.

I remain willing to meet and confer on any **specifically identified** additional documents Plaintiffs believe are missing and directly relevant to the battery claim or tolling. I suggest a meet-and-confer on Monday, July 6 at 12pm to resolve remaining issues before the July 10 joint status report. I believe fact discovery on the battery claim is substantially complete.

Respectfully,

/s/ Danielle Roberts

Danielle Roberts, DO, MS
Pro Se Defendant

**Attachments:**

- Plaintiffs' First Set of Requests for Production with search terms used
- Oct 21st 2025 *Answer to Plaintiffs' Second Request for Production of Documents* (attached)

Cc: All counsel of record (via email)

# Exhibit B

| | | | |
|---|---|---|---|
| | | | Isbell OR India OR Oxenberg OR Soukiana OR Mehdaoui OR Rachel OR Widjaja OR Jessica OR Joan OR Salazar OR Valerie OR Haney OR Daniella OR Padilla OR Veronica OR Jaspeado OR Crystal OR Brooks OR Katrina OR Veerman OR Lyvia OR Cohen OR Melissa OR Rodriguez OR Nicki OR Clyne OR Allison OR Warnyca OR Camilla OR Fernandez OR Loreta OR Garza OR Rosa OR Laura OR Junco OR Pamela OR Arstikaitis OR Charlotte OR Giroux OR Leah OR Mottishaw OR Monica OR Duran OR Sylvie OR Lloyd) |
| 9 | All Documents referring to why potential or actual DOS members were told to provide collateral. | Term-008 (repeated) | contents: (collateral AND (DOS OR "Dominus Obsequious Sororium" OR "The Sorority" OR "The Vow")) |
| 10 | All Documents referring to the release or disclosure of collateral supplied by any potential or actual DOS member. | Term-008 (repeated) | contents: (collateral AND (DOS OR "Dominus Obsequious Sororium" OR "The Sorority" OR "The Vow")) |
| 11 | All Documents referring to a potential or actual DOS member asking for the return or destruction of collateral. | Term-008 (repeated) | contents: (collateral AND (DOS OR "Dominus Obsequious Sororium" OR "The Sorority" OR "The Vow")) |
| 12 | All Documents referring to any Plaintiff. | Term-009 | contents: (Adrian OR Fernandez OR Adrienne OR Stiles OR Alejandro OR Balassa OR Alison OR Rood OR Allison OR Warnyca OR Andrea OR Hammond OR Anthony OR Ames OR Anthony OR Madani OR Ariella OR Menashy OR Ashley OR Harvey OR Ashley OR Mclean OR Bonnie OR Piesse OR Brieanna OR Fiander OR Camila OR Fernandez OR Chad OR Williams OR Charlotte OR Giroux OR Christopher OR Black OR Daniela OR Fernandez OR Deanne OR Brunelle OR Elham OR Menhaji OR Erika OR Weissenborn OR India OR Oxenberg OR Jeffrey OR Golfman OR Jennifer OR Kobelt OR Branson OR Jessica OR Joan OR Salazar OR Karla OR Diaz OR Cano OR Katie OR Shaw OR Ken OR Kozak OR Kristin OR Taravella OR Lindsay OR MacInnis OR Maja OR Miljkovic OR Mark OR Vicente OR Mathieu OR Madeleine OR Carrier OR Michelle OR Neal OR Nik OR Isbell OR Owen OR Giroux OR Paloma OR Pena OR Pamela OR Cooley OR Philip OR Akka OR Polly OR Green OR Rachel OR Widjaja OR Robert OR Gray OR Rod OR Christiansen OR Sara OR Lim OR Sarah OR Edmondson OR Sarah OR Wall OR Scott OR Starr OR Shayna OR Holmes OR Soukiana OR Mehdaoui OR Stephanie OR Fair-Layman OR Susan OR Patricia OR Vieta OR Tabitha OR Chapman OR Valerie OR Heckel OR Veronica OR Jaspeado OR Yan OR Huang)) |
| 13 | All Documents referring to Ultima and exo\|eso. | Term-010 | contents: (Ultima OR EXO OR ESO OR "EXO/ESO") |
| 14 | All Documents referring to how You became involved with Ultima or exo\|eso. | Term-010 (repeated) | contents: (Ultima OR EXO OR ESO OR "EXO/ESO" OR "Executive Success Organization") |

| | | | |
|---|---|---|---|
| 15 | All Documents referring to the responsibilities, decision-making process, status, or titles of the individuals who conceived of or created Ultima and exo\|eso. | Term-010 (repeated) | contents: (Ultima OR EXO OR ESO OR "EXO/ESO") |
| 16 | All Documents referring to recruiting people or suggesting, persuading, or advising any person to be part of Ultima, exo\|eso, or DOS. | Term-010 (repeated) | contents: (Ultima OR EXO OR ESO OR "EXO/ESO") |
| 17 | All curriculum developed for Ultima and exo\|eso. | Term-010 (repeated) | contents: (Ultima OR EXO OR ESO OR "EXO/ESO") |
| 18 | All Documents referring to the criteria and decisions regarding positions, responsibilities, promotions, and compensation of trainers for Ultima and exo\|eso. | Term-010 (repeated) | contents: (Ultima OR EXO OR ESO OR "EXO/ESO") |
| 19 | All Documents referring to compensation of You or any member of the NXIVM community, including from any NXIVM-related entity, group or organization, or from any other member of the NXIVM community. | Term-011 | contents: ((compensat* OR payment* OR gift* OR reward* OR fee* OR wage* OR salary OR stipend OR commission OR bonus OR reimbursement) w/10 (Keith OR Raniere OR Nancy OR Salzman OR Clare OR Bronfman OR Sara OR Bronfman OR Lauren OR Salzman OR Allison OR Mack OR Kathy OR Russell OR Karen OR Unterreiner OR Brandon OR Porter OR Danielle OR Roberts OR Daniella OR Padilla OR Bergeron OR Rosa OR Laura OR Junco OR Loreta OR Garza OR Davila OR Monica OR Duran OR Nicki OR Clyne OR Pam OR Cafritz OR Kristin OR Keeffe OR Edgar OR Boone OR Dawn OR Morrison OR Monica OR Duran OR Sarah OR Peters OR Emiliano OR Salinas OR Alex OR Betancourt OR NXIVM OR “Executive Success Programs” OR ESP OR "Ethical Science Foundation" OR ESF OR “First Principles” OR “Ethical Humanitarian Foundation” OR "Rainbow Cultural Garden" OR RCG OR Jness OR “Society of Protectors” OR SOP OR Ultima OR EXO OR ESO OR “The Source” OR “The Knife” OR Delegates OR “Ten-C” OR “VIP Program” "Dominus Obsequious Sororium" OR DOS OR “The Vow” OR “The Sorority” OR Ethletics OR "Moving Pixels" OR Sagitta OR "Inner Circle")) |
| 20 | All Documents referring to Your progress on the stripe path. | Term-012 | contents: ("stripe path") |
| 21 | All Documents referring to so-called “value exchanges.” | Term-013 | contents: (value w/2 exchange*) |
| 22 | All Documents referring to Keith Raniere’s personal relationships, sexual contact, or expressions of physical attraction or interest in female members of NXIVM. | Term-014 | contents: (Raniere AND (relationship* OR sex* OR attract* OR (interest* w/2 in) OR romantic OR affair* OR intimate) AND (female OR woman OR women OR girl* OR NXIVM)) |

| | | | |
|---|---|---|---|
| 23 | All Documents and Communications between or among You and any other Defendant, DOS member, Plaintiff, or federal government agency, including the Department of Justice or the New York Department of Health regarding NXIVM or DOS. | Term-015 | (from:([D. ROBERTS_CONTACTS] OR to:[D. ROBERTS_CONTACTS]) AND (contents:(NXIVM OR “Executive Success Programs” OR ESP OR “Ethical Science Foundation” OR ESF OR “First Principles” OR “Ethical Humanitarian Foundation” OR "Rainbow Cultural Garden" OR RCG OR Jness OR “Society of Protectors” OR SOP OR Ultima OR EXO OR ESO OR “The Source” OR “The Knife” OR Delegates OR “Ten-C” OR “VIP Program” "Dominus Obsequious Sororium" OR DOS OR “The Vow” OR “The Sorority” OR Ethletics OR "Moving Pixels" OR Sagitta OR "Inner Circle" OR Keith OR Raniere OR Nancy OR Salzman OR Clare OR Bronfman OR Sara OR Bronfman OR Lauren OR Salzman OR Allison OR Mack OR Kathy OR Russell OR Karen OR Unterreiner OR Brandon OR Porter OR Danielle OR Roberts OR Daniella OR Padilla OR Bergeron OR Rosa OR Laura OR Junco OR Loreta OR Garza OR Davila OR Monica OR Duran OR Nicki OR Clyne OR Pam OR Cafritz OR Kristin OR Keeffe OR Edgar OR Boone OR Dawn OR Morrison OR Monica OR Duran OR Sarah OR Peters OR Emiliano OR Salinas OR Alex OR Betancourt OR Adrian OR Fernandez OR Adrienne OR Stiles OR Alejandro OR Balassa OR Alison OR Rood OR Allison OR Warnyca OR Andrea OR Hammond OR Anthony OR Ames OR Anthony OR Madani OR Ariella OR Menashy OR Ashley OR Harvey OR Ashley OR Mclean OR Bonnie OR Piesse OR Brieanna OR Fiander OR Camila OR Fernandez OR Chad OR Williams OR Charlotte OR Giroux OR Christopher OR Black OR Daniela OR Fernandez OR Deanne OR Brunelle OR Elham OR Menhaji OR Erika OR Weissenborn OR India OR Oxenberg OR Jeffrey OR Golfman OR Jennifer OR Kobelt OR Branson OR Jessica OR Joan OR Salazar OR Karla OR Diaz OR Cano OR Katie OR Shaw OR Ken OR Kozak OR Kristin OR Taravella OR Lindsay OR MacInnis OR Maja OR Miljkovic OR Mark OR Vicente OR Mathieu OR Madeleine OR Carrier OR Michelle OR Neal OR Nik OR Isbell OR Owen OR Giroux OR Paloma OR Pena OR Pamela OR Cooley OR Philip OR Akka OR Polly OR Green OR Rachel OR Widjaja OR Robert OR Gray OR Rod OR Christiansen OR Sara OR Lim OR Sarah OR Edmondson OR Sarah OR Wall OR Scott OR Starr OR Shayna OR Holmes OR Soukiana OR Mehdaoui OR Stephanie OR Fair-Layman OR Susan OR Patricia OR Vieta OR Tabitha OR Chapman OR Valerie OR Heckel OR Veronica OR Jaspeado OR Yan OR Huang OR “Department of Justice” OR DOJ OR “Department of Health” OR DOH OR “Office of Professional Medical Conduct” OR OPMC OR "Federal Bureau of Investigation" OR FBI)) |

| | | | |
|---|---|---|---|
| 24 | All Documents and Communications from or to NXIVM-affiliated individuals referring to the retention of legal counsel to represent You or any other NXIVM-affiliated individuals or entities in legal proceedings, or make complaints to law enforcement or regulators about people on behalf of NXIVM-affiliated individuals or entities | Term-016 | (from:([D. ROBERTS_CONTACTS] OR to:[D. ROBERTS_CONTACTS])<br>AND<br>(contents:((retain* OR hire* OR engag* OR consult* OR “spoke to” OR “speak to” OR contact* OR (reach* w/2 out)) AND ((counsel OR attorney* OR lawyer* OR "law firm" OR "legal representation" OR "file complaint" OR police OR cops OR "law enforcement" OR regulator* OR "Federal Bureau of Investigation" OR FBI OR “Department of Justice” OR DOJ ) AND (NXIVM OR ESP OR "Executive Success Programs" OR DOS OR "Dominus Obsequious Sororium" OR Jness OR SOP OR "Society of Protectors" OR ESO OR EXO OR "Ethical Science Foundation" OR "Rainbow Cultural Garden" OR RCG OR "The Knife" OR Source OR Ultima OR Delegates OR "Ten-C" OR "Ethical Humanitarian Foundation" OR "First Principles" OR Ethletics OR "Moving Pixels" OR Sagitta OR "Inner Circle”))) |
| 25 | All Documents referring to how to respond to reports, coverage, or criticisms of NXIVM in news media, blogs and other public outlets, including but not limited to general instructions, plans, or guidelines, crafting of specific statements, records of statements made to public outlets, and discussions regarding statements made to public outlets. | Term-017 | contents: ((respond* OR handl* OR address* OR manage* OR "deal with" OR discuss* OR statement* OR (press w/2 release*) OR “talking point")<br>w/20<br>(media OR blog* OR vlog* OR documentary OR article* OR post* OR report* OR coverage OR critic* OR story OR press OR journalist) w/20 (NXIVM OR “Executive Success Programs” OR ESP OR “Ethical Science Foundation” OR ESF OR “First Principles” OR “Ethical Humanitarian Foundation” OR "Rainbow Cultural Garden" OR RCG OR Jness OR “Society of Protectors” OR SOP OR Ultima OR EXO OR ESO OR “The Source” OR “The Knife” OR Delegates OR “Ten-C” OR “VIP Program” "Dominus Obsequious Sororium" OR DOS OR “The Vow” OR “The Sorority” OR Ethletics OR "Moving Pixels" OR Sagitta OR "Inner Circle")) |
| 26 | All Documents referring to the loss or suspension of Your license to practice medicine in any jurisdiction based in whole or in part on Your involvement in NXIVM or DOS. | Term-018 | contents: ((license* OR "medical license" OR suspend* OR revok* OR disciplin* OR (los* w/3 license) OR "medical board" OR "state board" OR "board of medicine") AND (NXIVM OR “Executive Success Programs” OR ESP OR “Ethical Science Foundation” OR ESF OR “First Principles” OR “Ethical Humanitarian Foundation” OR "Rainbow Cultural Garden" OR RCG OR Jness OR “Society of Protectors” OR SOP OR Ultima OR EXO OR ESO OR “The Source” OR “The Knife” OR Delegates OR “Ten-C” OR “VIP Program” "Dominus Obsequious Sororium" OR DOS OR “The Vow” OR “The Sorority” OR Ethletics OR "Moving Pixels" OR Sagitta OR "Inner Circle")) |

| | | | |
|---|---|---|---|
| 27 | All Documents referring to losing, destroying, discarding, altering, or mutilating any Documents (hard copy or electronic) by You or anyone else referring to DOS, DOS members, or the DOS Plaintiffs. | Term-019 | contents: ((lose* OR lost OR destroy* OR delet* OR discard* OR alter* OR mutilat* OR shred* OR "get rid of" OR remove OR erase OR wipe*)<br>AND (document* OR file* OR record* OR email* OR message* OR note* OR data OR evidence)<br>AND (DOS OR "Dominus Obsequious Sororium" OR "The Sorority" OR "The Vow" OR (DOS w/2 member*) OR Lauren OR Salzman OR Sarah OR Edmondson OR Audrey OR McIntyre OR Jimena OR Garza OR Carola OR Garza OR Amanda OR Canning OR Charmel OR Bowden OR Erika OR Weissenborn OR Kristin OR Taravella OR Paloma OR Pena OR Margarita OR Garcia OR DeAlva OR Allison OR Mack OR Danielle OR Roberts OR Michelle OR Hatchette OR Nicole OR Isbell OR India OR Oxenberg OR Soukiana OR Mehdaoui OR Rachel OR Widjaja OR Jessica OR Joan OR Salazar OR Valerie OR Haney OR Daniella OR Padilla OR Veronica OR Jaspeado OR Crystal OR Brooks OR Katrina OR Veerman OR Lyvia OR Cohen OR Melissa OR Rodriguez OR Nicki OR Clyne OR Allison OR Warnyca OR Camilla OR Fernandez OR Loreta OR Garza OR Rosa OR Laura OR Junco OR Pamela OR Arstikaitis OR Charlotte OR Giroux OR Leah OR Mottishaw OR Monica OR Duran OR Sylvie OR Lloyd)) |
| 28 | All Documents You consulted in connection with responding to the Interrogatories in this matter. | N/A | N/A - not covered by search strings |

# Exhibit C

**CONFIDENTIAL**

**DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SARAH EDMONDSON, *et al.* | * | |
| Plaintiffs, | * | 1:20 - cv - 00485-EK-CLP |
| v. | * | |
| Keith Raniere, *et al.* | * | |
| Defendants. | * | |

**ROBERTS JULY 3rd, 2026 SUPPLEMENTAL DEVICE PRESERVATION DISCLOSURES**

Device: 2 thumb drives:
First Drive:
Date first created: Dec 1969
Date last used: sometime 2020
Second drive:
Date first created: April 2019
Date last used: April 2019
Accessible and Functional: Yes

Device: Hard Drive
Date first used: Feb 2019
Date last used: Feb 2019
Accessible and Functional: Yes – empty

Device: Hard Drive
Date first used: Dec 1969
Date last used: April 2015
Accessible and Functional: Yes

Device: Hard Drive
Date first used: April 2015
Date last used: April 2018
Accessible and Functional: Yes
Reason not accessible/functional: some files didn't transfer or are inaccessible/inoperable
Data available from backup or data transfer: Yes. Available on MacBook Air

Device: Hard Drive
Date first used: April 2010
Date last used: June 2016
Accessible and Functional: Yes

Device: Hard Drive
Date first used: June 2015
Date last used: May 2026
Accessible and Functional: Yes

Device: MacBook Pro
Date first used: 2013
Date last used: 2025
Accessible and Functional: Yes
Data available from back up: all transferable data copied to MacBook Air

Device: MacBook Air
Date first used: 2025
Date last used: July 2026
Accessible and Functional: Yes

Device: iPhone 11 Pro
Date first used: unknown
Date last used: 2023
Accessible and Functional: No. Traded in
Data available from back up: all transferable data copied to iPhone 13 Pro

Device: iPhone 13 Pro
Date first used: sometime in 2023
Date last used: July 2026
Accessible and Functional: Yes

# Exhibit D

Kan. 2023) – cost-shifting based on party resources and proportionality, even where data were accessible. Bilek v. Fed. Ins. Co., No. 19-cv-8389 (N.D. Ill. Nov 29, 2023) – Judge in an order on bifurcated discovery, applied Zubulake factors to limit discovery obligations relative to the party's ability to pay. Zubulake v. UBS Warburg LLC, 217 F.R.D. 309 (S.D.N.Y. 2003) – foundational precedent outlining criteria for cost-shifting in e-discovery.

In the present case, your Honor, the proportionality should be applied and I ask your protection especially when there is only one single cause of action remaining against me, since all of the others were brought frivolously and dismissed.

This is the process I have conducted thus far and suggest moving forward if Your Honor would be so gracious (I have attached the current ESI protocol agreed upon by Counsel for your reference – EXHIBIT 3):

1. I have conducted a thorough search of all devices in my possession, access or control (laptop, iPhone, hard drive, etc) as listed and defined in the discovery instructions at the top of our requests to each other. I have produced all "documents" as defined in these instructions as well and within the 30-day time periods requested.
2. In order to achieve this I have:
    a. Searched any words I could think of that would produce the documents they are requesting and/or would provide information as to the interrogatories they are asking pertaining to the remaining four Battery Plaintiffs left with a claim against me.
    b. In addition, I have used any key words contained in their requests, or any synonym that could yield results.
        i. After their second submission of the same requests, now with the search terms, I repeated my process. Their additional search terms did not yield any additional results. Illustrating that my process is thorough.
    c. On each device I have used the main spotlight search bar on my device to search the entire device for documents or folders that may contain pertinent documents.
    d. In addition, I have gone through any folder on my devices that may contain pertinent information that I am aware of.
    e. If there were documents that may contain key words or information related to the requests (ie: telegram conversations, emails, etc.) I have searched each individual document for those key terms or any additional common sense ones that would yield requested information.
    f. I then either provided the entire document, the entire document with redacted information, or a screen shot of the pertinent information from the document if providing the entire document was outside of the scope of the request as per the discovery instructions.
    g. I am not super technologically savvy. I am working on a MAC and have no training in metadata, file management, TIFF, Jif or the like. If the document was a word document I saved it as a PDF instead to prevent alteration. Pictures, video files, audio files or other document forms I have left in their original form.
    h. For the documents, I created a duplicate and compiled them into a single file with the assistance of a friend who knows how to use adobe so that I could organize and Bate stamp each item in one continuous document for the Plaintiffs.
    i. I created a corresponding table of contents for the Plaintiffs reference corresponding to their numerical requests.

j. For any audio files or Video files I have created a duplicate and complied those into a secure Drop Box folder that I plan to share securely with Ms. Dean and Mr. Hoese, (as well as Defendants Counsel) with Your Honor's permission.
    i. Due to the very personal nature of this case I am requesting that documents, (audio, video and picture files) that should only be revealed to the court be sealed. For example, there are explicit and sensitive videos of Ms. Edmonson that I have waiting to send over to the Plaintiffs that I would request be sealed to protect her, as well as videos of myself or any others that may be produced upon further searches. I will update my index and indicate these documents clearly.

k. I have defined what is outside the scope of discovery and what is pointed to the last allegation remaining against me in my responses and objections to the Plaintiffs individual requests and I have done this twice since they Plaintiffs have submitted a second request with search terms two months after their first request was sent.

These are the items I am and have produced forthwith utilizing this process (see EXHIBITs 4-6 as listed directly below):

EXHIBIT 4: ANSWER TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS
EXHIBIT 5: RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFFS (Roberts Discovery Response 1 092225)
   a. Roberts Table of contents
   b. ROBERTS DOCUMENTS BATES STAMPED
EXHIBIT 6: ANSWER TO PLAINTIFFS' SECOND, FIRST REQEUST FOR PRODCUTION OF DOCUMENTS

This process alone has been cumbersome and has taken all of my waking hours outside of work to achieve, as well as leaning on my friends for favors to help me with the technicalities. I have made every good faith effort to cooperate through manual, limited, or incremental review methods within my technical capabilities. I have done this timely and willingly. The Plaintiffs on the other had have continued to abuse their power in this legal process.

**Issue 2:** The Plaintiffs' continued abuse of process in this case by adding undue and disproportionate burden on me as a Pro Se litigant that does not have the same time, education, capacity, resources or funding.

Where we are: In the recent meet and confer the Plaintiffs insisted that we cannot move forward without search terms. I maintain my position that this is not necessary that my initial requests in my Second Set of Requests to the Plaintiffs for Discovery are specific and pointed to the commonsense requests I have made. My requested search terms are obvious and contained within the request (EXHIBIT 7). They can either produce the documents and answers requested regarding the one last claim that is in question against me and prove tolling, or not. However, I understand the state of New York requires licensed attorneys to adhere to ESI protocols. The Plaintiffs suggested search terms they could use to adhere to this protocol when answering my requests (EXHIBIT 8). I have provided additional search terms and narrowed my requests of them to requests only pointed to the ONE remaining claim against me. I submitted my first set of requests before I understood the nature of discovery and that it is pointed only at the ONE remaining allegation against me, Battery. My initial understanding of discovery was that I would

Exhibit E

**Edmondson v Raniere: DR July 3rd Discovery Replies (3)**

53 messages

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Fri, Jul 3, 2026 at 8:16 PM
To: Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, Emma Bruder <ebruder@dicellolevitt.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Robert A. Swift" <rswift@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>

Counsel,

Attached are 3 replies to your recent letters, along with their corresponding attachments.
Please confirm the best time for us to meet Monday.

**Danielle Roberts, DO, MS**

**8 attachments**

**DR reply to P Letter of June 30th DR Rog Def.pdf**
90K

**Device List July 2026.pdf**
81K

**DR Answer to Plaintiffs First Interrogatories.pdf**
274K

**Roberts Discovery Response 1 092225 (docs then rogs).pdf**
458K

**Search Terms for Pls' RFPs to D Roberts.PDF**
494K

**OCT 21 2025 DR Production to Plaintiffs second RFP with search terms.pdf**
158K

**Response to July 1 letter.pdf**
124K

**My Reply to Letter of July 17th.pdf**
75K

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Mon, Jul 6, 2026 at 8:59 PM
To: Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, Emma Bruder <ebruder@dicellolevitt.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Robert A. Swift" <rswift@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>

Emma,

Here are my responses to the outstanding items from today's meeting:

1. All videos are now uploaded to Progress Share File as your team requested.
2. My position on the interrogatory responses remains the same as set forth in my July 3rd 2026 letter.
3. To clarify the email accounts, I searched:
   a. Drdanielledo@gmail.com – was the only email address I had at the times from the start of DOS to the end of the branding processes. This is the one I searched for all communications with the 4 battery plaintiffs, their masters, and circles.
   b. In addition, I have searched anything I had active on Telegram, WhatsApp, and Facebook from the start to the end of DOS.

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today

2. The messaging applications you have searched

3. The additional search terms I requested

4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

[Quoted text hidden]

**Emma Bruder** <ebruder@dicellolevitt.com> Thu, Jul 9, 2026 at 12:35 AM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Robert A. Swift" <rswift@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>

Hi Danielle,

**ESI Process & Discovery Scope:** Thank you for providing additional detail regarding your review process and the devices/accounts searched. Based on your explanation, our understanding is that you manually limited your review to communications involving what you described as the relevant “ring” of people—i.e., the four Battery Plaintiffs, their “masters,” Keith Raniere, and individuals you viewed as related to the branding process. In other words, before applying search terms, you excluded communications outside the set of people you deemed related to branding. Plaintiffs do not agree to this exclusion.

We are also troubled by your assertions that you have excluded from your productions documents that do not fit your unilaterally narrowed view of relevance. For example, you indicated the only documents related to consent that you were producing related to “contemporaneous” consent. As you know, Plaintiffs do not view the issue of consent so narrowly, and believe all documents related to any potentially coercive actions taken towards Plaintiffs are relevant to their consent to be branded. And moreover, that you share the obligation under Fed. R. Civ. P. 26(b)(1) to provide discovery “regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[,]” and that Plaintiffs’ requests are not unduly burdensome. Plaintiffs cannot accept a production that excludes these relevant documents and is narrowed based on such limited and self-serving relevance determinations.

Accordingly, Plaintiffs insist that you re-run Plaintiffs’ operative search terms, reattached here for reference, across each device, account, and communication source that you possess, and produce each and every document or communication returned by these terms. For text messages, Plaintiffs request that you produce either (1) all messages within 24 hours before and after each search-term hit, or (2) the entire conversation thread, whichever is more practical. Plaintiffs will not insist that your production strictly comply with every technical requirement of the ESI Protocol—for example, we are willing to accept screenshots of messages. For other documents, such as emails, documents, and media files, you may produce loose native versions through the same ShareFile link you recently used.

Additionally, your description of your collection process does not appear to address whether you searched for responsive paper records. To the extent any responsive paper records exist, please immediately produce scanned copies, provide paper copies, or make them available for inspection and copying.

If you decline to conduct and produce from the above-described search, Plaintiffs intend to seek relief from the Court, including an order compelling collection and production from your devices/accounts as described, or that you make those devices available for inspection and copying.

Related to your unilaterally narrowed scope of discovery, for Plaintiffs’ interrogatory requests at issue in our June 30, 2026 letter and your July 3, 2026 response: we understand that you are maintaining your objections, per your below email. Assuming that remains accurate, Plaintiffs understand the parties to be at an impasse and intend to move to compel supplemental responses.

**Video and Audio Files:** Thank you for uploading the materials to ShareFile. However, you continue to refuse to provide information about the origin and editor(s) of the files. This information is plainly relevant and necessary to assess the files. It would also be produced in the ordinary course if you complied with the ESI protocol. Because we remain unable to resolve this issue, Plaintiffs intend to seek relief from the Court.

**Additional Search Terms:** To address your request for positive or neutral consent-related terms, including examples such as “thank you,” “grateful,” “love it,” “support,” and “sisterhood,” Plaintiffs have added the following two search strings:

1. (branding OR branded OR ceremony OR burn*) w/20 (support* OR love OR grateful OR sisterhood OR “thank you” OR privilege OR honor OR proud)
2. “DOS” w/20 (support* OR love OR grateful OR sisterhood OR “thank you” OR privilege OR honor OR proud)

We are also providing a hit report below reflecting the resulting 1,337 documents from these terms.

**CDS_KSG_EdmondsonvRaniere (ECA)**

**Search Terms Report**

**Report Name:** 20260707_[2] Term Request **Searchable Set:** 01. 00_BATT 1.1.2015 - 1.1.2020 [834,101]




**Results Summary**

| Documents in searchable set | Total documents with hits | Total documents with hits, including Group | Total documents without hits |
|---|---|---|---|
| 834,101 | 636 | 1,337 | 833,465 |



**Messaging Applications:** We will follow up tomorrow after we hear back from our ESI vendor with a list of the messaging applications included in the Battery Plaintiffs' productions.

Regarding the start and end date of the Plaintiffs' use of each messaging app, please point us to the discovery request seeking that information.

**Patreon production:** Stacey responded separately earlier tonight regarding the Patreon production.

Thanks,

Emma


Emma Bruder
**DICELLO LEVITT**
646.933.1000



This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.


[Quoted text hidden]

---

**Search Terms for Pls' RFPs to D Roberts.PDF**
494K

---

**Emma Bruder** <ebruder@dicellolevitt.com> Thu, Jul 9, 2026 at 11:59 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Robert A. Swift" <rswift@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>

Hi Danielle,

We are working on providing this information to you, but certain team members were unavailable today due to depositions occurring in other matters, which is resulting in a slower response than anticipated, unfortunately. We expect to provide this information this week, and we will follow up when we have it available.

Thanks in advance for your patience.

Best,

[Quoted text hidden]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Fri, Jul 10, 2026 at 12:26 AM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Robert A. Swift" <rswift@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>

Hi Emma,
Thank you for your prompt response.

**ESI Process & Discovery Scope:** I would like to clarify:

As I am doing a manual review of all devices and communications, it seems appropriate to narrow the scope of what is searched to items that will be reasonably responsive to the allegation at hand. Searching every communication with every person I have had communication with during this time period is disproportionate. What do the Plaintiffs suggest as a solution? I don't believe searching all communications and documents for every Plaintiffs is proportional either, as the broader allegations regarding those Plaintiffs have been dismissed.

You are also not reciprocally searching all communications with all Plaintiffs and providing them to me. For ex: As communicated below in relation to the messaging applications, you are searching them only for the 4 battery plaintiffs involved, which is an even smaller scope than I suggested for my manual review.

I do agree that all documents related to any potentially coercive actions taken towards the Plaintiffs *by me in relation to the branding process* are relevant to their consent to be branded, and I have included these in my searches. For example: search terms including "collateral," "deceit," and the like were included in my searches.

To additionally clarify, I have run all search terms referenced in RFE's 1-12 and 27 across all of my devices, except all of the names listed. If there was content related only to "croqueting" or "a medical conference" or unrelated materials, I did not search those. I did not search communications with individuals not involved in DOS or branding because that would not yield results and would be disproportionate. (As an exception, as I mentioned in our meeting, I did search Clare and Sara's communications – they did not return any results as expected since they were not involved in DOS or branding). This illustrates that my process is sound. Any docs or communications that would potentially return results for the search terms identified, I searched. I returned everything that included the term, unless it was completely unrelated. For example: "branding" doubles as a marketing term. If the term returned documents related to marketing instead of electrocautery branding, I did not produce those.

24-hour time period: I believe I have returned everything in the communications that returned a hit from the search within a 24-hour period. I will double-check this and agree with this parameter.

I appreciate the mercy on the technicalities.

I have also searched for paper records. However, I don't keep paper as I have been forced to move 8 times in the past 8 years and paper is cumbersome. All of my paper docs were previously scanned and uploaded to the devices I listed.

In terms of the interrogatories – I will provide additional color on my position to you shortly.

**Video and Audio files**: I provided the information you requested. Again, I received the video of Sarah's branding from the prosecution in the medical hearing. It came as is. I did not edit it, and I have no idea who did. The other branding video was a hired 3rd party editor as mentioned and the footage spliced together is from public media sources. They are not private video footage. I'm not sure what else you are asking for.

**Additional Search Terms:**
Thank you for your response and the additional production.

**Messaging Applications:** You wrote: **"**We will follow up tomorrow after we hear back from our ESI vendor with a list of the messaging applications included in the *Battery Plaintiffs' productions*." This is the example I am providing above regarding limiting your discovery to the 4 battery plaintiffs. It would be disproportionate to have you search all messaging apps for all Plaintiffs here as it would not provide insight into the elements of the remaining battery claim. Although if you believe I should expand it to the circle I proposed, then I ask for reciprocity.

"Regarding the start and end date of the Plaintiffs' use of each messaging app, please point us to the discovery request seeking that information:"

In your **FIRST SET OF INTERROGATORIES TO DEFENDANTS**, #3. Requests: List each social media platform, networking website, messaging app, or online forum you have established, used, or maintained that contained or communicated anything concerning, referring, or relating to any Plaintiff, NXIVM, or DOS, and for each, state the (a) the platform or application name; (b) the associated username(s); (c) the date the account was created, and (d) if applicable, the date it was closed.

I am requesting reciprocation. It's in writing in my last response and here.

**Patreon production:** I will review Stacey's reply.

Thank you - I will provide my position and suggestions for the joint letter tomorrow.

**Danielle Roberts, DO, MS**

[Quoted text hidden]

---

**Emma Bruder** <ebruder@dicellolevitt.com> Fri, Jul 10, 2026 at 5:30 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>
Cc: Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Robert A. Swift" <rswift@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>

Hi Danielle,

As we understand your position, we do not take issue with your excluding obvious false hits, such as documents concerning marketing branding or croqueting. Rather, we take issue with the fact that you continue to exclude from the scope of your search and production categories of communications and documents based on your own pre-search determinations regarding custodians, subject matter, and relevance. Plaintiffs do not agree that this approach complies with your discovery obligations, and we intend to seek relief from the Court.

If you are unable or unwilling to conduct the requested manual review and production, Plaintiffs are willing to bear the cost of collecting your devices and electronically running Plaintiffs' operative search terms across the collected data. Before collection, you may remove any privileged materials from the devices. Please let us know promptly whether you are willing to proceed in that fashion.

Your reciprocity argument is also misplaced. The Battery Plaintiffs have searched all of their collected ESI sources using the agreed search methodology; they have not limited their searches to communications with particular individuals before applying search terms. Moreover, Plaintiffs have never suggested that the remaining TVPRA and RICO Plaintiffs would refuse to produce responsive discovery. To the contrary, those Plaintiffs will produce responsive materials to the other Defendants in response to their requests for production using the agreed discovery process. Our understanding was simply that you did not wish to receive the substantial volume of those materials given the limited claims remaining against you.

Your response regarding the video and audio files raises additional questions, including:

- When, why, and from whom did you receive Sarah Edmondson's branding video from the prosecution?
- With respect to the second branding video, who was the third-party editor who prepared it? Why was the video prepared? What source materials were provided to the editor? When you state that the footage came from "public media sources," what specifically do you mean?

Plaintiffs expect that the data provided by collection of your devices would provide the information to resolve these questions.

Regarding the messaging applications, Plaintiffs' First Set of Interrogatories to Defendants does not impose reciprocal discovery obligations on Plaintiffs. Accordingly, Interrogatory No. 3 is not a basis for requiring Plaintiffs to provide the information you requested. We are searching and producing all existing messaging app data on behalf of the battery plaintiffs, aside from Signal, as we have discussed before, given the uniquely high associated burden of that collection.

At this point, we do not believe further back-and-forth on these issues is an efficient or productive use of either party's resources. Unless you agree to proceed with the proposal above—namely, that (1) Plaintiffs collect your devices for the purpose of running Plaintiffs' operative search terms, and (2) you

provide supplemental responses to the currently disputed interrogatories—Plaintiffs intend to present these issues to the Court.

Best,

Emma


Emma Bruder
**DICELLO LEVITT**
646.933.1000



This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.


[Quoted text hidden]

---

**Gordon Bergstresser** <Gbergstresser@dicellolevitt.com> Sat, Jul 11, 2026 at 9:57 PM
To: Emma Bruder <ebruder@dicellolevitt.com>, "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Robert A. Swift" <rswift@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>

Dr. Roberts,

As promised, we followed up with our ESI vendor regarding the messaging applications collected from the Battery Plaintiffs. The following messaging applications were identified from the data collected from these Plaintiffs:

| Custodian | Messaging Apps Identified |
| --- | --- |
| Edmondson, Sarah | Facebook, Instagram, Signal, Slack, Telegram, TikTok, Twitter, WhatsApp, Native/SMS |
| Isbell, Nicole | Facebook, Telegram, WhatsApp, Twitter, Native/SMS |
| Oxenberg, India | Instagram, Twitter, WhatsApp, Native/SMS |
| Pena, Paloma | WhatsApp, Facebook, Native/SMS |

Thanks,

Gordon


Gordon Bergstresser
**DICELLO LEVITT**
202.975.2288



This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.


[Quoted text hidden]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Fri, Jul 17, 2026 at 3:51 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Robert A. Swift" <rswift@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>

Hi Emma,

I will get back to you on this by Monday.

**Danielle Roberts, DO, MS**

[Quoted text hidden]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Fri, Jul 17, 2026 at 3:52 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "William E. Hoese" <whoese@kohnswift.com>, "Henry, Robin" <Robin.Henry@friedfrank.com>, "Aufhauser, Anne" <Anne.Aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Robert A. Swift" <rswift@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Brendan Schneiderman <bschneiderman@cohenmilstein.com>

Thank you, Gordon.
I will review and circle back.

**Danielle Roberts, DO, MS**

[Quoted text hidden]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Mon, Jul 20, 2026 at 3:52 PM
To: Emma Bruder <ebruder@dicellolevitt.com>

Hi Emma,

Thank you for your email of July 10.

I must decline Plaintiffs' proposal that you collect my devices and run your search terms across the collected data. Full device collection is a drastic and highly intrusive measure. Under Fed. R. Civ. P. 26(b)(1), discovery must be both relevant to a claim or defense actually pending and proportional to the needs of the case, considering the parties' resources, the importance of the issues, and whether the burden outweighs the likely benefit.

Only a single battery claim remains against me (involving four plaintiffs). All RICO, trafficking, and broader conspiracy claims against me were dismissed (ECF No. 240), and the Court ordered language regarding my knowledge of a broader conspiracy stricken (ECF No. 341). Searching the entirety of my personal devices for communications with individuals and on subjects unrelated to the remaining claim would be disproportionate and would improperly reopen issues the Court has already resolved.

Plaintiffs' willingness to bear the cost of collection does not change this analysis. The Advisory Committee Notes to Rule 26(b)(1) expressly state that consideration of the parties' resources "does not … justify unlimited discovery requests addressed to a wealthy party," and that courts must apply the proportionality standards in an even-handed manner to prevent discovery from being used "to wage a war of attrition or as a device to coerce a party." An offer to pay does not expand the scope of relevance or render highly intrusive discovery proportional when the material sought is not tied to the remaining claim.

I have already conducted good-faith, targeted manual searches focused on the four battery plaintiffs, their masters, and individuals in the same branding circle, using Plaintiffs' search terms (with the limited, common-sense exclusion of obvious false hits such as marketing "branding"). I have produced the responsive materials located through that process and remain willing to continue targeted supplementation that is proportional to the remaining claim.

What scope do you suggest for a manual production that is less invasive than full device collection? I would like to understand whether Plaintiffs have a concrete, proportional alternative before this issue is presented to the Court and further time and resources are expended.

With respect to the videos, I have already provided the information I have: the Sarah Edmondson branding video was received from the prosecution as an exhibit in connection with the medical board proceeding and was produced as received; the second video was prepared by a third-party editor using publicly available source material (i.e., videos that can be searched and accessed on the internet). Further details about
origin or editing are not proportional to the needs of the battery claim.

I am prepared to meet and confer on any specific, narrowly tailored deficiencies that are actually relevant to contemporaneous consent or the tolling issue. I am not prepared to open my personal devices to a full collection and search that goes far beyond the remaining claim.

Please let me know if you would like to schedule a brief call limited to proportional issues.

Best regards,

**Danielle Roberts, DO, MS**

[Quoted text hidden]

---

**Emma Bruder** <ebruder@dicellolevitt.com> Thu, Jul 23, 2026 at 9:53 AM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Hi Danielle,

Thank you for your email.

Plaintiffs have considered your position. We understand that you do not consent to forensic collection of your devices and instead propose to continue relying on your own manual searches.

Unfortunately, the parties remain at an impasse. Plaintiffs continue to believe that your proposed approach is insufficient to provide the discovery to which Plaintiffs are entitled. You, in turn, have made clear that you will not agree to collection, any broader search methodology, or responses to the interrogatories at issue.

Under these circumstances, Plaintiffs do not believe that further negotiations are likely to be productive. Accordingly, Plaintiffs intend to proceed through Magistrate Judge Cross-Goldenberg's pre-motion process concerning (1) collection and production from your devices and (2) deficiencies in your interrogatory responses. Consistent with the Court's procedures (see her individual rules linked here), you will have an opportunity to provide your position in the letter submission.

We will circle back with a draft of the joint introduction of the pre-motion letter when practicable.

[Quoted text hidden]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Fri, Jul 24, 2026 at 9:59 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Emma,

I want to be clear. In my last email I clearly asked the Plaintiffs to provide an alternate search scope (and I've asked previously as well). I have not received a proposal from you.

If there is a scope that you feel is relevant please let me know. If it is reasonable and proportional perhaps it applies to the interrogatory process as well.

If you have no suggested scope I'm prepared to move forward.

Regards,

**Danielle Roberts, DO, MS**

[Quoted text hidden]

---

**Emma Bruder** <ebruder@dicellolevitt.com> Fri, Jul 31, 2026 at 7:29 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Hi Danielle,

Attached is Plaintiffs' proposed joint introduction to the letter requesting an informal discovery conference regarding these disputes.

Please review the introductory section and send us any proposed edits. To keep the process efficient, please make your revisions directly in the document using Track Changes. Please also add your position in the designated section at the end of the draft and return the revised document within seven days, by Friday, August 7.

Have a nice weekend.

Thank you,

[Quoted text hidden]

---

**3 attachments**

**2026.07.31 - Joint Pre-Motion Ltr to Magistrate Judge Re Roberts' Deficient Prods. and Interrog. Resps_ Draft Intro.docx**
22K

**Ex. A_Pls' First Set of Reqs. for Prod. to Def. Roberts.pdf**
274K

**Ex. B_Pls' First Set of Interrogatories to Def. Roberts.pdf**
264K

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Mon, Aug 3, 2026 at 4:27 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Emma,

I cannot get these to you by the 7th. After I submit my response for the letter compelling the medical hearing responses. I will evaluate and let you know when I can respond to this.

**Danielle Roberts, DO, MS**

[Quoted text hidden]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Wed, Aug 5, 2026 at 2:01 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Emma,

I will aim to have the joint section edit to you by Monday, August 10th, and my position to you by Wednesday, August 12th. If I can finish it sooner I'll let you know.

**Danielle Roberts, DO, MS**

[Quoted text hidden]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Mon, Aug 10, 2026 at 4:58 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Counsel,

As I have been reviewing and editing the draft joint letter, it is clear we are not aligned on what remains in dispute. From our recent correspondence, the only live disputes are:

1. The **scope** of discovery on the remaining battery claim — specifically, Plaintiffs' position (stated in your July 10, 2026 email) that I may not make pre-search determinations regarding custodians, subject matter, and relevance; and
2. How that scope applies to the document searches and interrogatory responses.

Process, form, and quality of production are **not** in dispute, except for the limited question concerning the origin and editing of the Supreme Court video. You previously stated that you would accept screenshots of messages and would not insist on strict compliance with every technical requirement of the ESI Protocol. I have already agreed to produce text messages either as the entire conversation thread or within a 24-hour window of each hit, and to produce other documents in native format through ShareFile. I remain willing to supplement any legitimate form or completeness issues that fall within the proper scope of the remaining claim.

In the introduction of your draft joint letter, however, you continue to list form and format complaints (aggregated PDFs, lack of metadata, screenshots, snippets, and duplicate document identifiers) as if they remain live issues. Those complaints do not accurately reflect the current state of the parties' discussions. Raising resolved or un-raised form objections in the joint letter creates a misleading impression of the disputes that actually remain. I have attached a copy of our correspondences for your convenience.

Additionally, Plaintiffs recently identified the messaging applications used by the four battery plaintiffs. Several applications commonly used during the relevant time period appear to be missing from the searches performed, particularly for Ms. Oxenberg and Ms. Pena (Telegram, Signal, Facebook, TikTok, and Instagram). I request confirmation that these applications were searched and, if not, an explanation.

| Custodian | Messaging Apps Identified |
|---|---|
| Edmondson, Sarah | Facebook, Instagram, Signal, Slack, Telegram, TikTok, Twitter, WhatsApp, Native/SMS |
| Isbell, Nicole | Facebook, Telegram, WhatsApp, Twitter, Native/SMS |
| Oxenberg, India | Instagram, Twitter, WhatsApp, Native/SMS<br>Missing: Telegram, signal, facebook, tik tok, Instagram |
| Pena, Paloma | WhatsApp, Facebook, Native/SMS<br>Missing: Telegram, signal, facebook, tik tok, Instagram |

If you disagree with the above characterization of the remaining disputes, I am available for a brief meet-and-confer tomorrow morning at 9:00 a.m. Otherwise, I will edit the joint letter to reflect only the two live issues identified above.

Sincerely,

**Danielle Roberts, DO, MS**

[Quoted text hidden]

**correspondence to resolve discovery disputes 2026.pdf**
546K

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Mon, Aug 10, 2026 at 10:02 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Counsel,

Here is my redline edit of the joint section.

**Danielle Roberts, DO, MS**

[Quoted text hidden]

**Edited for P2 2026.07.31 - Joint Pre-Motion Ltr to Magistrate Judge Re Roberts' Deficient Prods. and Interrog. Resps_ Draft Intro copy.docx**
33K

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Mon, Aug 10, 2026 at 10:02 PM
To: Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Henry, Robin" <robin.henry@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>

**Danielle Roberts, DO, MS**

[Quoted text hidden]

**correspondence to resolve discovery disputes 2026.pdf**
546K

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Tue, Aug 11, 2026 at 10:08 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Good evening, Counsel,

Are we in agreement on the joint portion?
I have my position prepared for tomorrow pending alignment.

**Danielle Roberts, DO, MS**

[Quoted text hidden]

**Emma Bruder** <ebruder@dicellolevitt.com> Tue, Aug 11, 2026 at 11:01 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Hi Danielle,

No, we are not in agreement. Rather than exchanging another round of substantial redlines, please revise your draft to account for the points below and send us an updated redline for review.

The joint section is intended to provide the Court with a neutral and accurate statement of the relevant facts and procedural history. The opportunity to propose edits is intended to facilitate that neutrality and accuracy, not to recast the disputes or selectively omit material facts from the chronology.

Plaintiffs do not independently take issue with the fact that you produced screenshots or otherwise did not produce documents in “strict compliance with every technical requirement of the ESI protocol.” But Plaintiffs continue to maintain that the collection and production as a whole are inadequate. Our concerns include recurring deficiencies in the scope and manner of the collection and production, including search methodology, completeness, context, and source information. Accordingly, those facts remain relevant background to the dispute over whether vendor collection is warranted.

You have represented that retaining an ESI vendor would be cost-prohibitive. That is precisely why Plaintiffs have offered to bear the reasonable burden and cost of imaging the identified devices and having our vendor conduct the collection. Nothing in our July 9 email waived Plaintiffs’ right to raise the adequacy of your collection or production with the Court or to seek appropriate relief.

Please revise the joint section accordingly. To the extent you disagree with any of Plaintiffs’ descriptions of the disputes or their history, please identify the basis for the disagreement in your redline or comments and cite the relevant record—for example, the email, letter, or discovery response reflecting the position you contend either you or Plaintiffs previously took. We ask that the revised draft accurately reflect the complete chronology, including facts relevant to Plaintiffs’ position even where you disagree with the significance of those facts.

Once you send the revised draft, we will review it and let you know whether we can agree on the joint section. If we ultimately cannot, we will advise the Court accordingly.

For future reference, we will also generally require more than 24 hours to review substantial revisions to a joint submission. We provided you more than a week to review the draft and will need a reasonable opportunity to review any further revisions.

We will respond separately to your questions regarding the messaging applications.

Best,
Emma

Emma Bruder
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Sent:** Tuesday, August 11, 2026 10:08 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>
**Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

Good evening, Counsel,

Are we in agreement on the joint portion?

I have my position prepared for tomorrow pending alignment.

**Danielle Roberts, DO, MS**

Emma,

Here are my responses to the outstanding items from today's meeting:

1. All videos are now uploaded to Progress Share File as your team requested.
2. My position on the interrogatory responses remains the same as set forth in my July 3rd 2026 letter.
3. To clarify the email accounts, I searched:
   a. Drdanielledo@gmail.com – was the only email address I had at the times from the start of DOS to the end of the branding processes. This is the one I searched for all communications with the 4 battery plaintiffs, their masters, and circles.
   b. In addition, I have searched anything I had active on Telegram, WhatsApp, and Facebook from the start to the end of DOS.

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today
2. The messaging applications you have searched
3. The additional search terms I requested
4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Wed, Aug 12, 2026 at 8:48 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Counsel,

Thank you for your response.

The joint section must accurately reflect the disputes that remain. From our correspondence (see emails attached to my previous email), the only live disputes are (1) the **scope** of discovery on the remaining battery claim, and (2) the context and source information for one video (the Supreme Court video). Process, form, and technical compliance issues were largely addressed in prior exchanges, and I have repeatedly offered
to cure any specific deficiencies that fall within the proper scope.

You now state that Plaintiffs continue to maintain concerns about "search methodology, completeness, context, and source information." To the extent any such concerns remain, please identify them with particularity (specific documents, Bates ranges, or categories, and the precise deficiency alleged). I will promptly address any legitimate, specific issues and cure them. Vague categorical objections are not a basis for full device collection and should not be presented to the Court as unresolved impasses if they have not been raised with particularity between us first.

I remain available for a brief meet-and-confer this Friday or Monday at 9:00 a.m. if it would help clarify any specific remaining issues. Otherwise, please provide the particularized list so I can revise the joint section accurately.

I did not intend to impose a 24-hour deadline. I was simply attempting to keep the timeline we had previously discussed and I had committed to.

I look forward to clarifying these final points.

Best regards,

**Danielle Roberts, DO, MS**

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

[Quoted text hidden]

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today
2. The messaging applications you have searched
3. The additional search terms I requested
4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

Counsel,

Attached are 3 replies to your recent letters, along with their corresponding attachments.

Please confirm the best time for us to meet Monday.

**Danielle Roberts, DO, MS**

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Thu, Aug 13, 2026 at 2:30 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Counsel,

I elaborate on my last email regarding the joint section of the proposed letter to Magistrate Judge Cross-Goldenberg to be clear.

As you know, the purpose of a joint submission under Local Civil Rule 37.2 and the Court's Individual Practices is to present the Court with a neutral procedural history and the matters on which the parties actually agree. Disputed characterizations belong in the individual Positions sections. Courts routinely enforce this distinction in the analogous context of joint pretrial orders and joint statements of undisputed facts, which must be limited to genuinely agreed matters.

Your current draft does not meet that standard.  The long-running, core disagreement between the parties has been **scope / relevance** under Rule 26(b)(1) — specifically whether discovery is limited to contemporaneous consent (and related tolling) on the remaining battery claim, or whether it properly reaches broader topics (collateral, deception, knowledge of a larger organization, claims against other defendants, etc.). The form, methodology, completeness, and "adequacy of collection" complaints are more recent. Plaintiffs are elevating them now (after more than a year of discovery on this claim) primarily to justify full device collection. I have consistently taken the position that those issues were either largely addressed, not properly raised as live impasses, or are curable within the proper scope.

Framing those contested issues as neutral background advances Plaintiffs' position under the label of a joint statement. That is not a joint statement; it is advocacy by sleight of hand.

The proper approach is straightforward: the joint section should contain only those facts and procedural events on which the parties agree. Everything on which we disagree should be removed from the joint section and stated in each party's separate Position. Using the joint section to present one side's view of disputed issues defeats the purpose of a joint submission.

I am prepared to revise the joint section so that it is limited to neutral, agreed procedural history. I am not prepared to stipulate to a joint section that contains disputed characterizations. If Plaintiffs remain unwilling to confine the joint section to agreed facts, I will state in my Position section that the "joint" portion is not joint and should be disregarded to the extent it contains advocacy.

Please advise whether you will revise the joint section accordingly. If so, I will promptly provide a corresponding redline.

I remain available for a brief call if it would help resolve this drafting issue.

Best regards,

**Danielle Roberts, DO, MS**

[Quoted text hidden]

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Thu, Aug 13, 2026 at 2:35 PM
To: Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Henry, Robin" <robin.henry@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>

My apologies. You were not on the original email for the joint sent by the Plaintiffs, but you may want to be informed.

There is an entire thread outlining our discovery disputes. Would you like me to send that and make sure you are tied in on future communications, or you prefer to receive just the filings?

**Danielle Roberts, DO, MS**

---------- Forwarded message ---------
From: **Dr. Danielle Roberts** <danielle@drdanielleroberts.com>
Date: Wed, Aug 12, 2026 at 8:48 PM
Subject: Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: William E. Hoese <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, Agnieszka M. Fryszman <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

[Quoted text hidden]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Sun, Aug 16, 2026 at 5:40 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: Gordon Bergstresser <Gbergstresser@dicellolevitt.com>

Counsel,

To Confirm: This production was titled: REVIEW PLFS_RANIERE_VOL016, correct?

**Danielle Roberts, DO, MS**

[Quoted text hidden]

---

**Emma Bruder** <ebruder@dicellolevitt.com> Mon, Aug 17, 2026 at 11:29 AM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Hi Danielle,

We disagree with your characterization of the parties' disputes and of Plaintiffs' description of those disputes, for the reasons stated in our prior correspondence. That said, we will keep the joint section short and limited to neutral procedural history and facts on which the parties agree. Please revise the joint section on that basis and send us your proposed redline.

We do not think it is productive to continue debating by email which disputed issues belong in the joint section. This should be our final attempt to reach agreement on that portion of the submission. We will review your redline in good faith, but if the parties still cannot agree, we will simply note in the joint section that the parties were unable to agree on a more detailed joint description and address the relevant history and disputed issues in our respective Position sections.

We also do not think another meet-and-confer on this drafting issue would be productive at this point.

With respect to the messaging apps raised in your earlier email, to be clear, Plaintiffs' forensic device collections captured the messaging-app data and other ESI that was available on the collected devices. Plaintiffs did not exclude any particular messaging applications from those device collections, with the exception of undertaking a separate manual collection of Signal as discussed below. Thus, if data from Telegram, WhatsApp, Facebook Messenger, or another messaging application existed and was forensically available on a collected device, that data was included in the device collection and is subject to the applicable searches and review.

The additional app-specific information below is therefore supplemental. It provides context regarding particular Plaintiffs' use of certain applications, the availability of prior devices or accounts, and any separate account-level collections.

Signal presents a distinct collection issue because Signal conversations generally cannot be extracted through the same automated process as other messaging data. A separate collection of the conversations would instead require manually screen-recording each Signal conversation. For that reason, Plaintiffs have not undertaken that additional manual collection, as we have discussed previously. Any Signal data or artifacts that were forensically available through the collection of a Plaintiff's device, however, remain part of the collected device data, as in the case of Sarah Edmondson's device.

The list Gordon Bergstresser sent you reflects produced messaging data identified as responsive through application of the agreed search strings to the collected data; it does not identify or limit the universe of messaging-app data that was captured during collection.

To address your specific questions:

**India Oxenberg**

- Telegram: Ms. Oxenberg used Telegram on a prior Android phone that was traded in before this litigation began, and she no longer has access to that device.
- Signal: See above.
- Facebook: As stated in Plaintiffs' June 17, 2026 letter, Ms. Oxenberg's Facebook account was collected and searched.
- TikTok: Ms. Oxenberg created her TikTok account in 2026, after the relevant period (January 1, 2015 through January 1, 2020, per our April 27, 2026 report).
- Instagram: As stated in Plaintiffs' June 17, 2026 letter, Ms. Oxenberg's Instagram account was collected and searched.

**Paloma Pena**

- Telegram: Ms. Pena does not recall whether she used Telegram on her iPhone 14, which was collected. As stated above, if Telegram was installed and residual data remained on the device, that data would have been captured as part of the device collection.
- Signal: See above.
- Facebook: As stated in Plaintiffs' June 17, 2026 letter, Ms. Pena's Facebook account was collected and searched.
- TikTok: Ms. Pena did not have a TikTok account during the relevant period.
- Instagram: Ms. Pena did not use Instagram for any potentially responsive communications or activity.

Best,
Emma

Emma Bruder
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Sent:** Thursday, August 13, 2026 2:30 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>
**Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

Counsel,

I elaborate on my last email regarding the joint section of the proposed letter to Magistrate Judge Cross-Goldenberg to be clear.

As you know, the purpose of a joint submission under Local Civil Rule 37.2 and the Court's Individual Practices is to present the Court with a neutral procedural history and the matters on which the parties actually agree. Disputed characterizations belong in the individual Positions sections. Courts routinely enforce this distinction in the analogous context of joint pretrial orders and joint statements of undisputed facts, which must be limited to genuinely agreed matters.

Your current draft does not meet that standard. The long-running, core disagreement between the parties has been **scope / relevance** under Rule 26(b)(1) — specifically whether discovery is limited to contemporaneous consent (and related tolling) on the remaining battery claim, or whether it properly reaches broader topics (collateral, deception, knowledge of a larger organization, claims against other defendants, etc.). The form, methodology, completeness, and "adequacy of collection" complaints are more recent. Plaintiffs are elevating them now (after more than a year of discovery on this claim) primarily to justify full device collection. I have consistently taken the position that those issues were either largely addressed, not properly raised as live impasses, or are curable within the proper scope.

Framing those contested issues as neutral background advances Plaintiffs' position under the label of a joint statement. That is not a joint statement; it is advocacy by sleight of hand.

The proper approach is straightforward: the joint section should contain only those facts and procedural events on which the parties agree. Everything on which we disagree should be removed from the joint section and stated in each party's separate Position. Using the joint section to present one side's view of disputed issues defeats the purpose of a joint submission.

I am prepared to revise the joint section so that it is limited to neutral, agreed procedural history. I am not prepared to stipulate to a joint section that contains disputed characterizations. If Plaintiffs remain unwilling to confine the joint section to agreed facts, I will state in my Position section that the "joint" portion is not joint and should be disregarded to the extent it contains advocacy.

Please advise whether you will revise the joint section accordingly. If so, I will promptly provide a corresponding redline.

I remain available for a brief call if it would help resolve this drafting issue.

Best regards,

## Danielle Roberts, DO, MS

On Wed, Aug 12, 2026 at 8:48 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Thank you for your response.
>
> The joint section must accurately reflect the disputes that remain. From our correspondence (see emails attached to my previous email), the only live disputes

Here are my responses to the outstanding items from today's meeting:

1. All videos are now uploaded to Progress Share File as your team requested.

2. My position on the interrogatory responses remains the same as set forth in my July 3rd 2026 letter.

3. To clarify the email accounts, I searched:

   a. Drdanielledo@gmail.com – was the only email address I had at the times from the start of DOS to the end of the branding processes. This is the one I searched for all communications with the 4 battery plaintiffs, their masters, and circles.

   b. In addition, I have searched anything I had active on Telegram, WhatsApp, and Facebook from the start to the end of DOS.

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today

2. The messaging applications you have searched

3. The additional search terms I requested

4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

Counsel,

Attached are 3 replies to your recent letters, along with their corresponding attachments.

Please confirm the best time for us to meet Monday.

**Danielle Roberts, DO, MS**

---



**image002.png**
44K

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Thu, Aug 20, 2026 at 4:17 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Counsel,

I will get back to you shortly and likely have the red line by end of day tomorrow. Monday latest.

**Danielle Roberts, DO, MS**

On Mon, Aug 17, 2026 at 11:29 AM Emma Bruder <ebruder@dicellolevitt.com> wrote:

Hi Danielle,

We disagree with your characterization of the parties' disputes and of Plaintiffs' description of those disputes, for the reasons stated in our prior correspondence. That said, we will keep the joint section short and limited to neutral procedural history and facts on which the parties agree. Please revise the joint section on that basis and send us your proposed redline.

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Sat, Aug 22, 2026 at 11:12 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>

Counsel,

Thank you for your response. I re-reviewed my original redline and beleive it now provides a neutral procedural history and outlines the agreed-upon facts, disputes, and chronology, including facts relevant to Plaintiffs' position, as well as my own. I have made a few edits and reattached a clean copy for your additional redline suggestions, if any.

Separately, two points:

**1. Claimed technical deficiencies in my ESI process**

I have asked more than once that Plaintiffs identify any technical issues with my ESI process with particularity — including specific documents, Bates ranges, or categories, and the precise deficiency alleged — so that I can promptly review and cure any legitimate problems. To date, Plaintiffs have not provided any such particularized list.

If Plaintiffs intend to rely on alleged deficiencies in search methodology, completeness, context, or source information to seek full device collection, those issues should have been raised with particularity between the parties first. I remain ready to review and cure any specific, legitimate technical issues that fall within the proper scope of the remaining claim. Please send any such particularized list now if it exists. I will address this point in my Position section if necessary.

**2. India Oxenberg – Telegram**

Plaintiffs state that Ms. Oxenberg's prior Android phone, on which she used Telegram, was traded in before this litigation, and she no longer has access to that device. Please confirm the approximate date the device was traded in or otherwise disposed of, and whether any Telegram data, backups, or exports from that device were preserved. Telegram message history is cloud-based and tied to the account/phone number. Please confirm whether Ms. Oxenberg still has this phone number, and access to the same Telegram account on any computer or other device, and whether the chat history from that account has been searched and produced. If any Telegram chats were deleted from the cloud history, please identify when that occurred.

The same applies to Ms. Pena's Telegram accounts.

I look forward to your response on the joint section and the above points.

Best regards,

**Danielle Roberts, DO, MS**

On Mon, Aug 17, 2026 at 11:29 AM Emma Bruder <ebruder@dicellolevitt.com> wrote:

> Hi Danielle,
>
> We disagree with your characterization of the parties' disputes and of Plaintiffs' description of those disputes, for the reasons stated in our prior correspondence. That said, we will keep the joint section short and limited to neutral procedural history and facts on which the parties agree. Please revise the joint section on that basis and send us your proposed redline.
>
> We do not think it is productive to continue debating by email which disputed issues belong in the joint section. This should be our final attempt to reach agreement on that portion of the submission. We will review your redline in good faith, but if the parties still cannot agree, we will simply note in the joint section that the parties were unable to agree on a more detailed joint description and address the relevant history and disputed issues in our respective Position sections.
>
> We also do not think another meet-and-confer on this drafting issue would be productive at this point.
>
> With respect to the messaging apps raised in your earlier email, to be clear, Plaintiffs' forensic device collections captured the messaging-app data and other ESI that was available on the collected devices. Plaintiffs did not exclude any particular messaging applications from those device collections, with the exception of undertaking a separate manual collection of Signal as discussed below. Thus, if data from Telegram, WhatsApp, Facebook Messenger, or another messaging application existed and was forensically available on a collected device, that data was included in the device collection and is subject to the applicable searches and review.
>
> The additional app-specific information below is therefore supplemental. It provides context regarding particular Plaintiffs' use of certain applications, the availability of prior devices or accounts, and any separate account-level collections.
>
> Signal presents a distinct collection issue because Signal conversations generally cannot be extracted through the same automated process as other messaging data. A separate collection of the conversations would instead require manually screen-recording each Signal conversation. For that reason, Plaintiffs have not undertaken that additional manual collection, as we have discussed previously. Any Signal data or artifacts that were forensically available through the collection of a Plaintiff's device, however, remain part of the collected device data, as in the case of Sarah Edmondson's device.
>
> The list Gordon Bergstresser sent you reflects produced messaging data identified as responsive through application of the agreed search strings to the collected data; it does not identify or limit the universe of messaging-app data that was captured during collection.
>
> To address your specific questions:
>
> **India Oxenberg**

Here are my responses to the outstanding items from today's meeting:

1. All videos are now uploaded to Progress Share File as your team requested.

2. My position on the interrogatory responses remains the same as set forth in my July 3rd 2026 letter.

3. To clarify the email accounts, I searched:

   a. Drdanielledo@gmail.com – was the only email address I had at the times from the start of DOS to the end of the branding processes. This is the one I searched for all communications with the 4 battery plaintiffs, their masters, and circles.

   b. In addition, I have searched anything I had active on Telegram, WhatsApp, and Facebook from the start to the end of DOS.

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today

2. The messaging applications you have searched

3. The additional search terms I requested

4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

---

**2 attachments**




**image002.png**
44K

**Edits Included for P3 2026.07.31 - Joint Pre-Motion Ltr to Magistrate Judge Re Roberts' Deficient Prods. and Interrog. Resps_ Draft Intro.docx**
24K

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Tue, Aug 25, 2026 at 9:31 PM
To: "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>

Counsel,

Thank you for your response. I re-reviewed my original redline and beleive it now provides a neutral procedural history and outlines the agreed-upon facts, disputes, and chronology, including facts relevant to Plaintiffs' position, as well as my own. I have made a few edits and reattached a clean copy for your additional redline suggestions, if any.

Separately, two points:

**1. Claimed technical deficiencies in my ESI process**

I have asked more than once that Plaintiffs identify any technical issues with my ESI process with particularity — including specific documents, Bates ranges, or categories, and the precise deficiency alleged — so that I can promptly review and cure any legitimate problems. To date, Plaintiffs have not provided any such particularized list.

If Plaintiffs intend to rely on alleged deficiencies in search methodology, completeness, context, or source information to seek full device collection, those issues should have been raised with particularity between the parties first. I remain ready to review and cure any specific, legitimate technical issues that fall within the proper scope of the remaining claim. Please send any such particularized list now if it exists. I will address this point in my Position section if necessary.

**2. India Oxenberg – Telegram**

Plaintiffs state that Ms. Oxenberg's prior Android phone, on which she used Telegram, was traded in before this litigation, and she no longer has access to that device. Please confirm the approximate date the device was traded in or otherwise disposed of, and whether any Telegram data, backups, or exports from that device were preserved. Telegram message history is cloud-based and tied to the account/phone number. Please confirm whether Ms. Oxenberg still has this phone number, and access to the same Telegram account on any computer or other device, and whether the chat history from that account has been searched and produced. If any Telegram chats were deleted from the cloud history, please identify when that occurred.

The same applies to Ms. Pena's Telegram accounts.

I look forward to your response on the joint section and the above points.

Best regards,

**Danielle Roberts, DO, MS**

On Mon, Aug 17, 2026 at 11:29 AM Emma Bruder <ebruder@dicellolevitt.com> wrote:

> Hi Danielle,
>
> We disagree with your characterization of the parties' disputes and of Plaintiffs' description of those disputes, for the reasons stated in our prior correspondence. That said, we will keep the joint section short and limited to neutral procedural history and facts on which the parties agree. Please revise the joint section on that basis and send us your proposed redline.
>
> We do not think it is productive to continue debating by email which disputed issues belong in the joint section. This should be our final attempt to reach agreement on that portion of the submission. We will review your redline in good faith, but if the parties still cannot agree, we will simply note in the joint section that the parties were unable to agree on a more detailed joint description and address the relevant history and disputed issues in our respective Position sections.
>
> We also do not think another meet-and-confer on this drafting issue would be productive at this point.
>
> With respect to the messaging apps raised in your earlier email, to be clear, Plaintiffs' forensic device collections captured the messaging-app data and other ESI that was available on the collected devices. Plaintiffs did not exclude any particular messaging applications from those device collections, with the exception of undertaking a separate manual collection of Signal as discussed below. Thus, if data from Telegram, WhatsApp, Facebook Messenger, or another messaging application existed and was forensically available on a collected device, that data was included in the device collection and is subject to the applicable searches and review.
>
> The additional app-specific information below is therefore supplemental. It provides context regarding particular Plaintiffs' use of certain applications, the availability of prior devices or accounts, and any separate account-level collections.
>
> Signal presents a distinct collection issue because Signal conversations generally cannot be extracted through the same automated process as other messaging data. A separate collection of the conversations would instead require manually screen-recording each Signal conversation. For that reason, Plaintiffs have not undertaken that additional manual collection, as we have discussed previously. Any Signal data or artifacts that were forensically available through the collection of a Plaintiff's device, however, remain part of the collected device data, as in the case of Sarah Edmondson's device.
>
> The list Gordon Bergstresser sent you reflects produced messaging data identified as responsive through application of the agreed search strings to the collected data; it does not identify or limit the universe of messaging-app data that was captured during collection.
>
> To address your specific questions:
>
> **India Oxenberg**
>
> - Telegram: Ms. Oxenberg used Telegram on a prior Android phone that was traded in before this litigation began, and she no longer has access to that device.
> - Signal: See above.
> - Facebook: As stated in Plaintiffs' June 17, 2026 letter, Ms. Oxenberg's Facebook account was collected and searched.
> - TikTok: Ms. Oxenberg created her TikTok account in 2026, after the relevant period (January 1, 2015 through January 1, 2020, per our April 27, 2026 report).
> - Instagram: As stated in Plaintiffs' June 17, 2026 letter, Ms. Oxenberg's Instagram account was collected and searched.
>
> **Paloma Pena**
>
> - Telegram: Ms. Pena does not recall whether she used Telegram on her iPhone 14, which was collected. As stated above, if Telegram was installed and residual data remained on the device, that data would have been captured as part of the device collection.
> - Signal: See above.
> - Facebook: As stated in Plaintiffs' June 17, 2026 letter, Ms. Pena's Facebook account was collected and searched.
> - TikTok: Ms. Pena did not have a TikTok account during the relevant period.
> - Instagram: Ms. Pena did not use Instagram for any potentially responsive communications or activity.
>
> Best,
> Emma

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

---

**2 attachments**



**image002.png**
44K

**Edits Included for P3 2026.07.31 - Joint Pre-Motion Ltr to Magistrate Judge Re Roberts' Deficient Prods. and Interrog. Resps_ Draft Intro.docx**
24K

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Thu, Aug 27, 2026 at 8:58 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Hi Emma,

I'm following up to ensure this was received. When do you expect to have a redline edit or your position ready?

**Danielle Roberts, DO, MS**

On Sat, Aug 22, 2026 at 11:12 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Thank you for your response. I re-reviewed my original redline and beleive it now provides a neutral procedural history and outlines the agreed-upon facts, disputes, and chronology, including facts relevant to Plaintiffs' position, as well as my own. I have made a few edits and reattached a clean copy for your additional redline suggestions, if any.
>
> Separately, two points:
>
> **1. Claimed technical deficiencies in my ESI process**
>
> I have asked more than once that Plaintiffs identify any technical issues with my ESI process with particularity — including specific documents, Bates ranges, or categories, and the precise deficiency alleged — so that I can promptly review and cure any legitimate problems. To date, Plaintiffs have not provided any such particularized list.
>
> If Plaintiffs intend to rely on alleged deficiencies in search methodology, completeness, context, or source information to seek full device collection, those issues should have been raised with particularity between the parties first. I remain ready to review and cure any specific, legitimate technical issues that fall within the proper scope of the remaining claim. Please send any such particularized list now if it exists. I will address this point in my Position section if necessary.
>
> **2. India Oxenberg – Telegram**
>
> Plaintiffs state that Ms. Oxenberg's prior Android phone, on which she used Telegram, was traded in before this litigation, and she no longer has access to that device. Please confirm the approximate date the device was traded in or otherwise disposed of, and whether any Telegram data, backups, or exports from that device were preserved. Telegram message history is cloud-based and tied to the account/phone number. Please confirm whether Ms. Oxenberg still has this phone number, and access to the same Telegram account on any computer or other device, and whether the chat history from that account has been searched and produced. If any Telegram chats were deleted from the cloud history, please identify when that occurred.
>
> The same applies to Ms. Pena's Telegram accounts.
>
> I look forward to your response on the joint section and the above points.
>
> Best regards,
>
> **Danielle Roberts, DO, MS**
>
> On Mon, Aug 17, 2026 at 11:29 AM Emma Bruder <ebruder@dicellolevitt.com> wrote:




**image002.png**
44K

---

**Emma Bruder** <ebruder@dicellolevitt.com> Thu, Aug 27, 2026 at 9:13 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Hi Danielle,

This was received. I should have a redline edit for you by this weekend.

Thanks,

Emma

Emma Bruder
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Sent:** Thursday, August 27, 2026 8:58 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Henry, Robin <robin.henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Aufhauser, Anne <anne.aufhauser@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

Hi Emma,

I'm following up to ensure this was received. When do you expect to have a redline edit or your position ready?

**Danielle Roberts, DO, MS**

On Sat, Aug 22, 2026 at 11:12 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Thank you for your response. I re-reviewed my original redline and beleive it now provides a neutral procedural history and outlines the agreed-upon facts, disputes, and chronology, including facts relevant to Plaintiffs' position, as well as my own. I have made a few edits and reattached a clean copy for your additional redline suggestions, if any.
>
> Separately, two points:
>
> **1. Claimed technical deficiencies in my ESI process**
>
> I have asked more than once that Plaintiffs identify any technical issues with my ESI process with particularity — including specific documents, Bates ranges, or categories, and the precise deficiency alleged — so that I can promptly review and cure any legitimate problems. To date, Plaintiffs have not provided any such particularized list.
>
> If Plaintiffs intend to rely on alleged deficiencies in search methodology, completeness, context, or source information to seek full device collection, those issues should have been raised with particularity between the parties first. I remain ready to review and cure any specific, legitimate technical issues that fall within the proper scope of the remaining claim. Please send any such particularized list now if it exists. I will address this point in my Position section if necessary.
>
> **2. India Oxenberg – Telegram**
>
> Plaintiffs state that Ms. Oxenberg's prior Android phone, on which she used Telegram, was traded in before this litigation, and she no longer has access to that device. Please confirm the approximate date the device was traded in or otherwise disposed of, and whether any Telegram data, backups, or exports from that device were preserved. Telegram message history is cloud-based and tied to the account/phone number. Please confirm whether Ms. Oxenberg still has this phone number, and access to the same Telegram account on any computer or other device, and whether the chat history from that account has been

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

Counsel,

Attached are 3 replies to your recent letters, along with their corresponding attachments.

Please confirm the best time for us to meet Monday.

**Danielle Roberts, DO, MS**



**image002.png**
44K

---

**Emma Bruder** <ebruder@dicellolevitt.com> Fri, Aug 28, 2026 at 1:48 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Hi Danielle,

I've attached our proposed redline. As you will see, I've deleted some portions where the parties have reached an impasse over how the issues should be described. We can each address our respective understandings in our individual sections. Please let me know if we have reached agreement on this joint introduction.

Plaintiffs have already identified specific deficiencies in the production. Among other things, we have raised source and completeness issues concerning particular files and communications, as well as issues with the format of the production: documents were combined into two lengthy PDFs, including one spanning approximately 571 pages, without source metadata or document-level organization, and different documents were assigned duplicate identifiers (for example, "Roberts 30" and "Roberts - 30"). These issues impair our ability to assess the provenance, context, and completeness of the production and also complicate or potentially prevent the later use and authentication of particular documents.

More fundamentally, our request for vendor collection is not based on identifying a list of particular missing documents. Our concern is that the collection and review process itself may have excluded responsive ESI before it was ever located or produced. We cannot identify by Bates number documents that were never collected or located, and we do not think debating these issues document by document would be productive.

We have explained these concerns in our prior correspondence and do not think another particularized deficiency list is necessary before presenting the remaining dispute to the Court. You can address your disagreement in your Position section.

With respect to Ms. Oxenberg's Android phone, it was traded in approximately 2016. We are investigating and will follow up separately regarding your question on Ms. Pena's and Ms. Oxenberg's Telegram accounts.

Best,

Emma

Emma Bruder
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Emma Bruder
**Sent:** Thursday, August 27, 2026 9:14 PM
**To:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Henry, Robin <robin.henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Aufhauser, Anne <anne.aufhauser@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Subject:** RE: Edmondson v Raniere: DR July 3rd Discovery Replies (3)




**image002.png**
44K

**Plaintiffs' Edits - P3 2026.07.31 - Joint Pre-Motion Ltr to Magistrate Judge Re Roberts' Deficient Prods. and Interrog. Resps_ Draft Intro.docx**
29K

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Wed, Sep 2, 2026 at 12:49 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Counsel,

Thank you for identifying the production-format issues in your August 28 email.

I have reviewed our correspondence from June to the present — the period in which Plaintiffs first raised concerns after more than a year of discovery on this claim. I searched those communications for references to the 571-page production, Bates numbering, PDF format, metadata, lengthy combined files, and duplicate identifiers. Those specific concerns do not appear until the joint-letter exchange. They were not raised as live, particularized deficiencies before that.

I am prepared to cure the issues you have now identified, including:

1. Separating the combined PDF productions into individual documents, to the extent practicable;
2. Correcting duplicate identifiers (for example, "Roberts 30" and "Roberts - 30"); and
3. Providing available source/provenance information for the materials already produced.

Please tell me, with particularity, what metadata or source information you need for the existing production. I will address it promptly.

Your separate concern — that the collection and review process may have excluded responsive ESI before it was located — is a **scope** issue, not a process defect. If the process is sound, or if any remaining process/form issues are cured, the question left for the Court is the proper scope of discovery on the remaining battery claim. That is the dispute that should go to the Court. Full device collection is not the remedy for form issues that I have offered to cure.

For that reason, I do not agree that we should file a joint letter while these newly particularized process issues remain open. I will complete the curative steps above. Once that is done, we can revisit a short joint letter limited to the remaining scope dispute.

You stated that Ms. Oxenberg's Android phone was traded in approximately 2016 and that you are investigating Ms. Oxenberg's and Ms. Pena's Telegram accounts. Please provide that follow-up by September 8, 2026, including: (1) the approximate trade-in date; (2) whether each still has or had access to the same Telegram account on any later device or computer; (3) whether that account history was searched and produced; and (4) whether any Telegram cloud history was deleted and, if so, when. Telegram message history is account-based, not device-based. A phone trade-in does not, by itself, establish that the messages are unavailable.

I will proceed with the curative production work and will confirm when it is complete. Please send the specific metadata/source list by the end of the week so I can address this promptly.

Best regards,

**Danielle Roberts, DO, MS**

On Fri, Aug 28, 2026 at 1:48 PM Emma Bruder <ebruder@dicellolevitt.com> wrote:

> Hi Danielle,
>
> I've attached our proposed redline. As you will see, I've deleted some portions where the parties have reached an impasse over how the issues should be described. We can each address our respective understandings in our individual sections. Please let me know if we have reached agreement on this joint introduction.
>
> Plaintiffs have already identified specific deficiencies in the production. Among other things, we have raised source and completeness issues concerning particular files and communications, as well as issues with the format of the production: documents were combined into two lengthy PDFs, including one spanning approximately 571 pages, without source metadata or document-level organization, and different documents were assigned duplicate identifiers (for example, "Roberts 30" and "Roberts - 30"). These issues impair our ability to assess the provenance, context, and completeness of the production and also complicate or potentially prevent the later use and authentication of particular documents.
>
> More fundamentally, our request for vendor collection is not based on identifying a list of particular missing documents. Our concern is that the collection and review process itself may have excluded responsive ESI before it was ever located or produced. We cannot identify by Bates number documents that were never collected or located, and we do not think debating these issues document by document would be productive.
>
> We have explained these concerns in our prior correspondence and do not think another particularized deficiency list is necessary before presenting the remaining dispute to the Court. You can address your disagreement in your Position section.

Here are my responses to the outstanding items from today's meeting:

1. All videos are now uploaded to Progress Share File as your team requested.

2. My position on the interrogatory responses remains the same as set forth in my July 3rd 2026 letter.

3. To clarify the email accounts, I searched:

   a. Drdanielledo@gmail.com – was the only email address I had at the times from the start of DOS to the end of the branding processes. This is the one I searched for all communications with the 4 battery plaintiffs, their masters, and circles.

   b. In addition, I have searched anything I had active on Telegram, WhatsApp, and Facebook from the start to the end of DOS.

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today

2. The messaging applications you have searched

3. The additional search terms I requested

4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**



**image002.png**
44K

---

**Emma Bruder** <ebruder@dicellolevitt.com> Fri, Sep 4, 2026 at 2:06 AM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Danielle,

We do not agree with your characterization of the parties' correspondence or the remaining disputes.

We will not engage in further email negotiations concerning these issues. The parties have exchanged their positions repeatedly and are plainly at an impasse. Nor do we agree to defer presenting the disputes to the Court while you undertake the proposed curative work. Any such work would not resolve the issues, and it would not be an efficient use of Plaintiffs' counsel's time to identify piecemeal corrections to an inadequate production.

Plaintiffs are requesting production of the original files, in their original or native format, to the extent you possess digital copies. Separating or renaming the existing PDFs would not cure that deficiency.

If you will not agree to the joint introduction, we will proceed with the filing and advise the Court that you declined because you contend that the identified production deficiencies were only newly particularized and that the parties should defer filing until you complete your proposed curative work, after which any joint submission should be limited to the remaining scope dispute. You may, of course, explain your position in your section of the submission.

With respect to India Oxenberg, Plaintiffs have completed their follow-up investigation regarding her historical Telegram account. Ms. Oxenberg used Telegram in approximately 2015/2016 through 2016 on an Android phone associated with 310-880-7377. Please treat this telephone number as highly confidential. That phone was traded in approximately 2016, before this litigation.

Ms. Oxenberg does not currently have access to any Telegram account. Telegram is not present on her current iPhone 13 Pro, and she has confirmed that she does not possess any legacy device containing the Telegram application or associated data. Our ESI vendor, CDS, separately investigated whether account-level or cloud Telegram data remained available and confirmed on August 31 that no cloud data was present and that no Telegram account currently exists for the associated number. Accordingly, because the historical Android phone is no longer in Ms. Oxenberg's possession, Telegram was not present on her collected current device, and CDS located no existing account or cloud data associated with the number, there was no Telegram account history available from Ms. Oxenberg's sources to search or produce.

We will follow up separately regarding the requested information concerning Ms. Pena's Telegram account.

Best,
Emma

Emma Bruder
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Sent:** Wednesday, September 2, 2026 12:50 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Henry, Robin <robin.henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Aufhauser, Anne <anne.aufhauser@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

Counsel,

Thank you for identifying the production-format issues in your August 28 email.

I have reviewed our correspondence from June to the present — the period in which Plaintiffs first raised concerns after more than a year of discovery on this claim. I searched those communications for references to the 571-page production, Bates numbering, PDF format, metadata, lengthy combined files, and duplicate identifiers. Those specific concerns do not appear until the joint-letter exchange. They were not raised as live, particularized deficiencies before that.

I am prepared to cure the issues you have now identified, including:

1. Separating the combined PDF productions into individual documents, to the extent practicable;
2. Correcting duplicate identifiers (for example, "Roberts 30" and "Roberts - 30"); and
3. Providing available source/provenance information for the materials already produced.

Please tell me, with particularity, what metadata or source information you need for the existing production. I will address it promptly.

Your separate concern — that the collection and review process may have excluded responsive ESI before it was located — is a **scope** issue, not a process defect. If the process is sound, or if any remaining process/form issues are cured, the question left for the Court is the proper scope of discovery on the remaining battery claim. That is the dispute that should go to the Court. Full device collection is not the remedy for form issues that I have offered to cure.

For that reason, I do not agree that we should file a joint letter while these newly particularized process issues remain open. I will complete the curative steps above. Once that is done, we can revisit a short joint letter limited to the remaining scope dispute.

You stated that Ms. Oxenberg's Android phone was traded in approximately 2016 and that you are investigating Ms. Oxenberg's and Ms. Pena's Telegram accounts. Please provide that follow-up by September 8, 2026, including: (1) the approximate trade-in date; (2) whether each still has or had access to the same Telegram account on any later device or computer; (3) whether that account history was searched and produced; and (4) whether any Telegram cloud history was deleted and, if so, when. Telegram message history is account-based, not device-based. A phone trade-in does not, by itself, establish that the messages are unavailable.

I will proceed with the curative production work and will confirm when it is complete. Please send the specific metadata/source list by the end of the week so I can address this promptly.

Best regards,

**Danielle Roberts, DO, MS**

On Fri, Aug 28, 2026 at 1:48 PM Emma Bruder <ebruder@dicellolevitt.com> wrote:

> Hi Danielle,
>
> I've attached our proposed redline. As you will see, I've deleted some portions where the parties have reached an impasse over how the issues should be described. We can each address our respective understandings in our individual sections. Please let me know if we have reached agreement on this joint introduction.
>
> Plaintiffs have already identified specific deficiencies in the production. Among other things, we have raised source and completeness issues concerning particular files and communications, as well as issues with the format of the production: documents were combined into two lengthy PDFs, including one spanning approximately 571 pages, without source metadata or document-level organization, and different documents were assigned duplicate identifiers (for example, "Roberts 30" and "Roberts - 30"). These issues impair our ability to assess the provenance, context, and completeness of the production and also complicate or potentially prevent the later use and authentication of particular documents.
>
> More fundamentally, our request for vendor collection is not based on identifying a list of particular missing documents. Our concern is that the collection and review process itself may have excluded responsive ESI before it was ever located or produced. We cannot identify by Bates number documents that were never collected or

Emma,

Here are my responses to the outstanding items from today's meeting:

1. All videos are now uploaded to Progress Share File as your team requested.

2. My position on the interrogatory responses remains the same as set forth in my July 3rd 2026 letter.

3. To clarify the email accounts, I searched:

   a. Drdanielledo@gmail.com – was the only email address I had at the times from the start of DOS to the end of the branding processes. This is the one I searched for all communications with the 4 battery plaintiffs, their masters, and circles.

   b. In addition, I have searched anything I had active on Telegram, WhatsApp, and Facebook from the start to the end of DOS.

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today

2. The messaging applications you have searched

3. The additional search terms I requested

4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**




**image002.png**
44K

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Tue, Sep 8, 2026 at 3:14 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Emma,

I am willing to produce original or native files to the extent I still possess them for materials already produced. I asked for particularity so I could cure the issues you identified without Court intervention. That request was made in good faith. This is my first time handling this form of production, and I asked only for enough clarity to do it correctly.

You have not identified which files you contend must be reproduced in native format, or what source information you still lack for specific documents. I cannot cure a deficiency that has not been specified. I remain ready to do that work as soon as you identify it.

If you will not provide that clarity, we should say so in the joint introduction: Defendant offered to produce available native files and to cure the form issues identified on August 28; Plaintiffs declined to identify the specific files or metadata required and declined to defer filing while that work was completed. Each party can then address the rest in its Position section.

I will not delay the filing. Please send the current draft of the joint introduction so I can insert my Position. If you file without it, I will submit my Position separately the same day.

I will treat the telephone number in your prior email as Highly Confidential and will not include it in any public filing. I await the follow-up on Ms. Pena's Telegram account.

Best regards,

**Danielle Roberts, DO, MS**

On Fri, Sep 4, 2026 at 12:07 AM Emma Bruder <ebruder@dicellolevitt.com> wrote:

Danielle,

We do not agree with your characterization of the parties' correspondence or the remaining disputes.

We will not engage in further email negotiations concerning these issues. The parties have exchanged their positions repeatedly and are plainly at an impasse. Nor do we agree to defer presenting the disputes to the Court while you undertake the proposed curative work. Any such work would not resolve the issues, and it would not be an efficient use of Plaintiffs' counsel's time to identify piecemeal corrections to an inadequate production.

Plaintiffs are requesting production of the original files, in their original or native format, to the extent you possess digital copies. Separating or renaming the existing PDFs would not cure that deficiency.

If you will not agree to the joint introduction, we will proceed with the filing and advise the Court that you declined because you contend that the identified production deficiencies were only newly particularized and that the parties should defer filing until you complete your proposed curative work, after which any joint submission should be limited to the remaining scope dispute. You may, of course, explain your position in your section of the submission.

With respect to India Oxenberg, Plaintiffs have completed their follow-up investigation regarding her historical Telegram account. Ms. Oxenberg used Telegram in approximately 2015/2016 through 2016 on an Android phone associated with 310-880-7377. Please treat this telephone number as highly confidential. That phone was traded in approximately 2016, before this litigation.

Ms. Oxenberg does not currently have access to any Telegram account. Telegram is not present on her current iPhone 13 Pro, and she has confirmed that she does not possess any legacy device containing the Telegram application or associated data. Our ESI vendor, CDS, separately investigated whether account-level or cloud Telegram data remained available and confirmed on August 31 that no cloud data was present and that no Telegram account currently exists for the associated number. Accordingly, because the historical Android phone is no longer in Ms. Oxenberg's possession, Telegram was not present on her collected current device, and CDS located no existing account or cloud data associated with the number, there was no Telegram account history available from Ms. Oxenberg's sources to search or produce.

We will follow up separately regarding the requested information concerning Ms. Pena's Telegram account.

Best,
Emma

Emma Bruder
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Sent:** Wednesday, September 2, 2026 12:50 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Henry, Robin <robin.henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Aufhauser, Anne <anne.aufhauser@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

Counsel,

Thank you for identifying the production-format issues in your August 28 email.

I have reviewed our correspondence from June to the present — the period in which Plaintiffs first raised concerns after more than a year of discovery on this claim. I searched those communications for references to the 571-page production, Bates numbering, PDF format, metadata, lengthy combined files, and duplicate identifiers. Those specific concerns do not appear until the joint-letter exchange. They were not raised as live, particularized deficiencies before that.

I am prepared to cure the issues you have now identified, including:

1. Separating the combined PDF productions into individual documents, to the extent practicable;
2. Correcting duplicate identifiers (for example, "Roberts 30" and "Roberts - 30"); and
3. Providing available source/provenance information for the materials already produced.

Please tell me, with particularity, what metadata or source information you need for the existing production. I will address it promptly.

Your separate concern — that the collection and review process may have excluded responsive ESI before it was located — is a **scope** issue, not a process defect. If the process is sound, or if any remaining process/form issues are cured, the question left for the Court is the proper scope of discovery on the remaining battery claim. That is the dispute that should go to the Court. Full device collection is not the remedy for form issues that I have offered to cure.

For that reason, I do not agree that we should file a joint letter while these newly particularized process issues remain open. I will complete the curative steps above. Once that is done, we can revisit a short joint letter limited to the remaining scope dispute.

You stated that Ms. Oxenberg's Android phone was traded in approximately 2016 and that you are investigating Ms. Oxenberg's and Ms. Pena's Telegram accounts. Please provide that follow-up by September 8, 2026, including: (1) the approximate trade-in date; (2) whether each still has or had access to the same Telegram account on any later device or computer; (3) whether that account history was searched and produced; and (4) whether any Telegram cloud history was deleted and, if so, when. Telegram message history is account-based, not device-based. A phone trade-in does not, by itself, establish that the messages are unavailable.

I will proceed with the curative production work and will confirm when it is complete. Please send the specific metadata/source list by the end of the week so I can address this promptly.

Best regards,

**Danielle Roberts, DO, MS**

**To:** Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; William E. Hoese <whoese@kohnswift.com>; Henry, Robin <Robin.Henry@friedfrank.com>; Emma Bruder <ebruder@dicellolevitt.com>; Aufhauser, Anne <Anne.Aufhauser@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>; Robert A. Swift <rswift@kohnswift.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Brendan Schneiderman <bschneiderman@cohenmilstein.com>
**Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

Emma,

Here are my responses to the outstanding items from today's meeting:

1. All videos are now uploaded to Progress Share File as your team requested.

2. My position on the interrogatory responses remains the same as set forth in my July 3rd 2026 letter.

3. To clarify the email accounts, I searched:

   a. Drdanielledo@gmail.com – was the only email address I had at the times from the start of DOS to the end of the branding processes. This is the one I searched for all communications with the 4 battery plaintiffs, their masters, and circles.

   b. In addition, I have searched anything I had active on Telegram, WhatsApp, and Facebook from the start to the end of DOS.

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today

2. The messaging applications you have searched

3. The additional search terms I requested

4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

---



**image002.png**
44K

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Tue, Sep 8, 2026 at 3:30 PM
To: Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Emma,

To clarify: I have your last redline. I am happy to get that back to you with these updates by tomorrow or Thursday if your position remains the same.

**Danielle Roberts, DO, MS**

On Tue, Sep 8, 2026 at 1:14 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Emma,
>
> I am willing to produce original or native files to the extent I still possess them for materials already produced. I asked for particularity so I could cure the issues you identified without Court intervention. That request was made in good faith. This is my first time handling this form of production, and I asked only for enough clarity to do it correctly.
>
> You have not identified which files you contend must be reproduced in native format, or what source information you still lack for specific documents. I cannot cure a deficiency that has not been specified. I remain ready to do that work as soon as you identify it.
>
> If you will not provide that clarity, we should say so in the joint introduction: Defendant offered to produce available native files and to cure the form issues identified on August 28; Plaintiffs declined to identify the specific files or metadata required and declined to defer filing while that work was completed. Each party can then address the rest in its Position section.
>
> I will not delay the filing. Please send the current draft of the joint introduction so I can insert my Position. If you file without it, I will submit my Position separately the same day.
>
> I will treat the telephone number in your prior email as Highly Confidential and will not include it in any public filing. I await the follow-up on Ms. Pena's Telegram account.
>
> Best regards,
>
> **Danielle Roberts, DO, MS**
>
> On Fri, Sep 4, 2026 at 12:07 AM Emma Bruder <ebruder@dicellolevitt.com> wrote:
>
> > Danielle,
> >
> > We do not agree with your characterization of the parties' correspondence or the remaining disputes.
> >
> > We will not engage in further email negotiations concerning these issues. The parties have exchanged their positions repeatedly and are plainly at an impasse. Nor do we agree to defer presenting the disputes to the Court while you undertake the proposed curative work. Any such work would not resolve the issues, and it would not be an efficient use of Plaintiffs' counsel's time to identify piecemeal corrections to an inadequate production.
> >
> > Plaintiffs are requesting production of the original files, in their original or native format, to the extent you possess digital copies. Separating or renaming the existing PDFs would not cure that deficiency.
> >
> > If you will not agree to the joint introduction, we will proceed with the filing and advise the Court that you declined because you contend that the identified production deficiencies were only newly particularized and that the parties should defer filing until you complete your proposed curative work, after which any joint submission should be limited to the remaining scope dispute. You may, of course, explain your position in your section of the submission.
> >
> > With respect to India Oxenberg, Plaintiffs have completed their follow-up investigation regarding her historical Telegram account. Ms. Oxenberg used Telegram in approximately 2015/2016 through 2016 on an Android phone associated with 310-880-7377. Please treat this telephone number as highly confidential. That phone was traded in approximately 2016, before this litigation.
> >
> > Ms. Oxenberg does not currently have access to any Telegram account. Telegram is not present on her current iPhone 13 Pro, and she has confirmed that she does not possess any legacy device containing the Telegram application or associated data. Our ESI vendor, CDS, separately investigated whether account-level or cloud Telegram data remained available and confirmed on August 31 that no cloud data was present and that no Telegram account currently exists for the associated number. Accordingly, because the historical Android phone is no longer in Ms. Oxenberg's possession, Telegram was not present on her collected current device, and CDS located no existing account or cloud data associated with the number, there was no Telegram account history available from Ms. Oxenberg's sources to search or produce.
> >
> > We will follow up separately regarding the requested information concerning Ms. Pena's Telegram account.
> >
> > Best,
> > Emma
> >
> > Emma Bruder
> > **DICELLO LEVITT**
> > 646.933.1000
> >
> > This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.
> >
> > ---
> >
> > **From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
> > **Sent:** Wednesday, September 2, 2026 12:50 PM
> > **To:** Emma Bruder <ebruder@dicellolevitt.com>
> > **Cc:** William E. Hoese <whoese@kohnswift.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Henry, Robin <robin.henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Aufhauser, Anne <anne.aufhauser@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>
> > **Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)
> >
> > Counsel,
> >
> > Thank you for identifying the production-format issues in your August 28 email.
> >
> > I have reviewed our correspondence from June to the present — the period in which Plaintiffs first raised concerns after more than a year of discovery on this claim. I searched those communications for references to the 571-page production, Bates numbering, PDF format, metadata, lengthy combined files, and duplicate identifiers. Those specific concerns do not appear until the joint-letter exchange. They were not raised as live, particularized deficiencies before that.

Attached are 3 replies to your recent letters, along with their corresponding attachments.

Please confirm the best time for us to meet Monday.

**Danielle Roberts, DO, MS**



**image002.png**
44K

**Stacey MacKinnon** <smackinnon@dicellolevitt.com> Fri, Sep 11, 2026 at 8:05 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>, Emma Bruder <ebruder@dicellolevitt.com>
Cc: "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Dr. Roberts,

I can provide a few examples of documents that require re-production in a more reliable format:

Roberts - 230: Screenshot of text messages between Danielle Roberts and Sarah Edmondson where the start date is cut off and the name of the platform is not identified.

Roberts - 231-236: Text messages between Allison Mack and Danielle Roberts that were copied and pasted into a Word document (without dates or times) and screenshots of the Word document were produced. There is a clear copy/paste error in them. Also, clear breaks are not provided, but you can tell time has passed between messages (see e.g., 234/235). The messages also contain redactions without explanation.

Roberts – 237-238: Screenshots of text messages with "Keith Raneire" (sic) with the date(s) missing. The platform name is not identified.

These are just a few examples, however. Combining all of the documents into one PDF strips all the documents of metadata. For this reason, we are recommending a forensic collection.

Thank you,

Stacey

Stacey MacKinnon
**DICELLO LEVITT**
646.933.1000

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

**From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Sent:** Tuesday, September 8, 2026 3:15 PM
**To:** Emma Bruder <ebruder@dicellolevitt.com>
**Cc:** William E. Hoese <whoese@kohnswift.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Stacey MacKinnon <smackinnon@dicellolevitt.com>; Henry, Robin <robin.henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Aufhauser, Anne <anne.aufhauser@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

Emma,

I am willing to produce original or native files to the extent I still possess them for materials already produced. I asked for particularity so I could cure the issues you identified without Court intervention. That request
was made in good faith. This is my first time handling this form of production, and I asked only for enough clarity to do it correctly.

You have not identified which files you contend must be reproduced in native format, or what source information you still lack for specific documents. I cannot cure a deficiency that has not been specified. I remain ready to
do that work as soon as you identify it.

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Tue, Sep 15, 2026 at 1:10 AM
To: Stacey MacKinnon <smackinnon@dicellolevitt.com>
Cc: Emma Bruder <ebruder@dicellolevitt.com>, "William E. Hoese" <whoese@kohnswift.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Counsel,

Thank you for identifying specific documents. Below is the source information I have for those items. I will re-produce the original files I still possess.

**Roberts-230**

The produced image is a JPEG screenshot saved on my computer on December 15, 2017. The platform is WhatsApp. The underlying WhatsApp thread no longer exists. The start date is not cut off from a later edit; it was not captured in the 2017 photograph. I will produce the JPEG file itself. That file's created/modified date is December 15, 2017. No additional chat metadata exists.

**Roberts-231–236**

The source is a Word document on my computer. The underlying Telegram thread no longer exists and is not accessible from any account or device I have. The document is labeled at the top with the range 11.25.16 to 12.30.16. The stamp "[01.01.17 23:06]" on some pages is the date and time I pasted the text from Telegram into the Word file, not the time of each message. The page breaks correspond to different portions of that conversation; I do not have message-level dates or times beyond what appears on the pages. The redactions are related to a personal goal check-in unrelated to branding or the remaining battery claim. I have located original screenshot files for four of the six pages previously produced as Roberts-231–236 and will produce those files. I have not located the original image files for the remaining two pages. For those two pages I will produce an extract of the corresponding pages from the source Word document, which is the file from which the original screenshots were taken. I am not creating new screenshots.

**Roberts-237–238**
The platform is Telegram. The messages are dated Tuesday, October 17, 2017. I have located the original screenshot files and will produce them.

These examples confirm why forensic collection of my devices is not the remedy. The source files are screenshots and a Word paste made years ago. The live WhatsApp and Telegram threads no longer exist. Imaging my current devices will not recover dates or metadata that were never in those files.

Combining these productions into a PDF does not require device imaging. I will produce the original JPEG for Roberts-230, the four original screenshot files plus two Word-page extracts for Roberts-231–236, and the original screenshot files for Roberts-237–238 (see attached). If you want the same source treatment for other specific Bates numbers, identify them and I will do the same to the extent the original file still exists.

Best regards,

**Danielle Roberts, DO, MS**

On Fri, Sep 11, 2026 at 8:06 PM Stacey MacKinnon <smackinnon@dicellolevitt.com> wrote:

> Dr. Roberts,
>
> I can provide a few examples of documents that require re-production in a more reliable format:
>
> Roberts - 230: Screenshot of text messages between Danielle Roberts and Sarah Edmondson where the start date is cut off and the name of the platform is not identified.
>
> Roberts - 231-236: Text messages between Allison Mack and Danielle Roberts that were copied and pasted into a Word document (without dates or times) and screenshots of the Word document were produced. There is a clear copy/paste error in them. Also, clear breaks are not provided, but you can tell time has passed between messages (see e.g., 234/235). The messages also contain redactions without explanation.
>
> Roberts – 237-238: Screenshots of text messages with "Keith Raneire" (sic) with the date(s) missing. The platform name is not identified.
>
> These are just a few examples, however. Combining all of the documents into one PDF strips all the documents of metadata. For this reason, we are recommending a forensic collection.
>
> Thank you,
>
> Stacey
>
> Stacey MacKinnon
> **DICELLO LEVITT**
> 646.933.1000
>
> This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

Counsel,

Attached are 3 replies to your recent letters, along with their corresponding attachments.

Please confirm the best time for us to meet Monday.

**Danielle Roberts, DO, MS**

---

**9 attachments**

[redacted]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Wed, Sep 16, 2026 at 9:08 PM
To: Stacey MacKinnon <smackinnon@dicellolevitt.com>
Cc: Emma Bruder <ebruder@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Stacey,
I see here that I accidentally attached the files we spoke about sending in the link you were to send me. I assume the link is no longer necessary. My apologies.

Counsel, Please keep these files confidential. Please download these files and confirm receipt and we can then both delete that particular email from the thread to help protect confidentiality.

Thank you,

**Danielle Roberts, DO, MS**

On Tue, Sep 15, 2026 at 1:10 AM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Thank you for identifying specific documents. Below is the source information I have for those items. I will re-produce the original files I still possess.
>
> **Roberts-230**
>
> The produced image is a JPEG screenshot saved on my computer on December 15, 2017. The platform is WhatsApp. The underlying WhatsApp thread no longer exists. The start date is not cut off from a later edit; it was not captured in the 2017 photograph. I will produce the JPEG file itself. That file's created/modified date is December 15, 2017. No additional chat metadata exists.
>
> **Roberts-231–236**
>
> The source is a Word document on my computer. The underlying Telegram thread no longer exists and is not accessible from any account or device I have. The document is labeled at the top with the range 11.25.16 to 12.30.16. The stamp "[01.01.17 23:06]" on some pages is the date and time I pasted the text from Telegram into the Word file, not the time of each message. The page breaks correspond to different portions of that conversation; I do not have message-level dates or times beyond what appears on the pages. The redactions are related to a personal goal check-in unrelated to branding or the remaining battery claim. I have located original screenshot files for four of the six pages previously produced as Roberts-231–236 and will produce those files. I have not located the original image files for the remaining two pages. For those two pages I will produce an extract of the corresponding pages from the source Word document, which is the file from which the original screenshots were taken. I am not creating new screenshots.
>
> **Roberts-237–238**
> The platform is Telegram. The messages are dated Tuesday, October 17, 2017. I have located the original screenshot files and will produce them.
>
> These examples confirm why forensic collection of my devices is not the remedy. The source files are screenshots and a Word paste made years ago. The live WhatsApp and Telegram threads no longer exist. Imaging my current devices will not recover dates or metadata that were never in those files.
>
> Combining these productions into a PDF does not require device imaging. I will produce the original JPEG for Roberts-230, the four original screenshot files plus two Word-page extracts for Roberts-231–236, and the original screenshot files for Roberts-237–238 (see attached). If you want the same source treatment for other specific Bates numbers, identify them and I will do the same to the extent the original file still exists.
>
> Best regards,
>
> **Danielle Roberts, DO, MS**
>
> On Fri, Sep 11, 2026 at 8:06 PM Stacey MacKinnon <smackinnon@dicellolevitt.com> wrote:
>
>> Dr. Roberts,
>>
>> I can provide a few examples of documents that require re-production in a more reliable format:
>>
>> Roberts - 230: Screenshot of text messages between Danielle Roberts and Sarah Edmondson where the start date is cut off and the name of the platform is not identified.
>>
>> Roberts - 231-236: Text messages between Allison Mack and Danielle Roberts that were copied and pasted into a Word document (without dates or times) and screenshots of the Word document were produced. There is a clear copy/paste error in them. Also, clear breaks are not provided, but you can tell time has passed between messages (see e.g., 234/235). The messages also contain redactions without explanation.
>>
>> Roberts – 237-238: Screenshots of text messages with "Keith Raneire" (sic) with the date(s) missing. The platform name is not identified.
>>
>> These are just a few examples, however. Combining all of the documents into one PDF strips all the documents of metadata. For this reason, we are recommending a forensic collection.
>>
>> Thank you,
>>
>> Stacey
>>
>> Stacey MacKinnon
>> **DICELLO LEVITT**
>> 646.933.1000

Emma,

Here are my responses to the outstanding items from today's meeting:

1. All videos are now uploaded to Progress Share File as your team requested.

2. My position on the interrogatory responses remains the same as set forth in my July 3rd 2026 letter.

3. To clarify the email accounts, I searched:

   a. Drdanielledo@gmail.com – was the only email address I had at the times from the start of DOS to the end of the branding processes. This is the one I searched for all communications with the 4 battery plaintiffs, their masters, and circles.

   b. In addition, I have searched anything I had active on Telegram, WhatsApp, and Facebook from the start to the end of DOS.

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today

2. The messaging applications you have searched

3. The additional search terms I requested

4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

[redacted]

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Tue, Sep 22, 2026 at 9:51 PM
To: Stacey MacKinnon <smackinnon@dicellolevitt.com>
Cc: Emma Bruder <ebruder@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Counsel,

I am following up. It's been a week since I sent these cures. Please confirm receipt, so I can delete the attachments (and ask that you do the same). Please share with me any additional cures needed by Thursday so this can be addressed promptly, and we can get any remaining disputes to the Judge by the end of next week.

Thank you.

Stacey, I have not received any further information about Vol 21 zip password. Please advise by tomorrow.
Thank you,

**Danielle Roberts, DO, MS**

On Tue, Sep 15, 2026 at 1:10 AM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Thank you for identifying specific documents. Below is the source information I have for those items. I will re-produce the original files I still possess.

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

[redacted]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Sun, Sep 27, 2026 at 4:42 PM
To: Stacey MacKinnon <smackinnon@dicellolevitt.com>
Cc: Emma Bruder <ebruder@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Adam Prom <aprom@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Emma,

I am writing for the third time. I have not received a response to my latest email addressing your specific concerns. As a reminder, the Court directed us to prioritize resolving discovery for this one last allegation. Please let me know if there are any other specific issues with discovery by Bates number and issue. If I don't receive any further issues by Tuesday the 29th, I will assume there are none and send an amended joint portion of the letter to the Court to you by Thursday to be filed with our positions by Friday. Monday, latest.

Thank you for addressing this promptly.

**Danielle Roberts, DO, MS**

On Tue, Sep 22, 2026 at 9:51 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> I am following up. It's been a week since I sent these cures. Please confirm receipt, so I can delete the attachments (and ask that you do the same). Please share with me any additional cures needed by Thursday so this can be addressed promptly, and we can get any remaining disputes to the Judge by the end of next week.
>
> Thank you.
>
> Stacey, I have not received any further information about Vol 21 zip password. Please advise by tomorrow.
> Thank you,
>
> **Danielle Roberts, DO, MS**
>
> On Tue, Sep 15, 2026 at 1:10 AM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:
>
>> Counsel,
>>
>> Thank you for identifying specific documents. Below is the source information I have for those items. I will re-produce the original files I still possess.
>>
>> **Roberts-230**
>>
>> The produced image is a JPEG screenshot saved on my computer on December 15, 2017. The platform is WhatsApp. The underlying WhatsApp thread no longer exists. The start date is not cut off from a later edit; it was not captured in the 2017 photograph. I will produce the JPEG file itself. That file's created/modified date is December 15, 2017. No additional chat metadata exists.
>>
>> **Roberts-231–236**
>>
>> The source is a Word document on my computer. The underlying Telegram thread no longer exists and is not accessible from any account or device I have. The document is labeled at the top with the range 11.25.16 to 12.30.16. The stamp "[01.01.17 23:06]" on some pages is the date and time I pasted the text from Telegram into the Word file, not the time of each message. The page breaks correspond to different portions of that conversation; I do not have message-level dates or times beyond what appears on the pages. The redactions are related to a personal goal check-in unrelated to branding or the remaining battery claim. I have located original screenshot files for four of the six pages previously produced as Roberts-231–236 and will produce those files. I have not located the original image files for the remaining two pages. For those two pages I will produce an extract of the corresponding pages from the source Word document, which is the file from which the original screenshots were taken. I am not creating new screenshots.
>>
>> **Roberts-237–238**
>> The platform is Telegram. The messages are dated Tuesday, October 17, 2017. I have located the original screenshot files and will produce them.
>>
>> These examples confirm why forensic collection of my devices is not the remedy. The source files are screenshots and a Word paste made years ago. The live WhatsApp and Telegram threads no longer exist. Imaging my current devices will not recover dates or metadata that were never in those files.

**Adam Prom** <aprom@dicellolevitt.com> Tue, Sep 29, 2026 at 1:29 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>, Stacey MacKinnon <smackinnon@dicellolevitt.com>
Cc: Emma Bruder <ebruder@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Dr. Roberts,

Emma was in trial for several weeks and is now out of the office on her honeymoon. Thank you for the descriptions and documents below, but they do not cure the deficiencies we have identified. You may not assume there are no further issues. We will follow up in the coming days regarding the joint court submission.

Best,

Adam Prom
**DICELLO LEVITT**
312.214.7900

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Sent:** Sunday, September 27, 2026 3:43 PM
**To:** Stacey MacKinnon <smackinnon@dicellolevitt.com>
**Cc:** Emma Bruder <ebruder@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Adam Prom <aprom@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Henry, Robin <robin.henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Aufhauser, Anne <anne.aufhauser@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

Emma,

I am writing for the third time. I have not received a response to my latest email addressing your specific concerns. As a reminder, the Court directed us to prioritize resolving discovery for this one last allegation. Please let me know if there are any other specific issues with discovery by Bates number and issue. If I don't receive any further issues by Tuesday the 29th, I will assume there are none and send an amended joint portion of the letter to the Court to you by Thursday to be filed with our positions by Friday. Monday, latest.

Thank you for addressing this promptly.

**Danielle Roberts, DO, MS**

On Tue, Sep 22, 2026 at 9:51 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> I am following up. It's been a week since I sent these cures. Please confirm receipt, so I can delete the attachments (and ask that you do the same). Please share with me any additional cures needed by Thursday so this can be addressed promptly, and we can get any remaining disputes to the Judge by the end of next week.
>
> Thank you.
>
> Stacey, I have not received any further information about Vol 21 zip password. Please advise by tomorrow.
>
> Thank you,
>
> **Danielle Roberts, DO, MS**
>
> On Tue, Sep 15, 2026 at 1:10 AM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:
>
> > Counsel,

Emma,

Here are my responses to the outstanding items from today's meeting:

1. All videos are now uploaded to Progress Share File as your team requested.

2. My position on the interrogatory responses remains the same as set forth in my July 3rd 2026 letter.

3. To clarify the email accounts, I searched:

   a. Drdanielledo@gmail.com – was the only email address I had at the times from the start of DOS to the end of the branding processes. This is the one I searched for all communications with the 4 battery plaintiffs, their masters, and circles.

   b. In addition, I have searched anything I had active on Telegram, WhatsApp, and Facebook from the start to the end of DOS.

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today

2. The messaging applications you have searched

3. The additional search terms I requested

4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

[redacted]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Tue, Sep 29, 2026 at 9:52 PM
To: Adam Prom <aprom@dicellolevitt.com>
Cc: Stacey MacKinnon <smackinnon@dicellolevitt.com>, Emma Bruder <ebruder@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Hi Adam,

Thank you for your response. Please send the additional deficiencies so I can cure them promptly, along with any others that you may contest.
Thank you again for your prompt attention to this matter, as the Court has directed.

**Danielle Roberts, DO, MS**

On Tue, Sep 29, 2026 at 1:30 PM Adam Prom <aprom@dicellolevitt.com> wrote:

> Dr. Roberts,
>
> Emma was in trial for several weeks and is now out of the office on her honeymoon. Thank you for the descriptions and documents below, but they do not cure the deficiencies we have identified. You may not assume there are no further issues. We will follow up in the coming days regarding the joint court submission.

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

[redacted]

---

**Adam Prom** <aprom@dicellolevitt.com> Thu, Oct 1, 2026 at 2:29 PM
To: "Dr. Danielle Roberts" <danielle@drdanielleroberts.com>
Cc: Stacey MacKinnon <smackinnon@dicellolevitt.com>, Emma Bruder <ebruder@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Dr. Roberts,

As we have stated multiple times, Plaintiffs maintain that your collection and production as a whole are inadequate, and they will be requesting a forensic collection. We provided examples of the deficiencies in the scope and manner of your collection and production, but your proposed curative work does not resolve the issues and neither will piecemeal identification of more deficiencies. We are proceeding with the joint submission, which we have further revised (please see attached).

Best,

Adam Prom
**DICELLO LEVITT**
312.214.7900

This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.

---

**From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
**Sent:** Tuesday, September 29, 2026 8:52 PM
**To:** Adam Prom <aprom@dicellolevitt.com>
**Cc:** Stacey MacKinnon <smackinnon@dicellolevitt.com>; Emma Bruder <ebruder@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Henry, Robin <robin.henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Aufhauser, Anne <anne.aufhauser@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>
**Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

Hi Adam,

Thank you for your response. Please send the additional deficiencies so I can cure them promptly, along with any others that you may contest.

Thank you again for your prompt attention to this matter, as the Court has directed.

**Danielle Roberts, DO, MS**

On Tue, Sep 29, 2026 at 1:30 PM Adam Prom <aprom@dicellolevitt.com> wrote:

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

---

[redacted]

Plaintiffs' Edits to Joint Pre-Motion Ltr Re Roberts' Deficient Prods. and Interrog. Resps.docx
29K

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Thu, Oct 8, 2026 at 9:21 PM
To: Adam Prom <aprom@dicellolevitt.com>
Cc: Stacey MacKinnon <smackinnon@dicellolevitt.com>, Emma Bruder <ebruder@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Hi Adam,

Thank you for your response. I am just seeing this now.
I don't agree with your position. I will state my position in the joint letter.
I will review this tomorrow and get back to you regarding the joint section so that we can add our positions early next week and submit the letter.

**Danielle Roberts, DO, MS**

On Thu, Oct 1, 2026 at 2:30 PM Adam Prom <aprom@dicellolevitt.com> wrote:

> Dr. Roberts,
>
> As we have stated multiple times, Plaintiffs maintain that your collection and production as a whole are inadequate, and they will be requesting a forensic collection. We provided examples of the deficiencies in the scope and manner of your collection and production, but your proposed curative work does not resolve the issues and neither will piecemeal identification of more deficiencies. We are proceeding with the joint submission, which we have further revised (please see attached).
>
> Best,
>
> Adam Prom
> **DICELLO LEVITT**
> 312.214.7900
>
> This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.
>
> ---
>
> **From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
> **Sent:** Tuesday, September 29, 2026 8:52 PM
> **To:** Adam Prom <aprom@dicellolevitt.com>
> **Cc:** Stacey MacKinnon <smackinnon@dicellolevitt.com>; Emma Bruder <ebruder@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Henry, Robin <robin.henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Aufhauser, Anne <anne.aufhauser@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com>
> **Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

com>
**Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

Emma,

Here are my responses to the outstanding items from today's meeting:

1. All videos are now uploaded to Progress Share File as your team requested.

2. My position on the interrogatory responses remains the same as set forth in my July 3rd 2026 letter.

3. To clarify the email accounts, I searched:

   a. Drdanielledo@gmail.com – was the only email address I had at the times from the start of DOS to the end of the branding processes. This is the one I searched for all communications with the 4 battery plaintiffs, their masters, and circles.

   b. In addition, I have searched anything I had active on Telegram, WhatsApp, and Facebook from the start to the end of DOS.

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today

2. The messaging applications you have searched

3. The additional search terms I requested

4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

[redacted]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Fri, Oct 9, 2026 at 10:09 PM
To: Adam Prom <aprom@dicellolevitt.com>
Cc: Stacey MacKinnon <smackinnon@dicellolevitt.com>, Emma Bruder <ebruder@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Adam,

I had to work late tonight. I saw the judges order.
I will have the joint section back Monday, and we can add or positions Tuesday and submit.

**Danielle Roberts, DO, MS**

On Thu, Oct 8, 2026 at 9:21 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Hi Adam,

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

---

[redacted]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Mon, Oct 12, 2026 at 1:00 PM
To: Adam Prom <aprom@dicellolevitt.com>
Cc: Stacey MacKinnon <smackinnon@dicellolevitt.com>, Emma Bruder <ebruder@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Good afternoon, Counsel.

Here are my final edits on the joint section of our informal discovery conference request. This lays a neutral foundation. I hope we can both agree on this, letting the rest be hashed out in our individual positions. I'll be ready to add my position tomorrow and submit this. Agreed?

**Danielle Roberts, DO, MS**

On Fri, Oct 9, 2026 at 10:09 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Adam,
>
> I had to work late tonight. I saw the judges order.
> I will have the joint section back Monday, and we can add or positions Tuesday and submit.
>
> **Danielle Roberts, DO, MS**
>
> On Thu, Oct 8, 2026 at 9:21 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:
>
> > Hi Adam,
> >
> > Thank you for your response. I am just seeing this now.
> > I don't agree with your position. I will state my position in the joint letter.
> > I will review this tomorrow and get back to you regarding the joint section so that we can add our positions early next week and submit the letter.
> >
> > **Danielle Roberts, DO, MS**
> >
> > On Thu, Oct 1, 2026 at 2:30 PM Adam Prom <aprom@dicellolevitt.com> wrote:
> >
> > > Dr. Roberts,
> > >
> > > As we have stated multiple times, Plaintiffs maintain that your collection and production as a whole are inadequate, and they will be requesting a forensic collection. We provided examples of the deficiencies in the scope and manner of your collection and production, but your proposed curative work does not resolve the issues and neither will piecemeal identification of more deficiencies. We are proceeding with the joint submission, which we have further revised (please see attached).
> > >
> > > Best,
> > >
> > > Adam Prom
> > > **DICELLO LEVITT**
> > > 312.214.7900
> > >
> > > This transmission may contain privileged and confidential information meant for the intended recipient only. If you have received this email in error, please notify the sender and permanently delete this email and any attachments.
> > >
> > > ---
> > >
> > > **From:** Dr. Danielle Roberts <danielle@drdanielleroberts.com>
> > > **Sent:** Tuesday, September 29, 2026 8:52 PM
> > > **To:** Adam Prom <aprom@dicellolevitt.com>
> > > **Cc:** Stacey MacKinnon <smackinnon@dicellolevitt.com>; Emma Bruder <ebruder@dicellolevitt.com>; Greg Gutzler <ggutzler@dicellolevitt.com>; Gordon Bergstresser <Gbergstresser@dicellolevitt.com>; Agnieszka M. Fryszman <afryszman@cohenmilstein.com>; Henry, Robin <robin.henry@friedfrank.com>; Aaron Goldsmith <aarongoldsmithlaw@gmail.com>; Aufhauser, Anne <anne.aufhauser@friedfrank.com>; Leavy, Danielle <Danielle.Leavy@friedfrank.com

<afryszman@cohenmilstein.com>; Brendan Schneiderman
<bschneiderman@cohenmilstein.com>
**Subject:** Re: Edmondson v Raniere: DR July 3rd Discovery Replies (3)

Emma,

Here are my responses to the outstanding items from today's meeting:

1. All videos are now uploaded to Progress Share File as your team requested.

2. My position on the interrogatory responses remains the same as set forth in my July 3rd 2026 letter.

3. To clarify the email accounts, I searched:

   a. Drdanielledo@gmail.com – was the only email address I had at the times from the start of DOS to the end of the branding processes. This is the one I searched for all communications with the 4 battery plaintiffs, their masters, and circles.

   b. In addition, I have searched anything I had active on Telegram, WhatsApp, and Facebook from the start to the end of DOS.

I look forward to the Plaintiffs' positions on:

1. My ESI process as discussed today

2. The messaging applications you have searched

3. The additional search terms I requested

4. Stacey's response to the formatting issue

Thank you.

**Danielle Roberts, DO, MS**

On Fri, Jul 3, 2026 at 8:16 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

> Counsel,
>
> Attached are 3 replies to your recent letters, along with their corresponding attachments.
>
> Please confirm the best time for us to meet Monday.
>
> **Danielle Roberts, DO, MS**

[redacted]

---

**Dr. Danielle Roberts** <danielle@drdanielleroberts.com> Tue, Oct 13, 2026 at 10:16 AM
To: Adam Prom <aprom@dicellolevitt.com>
Cc: Stacey MacKinnon <smackinnon@dicellolevitt.com>, Emma Bruder <ebruder@dicellolevitt.com>, Greg Gutzler <ggutzler@dicellolevitt.com>, Gordon Bergstresser <Gbergstresser@dicellolevitt.com>, "Agnieszka M. Fryszman" <afryszman@cohenmilstein.com>, "Henry, Robin" <robin.henry@friedfrank.com>, Aaron Goldsmith <aarongoldsmithlaw@gmail.com>, "Aufhauser, Anne" <anne.aufhauser@friedfrank.com>, "Leavy, Danielle" <Danielle.Leavy@friedfrank.com>

Counsel,

Can you please confirm where we are at on the joint section of this and when you will be ready with your position?
If I don't hear back today I will submit a letter to the court tomorrow explaining this issue.

**Danielle Roberts, DO, MS**

On Mon, Oct 12, 2026 at 11:10 PM Dr. Danielle Roberts <danielle@drdanielleroberts.com> wrote:

# Exhibit F

# EXHIBIT F

## Attribution of Alleged Deception, Coercion, Collateral, and Brand-Meaning Statements
## Count IV (Battery) – Edmondson et al. v. Raniere et al., No. 1:20-cv-00485 (E.D.N.Y.)

**Sources and citation form.** "FAC" = Fifth Amended Complaint, ECF No. 396 (¶ and ECF page). "Edm.," "Isb.," "Ox.," "Pena" = each Plaintiff's Responses and Objections to Defendant Danielle Roberts' Amended Interrogatories (Rog. No. and page of the response). Edmondson, Isbell, and Oxenberg verifications dated Dec. 11, 2025.

### Table 1 – By subject

| Subject | Attributed to persons other than Dr. Roberts | Attributed to Dr. Roberts |
|---|---|---|
| Misrepresenting DOS (women-only; Raniere not involved) | FAC ¶¶ 106, 110, 112 (at 43–45) (Raniere; First-Line Masters; Mack); ¶ 126 (at 52) (Mack – Nicole); ¶ 133 (at 55) (Mack – Oxenberg); ¶ 155 (at 61) (DOS masters – Edmondson, Pena).<br>Edm. Rog. 3 at 6 (Salzman); Isb. Rog. 3 at 5, Rog. 19 at 16 (Mack); Ox. Rog. 3 at 7 (Mack); Pena Rog. 3 at 6 (Garza). | **None.**<br>FAC ¶ 6 (at 7): group allegation only, no facts. |
| Demanding collateral | FAC ¶¶ 107, 110–111, 114 (at 43–46) (First-Line Masters; DOS masters); ¶ 127 (at 52) (Mack); ¶ 133 (at 55) (Mack, Clyne); ¶ 155 (at 61) (DOS masters).<br>Edm. Rog. 3 at 5–7 (Salzman); Isb. Rog. 3 at 5–6 (Mack); Ox. Rog. 3 at 7–8 (Mack); Pena Rog. 3 at 6–7 (Garza). | **None.** |
| Threatening release of collateral / coercing submission to branding | FAC ¶¶ 107, 114–115 (at 43–47); ¶ 123 (at 51) (release at Raniere's direction); ¶ 128 (at 53) (Mack).<br>Edm. Rog. 3 at 7–8 ("if Salzman had not threatened"); Isb. Rog. 3 at 7 ("if Allison Mack had not threatened"); Ox. Rog. 3 at 9 (fear Mack would release); Pena Rog. 16 at 14 (Garza). | **None.**<br>FAC ¶ 121 (at 50): alleged *knowledge* that members had provided collateral. |
| Statements about the brand's meaning or size | FAC ¶ 122 (at 50) (unnamed); ¶¶ 124–125 (at 51) (masters); ¶ 128 (at 53), ¶ 136 (at 56) (Mack); ¶¶ 147, 151 (at 59–60) (Mack; Clyne); ¶ 167 (at 65).<br>Rog. 18: Edm. at 16 (Salzman); Isb. at 15 (Mack); Ox. at 18 (Mack); Pena at 15 (Garza). Rog. 13: Edm. at 14; Isb. at 13; Ox. at 15; Pena at 13. Pena Rog. 3 at 7 (Garza "rebuffed the question"). | **No statement.** FAC ¶ 121 (at 50): per OPMC, did not inform the women the brand was KAR or its size (omission). |
| Designing the ritual, script, and "Master, please brand me" | FAC ¶ 118 (at 48) (Raniere, Mack); ¶ 125(iii) (at 51) (masters); ¶ 236 (at 84) (Mack); ¶ 286 (at 103) (Raniere, Mack, Clyne).<br>Edm. Rog. 3 at 8 (Salzman); Isb. Rog. 3 at 7 (Mack); Ox. Rog. 3 at 10 (Mack); Pena Rog. 3 at 7 (Garza read aloud; directed her to kneel). | **None.**<br>FAC ¶¶ 16, 118, 258 (at 11, 48, 94): acted as "commissioned by" / "at the instruction of" Raniere. |
| Videotaping; use of video as collateral | FAC ¶ 118 (at 48) (Raniere, Mack); ¶ 122 (at 50) (videos to Raniere); ¶ 123 (at 51) (Mack, Inner Circle edited).<br>Edm. Rog. 3 at 8 (filmed on Salzman's phone); Ox. Rog. 3 at 10 (Mack: tape | **None.** |

| Subject | Attributed to persons other than Dr. Roberts | Attributed to Dr. Roberts |
|---|---|---|
| | "would be additional collateral"); Pena Rog. 3 at 7 (Garza: "to verify that she was ok"). | |
| Holding plaintiffs down | FAC ¶ 118 (at 48) (actor not identified).<br>Ox. Rog. 3 at 10 (Mack directed her slaves); Pena Rog. 3 at 7 (Garza directed Pena); Isb. Rog. 13 at 13 ("others"). | **None.** |
| The physical contact (branding) | — | FAC ¶¶ 16, 118–121, 239, 258, 282 (at 11, 48–50, 86, 94, 102).<br>All four Rog. 3 (Edm. at 7–8; Isb. at 7; Ox. at 10; Pena at 7). |
| Knowledge that consent was lacking | Rog. 16 form answer (all four): "joined DOS on the basis of misrepresentations" – no actor named (Pena names Garza, at 14). | FAC ¶ 121 (at 50) ("As a member of DOS, Roberts knew . . ."); ¶ 125 (at 51) ("Raniere, the First-Line Masters, and Roberts knew" – supporting facts are others' acts). |

## Table 2 – By Count IV Plaintiff (sworn interrogatory answers)

| Plaintiff | DOS master | Told brand meant (Rog. 18) | Source of coercion | Dr. Roberts identified as (Rog. 6) | Conduct attributed to Dr. Roberts |
|---|---|---|---|---|---|
| Sarah Edmondson | Lauren Salzman | "a Greek symbol and a symbol of the elements" (at 16); "the size of a dime" (Rog. 3 at 6) | "would never have been branded if Salzman had not threatened to release her collateral" (Rog. 3 at 8) | "DOS member who branded the Plaintiff" (at 10) | Branding; gave Neosporin and bandages (Rog. 3 at 8) |
| Nicole Isbell | Allison Mack | "a symbol of the elements" (at 15); "a small brand, like a tattoo" (Rog. 13 at 13) | "would never have been branded if Allison Mack had not threatened to release her collateral" (Rog. 3 at 7) | "DOS member who branded the Plaintiff" (at 9) | Branding (Rog. 3 at 7) |
| India Oxenberg | Allison Mack | "a symbol of the elements" (at 18); "a small tattoo" (Rog. 3 at 9) | Complied out of fear Mack would release collateral (Rog. 3 at 9) | "DOS member who branded the Plaintiff" (at 12) | Branding; to review healing photos forwarded by Mack (Rog. 3 at 10) |
| Paloma Pena | Jimena Garza | "a symbol but it was very ambiguous" (at 15) | Garza: if she "refused to be branded her collateral would be released" (Rog. 16 at 14) | "DOS member who branded the Plaintiff" (at 9) | Branding; appeared "surprised by the severity of the wound" (Rog. 3 at 7) |

# Exhibit G

# Consent Came First. The Brand's Design Was Never a Term of the Agreement.

*Oct. 14, 2026 · Source: the government's own cooperator (L. Salzman, direct) plus sworn declaration (Dkt. 1178-5).*

By the government's own witness, a woman learned there would be a brand *before* she agreed to join. She agreed to *a brand*, not to a particular design. So what the design turned out to be cannot undo an agreement that never depended on it.

## How enrollment worked, step by step

1 **Secrecy collateral first. It buys only a hearing.**
"the first thing that happened is that the person who would approach you to enroll you ... would ask for collateral ... that would ensure a total commitment to secrecy." *Tr. 5/20/19 at 1602:14–1603:1*. The first collateral was a guarantee of confidentiality "(whether I joined the group after learning about it, or not)." *Dkt. 1178-5 at 16 (Hatchette* ¶ *34)*.

---

2 **Then the terms are disclosed, including the brand.**
"Then once you gave that collateral, you were told ... about the lifetime vow of obedience, the concept of the master and slave ... a collar ... And the brand." *1603:2–9*. "They were given basically the pitch ... lifetime vow of obedience master/slave concepts, the collar and the brand." *1621:1–4*. Every recruit was to be told "that there will be a brand." *Dkt. 1178-5 at 5–6 (Hatchette* ¶ *9)*.

---

3 **Then the woman decides, and she can say no.**
"And then if you decided you wanted to go forward and do this ..." *1603:9–10*. "Then they had agreed to join after learning those things." *1621:4–5*. Women who heard the terms and declined stayed friends, and nothing happened to them. *Dkt. 1178-5 at 7 (Hatchette* ¶ *11)*.

---

4 **Only after she says yes comes the commitment collateral.**
"... you would collateralize all areas of your life." *1603:10–14*. "So they were not considered completely enrolled until they were fully collateralized." *1621:5–7*.

---

5 **The brand comes last, after informed agreement.**
By then she has heard that there will be a brand and has chosen to go forward. What she agreed to was **a brand**: a permanent mark of her commitment.

Tr. 5/20/19 at 1602–03, 1620–22, 1776–78 | TRANSCRIPTS/2019.05.20 - USA v. Raniere - Lauren Salzman Part 2.pdf pp.19–20, 37–39, 193–195 | sources_text/transcripts/TR_2019.05.20_-_USA_v._Raniere_-_Lauren_Salzman_Part_2_Public.txt · Dkt. 1178-5 (Hatchette) | sources_text/DKT1178-5.txt · Status: TESTIMONY (Salzman), SWORN-DECL (Hatchette)